IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC,<br><br>        Plaintiffs,<br><br>  v.<br><br>OCULUS VR, LLC, PALMER LUCKEY, and FACEBOOK, INC.,<br><br>        Defendants. | CIVIL ACTION<br>NO. 3:14-01849-P<br><br><br><br>JURY TRIAL DEMANDED |

**MOTION TO QUASH AND FOR PROTECTIVE ORDER RE PLAINTIFFS' SUBPOENAS FOR PHONE RECORDS AND MEMORANDUM OF LAW IN SUPPORT OF MOTION**

Pursuant to Fed. R. Civ. P. 45(d)(3) and 26(b), defendants, Oculus VR, LLC ("Oculus") and Palmer Luckey (collectively, "Defendants") together with Brendan Iribe Trexler, Michael Antonov, Matthew Hooper, John Carmack, Katherine Anna Kang, Jason Kim, Johannes van Waveren, Jonathan Wright, Gloria Kennickell and Christian Antkow (collectively with Defendants, "Movants") respectfully move to quash and for a protective order regarding plaintiffs ZeniMax Media Inc. and id Software LLC's (collectively, "Plaintiffs") subpoenas to AT&T, Inc., Broadwing Communications, LLC, Comcast Cable of Indiana/Michigan/Texas LLC, Nextel of Texas, Inc., Southwestern Bell Telephone Company, Sprint Corporation, T-Mobile USA, Inc., Verizon Communications Inc., Verizon Wireless Services, LLC, Virgin Mobile USA, L.P., Vonage America Inc. and Vonage Business Solutions, Inc., respectively, dated September 10, 2014.

I.     PRELIMINARY STATEMENT

Just after Facebook Inc. announced it was buying Oculus for approximately $2 billion, Plaintiffs filed a complaint claiming, among other things, that Oculus and its founder, Palmer Luckey, breached a non-disclosure agreement and misappropriated trade secrets. As Defendants' pending motion to dismiss points out, the complaint's allegations are insufficient to support Plaintiffs' claims. Among other defects, the supposed non-disclosure agreement is materially incomplete and therefore unenforceable, and Plaintiffs have yet to actually identify the supposedly misappropriated trade secrets. Defendants Oculus VR, LLC and Palmer Luckey's Motion to Dismiss Counts 1, 3, and 6 (Dkt. 45).

The scarcity of any factual allegations supporting their claims suggests that Plaintiffs are still searching for a basis for those claims. Indeed, the subpoenas that are the subject of this motion to quash reflect such a search. The subpoenas seek two years' worth of confidential phone records from Oculus, Luckey, and several non-parties connected with them.[1] The

---

[1] Iribe is Oculus's Chief Executive Officer; Antonov its Chief Software Architect; Carmack its Chief Technology Officer; Kim its Project Manager; Hooper its Director of Development; van Waveren and Wright its Senior Engineers; and Kennickell and Antkow its Engineers. Appendix

subpoenas have no practical limit. They will, if enforced, give Plaintiffs access to details about thousands of private, personal communications and confidential business communications *that have nothing to do with the case*. Owing to that overbreadth, the subpoenas inevitably will invade Movants' privacy.

Plaintiffs assert that these blanket subpoenas are "narrowly focused" and "entirely proper in cases of this nature." App. at 182-83. However, the Court need look no further than the language of the subpoenas to disprove that claim. The broader context of this case further indicates the motive for serving these improper, overbroad subpoenas. Plaintiffs have failed to plead any facts to support the vast majority of their claims, as explained in Defendants' pending motions to dismiss. Now, Plaintiffs have designed third-party subpoenas to maximize their chances of finding anything they can use -- not just to substantiate their claims, but to state them in the first place.

Subpoenas must be reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' subpoenas violate that rule. Accordingly, Movants respectfully request that the Court quash the subpoenas and enter a protective order prohibiting Plaintiffs from requesting such overbroad private and confidential information.

## II.   LEGAL STANDARDS

The Court can provide Movants relief on Plaintiffs' subpoenas in two equally effective ways. The Court can quash the subpoenas or issue a protective order. The Court must quash a subpoena if it requires disclosure of privileged or protected matter or if it is unduly burdensome. FED. R. CIV. PROC. 45(d)(3)(A). The Court may quash the subpoena if it requires disclosure of a trade secret or other confidential research, development, or commercial information. *Id.* 45(d)(3)(B). Similarly, for good cause, a court may also issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. FED. R. CIV. PROC. 26(c). Hence, a court may issue a protective order to halt inappropriate discovery, such

---

in Support of Motion to Quash and for Protective Order ("App.") at 154, 157, 163, 169, 160, 172, 175. Katherine Anna Kang is Carmack's wife. App. at 166.

as overbroad subpoenas seeking irrelevant information for improper purposes. *See, e.g.*, *Timberlake v. Synthes Spine Co., L.P.*, No. V-08-4, 2008 U.S. Dist. LEXIS 44256, at *5-*14 (S.D. Tex. June 4, 2008) (allowing a party to bring a motion for a protective order challenging a non-party subpoena as irrelevant and overbroad).

### III.   ARGUMENT

#### A.   Movants Have Standing

Movants have standing to challenge the subpoenas as the subpoenas require disclosure of Movants' private and confidential information. Movants have a strong and legitimate interest in preserving their own privacy and confidentiality. Therefore, they have standing to bring the subpoenas' defects to the Court's attention and seek appropriate relief. Courts in materially identical circumstances have reached the same conclusion, considering both motions to quash nonparty subpoenas and motions for protective orders. *See, e.g.*, *Global Oil Tools, Inc. v. Barnhill*, Civil Action No. 12-1507, 2013 WL 681989, at *4 n.7 (E.D. La. Feb. 22, 2013); *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009); *William v. Weems Cmty. Health Ctr.*, No. 4:04CV179LR, 2006 WL 905955, at *1 (S.D. Miss. April 7, 2006).

#### B.   Plaintiffs' Subpoenas Are Overbroad and Not Reasonably Calculated To Lead to Discoverable Evidence

Plaintiffs' subpoenas are facially overbroad because they seek detailed information regarding <u>*all*</u> phone calls and text messages made to or from eighteen phone numbers during a period of two years. They ask for records for *every single incoming or outgoing phone call and text message* between April 1, 2012 and February 28, 2014 for 18 phone numbers (App. at 11-14), including:

    a. dates and times of the initiation of outgoing and receipt of incoming calls, including missed or unreceived or unanswered calls;

    b. durations of all incoming and outgoing calls;

    c. telephone numbers to which outgoing calls were placed;

3

    d. telephone numbers from which incoming calls were received, including the telephone numbers of calls that were not received, answered, or were missed;

    e. names of customers associated with telephone numbers to which outgoing calls were placed or from which incoming calls were received, as well as calls that were not received, answered, or delivered;

    f. dates and times of the initiation of outgoing and receipt of incoming text messages, including missed or unreceived text messages;

    g. data size of all incoming and outgoing text messages;

    h. telephone numbers or e-mail addresses to which outgoing text messages were sent;

    i. telephone numbers from which incoming text messages were received, including the telephone numbers of text messages that were not received, answered, or delivered; and

    j. names of customers associated with telephone numbers to which outgoing text messages were sent or from which incoming text messages were received, as well as text messages that were not received, answered, or delivered.

If enforced, the subpoenas will reveal encyclopedic volumes of Movants' confidential and sensitive information. Even if, among the records Plaintiffs seek, there was some piece of information relevant to their trade-secrets claims, the vast majority of the information will certainly be irrelevant. That is the definition of overbreadth.

Plaintiffs have made no effort whatsoever to tailor the requests so that the responses are likely to lead to the discovery of admissible evidence. For instance, Plaintiffs seek information about *every* call to and from the 18 phone numbers—including any calls to and from doctors, lawyers, spouses, teachers, and counselors. If Plaintiffs had any legitimate discovery goal in mind, they would have limited the subpoenas to information about calls between those 18 numbers and *certain other phone numbers* and time periods surrounding *specific, relevant dates*. Plaintiffs' failure to restrain themselves signals impropriety. *See Turnbow v. Life Partners, Inc.*, No. 3:11-1030, 2013 WL 1632795 at *1-*2 (N.D. Tex. Apr. 16, 2013) (holding subpoena requests for business records overly broad because they were not limited by any reasonable restriction on time or categories of documents relating to the controversy); *see also In re Moor*,

4

14-12-00933-CV, 2012 WL 5463193, at *3-*4 (Tex. App.-Houston [14th Dist.] Nov. 8, 2012, orig. proceeding) (holding subpoena requests for phone records beyond the scope of the allegations in the complaint could not be reasonably calculated to lead to discoverable evidence). Another court recently quashed a similar blanket subpoena. *See Winter v. Bisso Marine Co.*, No. 13-5191, 2014 WL 3778833 (E.D. La. July 29, 2014). That subpoena, like Plaintiffs' subpoenas, sought *all* information about incoming and outgoing calls, texts, and data transfers spanning a multi-year period. *Id.* at *1. That subpoena, like Plaintiffs' here, was neither tailored to any particular recipients nor limited to any time period surrounding events relevant to the action. *Id.* Because the court in that case could only speculate as to how the requested records related to the claims in that case, it quashed the subpoena. *Id.* at *2. This Court should do the same.[2]

While the Fifth Circuit has characterized quashing a subpoena as a last resort, *see Wiwa v. Royal Dutch Petro. Co.*, 392 F.3d 812, 818-19 (5th Cir. 2004), there is no reasonable way for the Court to employ the less drastic remedy of modifying Plaintiffs' subpoenas here. The overbreadth of these subpoenas is so substantial that the Court cannot reasonably ascertain what relevant information Plaintiffs might have thought the subpoenas would reveal. Because the subpoenas seek irrelevant and confidential information, are burdensome, and cannot reasonably be modified, this Court should quash the Plaintiffs' subpoenas and enter a protective order to protect Movants.

## IV. PRAYER

Movants respectfully request that the Court quash Plaintiffs' subpoenas and enter a protective order prohibiting Plaintiffs from seeking these private and confidential phone records, and grant to Movants all other relief to which they may be justly entitled.

---

[2] Indeed, the *Winter* court reached its result without the compelling context present here. In this case, Plaintiffs' Complaint contains insufficient factual detail even to satisfy Rule 8, yet Plaintiffs use it as a basis for invasive third-party discovery, in an apparent attempt to belatedly find the factual support for their claims.

Dated: September 24, 2014

Respectfully submitted,

**OCULUS VR, LLC, PALMER LUCKEY, BRENDAN IRIBE TREXLER, MICHAEL ANTONOV, MATTHEW HOOPER, JASON KIM, JOHANNES VAN WAVEREN, JONATHAN WRIGHT, GLORIA KENNICKELL AND CHRISTIAN ANTKOW,**

By Their Attorneys,

/s/ Linda R. Stahl
E. Leon Carter
Texas Bar No. 03914300
lcarter@carterscholer.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterscholer.com
**CARTER SCHOLER**
Campbell Centre II
8150 N. Central Expressway, 5th Floor
Dallas, Texas 75206
T: 214.550.8188
F: 214.550.8185

Geoffrey M. Howard (*pro hac vice*)
geoff.howard@bingham.com
John A. Polito (*pro hac vice*)
john.polito@bingham.com
Lucy Wang (*pro hac vice*)
lucy.wang@bingham.com
**BINGHAM MCCUTCHEN LLP**
Three Embarcadero Center
San Francisco, California 94111-4067
T: 415.393.2000
F: 415.393.2286

Joshua M. Dalton (*pro hac vice*)
josh.dalton@bingham.com
**BINGHAM MCCUTCHEN LLP**
One Federal Street
Boston, MA 02110-1726
T: 617.951.8000
F: 617.951.8736

Dated:  September 24, 2014    Respectfully submitted,

**JOHN CARMACK AND KATHERINE ANNA KANG**

By Their Attorneys,

/s/ Richard A. Smith (with permission L.W.)

Richard A. Smith
Texas Bar No. 24027990
rsmith@lynnllp.com
**LYNN TILLOTSON PINKER & COX, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
T: 214.981.3800
F: 214.981.3839

## CERTIFICATE OF CONFERENCE

On September 23, 2014, the undersigned conferred with counsel for Plaintiff concerning the substance of this Motion. Counsel for Plaintiff, P. Anthony Sammi, stated that Plaintiffs oppose the relief requested herein.

/s/ Lucy Wang
Lucy Wang

9

**CERTIFICATE OF SERVICE**

        I Linda R. Stahl hereby certify that on September 24, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel who have registered with the Court. All others were served a copy via U.S. mail

/s/ Linda R. Stahl
Linda R. Stahl