IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | NO. 3:14-01849-P |
| v. ) | |
| ) | |
| OCULUS VR, LLC, PALMER LUCKEY, and ) | |
| FACEBOOK, INC., ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |
| ) | |

**APPENDIX OF DOCUMENTS SUBMITTED IN SUPPORT OF MOTION TO QUASH
AND FOR PROTECTIVE ORDER RE PLAINTIFFS' SUBPOENAS FOR PHONE
RECORDS
PART 1**

Dated:  September 24, 2014            Respectfully submitted,

**OCULUS VR, LLC, PALMER LUCKEY,
BRENDAN IRIBE TREXLER, MICHAEL
ANTONOV, MATTHEW HOOPER, JASON KIM,
JOHANNES VAN WAVEREN, JONATHAN
WRIGHT, GLORIA KENNICKELL AND
CHRISTIAN ANTKOW,**

By Their Attorneys,

/s/ Linda R. Stahl
E. Leon Carter
Texas Bar No. 03914300
lcarter@carterscholer.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterscholer.com
**CARTER SCHOLER**
Campbell Centre II
8150 N. Central Expressway, 5th Floor
Dallas, Texas 75206
T: 214.550.8188
F: 214.550.8185

Geoffrey M. Howard (*pro hac vice*)
geoff.howard@bingham.com
John A. Polito (*pro hac vice*)
john.polito@bingham.com
Lucy Wang (*pro hac vice*)
lucy.wang@bingham.com
**BINGHAM MCCUTCHEN LLP**
Three Embarcadero Center
San Francisco, California  94111-4067
T: 415.393.2000
F: 415.393.2286

Joshua M. Dalton (*pro hac vice*)
josh.dalton@bingham.com
**BINGHAM MCCUTCHEN LLP**
One Federal Street
Boston, MA  02110-1726
T: 617.951.8000
F: 617.951.8736

Dated:  September 24, 2014                Respectfully submitted,

                                          **JOHN CARMACK AND KATHERINE ANNA
                                          KANG**

                                          By Their Attorneys,


                                          /s/ Richard A. Smith (with permission L.W.)
                                          Richard A. Smith
                                          Texas Bar No. 24027990
                                          rsmith@lynnllp.com
                                          **LYNN TILLOTSON PINKER & COX, LLP**
                                          2100 Ross Avenue, Suite 2700
                                          Dallas, Texas 75201
                                          T: 214.981.3800
                                          F: 214.981.3839

**CERTIFICATE OF SERVICE**

I, Linda R. Stahl, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 24, 2014.

/s/ Linda R. Stahl
Linda R. Stahl

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | NO. 3:14-01849-P |
| v. ) | |
| ) | |
| OCULUS VR, LLC, PALMER LUCKEY, and ) | |
| FACEBOOK, INC., ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |
| ) | |

**DECLARATION OF LUCY WANG IN SUPPORT OF MOTION TO QUASH AND
FOR PROTECTIVE ORDER RE PLAINTIFFS' SUBPOENAS FOR PHONE
RECORDS**

I, Lucy Wang, declare as follows:

1.      I am an attorney at the law firm Bingham McCutchen LLP.  Bingham McCutchen

LLP is counsel of record for movants Oculus VR, LLC Palmer Luckey, Brendan Iribe Trexler,

Michael Antonov, Matthew Hooper, Jason Kim, Johannes van Waveren, Jonathan Wright, Gloria

Kennickell and Christian Antkow's in the above-captioned case.  I make this declaration in

support of Movants' Motion to Quash and for Protective Order Regarding Plaintiffs' ZeniMax

Media Inc. and id Software LLC's (collectively, "Plaintiffs") Subpoenas for Phone Records to

AT&T, Inc., Broadwing Communications, LLC, Comcast Cable of Indiana/Michigan/Texas

LLC, Nextel of Texas, Inc., Southwestern Bell Telephone Company, Spring Corporation, T-

Mobile USA, Inc., Verizon Communications Inc., Verizon Wireless Services, LLC, Virgin

Mobile USA, L.P., Vonage America Inc. and Vonage Business Solutions, Inc., respectively,

dated September 10, 2014 (collectively, the "Subpoenas").

2.      I have personal knowledge of the facts recited in this declaration and, if called as

a witness, could and would testify competently to them.

3.      Attached to this Declaration as Exhibit A is a true and correct copy of the Subpoenas and Plaintiffs' associated Notices dated September 10, 2014, with phone numbers and addresses redacted.

4.      Attached to this Declaration as Exhibit B is a true and correct copy of the Declaration of Palmer Luckey in Support of Motion to Quash and for Protective Order Regarding Plaintiffs' Subpoena for Phone Records dated September 23, 2014, with phone numbers redacted.

5.      Attached to this Declaration as Exhibit C is a true and correct copy of the Declaration of Brendan Iribe Trexler in Support of Motion to Quash and for Protective Order Regarding Plaintiffs' Subpoena for Phone Records dated September 24, 2014, with phone numbers redacted.

6.      Attached to this Declaration as Exhibit D is a true and correct copy of the Declaration of Michael Antonov in Support of Motion to Quash and for Protective Order Regarding Plaintiffs' Subpoena for Phone Records dated September 24, 2014, with phone numbers redacted.

7.      Attached to this Declaration as Exhibit E is a true and correct copy of the Declaration of Matthew Hooper in Support of Motion to Quash and for Protective Order Regarding Plaintiffs' Subpoena for Phone Records dated September 24, 2014, with phone numbers redacted

8.      Attached to this Declaration as Exhibit F is a true and correct copy of the Declaration of John Carmack in Support of Motion to Quash and for Protective Order Regarding Plaintiffs' Subpoena for Phone Records dated September 23, 2014, with phone numbers redacted

9.      Attached to this Declaration as Exhibit G is a true and correct copy of the Declaration of Katherine Anna Kang in Support of Motion to Quash and for Protective Order Regarding Plaintiffs' Subpoena for Phone Records dated September 23, 2014, with phone numbers redacted

10.     Attached to this Declaration as Exhibit H is a true and correct copy of the Declaration of Jason Kim in Support of Motion to Quash and for Protective Order Regarding Plaintiffs' Subpoena for Phone Records dated September 23, 2014, with phone numbers redacted

11.     Attached to this Declaration as Exhibit I is a true and correct copy of the Declaration of Johannes van Waveren in Support of Motion to Quash and for Protective Order Regarding Plaintiffs' Subpoena for Phone Records dated September 24, 2014, with phone numbers redacted.

12.     Attached to this Declaration as Exhibit J is a true and correct copy of the Declaration of Jonathan Wright in Support of Motion to Quash and for Protective Order Regarding Plaintiffs' Subpoena for Phone Records dated September 24, 2014, with phone numbers redacted.

13.     Attached to this Declaration as Exhibit K is a true and correct copy of the Declaration of Gloria Kennickell in Support of Motion to Quash and for Protective Order Regarding Plaintiffs' Subpoena for Phone Records dated September 23, 2014, with phone numbers redacted.

14.     Attached to this Declaration as Exhibit L is a true and correct copy of the Declaration of Christian Antkow in Support of Motion to Quash and for Protective Order Regarding Plaintiffs' Subpoena for Phone Records dated September 23, 2014, with phone numbers redacted.

15.     On September 22, 2014, I sent an email to P. Anthony Sammi, counsel for Plaintiffs.  On September 23, 2014, Mr. Sammi sent an email to me, responding to my September 22 email.  Attached to the Declaration as Exhibit M is a true and correct copy of the email exchange dated September 23, 2014.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on this 24th day of September 2014, in San Francisco, California.

Lucy Wang

# EXHIBIT A

# TO DECLARATION OF LUCY WANG IN SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER RE PLAINTIFFS' SUBPOENAS FOR PHONE RECORDS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and | § | |
| ID SOFTWARE LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | § | |
| | § | |
| OCULUS VR, LLC, | § | |
| PALMER LUCKEY, | § | |
| and FACEBOOK, INC. | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs ZeniMax Media Inc. and id Software LLC will cause a subpoena

commanding production of documents to be served upon AT&T Inc., c/o CT Corporation

System, 350 North St. Paul Street, Suite 2900, Dallas, Texas  75201.  The subpoena instructs

AT&T Inc. to produce the documents identified in the attached Schedule on October 15, 2014, at

9:30 a.m. (ET) at the office of Haynes and Boone LLP, 2323 Victory Avenue, Suite 700, Dallas,

Texas 75219.

Dated: September 10, 2014

/s/ P. Anthony Sammi

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
   **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

2

## CERTIFICATE OF SERVICE

    I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *Notice of Subpoena* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.

Dated: September 10, 2014             */s/ James Y. Pak*_____
                                       James Y. Pak

3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

ZENIMAX MEDIA INC. and ID SOFTWARE LLC )
)
*Plaintiff* )
v. ) Civil Action No. 3:14-cv-01849-P
OCULUS VR, LLC; PALMER LUCKEY; and )
FACEBOOK, INC. )
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: AT&T Inc.
c/o CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule.

| Place: Haynes and Boone LLP | Date and Time: |
|---|---|
| 2323 Victory Avenue, Suite 700 Dallas, Texas 75219 | October 15, 2014 at 09:30 (ET) |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: --- | Date and Time: |
|---|---|
| | --- |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Sept. 10, 2014

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ZeniMax Media Inc. and id Software LLC _____, who issues or requests this subpoena, are:

James Y. Pak, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036; james.pak@skadden.com; (212) 735-3000.

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

APPENDIX TO MOTION TO QUASH AND FOR PROTECTIVE ORDER RE PLAINTIFFS' SUBPOENAS FOR PHONE RECORDS | 8

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:14-cv-01849-P

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____ _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE

### DOCUMENTS REQUESTED
(subject to "Definitions" and "Instructions" set forth below)

1.    For telephone number REDACTED , assigned to John Carmack, of REDACTED REDACTED REDACTED

REDACTED REDACTED    or    REDACTED REDACTED    , the following

records for the period from **April 1, 2012 through February 28, 2014**, inclusive:

(a)    the dates and times of the initiation of outgoing and receipt of incoming calls, including missed or unreceived or unanswered calls;

(b)    the durations of all incoming and outgoing calls;

(c)    the telephone numbers to which outgoing calls were placed;

(d)    the telephone numbers from which incoming calls were received, including the telephone numbers of calls that were not received, answered, or were missed;

(e)    the names of customers associated with telephone numbers to which outgoing calls were placed or from which incoming calls were received, as well as calls that were not received, answered, or delivered.

(f)    the dates and times of the initiation of outgoing and receipt of incoming text messages, including missed or unreceived text messages;

(g)    the data size of all incoming and outgoing text messages;

(h)    the telephone numbers or e-mail addresses to which outgoing text messages were sent;

(i)    the telephone numbers from which incoming text messages were received, including the telephone numbers of text messages that were not received, answered, or delivered; and

(j)    the names of customers associated with telephone numbers to which outgoing text messages were sent or from which incoming text messages were received, as well as text messages that were not received, answered, or delivered.

2.    For telephone number REDACTED , assigned to John Carmack or Katherine

Anna Kang, of REDACTED REDACTED REDACTED    or    REDACTED REDACTED    ,

the same categories of records requested in Request No. 1 hereof for the same time period.

3. For telephone number REDACTED , assigned to John Carmack or Katherine

Anna Kang, REDACTED REDACTED REDACTED or REDACTED REDACTED ,

the same categories of records requested in Request No. 1 hereof for the same time period.

4. Telephone records for telephone number REDACTED , assigned to John

Carmack or Katherine Anna Kang, of REDACTED REDACTED REDACTED or REDACTED

REDACTED , the same categories of records requested in Request No. 1 hereof for

the same time period.

5. Telephone records for telephone number REDACTED , assigned to Palmer

Luckey, of REDACTED REDACTED REDACTED REDACTED or REDACTED

REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof

for the same time period.

6. Telephone records for telephone number REDACTED , assigned to Palmer

Luckey, of REDACTED REDACTED REDACTED REDACTED or REDACTED

REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof

for the same time period.

7. Telephone records for telephone number REDACTED , assigned to Brendan

Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED ; or REDACTED REDACTED REDACTED , the same

categories of records requested in Request No. 1 hereof for the same time period.

2

8.     Telephone records for telephone number REDACTED, assigned to Oculus VR, Inc. or Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), associated with the address REDACTED REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

9.     Telephone records for telephone number REDACTED, assigned to Michael Antonov, REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED; or REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

10.    Telephone records for telephone number REDACTED, assigned to Matthew Hooper, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

11.    Telephone records for telephone number REDACTED, assigned to Jan Paul van Waveren (a/k/a J.P. van Waveren, Johannes van Waveren, Johannnes Marinus van Waveren, Johnannes Vanwaveren, and J.M.P. van Waveren), of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED REDACTED REDACTED the same categories of records requested in Request No. 1 hereof for the same time period.

12.    Telephone records for telephone number REDACTED, assigned to Gloria Kennickell, of REDACTED REDACTED REDACTED or REDACTED REDACTED

3

REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    13.    Telephone records for telephone number REDACTED, assigned to Jason Kim, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    14.    Telephone records for telephone number REDACTED, assigned to Jason Kim, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    15.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    16.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    17.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    18.    Telephone records for telephone number REDACTED, assigned to Christian Antkow, of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

## DEFINITIONS

1.      The term "telephone" includes both wired and wireless phone communication devices, including landline phones, mobile phones, and cellular network phones.

2.      The term "text message" includes any electronic communications sent or received by a cellular or mobile phone, including communications sent using Short Message Service (SMS), Multimedia Messaging Service (MMS), Simple Mail Transfer Protocol (SMTP) or Transmission Control Protocol/Internet Protocol (TCP/IP).

3.      All other terms and definitions are to be interpreted in their common ordinary sense.

## GENERAL INSTRUCTIONS

A.      This subpoena relates to all materials in your possession, custody, or control, including materials in the possession, custody, or control of your predecessors or successors in interest, assigns, affiliates, parents, subsidiaries, segments or divisions thereof, present or former employees, agents, representatives, present and former attorneys, and any other person acting on your behalf.

B.      If a particular telephone number is no longer assigned to the person identified, provide the records for the time period for which the number was assigned to that person.

C.      If records for the entire requested time period or any portion of the requested time period have been destroyed, provide the records for the time period for which records are still in existence.

D.      If any document is withheld by reason of a claim or privilege, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document

withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, and the basis on which privilege is claimed.

     E.     In the event that any document has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this request, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

     F.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed continuing so as to require further and supplemental production if the person served herewith obtains additional documents responsive hereto between the time of initial production and the time of hearing or trial.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>     Plaintiffs,<br><br>  v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

## <u>NOTICE OF SUBPOENA</u>

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs ZeniMax Media Inc. and id Software LLC will cause a subpoena

commanding production of documents to be served upon Broadwing Communications, LLC, c/o

CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas  75201.  The

subpoena instructs Broadwing Communications, LLC to produce the documents identified in the

attached Schedule on October 15, 2014, at 9:30 a.m. (ET) at the office of Haynes and Boone

LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219.

Dated: September 10, 2014

/s/ P. Anthony Sammi

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *Notice of Subpoena* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.

Dated: September 10, 2014           */s/ James Y. Pak*

                                    James Y. Pak

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:14-cv-01849-P |
| OCULUS VR, LLC; PALMER LUCKEY; and FACEBOOK, INC. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Broadwing Communications, LLC
c/o CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule.

| Place: Haynes and Boone LLP 2323 Victory Avenue, Suite 700 Dallas, Texas 75219 | Date and Time: October 15, 2014 at 09:30 (ET) |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place:--- | Date and Time: --- |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Sept. 10, 2014

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ Signature of Clerk or Deputy Clerk | | _____ Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ZeniMax Media Inc. and Id Software LLC _____ , who issues or requests this subpoena, are:

James Y. Pak, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036; james.pak@skadden.com; (212) 735-3000.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:14-cv-01849-P

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

  ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

  ❐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

  $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE

### DOCUMENTS REQUESTED
(subject to "Definitions" and "Instructions" set forth below)

1.      For telephone number REDACTED , assigned to John Carmack, of REDACTED

REDACTED REDACTED        or        REDACTED REDACTED        , the following

records for the period from **April 1, 2012 through February 28, 2014**, inclusive:

    (a)   the dates and times of the initiation of outgoing and receipt of incoming calls, including missed or unreceived or unanswered calls;

    (b)   the durations of all incoming and outgoing calls;

    (c)   the telephone numbers to which outgoing calls were placed;

    (d)   the telephone numbers from which incoming calls were received, including the telephone numbers of calls that were not received, answered, or were missed;

    (e)   the names of customers associated with telephone numbers to which outgoing calls were placed or from which incoming calls were received, as well as calls that were not received, answered, or delivered.

    (f)   the dates and times of the initiation of outgoing and receipt of incoming text messages, including missed or unreceived text messages;

    (g)   the data size of all incoming and outgoing text messages;

    (h)   the telephone numbers or e-mail addresses to which outgoing text messages were sent;

    (i)   the telephone numbers from which incoming text messages were received, including the telephone numbers of text messages that were not received, answered, or delivered; and

    (j)   the names of customers associated with telephone numbers to which outgoing text messages were sent or from which incoming text messages were received, as well as text messages that were not received, answered, or delivered.

2.      For telephone number REDACTED , assigned to John Carmack or Katherine

Anna Kang, of REDACTED REDACTED REDACTED    or        REDACTED REDACTED        ,

the same categories of records requested in Request No. 1 hereof for the same time period.

3. For telephone number REDACTED, assigned to John Carmack or Katherine

Anna Kang, of REDACTED REDACTED REDACTED or REDACTED REDACTED ,

the same categories of records requested in Request No. 1 hereof for the same time period.

4. Telephone records for telephone number REDACTED, assigned to John

Carmack or Katherine Anna Kang, of REDACTED REDACTED REDACTED or REDACTED

REDACTED , the same categories of records requested in Request No. 1 hereof for

the same time period.

5. Telephone records for telephone number REDACTED, assigned to Palmer

Luckey, of REDACTED REDACTED REDACTED REDACTED or REDACTED

REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof

for the same time period.

6. Telephone records for telephone number REDACTED, assigned to Palmer

Luckey, of REDACTED REDACTED REDACTED REDACTED or REDACTED

REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof

for the same time period.

7. Telephone records for telephone number REDACTED, assigned to Brendan

Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), of REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED ; or REDACTED REDACTED REDACTED , the same

categories of records requested in Request No. 1 hereof for the same time period.

2

8. Telephone records for telephone number REDACTED , assigned to Oculus VR,

Inc. or Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), associated with the

address REDACTED REDACTED REDACTED REDACTED , the same categories of

records requested in Request No. 1 hereof for the same time period.

9. Telephone records for telephone number REDACTED , assigned to Michael

Antonov, of REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED      or REDACTED REDACTED

REDACTED , the same categories of records requested in Request No. 1 hereof for

the same time period.

10. Telephone records for telephone number REDACTED , assigned to Matthew

Hooper, of REDACTED REDACTED REDACTED , the same categories of records requested

in Request No. 1 hereof for the same time period.

11. Telephone records for telephone number REDACTED , assigned to Jan Paul

van Waveren (a/k/a J.P. van Waveren, Johannes van Waveren, Johnannes Marinus van Waveren,

Johnannes Vanwaveren, and J.M.P. van Waveren), of      REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED , the same categories of records requested in Request No. 1 hereof for the

same time period.

12. Telephone records for telephone number REDACTED , assigned to Gloria

Kennickell, of REDACTED REDACTED REDACTED   or   REDACTED REDACTED

3

REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

13.  Telephone records for telephone number REDACTED , assigned to Jason Kim, of REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

14.  Telephone records for telephone number REDACTED , assigned to Jason Kim, of REDACTED REDACTED REDACTED the same categories of records requested in Request No. 1 hereof for the same time period.

15.  Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

16.  Telephone records for telephone number REDACTED , assigned to Jonathan Wright, of REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

17.  Telephone records for telephone number REDACTED , assigned to Jonathan Wright, of REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

18.  Telephone records for telephone number REDACTED , assigned to Christian Antkow, of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

4

## DEFINITIONS

1.      The term "telephone" includes both wired and wireless phone communication devices, including landline phones, mobile phones, and cellular network phones.

2.      The term "text message" includes any electronic communications sent or received by a cellular or mobile phone, including communications sent using Short Message Service (SMS), Multimedia Messaging Service (MMS), Simple Mail Transfer Protocol (SMTP) or Transmission Control Protocol/Internet Protocol (TCP/IP).

3.      All other terms and definitions are to be interpreted in their common ordinary sense.

## GENERAL INSTRUCTIONS

A.      This subpoena relates to all materials in your possession, custody, or control, including materials in the possession, custody, or control of your predecessors or successors in interest, assigns, affiliates, parents, subsidiaries, segments or divisions thereof, present or former employees, agents, representatives, present and former attorneys, and any other person acting on your behalf.

B.      If a particular telephone number is no longer assigned to the person identified, provide the records for the time period for which the number was assigned to that person.

C.      If records for the entire requested time period or any portion of the requested time period have been destroyed, provide the records for the time period for which records are still in existence.

D.      If any document is withheld by reason of a claim or privilege, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document

withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, and the basis on which privilege is claimed.

      E.     In the event that any document has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this request, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

      F.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed continuing so as to require further and supplemental production if the person served herewith obtains additional documents responsive hereto between the time of initial production and the time of hearing or trial.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | § | |
| | § | |
| OCULUS VR, LLC, | § | |
| PALMER LUCKEY, | § | |
| and FACEBOOK, INC. | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs ZeniMax Media Inc. and id Software LLC will cause a subpoena

commanding production of documents to be served upon Comcast Cable of

Indiana/Michigan/Texas LLC ("Comcast"), c/o CT Corporation System, 350 North St. Paul

Street, Suite 2900, Dallas, Texas 75201.  The subpoena instructs Comcast to produce the

documents identified in the attached Schedule on October 15, 2014, at 9:30 a.m. (ET) at the

office of Haynes and Boone LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219.

Dated: September 10, 2014

/s/ P. Anthony Sammi

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
   **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

2

## **CERTIFICATE OF SERVICE**

      I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *Notice of Subpoena* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.

Dated: September 10, 2014            */s/ James Y. Pak* _____
                                    James Y. Pak

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC )<br>*Plaintiff* )<br>v. )<br>OCULUS VR, LLC; PALMER LUCKEY; and )<br>FACEBOOK, INC. )<br>*Defendant* ) | Civil Action No.  3:14-cv-01849-P |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Cable of Indiana/Michigan/Texas LLC
c/o CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule.

| Place: Haynes and Boone LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219 | Date and Time:<br>October 15, 2014 at 09:30 (ET) |
|---|---|

□ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place:— | Date and Time:<br>--- |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   Sept. 10, 2014

    *CLERK OF COURT*

               OR

  *Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  ZeniMax Media Inc. and id Software LLC           , who issues or requests this subpoena, are:

James Y. Pak, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036; james.pak@skadden.com; (212) 735-3000.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:14-cv-01849-P

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                               *Server's signature*

                                               _____
                                               *Printed name and title*

                                               _____
                                               *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE

## DOCUMENTS REQUESTED
### (subject to "Definitions" and "Instructions" set forth below)

1.    For telephone number REDACTED , assigned to John Carmack, of REDACTED

REDACTED REDACTED    or    REDACTED REDACTED    , the following

records for the period from **April 1, 2012 through February 28, 2014**, inclusive:

(a)    the dates and times of the initiation of outgoing and receipt of incoming calls, including missed or unreceived or unanswered calls;

(b)    the durations of all incoming and outgoing calls;

(c)    the telephone numbers to which outgoing calls were placed;

(d)    the telephone numbers from which incoming calls were received, including the telephone numbers of calls that were not received, answered, or were missed;

(e)    the names of customers associated with telephone numbers to which outgoing calls were placed or from which incoming calls were received, as well as calls that were not received, answered, or delivered.

(f)    the dates and times of the initiation of outgoing and receipt of incoming text messages, including missed or unreceived text messages;

(g)    the data size of all incoming and outgoing text messages;

(h)    the telephone numbers or e-mail addresses to which outgoing text messages were sent;

(i)    the telephone numbers from which incoming text messages were received, including the telephone numbers of text messages that were not received, answered, or delivered; and

(j)    the names of customers associated with telephone numbers to which outgoing text messages were sent or from which incoming text messages were received, as well as text messages that were not received, answered, or delivered.

2.    For telephone number REDACTED , assigned to John Carmack or Katherine

Anna Kang, of REDACTED REDACTED REDACTED    or    REDACTED REDACTED    ,

the same categories of records requested in Request No. 1 hereof for the same time period.

3. For telephone number REDACTED , assigned to John Carmack or Katherine Anna Kang, of REDACTED REDACTED REDACTED or REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

4. Telephone records for telephone number REDACTED , assigned to John Carmack or Katherine Anna Kang, of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

5. Telephone records for telephone number REDACTED , assigned to Palmer Luckey, of REDACTED REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

6. Telephone records for telephone number REDACTED , assigned to Palmer Luckey, of REDACTED REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

7. Telephone records for telephone number REDACTED , assigned to Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), of REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED ; or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

2

8. Telephone records for telephone number REDACTED assigned to Oculus VR, Inc. or Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), associated with the address REDACTED REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

9. Telephone records for telephone number REDACTED , assigned to Michael Antonov, of REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED ; or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

10. Telephone records for telephone number REDACTED , assigned to Matthew Hooper, of REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

11. Telephone records for telephone number REDACTED assigned to Jan Paul van Waveren (a/k/a J.P. van Waveren, Johannes van Waveren, Johannes Marinus van Waveren, Johnannes Vanwaveren, and J.M.P. van Waveren), of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

12. Telephone records for telephone number REDACTED , assigned to Gloria Kennickell, of REDACTED REDACTED REDACTED or REDACTED REDACTED

3

REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    13.    Telephone records for telephone number REDACTED, assigned to Jason Kim, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    14.    Telephone records for telephone number REDACTED, assigned to Jason Kim, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    15.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    16.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    17.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    18.    Telephone records for telephone number REDACTED, assigned to Christian Antkow, of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

## DEFINITIONS

1.      The term "telephone" includes both wired and wireless phone communication devices, including landline phones, mobile phones, and cellular network phones.

2.      The term "text message" includes any electronic communications sent or received by a cellular or mobile phone, including communications sent using Short Message Service (SMS), Multimedia Messaging Service (MMS), Simple Mail Transfer Protocol (SMTP) or Transmission Control Protocol/Internet Protocol (TCP/IP).

3.      All other terms and definitions are to be interpreted in their common ordinary sense.

## GENERAL INSTRUCTIONS

A.      This subpoena relates to all materials in your possession, custody, or control, including materials in the possession, custody, or control of your predecessors or successors in interest, assigns, affiliates, parents, subsidiaries, segments or divisions thereof, present or former employees, agents, representatives, present and former attorneys, and any other person acting on your behalf.

B.      If a particular telephone number is no longer assigned to the person identified, provide the records for the time period for which the number was assigned to that person.

C.      If records for the entire requested time period or any portion of the requested time period have been destroyed, provide the records for the time period for which records are still in existence.

D.      If any document is withheld by reason of a claim or privilege, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document

5

withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, and the basis on which privilege is claimed.

  E.  In the event that any document has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this request, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

  F.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed continuing so as to require further and supplemental production if the person served herewith obtains additional documents responsive hereto between the time of initial production and the time of hearing or trial.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

## <u>NOTICE OF SUBPOENA</u>

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs ZeniMax Media Inc. and id Software LLC will cause a subpoena

commanding production of documents to be served upon Nextel of Texas, Inc., c/o Corporation

Service Company d/b/a CSC Lawyers, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701.

The subpoena instructs Nextel of Texas, Inc. to produce the documents identified in the attached

Schedule on October 15, 2014, at 9:30 a.m. (ET) at the office of Haynes and Boone LLP, 2323

Victory Avenue, Suite 700, Dallas, Texas 75219.

Dated: September 10, 2014

/s/ P. Anthony Sammi_____

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
    **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

2

## CERTIFICATE OF SERVICE

I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *Notice of Subpoena* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.

Dated: September 10, 2014                    */s/ James Y. Pak*
                                              James Y. Pak

3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:14-cv-01849-P |
| OCULUS VR, LLC; PALMER LUCKEY; and FACEBOOK, INC. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Nextel of Texas, Inc.

c/o Corporation Service Company d/b/a CSC Lawyers, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule.

| Place: Haynes and Boone LLP | Date and Time: |
|---|---|
| 2323 Victory Avenue, Suite 700 Dallas, Texas 75219 | October 15, 2014 at 09:30 (ET) |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place:--- | Date and Time: |
|---|---|
| | --- |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Sept. 10, 2014

*CLERK OF COURT*

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ZeniMax Media Inc. and id Software LLC _____ , who issues or requests this subpoena, are:

James Y. Pak, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036; james.pak@skadden.com; (212) 735-3000.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

APPENDIX TO MOTION TO QUASH AND FOR PROTECTIVE ORDER RE PLAINTIFFS' SUBPOENAS FOR PHONE RECORDS | 44

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:14-cv-01849-P

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  _____

on *(date)*  _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:  _____

_____  on *(date)*  _____ ; or

☐ I returned the subpoena unexecuted because:  _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$  _____ .

My fees are $  _____ for travel and $  _____ for services, for a total of $  _____ .

I declare under penalty of perjury that this information is true.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE

### DOCUMENTS REQUESTED
(subject to "Definitions" and "Instructions" set forth below)

1.  For telephone number REDACTED , assigned to John Carmack, of REDACTED

REDACTED REDACTED  or  REDACTED REDACTED , the following

records for the period from **April 1, 2012 through February 28, 2014**, inclusive:

(a)  the dates and times of the initiation of outgoing and receipt of incoming calls, including missed or unreceived or unanswered calls;

(b)  the durations of all incoming and outgoing calls;

(c)  the telephone numbers to which outgoing calls were placed;

(d)  the telephone numbers from which incoming calls were received, including the telephone numbers of calls that were not received, answered, or were missed;

(e)  the names of customers associated with telephone numbers to which outgoing calls were placed or from which incoming calls were received, as well as calls that were not received, answered, or delivered.

(f)  the dates and times of the initiation of outgoing and receipt of incoming text messages, including missed or unreceived text messages;

(g)  the data size of all incoming and outgoing text messages;

(h)  the telephone numbers or e-mail addresses to which outgoing text messages were sent;

(i)  the telephone numbers from which incoming text messages were received, including the telephone numbers of text messages that were not received, answered, or delivered; and

(j)  the names of customers associated with telephone numbers to which outgoing text messages were sent or from which incoming text messages were received, as well as text messages that were not received, answered, or delivered.

2.  For telephone number REDACTED , assigned to John Carmack or Katherine

Anna Kang, of REDACTED REDACTED REDACTED  or  REDACTED REDACTED ,

the same categories of records requested in Request No. 1 hereof for the same time period.

```

8.    Telephone records for telephone number REDACTED , assigned to Oculus VR,

Inc. or Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), associated with the

address    REDACTED REDACTED REDACTED REDACTED    , the same categories of

records requested in Request No. 1 hereof for the same time period.

9.    Telephone records for telephone number REDACTED , assigned to Michael

Antonov, of REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED    ; or REDACTED REDACTED

REDACTED    , the same categories of records requested in Request No. 1 hereof for

the same time period.

10.    Telephone records for telephone number REDACTED , assigned to Matthew

Hooper, of REDACTED REDACTED REDACTED , the same categories of records requested

in Request No. 1 hereof for the same time period.

11.    Telephone records for telephone number REDACTED , assigned to Jan Paul

van Waveren (a/k/a J.P. van Waveren, Johannes van Waveren, Johannes Marinus van Waveren,

Johannes Vanwaveren, and J.M.P. van Waveren), of    REDACTED REDACTED

REDACTED    or    REDACTED REDACTED REDACTED REDACTED

REDACTED    , the same categories of records requested in Request No. 1 hereof for the

same time period.

12.    Telephone records for telephone number REDACTED , assigned to Gloria

Kennickell, of REDACTED REDACTED REDACTED    or    REDACTED REDACTED

3

REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    13.    Telephone records for telephone number REDACTED assigned to Jason Kim, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    14.    Telephone records for telephone number REDACTED, assigned to Jason Kim, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    15.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    16.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    17.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    18.    Telephone records for telephone number REDACTED, assigned to Christian Antkow, of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

## DEFINITIONS

1.      The term "telephone" includes both wired and wireless phone communication devices, including landline phones, mobile phones, and cellular network phones.

2.      The term "text message" includes any electronic communications sent or received by a cellular or mobile phone, including communications sent using Short Message Service (SMS), Multimedia Messaging Service (MMS), Simple Mail Transfer Protocol (SMTP) or Transmission Control Protocol/Internet Protocol (TCP/IP).

3.      All other terms and definitions are to be interpreted in their common ordinary sense.

## GENERAL INSTRUCTIONS

A.      This subpoena relates to all materials in your possession, custody, or control, including materials in the possession, custody, or control of your predecessors or successors in interest, assigns, affiliates, parents, subsidiaries, segments or divisions thereof, present or former employees, agents, representatives, present and former attorneys, and any other person acting on your behalf.

B.      If a particular telephone number is no longer assigned to the person identified, provide the records for the time period for which the number was assigned to that person.

C.      If records for the entire requested time period or any portion of the requested time period have been destroyed, provide the records for the time period for which records are still in existence.

D.      If any document is withheld by reason of a claim or privilege, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document

5

withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, and the basis on which privilege is claimed.

E.      In the event that any document has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this request, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

F.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed continuing so as to require further and supplemental production if the person served herewith obtains additional documents responsive hereto between the time of initial production and the time of hearing or trial.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | § § § | |
| Plaintiffs, | § § | |
| v. | § § § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| OCULUS VR, LLC, PALMER LUCKEY, and FACEBOOK, INC. | § § § § | |
| Defendants. | § § | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs ZeniMax Media Inc. and id Software LLC will cause a subpoena

commanding production of documents to be served upon Southwestern Bell Telephone

Company, c/o CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas

75201. The subpoena instructs Southwestern Bell Telephone Company to produce the

documents identified in the attached Schedule on October 15, 2014, at 9:30 a.m. (ET) at the

office of Haynes and Boone LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219.

Dated: September 10, 2014

/s/ P. Anthony Sammi

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

2

## CERTIFICATE OF SERVICE

      I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *Notice of Subpoena* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.

Dated: September 10, 2014                  */s/ James Y. Pak*_____

                                          James Y. Pak

3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| ZENIMAX MEDIA INC. and ID SOFTWARE LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:14-cv-01849-P |
| OCULUS VR, LLC; PALMER LUCKEY; and FACEBOOK, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Southwestern Bell Telephone Company
c/o CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule.

| Place: Haynes and Boone LLP 2323 Victory Avenue, Suite 700 Dallas, Texas 75219 | Date and Time: October 15, 2014 at 09:30 (ET) |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: --- | Date and Time: --- |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Sept. 10, 2014

        *CLERK OF COURT*

OR

_____          _____
  *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ZeniMax Media Inc. and id Software LLC _____ , who issues or requests this subpoena, are:

James Y. Pak, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036; james.pak@skadden.com; (212) 735-3000.

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:14-cv-01849-P

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE

### DOCUMENTS REQUESTED
**(subject to "Definitions" and "Instructions" set forth below)**

1.   For telephone number ███REDACTED███ , assigned to John Carmack, of ███

███REDACTED REDACTED███   or   ███REDACTED REDACTED███ , the following

records for the period from **April 1, 2012 through February 28, 2014**, inclusive:

     (a)   the dates and times of the initiation of outgoing and receipt of incoming calls, including missed or unreceived or unanswered calls;

     (b)   the durations of all incoming and outgoing calls;

     (c)   the telephone numbers to which outgoing calls were placed;

     (d)   the telephone numbers from which incoming calls were received, including the telephone numbers of calls that were not received, answered, or were missed;

     (e)   the names of customers associated with telephone numbers to which outgoing calls were placed or from which incoming calls were received, as well as calls that were not received, answered, or delivered.

     (f)   the dates and times of the initiation of outgoing and receipt of incoming text messages, including missed or unreceived text messages;

     (g)   the data size of all incoming and outgoing text messages;

     (h)   the telephone numbers or e-mail addresses to which outgoing text messages were sent;

     (i)   the telephone numbers from which incoming text messages were received, including the telephone numbers of text messages that were not received, answered, or delivered; and

     (j)   the names of customers associated with telephone numbers to which outgoing text messages were sent or from which incoming text messages were received, as well as text messages that were not received, answered, or delivered.

2.   For telephone number ███REDACTED███ , assigned to John Carmack or Katherine

Anna Kang, of ███REDACTED REDACTED REDACTED███   or   ███REDACTED REDACTED███ ,

the same categories of records requested in Request No. 1 hereof for the same time period.

3.  For telephone number REDACTED , assigned to John Carmack or Katherine

Anna Kang, of REDACTED REDACTED REDACTED or REDACTED REDACTED ,

the same categories of records requested in Request No. 1 hereof for the same time period.

4.  Telephone records for telephone number REDACTED , assigned to John

Carmack or Katherine Anna Kang, of REDACTED REDACTED REDACTED or REDACTED

REDACTED , the same categories of records requested in Request No. 1 hereof for

the same time period.

5.  Telephone records for telephone number REDACTED , assigned to Palmer

Luckey, of REDACTED REDACTED REDACTED REDACTED or REDACTED

REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof

for the same time period.

6.  Telephone records for telephone number REDACTED , assigned to Palmer

Luckey, of REDACTED REDACTED REDACTED REDACTED or REDACTED

REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof

for the same time period.

7.  Telephone records for telephone number REDACTED , assigned to Brendan

Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), of REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED ; or REDACTED REDACTED REDACTED , the same

categories of records requested in Request No. 1 hereof for the same time period.

2

8.     Telephone records for telephone number REDACTED , assigned to Oculus VR,

Inc. or Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), associated with the

address   REDACTED REDACTED REDACTED REDACTED   , the same categories of

records requested in Request No. 1 hereof for the same time period.

9.     Telephone records for telephone number REDACTED , assigned to Michael

Antonov, of REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED    ; or REDACTED REDACTED

REDACTED    , the same categories of records requested in Request No. 1 hereof for

the same time period.

10.     Telephone records for telephone number REDACTED , assigned to Matthew

Hooper, of REDACTED REDACTED REDACTED , the same categories of records requested

in Request No. 1 hereof for the same time period.

11.     Telephone records for telephone number REDACTED , assigned to Jan Paul

van Waveren (a/k/a J.P. van Waveren, Johannes van Waveren, Johannes Marinus van Waveren,

Johnannes Vanwaveren, and J.M.P. van Waveren), of     REDACTED REDACTED

REDACTED    or   REDACTED REDACTED REDACTED REDACTED

REDACTED    , the same categories of records requested in Request No. 1 hereof for the

same time period.

12.     Telephone records for telephone number REDACTED , assigned to Gloria

Kennickell, of REDACTED REDACTED REDACTED   or   REDACTED REDACTED

REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

     13.    Telephone records for telephone number REDACTED , assigned to Jason Kim, of REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

     14.    Telephone records for telephone number REDACTED assigned to Jason Kim, of REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

     15.    Telephone records for telephone number REDACTED , assigned to Jonathan Wright, of REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

     16.    Telephone records for telephone number REDACTED , assigned to Jonathan Wright, of REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

     17.    Telephone records for telephone number REDACTED , assigned to Jonathan Wright, of REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

     18.    Telephone records for telephone number REDACTED , assigned to Christian Antkow, of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

4

## DEFINITIONS

1.      The term "telephone" includes both wired and wireless phone communication devices, including landline phones, mobile phones, and cellular network phones.

2.      The term "text message" includes any electronic communications sent or received by a cellular or mobile phone, including communications sent using Short Message Service (SMS), Multimedia Messaging Service (MMS), Simple Mail Transfer Protocol (SMTP) or Transmission Control Protocol/Internet Protocol (TCP/IP).

3.      All other terms and definitions are to be interpreted in their common ordinary sense.

## GENERAL INSTRUCTIONS

A.      This subpoena relates to all materials in your possession, custody, or control, including materials in the possession, custody, or control of your predecessors or successors in interest, assigns, affiliates, parents, subsidiaries, segments or divisions thereof, present or former employees, agents, representatives, present and former attorneys, and any other person acting on your behalf.

B.      If a particular telephone number is no longer assigned to the person identified, provide the records for the time period for which the number was assigned to that person.

C.      If records for the entire requested time period or any portion of the requested time period have been destroyed, provide the records for the time period for which records are still in existence.

D.      If any document is withheld by reason of a claim or privilege, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document

withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, and the basis on which privilege is claimed.

      E.      In the event that any document has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this request, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

      F.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed continuing so as to require further and supplemental production if the person served herewith obtains additional documents responsive hereto between the time of initial production and the time of hearing or trial.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | § | |
| | § | |
| OCULUS VR, LLC, | § | |
| PALMER LUCKEY, | § | |
| and FACEBOOK, INC. | § | |
| | § | |
| Defendants. | § | |

## <u>NOTICE OF SUBPOENA</u>

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs ZeniMax Media Inc. and id Software LLC will cause a subpoena

commanding production of documents to be served upon Sprint Corporation, c/o Corporation

Service Company d/b/a CSC Lawyers, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701.

The subpoena instructs Sprint Corporation to produce the documents identified in the attached

Schedule on October 15, 2014, at 9:30 a.m. (ET) at the office of Haynes and Boone LLP, 2323

Victory Avenue, Suite 700, Dallas, Texas 75219.

Dated: September 10, 2014

*/s/ P. Anthony Sammi*_____

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

2

## CERTIFICATE OF SERVICE

    I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *Notice of Subpoena* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.

Dated: September 10, 2014            */s/ James Y. Pak*
                                  James Y. Pak

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 3:14-cv-01849-P |
| OCULUS VR, LLC; PALMER LUCKEY; and ) | |
| FACEBOOK, INC. ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Sprint Corporation

c/o Corporation Service Company d/b/a CSC Lawyers, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule.

| Place: Haynes and Boone LLP | Date and Time: |
|---|---|
| 2323 Victory Avenue, Suite 700 Dallas, Texas 75219 | October 15, 2014 at 09:30 (ET) |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place:— | Date and Time: |
|---|---|
| | — |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Sept. 10, 2014

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ZeniMax Media Inc. and id Software LLC _____ , who issues or requests this subpoena, are:

James Y. Pak, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036; james.pak@skadden.com; (212) 735-3000.

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:14-cv-01849-P

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                         .

❐ I served the subpoena by delivering a copy to the named person as follows:

_____

_____                on *(date)*                         ; or

❐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                         .

My fees are $                  for travel and $                  for services, for a total of $                  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE

### DOCUMENTS REQUESTED
(subject to "Definitions" and "Instructions" set forth below)

1.    For telephone number REDACTED , assigned to John Carmack, of REDACTED

REDACTED REDACTED    or    REDACTED REDACTED    , the following

records for the period from **April 1, 2012 through February 28, 2014**, inclusive:

   (a)   the dates and times of the initiation of outgoing and receipt of incoming calls, including missed or unreceived or unanswered calls;

   (b)   the durations of all incoming and outgoing calls;

   (c)   the telephone numbers to which outgoing calls were placed;

   (d)   the telephone numbers from which incoming calls were received, including the telephone numbers of calls that were not received, answered, or were missed;

   (e)   the names of customers associated with telephone numbers to which outgoing calls were placed or from which incoming calls were received, as well as calls that were not received, answered, or delivered.

   (f)   the dates and times of the initiation of outgoing and receipt of incoming text messages, including missed or unreceived text messages;

   (g)   the data size of all incoming and outgoing text messages;

   (h)   the telephone numbers or e-mail addresses to which outgoing text messages were sent;

   (i)   the telephone numbers from which incoming text messages were received, including the telephone numbers of text messages that were not received, answered, or delivered; and

   (j)   the names of customers associated with telephone numbers to which outgoing text messages were sent or from which incoming text messages were received, as well as text messages that were not received, answered, or delivered.

2.    For telephone number REDACTED , assigned to John Carmack or Katherine

Anna Kang, of REDACTED REDACTED REDACTED or    REDACTED REDACTED    ,

the same categories of records requested in Request No. 1 hereof for the same time period.

3.     For telephone number REDACTED , assigned to John Carmack or Katherine Anna Kang, of REDACTED REDACTED REDACTED or REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

4.     Telephone records for telephone number REDACTED , assigned to John Carmack or Katherine Anna Kang, of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

5.     Telephone records for telephone number REDACTED , assigned to Palmer Luckey, of REDACTED REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

6.     Telephone records for telephone number REDACTED , assigned to Palmer Luckey, of REDACTED REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

7.     Telephone records for telephone number REDACTED , assigned to Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), of REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED ; or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

2

8.      Telephone records for telephone number REDACTED, assigned to Oculus VR, Inc. or Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), associated with the address REDACTED REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

9.      Telephone records for telephone number REDACTED, assigned to Michael Antonov, of REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED; or REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

10.     Telephone records for telephone number REDACTED, assigned to Matthew Hooper, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

11.     Telephone records for telephone number REDACTED, assigned to Jan Paul van Waveren (a/k/a J.P. van Waveren, Johannes van Waveren, Johannes Marinus van Waveren, Johnannes Vanwaveren, and J.M.P. van Waveren), of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

12.     Telephone records for telephone number REDACTED, assigned to Gloria Kennickell, of REDACTED REDACTED REDACTED or REDACTED REDACTED

3

REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    13.    Telephone records for telephone number REDACTED, assigned to Jason Kim, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    14.    Telephone records for telephone number REDACTED, assigned to Jason Kim, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    15.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    16.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    17.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

    18.    Telephone records for telephone number REDACTED, assigned to Christian Antkow, of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

4

## DEFINITIONS

1.      The term "telephone" includes both wired and wireless phone communication devices, including landline phones, mobile phones, and cellular network phones.

2.      The term "text message" includes any electronic communications sent or received by a cellular or mobile phone, including communications sent using Short Message Service (SMS), Multimedia Messaging Service (MMS), Simple Mail Transfer Protocol (SMTP) or Transmission Control Protocol/Internet Protocol (TCP/IP).

3.      All other terms and definitions are to be interpreted in their common ordinary sense.

## GENERAL INSTRUCTIONS

A.      This subpoena relates to all materials in your possession, custody, or control, including materials in the possession, custody, or control of your predecessors or successors in interest, assigns, affiliates, parents, subsidiaries, segments or divisions thereof, present or former employees, agents, representatives, present and former attorneys, and any other person acting on your behalf.

B.      If a particular telephone number is no longer assigned to the person identified, provide the records for the time period for which the number was assigned to that person.

C.      If records for the entire requested time period or any portion of the requested time period have been destroyed, provide the records for the time period for which records are still in existence.

D.      If any document is withheld by reason of a claim or privilege, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document

withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, and the basis on which privilege is claimed.

E.     In the event that any document has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this request, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

F.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed continuing so as to require further and supplemental production if the person served herewith obtains additional documents responsive hereto between the time of initial production and the time of hearing or trial.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC. | § § § § | |
| Defendants. | § § | |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs ZeniMax Media Inc. and id Software LLC will cause a subpoena

commanding production of documents to be served upon T-Mobile USA, Inc., c/o Corporation

Service Company d/b/a CSC Lawyers, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701.

The subpoena instructs T-Mobile USA, Inc. to produce the documents identified in the attached

Schedule on October 15, 2014, at 9:30 a.m. (ET) at the office of Haynes and Boone LLP, 2323

Victory Avenue, Suite 700, Dallas, Texas 75219.

Dated: September 10, 2014

/s/ P. Anthony Sammi

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
   **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

2

## CERTIFICATE OF SERVICE

    I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *Notice of Subpoena* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.

Dated: September 10, 2014          */s/ James Y. Pak*
                                    James Y. Pak

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:14-cv-01849-P |
| OCULUS VR, LLC; PALMER LUCKEY; and FACEBOOK, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: T-Mobile USA, Inc.
c/o Corporation Service Company d/b/a CSC Lawyers, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule.

| Place: Haynes and Boone LLP | Date and Time: |
|---|---|
| 2323 Victory Avenue, Suite 700 Dallas, Texas 75219 | October 15, 2014 at 09:30 (ET) |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place:--- | Date and Time: |
|---|---|
| | --- |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Sept. 10, 2014

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ZeniMax Media Inc. and id Software LLC _____ , who issues or requests this subpoena, are:

James Y. Pak, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036; james.pak@skadden.com; (212) 735-3000.

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:14-cv-01849-P

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE

### DOCUMENTS REQUESTED
### (subject to "Definitions" and "Instructions" set forth below)

1.    For telephone number REDACTED , assigned to John Carmack, of REDACTED

REDACTED REDACTED    or    REDACTED REDACTED    , the following

records for the period from **April 1, 2012 through February 28, 2014**, inclusive:

   (a)  the dates and times of the initiation of outgoing and receipt of incoming calls, including missed or unreceived or unanswered calls;

   (b)  the durations of all incoming and outgoing calls;

   (c)  the telephone numbers to which outgoing calls were placed;

   (d)  the telephone numbers from which incoming calls were received, including the telephone numbers of calls that were not received, answered, or were missed;

   (e)  the names of customers associated with telephone numbers to which outgoing calls were placed or from which incoming calls were received, as well as calls that were not received, answered, or delivered.

   (f)  the dates and times of the initiation of outgoing and receipt of incoming text messages, including missed or unreceived text messages;

   (g)  the data size of all incoming and outgoing text messages;

   (h)  the telephone numbers or e-mail addresses to which outgoing text messages were sent;

   (i)  the telephone numbers from which incoming text messages were received, including the telephone numbers of text messages that were not received, answered, or delivered; and

   (j)  the names of customers associated with telephone numbers to which outgoing text messages were sent or from which incoming text messages were received, as well as text messages that were not received, answered, or delivered.

2.    For telephone number REDACTED , assigned to John Carmack or Katherine

Anna Kang, of REDACTED REDACTED REDACTED  or    REDACTED REDACTED    ,

the same categories of records requested in Request No. 1 hereof for the same time period.

3.    For telephone number REDACTED , assigned to John Carmack or Katherine Anna Kang, of REDACTED REDACTED REDACTED or    REDACTED REDACTED    , the same categories of records requested in Request No. 1 hereof for the same time period.

4.    Telephone records for telephone number REDACTED , assigned to John Carmack or Katherine Anna Kang, of REDACTED REDACTED REDACTED or REDACTED

REDACTED    , the same categories of records requested in Request No. 1 hereof for the same time period.

5.    Telephone records for telephone number REDACTED , assigned to Palmer Luckey, of REDACTED REDACTED REDACTED REDACTED or    REDACTED    REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

6.    Telephone records for telephone number REDACTED , assigned to Palmer Luckey, of REDACTED REDACTED REDACTED REDACTED or    REDACTED    REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

7.    Telephone records for telephone number REDACTED , assigned to Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), of    REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED ; or    REDACTED REDACTED REDACTED    , the same categories of records requested in Request No. 1 hereof for the same time period.

2

8.  Telephone records for telephone number REDACTED , assigned to Oculus VR, Inc. or Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), associated with the address  REDACTED REDACTED REDACTED REDACTED . the same categories of records requested in Request No. 1 hereof for the same time period.

9.  Telephone records for telephone number REDACTED , assigned to Michael Antonov, of REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED ; or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

10.  Telephone records for telephone number REDACTED , assigned to Matthew Hooper, of REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

11.  Telephone records for telephone number REDACTED , assigned to Jan Paul van Waveren (a/k/a J.P. van Waveren, Johannes van Waveren, Johannnes Marinus van Waveren, Johannnes Vanwaveren, and J.M.P. van Waveren), of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

12.  Telephone records for telephone number REDACTED , assigned to Gloria Kennickell, of REDACTED REDACTED REDACTED or REDACTED REDACTED

3

REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

13.    Telephone records for telephone number REDACTED , assigned to Jason Kim, of   REDACTED REDACTED REDACTED   , the same categories of records requested in Request No. 1 hereof for the same time period.

14.    Telephone records for telephone number REDACTED , assigned to Jason Kim, of   REDACTED REDACTED REDACTED   , the same categories of records requested in Request No. 1 hereof for the same time period.

15.    Telephone records for telephone number REDACTED , assigned to Jonathan Wright, of   REDACTED REDACTED   , the same categories of records requested in Request No. 1 hereof for the same time period.

16.    Telephone records for telephone number REDACTED , assigned to Jonathan Wright, of   REDACTED REDACTED   , the same categories of records requested in Request No. 1 hereof for the same time period.

17.    Telephone records for telephone number REDACTED , assigned to Jonathan Wright, of   REDACTED REDACTED   , the same categories of records requested in Request No. 1 hereof for the same time period.

18.    Telephone records for telephone number REDACTED , assigned to Christian Antkow, of REDACTED REDACTED REDACTED  or   REDACTED REDACTED   REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

4

## DEFINITIONS

1.      The term "telephone" includes both wired and wireless phone communication devices, including landline phones, mobile phones, and cellular network phones.

2.      The term "text message" includes any electronic communications sent or received by a cellular or mobile phone, including communications sent using Short Message Service (SMS), Multimedia Messaging Service (MMS), Simple Mail Transfer Protocol (SMTP) or Transmission Control Protocol/Internet Protocol (TCP/IP).

3.      All other terms and definitions are to be interpreted in their common ordinary sense.

## GENERAL INSTRUCTIONS

A.      This subpoena relates to all materials in your possession, custody, or control, including materials in the possession, custody, or control of your predecessors or successors in interest, assigns, affiliates, parents, subsidiaries, segments or divisions thereof, present or former employees, agents, representatives, present and former attorneys, and any other person acting on your behalf.

B.      If a particular telephone number is no longer assigned to the person identified, provide the records for the time period for which the number was assigned to that person.

C.      If records for the entire requested time period or any portion of the requested time period have been destroyed, provide the records for the time period for which records are still in existence.

D.      If any document is withheld by reason of a claim or privilege, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document

5

withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, and the basis on which privilege is claimed.

      E.     In the event that any document has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this request, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

      F.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed continuing so as to require further and supplemental production if the person served herewith obtains additional documents responsive hereto between the time of initial production and the time of hearing or trial.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| | § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | §<br>§ | |
| OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC. | §<br>§<br>§ | |
| | § | |
| Defendants. | § | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs ZeniMax Media Inc. and id Software LLC will cause a subpoena

commanding production of documents to be served upon Verizon Communications Inc., c/o

Verizon Legal Compliance, Custodian of Records, 2701 South Johnson St., San Angelo, Texas

76904. The subpoena instructs Verizon Communications Inc. to produce the documents

identified in the attached Schedule on October 15, 2014, at 9:30 a.m. (ET) at the office of

Haynes and Boone LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219.

Dated: September 10, 2014

/s/ P. Anthony Sammi

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

     I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *Notice of Subpoena* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.

Dated: September 10, 2014               */s/ James Y. Pak*
                                              James Y. Pak

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

ZENIMAX MEDIA INC. and ID SOFTWARE LLC )
|                                        | )
| *Plaintiff*                            | )
| v.                                     | )  Civil Action No.  3:14-cv-01849-P
| OCULUS VR, LLC; PALMER LUCKEY; and     | )
| FACEBOOK, INC.                         | )
| *Defendant*                            | )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Verizon Communications Inc.
c/o Legal Compliance, Custodian of Records, 2701 South Johnson St., San Angelo, Texas 76904

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule.

| Place: Haynes and Boone LLP | Date and Time: |
| 2323 Victory Avenue, Suite 700 | October 15, 2014 at 09:30 (ET) |
| Dallas, Texas 75219 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: --- | Date and Time: |
| | --- |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Sept. 10, 2014

*CLERK OF COURT*

OR

_____      _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ZeniMax Media Inc. and id Software LLC _____ , who issues or requests this subpoena, are:

James Y. Pak, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036; james.pak@skadden.com; (212) 735-3000.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:14-cv-01849-P

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____               _____
                                          *Server's signature*

                                     _____
                                          *Printed name and title*

                                     _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

## **SCHEDULE**

## **DOCUMENTS REQUESTED**
### (subject to "Definitions" and "Instructions" set forth below)

1.      For telephone number REDACTED , assigned to John Carmack, of REDACTED

REDACTED REDACTED      or      REDACTED REDACTED      , the following

records for the period from **April 1, 2012 through February 28, 2014**, inclusive:

- (a)   the dates and times of the initiation of outgoing and receipt of incoming calls, including missed or unreceived or unanswered calls;

- (b)   the durations of all incoming and outgoing calls;

- (c)   the telephone numbers to which outgoing calls were placed;

- (d)   the telephone numbers from which incoming calls were received, including the telephone numbers of calls that were not received, answered, or were missed;

- (e)   the names of customers associated with telephone numbers to which outgoing calls were placed or from which incoming calls were received, as well as calls that were not received, answered, or delivered.

- (f)   the dates and times of the initiation of outgoing and receipt of incoming text messages, including missed or unreceived text messages;

- (g)   the data size of all incoming and outgoing text messages;

- (h)   the telephone numbers or e-mail addresses to which outgoing text messages were sent;

- (i)   the telephone numbers from which incoming text messages were received, including the telephone numbers of text messages that were not received, answered, or delivered; and

- (j)   the names of customers associated with telephone numbers to which outgoing text messages were sent or from which incoming text messages were received, as well as text messages that were not received, answered, or delivered.

2.      For telephone number REDACTED , assigned to John Carmack or Katherine

Anna Kang, of REDACTED REDACTED REDACTED or      REDACTED REDACTED      ,

the same categories of records requested in Request No. 1 hereof for the same time period.

3.    For telephone number REDACTED , assigned to John Carmack or Katherine Anna Kang, of REDACTED REDACTED REDACTED or REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

4.    Telephone records for telephone number REDACTED , assigned to John Carmack or Katherine Anna Kang, of REDACTED REDACTED REDACTED or REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

5.    Telephone records for telephone number REDACTED , assigned to Palmer Luckey, of REDACTED REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

6.    Telephone records for telephone number REDACTED , assigned to Palmer Luckey, of REDACTED REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

7.    Telephone records for telephone number REDACTED , assigned to Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), of REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED ; or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

2

8.    Telephone records for telephone number REDACTED , assigned to Oculus VR, Inc. or Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), associated with the address REDACTED REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

9.    Telephone records for telephone number REDACTED , assigned to Michael Antonov, of REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED ; or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

10.    Telephone records for telephone number REDACTED , assigned to Matthew Hooper, of REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

11.    Telephone records for telephone number REDACTED , assigned to Jan Paul van Waveren (a/k/a J.P. van Waveren, Johannes van Waveren, Johannes Marinus van Waveren, Johnannes Vanwaveren, and J.M.P. van Waveren), of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

12.    Telephone records for telephone number REDACTED , assigned to Gloria Kennickell, of REDACTED REDACTED REDACTED or REDACTED REDACTED

3

REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

13.    Telephone records for telephone number REDACTED, assigned to Jason Kim, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

14.    Telephone records for telephone number REDACTED, assigned to Jason Kim, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

15.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

16.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

17.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

18.    Telephone records for telephone number REDACTED, assigned to Christian Antkow, of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

4

**DEFINITIONS**

1.      The term "telephone" includes both wired and wireless phone communication devices, including landline phones, mobile phones, and cellular network phones.

2.      The term "text message" includes any electronic communications sent or received by a cellular or mobile phone, including communications sent using Short Message Service (SMS), Multimedia Messaging Service (MMS), Simple Mail Transfer Protocol (SMTP) or Transmission Control Protocol/Internet Protocol (TCP/IP).

3.      All other terms and definitions are to be interpreted in their common ordinary sense.

**GENERAL INSTRUCTIONS**

A.      This subpoena relates to all materials in your possession, custody, or control, including materials in the possession, custody, or control of your predecessors or successors in interest, assigns, affiliates, parents, subsidiaries, segments or divisions thereof, present or former employees, agents, representatives, present and former attorneys, and any other person acting on your behalf.

B.      If a particular telephone number is no longer assigned to the person identified, provide the records for the time period for which the number was assigned to that person.

C.      If records for the entire requested time period or any portion of the requested time period have been destroyed, provide the records for the time period for which records are still in existence.

D.      If any document is withheld by reason of a claim or privilege, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document

5

withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, and the basis on which privilege is claimed.

E.      In the event that any document has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this request, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

F.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed continuing so as to require further and supplemental production if the person served herewith obtains additional documents responsive hereto between the time of initial production and the time of hearing or trial.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | §<br>§ | |
| OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC. | §<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs ZeniMax Media Inc. and id Software LLC will cause a subpoena

commanding production of documents to be served upon Verizon Wireless Services, LLC, c/o

CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201. The

subpoena instructs Verizon Wireless Services, LLC to produce the documents identified in the

attached Schedule on October 15, 2014, at 9:30 a.m. (ET) at the office of Haynes and Boone

LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219.

Dated: September 10, 2014

/s/ P. Anthony Sammi_____

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
    **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

2

## CERTIFICATE OF SERVICE

     I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *Notice of Subpoena* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.

Dated: September 10, 2014               */s/ James Y. Pak*_____
                                       James Y. Pak

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:14-cv-01849-P |
| OCULUS VR, LLC; PALMER LUCKEY; and FACEBOOK, INC. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Verizon Wireless Services, LLC
c/o CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule.

| Place: Haynes and Boone LLP 2323 Victory Avenue, Suite 700 Dallas, Texas 75219 | Date and Time: October 15, 2014 at 09:30 (ET) |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place:--- | Date and Time: --- |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  Sept. 10, 2014

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  ZeniMax Media Inc. and id Software LLC                                          , who issues or requests this subpoena, are:

James Y. Pak, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036; james.pak@skadden.com; (212) 735-3000.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:14-cv-01849-P

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____           _____
                                         *Server's signature*

                                 _____
                                         *Printed name and title*

                                 _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

Case 3:14-cv-01849-P Document 54-1 Filed 09/24/14 Page 110 of 152 PageID 1373

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE

## DOCUMENTS REQUESTED
### (subject to "Definitions" and "Instructions" set forth below)

1.  For telephone number ████ REDACTED ████, assigned to John Carmack, of ████ REDACTED ████

████ REDACTED REDACTED ████ or ████ REDACTED REDACTED ████, the following

records for the period from **April 1, 2012 through February 28, 2014**, inclusive:

    (a)   the dates and times of the initiation of outgoing and receipt of incoming calls, including missed or unreceived or unanswered calls;

    (b)   the durations of all incoming and outgoing calls;

    (c)   the telephone numbers to which outgoing calls were placed;

    (d)   the telephone numbers from which incoming calls were received, including the telephone numbers of calls that were not received, answered, or were missed;

    (e)   the names of customers associated with telephone numbers to which outgoing calls were placed or from which incoming calls were received, as well as calls that were not received, answered, or delivered.

    (f)   the dates and times of the initiation of outgoing and receipt of incoming text messages, including missed or unreceived text messages;

    (g)   the data size of all incoming and outgoing text messages;

    (h)   the telephone numbers or e-mail addresses to which outgoing text messages were sent;

    (i)   the telephone numbers from which incoming text messages were received, including the telephone numbers of text messages that were not received, answered, or delivered; and

    (j)   the names of customers associated with telephone numbers to which outgoing text messages were sent or from which incoming text messages were received, as well as text messages that were not received, answered, or delivered.

2.  For telephone number ████ REDACTED ████, assigned to John Carmack or Katherine

Anna Kang, of ████ REDACTED REDACTED REDACTED ████ or ████ REDACTED REDACTED ████,

the same categories of records requested in Request No. 1 hereof for the same time period.

3.    For telephone number **REDACTED**, assigned to John Carmack or Katherine Anna Kang, of **REDACTED REDACTED REDACTED** or **REDACTED REDACTED**, the same categories of records requested in Request No. 1 hereof for the same time period.

4.    Telephone records for telephone number **REDACTED**, assigned to John Carmack or Katherine Anna Kang, of **REDACTED REDACTED REDACTED** or **REDACTED REDACTED**, the same categories of records requested in Request No. 1 hereof for the same time period.

5.    Telephone records for telephone number **REDACTED**, assigned to Palmer Luckey, of **REDACTED REDACTED REDACTED REDACTED** or **REDACTED REDACTED REDACTED**, the same categories of records requested in Request No. 1 hereof for the same time period.

6.    Telephone records for telephone number **REDACTED**, assigned to Palmer Luckey, of **REDACTED REDACTED REDACTED REDACTED** or **REDACTED REDACTED REDACTED**, the same categories of records requested in Request No. 1 hereof for the same time period.

7.    Telephone records for telephone number **REDACTED**, assigned to Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), of **REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED**; or **REDACTED REDACTED REDACTED**, the same categories of records requested in Request No. 1 hereof for the same time period.

8.     Telephone records for telephone number REDACTED , assigned to Oculus VR, Inc. or Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), associated with the address  REDACTED REDACTED REDACTED REDACTED  the same categories of records requested in Request No. 1 hereof for the same time period.

9.     Telephone records for telephone number REDACTED , assigned to Michael Antonov, of REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED  ; or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

10.    Telephone records for telephone number REDACTED , assigned to Matthew Hooper, of REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

11.    Telephone records for telephone number REDACTED , assigned to Jan Paul van Waveren (a/k/a J.P. van Waveren, Johannes van Waveren, Johannnes Marinus van Waveren, Johnnannes Vanwaveren, and J.M.P. van Waveren), of REDACTED REDACTED REDACTED  or REDACTED REDACTED REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

12.    Telephone records for telephone number REDACTED , assigned to Gloria Kennickell, of REDACTED REDACTED REDACTED  or REDACTED REDACTED

3

REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

13.    Telephone records for telephone number REDACTED, assigned to Jason Kim, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

14.    Telephone records for telephone number REDACTED, assigned to Jason Kim, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

15.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

16.    Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

17.    Telephone records for telephone number REDACTED assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

18.    Telephone records for telephone number REDACTED, assigned to Christian Antkow, of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

4

## DEFINITIONS

1.      The term "telephone" includes both wired and wireless phone communication devices, including landline phones, mobile phones, and cellular network phones.

2.      The term "text message" includes any electronic communications sent or received by a cellular or mobile phone, including communications sent using Short Message Service (SMS), Multimedia Messaging Service (MMS), Simple Mail Transfer Protocol (SMTP) or Transmission Control Protocol/Internet Protocol (TCP/IP).

3.      All other terms and definitions are to be interpreted in their common ordinary sense.

## GENERAL INSTRUCTIONS

A.      This subpoena relates to all materials in your possession, custody, or control, including materials in the possession, custody, or control of your predecessors or successors in interest, assigns, affiliates, parents, subsidiaries, segments or divisions thereof, present or former employees, agents, representatives, present and former attorneys, and any other person acting on your behalf.

B.      If a particular telephone number is no longer assigned to the person identified, provide the records for the time period for which the number was assigned to that person.

C.      If records for the entire requested time period or any portion of the requested time period have been destroyed, provide the records for the time period for which records are still in existence.

D.      If any document is withheld by reason of a claim or privilege, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document

5

withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, and the basis on which privilege is claimed.

E.      In the event that any document has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this request, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

F.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed continuing so as to require further and supplemental production if the person served herewith obtains additional documents responsive hereto between the time of initial production and the time of hearing or trial.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | § | |
| | § | |
| OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC. | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs ZeniMax Media Inc. and id Software LLC will cause a subpoena

commanding production of documents to be served upon Virgin Mobile USA, L.P., c/o

Corporation Service Company d/b/a CSC Lawyers, Inc., 211 East 7th Street, Suite 620, Austin,

Texas 78701.  The subpoena instructs Virgin Mobile USA, L.P. to produce the documents

identified in the attached Schedule on October 15, 2014, at 9:30 a.m. (ET) at the office of

Haynes and Boone LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219.

Dated: September 10, 2014

/s/ P. Anthony Sammi

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
   **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

2

## CERTIFICATE OF SERVICE

I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *Notice of Subpoena* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.

Dated: September 10, 2014                    */s/ James Y. Pak*_____
                                            James Y. Pak

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:14-cv-01849-P |
| OCULUS VR, LLC; PALMER LUCKEY; and FACEBOOK, INC. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Virgin Mobile USA, L.P.
c/o Corporation Service Company d/b/a CSC Lawyers, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

   See attached Schedule.

| Place: Haynes and Boone LLP 2323 Victory Avenue, Suite 700 Dallas, Texas 75219 | Date and Time: October 15, 2014 at 09:30 (ET) |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place:— | Date and Time: — |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   Sept. 10, 2014

          *CLERK OF COURT*
                                            OR
     _____                _____
     *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  ZeniMax Media Inc. and id Software LLC  _____ , who issues or requests this subpoena, are:

James Y. Pak, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036; james.pak@skadden.com; (212) 735-3000.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:14-cv-01849-P

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE

### DOCUMENTS REQUESTED
### (subject to "Definitions" and "Instructions" set forth below)

1.      For telephone number **REDACTED**, assigned to John Carmack, of **REDACTED**

**REDACTED REDACTED**     or     **REDACTED REDACTED**     , the following

records for the period from **April 1, 2012 through February 28, 2014**, inclusive:

(a)   the dates and times of the initiation of outgoing and receipt of incoming calls, including missed or unreceived or unanswered calls;

(b)   the durations of all incoming and outgoing calls;

(c)   the telephone numbers to which outgoing calls were placed;

(d)   the telephone numbers from which incoming calls were received, including the telephone numbers of calls that were not received, answered, or were missed;

(e)   the names of customers associated with telephone numbers to which outgoing calls were placed or from which incoming calls were received, as well as calls that were not received, answered, or delivered.

(f)   the dates and times of the initiation of outgoing and receipt of incoming text messages, including missed or unreceived text messages;

(g)   the data size of all incoming and outgoing text messages;

(h)   the telephone numbers or e-mail addresses to which outgoing text messages were sent;

(i)   the telephone numbers from which incoming text messages were received, including the telephone numbers of text messages that were not received, answered, or delivered; and

(j)   the names of customers associated with telephone numbers to which outgoing text messages were sent or from which incoming text messages were received, as well as text messages that were not received, answered, or delivered.

2.      For telephone number **REDACTED**, assigned to John Carmack or Katherine

Anna Kang, of **REDACTED REDACTED REDACTED** or **REDACTED REDACTED** ,

the same categories of records requested in Request No. 1 hereof for the same time period.

3.   For telephone number REDACTED , assigned to John Carmack or Katherine

Anna Kang, of REDACTED REDACTED REDACTED or    REDACTED REDACTED        ,

the same categories of records requested in Request No. 1 hereof for the same time period.

4.   Telephone records for telephone number REDACTED , assigned to John

Carmack or Katherine Anna Kang, of REDACTED REDACTED REDACTED or REDACTED

  REDACTED        , the same categories of records requested in Request No. 1 hereof for

the same time period.

5.   Telephone records for telephone number REDACTED , assigned to Palmer

Luckey, of REDACTED REDACTED REDACTED REDACTED or    REDACTED

 REDACTED REDACTED  , the same categories of records requested in Request No. 1 hereof

for the same time period.

6.   Telephone records for telephone number REDACTED , assigned to Palmer

Luckey, of REDACTED REDACTED REDACTED REDACTED or    REDACTED

 REDACTED REDACTED  , the same categories of records requested in Request No. 1 hereof

for the same time period.

7.   Telephone records for telephone number REDACTED , assigned to Brendan

Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), of    REDACTED REDACTED

    REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

    REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

  REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

 REDACTED REDACTED ; or    REDACTED REDACTED REDACTED        , the same

categories of records requested in Request No. 1 hereof for the same time period.

2

8.     Telephone records for telephone number REDACTED , assigned to Oculus VR,

Inc. or Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), associated with the

address    REDACTED REDACTED REDACTED REDACTED    , the same categories of

records requested in Request No. 1 hereof for the same time period.

9.     Telephone records for telephone number REDACTED , assigned to Michael

Antonov, of REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

        REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

        REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

    REDACTED REDACTED REDACTED REDACTED        ; or REDACTED REDACTED

     REDACTED        , the same categories of records requested in Request No. 1 hereof for

the same time period.

10.    Telephone records for telephone number REDACTED , assigned to Matthew

Hooper, of REDACTED REDACTED REDACTED , the same categories of records requested

in Request No. 1 hereof for the same time period.

11.    Telephone records for telephone number REDACTED , assigned to Jan Paul

van Waveren (a/k/a J.P. van Waveren, Johannes van Waveren, Johnannes Marinus van Waveren,

Johnannes Vanwaveren, and J.M.P. van Waveren), of        REDACTED REDACTED

    REDACTED        or    REDACTED REDACTED REDACTED REDACTED

     REDACTED        , the same categories of records requested in Request No. 1 hereof for the

same time period.

12.    Telephone records for telephone number REDACTED , assigned to Gloria

Kennickell, of REDACTED REDACTED REDACTED    or    REDACTED REDACTED

3

REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

13.     Telephone records for telephone number REDACTED , assigned to Jason Kim, of REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

14.     Telephone records for telephone number REDACTED , assigned to Jason Kim, of REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

15.     Telephone records for telephone number REDACTED , assigned to Jonathan Wright, of REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

16.     Telephone records for telephone number REDACTED , assigned to Jonathan Wright, of REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

17.     Telephone records for telephone number REDACTED , assigned to Jonathan Wright, of REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

18.     Telephone records for telephone number REDACTED , assigned to Christian Antkow, of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

4

## DEFINITIONS

1.      The term "telephone" includes both wired and wireless phone communication devices, including landline phones, mobile phones, and cellular network phones.

2.      The term "text message" includes any electronic communications sent or received by a cellular or mobile phone, including communications sent using Short Message Service (SMS), Multimedia Messaging Service (MMS), Simple Mail Transfer Protocol (SMTP) or Transmission Control Protocol/Internet Protocol (TCP/IP).

3.      All other terms and definitions are to be interpreted in their common ordinary sense.

## GENERAL INSTRUCTIONS

A.      This subpoena relates to all materials in your possession, custody, or control, including materials in the possession, custody, or control of your predecessors or successors in interest, assigns, affiliates, parents, subsidiaries, segments or divisions thereof, present or former employees, agents, representatives, present and former attorneys, and any other person acting on your behalf.

B.      If a particular telephone number is no longer assigned to the person identified, provide the records for the time period for which the number was assigned to that person.

C.      If records for the entire requested time period or any portion of the requested time period have been destroyed, provide the records for the time period for which records are still in existence.

D.      If any document is withheld by reason of a claim or privilege, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document

5

withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, and the basis on which privilege is claimed.

E.     In the event that any document has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this request, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

F.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed continuing so as to require further and supplemental production if the person served herewith obtains additional documents responsive hereto between the time of initial production and the time of hearing or trial.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>　　　Plaintiffs,<br><br>　v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs ZeniMax Media Inc. and id Software LLC will cause a subpoena

commanding production of documents to be served upon Vonage America Inc., c/o CT

Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.  The subpoena

instructs Vonage America Inc. to produce the documents identified in the attached Schedule on

October 15, 2014, at 9:30 a.m. (ET) at the office of Haynes and Boone LLP, 2323 Victory

Avenue, Suite 700, Dallas, Texas 75219.

Dated: September 10, 2014

/s/ P. Anthony Sammi

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
    **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

2

## <u>CERTIFICATE OF SERVICE</u>

I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *Notice of Subpoena* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.

Dated: September 10, 2014                    */s/ James Y. Pak*_____
                                              James Y. Pak

3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:14-cv-01849-P |
| OCULUS VR, LLC; PALMER LUCKEY; and FACEBOOK, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Vonage America Inc.
c/o CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule.

| Place: Haynes and Boone LLP 2323 Victory Avenue, Suite 700 Dallas, Texas 75219 | Date and Time: October 15, 2014 at 09:30 (ET) |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place:--- | Date and Time: --- |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Sept. 10, 2014

*CLERK OF COURT*

OR

_____               _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ZeniMax Media Inc. and id Software LLC , who issues or requests this subpoena, are:

James Y. Pak, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036; james.pak@skadden.com; (212) 735-3000.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:14-cv-01849-P

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____            _____

                                                    *Server's signature*

                                         _____

                                                    *Printed name and title*

                                         _____

                                                    *Server's address*

Additional information regarding attempted service, etc.:

Case 3:14-cv-01849-P Document 54-1 Filed 09/24/14 Page 134 of 152 PageID 1397

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE

### DOCUMENTS REQUESTED
**(subject to "Definitions" and "Instructions" set forth below)**

1.     For telephone number  REDACTED , assigned to John Carmack, of REDACTED

REDACTED REDACTED     or     REDACTED REDACTED     , the following

records for the period from **April 1, 2012 through February 28, 2014**, inclusive:

  (a)   the dates and times of the initiation of outgoing and receipt of incoming calls,
        including missed or unreceived or unanswered calls;

  (b)   the durations of all incoming and outgoing calls;

  (c)   the telephone numbers to which outgoing calls were placed;

  (d)   the telephone numbers from which incoming calls were received, including the
        telephone numbers of calls that were not received, answered, or were missed;

  (e)   the names of customers associated with telephone numbers to which outgoing
        calls were placed or from which incoming calls were received, as well as calls
        that were not received, answered, or delivered.

  (f)   the dates and times of the initiation of outgoing and receipt of incoming text
        messages, including missed or unreceived text messages;

  (g)   the data size of all incoming and outgoing text messages;

  (h)   the telephone numbers or e-mail addresses to which outgoing text messages
        were sent;

  (i)   the telephone numbers from which incoming text messages were received,
        including the telephone numbers of text messages that were not received,
        answered, or delivered; and

  (j)   the names of customers associated with telephone numbers to which outgoing
        text messages were sent or from which incoming text messages were received,
        as well as text messages that were not received, answered, or delivered.

2.     For telephone number  REDACTED , assigned to John Carmack or Katherine

Anna Kang, of REDACTED REDACTED REDACTED  or     REDACTED REDACTED     ,

the same categories of records requested in Request No. 1 hereof for the same time period.

3.     For telephone number REDACTED , assigned to John Carmack or Katherine

Anna Kang, of REDACTED REDACTED REDACTED or     REDACTED REDACTED     ,

the same categories of records requested in Request No. 1 hereof for the same time period.

4.     Telephone records for telephone number REDACTED , assigned to John

Carmack or Katherine Anna Kang, of REDACTED REDACTED REDACTED or REDACTED

REDACTED     , the same categories of records requested in Request No. 1 hereof for

the same time period.

5.     Telephone records for telephone number REDACTED , assigned to Palmer

Luckey, of REDACTED REDACTED REDACTED REDACTED or     REDACTED

REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof

for the same time period.

6.     Telephone records for telephone number REDACTED , assigned to Palmer

Luckey, of REDACTED REDACTED REDACTED REDACTED or     REDACTED

REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof

for the same time period.

7.     Telephone records for telephone number REDACTED , assigned to Brendan

Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), of     REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED ; or     REDACTED REDACTED REDACTED     , the same

categories of records requested in Request No. 1 hereof for the same time period.

2

8.    Telephone records for telephone number REDACTED , assigned to Oculus VR, Inc. or Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), associated with the address  REDACTED REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

9.    Telephone records for telephone number REDACTED , assigned to Michael Antonov, of REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

REDACTED REDACTED REDACTED REDACTED    ; or REDACTED REDACTED

REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

10.    Telephone records for telephone number REDACTED , assigned to Matthew Hooper, of REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

11.    Telephone records for telephone number REDACTED assigned to Jan Paul van Waveren (a/k/a J.P. van Waveren, Johannes van Waveren, Johannes Marinus van Waveren, Johannes Vanwaveren, and J.M.P. van Waveren), of       REDACTED REDACTED

REDACTED       or      REDACTED REDACTED REDACTED REDACTED

REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

12.    Telephone records for telephone number REDACTED , assigned to Gloria Kennickell, of REDACTED REDACTED REDACTED    or    REDACTED REDACTED

3

REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

13.    Telephone records for telephone number REDACTED , assigned to Jason Kim, of REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

14.    Telephone records for telephone number REDACTED , assigned to Jason Kim, of REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

15.    Telephone records for telephone number REDACTED , assigned to Jonathan Wright, of REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

16.    Telephone records for telephone number REDACTED , assigned to Jonathan Wright, of REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

17.    Telephone records for telephone number REDACTED , assigned to Jonathan Wright, of REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

18.    Telephone records for telephone number REDACTED , assigned to Christian Antkow, of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

4

## DEFINITIONS

1.      The term "telephone" includes both wired and wireless phone communication devices, including landline phones, mobile phones, and cellular network phones.

2.      The term "text message" includes any electronic communications sent or received by a cellular or mobile phone, including communications sent using Short Message Service (SMS), Multimedia Messaging Service (MMS), Simple Mail Transfer Protocol (SMTP) or Transmission Control Protocol/Internet Protocol (TCP/IP).

3.      All other terms and definitions are to be interpreted in their common ordinary sense.

## GENERAL INSTRUCTIONS

A.      This subpoena relates to all materials in your possession, custody, or control, including materials in the possession, custody, or control of your predecessors or successors in interest, assigns, affiliates, parents, subsidiaries, segments or divisions thereof, present or former employees, agents, representatives, present and former attorneys, and any other person acting on your behalf.

B.      If a particular telephone number is no longer assigned to the person identified, provide the records for the time period for which the number was assigned to that person.

C.      If records for the entire requested time period or any portion of the requested time period have been destroyed, provide the records for the time period for which records are still in existence.

D.      If any document is withheld by reason of a claim or privilege, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document

5

withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, and the basis on which privilege is claimed.

E.     In the event that any document has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this request, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

F.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed continuing so as to require further and supplemental production if the person served herewith obtains additional documents responsive hereto between the time of initial production and the time of hearing or trial.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiffs ZeniMax Media Inc. and id Software LLC will cause a subpoena

commanding production of documents to be served upon Vonage Business Solutions, Inc., c/o

CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201. The

subpoena instructs Vonage Business Solutions, Inc. to produce the documents identified in the

attached Schedule on October 15, 2014, at 9:30 a.m. (ET) at the office of Haynes and Boone

LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219.

Dated: September 10, 2014

/s/ P. Anthony Sammi_____

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
    **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *Notice of Subpoena* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.

Dated: September 10, 2014          */s/ James Y. Pak*
                                   James Y. Pak

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:14-cv-01849-P |
| OCULUS VR, LLC; PALMER LUCKEY; and FACEBOOK, INC. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Vonage Business Solutions, Inc.
c/o CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule.

| Place: Haynes and Boone LLP 2323 Victory Avenue, Suite 700 Dallas, Texas 75219 | Date and Time: October 15, 2014 at 09:30 (ET) |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place:--- | Date and Time: --- |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Sept. 10, 2014

*CLERK OF COURT*

OR

_____          _____
  *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ZeniMax Media Inc. and id Software LLC _____, who issues or requests this subpoena, are:

James Y. Pak, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036; james.pak@skadden.com; (212) 735-3000.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:14-cv-01849-P

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                    .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____        on *(date)*                    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                    .

My fees are $              for travel and $              for services, for a total of $              .

I declare under penalty of perjury that this information is true.

Date:  _____        _____
                                        *Server's signature*

                                        _____
                                        *Printed name and title*

                                        _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

2a9e222f

## SCHEDULE

### DOCUMENTS REQUESTED
### (subject to "Definitions" and "Instructions" set forth below)

1.      For telephone number  REDACTED , assigned to John Carmack, of REDACTED REDACTED REDACTED

REDACTED REDACTED    or    REDACTED REDACTED    , the following

records for the period from **April 1, 2012 through February 28, 2014,** inclusive:

   (a)   the dates and times of the initiation of outgoing and receipt of incoming calls, including missed or unreceived or unanswered calls;

   (b)   the durations of all incoming and outgoing calls;

   (c)   the telephone numbers to which outgoing calls were placed;

   (d)   the telephone numbers from which incoming calls were received, including the telephone numbers of calls that were not received, answered, or were missed;

   (e)   the names of customers associated with telephone numbers to which outgoing calls were placed or from which incoming calls were received, as well as calls that were not received, answered, or delivered.

   (f)   the dates and times of the initiation of outgoing and receipt of incoming text messages, including missed or unreceived text messages;

   (g)   the data size of all incoming and outgoing text messages;

   (h)   the telephone numbers or e-mail addresses to which outgoing text messages were sent;

   (i)   the telephone numbers from which incoming text messages were received, including the telephone numbers of text messages that were not received, answered, or delivered; and

   (j)   the names of customers associated with telephone numbers to which outgoing text messages were sent or from which incoming text messages were received, as well as text messages that were not received, answered, or delivered.

2.      For telephone number  REDACTED , assigned to John Carmack or Katherine

Anna Kang, of REDACTED REDACTED REDACTED   or    REDACTED REDACTED    ,

the same categories of records requested in Request No. 1 hereof for the same time period.

3. For telephone number REDACTED , assigned to John Carmack or Katherine Anna Kang, of REDACTED REDACTED REDACTED or REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

4. Telephone records for telephone number REDACTED , assigned to John Carmack or Katherine Anna Kang, of REDACTED REDACTED REDACTED or REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

5. Telephone records for telephone number REDACTED , assigned to Palmer Luckey, of REDACTED REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

6. Telephone records for telephone number REDACTED , assigned to Palmer Luckey, of REDACTED REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

7. Telephone records for telephone number REDACTED , assigned to Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), of REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED ; or REDACTED REDACTED REDACTED , the same categories of records requested in Request No. 1 hereof for the same time period.

2

8.  Telephone records for telephone number ██REDACTED██, assigned to Oculus VR, Inc. or Brendan Iribe Trexler (a/k/a Brendan Iribe and Brendan Trexler), associated with the address ██REDACTED REDACTED REDACTED REDACTED██, the same categories of records requested in Request No. 1 hereof for the same time period.

9.  Telephone records for telephone number ██REDACTED██, assigned to Michael Antonov, of ██REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED██ ██REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED██ ██REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED██ ██REDACTED REDACTED REDACTED REDACTED██; or ██REDACTED REDACTED REDACTED██, the same categories of records requested in Request No. 1 hereof for the same time period.

10.  Telephone records for telephone number ██REDACTED██, assigned to Matthew Hooper, of ██REDACTED REDACTED REDACTED██, the same categories of records requested in Request No. 1 hereof for the same time period.

11.  Telephone records for telephone number ██REDACTED██, assigned to Jan Paul van Waveren (a/k/a J.P. van Waveren, Johannes van Waveren, Johnannes Marinus van Waveren, Johnannes Vanwaveren, and J.M.P. van Waveren), of ██REDACTED REDACTED██ ██REDACTED██ or ██REDACTED REDACTED REDACTED REDACTED██ ██REDACTED██, the same categories of records requested in Request No. 1 hereof for the same time period.

12.  Telephone records for telephone number ██REDACTED██, assigned to Gloria Kennickell, of ██REDACTED REDACTED REDACTED██ or ██REDACTED REDACTED██

3

REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

13. Telephone records for telephone number REDACTED, assigned to Jason Kim, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

14. Telephone records for telephone number REDACTED, assigned to Jason Kim, of REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

15. Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

16. Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

17. Telephone records for telephone number REDACTED, assigned to Jonathan Wright, of REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

18. Telephone records for telephone number REDACTED, assigned to Christian Antkow, of REDACTED REDACTED REDACTED or REDACTED REDACTED REDACTED REDACTED, the same categories of records requested in Request No. 1 hereof for the same time period.

4

## DEFINITIONS

1.      The term "telephone" includes both wired and wireless phone communication devices, including landline phones, mobile phones, and cellular network phones.

2.      The term "text message" includes any electronic communications sent or received by a cellular or mobile phone, including communications sent using Short Message Service (SMS), Multimedia Messaging Service (MMS), Simple Mail Transfer Protocol (SMTP) or Transmission Control Protocol/Internet Protocol (TCP/IP).

3.      All other terms and definitions are to be interpreted in their common ordinary sense.

## GENERAL INSTRUCTIONS

A.      This subpoena relates to all materials in your possession, custody, or control, including materials in the possession, custody, or control of your predecessors or successors in interest, assigns, affiliates, parents, subsidiaries, segments or divisions thereof, present or former employees, agents, representatives, present and former attorneys, and any other person acting on your behalf.

B.      If a particular telephone number is no longer assigned to the person identified, provide the records for the time period for which the number was assigned to that person.

C.      If records for the entire requested time period or any portion of the requested time period have been destroyed, provide the records for the time period for which records are still in existence.

D.      If any document is withheld by reason of a claim or privilege, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document

5

withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, and the basis on which privilege is claimed.

E.      In the event that any document has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this request, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

F.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed continuing so as to require further and supplemental production if the person served herewith obtains additional documents responsive hereto between the time of initial production and the time of hearing or trial.

6