IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | NO. 3:14-01849-P |
| v. ) | |
| ) | |
| OCULUS VR, LLC, PALMER LUCKEY, and ) | |
| FACEBOOK, INC., ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |
| ) | |

**APPENDIX OF DOCUMENTS SUBMITTED IN SUPPORT OF REPLY IN SUPPORT
OF MOTION TO QUASH AND FOR PROTECTIVE ORDER RE PLAINTIFFS'
SUBPOENAS FOR PHONE RECORDS**

Dated:  October 15, 2014           Respectfully submitted,

**OCULUS VR, LLC, PALMER LUCKEY, BRENDAN IRIBE TREXLER, MICHAEL ANTONOV, MATTHEW HOOPER, JASON KIM, JOHANNES VAN WAVEREN, JONATHAN WRIGHT, GLORIA KENNICKELL, AND CHRISTIAN ANTKOW,**

By Their Attorneys,

/s/ Linda R. Stahl
_____

E. Leon Carter
Texas Bar No. 03914300
lcarter@carterscholer.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterscholer.com
**CARTER SCHOLER**
Campbell Centre II
8150 N. Central Expressway, 5th Floor
Dallas, Texas 75206
T: 214.550.8188
F: 214.550.8185

Geoffrey M. Howard (*pro hac vice*)
geoff.howard@bingham.com
John A. Polito (*pro hac vice*)
john.polito@bingham.com
Lucy Wang (*pro hac vice*)
lucy.wang@bingham.com
**BINGHAM MCCUTCHEN LLP**
Three Embarcadero Center
San Francisco, California  94111-4067
T: 415.393.2000
F: 415.393.2286

Joshua M. Dalton (*pro hac vice*)
josh.dalton@bingham.com
**BINGHAM MCCUTCHEN LLP**
One Federal Street
Boston, MA  02110-1726
T: 617.951.8000
F: 617.951.8736

## CERTIFICATE OF SERVICE

I, Linda R. Stahl, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 15, 2014.

/s/ Linda R. Stahl
Linda R. Stahl

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> OCULUS VR, LLC, PALMER LUCKEY, and FACEBOOK, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION <br> NO. 3:14-01849-P <br><br><br> JURY TRIAL DEMANDED |

**DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF REPLY IN SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER RE PLAINTIFFS' SUBPOENAS FOR PHONE RECORDS**

I, Geoffrey M. Howard, declare as follows:

1.      I am a partner at the law firm Bingham McCutchen LLP.  Bingham McCutchen LLP is counsel of record for movants Defendant Oculus VR, LLC, Defendant Palmer Luckey, Brendan Iribe Trexler, Michael Antonov, Matthew Hooper, Jason Kim, Johannes van Waveren, Jonathan Wright, Gloria Kennickell, and Christian Antkow (collectively, "Movants") in the above-captioned case.  I make this declaration in support of Movants' Reply in support of their Motion to Quash and for Protective Order Re Plaintiffs' Subpoenas for Phone Records.

2.      I have personal knowledge of the facts recited in this declaration and, if called as a witness, could and would testify competently to them.

3.      On July 9, 2014, I attended an in-person Rule 26(f) conference with Plaintiffs' counsel, P. Anthony Sammi.  During that meeting, Mr. Sammi identified individuals that Plaintiffs contemplated deposing in this action, include several former employees of ZeniMax.  I asked Mr. Sammi how any of the former employees -- other than John Carmack -- were relevant to this action.  I informed Mr. Sammi that Defendants were not aware that any former ZeniMax employee -- other than John Carmack -- conducted work relating to the Rift.  I asked Mr. Sammi whether Plaintiffs have any different understanding based on the employment records and e-mail archives that they have for those former employees.  Mr. Sammi responded that they presumed a connection because "no man is an island," apparently referring to Carmack and the work they allege he did.  Mr. Sammi did not identify any other basis to allege a connection.

4.      On July 21, 2014, I sent a letter to Mr. Sammi in which I asked him for the basis of his suggestion that former ZeniMax employees -- other than John Carmack -- conducted research relating to the Rift while employed by ZeniMax.  Attached to this Declaration as Exhibit A is a true and correct copy of the letter from me to Mr. Sammi dated July 21, 2014.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on this 15th day of October 2014, in San Francisco, California.

_Geoffrey M. Howard /sw._

Geoffrey M. Howard

**EXHIBIT A**

**TO DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF
REPLY IN SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE
ORDER RE PLAINTIFFS' SUBPOENAS FOR PHONE RECORDS**

# BINGHAM

Geoffrey M. Howard
Direct Phone: +1.415.393.2485
Direct Fax:    +1.415.262.9212
geoff.howard@bingham.com

July 21, 2014

**Via E-Mail (*anthony.sammi@skadden.com*)**

P. Anthony Sammi, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, New York 10036

Dear Mr. Sammi:

We are in receipt of your letters regarding "Document Preservation" and "Reciprocal Custodian List Exchange" dated July 14, 2014.

After ignoring our numerous prior requests for preservation, the efforts you describe in the letters fall short of meeting the discovery obligations of ZeniMax Media Inc. ("ZeniMax") and id Software LLC ("id Software") (collectively, "Plaintiffs").

Plaintiffs initiated the present dispute by accusing Oculus VR, Inc. ("Oculus VR") and Palmer Luckey ("Luckey") (collectively, "Defendants") of infringing intellectual property rights in your colleague's letter of April 10, 2014. At that time, Plaintiffs requested that Defendants take immediate measures to ensure the preservation of relevant information, including eighteen categories of materials. Defendants complied with the request and began taking steps to identify sources of relevant information. Defendants also engaged a third-party collections team to preserve electronically-stored information in a forensically sound manner.

In counsel's response of April 15, 2014, Defendants reminded Plaintiffs of their reciprocal obligation to preserve all relevant documents, communication and information. Your colleague's response of April 18, 2014 did not acknowledge any such obligation.

Thereafter, in my letter of April 24, 2014, Defendants confirmed they were taking appropriate measures to preserve the information requested by Plaintiffs. Defendants further requested that Plaintiffs confirm they had also forensically preserved and collected all relevant information, including sixteen categories of materials. Your response of May 5, 2014 ignored our request.

For a second time, in my letter of May 9, 2014, Defendants requested that Plaintiffs confirm they had forensically preserved and collected all relevant information. Your further letters of May 15, 2014 and July 7, 2014 requested that Defendants forensically preserve seven additional categories of materials. Your letters remained silent on Plaintiffs' own preservation efforts.

In the meantime, Plaintiffs filed suit against Defendants on May 21, 2014. In its Complaint, Plaintiffs detailed numerous e-mails and other documents allegedly authored

Beijing
Boston
Frankfurt
Hartford
Hong Kong
Lexington (GSC)
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T +1.415.393.2000
F +1.415.393.2286
bingham.com

P. Anthony Sammi, Esq.
July 21, 2014
Page 2

by its current and former employees.  Even after filing the Complaint, however, Plaintiffs would not confirm whether it had taken any steps toward preservation.

For a third time, in my letter of July 8, 2014, Defendants reiterated their request for Plaintiffs to confirm they had forensically preserved and collected all relevant information.  Defendants further requested that Plaintiffs preserve nine additional categories of materials.  We raised the same requests once more during our meeting on July 9, 2014, and made clear our view that what is good for the goose is good for the gander — if Plaintiffs expect and demand full forensic preservation by Defendants, then Plaintiffs should hold themselves to the same standard.  You indicated you would provide a written response to our requests for information about what Plaintiffs would preserve and how they proposed to preserve it.

On July 14, 2014, we received your letters purporting to respond to our preservation requests of July 8, 2014.  Your letters do not address whether Plaintiffs have preserved the categories of materials we identified on April 24, 2014.  Your letters also fail to provide a comprehensive response as to what steps Plaintiffs are taking to preserve relevant information.

Based on our communications to date, we understand that Plaintiffs have taken steps to forensically preserve laptops, desktops, and removable media for six individuals listed below (nos. 1-6).  With respect to those individuals, if you have not taken steps to forensically preserve phones, tablets, and other mobile devices, we ask that you do so immediately.  We also ask that you confirm our understanding that Plaintiffs have taken no steps to forensically preserve information for any other individual.  If that is the case, we ask that you explain why Plaintiffs have not forensically preserved information for other individuals with relevant information, including those whose documents form the basis of the Complaint.

1.  John Carmack
2.  Christian Antkow
3.  Gloria Kennickell
4.  Jason Kim
5.  Johannes van Waveren
6.  Jonathan Wright

We understand that Plaintiffs have "taken steps to preserve for review" certain "e-mail and other potentially relevant documents" for seven other individuals listed below (nos. 7-13).  We ask that you clarify what documents Plaintiffs are preserving other than e-mails (if any).  We further ask that you confirm what "steps" Plaintiffs have taken to ensure such preservation.  If you have not taken steps to forensically preserve laptops, desktops, removable media, phones, tablets, and other mobile devices for these individuals, we ask that you do so immediately.

7.  Matt Hooper
8.  Todd Hollenshead
9.  Robert A. Altman

P. Anthony Sammi, Esq.
July 21, 2014
Page 3

   10. J. Griffin Lesher
   11. James L. Leder
   12. Vlatko Andonov
   13. Tim Willits

Finally, we understand that Plaintiffs have not taken any steps to preserve information (forensically or otherwise) relating to any other individual. Based on our investigation, we believe the additional individuals listed below (nos. 14-16) may possess relevant information. If you have not taken steps to forensically preserve laptops, desktops, removable media, phones, tablets, and other mobile devices for these individuals, we ask that you do so immediately.

   14. Robert Duffy
   15. Marty Stratton
   16. Kevin Cloud

We reiterate our request for Plaintiffs to adhere to the same standards they have demanded from Defendants, which is to comprehensively and forensically preserve, collect, and review for production all sources of potentially relevant information, including those categories identified in our letters of April 24, 2014 and July 8, 2014. In particular, with respect to any individual who may have relevant information, we expect that Plaintiffs will forensically preserve all sources of electronically-stored information, including laptops, desktops, removable media, phones, tablets, and other mobile devices. At a minimum, we expect that Plaintiffs will undertake such steps with respect to each of the individuals identified above (nos. 1-16). We request a prompt response to the questions above and reserve all rights to seek relief in the form of an appropriate preservation order that holds the parties to an equal standard, one first articulated and demanded by Plaintiffs.

As we have previously confirmed to you, Defendants have taken steps to forensically preserve sources of relevant electronically-stored information. Subject to our forthcoming responses and objections, Defendants have preserved and will collect and review documents in the possession of the following custodians (nos. 1-10).

   1. Palmer Luckey
   2. Brendan Iribe
   3. Michael Abrash
   4. Michael Antonov
   5. Laird Malamed
   6. Jack McCauley
   7. Nate Mitchell
   8. Nirav Patel
   9. Tom Forsyth
   10. John Carmack

In addition, Defendants are preserving documents for the following custodians you identified (nos. 11-12). Based on our investigation, Defendants do not believe these

P. Anthony Sammi, Esq.
July 21, 2014
Page 4

custodians possess relevant documents.  Please let us know, however, if you have any information to suggest otherwise.

    11. Andrew Kim
    12. Matt Hooper

Likewise, Defendants are preserving documents for the following custodians you identified (nos. 13-17).  Based on our investigation, we are unaware of any basis for your suggestion that these custodians conducted research relating to the Rift while employed by ZeniMax.  Please let us know, however, if you have any information to suggest otherwise.

    13. Christian Antkow
    14. Gloria Kennickell
    15. Jason Kim
    16. Johannes van Waveren
    17. Jonathan Wright

Please do not hesitate to contact me with any questions.

Sincerely yours,

Geoffrey M. Howard

cc:   Daniel Offner, Esq.