# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| | § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | §<br>§ | |
| OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC. | §<br>§<br>§ | |
| | § | |
| Defendants. | § | |

### [PROPOSED] <u>PROTECTIVE ORDER</u>

WHEREAS, Plaintiffs ZeniMax Media Inc. and id Software LLC and Defendants Oculus VR, LLC, Palmer Luckey, and Facebook, Inc. and their respective directors, officers, employees or agents (individually, "Party" and collectively, "Parties") are engaged in proprietary activities, and the companies involved in the above-captioned case ("Litigation") could be jeopardized if non-public financial data, business strategies, product or operational information, computer source code, or other highly sensitive confidential or trade secret information or documents were disclosed publicly;

WHEREAS, the Parties are or will be engaged in discovery proceedings pursuant to the Federal Rules of Civil Procedure that will involve the production of certain information and material that the Parties believe to be highly confidential, trade secret and/or highly sensitive personal, commercial, financial, business or private information that justifies additional precautions to protect against disclosure;

WHEREAS, third parties may be subpoenaed to disclose proprietary or confidential information in the Litigation relating to the subject matter of this Litigation;

WHEREAS, protection of confidential information disclosed in this Litigation will have no adverse effect upon the general public health or safety;

WHEREAS, no less restrictive means than those set forth in this Protective Order will

adequately and effectively protect the interests of the Parties to the Litigation; and

WHEREAS, the entry of this Protective Order will promote the fair and expeditious resolution of this Litigation;

IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 26(c), that this Protective Order shall govern the use and handling of information or material produced, given or exchanged by and among the Parties in connection with discovery in the Litigation:

**1.       SCOPE AND LIMITATIONS**.  This Protective Order shall apply to both the Parties producing and receiving information during the course of discovery in this Litigation (the "Producing Party" and "Receiving Party," respectively).  It shall apply to all information, documents and things produced or within the scope of discovery in this action, including, without limitation:

(a)       All testimony adduced at depositions;

(b)       Requests for production and documents or things produced in this case;

(c)       Interrogatories and the answers thereto;

(d)       Requests for admission and responses thereto;

(e)       Inspections pursuant to Federal Rule of Civil Procedure 34; and

(f)       All other discovery taken pursuant to the Federal Rules of Civil Procedure or by agreement of the parties.

In addition, this Protective Order shall also apply to hearing or trial transcripts; matters in evidence; and any other information furnished, directly or indirectly, by or on behalf of any party or Third Party, to the extent such material is designated according to the confidentiality designations discussed in this Protective Order.

The Parties acknowledge that this document does not confer blanket protections on materials within the scope of this Protective Order, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge that this Protective Order does not entitle them to file information under seal; Local Civil Rules 79.3 and 79.4 set forth

2

procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     **THIRD PARTIES.**  For the purposes of this Protective Order, a "Third Party" is any party that is not a named Party in this Litigation.

    (a)     <u>Joining a Third Party Under the Protective Order</u>.  If a Third Party provides discovery to any party in connection with this Litigation and if the Third Party so elects, then the provisions of this Protective Order shall apply to such discovery and the Parties will treat all information that is produced by such Third Party and marked or labeled with a confidentiality designation in accordance with the terms of this Protective Order.  Under such circumstances, the Third Party shall have the same rights and obligations under this Protective Order as held by the Parties in this Litigation.

    (b)     <u>Designation of Third Party Materials</u>.  Regardless of whether the Third Party elects to apply the instant Protective Order, any documents or information provided by a Third Party shall be treated as HIGHLY CONFIDENTIAL for five (5) business days after the production of said documents or information.  After the expiration of the five (5) day period, and absent any notice of a dispute from a party, said information or documents will retain the confidentiality designation applied by the Third Party.  If any party disputes the confidentiality designation applied by a Third Party, the disputing party may request by motion that the Court remove or modify the confidentiality designation applied by the Third Party or the lack thereof.   In the event that a party disputes the designation applied by a Third Party, upon receiving such notice, all other parties must maintain the material as HIGHLY CONFIDENTIAL until the Court resolves the issue.   On such motion, the party seeking to modify the confidentiality designation applied by the Third Party shall have the burden of proving that the material in question warrants such modification under this Protective Order.

3

(c)     Redaction of Third Party Information.  A Producing Party may redact materials of a

Third Party that is in its possession where the Producing Party is under an obligation not

to disclose such information, provided that the Producing Party shall identify the Third

Party to the Receiving Party, unless prohibited under an obligation not to disclose the

identity of the Third Party.  If the Producing Party is prohibited from disclosing the

identity of the Third Party, the Producing Party shall nonetheless disclose the basis for

such restriction without so identifying the Third Party.  To the extent that the Producing

Party redacts or otherwise withholds information on the basis of an obligation of

confidentiality to a Third Party, the Producing Party shall, at the request of the Receiving

Party, provide any agreement proving the basis for such obligation to the Court for *in

camera* inspection.  Nothing in this Paragraph shall limit the ability of any party to seek

discovery on the unauthorized or improper disclosure of its own confidential or

proprietary information.

3.      **CATEGORIES OF PROTECTED INFORMATION.**  As used in this Protective Order,

"Protected Information" or "Protected Materials" refers to information or materials that are

CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY SENSITIVE SOURCE CODE as defined in

subparagraphs (a)-(c).

(a)     CONFIDENTIAL.  All non-public (i) confidential; (ii) proprietary; (iii) commercially

sensitive information; (iv) or other information (regardless of how it is generated, stored

or maintained), or tangible things, that qualify for protection under Federal Rule of Civil

Procedure 26(c).

(b)     HIGHLY CONFIDENTIAL.  CONFIDENTIAL information that is highly personal,

extremely commercially sensitive or proprietary, or information that could be used by a

competitor to gain a business (as opposed to solely a legal) advantage.  HIGHLY

CONFIDENTIAL information shall include, without limitation: (i) trade secrets,

including "negative" trade secrets; (ii) technical or customer information, including

4

know-how and proprietary data, schematics, communications, and other technical work product; (iii) information related to unreleased products and processes in development; (iv) damages-related information, including but not limited to financial, business, or marketing plans, projections, forecasts, strategies or analyses, and sales, cost, profit, pricing or margin information; and (v) confidential regulatory materials.

(c)    HIGHLY SENSITIVE SOURCE CODE.  HIGHLY CONFIDENTIAL information that represents or contains computer code and related information.  HIGHLY SENSITIVE SOURCE CODE information includes, without limitation: (i) computer source code, (ii) documents that describe encoding or decoding algorithms used in computer source code, (iii) comments and revision histories associated with computer code, and (iv) formulas, engineering specifications, or schematics that define or otherwise describe the algorithms or structure of software or hardware designs.

**4.      DESIGNATION OF DISCOVERY MATERIALS.**  Any Party or non-party may label or mark information, materials or things that constitute or contain CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY SENSITIVE SOURCE CODE information with the legends "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - FOR OUTSIDE COUNSEL ONLY," or "HIGHLY SENSITIVE SOURCE CODE - FOR OUTSIDE COUNSEL ONLY," respectively.  The designation of documents, things and other items governed by this Protective Order as Protected Information shall constitute a representation that such materials have been reviewed by an attorney for the Producing Party and that there is a good faith belief that such designation is valid.  Documents and things produced without a legend so designating the material shall not be treated as Protected Materials unless otherwise agreed by the Parties or ordered by the Court.

(a)    Documents and Things.  All documents and things that constitute or contain Protected Information shall be marked by the Producing Party by placing the appropriate legend on each page of each document or on each thing produced.  Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on the container or

5

package in which the thing is produced or on a tag attached thereto.  In the case of electronic information, electronic mail, electronically stored documents or other electronic media, the appropriate confidentiality designation will be affixed to the hard-drive, CD-ROM, DVD-ROM or other production media, with any printed copies bearing the appropriate confidentiality designation on each page of each document.

(b)   <u>Written Discovery</u>.  Any response to written interrogatories, requests for admission, testimony adduced at a deposition upon written questions or any other written discovery (or any portion of any of the foregoing) that constitutes or contains Protected Information shall be marked with the appropriate legend by the Producing Party providing the response to testimony.

(c)   <u>Oral Testimony</u>.  All testimony adduced at depositions or upon oral examination of any current or former director, officer, employee or agent of the Parties, any testimony adduced at depositions or upon oral examination of the Parties' consultants or experts, and any transcripts of the foregoing, will be presumptively treated as HIGHLY CONFIDENTIAL for a grace period beginning from the date of the deposition until ten (10) business days after a complete and final copy of the transcript has been provided to the deponent, the deponent's counsel, or if the deponent is a Third Party, to counsel for both Parties ("Grace Period").  Within the Grace Period, either party may designate the transcript(s) as containing CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY SENSITIVE SOURCE CODE information.  Any designation of transcript(s) as containing Protected Information shall be made in writing or stated on the record and must specify the portion of the deposition transcript that is believed to contain protected material, after which time the appropriate confidentiality designation will be affixed to the first page of the transcript and any pages containing Protected Material.  After the Grace Period expires, if no designation is made, then the entire deposition transcript shall be considered public information, unless otherwise agreed to by the Parties or ordered by

6

the Court.  The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition.

5.      **CHALLENGING DESIGNATIONS.**  The acceptance by the Receiving Party of material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY SENSITIVE SOURCE CODE shall not constitute an admission or concession, or permit an inference that such material in fact constitutes Protected Material, and the acceptance by the Receiving Party of material not designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY SENSITIVE SOURCE CODE shall not constitute an admission or concession, or permit an inference that such material is, in fact, not Protected Material.  Any Receiving Party may at any time request that the Producing Party cancel or modify its Protected Materials designation with respect to any material or information covered by this Protective Order.  Such request shall be made to counsel for the Producing Party in writing, and shall particularly identify (i) the Protected Material that the Receiving Party contends is not confidential or restricted and the reasons supporting the Receiving Party's contention, or (ii) the material that the Receiving Party contends is Protected Material that should be designated, along with the appropriate confidentiality designation and the reasons supporting its contention.  If the Producing Party does not agree to remove or modify the Protected Materials designation or lack thereof within ten (l0) business days, then the Receiving Party may request by motion that the Court remove or modify the Protected Materials designation or lack thereof for the information or materials in question.  In the event that the Receiving Party moves to modify the designation, the Receiving Party must maintain the material's present Protected Materials designation until the Court resolves the issue.  On such a motion, the Party asserting confidentiality shall have the burden of proving that the material in question warrants protection under this Protective Order.

6.      **INADVERTENT PRODUCTION OF PROTECTED MATERIALS.**  If a Producing Party inadvertently produces or provides discovery of any Protected Information without labeling or marking it with the appropriate confidentiality designation, such production shall not prejudice or otherwise constitute of a waiver of, or estoppel as to, any claims of confidentiality for such information.  The

7

Producing Party may give written notice to the Receiving Party or Parties that the document, thing or other discovery information, response, or testimony is CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY SENSITIVE SOURCE CODE and should be treated as such.  The Producing Party will also provide copies of the properly marked information.  Upon receipt of such notice and properly marked information, the Receiving Party or Parties shall promptly return or destroy all said unmarked or incorrectly marked information and not retain copies thereof, and shall undertake reasonable best efforts to correct any disclosure of such information contrary to the redesignation.  Prior to receipt of such notice, disclosure of such documents, things, information, responses and testimony in accordance with the designation, if any, at the time of disclosure to persons not authorized to receive certain Protected Information shall not be deemed a violation of this Protective Order.

7.      **USE OF DESIGNATED MATERIALS.**  Subject to the limitations and restrictions of this Protective Order and any further order of the Court, materials designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY SENSITIVE SOURCE CODE may be used by the Receiving Party only for prosecuting, defending, or attempting to settle this Litigation, including: (i) used at trial or on appeal, (ii) offered into evidence in any manner permitted by the Federal Rules of Evidence at trial and/or hearings on motions, (iii) used to prepare for and conduct discovery, and (iv) used to prepare for trial and to support or oppose any motion in this Litigation.  Nothing in this Protective Order shall be construed as a waiver by the Parties of any objection that might be raised as to the admissibility of any evidentiary material.  Further, nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this Litigation and in the course thereof, relying upon such attorney's permissible examination of Protected Information, provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any Protected Information to unauthorized persons.

8.      **REDACTIONS OF DESIGNATED MATERIALS.**  The following information must be redacted by the Producing Party, unless marked HIGHLY CONFIDENTIAL or HIGHLY SENSITIVE SOURCE CODE: (i) Social Security numbers, (ii) names of minor children; (iii) names of family

8

members of either Parties or directors, officers, employees and agents of Parties (excepting Katherine Kang, co-founder of Armadillo Aerospace and the wife of John Carmack or any other individual who has independent knowledge or information relevant to this matter); (iv) dates of birth, (v) financial and bank account numbers and passcodes, (vi) income tax filings, (vii) home addresses, (viii) home or cell phone numbers or passcodes, and (ix) information concerning an individual's medical condition.

9.      **LIMITATIONS ON USE OF DESIGNATED MATERIALS.**  All information produced during the course of this Litigation, including without limitation material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY SENSITIVE SOURCE CODE, and all copies, summaries, abstracts, excerpts, indices, and descriptions of such material shall: (i) be held in confidence by the Receiving Party; (ii) be used only by persons permitted access to it under this Protective Order; (iii) not be disclosed by the Receiving Party to any Party or person not entitled under the terms of this Protective Order to have access to such material; (iv) not be used by the Receiving Party for any purpose other than in connection with this Litigation; and (v) not be used by the Receiving Party in any way for product development, manufacturing, patent prosecution, financial, commercial, marketing, regulatory, business, or other competitive purposes.

10.     **ACCESS TO CONFIDENTIAL INFORMATION.**

    (a)      <u>Access to or Disclosure of CONFIDENTIAL information</u>.  The Party receiving information or materials designated as CONFIDENTIAL, unless and until the Court rules there may be further disclosure, shall limit access of and disclosure to the following individuals.  The individuals listed below shall maintain such information and materials in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his/her/its own proprietary information.

        (i)      the Receiving Party's Outside Counsel of Record, and such counsels' regular and temporary employees, including legal, data entry, information processing, computer support, artist, translating, stenographic, secretarial, clerical and

9

paralegal employees or agents to whom disclosure is reasonably necessary for this Litigation;

(ii)     The officers, directors and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation;

(iii)    The following individuals associated with Plaintiffs:

(1)     J. Griffin Lesher, Secretary and Executive Vice President of Legal at Zenimax Media Inc.

(2)     Joshua Gillespie, Associate General Counsel at Zenimax Media Inc.

(iv)    The following individuals associated with Defendants:

(1)     Sam O'Rourke, VP and Deputy General Counsel at Facebook

(2)     Christen Dubois, Associate General Counsel, IP at Facebook

(v)     Independent experts or consultants (and their necessary assistants) retained by Plaintiffs or Defendants specifically for this case as consulting or testifying experts, provided that such expert or consultant is not known to be a current business competitor of, or a director, owner, employee, agent, independent contractor, consultant or advisor to any current business competitor of the Parties involved in the Litigation;

(vi)    Courts before which this Litigation or any appeal is pending and their authorized staff, court reporters, and the jury, such that any information presented to this Court as part of any motion practice or other communications will be filed under seal, to the extent permitted by and in accordance with Local Rules 79.3 and 79.4 of the Northern District of Texas or other local rules, and any mediator or arbitrator engaged by the Parties to this Litigation, provided such mediator or arbitrator agrees to be bound by this Protective Order;

(vii)   Any jury study group and/or trial consulting service for litigation support;

(viii)  Outside copying, exhibit preparation, or other litigation support services;

10

(ix)    Computerized document management or database services; and

(x)     The author or recipient of a document containing the information or a custodian of the document containing the information.

(b)    <u>Designation of Additional Individuals</u>.  At any time during this Litigation, either Party may seek to designate additional individuals under subparagraphs (iii) or (iv), subject to the consent of the other Party.  Such consent shall not be unreasonably withheld.  The Party from whom consent is sought shall respond within ten (10) business days to a written request for consent.  If consent is not provided within the applicable time frame, the requesting Party may immediately seek relief from the Court.

(c)    <u>Undertaking Required</u>.  If counsel for the Receiving Party wish to disclose CONFIDENTIAL information to any of the persons described in subparagraphs (a)(v) or (a)(vii)-(ix), counsel shall first obtain a signed Undertaking in the form of the annexed Exhibit A from each such person who would require access to material designated as CONFIDENTIAL.  In the case of an accounting firm acting as a consultant or an expert under subparagraph (a)(v), a jury study group or trial consulting service under subparagraph (a)(vii), an outside copying, exhibit preparation or litigation support service under subparagraph (a)(viii), or computerized document management or database service under subparagraph (a)(ix), the Undertaking shall be signed by the company, firm, or service retained by the Party, and a single Undertaking shall be sufficient to cover all employees or other individuals paid by the firm or organization.  Counsel for the Receiving Party shall retain the original of each such signed Undertaking.

(d)    <u>Required Service</u>.  CONFIDENTIAL information shall not be disclosed by the Receiving Party to any person described in subparagraph (a)(v) for a period of ten (10) business days ("Objection Period") after serving the Producing Party with the Undertaking referred to herein and a detailed curriculum vitae of the outside expert or consultant which shall include the identity of each person or entity from whom the outside expert or consultant

11

has received compensation for provision of professional services in connection with a litigation and the party to the litigation for whom such work was done and the identity (by name and number of the case, filing date, and location of court) of any litigation in connection with which the outside expert or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  If an independent expert or consultant believes any of this information is subject to a confidentiality obligation to a third-party, then the independent expert or consultant should provide whatever information they believe can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the independent expert or consultant shall be available to meet and confer with the Producing Party regarding any such engagement.  Service of the undertaking, notice, or any other document required to be served under this Protective Order shall be made by electronic mail with a confirmation copy by Federal Express or equivalent next day delivery. Service shall not be required for a jury study group or trial consulting service under subparagraph (vii), an outside copying, exhibit preparation, or other litigation support service under subparagraph (viii), or a computerized document management or database service under subparagraph (ix).

(e)     <u>Objection to Disclosure</u>.   Counsel for the Producing Party may, within the Objection Period of subparagraph (d), serve a notice of objection to a proposed disclosure under subparagraph (c) if a reasonable basis for such objection exists. If the notice of objection is served, the CONFIDENTIAL information will not be disclosed to such outside expert or consultant.  After service of an objection, within ten (10) business days if the Parties are unable to reach any agreement over the disclosure of CONFIDENTIAL information to the expert or consultant, counsel for the Producing Party may move the Court for an order denying disclosure of CONFIDENTIAL information to the outside expert or consultant as to which a notice of

12

objection has been served.  If the Producing Party files this motion, the CONFIDENTIAL

information shall not be disclosed to the outside expert or consultant until the Court rules

or the Parties agree that such disclosure may be made. Failure to file such a motion shall

operate as a waiver of this objection.

**11.     ACCESS TO HIGHLY CONFIDENTIAL INFORMATION.**  HIGHLY CONFIDENTIAL

information shall be disclosed only to the individuals falling within subparagraphs 10(a)(i), and (v)-(x).

The disclosure of HIGHLY CONFIDENTIAL information is otherwise fully subject to the requirements

and limitations set forth in subparagraphs 10(c)-(e).

**12.     ACCESS TO HIGHLY SENSITIVE SOURCE CODE INFORMATION.**[1]  Materials

designated HIGHLY SENSITIVE SOURCE CODE will be subject to all of the restrictions in Paragraph

11, and will also be subject to the following additional restrictions and provisions:

(a)     <u>Restrictions on Production and Viewing</u>.  The Producing Party shall produce HIGHLY

SENSITIVE SOURCE CODE information, if available in electronic form, by making

such information available for review and inspection on up to five (5) secured, encrypted,

standalone computers ("Standalone Computers") to the Receiving Party.  The Receiving

Party shall, for each Standalone Computer, inform the Producing Party of the proposed

location of the Standalone Computer, as permitted by this Paragraph ("Permitted

Location").  A Permitted Location is either (i) an office of the Receiving Party's outside

counsel or (ii) an office of the Receiving Party's expert or consultant, who has signed an

Undertaking under Paragraph 10(c).  For avoidance of doubt, a Permitted Location shall

---

[1]     Defendant Facebook, Inc. ("Facebook") agrees to the restrictions delineated in paragraph 12 based on the parties' mutual understanding that, as of the date of this Protective Order, non-Oculus, non-virtual reality Facebook source code (including but not limited to front and back end code for www.facebook.com, m.facebook.com, and Facebook mobile applications) will not be not at issue in this case and accordingly will not be subject to source code discovery. If such source code is later determined to be discoverable, Facebook reserves its right to seek an amendment of this order or an alternative order to provide different protections for that source code, and Plaintiffs reserve their right to argue against such protections.

13

not include an expert or consultant's home or home office.  The Receiving Party shall supply each Standalone Computer at the Permitted Location.  A representative of the Producing Party shall bring an encrypted copy of the HIGHLY SENSITIVE SOURCE CODE information to each requested office of Receiving Party's independent experts, consultants, or outside counsel where the Receiving Party proposes to host the HIGHLY SENSITIVE SOURCE CODE information.  The Receiving Party shall provide security information relating to such offices of Receiving Party's independent experts and consultants, and the Producing Party shall have a right to object to such a location for hosting of HIGHLY SENSITIVE SOURCE CODE information prior to producing any HIGHLY SENSITIVE SOURCE CODE information to that location.  The Receiving Party shall load a single copy of the HIGHLY SENSITIVE SOURCE CODE information onto each provided Standalone Computer, and the Producing Party may be present in the room during the loading process.  However, the Producing Party will retain the original encrypted copy of the HIGHLY SENSITIVE SOURCE CODE information for the remainder of the litigation.  Each Standalone Computer shall be kept in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the HIGHLY SENSITIVE SOURCE CODE information onto any recordable media or recordable device, except as permitted in subparagraph (b).   Prior to loading HIGHLY SENSITIVE SOURCE CODE information onto each computer for the first time, the Producing Party will be permitted to inspect the room where HIGHLY SENSITIVE SOURCE CODE information will be analyzed and any new computers on which said information will be reviewed.  A written log shall be maintained by counsel of record and the independent expert/consultant that records the name of all persons accessing HIGHLY SENSITIVE SOURCE CODE information, including the date of first access and the person's title.  The Producing Party will be able to view said log upon three (3) business days' request.  If the Receiving Party

14

wishes to move a computer containing HIGHLY SENSITIVE SOURCE CODE
information to a different building, Receiving Party must receive express written
permission to do so, and a representative of the Producing Party may opt to accompany
the move itself.  For clarity, HIGHLY SENSITIVE SOURCE CODE information or
materials <u>shall not</u> be provided to Receiving Party's in-house counsel, officers, directors,
employees, and/or non-independent experts or consultants.  The Receiving Party may
place software tools for viewing, compiling, analyzing, and searching source code on the
Standalone Computers.

(b)  <u>Restrictions on Copying</u>.  Except as permitted below, no person with access to the
Standalone Computers shall connect a computer, external storage device or media, or
other device for the purpose of copying HIGHLY SENSITIVE SOURCE CODE
information from the Standalone Computers.  Such devices shall only be connected to the
Standalone Computer to (1) load software tools as described in subparagraph (a), (2)
connect a printer for purposes of printing copies in accordance with this subparagraph, or
(3) to transmit temporary files consisting of electronic excerpts of the code to a laptop
within the secure room as described in paragraph (ii) below.  No copies shall be made of
source code or other materials designated pursuant to this Paragraph, whether physical,
electronic, or otherwise, except for:

(i)  electronic copies created on the computers described in subparagraph (a),
whether temporary copies created in the normal operation of a computer system
or output files created from source code analysis tools and/or utilities, but no
such electronic copies shall be permitted to be removed from the Standalone
Computer in electronic form;

(ii)  electronic excerpts of HIGHLY SENSITIVE SOURCE CODE information
incorporated into sealed court filings; exhibits or demonstrative exhibits for use
in sealed court proceedings; or expert reports, expert declarations, or expert
affidavits.  No such electronic excerpts shall exceed one hundred and fifty (150)
lines of consecutive code without prior written permission from the Producing
Party, and non-filed copies of documents containing these excerpts shall be
password protected with the password to be sent via separate cover.  Such files
shall only be transmitted via secure FTP, and shall only be transmitted on an as

15

needed basis for filing and communicating drafts between attorneys and/or experts.  As needed in accordance with this paragraph, excerpts of HIGHLY SENSITIVE SOURCE CODE information shall be transmitted on a password protected USB drive to a laptop in the secure room containing the source code, and shall be incorporated into filings, exhibits, reports, declarations, or affidavits on this laptop.  The original excerpt shall be deleted from the USB drive and the laptop computer immediately after the excerpt has been incorporated into the relevant document and prior to the USB drive or laptop being removed from the secure room;

(iii)     up to five printed copies of any given portion of HIGHLY SENSITIVE SOURCE CODE information at any one time, each of which shall be kept in the same secure room as a Standalone Computer and shall not leave the secure room without written permission of the Producing Party;

(iv)     printed copies for use in sealed court filings; sealed court proceedings; or in expert reports, expert declarations, or expert affidavits.  The Receiving Party shall be permitted to keep a secure copy of filed documents for its records;

(v)      for each deposition at which such copies are needed as exhibits, up to three total printed copies of any given portion of HIGHLY SENSITIVE SOURCE CODE information for use as exhibits in depositions of persons or entities permitted to access the designated material, after which the marked copy shall be kept by the Receiving Party, one copy shall be kept by the Producing Party, and the third copy shall either be destroyed or shall be stored in the same secure room as a Standalone Computer and counted as a copy under subparagraph (b)(iii); and

(vi)     such other uses to which the Parties may agree in writing or that the Court may order.

Should the need arise, the parties agree to negotiate in good faith for copies beyond the limits herein.  Any printed copies shall be limited only to those portions of the designated materials for which a printed copy is needed at the time.  Any printed copies of HIGHLY SENSITIVE SOURCE CODE information or materials shall be maintained by counsel of record and/or the independent experts/consultants in a secure, locked area, shall be marked "HIGHLY SENSITIVE SOURCE CODE – FOR OUTSIDE COUNSEL ONLY" on each page, shall be printed on bright yellow paper (e.g., goldenrod or canary yellow), and shall be destroyed as soon as they are no longer needed.  The Receiving Party shall log the total number of printed pages containing HIGHLY SENSITIVE SOURCE CODE information, and shall be capable at any given time in the litigation upon request by the Producing Party to certify that all pages are accounted for within three (3) business days.

16

The Producing Party, however, shall not make an unreasonable number of requests for certifications.  The Receiving Party shall also certify at the termination of this Litigation that all such pages have been accounted for in accordance with Paragraph 21.  Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be left with a court reporter.

(c)     <u>Restrictions on Experts and Consultants</u>.  The independent experts/consultants shall not be permitted to transmit or in any other way disseminate copies of any materials designated HIGHLY SENSITIVE SOURCE CODE except to the extent permitted under subparagraph (b).

(d)     <u>Removal.</u>  At the conclusion of this case, the Receiving Party shall erase all source code from the Standalone Computers.  The Producing Party shall have the right to inspect the Standalone Computers after such deletion has occurred.

**13.     ACCESS TO PROTECTED MATERIALS BY OTHERS.**  The Receiving Party may disclose Protected Materials to individuals not otherwise permitted access to such materials under section 10 above, in the following circumstances:

(a)     <u>Disclosure by Consent</u>.  The Producing Party may, without leave of the Court, agree in writing to allow access and/or disclosure to such persons not otherwise entitled under this Protective Order.

(b)     <u>Disclosure by Order</u>.  If an agreement cannot be reached between the Parties, any Party may move the Court for an order that such persons not otherwise entitled under this Protective Order be given access to Protected Materials.  If the motion is granted, such person shall sign an Undertaking in the form of Exhibit A attached hereto before accessing the Protected Information.  Counsel for the moving Party shall retain the original of each such signed Undertaking.

(c)     Producing Party's Disclosures.  A Party may disclose or use in any manner or for any purpose, any information or documents that the Party itself has produced and designated as Protected Material.

(d)     Existing Confidentiality Obligations.  Neither the forgoing subparagraphs nor any other provision of this Protective Order, shall amend, modify, supersede or affect the rights, obligations or liabilities of the Parties under any existing agreement concerning the provision, protection, destruction or use of confidential information by, among or between the Parties.

14.     **PROSECUTION BAR.**  Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL" or "HIGHLY SENSITIVE SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the Protected Information received before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this Paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings.  To avoid any doubt, "prosecution" as used in this Paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, post grant review, inter partes review, or covered business method patent review).  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL" or "HIGHLY SENSITIVE SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

15.     **RESTRICTED ATTENDANCE AT TRIALS, HEARINGS OR DEPOSITIONS.**

(a)     Depositions.  All persons not otherwise authorized to receive or access particular Protected Information must leave the deposition room during the portion of the deposition that inquires about or discloses such information.  Counsel for the Party

18

associated with any such individual(s) required to leave the deposition room may immediately contact the appropriate Court to seek relief allowing the attendance of such individual(s). Notwithstanding the forgoing, the disclosure of Protected Materials during the course of a deposition attended by individuals not authorized to receive such information shall not operate as a waiver of any such designation, the requirements or protections of this Protective Order.  Any such unauthorized person(s) shall be obligated to maintain the strict confidentiality of such information.

(b)     Trials and Hearings.  At the request of a Producing Party, and subject to the Court's rules and practice, any person(s) not permitted access to Protected Materials under Paragraphs 10-13 may be excluded from attending any portion of a hearing or trial where Protected Information will be revealed.

16.     **UNAUTHORIZED ACCESS.**  If Protected Materials are disclosed or come into the possession of any person not authorized to receive such information under this Protective Order, the Receiving Party responsible for the disclosure shall, within one (1) business day of the discovery of such disclosure undertake the following remedial measures.

(a)     Remedial Measures.  In the case of unauthorized disclosure, access or possession, the Receiving Party must inform the Producing Party of all pertinent facts relating to the disclosure, including the identity of the person to whom the inadvertent disclosure was made.  In addition, the Receiving Party responsible for the disclosure shall, within five (5) business days of the discovery of such disclosure:

(i)      Use its best efforts to obtain the prompt return of any such Protected Material and to inform and bind such unauthorized person or Party to the terms of this Protective Order;

(ii)     Request such unauthorized person or Party to sign the Undertaking in the form annexed as Exhibit A.  The executed agreement shall be served upon counsel of

19

record for the Producing Party within five (5) business days of its execution by the person or Party to whom Protected Information was disclosed; and

(iii)     Commence an investigation to determine whether any additional Protected Information was disclosed to the unauthorized person(s), and whether any additional unauthorized person(s) received the information known to have been disclosed without authorization.  The results of such investigation shall be certified to the Producing Party by counsel for the Receiving Party.

The requirements set forth in this Paragraph shall not prevent the Producing Party from applying to the Court for further or additional relief.

17.     **LIMITATIONS ON RESTRICTED ACCESS.**  The restrictions and obligations set forth herein relating to the access and disclosure of Protected Materials shall not apply to any information of the Parties which the Producing Party agrees, or the Court rules: (i) should not be designated as Protected Material; (ii) was public knowledge prior to its disclosure in this Litigation; (iii) has become public knowledge other than as a result of disclosure by the Receiving Party, its directors, officers, employees or agents to any authorized or unauthorized person in violation of this Protective Order; and/or (iv) has come into the Receiving Party's legitimate knowledge or possession independently of the Producing Party under conditions such that its use and/or public disclosure by the Receiving Party would not violate any obligation to the Producing Party to this Litigation.  If the accuracy of information is confirmed only through the review of Protected Information, then the information shall not be considered to be public knowledge.  For example, media speculation or rumors that a Receiving Party confirms to be accurate through access to Protected Information are not "public" information (provided, however, that nothing in this Protective Order restricts any party from citing or relying on any media report identified as such).

18.     **NO EXPANSION OF FEDERAL RULES OF CIVIL PROCEDURE.**  Nothing in this Protective Order shall be implied to be an admission, or construed to affect or govern the scope of discovery in this Litigation, or to preclude any Party from moving the Court for a further order pursuant

20

to Fed. R. Civ. P. 26(c), or any other provision of the Federal Rules of Civil Procedure.  Nothing

contained in this Protective Order shall be construed to require production or disclosure of any Protected

Materials deemed by counsel for the Producing Party to be protected from disclosure by the attorney-

client privilege, the attorney work product immunity, or other privilege or immunity.  This Protective

Order shall not preclude any Party from moving the Court for an order compelling production or

disclosure of such material.

19.     **INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION.**     If a Producing

Party inadvertently or mistakenly produces information, documents or tangible things in this Litigation

that should have been withheld subject to a claim of attorney-client privilege, work product immunity, or

other privilege or immunity, such production shall in no way prejudice or otherwise constitute a waiver

of, or estoppel as to, any claims of privilege or work-product immunity for such information.  In such an

event, the Producing Party shall request, in writing, within ten (10) business days of learning of such

inadvertent or mistaken production, the return of all information for which a claim of inadvertent

production is made.

       (a)     <u>Treatment of Inadvertently Disclosed Documents</u>.  Upon notice from the Producing Party

of an inadvertently disclosed document or tangible thing, the Receiving Party shall

immediately segregate and refrain from any further review of such document or tangible

thing.  Within ten (10) business days of receiving a written request to do so from the

Producing Party, the Receiving Party shall return to the Producing Party or certify the

destruction of any documents or tangible items that the Producing Party represents are

covered by a claim of attorney-client privilege or work-product immunity, or other

privilege or immunity, and were inadvertently or mistakenly produced.  The Receiving

Party also shall destroy any extra copies or summaries of, or notes relating to any such

inadvertently or mistakenly produced information.

       (b)     <u>Privilege Disputes</u>.  Notwithstanding the foregoing, if the Receiving Party has a good

faith basis to challenge the assertion that the information is protected from disclosure by

21

the attorney-client privilege, work product immunity or other privilege or immunity from discovery, it may move the Court for an order that such information be produced.  In these circumstances only, the Receiving Party may retain a copy of such information solely for the purpose of providing to the Court for *in camera* inspection in connection with such a motion, pending resolution thereof.  The Receiving Party may not otherwise use the inadvertently produced information.  The Party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists.

(c)     No Effect on Federal Rule of Evidence 502.  Nothing in this Protective Order shall be construed to affect or govern the applicability, scope or provisions of Federal Rule of Evidence 502.

## 20.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "HIGHLY SENSITIVE SOURCE CODE" that Party must:

(a)     promptly notify in writing the Producing Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected.

If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "HIGHLY SENSITIVE SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission.

22

The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

21.     **SURVIVAL OF OBLIGATIONS UNDER PROTECTIVE ORDER.**  With respect to any Protected Materials, this Protective Order shall survive the final termination of this Litigation and continues to be binding upon all persons to whom Protected Materials are disclosed hereunder.

    (a)     <u>Return and Deletion of Protected Information</u>.  Upon sixty (60) days after the final termination of this Litigation, including all appeals, counsel for Receiving Party must certify in writing to Producing Party that all reasonable efforts have been made to either return, destroy, or permanently delete all copies and samples of Protected Materials (including all deposition transcripts and production documents, other than trial exhibits or exhibits to papers filed with the Court) and any other summaries, abstracts, or excerpts of such material in the possession of the Receiving Party except as provided in Section 21(b).

    (b)     <u>Work Product</u>.  Outside counsel for the Receiving Party may retain (i) all papers filed with the Court, and (ii) documents, things, copies and samples to the extent they include or reflect the receiving attorney's work product.

22.     **MISCELLANEOUS.**

    (a)     Parties who join or intervene in this Litigation may not have access to Protected Materials prior to the execution of this Protective Order and the necessary Undertakings, found in Exhibit A.  All terms of this Protective Order apply to these additional Parties.

    (b)     This Protective Order shall not be construed to prevent any of the Parties, or any Third Party, from applying to the Court for relief or further or additional protective orders, or from agreeing between or among themselves in writing to modification of this Protective Order, subject to the approval of the Court.

(c)      The Protective Order shall not preclude Parties from enforcing their rights against any

Third Party not associated with this Litigation who is believed to be violating their rights.

(d)      The inclusion in this Protective Order of any time limitation within which a Party must

act shall not prevent either Party from requesting a response or action be taken by the

other Party within a shorter period of time if an emergency, imminent deadline or other

pressing need arises.  The parties shall work in good faith to address such requests.

SIGNED this _____ day of _____ 2015.

_____
Judge Jorge A. Solis
  District Judge

24

**PROTECTIVE ORDER**

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and | § | |
| ID SOFTWARE LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | § | |
| | § | |
| OCULUS VR, LLC, | § | |
| PALMER LUCKEY, | § | |
| and FACEBOOK, INC. | § | |
| | § | |
| Defendants. | § | |

**UNDERTAKING**

I, _____, declare:

1.      My present address is _____.

2.      My present employer is _____ , and the address of my present employer is _____.

3.      My present occupation is _____.

4.      I have received a copy of the Protective Order in the above-captioned Litigation.  I have carefully read and understand the provisions of this Order.

5.      I will comply with all of the provisions of the Protective Order and hereby submit to the jurisdiction of the United States District Court for the Northern District of Texas for the purpose of the enforcement of the Protective Order in this Litigation.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Litigation, any CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY SENSITIVE SOURCE CODE information, including the substance and any copy, summary, abstract, excerpt, index or description of such material,

1

that is disclosed to me as well as any knowledge or information derived from any of the above-mentioned items.

6.      I will return all CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY SENSITIVE SOURCE CODE information that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so.  I acknowledge that return of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

7.      I understand that my obligations under the Protective Order survive and will continue beyond the final resolution of this Litigation and any related appeals, and that only a court order can release me from my obligations hereunder.

8.      I understand that if I violate the provisions of the Protective Order, I may be subject to sanctions by the Court and that the parties, or either of them, may assert other remedies against me.


I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____          Signature: _____

2