## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA, INC. and | § | |
| ID SOFTWARE, LLC, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:14-CV-1849-P (BF) |
| | § | |
| OCULUS VR, INC., et al., | § | |
| Defendants. | § | |

## <u>ORDER</u>

Before the Court is Plaintiffs' Motion to Overrule Objections to Discovery and to Compel Defendants to Proceed with Discovery ("Motion to Overrule Objections and Compel Discovery") [D.E. 40] referred to United States Magistrate Judge Paul D. Stickney. *See* Electronic Order Referring Mots. [D.E. 44]. The Court held a hearing on this matter on January 26, 2015. Upon consideration, Plaintiffs' motion [D.E. 40] is DENIED.

In the Motion to Overrule Objections and Compel Discovery, Plaintiffs contend that Defendants refuse to proceed with discovery until Plaintiffs provide "pre-discovery identification" of its misappropriated trade secrets which Plaintiffs contend is not required under the federal rules or Texas law. *See* Mot. to Compel [D.E. 40 at 1]. Plaintiffs contend that their Amended Complaint identifies the trade secrets alleged to have been misappropriated with a very high level of detail. *See id.* [D.E. 40 at 1]. Plaintiffs argue that Defendants cannot require more details before Plaintiffs have an opportunity to review documents and conduct depositions. *See id.* [D.E. 40 at 7]. Plaintiffs further contend that their trade secret claim is just one of eight causes of action asserted and Defendants refuse to proceed with discovery with respect to all claims. *See id.* [D.E. 40 at 2].

Defendants argue in their response that the Court should stay discovery until their motions

to dismiss have been disposed of because Facebook, Inc. could be removed from the lawsuit or the claims to be litigated could be significantly narrowed. *See* Defs.' Opp'n [D.E. 61 at 6]. Defendants contend that a stay of all discovery is appropriate because Plaintiffs admit that all of their causes of action are dependent on the alleged misappropriation of trade secrets. *See id.* [D.E. 61 at 18 n.3]. Further, Defendants contend that it is common practice in trade secret cases to require the plaintiff to identify with reasonable particularity the trade secrets at issue prior to proceeding with discovery. *See id.* [D.E. 61 at 6].

Defendants' objections are sustained to the extent they seek identification of Plaintiffs' alleged trade secrets with reasonable particularity prior to having to provide discovery to Plaintiffs. Defendants' request for a stay of discovery until the Court rules on Defendants' motions to dismiss has already been denied. *See* Order [D.E. 103]. While Plaintiffs argue that their trade secrets have already been alleged with a very high level of detail, upon review of Plaintiffs' amended complaint, the Court finds that further specificity would assist the Court and Defendants. While the Court recognizes that Plaintiffs are not required in this jurisdiction to allege trade secret claims with a particular level of detail, the Court has in the past required such in part under the authority of Federal Rule of Civil Procedure 16(c)(2)(L) which permits the Court to "adopt[] special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." *See StoneEagle Servs., Inc. v. Valentine*, No. 3:12-CV-1687-P (BN), 2013 WL 9554563, at *2-3 (N.D. Tex. June 5, 2013) (citing *United Servs. Auto. Ass'n v. Mitek Sys., Inc.*, 289 F.R.D. 244, 248 (W.D. Tex. 2013)).

In *StoneEagle*, the defendants filed a motion for an order requiring the plaintiffs to provide pre-discovery identification of trade secret claims arguing that they were unable to properly prepare

their case or even develop the scope of their discovery without a more defined list of the trade secrets that the plaintiffs were alleging the defendants misappropriated. *See id.* at *1. The defendants in *StoneEagle* argued that the pre-discovery identification of trade secrets was necessary because it: (1) gave the defendants fair notice of the specific charges against them; (2) allowed the Court and parties to set an appropriate scope of discovery and determine whether particular discovery disputes fall within that scope; and (3) prevented the plaintiffs from molding their claims around whatever they found in the defendants' discovery responses in order to prolong the case. *See id.* The plaintiffs responded that the defendants' motion for pre-discovery identification should be denied because: (1) the defendants have not yet served discovery requests seeking identification of trade secrets in the case; (2) the circumstances of the case do not warrant it; and (3) the request seeks to prematurely litigate the case. *See id.* at *2. Further, the plaintiffs argued that the case law relied upon by the defendants were distinguishable. *See id.*

Plaintiffs similarly argue here that the Court's findings in *StoneEagle* are distinguishable from the instant case in that "Magistrate Judge Horan did hold that 'the unique history' of that action, which included discovery that had already been conducted in a related action and to which the parties had access, made it appropriate in that case to require further specificity as to the trade secrets at issue." *See* Pls.' Reply [D.E. 73 at 4]; Mot. to Compel [D.E. 40 at 9-10]. In *StoneEagle*, Judge Horan stated in relevant part the following:

> [T]he undersigned agrees with those courts requiring plaintiffs, in appropriate cases, to describe with reasonable particularity the alleged trade secrets that form the basis of their claim. . . . In making this ruling, the undersigned recognizes that many cases on which Defendants have relied involve a scenario wherein the discovery process has begun and/or a motion to compel had been filed and that, as Plaintiffs argue, no discovery has been served and no motion to compel filed in the instant case. In making this argument, however, Plaintiffs fail to appreciate the unique history of this

3

case. At least one case related to the same claims and Trade Secrets, involving similar or the same parties, is currently pending. . . . In the T3 Case, discovery regarding the trade secrets has been served, responded to, and the subject of a motion to compel. Moreover, a discovery sharing agreement has been entered into so that discovery can be shared between the T3 Case and the instant case. In fact, in their Response, Plaintiffs state that "Defendants did not propound [an interrogatory requesting identification of the Trade Secrets] in this case, but have the list pursuant to an agreement to share discovery between the cases." . . . . Therefore, the undersigned does not find the fact that Defendants have not propounded such a request specifically in the instant case to be a ground for denying their Motion. The remaining issue is whether the previous discovery responses in the T3 Case identify the alleged Trade Secrets with "reasonable particularity." The undersigned finds that they do not.

See *StoneEagle Servs., Inc.*, 2013 WL 9554563, at *3-4. Therefore, Judge Horan did not find that requiring further specificity was appropriate in *StoneEagle* because the plaintiffs had an opportunity to review discovery from the related action, but was merely addressing the plaintiffs' argument that the cases the defendants relied upon in seeking pre-discovery identification are distinguishable because those cases involved facts where discovery commenced and/or a motion to compel was filed. See *id.* Judge Horan determined that the fact discovery did not commence in the litigation before him was not a ground for denying Defendants' motion for pre-discovery identification because the parties had access to discovery from the T3 litigation pursuant to the discovery sharing agreement. See *id.* Judge Horan required pre-discovery identification in *StoneEagle* because nothing before the Court identified the trade secrets at issue with reasonable particularity, including the discovery responses from the T3 litigation before him pursuant to the discovery sharing agreement. See *StoneEagle Servs., Inc.*, 2013 WL 9554563, at *4.

As Defendants have pointed out, *StoneEagle* does not conclude that Plaintiffs should receive some discovery pertaining to their trade secret claims prior to being ordered to identify those claims with reasonable particularity. See Defs.' Reply [D.E. 68-1 at 3]; Pls.' Reply [D.E. 73 at 4]. Judge

4

Horan explained that "[b]y requiring Plaintiffs to provide a list of trade secrets, the Court and Defendants will be able to more accurately determine relevant responses and appropriate objections. Plaintiffs will not be required to sift through mounds of irrelevant information produced by Defendants because they were uncertain as to what information was relevant. And Defendants will not be required to waste time guessing at the basis of Plaintiffs' claims." *See StoneEagle Servs., Inc.*, 2013 WL 9554563, at *3. Therefore, *StoneEagle* supports the Defendants' contention that such reasonable particularity should be provided prior to having to provide Plaintiffs discovery. *See* Defs.' Opp'n [D.E. 61 at 21-23]. Plaintiffs are correct in arguing that nothing in *StoneEagle* mandated pre-discovery identification in every case. *See* Pls.' Reply [D.E. 73 at 4]. The Court only ruled that it had the authority to require such where it finds that the trade secret claims at issue should be alleged with further specificity as the Court finds here. *See StoneEagle Servs., Inc.*, 2013 WL 9554563, at *3.

In consideration of the foregoing, Plaintiffs are ordered to provide Defendants the following prior to seeking discovery from Defendants:

(1) identification of each alleged trade secret;

(2) separately break out each of the individual alleged trade secrets that Plaintiffs claim Defendants misappropriated;

(3) identification of all such claims with sufficient particularity so that Defendants understand how each claim differs from public domain information; and

(4) to the extent that one Defendant is accused of misappropriating information different from the others, a list of which trade secrets each Defendant allegedly misappropriated.

**SO ORDERED**, February 13, 2015.

_____

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE