IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS AND SOURCE CODE**

The Court, having considered ZeniMax's Opposed Motion to Compel the Production of Documents and Source Code ("Motion"), and all papers and proceedings thereon, is of the opinion that Plaintiffs' Motion is well taken and should be GRANTED.

IT IS THEREFORE ORDERED that:

1. Defendants' objections to Request No. 1 of ZeniMax's First Set of Requests for Production and Inspection are OVERRULED. Defendants must produce all non-privileged documents containing or commenting on communications between ZeniMax and Oculus and/or Luckey within seven days of the entry of this Order;

2. Defendants' objections to Request No. 2 of ZeniMax's First Set of Requests for Production and Inspection are OVERRULED. Defendants must produce all non-privileged documents containing or commenting on communications with ZeniMax's former employees (including, but not limited to, John Carmack) before those employees became employees of Defendant Oculus within seven days of the entry of this Order;

3. Defendants' objections to Request No. 3 of ZeniMax's First Set of Requests for Production and Inspection are OVERRULED. Defendants must produce all non-privileged documents concerning the Non-Disclosure Agreement at issue in this litigation, which documents should be produced within seven days of the entry of this Order;

4. Defendants' objections to Request No. 4 of ZeniMax's First Set of Requests for Production and Inspection are OVERRULED. Defendants must produce all non-privileged documents concerning any negotiations between ZeniMax and Oculus for an equity position in Oculus within seven days of the entry of this Order;

5. Defendants' objections to Request No. 5 of ZeniMax's First Set of Requests for Production and Inspection are OVERRULED. Defendants must provide dates and locations for the exchange of source code as contemplated by the Court's protective order (*see* Dkt. No. 107) within two days. Defendants must produce all source code associated with each of Defendants' virtual reality products, including the Oculus Rift, within seven days of the entry of this Order;

6. Defendants' objections to Request No. 6 of ZeniMax's First Set of Requests for Production and Inspection are OVERRULED. Defendants must produce all non-privileged documents concerning Facebook's acquisition of Oculus within seven days of the entry of this Order; and

7. Defendants shall produce a log of any documents responsive to Requests Nos. 1-6 withheld or redacted on the basis of privilege or attorney work product protection within seven days of the entry of this Order.

//
//
//

**SO ORDERED:**

SIGNED this ____ day of _____ 2015.

                                                                           _____
                                                                           The Hon. Jorge A. Solis
                                                                           Chief District Judge