IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | §<br>§ | |
| OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC. | §<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

## PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER

Plaintiffs ZeniMax Media Inc. and id Software LLC (collectively, "ZeniMax") hereby move this Court to amend its Scheduling Order dated August 7, 2014 (Dkt. No. 34).

Good cause exists for amendment of the Court's Scheduling Order. That Order, entered in August 2014, had contemplated that the parties would immediately begin discovery. Shortly thereafter, however, Defendants unilaterally withdrew from cooperating with discovery (including by refusing to commence production of documents) and ultimately moved to stay discovery. Consequently, there have been substantial delays in discovery. The amended Scheduling Order proposed by this Motion would adjust the current schedule in light of Defendants' delay with minimal disruption. The proposed amendment would not unfairly prejudice any party, and indeed Defendants agree with that proposed amendment (with the exception of certain provisions identified below).

In support of its Motion, ZeniMax further states as follows:

## PERTINENT PROCEDURAL HISTORY

1.    The Court entered the Scheduling Order following initial proceedings in this case:

- On *May 21, 2014* — nearly one year ago — ZeniMax commenced this action. (Dkt. No. 1.)

- On *June 25, 2014*, Defendants Palmer Luckey and Oculus VR, Inc. — the corporate predecessor of the present Defendant Oculus VR, LLC — answered ZeniMax's initial complaint. (Dkt. No. 26.)

- On *June 26, 2014*, this Court entered an Order requiring that the parties' counsel confer and submit a proposed pre-trial schedule. (Dkt. No. 29.)

- On *July 28, 2014*, the parties — having conferred — submitted a proposed pre-trial schedule. (Dkt. No. 31.)

- On *August 6, 2014*, following the closing of Facebook, Inc.'s acquisition of Defendant Oculus, ZeniMax moved for leave to amend its complaint to add Facebook, Inc. as a Defendant. (Dkt. No. 32.)

- On *August 7, 2014*, the Court entered its Scheduling Order. (Dkt. No. 34.)

2.    The Scheduling Order contemplated that discovery would commence immediately, with initial expert designations and required disclosures to be made by April 28, 2015. (Dkt. No. 34, ¶ 5.) In July, August, and September 2014, the parties propounded discovery requests, and ZeniMax produced thousands of pages of documents to Defendants.

3.    On *September 11, 2014*, Defendants advised ZeniMax that they <u>would not proceed further</u> with discovery until ZeniMax provided further identification of the trade secrets that are the subject of its claims for misappropriation of trade secrets. On *September 12, 2014*, ZeniMax moved promptly to overrule that objection. (Dkt. No. 40.)

4.    Defendants thereafter moved to dismiss ZeniMax's amended complaint and to stay discovery, including on the ground that they had just filed motions to dismiss certain claims. (Dkt. Nos. 45, 47, 55 at 6-9.)

5.    On *January 26, 2015* and *February 13, 2015*, respectively, Magistrate Judge

Stickney denied Defendants' motion to stay, but also denied ZeniMax's motion to compel and required ZeniMax to provide further identification of its trade secrets. (Dkt. Nos. 103, 109.) Twelve days later, on *February 25, 2015*, ZeniMax provided that further identification. (Dkt. No. 113.)

6.    On *March 17, 2015*, the parties notified the Court that Defendants had confirmed to ZeniMax that "full reciprocal discovery is now open." (Dkt. No. 116.)

7.    On *April 8, 2015*, ZeniMax moved to compel Defendants to produce categories of critical documents and source code which Defendants have not produced (and as to which Defendants refused to say when they would complete their production). (Dkt. No. 121.)

## DISCUSSION

There is good cause for amendment of the Scheduling Order. That Order contemplated that the parties would immediately commence discovery in 2014, and that discovery would continue in 2015 through the deadlines for expert designations and the completion of discovery. However, as a consequence of Defendants' refusal to cooperate with discovery, that did not occur. ZeniMax acted promptly, both by moving to compel in September 2014 and by providing further trade secret identification in February 2015, to seek to move discovery forward. Recently, Defendants have acknowledged that full reciprocal discovery is open as to them, but still have not produced critical documents and source code that are necessary to proof of ZeniMax's claims (hence ZeniMax's pending motion to compel). Accordingly, the Scheduling Order should be amended to permit ZeniMax (i) to review and analyze the documents and source code that Defendants have yet to produce and (ii) to depose Defendants' personnel.

Defendants' counsel have informed ZeniMax's counsel that Defendants agree with ZeniMax's proposed amendment to the Scheduling Order, except that Defendants believe that

3

due dates for the filing of motions for leave to join other parties or to amend the pleadings (Dkt. No. 34, ¶¶ 3, 4) should not be amended. ZeniMax submits that the Scheduling Order should be amended, consistent with its original purposes, to liberally allow filing of such motions until Defendants have produced the critical documents and source code sought by ZeniMax, so that ZeniMax has a reasonable opportunity to consider whether such motions are warranted.[1]

## CONCLUSION

For the foregoing reasons, ZeniMax respectfully requests that this Court enter an Order, substantially in the form submitted herewith, amending the Scheduling Order in this action.

Dated: April 14, 2015

Respectfully submitted,

*s/ Phillip B. Philbin*

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
**    MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

---

[1]    To the extent that Defendants might seek to fault ZeniMax for not having moved to extend those deadlines in November and December of 2014, ZeniMax respectfully submits that (i) the dispute between the parties as to whether discovery should proceed had been fully framed in motion practice between the parties by the end of October 2014, and (ii) ZeniMax should not be faulted for not also having filed seriatim motions for amendment of the Scheduling Order while those numerous motions were pending.

## CERTIFICATE OF CONFERENCE

Kurt Wm. Hemr, the undersigned counsel for Plaintiffs, conferred with Michael G. Rhodes, counsel for Defendants, by telephone on March 31, 2015 and by e-mail on April 9, 2015, and subsequently by e-mail with Matthew D. Caplan, counsel for Defendants, on April 10 and 11, 2015 regarding the relief requested by this Motion.

Defendants advised that they agree with the proposed amended schedule set forth herein, except that Defendants state that the current Scheduling Order's due dates for the filing of motions for leave to join other parties or to amend the pleadings (Dkt. No. 34, ¶¶ 3, 4) should not be amended.

*s/ Kurt Wm. Hemr*\
Kurt Wm. Hemr

## CERTIFICATE OF SERVICE

On April 14, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: April 14, 2015

*s/ Phillip B. Philbin*\
Phillip B. Philbin
