UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.,<br><br>Defendants. | Civil Case No.: 3:14-cv-01849-P |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL APPENDIX

Defendants Oculus VR, LLC ("Oculus"), Palmer Luckey and Facebook, Inc. ("Facebook"; and collectively, "Defendants") hereby respond to plaintiffs ZeniMax Media Inc. and id Software LLC's (collectively, "Plaintiffs") Motion for Leave to File Supplemental Appendix ("Motion") (Dkt. No. 126).

It would be inappropriate for the Court to consider the Statement of Uncontroverted Facts and Conclusions of Law that Oculus filed in a separate, unrelated action in ruling on the motions to dismiss filed in this case. Oculus moved for summary judgment in a trademark infringement case pending in the United States District Court for the Central District of California, *Oculu, LLC v. Oculus VR, Inc.*, C.D. Cal. Case No. 8:14-SACV-196-DOC (JPRx) ("*Oculu*"). The central issue in *Oculu* is whether Oculus' use of the Oculus name infringes on Oculu, LLC's alleged Oculu trademark. In support of its summary judgment motion in *Oculu*, Oculus proffered evidence to show how and when the Oculus name was used, but the use of the Oculus name is simply not at issue here.

Moreover, Oculus' position in *Oculu* is not inconsistent with the motions to dismiss filed in this case. Here, Oculus moved to dismiss Plaintiffs' breach of contract claim because Oculus is not a party to the allegedly breached contract. *See* Exhibit D to the Declaration of Geoffrey M. Howard in support of Defendants Oculus VR, LLC and Palmer Luckey's Motion to Dismiss (Dkt. No. 46), the Non-Disclosure Agreement "by and between Id Software LLC, on its own behalf and on behalf of its parent, ZeniMax Media Inc….and Palmer Luckey, an individual"; and Defendants Oculus VR, LLC and Palmer Luckey's Motion to Dismiss (Dkt. No. 45) at pp. 10-11. Oculus argued that Plaintiffs' breach of contract claim should be dismissed as to Oculus because "Plaintiffs do not identify anything that either Luckey or Oculus did to bind Oculus to the so-called NDA." *Id.*; *see also* Defendants' Reply in support of the Motion to Dismiss (Dkt. No. 78-1) at pp. 6-8. Nothing in the *Oculu* filing changes that.

Additionally, it would be inappropriate to consider the *Oculu* filing in ruling on the motions to dismiss in this case. Motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), like the Defendants' motions here, should be decided on the pleadings, documents incorporated by reference into the complaint, and matters subject to judicial notice. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). Courts should "not consider new factual allegations made outside the complaint." *Id.* The *Oculu* filing is not part of the pleadings in this action, is not incorporated by reference into the complaint in this case, and the truth of contents of the filing are not subject to judicial notice in the context of a motion to dismiss (although the existence of the filing is). *See, e.g.*, *In re BP p.l.c. Sec. Litig.*, 922 F. Supp. 2d 600, 614 (S.D. Tex. 2013); *In re Smith*, No. ADV 11-05136, 2012 WL 1123049, at *2 (Bankr. W.D. Tex. Apr. 3, 2012).

Finally, if the Court considers Oculus' filing in the *Oculu* case in ruling on the Defendants' motions to dismiss here, the Court should consider the entire document, not just the paragraphs selected by Plaintiffs. Fed. R. Evid. 106.

Accordingly, the Court should not consider Oculus' statement of uncontroverted facts filed in the *Oculu* case to rule on the motions to dismiss here, but, if the Court does, the Court should consider the entirety of the filing.

Date:  April 27, 2015

Respectfully submitted,

*/s/ Heidi L. Keefe*

Richard A. Smith
Texas Bar No. 24027990
rsmith@lynnllp.com
Elizabeth Y. Ryan
Texas Bar No. 24067758
eryan@lynnllp.com
**LYNN TILLOTSON PINKER & COX LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Phone: (214) 981-3800
Fax: (214) 981-3839

Michael G. Rhodes (*pro hac vice*)
mrhodes@cooley.com
**COOLEY LLP**
101 California St., 5th Floor
San Francisco, California  94111
Phone:  (415) 693-2000

Heidi L. Keefe (*pro hac vice*)
hleefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
Elizabeth L. Stameshkin *(pro hac vice)*
lstameshkin@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Phone:  (650) 843-5000

## CERTIFICATE OF SERVICE

On April 27, 2015, I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL APPENDIX** was served on all counsel who are deemed to have consented to electronic service.

*/s/ Heidi L. Keefe*
Heidi L. Keefe

116235972 v1