IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

**PLAINTIFFS' MOTION TO COMPEL RESPONSES TO REQUESTS FOR
PRODUCTION AND INTERROGATORIES, AND BRIEF IN SUPPORT**

　　　　Plaintiffs ZeniMax Media Inc. and id Software LLC (collectively, "ZeniMax") propounded requests for production and interrogatories to Defendants in September 2014 to which Defendants declined to respond, including on the basis that they had moved to dismiss certain claims. After Magistrate Judge Stickney directed that discovery proceed in this matter notwithstanding the pendency of Defendants' motions to dismiss, Defendants promised to further respond to those discovery requests, but have failed to do so. Accordingly, ZeniMax now moves this Court to enter an order directing Defendants to provide documents responsive to those requests for production, and verified responses to its interrogatories, forthwith.

**PERTINENT FACTS**

　　　　1.　　On **September 3, 2014** — shortly after ZeniMax's August 28, 2014 amendment of its complaint to add Facebook, Inc. as a defendant (Dkt. No. 38) — ZeniMax propounded to Facebook its first set of requests for production and inspection, which had been propounded to

Defendants Oculus and Palmer Luckey in July 2014.  (App'x Ex. 1.)

2. On **September 17, 2014**, ZeniMax propounded to all Defendants a second set of requests for production, and propounded to Defendants Oculus and Luckey a second set of interrogatories.  (App'x Exs. 2, 3.)  (These requests, together with the requests for production and inspection to Facebook referenced in paragraph 1 hereof, are collectively referred to herein as the "Outstanding ZeniMax Requests.")

3. On **September 24, 2014**, Defendants moved to stay discovery, including on the ground of their recently-filed motions to dismiss.  (Dkt. No. 55.)

4. On **October 3, 2014** — notwithstanding that no stay of discovery had been granted — Facebook objected to ZeniMax's first set of requests for production and inspection, including on the ground of Defendants' recently-filed motions to dismiss.  Facebook refused to produce any documents whatsoever in response to those requests.  (App'x Ex. 4.)

5. On **October 17, 2014** — notwithstanding that no stay of discovery had been granted — Defendants objected to ZeniMax's second set of requests for production, and Oculus and Luckey objected to ZeniMax's second set of interrogatories, including on the ground of Defendants' recently-filed motions to dismiss.  Defendants refused to produce any documents or provide any interrogatory responses in response to those requests.  (App'x Exs. 5, 6.)

6. On **January 26, 2015**, Magistrate Judge Stickney denied Defendants' motion to stay discovery.  (Dkt. No. 103.)  Notwithstanding that order, Defendants did not at that time provide any further responses to the Outstanding ZeniMax Requests.

7. On **March 17, 2015**, Defendants acknowledged in a joint filing with this Court that "full reciprocal discovery is now open."  (Dkt. No. 116 ¶ 2.)  Notwithstanding that acknowledgement, Defendants did not provide any further responses to the Outstanding

ZeniMax Requests.

8. On **March 26, 2015**, ZeniMax asked Defendants to provide a date certain by which they would provide substantive responses to the Outstanding ZeniMax Requests, and suggested that Defendants do so by April 17, 2015. (App'x Ex. 7.)

9. Following a conference call and e-mail correspondence between counsel, Defendants confirmed that they would provide further responses to the Outstanding ZeniMax Requests by **April 24, 2015**. (App'x Ex. 8.) That date has come and gone. Defendants have provided no further responses, and have offered no explanation for their failure to do so.

10. Defendants have otherwise been dilatory in providing documents and information to ZeniMax. On April 8, 2015, ZeniMax moved to compel Defendants to produce certain categories of critical documents and source code that ZeniMax had long ago requested and which Defendants had undoubtedly collected long ago for their own purposes of analysis. (*See* Dkt. No. 121.) Remarkably, Defendants have made no productions of documents or source code since ZeniMax filed that motion to compel.[1]

11. Yet, since Magistrate Judge Stickney denied Defendants' motion to stay on January 26, 2015, Defendants have propounded numerous self-serving requests for discovery:

(i) Defendants' First Set of Requests for Admission to Plaintiffs, served March 3, 2015 — to which ZeniMax responded on April 2, 2015;

(ii) Defendants' Second Set of Requests for Production of Documents and Things to Plaintiffs, served March 3, 2015 — to which ZeniMax responded on April 2, 2015;

(iii) Facebook's First Set of Interrogatories to Plaintiffs, served March 3, 2015 — to which ZeniMax provided verified responses on April 2, 2015;

---

[1] Defendants have ostensibly agreed to a reciprocal exchange of source code between counsel on April 29, 2015, with reciprocal productions to the parties' experts and consultants to follow. ZeniMax is hopeful that Defendants will proceed with that long-overdue production.

3

(iv) Defendants' Third Set of Requests to Production to Plaintiffs, served April 17, 2015;

(v) a subpoena for documents to Sixense Entertainment, Inc., as to which a notice was served on ZeniMax on April 24, 2015;

(vi) a subpoena for documents to Razer USA, Ltd., as to which a notice was served on ZeniMax on April 24, 2015; and

(vii) a subpoena for documents to NaturalPoint, Inc., as to which a notice was served on ZeniMax on April 24, 2015.

(*See* App'x Exs. 9, 10, 11, 12.)

## ARGUMENT

In *Hunsinger v. SKO Brenner American, Inc.*, No. 3:13-cv-0988-D, 2014 WL 114348, at *1 (N.D. Tex. Jan. 9, 2014) (Stickney, Mag. J.), the court observed:

> Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). The information and materials sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). In the discovery context, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Id.* (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)).

Here, the Outstanding ZeniMax Requests seek documents and information that are directly relevant to ZeniMax's proof of its claims in this action. Defendants' ongoing efforts to stall discovery in this action have never been proper, and this Court should put an end to them now. The Court's recent amendment to the Scheduling Order requires initial expert disclosures to be served in approximately five months (*i.e.*, by October 1, 2015). (*See* Dkt. No. 134 ¶ 5.) ZeniMax is entitled to immediate responses to its requests for production and interrogatories so that it may take depositions, prepare expert reports, and otherwise prepare for trial of this action.

4

## **CONCLUSION**

Accordingly, ZeniMax respectfully requests that this Court enter an Order, substantially in the form submitted herewith, (i) directing Defendant Facebook to produce all non-privileged documents responsive to Plaintiffs' First Set of Requests for Production and Inspection; (ii) directing all Defendants to produce all non-privileged documents responsive to Plaintiffs' Second Set of Requests for Production and Inspection; and (iii) directing Defendants Oculus and Luckey to provide verified responses to Plaintiffs' Second Set of Interrogatories.

Dated: April 27, 2015

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

Respectfully submitted,

*s/ Phillip B. Philbin*
PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

5

## **CERTIFICATE OF CONFERENCE**

On March 26, March 30, April 1, and April 9, 2015, counsel for Plaintiffs made efforts in good faith to confer with Michael G. Rhodes and Matt Caplan, counsel for Defendants, regarding the relief requested by this Motion.  At length, Defendants committed to providing substantive responses to the Outstanding ZeniMax Requests by April 24, 2015, but failed to do so and have offered no explanation for their failure to do so.

Dated:  April 27, 2015                                             *s/ P. Anthony Sammi*
                                                                                P. Anthony Sammi

## **CERTIFICATE OF SERVICE**

      On April 27, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: April 27, 2015                                *s/ Phillip B. Philbin*
                                                               Phillip B. Philbin