# EXHIBIT 1

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735-2307
DIRECT FAX
(917) 777-2307
EMAIL ADDRESS
ANTHONY.SAMMI@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

September 3, 2014

VIA ELECTRONIC MAIL

Geoffrey Howard
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, California 94111
geoff.howard@bingham.com

RE:   First Set of Requests for Production to Facebook, Inc.
      *ZeniMax Media Inc. et al. v. Oculus VR, LLC et al.*, No. 3:14-cv-01849

Dear Geoff:

In view of the fact that Facebook, Inc. ("Facebook") was added as a defendant in this action on August 28, 2014, Plaintiffs ZeniMax Media Inc. and id Software LLC hereby propound their First Set Of Requests For Production And Inspection, which were served on Defendants Oculus and Palmer Luckey on July 9, 2014, to Defendant Facebook. Please serve Facebook's responses and objections to those Requests within the time provided by the Rules.

This letter and the enclosed Requests are directed to you based on our understanding that you and your firm are representing Facebook in this action, even though you have not yet entered your appearance on behalf of Facebook. In that regard, please be advised that Plaintiffs would assent to the Court's extending the scope of your and your colleagues' pro hac vice admission in this action to include that additional representation. If, however, Facebook is represented by other counsel in this action, please inform us of the identity of that counsel, so that we may either serve that counsel or make arrangements for service on Facebook itself. If you are representing Facebook, please confirm that Facebook agrees to service by e-mail in this action on the terms previously agreed to by the other parties.

Very truly yours,

P. Anthony Sammi

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, INC. and<br>PALMER LUCKEY,<br><br>Defendants. | § § § § § § § § § § § | **CIVIL CASE NO. 3:14-cv-01849-P** |

**ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S FIRST SET OF REQUESTS FOR PRODUCTION AND INSPECTION TO OCULUS VR, INC. AND PALMER LUCKEY**

Pursuant to Federal Rules of Civil Procedure 26 and 34, ZeniMax Media Inc. and id Software LLC, by and through their attorneys, hereby direct the following Requests for Production to Oculus VR, Inc. and Palmer Luckey. Plaintiffs request that Defendants produce or make the requested documents and things available for inspection and/or copying in accordance with the Definitions and Instructions set forth below, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, within 30 days after service hereof.

**REQUESTS FOR INSPECTION**

**REQUEST FOR INSPECTION NO. 1:**

All iterations of the Oculus Rift and its Software Development Kit in an operable condition, including but not limited to those versions or iterations created prior to April 2012, whether consumer-facing or otherwise.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Communications between Plaintiffs and Palmer Luckey and/or Oculus from January 1, 2012 to the present, whether by e-mail, private messaging or forum posts, exchange of media, or file transfer protocol (including by way of example only the Communications referenced in ¶¶ 43, 44, 49, 70, 74, 75, 84, 85, 86, and 89 of the Complaint), and all Documents incorporating or referencing those Communications, including but not limited to e-mail chains forwarding those Communications in whole or in part or commenting on those Communications.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications involving John Carmack from January 1, 2012 to the present, whether by e-mail, private messaging or forum posts, exchange of media, or file transfer protocol (including by way of example only the Communications referenced in ¶¶ 43, 44, 49, 84, 85, 86, and 89 of the Complaint), and all Documents incorporating or referencing those Communications, including but not limited to e-mail chains forwarding those Communications in whole or in part or commenting on those Communications.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all Documents or Communications concerning the Non-Disclosure Agreement referenced in ¶¶ 32-36 of the Complaint, including but not limited to the Non-Disclosure Agreement itself.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all Documents referring to negotiations between the Parties for an equity stake in Oculus, as referenced in ¶¶ 73-91 of the Complaint, including but not limited to any and all Documents concerning each offer and counteroffer, Defendants' impressions and evaluations of each offer, and Oculus's negotiation strategy.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all versions of Source Code, including but not limited to object code, associated with each of Defendants' Products, including but not limited to the Oculus Rift, whether that Source Code is contained in electronic work directories (including, without limitation, the work directories of each of Plaintiffs' Former Employees), shared drives, common directories, or libraries.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents relating to or evidencing Communications between Palmer Luckey and/or Oculus and Facebook, including but not limited to any Communications, term sheets, agreements, documents in a "data room," or other deal documents generated by Palmer Luckey, Oculus, or Facebook in reference to the proposed acquisition announced on March 25, 2014 and discussed in ¶ 101 of the Complaint.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not requested by the prior Requests contained herein, any and all Documents in Plaintiffs' control or possession that originated at ZeniMax or id, or are derived from Documents that originated at ZeniMax or id, including by way of example only the Documents discussed in ¶¶ 43 and 44 of the Complaint.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning any representations made by Palmer Luckey or Oculus to any party regarding Defendants' ownership of any intellectual property, including, by way of example, the ownership and/or licensing discussed at Page 5 of the Answer, and further including but not limited to any such representations made by Palmer Luckey and Oculus to Facebook.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents or Communications relating to requests for technology, advice, information or assistance from either Plaintiff or their current or former employees for the development of the Oculus Rift or otherwise.

**REQUEST FOR PRODUCTION NO. 10:**

To the extent not requested by the prior Requests contained herein, any and all Communications between either or both Defendants and any of Christian Antkow, John Carmack, Katherine Kang, Matthew Hooper, Gloria Kennickell, Jason D. Kim, Jan Paul Van Waveren, Jonathan E. Wright, or other of Plaintiffs' Former Employees prior to such Person's respective first day of employment with Oculus.

**REQUEST FOR PRODUCTION NO. 11:**

To the extent not requested by the prior Requests contained herein, any and all Documents and Communications reflecting or referring to materials that are, or that Plaintiffs have asserted are, Plaintiffs' Confidential Information, Copyrighted Materials, or Trademarked Materials, including Documents and Communications regarding the use or disclosure of such materials in the development or marketing of Defendants' Products.

<u>Requests Concerning Oculus's Structure And Management</u>

**REQUEST FOR PRODUCTION NO. 12:**

Any and all Documents sufficient to identify and reflect Oculus's organizational structure, including but not limited to company directories, and the identification of Oculus's corporate and/or business departments, whether formally or informally delineated, Oculus's total number of employees, and each employee's title, job description, and reporting chain.

**REQUEST FOR PRODUCTION NO. 13:**

All corporate Documents of or relating to Oculus, including but not limited to articles of incorporation and all amendments thereto, by-laws, corporate resolutions, minutes of shareholders' meetings, minutes of directors' meetings, slide or presentation decks prepared for directors' meetings, "board packets," binders prepared for directors' meetings, written consents of officers and directors, and any agreements between and among investors, shareholders,

3

directors and/or third parties.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all Documents concerning meetings of Oculus's board of directors, executives or management team at which ZeniMax, id, or any of Plaintiffs' past or present employees or consultants were discussed.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents that identify those Persons or entities that own or possess, or will own or possess, an ownership or proprietary interest in Oculus or Oculus's Products, including but not limited to the Oculus Rift.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all Documents referring to negotiations between Defendants and third parties for an equity stake in Oculus or Defendants' Products, as referenced in ¶¶ 73-91 of the Complaint, including but not limited to any and all Documents concerning each offer and counteroffer, Defendants' impressions and evaluations of each offer, and Oculus's negotiation strategy.

**REQUEST FOR PRODUCTION NO. 17:**

All investment memoranda, proposals, or other Documents relating or referring to Oculus's business and/or valuation.

**REQUEST FOR PRODUCTION NO. 18:**

All federal or state tax returns filed by or on behalf of Palmer Luckey or Oculus.

**REQUEST FOR PRODUCTION NO. 19:**

All quarterly or annual financial statements of Oculus.

### Requests Concerning Defendants' Products

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to identify each and every Product of Defendants, including but not limited to the Oculus Rift, specifically the dates of conception and reduction of practice for each Product, and the names and roles of any Oculus Employees involved in the development of each Product.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all manuals, instructions and instructional material, design drawings or renderings, and technical Documents or Communications relating to Defendants' Products,

including but not limited to the Oculus Rift.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all Documents concerning any problems, complaints or issues (*e.g.*, bugs, missing features, missed deadlines, or product failures) with Defendants' Products, including, but not limited to concerns communicated by Plaintiffs, John Carmack, media, developers, customers, or other third parties.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all Documents and Communications concerning the marketing or publicity for each version of each of Defendants' Products, including but not limited to press releases, product launch announcements, fact sheets, presentations, fundraising materials, sales literature, brochures, catalogs, trade letters, press releases, audio or video files, materials posted on internet websites and message boards, information prepared for electronics or gaming shows and conventions, and other marketing materials.

**REQUEST FOR PRODUCTION NO. 24:**

To the extent not requested by the prior Requests contained herein, any and all Documents and Communications relating to Defendants' involvement with demonstrations, booths, presentations, and panels at electronics or gaming shows or conferences, including any Documents identifying attendees at each electronics or gaming show or conference.

**REQUEST FOR PRODUCTION NO. 25:**

To the extent not requested by the prior Requests contained herein, any and all Communications regarding joint displays or demonstrations of Defendants' Products, including but not limited to the Oculus Rift, with ZeniMax or id.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all documents regarding any patent applications filed by any of Oculus's employees or Palmer Luckey.

**REQUEST FOR PRODUCTION NO. 27:**

To the extent not requested by the prior Requests contained herein, any and all Communications relating to Defendants' products.

**Requests Concerning Source Code**

**REQUEST FOR PRODUCTION NO. 28:**

Any and all versions of Source Code, including but not limited to source code comments

5

(*i.e.*, the narratives that programmers write to assist others analyzing code) and object code, for each of Defendants' Products, including, but not limited to the Oculus Rift.

## REQUEST FOR PRODUCTION NO. 29:

All Documents that reflect current or past revisions or additions to any and all versions of the Source Code for each of Defendants' Products, including but not limited to the Oculus Rift, specifically those Documents that reflect the author of each revision or addition and the date on which each revision or addition was made.

## REQUEST FOR PRODUCTION NO. 30:

Any and all Documents and Communications concerning any similarities or differences between the Parties' Source Code or software products, including, without limitation, any Documents and Communications regarding the testing thereof.

## REQUEST FOR PRODUCTION NO. 31:

Any and all Documents concerning the destruction or loss of any Source Code or object code for any of Defendants' Products.

## REQUEST FOR PRODUCTION NO. 32:

Any and all Documents regarding the reimplementation or modification by John Carmack or any other Oculus employee of any Source Code provided by Plaintiffs to Defendants at any time.

### Requests Concerning Former ZeniMax Employees

## REQUEST FOR PRODUCTION NO. 33:

Any and all Communications between Palmer Luckey and/or Oculus and John Carmack regarding or relating in any way to ZeniMax, id, or the work John Carmack performed for Plaintiffs at any time.

## REQUEST FOR PRODUCTION NO. 34:

Any Documents relating to patents for technology of Oculus, including, without limitation, communications with John Carmack and Documents relating to the White Paper of John Carmack discussed in ¶ 30 of the Complaint.

## REQUEST FOR PRODUCTION NO. 35:

All Documents relating to John Carmack's employment with Oculus, including compensation and equity ownership.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to identify each of Plaintiffs' Former Employees and the job responsibilities for each of Plaintiffs' Former Employees with Oculus, including with respect to each of Defendants' Products, including but not limited to the Oculus Rift.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all Documents and Communications referring to or relating to the departure of, or the recruitment, solicitation, interviewing, consideration for hire, or hiring of Plaintiffs' Former Employees.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all Documents and Communications referring to or relating to any employment, confidentiality, non-compete, or non-disclosure agreements between ZeniMax and/or id and Plaintiffs' Former Employees.

**REQUEST FOR PRODUCTION NO. 39:**

Oculus's employee or personnel file for each of Plaintiffs' Former Employees, including any employment, confidentiality, non-compete, or non-disclosure agreements between Oculus and Plaintiffs' Former Employees.

**REQUEST FOR PRODUCTION NO. 40:**

Any and all Documents and Communications reflecting the steps Oculus has taken, or plans to take, regardless of the degree of certainty, to ensure that Oculus and its employees will not be in violation of the NDA and/or any employment, confidentiality, non-compete, or non-disclosure agreement between ZeniMax and/or id and Plaintiffs' Former Employees.

**Requests Related To Plaintiffs' Proprietary Materials**

**REQUEST FOR PRODUCTION NO. 41:**

All Documents that identify and describe those Persons or entities that have or have had access to Defendants' Products, including but not limited to suppliers, vendors, visitors to Defendants' facilities and displays or demonstrations at electronics or gaming shows or conventions, technicians, partners, consultants, and customers.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents that constitute, refer to, relate to, or concern in any way any efforts or attempts by Palmer Luckey or Oculus to obtain, use or utilize information, technology or know-how of ZeniMax or id.

7

**REQUEST FOR PRODUCTION NO. 43:**

Any and all Documents concerning any investigation into whether Defendants possess or have used or disclosed materials that are, or that Plaintiffs have asserted are, Plaintiffs' Confidential Information, Copyrighted Materials, or Trademarked Materials.

### Requests Related To Financial And Market Information

**REQUEST FOR PRODUCTION NO. 44:**

Any and all competitive analyses of ZeniMax, id or the virtual reality market.

**REQUEST FOR PRODUCTION NO. 45:**

Documents sufficient to identify each version or iteration of Oculus's agreements or contracts with its past, present, or potential suppliers, contractors, and customers.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all Documents and Communications related to Oculus's sale or licensing of, or attempted or potential sale or licensing of, any of Defendants' Products, including but not limited to Documents and Communications related to discussions, terms, proposals, arrangements for compensation, and/or agreements between Oculus and any of Epic, Valve, NVidia, Hewlett-Packard, or Dell regarding actual or potential sale or licensing of any Oculus product, and further including any Documents and Communications related to discussions, terms, proposals, arrangements for  compensation, and/or agreements between Oculus and Sony regarding actual or potential sale or licensing of any Oculus product as reported in the press in June 2014 (for example, in an article titled "Oculus VR Looking for Help to Build its Headsets" on Gamespot.com, dated June 26, 2014).

**REQUEST FOR PRODUCTION NO. 47:**

Any and all Documents concerning business plans, forecasts, financial statements or analyses, or projections concerning Oculus and Defendants' Products, including but not limited to the Oculus Rift.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to determine Oculus's total profits and revenue, and profits and revenue derived from each of Defendants' Products, including but not limited to the Oculus Rift, for each fiscal year and quarter from Oculus's inception to the present.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to identify costs incurred by Defendants to develop their Products, including but not limited to the Oculus Rift.

8

**REQUEST FOR PRODUCTION NO. 50:**

Any and all Documents relating to pricing or pricing plans for Defendants' Products, including but not limited to the Oculus Rift.

**REQUEST FOR PRODUCTION NO. 51:**

Any and all Documents that relate to the commercial viability of Defendants' Products, including but not limited to the Oculus Rift.

## Other Requests

**REQUEST FOR PRODUCTION NO. 52:**

Any and all Documents or Communications relating to the affirmative defenses alleged by Defendants in this Action.

**REQUEST FOR PRODUCTION NO. 53:**

Any and all Documents and Communications that you identify, reference, use, or rely upon in responding to Plaintiffs' First Set of Interrogatories to Defendants.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents considered or relied upon by a Person with whom you will call to provide expert testimony in this Action.

**REQUEST FOR PRODUCTION NO. 55:**

All reports, opinions, and curriculum vitae of any Person(s) whom you expect to present at trial as an expert witness.

**REQUEST FOR PRODUCTION NO. 56:**

To the extent not requested by the prior Requests contained herein, all Documents Oculus will, or anticipates that it will, rely upon at trial in this Action, without regard to the date of such Documents.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to identify and reflect Oculus's Document preservation policies and/or practices, including but not limited to its policies and/or practices in relation to preservation of e-mail and electronically stored Documents and Communications.

9

## DEFINITIONS

1.      As used herein, "Plaintiffs" refers to ZeniMax Media Inc. ("ZeniMax"), id Software LLC ("id"), or both, as appropriate to the Request.

2.      As used herein, "Defendants" refers to Palmer Luckey, Oculus VR, Inc. and its corporate predecessors, including Oculus LLC ("Oculus"), or both, as appropriate to the Request.

3.      As used herein, "Party" refers to Plaintiffs or Defendants, and "Parties" refers to both Plaintiffs and Defendants.

4.      As used herein, the terms Plaintiffs or Defendants, as well as a Party's full or abbreviated name, or a pronoun referring to a Party (*e.g.*, "you" or "your"), means the Party and, where applicable at the relevant time, its agents, representatives, members, officers, directors, employees, consultants, partners, corporate parents, subsidiaries, attorneys, superiors, principals, or affiliates.

5.      As used herein, the term "Action" refers to *ZeniMax Media Inc. et al v. Oculus VR, Inc. et al*, Case No. 3:14-cv-01849-P (N.D. Tex.).

6.      As used herein, the term "Complaint" refers to Plaintiffs' Complaint filed in this Action, Docket No. 1.

7.      As used herein, the term the "Answer" refers to Defendants' Answer and Affirmative Defenses filed in this Action, Docket No. 26.

8.      As used herein, the term "Facebook" refers to Facebook, Inc.

9.      As used herein, the term "Plaintiffs' Former Employees" refers to any former employees of Plaintiffs that were or are employed by Defendants, including but not limited to Christian Antkow, John Carmack, Matthew Hooper, Gloria Kennickell, Jason D. Kim, Jan Paul van Waveren, and Jonathan E. Wright.

10.      As used herein, the terms "Defendants' Product(s)" or "Product(s) of Defendants" refers to all versions and iterations of Defendants' devices, programs, hardware, software, and other technologies and projects, regardless of whether the aforementioned were previously developed, are in development, or are planned for development, and regardless of whether the aforementioned were released to the public or offered for sale. The terms Defendants' Product(s) or Product(s) of Defendants include, but are not limited to, Defendants' Oculus Rift virtual reality headset ("Oculus Rift"), including any consumer-facing version of the Oculus Rift, and the Oculus Rift's Software Development Kit.

11.      As used herein, the term "Confidential Information" refers to proprietary or commercially-sensitive information, or other information that qualifies for protection under Federal Rule of Civil Procedure 26(c), including, without limitation: (i) Source Code; (ii) trade secrets, including "negative trade secrets"; (iii) technical and customer information, including

10

know-how and proprietary data, schematics, communications, and other technical work product; (iv) information related to unreleased products and processes in development; (v) damages-related information, including but not limited to financial, business, or marketing plans, projections, forecasts, strategies or analyses, and sales, cost, profit, pricing or margin information; and (vi) confidential regulatory materials.

12.     As used herein, the term "Source Code" refers to computer code and related information, including, without limitation: (i) computer source code; (ii) object code, (iii) coding comments and other Documents that describe encoding or decoding algorithms used in computer source code; (iv) comments and revision histories associated with computer code; and (v) formulas, engineering specifications or schematics that define or otherwise describe the algorithms or structure of software or hardware designs.

13.     As used herein, the term "Copyrighted Materials" includes, without limitation, Plaintiffs' copyrights in the: (i) "*Doom 3: BFG Edition*" computer program, (ii) ZeniMax VR Testbed Code; and (iii) ZeniMax VR Implementation Code.

14.     As used herein, the term "Trademarked Materials" includes, without limitation, the following U.S. Trademark Registrations by Plaintiffs: (i) No. 2,050,083 for "DOOM"; (ii) No. 2,928,605 for "DOOM 3"; (iii) No. 2,303,100 for "DOOM II" and design; (iv) No. 2,165,125 for "ID"; (v) No. 3,923,244 for "RAGE"; (vii) No. 4,198,972 for "RAGE" and design; (viii) No. 4,094,299 for "RAGE" and design; (ix) No. 3,972,050 for "RAGE" and design; (x) No. 4,080,839 for "SKYRIM"; (xi) No. 4,097,150 for "SKYRIM"; and (xii) No. 4,280,859 for "SKYRIM".

15.     As used herein, the term "Person" shall be construed to include, in addition to the natural person, any and all other legal entities.

16.     As used herein, references to any legal entity shall include, in addition to the entity, any agent, representative, officer, member, director, employee, consultant, partner, corporate parent, subsidiary, attorney, superior, principal, or affiliate thereof.

17.     As used herein, the terms "Communication(s)" means any contact or the transmittal of any information in the form of facts, ideas, inquiries, or otherwise, whether formal or informal, oral or documentary, electronic or in writing, by video, telephone, or in any other form.  Communication(s) include but are not limited to messages, e-mail, facsimiles, file transfers, message board posts and private messages, internet communications, internal or external memoranda, notes, meetings, calls, audio or visual messages or recordings, and cellular telephone messaging.

18.     As used herein, the term "Document(s)" is used in its broadest sense and includes, without limitation, original and all non-identical copies (including drafts and those with any notations) of all documents, writings, recordings, and photographs of the type designated in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001.  The term Document(s) encompasses materials in digital form, including, without limitation, e-mail, electronically stored documents, and other records on any device such as desktop or laptop

11

computer, portable hard-drive or thumb-drive, mobile phone, or smart phone (*e.g.*, Blackberry or iPhone). The term Document(s) includes, but is not limited to, any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, annual report, financing statement, audit report, tax return, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, and data sheet, however produced. For the purposes of these Requests, Document shall be construed to also include "things" (*i.e.*, any physical object).

19. As used herein, the term "evidencing" means tending to show, in any probative manner, the existence or nonexistence of any matter.

20. As used herein, the terms "concern(s)" or "concerning" mean in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, constituting, containing, pertaining to, relevant to, material to, affecting, considering, embodying, concerning, showing, comprising, reflecting, identifying, stating, dealing with, commenting on, responding to, describing, involving, discussing, recording, supporting, or negating a given subject matter.

21. As used herein, the term "identify" shall mean, when used with reference to:

(a) <u>Person or Persons</u>. His or her full name, present or last known employer, job title, present or last known residence addresses and telephone numbers, and present or last known business addresses and telephone numbers;

(b) <u>Business Entity</u>. The full name and address of the entity and the names and positions of the individual or individuals connected with such entity who have knowledge of the information requested;

(c) <u>Oral or Written Communications or Documents</u>. The type of Communication or Document (*e.g.*, letter, memorandum, report, notes, etc.), its date, author(s) or originator(s), addressee(s), the organization, if any, with which the addressee(s) are or were connected, all individuals who received copies of the Document, the identity of Persons known or presumed by you to have present possession, custody or control of the Document, a detailed description of the substance of the Document or Communication, and the Bates numbers or other label(s) associated with the Document. Any request to identify Communications or Documents should also provide the present location of the Document and each known copy thereof, including the title, index number and location, if any, of the file in which the Document is kept by Defendants or the file from which such Document was removed, and identify of all Persons responsible for the filing or other disposition of the Document.

(d) <u>Product</u>. The name, version, release, number, designation, trademark or any other designation customarily used by the Party concerned to designate such product. Any request to identify the product shall also include dates of conception, reduction to practice, and first sale, and a list of all employees who have worked on that product, and their roles in the creation, development, production or other activity related to the product.

22.     As used herein, the terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

23.     As used herein, the term "any" or "each" shall be construed to include "all."

24.     As used herein, the use of the term "the" shall not be construed as limiting the scope of any Request.

25.     As used herein, the term "including" shall not be construed as limiting any Request, and shall mean "including, but not limited to."

26.     As used herein, the singular also includes the plural, and vice-versa.

## INSTRUCTIONS

The following instructions apply:

1.     Answer each Request separately by listing the responsive Documents and by describing them as defined below.  All Documents shall be: (i) organized and designated to correspond to the categories in these Requests or, if not, (ii) produced as they are maintained in the normal course of business, and in either case: (a) all associated file labels, file headings, and file folders shall be produced together with the responsive Documents and each file shall be identified as to its owner or custodian; (b) all Documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies (but Plaintiffs reserve the right to inspect the originals); and (c) each page shall be given a discrete production number and produced in Bates-numbered form.

2.     Documents stored electronically must be produced in the form or forms in which they are ordinarily maintained. Producing electronic Documents in the "form or forms in which they are ordinarily maintained" does not include printing those Documents and scanning them in a PDF format.

3.     All Source Code must be produced in native format.

4.     These Requests call for Documents that are known or available to Defendants, or in the possession, custody, or control of Defendants, including all Documents known or available to attorneys, agents, representatives, investigators, or any other Person acting on behalf of Defendants or under the direction or control of Defendants, its attorneys, agents, representatives, or investigators.

5.     Possession, custody and control does not require that you have actual physical possession; instead, if you have physical control or a superior right to compel production from another, the requested Document must be produced.

6.     In the event that multiple copies of a Document exist, produce every copy on which any notations or markings of any sort not appearing on any other copies exist.

13

7.     If any of the Documents cannot be produced in full, you are requested to produce them to the fullest extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

8.     If you or your attorneys know of the existence, past or present, of any Document described in any of these Requests, but such Document is not presently in your possession, custody, or control or in the possession, custody or control of your agents, representatives, or attorneys, you shall so state in response to the Request.  For any such Documents, provide the disposition of each such Document, including the date of, method of and reasons for such disposition, and the name and address, if known, of any Person who has seen the Document or who now has custody, control or possession thereof.   If such Document no longer exists, state when, how, and why such Document ceased to exist.

9.     If in answering these Requests you claim any ambiguity in either a Request or a definition or instruction applicable thereto, identify in your response the language you consider ambiguous and state the interpretation you are using in responding.

10.     If you object to any Request or part thereof, produce all relevant Documents to which your objection does not apply.

11.     If any Documents are withheld under a claim of privilege, produce all relevant Documents to which your claim of privilege does not apply, and also state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid. For allegedly privileged Documents, include: (i) any privilege or immunity from discovery asserted; (ii) the nature of the Document (letter, memorandum, notes, etc.); (iii) the author; (iv) the addressee, including recipients of copies; (v) the date; (vii) each and every Person who has seen such Document or a portion of such Document; (viii) the subject matter and general nature of the information; and (ix) all other facts which are alleged to support the assertion of privilege or immunity.

12.     These Requests are intended as continuing, requiring you to supplement your production of Documents pursuant to Federal Rules of Civil Procedure 26 and 34.

Dated: July 9, 2014

                  s/ P. Anthony Sammi

                  PHILLIP B. PHILBIN
                  Texas State Bar No. 15909020
                  E-mail: phillip.philbin@haynesboone.com
                  **HAYNES AND BOONE LLP**
                  2323 Victory Avenue, Suite 700
                  Dallas, Texas 75219
                  Telephone No.: 214-651-5000
                  Facsimile No.: 214-651-5940

                  P. ANTHONY SAMMI
                  E-mail: Anthony.Sammi@skadden.com
                  KURT WM. HEMR
                  E-mail: Kurt.Hemr@skadden.com
                  JAMES Y. PAK
                  Texas State Bar No. 24086376
                  E-mail: James.Pak@skadden.com
                  KRISTEN VOORHEES
                  E-mail: Kristen.Voorhees@skadden.com
                  (admitted *pro hac vice*)
                  **SKADDEN, ARPS, SLATE,**
                      **MEAGHER & FLOM LLP**
                  Four Times Square
                  New York, New York 10036
                  Telephone No.: 212-735-3000
                  Facsimile No.: 212-735-2000

                  *Attorneys for Plaintiffs*

15

## CERTIFICATE OF SERVICE

      I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing ZeniMax Media Inc. and id Software LLC's First Set of Requests for Production to Oculus VR, Inc. and Palmer Luckey to be sent by hand delivery to counsel for Defendants.

      Dated: July 9, 2014            <u>s/ James Y. Pak</u>

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY, and<br>FACEBOOK, INC.,<br><br>Defendants. | § § § § § § § § § § § § | **CIVIL CASE NO. 3:14-cv-01849-P** |

## ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, ZeniMax Media Inc. ("ZeniMax") and id Software LLC ("id Software") (collectively, "Plaintiffs"), by and through their attorneys, hereby direct the following Requests for Production to Oculus VR, LLC ("Oculus"), Palmer Luckey, and Facebook, Inc. ("Facebook") (collectively, "Defendants"). Plaintiffs request that Defendants produce or make the requested documents and things available for inspection and/or copying in accordance with the Definitions and Instructions set forth below, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, within 30 days after service hereof.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 58:

To the extent not requested by prior Requests in this Action, the contents of all communications sent or received via the messaging feature available on the online forum "Meant to Be Seen" (hosted at http://www.mtbs3d.com/) between Palmer Luckey, or any employee of Oculus, and John Carmack, or any employee or Former Employee of Plaintiffs, including but not limited to:



1



2



**REQUEST FOR PRODUCTION NO. 59:**

To the extent not requested by prior Requests in this Action, all Documents and Communications concerning, evidencing, or created as a result of the Facebook-Oculus Merger, including but not limited to: (i) the formation agreement for Inception Acquisition Sub I, Inc.; (ii) the formation agreement for Inception Acquisition Sub II, LLC; (iii) the limited liability corporation formation agreement for Oculus VR, LLC; (iv) the March 25, 2014 Oculus-Facebook Merger Agreement with all schedules and exhibits; and (v) the April 21, 2014 Oculus-Facebook Amended Merger Agreement with all schedules and exhibits.

**REQUEST FOR PRODUCTION NO. 60:**

To the extent not requested by prior Requests in this Action, all Documents and Communications that originated at ZeniMax or id Software, or that are derived from such documents.

**REQUEST FOR PRODUCTION NO. 61:**

To the extent not requested by prior Requests in this Action, all Documents or Communications that contain information about Plaintiffs, including but not limited to Documents and Communications that refer in an express or implied manner to ZeniMax or id Software, or contain any logo, symbol, sign, insignia, emblem or other designating mark of ZeniMax or id Software.

**REQUEST FOR PRODUCTION NO. 62:**

To the extent not requested by prior Requests in this Action, all Documents and

3

Communications reflecting or referring to materials that are, or that Plaintiffs have asserted are, Plaintiffs' Confidential Information, Source Code, Copyrighted Materials, or Trademarked Materials, including Documents and Communications regarding the Plaintiffs' gaming engines (*e.g.*, id Tech 4, id Tech 5, id Tech 6), "megatexture" texture mapping techniques, and/or stereoscopic rendering techniques.

**REQUEST FOR PRODUCTION NO. 63:**

To the extent not requested by prior Requests in this Action, all Documents now in the possession of Defendants that were created, produced, generated or authored by any individual or group of individuals during the term of their employment at Plaintiffs.

**REQUEST FOR PRODUCTION NO. 64:**

To the extent not requested by prior Requests in this Action, all Documents or Communications received by or accessible to Defendants, including through file transfer or file sharing mechanisms such as FileZilla, SkyDrive, OneDrive, or DropBox, that contain or concern Plaintiffs' Confidential Information, Source Code, and/or Copyrighted Materials.

**REQUEST FOR PRODUCTION NO. 65:**

To the extent not requested by prior Requests in this Action, all Documents or Communications sent by Plaintiffs to Defendants, whether public or private, including but not limited to messages sent via Facebook, Twitter, and the messaging feature available on the online forum "Meant to Be Seen" (hosted at http://www.mtbs3d.com/).

**REQUEST FOR PRODUCTION NO. 66:**

To the extent not requested by prior Requests in this Action, all Documents or Communications concerning John Carmack between January 1, 2011 and September 1, 2013, whether by e-mail, messaging or forum posts, exchange of media, file transfer protocol, or other method of information transfer.

**REQUEST FOR PRODUCTION NO. 67:**

To the extent not requested by prior Requests in this Action, all Documents or Communications involving Plaintiffs Former Employees created prior to February 20, 2014, whether by e-mail, private messaging or forum posts, exchange of media, file transfer protocol, or other method of information transfer.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents or Communications concerning the evaluation of Oculus's Products exchanged by or between Defendants and one or more of the following parties: (i) Samsung; (ii) Epic Games; (iii) Valve; and/or (iv) Unity.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents or Communications concerning partnerships, contracts, or agreements between Oculus and one or more of the following parties: (i) Samsung; (ii) Epic Games; (iii) Valve; and/or (iv) Unity, regardless of whether there are other parties to such partnerships, contracts, or agreements.

**REQUEST FOR PRODUCTION NO. 70:**

To the extent not requested by prior Requests in this Action, copies of the *DOOM 3: BFG Edition* and/or *ZeniMax VR Testbed* software or source code provided by Plaintiffs to Defendants, which should be produced in their native format.

**REQUEST FOR PRODUCTION NO. 71:**

To the extent not requested by prior Requests in this Action, all advertisements or promotional materials used at any time by or on behalf of any person or entity to promote the sale of any version of Defendants' Products to customers or to retailers or resellers, including without limitation each promotional email, Internet advertisement, print advertisement, brochure, video, point of sale material, and similar promotional material.

**REQUEST FOR PRODUCTION NO. 72:**

Documents sufficient to identify any websites owned, operated, controlled, or registered by Defendants, including but not limited to domain name registration and renewal documents.

**REQUEST FOR PRODUCTION NO. 73:**

All entries that have ever been posted to the "Oculus Rift: Step Into the Game" Kickstarter project (hosted at https://www.kickstarter.com/projects/1523379957/oculus-rift-step-into-the-game/).

**REQUEST FOR PRODUCTION NO. 74:**

All entries that have ever been posted to the "blog" section of the Oculus website (hosted at http://www.oculusvr.com/blog/).

**REQUEST FOR PRODUCTION NO. 75:**

All entries that have ever been posted to the "news" section of the Oculus website (hosted at http://www.oculusvr.com/news/).

**REQUEST FOR PRODUCTION NO. 76:**

All entries that have ever been posted to the "events" section of the Oculus website (hosted at http://www.oculusvr.com/events/).

5

**REQUEST FOR PRODUCTION NO. 77:**

To the extent not requested by prior Requests in this Action, Documents sufficient to identify each consumer inquiry or communication sent to Defendants by a customer referring in any way to Oculus's Products or to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 78:**

All documents describing, referring to, or summarizing any consumer studies, focus groups, market studies, or any other comparable analyses, and the results thereof, involving any of Oculus's Products.

**REQUEST FOR PRODUCTION NO. 79:**

Any and all hardcopy or electronic press files maintained by Defendants, including but not limited to articles, interviews, and videos concerning or regarding Oculus's Products.

## DEFINITIONS

As relevant here, Plaintiffs hereby incorporate all Definitions from ZeniMax Media Inc. and id Software LLC's First Set of Requests for Production and Inspection to Oculus VR, Inc. and Palmer Luckey, served July 9, 2014, except that the following superseding Definitions shall apply to Plaintiffs' Second Set of Requests for Production:

1.      As used herein, "Defendants" refers to Palmer Luckey, Oculus and its corporate predecessors, including Oculus LLC and Oculus VR, Inc., Facebook, or any combination thereof, as appropriate to the Request.

2.      As used herein, the term "Action" refers to *ZeniMax Media Inc. et al v. Oculus VR, LLC et al.*, Case No. 3:14-cv-01849-P (N.D. Tex.).

3.      As used herein, the term "Facebook-Oculus Merger" refers to the acquisition transaction between Facebook and Oculus VR, Inc. announced March 25, 2014 and which closed July 21, 2014.

## INSTRUCTIONS

As relevant here, Plaintiffs hereby incorporate all Instructions from ZeniMax Media Inc. and id Software LLC's First Set of Requests for Production and Inspection to Oculus VR, Inc. and Palmer Luckey, served July 9, 2014.

6

Dated: September 17, 2014

_____
PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
   **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

7

## CERTIFICATE OF SERVICE

I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *ZeniMax Media Inc. and id Software LLC's Second Set of Requests for Production to Defendants* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.

Dated: September 17, 2014

_____
James Y. Pak

8

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY, and<br>FACEBOOK, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§   **CIVIL CASE NO. 3:14-cv-01849-P**<br>§<br>§<br>§<br>§<br>§<br>§ |

### ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S SECOND SET OF INTERROGATORIES TO OCULUS VR, LLC AND PALMER LUCKEY

Pursuant to Federal Rules of Civil Procedure 26 and 33, ZeniMax Media Inc. ("ZeniMax") and id Software LLC ("id Software") (collectively, "Plaintiffs"), by and through their attorneys, hereby direct the following Interrogatory to Oculus VR, LLC ("Oculus") and Palmer Luckey. Plaintiffs request that Oculus and Luckey answer the following Interrogatory, in writing and under oath, and serve a copy of their respective responses in accordance with the Definitions and Instructions below upon the undersigned counsel at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, within 30 days after service hereof.

### INTERROGATORY

### INTERROGATORY NO. 11:

Provide a description of each of Oculus's Products, including but not limited to the following hardware and software items identified in Exhibit A to Defendant Oculus VR, LLC (Successor By Merger To Oculus VR, Inc.) And Palmer Luckey's Responses To ZeniMax Media Inc. And id Software LLC's First Set Of Interrogatories served on August 8, 2014:



1



Include in your description of each Product (a) a list of all hardware and software components that the Product contains; (b) the dates that the Product was first conceived, first reduced to practice, and first distributed or marketed outside Oculus (if at all); (c) the name and title of present or former employees of Oculus, Luckey, or Facebook, Inc. who had significant involvement in the development of that Product; (d) the names of third parties who had any involvement whatsoever in the development of that Product; and (e) production numbers or other identifying information under which program code or Source Code for software components contained in the Product has been produced in this action.

## DEFINITIONS

Plaintiffs hereby incorporate by reference all Definitions from ZeniMax Media Inc. and id Software LLC's First Set of Interrogatories to Oculus VR, Inc. and Palmer Luckey, served July 9, 2014, except that the following superseding Definitions shall apply to Plaintiffs' Second Set of Interrogatories:

1.     As used herein, the terms "Oculus's Product(s)" refers to all versions and iterations of Oculus's devices, programs, hardware, software, Source Code and other technologies and projects, regardless of whether the aforementioned were previously developed, are in development, or are planned for development, and regardless of whether the aforementioned were released to the public or offered for sale.

2.     As used herein, the term "Source Code" refers to computer code and related information, including, without limitation: (i) computer source code; (ii) object code, (iii) coding comments and other Documents that describe encoding or decoding algorithms used in computer source code; (iv) comments and revision histories associated with computer code; and (v) formulas, engineering specifications or schematics that define or otherwise describe the algorithms or structure of software or hardware designs.

2

# INSTRUCTIONS

Plaintiffs hereby incorporate by reference all Instructions from ZeniMax Media Inc. and id Software LLC's First Set of Interrogatories to Oculus VR, Inc. and Palmer Luckey, served July 9, 2014.

Dated: September 17, 2014

_____

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
 **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *ZeniMax Media Inc. and id Software LLC's Second Set of Interrogatories to Oculus VR, LLC and Palmer Luckey* to be served on all parties by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.


Dated: September 17, 2014                    _____
                                             James Y. Pak


4

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC, PALMER LUCKEY, and<br>FACEBOOK, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION
NO. 3:14-01849-P

JURY TRIAL DEMANDED

**DEFENDANT FACEBOOK'S OBJECTIONS TO ZENIMAX MEDIA INC. AND ID
SOFTWARE LLC'S FIRST SET OF REQUESTS FOR PRODUCTION AND
INSPECTION**

Pursuant to Federal Rule of Civil Procedure 34(b), defendants Facebook, Inc.

("Facebook") submits the following objections to plaintiff ZeniMax Media Inc. and id Software

LLC's (collectively, "Plaintiffs" or "ZeniMax") First Set of Requests for Production and

Inspection ("Document Requests").

## PRELIMINARY STATEMENT

Facebook objects to the Document Requests as premature. On September 19, 2014,

Facebook filed a Motion to Dismiss Counts 1, 2, 4, 5, and 6 (Dkt. No. 47), which represent all

counts plead against Facebook. That same day, Defendants Oculus VR, LLC (successor by

merger to Oculus VR, Inc.) ("Oculus") and Palmer Luckey filed their Motion to Dismiss Counts

1, 3, and 6, and In the Alternative to Dismissing Count 1, Motion for Order Requiring

Identification of Trade Secrets with Particularity (Dkt. No. 45). On September 24, 2014,

Facebook, Oculus, and Palmer Luckey (collectively, "Defendants"), filed a Motion for Protective

Order to Stay Discovery (Dkt. No. 55). On October 3, 2014, Defendants filed an opposition to Plaintiffs' Motion (a) To Overrule Objections to Discovery and (b) To Compel Defendants to Proceed with Discovery (Dkt. 61).

Any discovery as to Facebook is premature pending the Court's resolution of these motions. Discovery is also premature given that Plaintiffs and Facebook have not conducted a conference pursuant to Federal Rule of Civil Procedure 26(f). By letter of counsel dated September 10, 2014, Plaintiffs have refused to conduct such a conference.

Should its Motion to Dismiss not be granted in its entirety, Facebook reserves the right to supplement its objections and responses to those the Document Requests that remain relevant, as appropriate, following the Court's ruling on the above pending motions and the parties' conference pursuant to Federal Rule of Civil Procedure 26(f).

Facebook's specific objections follow Facebook's General Objections.

1.      Facebook neither waives nor intends to waive, but expressly reserves, any and all objections they may have to the relevance, competence, materiality, admissibility, or use at trial of any information, documents, or writings produced, identified, or referred to herein, or to the introduction of any evidence at trial relating to the subjects covered by any response.  All such objections may be made at any time up to and including the time of trial.

2.      Should production become necessary, Facebook reserves the right to decide whether the documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Document Requests, in accordance with Federal Rule of Civil Procedure 34(b).

3.      Facebook reserves the right to supplement and amend their response and, if

2

necessary, to assert additional objections arising from further investigation.

4.     Should discovery become necessary, Facebook reserves the right to make any use of, or to introduce at any hearing and at trial, information, and/or documents responsive to the Document Requests but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein.  Facebook's investigation is continuing and ongoing and Facebook expressly reserves the right to revise and/or supplement these responses.

5.     The specific response set forth below is based upon Facebook's interpretation of the language used in the Document Requests, and Facebook reserves its right to amend or supplement further their response in the event that Plaintiffs assert an interpretation that differs from Facebook's interpretation.

6.     Facebook's response to a particular Document Request shall not be interpreted as implying that responsive documents and things exist or that Facebook acknowledge the appropriateness of the Document Request.

7.     Facebook reserves the right to object on any ground to such other or supplemental requests for production involving or relating to the subject matter of these Document Requests.

## GENERAL OBJECTIONS

The following general objections are incorporated into each of Facebook's responses as if fully set forth in them. Facebook's responses to these Document Requests shall not be deemed a waiver of any General Objection.

1.     Facebook objects to the Document Requests to the extent that they are overly broad and unduly burdensome.

3

2.      Facebook objects to the Document Requests to the extent they seek information not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Facebook objects to the Document Requests to the extent they seek documents or information that is protected from discovery by any privilege or protection, including the attorney-client privilege or the work product doctrine.  Facebook construes the Document Requests as not seeking such documents or information, and such documents or information shall not be produced in response to the Document Request.  Any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or immunity with respect to such documents or information or of any work-product protection which may attach thereto.

4.      If one or more documents are produced that are privileged or otherwise protected from disclosure, such production is inadvertent and is not intended as a waiver of such privilege or protection.

5.      Facebook objects to the Document Requests to the extent the requests are vague, ambiguous, and/or unintelligible or to the extent they require legal conclusion.

6.      Facebook objects to the Document Requests as overly broad and unduly burdensome to the extent they seek proprietary and/or confidential marketing and business information that is not relevant to any claim or defense of any party in this litigation nor likely to lead to the discovery of admissible evidence.

7.      Facebook objects to the Document Requests, definitions, and instructions to the extent that they purport to give meaning to words different from their ordinary English meaning or definitions set forth in applicable statutes or rules.

4

8.     Facebook objects to the Document Requests, definitions, and instructions to the extent they purport to require Facebook to produce documents or information that are not in Facebook's possession, custody, or control or to the extent that such Document Requests impose obligations upon Facebook not required by the Federal Rules of Civil Procedure or applicable law, including without limitation instructions concerning the identification of privileged and/or work product protected documents and to the extent the instructions require a log of privileged communications post-dating the filing of the Complaint.

9.     Facebook objects to the fourth definition set forth by ZeniMax as being overly broad and invasive of the attorney-client privilege and attorney work product doctrine, to the extent that the definition includes Facebook's counsel.  Facebook further objects to the definition to the extent that it fails to recognize that actions taken by past or current employees outside the scope of their employment and/or actions taken without Facebook's knowledge are not attributable to Facebook.  In responding to these requests should responses become necessary, Facebook will respond on the basis that the terms "Defendants," "Oculus, VR, Inc." and "Palmer Luckey" refer only to Oculus, VR, Inc., Oculus VR, LLC and Palmer Luckey, respectively.  In so responding, Facebook will respond on the basis that the term "Complaint" refers to the complaint filed on May 21, 2014 and the term "Answer" refers to the answer filed on June 25, 2014.

10.     Facebook objects to the definition of "Plaintiffs' Former Employees" to the extent it assumes that Facebook is aware of all people previously employed by Plaintiffs.  References to "Plaintiffs' Former Employees" in these responses refer to the seven specifically named persons in the definition of Plaintiffs' Former Employees.

5

11.     Facebook objects to the definition of the terms "Defendants' Products" and "Products of Defendants" as vague and ambiguous in their use of the terms "technologies" and "projects" and overbroad to the extent the definition is intended to encompass products other than the Oculus Rift and its associated Software Development Kits.  References to "Defendants' Products" in these responses refer to the Oculus Rift and its associated Software Development Kits.

12.     Facebook objects to the definition of the term "Copyrighted Materials" as vague and ambiguous in that it does not define the "ZeniMax VR Testbed Code" or the "ZeniMax VR Implementation Code."

13.     Facebook objects to the definition of the term "Trademarked Materials" in that it provides no definition but rather only has an "includes" clause.  Facebook therefore limits its responses to only those trademarks identified within the "includes" clause.

14.     Facebook objects to the Document Requests to the extent that they seek information already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including without limitation those requests that call for production of documents which are publicly available or are already in Plaintiffs' possession, custody, or control.

15.     Defendants object to the Document Requests to the extent that they call for "all documents" that relate to a given topic as premature, in that discovery is ongoing, and Defendants have yet to complete discovery from Plaintiffs and/or relevant third parties.

16.     Facebook objects to the Document Requests to the extent that they call for "all documents" that relate to a given topic as overly broad and unduly burdensome.

6

17.     Facebook objects to the Document Requests to the extent they are unlimited or otherwise overly broad in time.

18.     Facebook objects to the Document Requests to the extent they seek documents and information that contain confidential information or trade secrets of Facebook, the disclosure of which would be unduly prejudicial to Facebook.  Facebook will not produce any documents until the parties agree upon and the Court enters an appropriate protective order.

19.     Facebook objects to the Document Requests to the extent they make inquiries about matters the disclosure of which is prohibited or protected by statute, regulation or other applicable laws.

20.     Facebook objects to the Document Requests to the extent that they request not only written responses within thirty days but also complete production of documents within thirty days.  Facebook will produce documents responsive to the Document Requests at a mutually agreeable time and place.

21.     Facebook objects to the Document Requests to the extent they seek information that Facebook is not permitted to disclose pursuant to confidentiality obligations to third parties. Facebook will do so only in accordance with an appropriate Protective Order to be negotiated and entered in this case and only after providing any required notice to third parties and/or obtaining any required authority to disclose such information from third parties.

22.     Facebook objects to the Document Requests to the extent they seek to elicit information that is subject to a right of privacy under the relevant provisions of federal and state law.

23.     Facebook objects to the Document Requests to the extent they make assumptions

7

of facts.

## SPECIFIC RESPONSES AND OBJECTIONS

## REQUESTS FOR INSPECTION

### REQUEST FOR INSPECTION NO. 1:

All iterations of the Oculus Rift and its Software Development Kit in an operable condition, including but not limited to those versions or iterations created prior to April 2012, whether consumer-facing or otherwise.

### RESPONSE TO REQUEST FOR INSPECTION NO. 1:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available. Facebook further objects to this request as overly broad and unduly burdensome in requesting *all iterations* of the Oculus Rift and its Software Development Kit.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Communications between Plaintiffs and Palmer Luckey and/or Oculus from January 1, 2012 to the present, whether by e-mail, private messaging or forum posts, exchange of media, or file transfer protocol (including by way of example only the Communications referenced in 43, 44, 49, 70, 74, 75, 84, 85, 86, and 89 of the Complaint), and all Documents

8

incorporating or referencing those Communications, including but not limited to e-mail chains forwarding those Communications in whole or in part or commenting on those Communications.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available. Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* communications between Plaintiffs and Facebook from January 1, 2012 to present and *all* documents incorporating or referencing those communications. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

## REQUEST FOR PRODUCTION NO. 2:

All Communications involving John Carmack from January 1, 2012 to the present, whether by e-mail, private messaging or forum posts, exchange of media, or file transfer protocol (including by way of example only the Communications referenced in ¶¶ 43, 44, 49, 84, 85, 86, and 89 of the Complaint), and all Documents incorporating or referencing those Communications, including but not limited to e-mail chains forwarding those Communications in whole or in part or commenting on those Communications.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents

9

subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* communications involving John Carmack from January 1, 2012 to present and *all* documents incorporating or referencing those communications.  Facebook further objects to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available.  Facebook objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all Documents or Communications concerning the Non-Disclosure Agreement referenced in ¶¶ 32-36 of the Complaint, including but not limited to the Non-Disclosure Agreement itself.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as overly broad and unduly burdensome in requesting *any* and *all* documents and communications concerning the Non-Disclosure Agreement referenced in the Complaint. Facebook further objects to this request to the extent that it seeks documents and things already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including Plaintiffs' own files.  Facebook

10

objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all Documents referring to negotiations between the Parties for an equity stake in Oculus, as referenced in ¶¶ 73-91 of the Complaint, including but not limited to any and all Documents concerning each offer and counteroffer, Defendants' impressions and evaluations of each offer, and Oculus's negotiation strategy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as vague and ambiguous in its use of the terms "equity stake" and "negotiation strategy."  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all versions of Source Code, including but not limited to object code, associated with each of Defendants' Products, including but not limited to the Oculus Rift, whether that Source Code is contained in electronic work directories (including, without limitation, the work directories of each of Plaintiffs' Former Employees), shared drives, common directories, or libraries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Facebook incorporates its Preliminary Statement and all of its General Objections.

11

Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* versions of Source Code associated with *each* of Defendants' Products.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks confidential source code of Facebook before a protective order containing appropriate source code specific provisions has been agreed to between the parties and entered by the Court. Facebook further objects to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

## REQUEST FOR PRODUCTION NO. 6:

All Documents relating to or evidencing Communications between Palmer Luckey and/or Oculus and Facebook, including but not limited to any Communications, term sheets, agreements, documents in a "data room," or other deal documents generated by Palmer Luckey, Oculus, or Facebook in reference to the proposed acquisition announced on March 25, 2014 and discussed in ¶ 101 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to

12

this request to the extent it seeks confidential information or trade secrets of Facebook.
Facebook further objects to the use of the phrase "data room" as vague and ambiguous in that it
is an undefined term.  Facebook further objects to this request to the extent that it seeks
documents and things not relevant to the subject matter of this litigation, and is not reasonably
calculated to lead to the discovery of admissible evidence.  Facebook further objects to this
request to the extent it seeks highly sensitive and confidential documents bearing no relevance to
this dispute, the disclosure of which would be unduly prejudicial to Facebook.  Facebook further
objects to this request to the extent it seeks documents and things outside of Facebook's
possession, custody or control.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not requested by the prior Requests contained herein, any and all
Documents in Plaintiffs' control or possession that originated at ZeniMax or id, or are derived
from Documents that originated at ZeniMax or id, including by way of example only the
Documents discussed in ¶¶ 43 and 44 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Facebook incorporates its Preliminary Statement and all of its General Objections.
Facebook further objects to this request to the extent that it calls for the production of documents
subject to the attorney-client privilege and work-product protection.  Facebook further objects to
this request as vague and ambiguous in its use of the terms "originated" and "derived."
Facebook further objects to this request to the extent that it seeks documents and things already
known to Plaintiffs or information that is available to Plaintiffs through other sources, which are
more convenient, less burdensome, and less expensive, including Plaintiffs' own files.  Facebook

13

further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning any representations made by Palmer Luckey or Oculus to any party regarding Defendants' ownership of any intellectual property, including, by way of example, the ownership and/or licensing discussed at Page 5 of the Answer, and further including but not limited to any such representations made by Palmer Luckey and Oculus to Facebook.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* documents concerning *any* representations made by Facebook to *any* party regarding Facebook'sownership of *any* intellectual property.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents or Communications relating to requests for technology, advice,

14

information or assistance from either Plaintiff or their current or former employees for the development of the Oculus Rift or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request as vague and ambiguous in its use of the term "otherwise." Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* documents and communications concerning requests for technology, advice, information or assistance from either Plaintiff or their current or former employees for the development of the Oculus Rift *or otherwise*. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 10:**

To the extent not requested by the prior Requests contained herein, any and all Communications between either or both Defendants and any of Christian Antkow, John Carmack, Katherine Kang, Matthew Hooper, Gloria Kennickell, Jason D. Kim, Jan Paul Van Waveren, Jonathan E. Wright, or other of Plaintiffs' Former Employees prior to such Person's respective first day of employment with Oculus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it seeks documents and things not

15

relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Facebook further objects to this request as overly broad and unduly burdensome. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

## REQUEST FOR PRODUCTION NO. 11:

To the extent not requested by the prior Requests contained herein, any and all Documents and Communications reflecting or referring to materials that are, or that Plaintiffs have asserted are, Plaintiffs' Confidential Information, Copyrighted Materials, or Trademarked Materials, including Documents and Communications regarding the use or disclosure of such materials in the development or marketing of Defendants' Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request to the extent that Plaintiffs have failed to identify what "Confidential Information" or "Copyrighted Materials" of Plaintiffs that Facebook is alleged to have misappropriated. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

### Requests Concerning Oculus's Structure And Management

## REQUEST FOR PRODUCTION NO. 12:

Any and all Documents sufficient to identify and reflect Oculus's organizational structure, including but not limited to company directories, and the identification of Oculus's corporate

16

and/or business departments, whether formally or informally delineated, Oculus's total number

of employees, and each employee's title, job description, and reporting chain.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request as unlimited or otherwise overly broad in time. Facebook

further objects to this request to the extent that it seeks documents and things not relevant to the

subject matter of this litigation, and is not reasonably calculated to lead to the discovery of

admissible evidence.  Facebook further objects to this request to the extent it seeks documents

and things outside of Facebook's possession, custody or control.

## REQUEST FOR PRODUCTION NO. 13:

All corporate Documents of or relating to Oculus, including but not limited to articles of

incorporation and all amendments thereto, by-laws, corporate resolutions, minutes of

shareholders' meetings, minutes of directors' meetings, slide or presentation decks prepared for

directors' meetings, "board packets," binders prepared for directors' meetings, written consents

of officers and directors, and any agreements between and among investors, shareholder,

directors and/or third parties.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent that it calls for the production of documents

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request to the extent that it seeks documents and things not relevant to the subject matter of

this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

17

Facebook further objects to this request to the extent it seeks documents and things that Facebook is not permitted to disclose pursuant to confidentiality obligations to third parties. Facebook further objects to this request as overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all Documents concerning meetings of Oculus's board of directors, executives or management team at which ZeniMax, id, or any of Plaintiffs' past or present employees or consultants were discussed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request as vague and ambiguous in its use of the term "consultants."  Facebook further objects to this request as overly broad and unduly burdensome. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents that identify those Persons or entities that own or possess, or will own or possess, an ownership or proprietary interest in Oculus or Oculus's Products, including but not limited to the Oculus Rift.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Facebook incorporates its Preliminary Statement and all of its General Objections.

18

Facebook further objects to this request to the extent that it calls for the production of documents

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request to the extent it seeks confidential information or trade secrets of Facebook.

Facebook further objects to this request to the extent it seeks documents and things that

Facebook is not permitted to disclose pursuant to confidentiality obligations to third parties.

Facebook further objects to this request as overly broad and unduly burdensome to the extent it

seeks the identity of each person who owns an Oculus Rift.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all Documents referring to negotiations between Defendants and third parties for

an equity stake in Oculus or Defendants' Products, as referenced in ¶¶ 73-91 of the Complaint,

including but not limited to any and all Documents concerning each offer and counteroffer,

Defendants' impressions and evaluations of each offer, and Oculus's negotiation strategy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent that it calls for the production of documents

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request as vague and ambiguous in its use of the terms "equity stake" and "negotiation

strategy."  Facebook further objects to this request to the extent it seeks documents and things

that Facebook is not permitted to disclose pursuant to confidentiality obligations to third parties.

Facebook further objects to this request to the extent that it seeks documents and things not

relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks

19

documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 17:**

All investment memoranda, proposals, or other Documents relating or referring to Oculus's business and/or valuation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* documents relating or referring to Oculus's business.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 18:**

All federal or state tax returns filed by or on behalf of Palmer Luckey or Oculus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information of Facebook.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead

20

to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 19:**

All quarterly or annual financial statements of Oculus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information of Facebook.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

<b>Requests Concerning Defendants' Products</b>

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to identify each and every Product of Defendants, including but not limited to the Oculus Rift, specifically the dates of conception and reduction of practice for each Product, and the names and roles of any Oculus Employees involved in the development of each Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request as overly broad and unduly burdensome in requesting documents sufficient to identify *any* Oculus Employees involved in the development of *each* Product.  Facebook further objects to this request as vague and ambiguous in its use of the term "involved."  Facebook further objects to this request to the

21

extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

## REQUEST FOR PRODUCTION NO. 21:

Any and all manuals, instructions and instructional material, design drawings or renderings, and technical Documents or Communications relating to Defendants' Products, including but not limited to the Oculus Rift.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request as vague and ambiguous in its use of the term "technical." Facebook further objects to this request to the extent that Plaintiffs have failed to identify what "Confidential Information" or "Copyrighted Materials" of Plaintiffs that Facebook is alleged to have misappropriated.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.   Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

22

**REQUEST FOR PRODUCTION NO. 22:**

Any and all Documents concerning any problems, complaints or issues (e.g., bugs, missing features, missed deadlines. or product failures) with Defendants' Products, including, but not limited to concerns communicated by Plaintiffs, John Carmack, media, developers, customers, or other third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it requires Facebook to produce documents or information that are not in Facebook's possession, custody, or control.  Facebook further objects to this request as vague and ambiguous in its use of the terms "issues" and "concerning."  Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* documents concerning *any* problems, complaints or issues with Defendants' Products.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all Documents and Communications concerning the marketing or publicity for each version of each of Defendants' Products, including but not limited to press releases, product launch announcements, fact sheets, presentations, fundraising materials, sales literature,

23

brochures, catalogs, trade letters, press releases, audio or video files, materials posted on internet

websites and message boards, information prepared for electronics or gaming shows and

conventions, and other marketing materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent it requires Facebook to produce documents

or information that are not in Facebook's possession, custody, or control, are publicly available or

are more easily available through other sources, which are more convenient, less burdensome,

and less expensive.  Facebook further objects to this request to the extent that it calls for the

production of documents subject to the attorney-client privilege and work-product protection.

Facebook further objects to this request as overly broad and unduly burdensome in requesting *all*

documents concerning the publicity for *each* version of *each* of Defendants' Products.  Facebook

further objects to this request to the extent that it seeks documents and things not relevant to the

subject matter of this litigation, and is not reasonably calculated to lead to the discovery of

admissible evidence.  Facebook further objects to this request to the extent it seeks documents

and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 24:**

To the extent not requested by the prior Requests contained herein, any and all

Documents and Communications relating to Defendants' involvement with demonstrations,

booths, presentations, and panels at electronics or gaming shows or conferences, including any

Documents identifying attendees at each electronics or gaming show or conference.

24

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as vague and ambiguous in its use of the term "attendees."  Facebook further objects to this request as unlimited or otherwise overly broad in time.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

## REQUEST FOR PRODUCTION NO. 25:

To the extent not requested by the prior Requests contained herein, any and all Communications regarding joint displays or demonstrations of Defendants' Products, including but not limited to the Oculus Rift, with ZeniMax or id.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request as overly broad and unduly burdensome.  Facebook further objects to this request as vague and ambiguous in its use of the term "joint displays." Facebook further objects to this request to the extent that it seeks documents and things already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including Plaintiffs' own files.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the

25

subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all documents regarding any patent applications filed by any of Oculus's employees or Palmer Luckey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 27:**

To the extent not requested by the prior Requests contained herein, any and all Communications relating to Defendants' products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* communications relating to

26

Defendants' products.  Facebook further objects to this request to the extent it requires Facebook

to produce documents or information that are not in Facebook's possession, custody, or control,

are publicly available or are more easily available through other sources, which are more

convenient, less burdensome, and less expensive.  Facebook further objects to this request as

vague and ambiguous in its use of the term "products."  Facebook further objects to this request

to the extent that it seeks documents and things not relevant to the subject matter of this litigation,

and is not reasonably calculated to lead to the discovery of admissible evidence.

**Requests Concerning Source Code**

<u>**REQUEST FOR PRODUCTION NO. 28:**</u>

Any and all versions of Source Code, including but not limited to source code comments

(*i.e.*, the narratives that programmers write to assist others analyzing code) and object code, for

each of Defendants' Products, including, but not limited to the Oculus Rift.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**</u>

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent it is duplicative of Request for Production

No. 5.  Facebook further objects to this request to the extent it seeks confidential information or

trade secrets of Facebook.  Facebook further objects to this request as overly broad and unduly

burdensome in requesting *all versions* of Source Code for *each* of Defendants' Products.

Facebook further objects to this request to the extent that it seeks documents and things not

relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks

confidential source code of Facebook before a protective order containing appropriate source

27

code specific provisions has been agreed to between the parties and entered by the Court.
Facebook further objects to this request to the extent it seeks documents and things already
within Plaintiffs' possession and control or information that is publicly available.  Facebook
further objects to this request to the extent it seeks documents and things outside of Facebook's
possession, custody or control.

## REQUEST FOR PRODUCTION NO. 29:

All Documents that reflect current or past revisions or additions to any and all versions of
the Source Code for each of Defendants' Products, including but not limited to the Oculus Rift,
specifically those Documents that reflect the author of each revision or addition and the date on
which each revision or addition was made.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Facebook incorporates its Preliminary Statement and all of its General Objections.
Facebook further objects to this request to the extent it seeks confidential information or trade
secrets of Facebook.  Facebook further objects to this request as overly broad and unduly
burdensome in requesting *all* Documents that reflect any revisions or additions to *all versions* of
Source Code for *each* of Defendants' Products.  Facebook further objects to this request to the
extent that it calls for the production of documents subject to the attorney-client privilege and
work-product protection.  Facebook further objects to this request to the extent that it seeks
documents and things not relevant to the subject matter of this litigation, and is not reasonably
calculated to lead to the discovery of admissible evidence.  Facebook further objects to this
request to the extent it seeks confidential source code of Facebook before a protective order
containing appropriate source code specific provisions has been agreed to between the parties

28

and entered by the Court.  Facebook further objects to this request to the extent it seeks

documents and things already within Plaintiffs' possession and control or information that is

publicly available.  Facebook further objects to this request to the extent it seeks documents and

things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all Documents and Communications concerning any similarities or differences

between the Parties' Source Code or software products, including, without limitation, any

Documents and Communications regarding the testing thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent it seeks confidential information or trade

secrets of Facebook.  Facebook further objects to this request to the extent that it calls for the

production of documents subject to the attorney-client privilege and work-product protection.

Facebook further objects to this request as vague and ambiguous in its use of the terms

"similarities" and "differences" and "testing."  Facebook further objects to this request to the

extent it seeks confidential source code of Facebook before a protective order containing

appropriate source code specific provisions has been agreed to between the parties and entered

by the Court.  Facebook further objects to this request to the extent it seeks documents and things

outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all Documents concerning the destruction or loss of any Source Code or object

code for any of Defendants' Products.

29

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request as vague and ambiguous in its use of the term "loss." Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence"  Facebook further objects to this request to the extent it seeks confidential source code of Facebook before a protective order containing appropriate source code specific provisions has been agreed to between the parties and entered by the Court. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

## REQUEST FOR PRODUCTION NO. 32:

Any and all Documents regarding the reimplementation or modification by John Carmack or any other Oculus employee of any Source Code provided by Plaintiffs to Defendants at any time.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.

Facebook further objects to this request as assuming the fact that Plaintiffs provided Facebook with any Source Code.  Facebook further objects to this request to the extent it seeks confidential source code of Facebook before a protective order containing appropriate source code specific provisions has been agreed to between the parties and entered by the Court.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**Requests Concerning Former ZeniMax Employees**

**REQUEST FOR PRODUCTION NO. 33:**

Any and all Communications between Palmer Luckey and/or Oculus and John Carmack regarding or relating in any way to ZeniMax, id, or the work John Carmack performed for Plaintiffs at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* Communications between Facebook and John Carmack relating *in any way* to the work John Carmack performed for Plaintiffs at *any* time.  Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 34:**

Any Documents relating to patents for technology of Oculus, including, without limitation, communications with John Carmack and Documents relating to the White Paper of

31

John Carmack discussed in 30 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent that it calls for the production of documents

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request to the extent it seeks confidential information or trade secrets of Facebook.

Facebook further objects to this request as overly broad and unduly burdensome in requesting *all*

documents relating to patents for technology of Oculus.  Facebook further objects to this request

to the extent that Plaintiffs have failed to identify what "Confidential Information" or

"Copyrighted Materials" of Plaintiffs that Facebook is alleged to have misappropriated.

Facebook further objects to this request to the extent it seeks documents and things outside of

Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents relating to John Carmack's employment with Oculus, including

compensation and equity ownership.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent that it calls for the production of documents

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request to the extent that it seeks documents and things not relevant to the subject matter of

this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Facebook further objects to this request as overly broad and unduly burdensome.  Facebook

32

further objects to this request to the extent it seeks personal information of Mr. Carmack that violates his right to privacy.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to identify each of Plaintiffs' Former Employees and the job responsibilities for each of Plaintiffs' Former Employees with Oculus, including with respect to each of Defendants' Products, including but not limited to the Oculus Rift.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all Documents and Communications referring to or relating to the departure of, or the recruitment, solicitation, interviewing, consideration for hire, or hiring of Plaintiffs' Former Employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it seeks documents and things not

33

relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.   Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all Documents and Communications referring to or relating to any employment, confidentiality, non-compete, or non-disclosure agreements between ZeniMax and/or id and Plaintiffs' Former Employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks documents and things already within Plaintiffs' possession and control.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 39:**

Oculus's employee or personnel file for each of Plaintiffs' Former Employees, including any employment, confidentiality, non-compete, or non-disclosure agreements between Oculus and Plaintiffs' Former Employees.

34

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Facebook further objects to this request to the extent it seeks documents and things that Facebook is not permitted to disclose pursuant to confidentiality obligations to third parties. Facebook further objects to this request to the extent it seeks personal information of Plaintiffs' Former Employees that violates their right to privacy.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 40:**

Any and all Documents and Communications reflecting the steps Oculus has taken, or plans to take, regardless of the degree of certainty, to ensure that Oculus and its employees will not be in violation of the NDA and/or any employment, confidentiality, non-compete, or non-disclosure agreement between ZeniMax and/or id and Plaintiffs' Former Employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product

35

protection.  Facebook further objects to this request as assuming the fact that an NDA and/or employment, confidentiality, non-compete, or non-disclosure agreement exists between Plaintiffs and Plaintiffs' Former Employees.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

### Requests Related To Plaintiffs' Proprietary Materials

### REQUEST FOR PRODUCTION NO. 41:

All Documents that identify and describe those Persons or entities that have or have had access to Defendants' Products, including but not limited to suppliers, vendors, visitors to Defendants' facilities and displays or demonstrations at electronics or gaming shows or conventions, technicians, partners, consultants, and customers.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* Documents that identify and describe Persons or entities that have or have had *access* to Defendants' Products.  Facebook further objects to this request to the extent it seeks documents and things that Facebook is not permitted to disclose pursuant to confidentiality obligations to third parties.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent

36

that Plaintiffs have failed to identify what "Confidential Information" or "Copyrighted Materials" of Plaintiffs that Facebook is alleged to have misappropriated.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents that constitute, refer to, relate to, or concern in any way any efforts or attempts by Palmer Luckey or Oculus to obtain, use or utilize information, technology or know-how of ZeniMax or id.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 43:**

Any and all Documents concerning any investigation into whether Defendants possess or have used or disclosed materials that are, or that Plaintiffs have asserted are, Plaintiffs' Confidential Information, Copyrighted Materials, or Trademarked Materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents

37

subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as vague and ambiguous in its use of the term "investigation."  Facebook further objects to this request to the extent that Plaintiffs have failed to identify what "Confidential Information" or "Copyrighted Materials" of Plaintiffs that Facebook is alleged to have misappropriated.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**Requests Related to Financial and Market Info**

**REQUEST FOR PRODUCTION NO. 44:**

Any and all competitive analyses of ZeniMax, id or the virtual reality market.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as vague and ambiguous in its use of the term "competitive analysis."  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent that it seeks documents and things already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including Plaintiffs' own files.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody, or control.

38

**REQUEST FOR PRODUCTION NO. 45:**

Documents sufficient to identify each version or iteration of Oculus's agreements or contracts with its past, present, or potential suppliers, contractors, and customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as overly broad and unduly burdensome in requesting *each* version or iteration of Oculus's agreements with its past, present or potential suppliers, contractors, and customers. Facebook further objects to this request to the extent that Plaintiffs have failed to identify what "Confidential Information" or "Copyrighted Materials" of Plaintiffs that Facebook is alleged to have misappropriated. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all Documents and Communications related to Oculus's sale or licensing of, or attempted or potential sale or licensing of, any of Defendants' Products, including but not limited

39

to Documents and Communications related to discussions, terms, proposals, arrangements for

compensation, and/or agreements between Oculus and any of Epic, Valve, NVidia,

Hewlett-Packard, or Dell regarding actual or potential sale or licensing of any Oculus product,

and further including any Documents and Communications related to discussions, terms,

proposals, arrangements for compensation, and/or agreements between Oculus and Sony

regarding actual or potential sale or licensing of any Oculus product as reported in the press in

June 2014 (for example, in an article titled "Oculus VR Looking for Help to Build its Headsets"

on Gamespot.com, dated June 26, 2014).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent it seeks confidential information or trade

secrets of Facebook.  Facebook further objects to this request to the extent that it calls for the

production of documents subject to the attorney-client privilege and work-product protection.

Facebook further objects to this request as overly broad and unduly burdensome in requesting *all*

documents related to Oculus's sale or licensing of *any* of Defendants' Products.  Facebook

further objects on grounds that this request is premature.  Facebook further objects to this request

to the extent that it seeks documents and things not relevant to the subject matter of this litigation,

and is not reasonably calculated to lead to the discovery of admissible evidence.   Facebook

further objects to this request to the extent it seeks documents and things outside of Facebook's

possession, custody or control.

## REQUEST FOR PRODUCTION NO. 47:

Any and all Documents concerning business plans, forecasts, financial statements or

40

analyses, or projections concerning Oculus and Defendants' Products, including but not limited to the Oculus Rift.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* Documents *concerning* business plans, forecasts, financial statements or analyses, or projections *concerning* Oculus and Defendants' Products.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to determine Oculus's total profits and revenue, and profits and revenue derived from each of Defendants' Products, including but not limited to the Oculus Rift, for each fiscal year and quarter from Oculus's inception to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

41

discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks

documents and things outside of Facebook's possession, custody or control.

## REQUEST FOR PRODUCTION NO. 49:

Documents sufficient to identify costs incurred by Defendants to develop their Products,

including but not limited to the Oculus Rift.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent that it calls for the production of documents

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request as vague and ambiguous in its use of the term "develop."  Facebook further objects

to this request to the extent that it seeks documents and things not relevant to the subject matter

of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Facebook further objects to this request to the extent it seeks documents and things outside of

Facebook's possession, custody or control.

## REQUEST FOR PRODUCTION NO. 50:

Any and all Documents relating to pricing or pricing plans for Defendants' Products,

including but not limited to the Oculus Rift.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent that it calls for the production of documents

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request as vague and ambiguous in its use of the term "pricing."  Facebook further objects to

42

this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 51:**

Any and all Documents that relate to the commercial viability of Defendants' Products, including but not limited to the Oculus Rift.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as vague and ambiguous in its use of the term "commercial viability."  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**Other Requests**

**REQUEST FOR PRODUCTION NO. 52:**

Any and all Documents or Communications relating to the affirmative defenses alleged

43

by Defendants in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent that it calls for the production of documents

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request as overly broad and unduly burdensome in requesting *all* Documents or

Communications *relating to* the affirmative defenses alleged by Facebook in this Action.

Facebook further objects to this request to the extent it seeks confidential information or trade

secrets of Facebook.  Facebook further object on grounds that this request is premature.

Facebook further objects to this request to the extent it seeks documents and things outside of

Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 53:**

Any and all Documents and Communications that you identify, reference, use, or rely

upon in responding to Plaintiffs' First Set of Interrogatories to Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent that it calls for the production of documents

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request to the extent it seeks confidential information or trade secrets of Facebook.

Facebook further objects on grounds that this request is premature.  Facebook further objects to

this request to the extent it seeks documents and things outside of Facebook's possession,

custody or control.

44

**REQUEST FOR PRODUCTION NO. 54:**

All Documents considered or relied upon by a Person with whom you will call to provide expert testimony in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects on grounds that this request is premature.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 55:**

All reports, opinions, and curriculum vitae of any Person(s) whom you expect to present at trial as an expert witness.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Defendants. Facebook further objects on grounds that this request is premature.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

45

**REQUEST FOR PRODUCTION NO. 56:**

To the extent not requested by the prior Requests contained herein, all Documents Oculus will, or anticipates that it will, rely upon at trial in this Action, without regard to the date of such Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects on grounds that this request is premature.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to identify and reflect Oculus's Document preservation policies and/or practices, including but not limited to its policies and/or practices in relation to preservation of e-mail and electronically stored Documents and Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this

46

litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

47

Dated: October 3, 2014                     Respectfully submitted,

                                           **OCULUS VR, LLC (SUCCESSOR BY MERGER
                                           TO OCULUS VR, INC.) and PALMER LUCKEY,**

                                           By Their Attorneys,


                                           /s/ Joshua M. Dalton
_____

                                           E. Leon Carter
                                           Texas Bar No. 03914300
                                           lcarter@carterscholer.com
                                           Linda R. Stahl
                                           Texas Bar No. 00798525
                                           lstahl@carterscholer.com
                                           **CARTER SCHOLER**
                                           Campbell Centre II
                                           8150 N. Central Expressway, 5th Floor
                                           Dallas, Texas 75206
                                           T: 214.550.8188
                                           F: 214.550.8185

                                           Geoffrey M. Howard (*pro hac vice*)
                                           geoff.howard@bingham.com
                                           John A. Polito (*pro hac vice*)
                                           john.polito@bingham.com
                                           Lucy Wang (*pro hac vice*)
                                           lucy.wang@bingham.com
                                           **BINGHAM MCCUTCHEN LLP**
                                           Three Embarcadero Center
                                           San Francisco, California 94111-4067
                                           T: 415.393.2000
                                           F: 415.393.2286

                                           Joshua M. Dalton (*pro hac vice*)
                                           josh.dalton@bingham.com
                                           **BINGHAM MCCUTCHEN LLP**
                                           One Federal Street
                                           Boston, MA 02110-1726
                                           T: 617.951.8000
                                           F: 617.951.8736

48

## CERTIFICATE OF SERVICE

I, Lucy Wang, hereby certify that I caused a true and correct copy of the foregoing

Facebook's Objections to Zenimax Media Inc. and Id Software LLC's First Set of Requests for

Production and Inspection to be sent by e-mail delivery to counsel for Plaintiffs on October 3,

2014 at phillip.philbin@haynesboone.com, michael.karson@haynesboone.com, and

dlpzenimax@skadden.com.


/s/ Lucy Wang
Lucy Wang


49

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | ) |
| | ) |
| Plaintiffs, | ) CIVIL ACTION |
| | ) NO. 3:14-01849-P |
| v. | ) |
| | ) |
| OCULUS VR, LLC, PALMER LUCKEY, and | ) JURY TRIAL DEMANDED |
| FACEBOOK, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.'S
OBJECTIONS TO ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S SECOND SET
OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34(b), defendants Oculus VR, LLC

("Oculus"), Palmer Luckey, and Facebook, Inc. ("Facebook") (collectively, "Defendants")

submit the following objections to plaintiff ZeniMax Media Inc. and id Software LLC's

(collectively, "Plaintiffs" or "ZeniMax") Second Set of Requests for Production ("Document

Requests").

## PRELIMINARY STATEMENT

Defendants object to the Document Requests as premature.  On September 19, 2014,

Facebook filed a Motion to Dismiss Counts 1, 2, 4, 5, and 6 (Dkt. No. 47), which represent all

counts plead against Facebook.  That same day, Oculus and Palmer Luckey filed their Motion to

Dismiss Counts 1, 3, and 6, and In the Alternative to Dismissing Count 1, Motion for Order

Requiring Identification of Trade Secrets with Particularity (Dkt. No. 45).  On September 24,

2014, Defendants filed a Motion for Protective Order to Stay Discovery (Dkt. No. 55).  On

October 3, 2014, Defendants filed an opposition to Plaintiffs' Motion (a) To Overrule Objections

to Discovery and (b) To Compel Defendants to Proceed with Discovery (Dkt. 61).

Any discovery is premature pending the Court's resolution of these motions.  Discovery

as to Facebook is also premature given that Plaintiffs and Facebook have not conducted a

conference pursuant to Federal Rule of Civil Procedure 26(f).  By letter of counsel dated

September 10, 2014, Plaintiffs have refused to conduct such a conference.

Should their Motions to Dismiss not be granted in their entirety, Defendants reserve the

right to supplement their objections and responses to those Document Requests that remain

relevant, as appropriate, following the Court's ruling on the above pending motions and the

parties' conference pursuant to Federal Rule of Civil Procedure 26(f).

Defendants' specific objections follow Defendants' General Objections.

1.      Defendants neither waive nor intend to waive, but expressly reserve, any and all

objections they may have to the relevance, competence, materiality, admissibility, or use at trial

of any information, documents, or writings produced, identified, or referred to herein, or to the

introduction of any evidence at trial relating to the subjects covered by any response.  All such

objections may be made at any time up to and including the time of trial.

2.      Should production become necessary, Defendants reserve the right to decide

whether the documents produced for inspection shall be produced as they are kept in the usual

course of business or shall be organized and labeled to correspond with the categories in the

Document Requests, in accordance with Federal Rule of Civil Procedure 34(b).

3.      Defendants reserve the right to supplement and amend their response and, if

necessary, to assert additional objections arising from further investigation.

4.      Should discovery become necessary, Defendants reserve the right to make any use of, or to introduce at any hearing and at trial, information, and/or documents responsive to the Document Requests but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein.  Defendants' investigation is continuing and ongoing and Defendants expressly reserve the right to revise and/or supplement these responses.

5.      The specific response set forth below is based upon Defendants interpretation of the language used in the Document Requests, and Defendants reserve their rights to amend or supplement further their response in the event that Plaintiffs assert an interpretation that differs from Defendants' interpretation.

6.      Defendants' response to a particular Document Request shall not be interpreted as implying that responsive documents and things exist or that Defendants acknowledge the appropriateness of the Document Request.

7.      Defendants reserve the right to object on any ground to such other or supplemental requests for production involving or relating to the subject matter of these Document Requests.

## **GENERAL OBJECTIONS**

The following general objections are incorporated into each of Defendants' responses as if fully set forth in them. Defendants' responses to these Document Requests shall not be deemed a waiver of any General Objection.

1.      Defendants object to the Document Requests to the extent that they are overly broad and unduly burdensome.

2.      Defendants object to the Document Requests to the extent they seek information not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendants object to the Document Requests to the extent they seek documents or information that is protected from discovery by any privilege or protection, including the attorney-client privilege or the work product doctrine.  Defendants construe the Document Requests as not seeking such documents or information, and such documents or information shall not be produced in response to the Document Request.  Any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or immunity with respect to such documents or information or of any work-product protection which may attach thereto.

4.      If one or more documents are produced that are privileged or otherwise protected from disclosure, such production is inadvertent and is not intended as a waiver of such privilege or protection.

5.      Defendants object to the Document Requests to the extent the requests are vague, ambiguous, and/or unintelligible or to the extent they require legal conclusion.

6.      Defendants object to the Document Requests as overly broad and unduly burdensome to the extent they seek proprietary and/or confidential marketing and business information that is not relevant to any claim or defense of any party in this litigation nor likely to lead to the discovery of admissible evidence.

7.      Defendants object to the Document Requests, definitions, and instructions to the extent that they purport to give meaning to words different from their ordinary English meaning or definitions set forth in applicable statutes or rules.

8.      Defendants object to the Document Requests, definitions, and instructions to the extent they purport to require Defendants to produce documents or information that are not in Defendants' possession, custody, or control or to the extent that such Document Requests impose obligations upon Defendants not required by the Federal Rules of Civil Procedure or applicable law, including without limitation instructions concerning the identification of privileged and/or work product protected documents and to the extent the instructions require a log of privileged communications post-dating the filing of the Complaint.

9.      Defendants object to the fourth definition set forth by Plaintiffs in their First Set of Requests for Production and Inspection to Oculus and Palmer Luckey and incorporated into Plaintiffs Second Set of Requests for Production, as being overly broad and invasive of the attorney-client privilege and attorney work product doctrine, to the extent that the definition includes Defendants' counsel.  Defendants further object to the definition to the extent that it fails to recognize that actions taken by past or current employees outside the scope of their employment and/or actions taken without Defendants' knowledge are not attributable to Defendants.  In responding to these requests should responses become necessary, Defendants will respond on the basis that the terms "Defendants," "Oculus, VR, Inc." and "Palmer Luckey" refer only to Oculus, VR, Inc., Oculus VR, LLC and Palmer Luckey, respectively.  In so responding, Defendants will respond on the basis that the term "Complaint" refers to the complaint filed on May 21, 2014 and the term "Answer" refers to the answer filed on June 25, 2014.

10.      Defendants object to the definition of "Plaintiffs' Former Employees" to the extent it assumes that Defendants are aware of all people previously employed by Plaintiffs.

References to "Plaintiffs' Former Employees" in these responses refer to the seven specifically named persons in the definition of Plaintiffs' Former Employees.

11.     Defendants object to the definition of the terms "Defendants' Products" and "Products of Defendants" as vague and ambiguous in their use of the terms "technologies" and "projects" and overbroad to the extent the definition is intended to encompass products other than the Oculus Rift and its associated Software Development Kits.  References to "Defendants' Products" in these responses refer to the Oculus Rift and its associated Software Development Kits.

12.     Defendants object to the definition of the term "Copyrighted Materials" as vague and ambiguous in that it does not define the "ZeniMax VR Testbed Code" or the "ZeniMax VR Implementation Code."

13.     Defendants object to the definition of the term "Trademarked Materials" in that it provides no definition but rather only has an "includes" clause.  Defendants therefore limit their responses to only those trademarks identified within the "includes" clause.

14.     Defendants object to the Document Requests to the extent that they seek information already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including without limitation those requests that call for production of documents which are publicly available or are already in Plaintiffs' possession, custody, or control.

15.     Defendants object to the Document Requests to the extent that they call for "all documents" that relate to a given topic as premature, in that discovery is ongoing, and Defendants have yet to complete discovery from Plaintiffs and/or relevant third parties.

16.     Defendants object to the Document Requests to the extent that they call for "all documents" that relate to a given topic as overly broad and unduly burdensome.

17.     Defendants object to the Document Requests to the extent they are unlimited or otherwise overly broad in time.

18.     Defendants object to the Document Requests to the extent they seek documents and information that contain confidential information or trade secrets of Defendants, the disclosure of which would be unduly prejudicial to Defendants.  Defendants will not produce any documents until the parties agree upon and the Court enters an appropriate protective order.

19.     Defendants object to the Document Requests to the extent they make inquiries about matters the disclosure of which is prohibited or protected by statute, regulation or other applicable laws.

20.     Defendants object to the Document Requests to the extent that they request not only written responses within thirty days but also complete production of documents within thirty days.  Defendants will produce documents responsive to the Document Requests at a mutually agreeable time and place.

21.     Defendants object to the Document Requests to the extent they seek information that Defendants are not permitted to disclose pursuant to confidentiality obligations to third parties.  Defendants will do so only in accordance with an appropriate Protective Order to be negotiated and entered in this case and only after providing any required notice to third parties and/or obtaining any required authority to disclose such information from third parties.

22.     Defendants object to the Document Requests to the extent they seek to elicit information that is subject to a right of privacy under the relevant provisions of federal and state law.

23.     Defendants object to the Document Requests to the extent they make assumptions of facts.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 58:

To the extent not requested by prior Requests in this Action, the contents of all communications sent or received via the messaging feature available on the online forum "Meant to Be Seen" (hosted at http://www.mtbs3d.com/) between Palmer Luckey, or any employee of Oculus, and John Carmack, or any employee or Former Employee of Plaintiffs, including but not limited to:



8



9

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent it is duplicative of Request for Production No. 65. Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 59:**

To the extent not requested by prior Requests in this Action, all Documents and Communications concerning, evidencing, or created as a result of the Facebook-Oculus Merger, including but not limited to: (i) the formation agreement for Inception Acquisition Sub I, Inc.; (ii) the formation agreement for Inception Acquisition Sub II, LLC; (iii) the limited liability corporation formation agreement for Oculus VR, LLC; (iv) the March 25, 2014 Oculus Facebook Merger Agreement with all schedules and exhibits; and (v) the April 21, 2014 Oculus Facebook Amended Merger Agreement with all schedules and exhibits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it seeks confidential information or trade secrets of

Defendants.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it seeks documents and things that are publicly available.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents and communications concerning, evidencing, or created as a result of the Facebook-Oculus Merger.

**REQUEST FOR PRODUCTION NO. 60:**

To the extent not requested by prior Requests in this Action, all Documents and Communications that originated at ZeniMax or id Software, or that are derived from such documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as vague and ambiguous in its use of the terms "originated" and "derived."  Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents and communications that originated at ZeniMax or id Software, or that are derived from such documents.

**REQUEST FOR PRODUCTION NO. 61:**

To the extent not requested by prior Requests in this Action, all Documents or Communications that contain information about Plaintiffs, including but not limited to Documents and Communications that refer in an express or implied manner to ZeniMax or id Software, or contain any logo, symbol, sign, insignia, emblem or other designating mark of ZeniMax or id Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents that *contain* information about Plaintiffs. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 62:**

To the extent not requested by prior Requests in this Action, all Documents and Communications reflecting or referring to materials that are, or that Plaintiffs have asserted are, Plaintiffs' Confidential Information, Source Code, Copyrighted Materials, or Trademarked Materials, including Documents and Communications regarding the Plaintiffs' gaming engines (e.g., id Tech 4, id Tech 5, id Tech 6), "megatexture" texture mapping techniques, and/or stereoscopic rendering techniques.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent that Plaintiffs have failed to identify what "Confidential Information" or "Copyrighted Materials" of Plaintiffs that Defendants have misappropriated. Defendants further object to this request as vague and ambiguous in its use of the term "gaming engines." Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 63:**

To the extent not requested by prior Requests in this Action, all Documents now in the possession of Defendants that were created, produced, generated or authored by any individual or group of individuals during the term of their employment at Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 64:**

To the extent not requested by prior Requests in this Action, all Documents or Communications received by or accessible to Defendants, including through file transfer or file

sharing mechanisms such as FileZilla, Sky Drive, OneDrive, or DropBox, that contain or

concern Plaintiffs' Confidential Information, Source Code, and/or Copyrighted Materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that Plaintiffs have failed to identify

Plaintiffs' "Confidential Information" or "Copyrighted Materials."  Defendants further object to

this request to the extent it seeks documents and things already within Plaintiffs' possession and

control.  Defendants further object to this request to the extent that it seeks documents and things

not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 65:**

To the extent not requested by prior Requests in this Action, all Documents or

Communications sent by Plaintiffs to Defendants, whether public or private, including but not

limited to messages sent via Facebook, Twitter, and the messaging feature available on the

online forum "Meant to Be Seen" (hosted at http://www.mtbs3d.com/).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent it seeks documents and things already

within Plaintiffs' possession and control or information that is publicly available.  Defendant

further objects to this request as overly broad and unduly burdensome in requesting *all*

Documents or Communications sent by Plaintiffs to Defendants, whether *public or private*.

Defendants further object to this request to the extent that it seeks documents and things not

relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 66:

To the extent not requested by prior Requests in this Action, all Documents or Communications concerning John Carmack between January 1, 2011 and September 1, 2013, whether by e-mail, messaging or forum posts, exchange of media, file transfer protocol or other method of information transfer.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents *concerning* John Carmack between January 1, 2011 and September 1, 2013.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 67:

To the extent not requested by prior Requests in this Action, all Documents or Communications involving Plaintiffs Former Employees created prior to February 20, 2014,

whether by e-mail, private messaging or forum posts, exchange of media, file transfer protocol, or other method of information transfer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks personal information of Plaintiffs' Former Employees that violates their right to privacy.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents or Communications concerning the evaluation of Oculus's Products exchanged by or between Defendants and one or more of the following parties: (i) Samsung; (ii) Epic Games; (iii) Valve; and/or (iv) Unity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants. Defendants further object to this request as vague and ambiguous in its use of the

term "evaluation."  Defendants further object to this request to the extent it seeks documents and

things that Defendants are not permitted to disclose pursuant to confidentiality obligations to

third parties.  Defendants further object to this request to the extent that it seeks documents and

things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead

to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 69:

All Documents or Communications concerning partnerships, contracts, or agreements

between Oculus and one or more of the following parties:  (i) Samsung; (ii) Epic Games; (iii)

Valve; and/or (iv) Unity, regardless of whether there are other parties to such partnerships,

contracts, or agreements.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege and work-product protection.  Defendants

further object to this request to the extent it seeks confidential information or trade secrets of

Defendants.  Defendants further object to this request to the extent it seeks documents and things

that Defendants are not permitted to disclose pursuant to confidentiality obligations to third

parties.  Defendants further object to this request to the extent that it seeks documents and things

not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 70:**

To the extent not requested by prior Requests in this Action, copies of the DOOM 3:
BFG Edition and/or ZeniMax VR Testbed software or source code provided by Plaintiffs to
Defendants, which should be produced in their native format.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Defendants incorporate their Preliminary Statement and all of their General Objections.
Defendants further object to this request to the extent it seeks documents and things already
within Plaintiffs' possession and control.  Defendants further object to this request to the extent
that it seeks documents and things not relevant to the subject matter of this litigation, and is not
reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 71:**

To the extent not requested by prior Requests in this Action, all advertisements or
promotional materials used at any time by or on behalf of any person or entity to promote the
sale of any version of Defendants' Products to customers or to retailers or resellers, including
without limitation each promotional email, Internet advertisement, print advertisement, brochure,
video, point of sale material, and similar promotional material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Defendants incorporate their Preliminary Statement and all of their General Objections.
Defendants further object to this request to the extent it requires Defendants to produce
documents or information that are not in Defendants' possession, custody, or control, are
publicly available or are more easily available through other sources, which are more convenient,
less burdensome, and less expensive.  Defendants further object to this request as overly broad
and unduly burdensome in requesting *all* advertisements or promotional materials used at *any*

time by or on behalf of *any* person or entity to promote the sale of *any* version of Defendants

products.  Defendants further object to this request to the extent that it seeks documents and

things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead

to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 72:

Documents sufficient to identify any websites owned, operated, controlled, or registered

by Defendants, including but not limited to domain name registration and renewal documents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it seeks documents and things not

relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 73:

All entries that have ever been posted to the "Oculus Rift: Step Into the Game"

Kickstarter project (hosted at https://www.kickstarter.com/projects/1523379957/oculus-rift-

stepinto-the-game/).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request as vague and ambiguous in its use of the term "entries."

Defendants further object to this request to the extent that it seeks documents and things not

relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

discovery of admissible evidence.  Defendants further object to this request to the extent it

requires Defendants to produce documents or information that are not in Defendants' possession,

custody, or control, are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive.

## REQUEST FOR PRODUCTION NO. 74:

All entries that have ever been posted to the "blog" section of the Oculus website (hosted at http://www.oculusvr.com/blog/).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request as vague and ambiguous in its use of the term "entries." Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it requires Defendants to produce documents or information that are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive.

## REQUEST FOR PRODUCTION NO. 75:

All entries that have ever been posted to the "news" section of the Oculus website (hosted at http://www.oculusvr.com/news/).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request as vague and ambiguous in its use of the term "entries." Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it

requires Defendants to produce documents or information that are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive.

**REQUEST FOR PRODUCTION NO. 76:**

All entries that have ever been posted to the "events" section of the Oculus website (hosted at http://www.oculusvr.com/events/).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request as vague and ambiguous in its use of the term "entries." Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it requires Defendants to produce documents or information that are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive.

**REQUEST FOR PRODUCTION NO. 77:**

To the extent not requested by prior Requests in this Action, Documents sufficient to identify each consumer inquiry or communication sent to Defendants by a customer referring in any way to Oculus's Products or to Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request as unlimited or otherwise overly broad in time. Defendants further object to this request as overly broad and unduly burdensome in requesting

documents sufficient to identify each consumer inquiry or communication sent to Defendants by

a customer referring in any way to Oculus's Products or to Plaintiffs.  Defendants further object

to this request to the extent that it seeks documents and things not relevant to the subject matter

of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 78:

All documents describing, referring to, or summarizing any consumer studies, focus

groups, market studies, or any other comparable analyses, and the results thereof, involving any

of Oculus's Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege and work-product protection.  Defendants

further object to this request to the extent it seeks confidential information or trade secrets of

Defendants.  Defendants further object to this request to the extent it seeks documents and things

outside of Defendants' possession, custody or control.  Defendants further object to this request

to the extent that it seeks documents and things not relevant to the subject matter of this litigation,

and is not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 79:

Any and all hardcopy or electronic press files maintained by Defendants, including but

not limited to articles, interviews, and videos concerning or regarding Oculus's Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it requires Defendants to produce documents or information that are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive.  Defendants further object to this request as vague and ambiguous in its use of the term "press files maintained by Defendants." Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Dated: October 17, 2014

Respectfully submitted,

**OCULUS VR, LLC, PALMER LUCKEY, and FACEBOOK, INC.**

By Their Attorneys,

/s/ Joshua M. Dalton
_____

E. Leon Carter
Texas Bar No. 03914300
lcarter@carterscholer.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterscholer.com
**CARTER SCHOLER**
Campbell Centre II
8150 N. Central Expressway, 5th Floor
Dallas, Texas 75206
T: 214.550.8188
F: 214.550.8185

Geoffrey M. Howard (*pro hac vice*)
geoff.howard@bingham.com
John A. Polito (*pro hac vice*)
john.polito@bingham.com
Lucy Wang (*pro hac vice*)
lucy.wang@bingham.com
**BINGHAM MCCUTCHEN LLP**
Three Embarcadero Center
San Francisco, California 94111-4067
T: 415.393.2000
F: 415.393.2286

Joshua M. Dalton (*pro hac vice*)
josh.dalton@bingham.com
**BINGHAM MCCUTCHEN LLP**
One Federal Street
Boston, MA 02110-1726
T: 617.951.8000
F: 617.951.8736

## CERTIFICATE OF SERVICE

I, Lucy Wang, hereby certify that I caused a true and correct copy of the foregoing

Defendants Oculus VR, LLC, Palmer Luckey and Facebook Inc.'s Objections to Zenimax Media

Inc. and Id Software LLC's Second Set of Requests for Production to be sent by e-mail delivery

to counsel for Plaintiffs on October 17, 2014 at phillip.philbin@haynesboone.com,

michael.karson@haynesboone.com, and dlpzenimax@skadden.com.


/s/ Lucy Wang
Lucy Wang

EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| OCULUS VR, LLC, PALMER LUCKEY, and FACEBOOK, INC., | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION
NO. 3:14-01849-P

JURY TRIAL DEMANDED

## DEFENDANTS OCULUS VR, LLC AND PALMER LUCKEY'S OBJECTIONS TO ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendants Oculus VR, LLC ("Oculus") and Palmer Luckey ("Luckey") (collectively, "Defendants") submit the following objections to plaintiffs ZeniMax Media Inc. and id Software LLC's (collectively, "Plaintiffs" or "ZeniMax") Second Set of Interrogatories (the "Interrogatories").

## PRELIMINARY STATEMENT

Defendants object to the Interrogatories as premature. On September 19, 2014, defendant Facebook, Inc. ("Facebook") filed a Motion to Dismiss Counts 1, 2, 4, 5, and 6 (Dkt. No. 47), which represent all counts plead against Facebook. That same day, Oculus and Luckey filed their Motion to Dismiss Counts 1, 3, and 6, and In the Alternative to Dismissing Count 1, Motion for Order Requiring Identification of Trade Secrets with Particularity (Dkt. No. 45). On September 24, 2014, Facebook, Oculus and Luckey filed a Motion for Protective Order to Stay Discovery (Dkt. No. 55). On October 3, 2014, Facebook, Oculus and Luckey filed an opposition to Plaintiffs' Motion (a) To Overrule Objections to Discovery and (b) To Compel Facebook,

Oculus and Luckey to Proceed with Discovery (Dkt. 61). Any discovery is premature pending the Court's resolution of these motions.

Should their Motion to Dismiss not be granted in its entirety, Defendants reserve the right to supplement their objections and responses to those Interrogatories that remain relevant, as appropriate, following the Court's ruling on the above pending motions.

Defendants' responses and specific objections follow Defendants' General Objections. Accordingly, each of Defendants' responses is subject to and without waiver of both the general and specific objections asserted below.

1. The specific response set forth below is for the purposes of discovery only and Defendants neither waive nor intend to waive, but expressly reserves, any and all objections they may have to the relevance, competence, materiality, admissibility, or use at trial of any information, documents, or writings identified, or referred to herein, or to the introduction of any evidence at trial relating to the subjects covered by such response. All such objections may be made at any time up to and including the time of trial.

2. Defendants' response to the Interrogatories is made to the best of Defendants' present knowledge, information, and belief. This response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendants' recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendants' further discovery or investigation. Defendants reserve the right to supplement and amend their response and, if necessary, to assert additional objections arising from further investigation.

3. Defendants reserve the right to make any use of, or to introduce at any hearing and at trial, information, and/or documents responsive to the Interrogatories but discovered subsequent to the date of this response, including, but not limited to, any such information or

- 2 -

documents obtained in discovery herein.  Defendants' investigation is continuing and ongoing and Defendants expressly reserve the right to revise and/or supplement these responses.

4.      The specific response set forth below is based upon Defendants' interpretation of the language used in the Interrogatories, and Defendants reserve their right to amend or supplement further their response in the event that Plaintiffs assert an interpretation that differs from Defendants' interpretation.

5.      Defendants' response to a particular interrogatory shall not be interpreted as implying that responsive information, documents and things exist or that Defendants acknowledge the appropriateness of the interrogatory.

6.      Defendants reserve the right to object on any ground to such other or supplemental requests involving or relating to the subject matter of these Interrogatories.

## GENERAL OBJECTIONS

The following general objections are incorporated into each of Defendants' responses as if fully set forth in them.  Defendants' responses to these Interrogatories shall not be deemed a waiver of any General Objection.

1.      Defendants object to the Instructions set forth by ZeniMax to the extent they purport to impose requirements or obligations inconsistent with or different from those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of Texas, and other applicable law, including without limitation instructions concerning the identification of privileged and/or work product protected documents and to the extent the instructions require a log of privileged communications post-dating the filing of the Complaint.  Defendants will not comply with any such unauthorized or inconsistent requirements.

- 3 -

2.     Defendants object to the Interrogatories to the extent they seek information not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.   In providing responses to the Interrogatories, Defendants concede neither their relevance nor materiality, and Defendants reserve the right to object to any further discovery on these matters and to the admissibility of the Interrogatories and any answer thereto in any deposition, filing or proceeding, including, but not limited to, at trial.

3.     Defendants object to the Interrogatories to the extent that they call for bases, facts or information that relate to a given topic as premature, in that discovery is ongoing, and Defendants have yet to receive discovery from ZeniMax or relevant third parties.

4.     Defendants object to the Interrogatories to the extent that they are overly broad and unduly burdensome.

5.     Defendants object to the Interrogatories to the extent that they are unlimited or otherwise overly broad in time.

6.     Defendants object to the Interrogatories to the extent they seek proprietary and/or business, technical and commercial information except to the extent such information is treated in compliance with the protective order agreed to by the parties and entered by the Court.

7.     Defendants object to the Interrogatories as overly broad and unduly burdensome to the extent they seek proprietary and/or confidential marketing and business information that is not relevant to any claim or defense of any party in this litigation nor likely to lead to the discovery of admissible evidence.

8.     Defendants object to the Interrogatories to the extent they make inquiries about matters the disclosure of which is prohibited or protected by statute, regulation or other applicable laws.

- 4 -

9.      Defendants object to the Interrogatories to the extent they seek information that Defendants are not permitted to disclose pursuant to confidentiality obligations to third parties. Defendants will do so only in accordance with an appropriate Protective Order to be negotiated and entered in this case and only after providing any required notice to third parties and/or obtaining any required authority to disclose such information from third parties.

10.     Defendants object to the Interrogatories to the extent they seek information already within the possession and control of ZeniMax or available from public sources.

11.     Defendants object to the Interrogatories to the extent they seek information beyond what is available from a reasonable inquiry of Defendants' files likely to contain relevant or responsive documents and a reasonable inquiry of Defendants' employees likely to have information relevant to a claim or defense of any party, or to the subject matter of this suit.

12.     Defendants object to the Interrogatories to the extent they are vague, ambiguous, and/or unintelligible or to the extent they require legal conclusions.

13.     Defendants object to the Definitions set forth by ZeniMax to the extent that they purport to give meaning to words different from their ordinary English meaning or definitions set forth in applicable statutes or rules.

14.     Defendants object to the fourth definition set forth by ZeniMax in its First Set of Interrogatories to Oculus and Luckey and incorporated into ZeniMax's Second Set of Interrogatories, as being overly broad and invasive of the attorney-client privilege and attorney work product doctrine, to the extent that definition includes Defendants' counsel.  Defendants further object to the definition to the extent that it fails to recognize that actions taken by past or current employees outside the scope of their employment and/or actions taken without Defendants' knowledge are not attributable to Defendants.  In responding to these Interrogatories,

- 5 -

Defendants will respond on the basis that the terms "Defendants," "Oculus, VR, Inc." and "Palmer Luckey" refer only to Oculus, VR, Inc., Oculus VR, LLC and Palmer Luckey, respectively.

15.    Defendants object to the definition of the terms "Oculus's Product(s)" and "Products" as vague and ambiguous in their use of the terms "technologies" and "projects."

16.    Defendants object to the definition of "identify" set forth by ZeniMax as being overly broad, unduly burdensome, and calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17.    Defendants object to each interrogatory to the extent it seeks to elicit information protected from disclosure by any privilege or protection, including, but not limited to, the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Defendants construe the Interrogatories as not seeking such information, and such information shall not be produced in response to the Interrogatories. Any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or immunity with respect to such documents or information or of any work-product protection which may attach thereto.

18.    Defendants object to the Interrogatories to the extent they seek information not in the possession, custody, and control of Defendants.

19.    Defendants' responses to the Interrogatories are based upon its present knowledge of the facts. Defendants have not completed their investigation and discovery of the facts related to this lawsuit. Defendants reserve their rights to amend or supplement these responses as appropriate.

20.     Defendants object to the Interrogatories to the extent they seek to elicit information that is subject to a right of privacy under the relevant provisions of federal and state law.

## RESPONSES AND OBJECTIONS

**Interrogatory No. 11:**

Provide a description of each of Oculus's Products, including but not limited to the following hardware and software items identified in Exhibit A to Defendant Oculus VR, LLC (Successor By Merger to Oculus VR, Inc.) And Palmer Luckey's Responses To ZeniMax Media Inc. And id Software LLC's First Set Of Interrogatories served on August 8, 2014:



Include in your description of each Product (a) a list of all hardware and software components that the Product contains; (b) the dates that the Product was first conceived, first reduced to practice, and first distributed or marketed outside Oculus (if at all); (c) the name and

- 7 -

title of present or former employees of Oculus, Luckey, or Facebook, Inc. who had significant involvement in the development of that Product; (d) the names of third parties who had any involvement whatsoever in the development of that Product; and (e) production numbers or other identifying information under which program code or Source Code for software components contained in the Product has been produced in this action.

**Response to Interrogatory No. 11:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this interrogatory as compound and containing multiple sub-parts addressing separate and discrete topics. Defendants further object to this interrogatory to the extent it seeks confidential information or trade secrets of Defendants. Defendants further object to this interrogatory to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this interrogatory to the extent it seeks documents and things that are publicly available. Defendants further object to this interrogatory as vague and ambiguous in its use of the phrases "first conceived" and "reduced to practice." Defendants further object to this interrogatory to the extent it seeks information that Defendants are not permitted to disclose pursuant to confidentiality obligations to third parties.

- 8 -

Dated:  October 17, 2014

Respectfully submitted,

**OCULUS VR, LLC and PALMER LUCKEY,**

By Their Attorneys,

/s/ Joshua M. Dalton

E. Leon Carter
Texas Bar No. 03914300
lcarter@carterscholer.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterscholer.com
**CARTER SCHOLER**
Campbell Centre II
8150 N. Central Expressway, 5th Floor
Dallas, Texas 75206
T: 214.550.8188
F: 214.550.8185

Geoffrey M. Howard (*pro hac vice*)
geoff.howard@bingham.com
John A. Polito (*pro hac vice*)
john.polito@bingham.com
Lucy Wang (*pro hac vice*)
lucy.wang@bingham.com
**BINGHAM MCCUTCHEN LLP**
Three Embarcadero Center
San Francisco, California  94111-4067
T: 415.393.2000
F: 415.393.2286

Joshua M. Dalton (*pro hac vice*)
josh.dalton@bingham.com
**BINGHAM MCCUTCHEN LLP**
One Federal Street
Boston, MA  02110-1726
T: 617.951.8000
F: 617.951.8736

- 9 -

## CERTIFICATE OF SERVICE

I, Lucy Wang, hereby certify that I caused a true and correct copy of the foregoing

Defendants Oculus VR, LLC and Palmer Luckey's Objections to Plaintiffs ZeniMax Media Inc.

and id Software LLC's Second Set of Interrogatories to be sent by e-mail delivery to counsel for

Plaintiffs on October 17, 2014 at phillip.philbin@haynesboone.com,

michael.karson@haynesboone.com, and dlpzenimax@skadden.com.


/s/ Lucy Wang
Lucy Wang

EXHIBIT 7

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2307
DIRECT FAX
(917) 777-2307
EMAIL ADDRESS
ANTHONY.SAMMI@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

March 26, 2015

VIA ELECTRONIC MAIL

Michael G. Rhodes
Cooley LLP
101 California Street, Fifth Floor
San Francisco, California 94111-5800
rhodesmg@cooley.com

> RE:  Defendants' Discovery Deficiencies and Request to Meet and Confer
>      *ZeniMax Media Inc. et al. v. Oculus VR, LLC et al.*, No. 3:14-cv-01849

Dear Michael:

On March 12, 2015, Defendants agreed that "full reciprocal discovery, as to trade secrets and otherwise, is now open as to them." Since making that representation, however, Defendants have produced <u>nothing</u>. Indeed, in the first nine months of this case prior to March 12, Defendants had produced only 23 pages of documents. Last month, after being ordered to proceed with discovery by Magistrate Judge Stickney (*see* Dkt. No. 103), Defendants added just 928 pages to their production. None of that production contains technical documents or source code. Defendants' continued discovery delays, which have now stalled discovery nearly a year after this case was filed, are unacceptable. Discovery must now proceed.

Accordingly, I write to reiterate my request that Defendants commence production of documents, and alternatively to schedule a time to meet and confer regarding that issue if Defendants are unwilling to commence production.

Specifically, Defendants must produce, at a minimum:

(1)  the documents identified in my January 30, 2015 letter to you;

(2)  substantive responses to Plaintiffs' September 3 and September 17, 2014 discovery requests (to which Defendants previously objected on the basis of their pending motions to dismiss);

Michael G. Rhodes
March 26, 2015
Page 2

        (3)      documents relevant to Defendants' own recently-propounded discovery requests; and

        (4)      responsive source code.

## 1.    Documents Identified in My January 30, 2015 Letter to You

Almost two months ago, I sent you a letter identifying six categories of documents in Defendants' possession that Defendants could readily locate and produce (*e.g.*, Defendants' communications with Plaintiffs and e-mail chains including those communications).[1]  Indeed, we expect that your firm located and reviewed those documents well before I sent that letter.  There is no reason those documents cannot be produced forthwith.  Please confirm that you will produce those categories of documents by April 17, 2015.  If not, we will move immediately to compel their production.

## 2.    Substantive Responses to Plaintiffs' Long-Pending Discovery Requests

On September 3 and September 17, 2014 — more than six months ago now — Plaintiffs served their Second Set of Interrogatories and Requests for Production to Defendants Luckey and Oculus and their First Set of Requests for Production to Defendant Facebook.  Defendants previously declined to respond substantively to those requests on the basis of their pending motions to dismiss.  Magistrate Judge Stickney has now ruled that discovery must proceed.  (*See* Dkt. No. 103; *see also* Dkt. No. 109 at 2 ("Defendants' request for a stay of discovery until the Court rules on Defendants' motions to dismiss has already been denied").)  Accordingly, please confirm that you will provide substantive responses to those requests by April 17, 2015.  If not, we will move immediately to compel responses and associated production of documents.

## 3.    Documents That Would Allow Plaintiffs to Respond to Defendants' Own Recent Discovery Requests

Plaintiffs served discovery requests on Defendants on July 9, 2014 and September 3 and September 17, 2014.  Those requests sought information that would be exclusively in Defendants' possession, including Defendants' documents concerning (i) the parties' NDA (RFP No. 3); (ii) the corporate form of Oculus (RFP No. 13), (iii) any technology or assistance provided to Defendants by Plaintiffs (RFP Nos. 9, 64-66); (iv) Oculus's products, including associated source code (RFP No. 5;

---

[1]    A copy of that letter is enclosed for your reference.

Michael G. Rhodes
March 26, 2015
Page 3

Interrogatory No. 11); and (v) Oculus's relationship with Facebook, including deal documents concerning the its acquisition by Facebook (RFP Nos. 6, 59). Defendants have failed to respond to those discovery requests, with the exception of the production of a small number of documents relating to the Oculus acquisition (23 pp.).

Yet, Defendants recently propounded (on March 3, 2015) interrogatories and requests for admission asking Plaintiffs to provide information that Plaintiffs have long been seeking from Defendants:

- Defendants' requests ask Plaintiffs to admit that Oculus is not a party to the NDA (*compare* Defendants' RFA No. 1 *with* Plaintiffs' RFP No. 3) and that Oculus was not formed as an entity when the NDA was signed (*compare* Defendants' RFA Nos. 2, 3 *with* Plaintiffs' RFP No. 13). Plaintiffs long ago requested documents from Oculus regarding its formation and corporate structure. Virtually nothing has been produced.

- Defendants have asked  Plaintiffs to provide information on the transfer of Plaintiffs' technology to Defendants (*compare* Facebook's Interrogatory Nos. 4, 5, 11, 12 *with* Plaintiffs' RFP Nos. 9, 64-66) and to admit that Oculus and Luckey's products do not contain Plaintiffs' technology or source code (*compare* Defendants' RFA Nos. 7, 8 *with* Plaintiffs' RFP No. 5 & Interrogatory No. 11).  Plaintiffs long ago requested documents from Defendants  regarding Defendants' use of Plaintiffs' technology, including source code.  Nothing has been produced.

- Defendant ask Plaintiffs' to admit that Oculus is a wholly owned subsidiary of Facebook and that Facebook did not persuade any party to breach contracts in this action.  (*Compare* Defendants' RFA Nos. 5, 6 *with* Plaintiffs' RFP No. 6.)  Plaintiffs long ago requested documents from Defendants regarding those issues.  Nothing has been produced.

- Facebook's interrogatories request information relating to Facebook's interactions with Oculus and Luckey, particularly surrounding the announcement of the Facebook-Oculus merger.  (*Compare* Defendants' Interrogatory Nos. 13-15 *with* Plaintiffs' RFP Nos. 6, 59.)  Plaintiffs long ago requested documents from Defendants regarding those issues. Nothing has been produced.

Michael G. Rhodes
March 26, 2015
Page 4

Defendants have in their possession documents addressing those various subjects. Defendants have admitted the relevance of those issues. Documents regarding those subjects must be produced forthwith.

**4.** <u>**Source Code**</u>

We appear to be in agreement that the production and review of source code is necessary to the resolution of this case. (*See* Plaintiffs' RFP No. 5; *see also* Defendants' RFA Nos. 7, 8.) Plaintiffs first requested Defendants' source code more than eight months ago, on July 9, 2014. As the Court has now entered a protective order addressing the protection of source code, there are no obstacles to Defendants' production of source code. Accordingly, please provide by <u>April 3, 2015</u> dates on which you are available to produce source code to Plaintiffs' outside counsel and their experts and consultants. Plaintiffs will follow with the exact locations for each of their five installations.

\*       \*       \*

If you will not comply with the reasonable requests set forth in this letter, please let me know when you are available on Monday or Tuesday of next week to meet and confer regarding those issues.

Very truly yours,

P. Anthony Sammi

<u>Enclosure</u> (copy of my January 30, 2015 letter to you)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2307
DIRECT FAX
(917) 777-2307
EMAIL ADDRESS
ANTHONY.SAMMI@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

January 30, 2015

VIA ELECTRONIC MAIL

Michael G. Rhodes
Cooley LLP
101 California Street, Fifth Floor
San Francisco, California  94111-5800
rhodesmg@cooley.com

RE:  Plaintiffs' Outstanding Requests For Documents
     *ZeniMax Media Inc. et al. v. Oculus VR, LLC et al.*, No. 3:14-cv-01849

Dear Michael:

In light of the Court's order at Monday's hearing that discovery shall proceed, we request that Defendants produce the following documents forthwith:

(i)   all communications between Plaintiffs and Oculus and/or Mr. Luckey (contained in our Request No. 1);

(ii)  all communications involving John Carmack from January 1, 2012 until Mr. Carmack became an employee of Oculus in or about September 2014, and all documents referencing those communications, including but not limited to e-mail chains including such communications (contained in our Request No. 2);

(iii) all documents concerning the Non-Disclosure Agreement at issue in this litigation, excepting any documents as to which Defendants assert a privilege, which should be promptly identified on an appropriate privilege log (contained in our Request No. 3);

(iv)  all documents concerning the negotiations between ZeniMax and Oculus for an equity position in Oculus, with the same provision for

Michael G. Rhodes
January 30, 2015
Page 2

documents as to which Defendants assert a privilege (contained in our Request No. 4);

(v)     a set of the transaction documents for Facebook's acquisition of Oculus, and the contents of the "data room" for that transaction (contained in our Request No. 6); and

(vi)    all communications between any Defendant and any former employee of Plaintiffs who subsequently became employed by any Defendant, from January 1, 2012 until each such employee's employment by that Defendant (contained in our Request No. 10, which identifies those employees by name).[1]

We expect that your firm or your co-counsel at Morgan Lewis have already located and identified those documents for your own purposes of analysis. If not, searches using the following search terms may expedite locating those documents:[2]

| Keyword | Rationale |
| --- | --- |
| *Carmack* | (relating to John Carmack) |
| *ZeniMax* | (self-explanatory) |
| *idsoftware* | (identifies e-mail addresses for personnel at id Software) |
| *Hollenshead* | (relating to Todd Hollenshead, former president of id Software, who was involved in negotiations with Oculus) |
| *Altman* | (relating to Robert Altman, CEO of ZeniMax, who sent, received, or was copied on communications re: negotiations with Oculus) |

---

[1]   Plaintiffs identify these narrowed categories as particularly appropriate for immediate production without waiving any part of their outstanding requests for production of documents.

[2]   The search terms provided here are non-exhaustive and Plaintiffs do not contend that use of these terms alters in any way Defendants' existing obligations to produce responsive documents.

Michael G. Rhodes
January 30, 2015
Page 3

| Keyword | Rationale |
|---|---|
| *NDA,*<br>*Non-Disclosure Agreement,*<br>*Nondisclosure Agreement* | (self-explanatory, could be searched together with "*ZeniMax*" or "*id*" if Defendants have entered into other such agreements) |
| *Antkow*<br>*Hooper*<br>*Jason* and *Kim*<br>*Kennickell*<br>*Waveren*<br>*Wright* | (names of former employees of Plaintiffs now employed by Oculus) |

We further request that Facebook now provide amended (*i.e.*, substantive) responses to Plaintiffs' First Set Of Requests For Production And Inspection.

Finally, we request that Defendants prepare to provide, upon the Court's entry of a confidentiality order, the source code requested by our Request No. 5 in the form contemplated by that order.

Very truly yours,

P. Anthony Sammi

# EXHIBIT 8

| | |
|---|---|
| **From:** | Caplan, Matthew D. [mcaplan@cooley.com] |
| **To:** | Hemr, Kurt Wm. (BOS); Rhodes, Michael |
| **Subject:** | RE: ZeniMax v Oculus -- discovery requests as to which substantive responses are due from Defendants |
| **Date:** | 4/9/2015 9:50:16 PM |
| **CC:** | lstahl@carterscholer.com; lcarter@carterscholer.com; z/Facebook-Oculus/Zenimax Media Inc; Sammi, P. Anthony (NYC) |
| **BCC:** | |

**Message:**
Kurt,

We will provide supplemental responses to the below-referenced discovery requests by April 24.

Regards,

Matt

**Matt Caplan**
Cooley LLP
101 California Street • 5th Floor
San Francisco, CA  94111-5800
Direct: +1 415 693 2164 • Fax: +1 415 693 2222 • Cell: +1 310 528 1361
Bio: www.cooley.com/mcaplan • Practice: www.cooley.com/litigation

**From:** Hemr, Kurt Wm. [mailto:Kurt.Hemr@skadden.com]
**Sent:** Wednesday, April 01, 2015 11:03 AM
**To:** Rhodes, Michael
**Cc:** lstahl@carterscholer.com; lcarter@carterscholer.com; z/Facebook-Oculus/Zenimax Media Inc; Sammi, P. Anthony
**Subject:** ZeniMax v Oculus -- discovery requests as to which substantive responses are due from Defendants

Mike:

Following up our call Monday:

1) On <u>September 3, 2014</u>, Plaintiffs propounded to Facebook – which at that time had recently been added as a defendant – Plaintiffs' first set of requests for production and inspection. Those requests had previously been propounded to defendants Oculus and Luckey. On September 10, 2014, Facebook sent a letter objecting to those requests as premature, including in light of its anticipated response to the Amended Complaint. Facebook thereafter sent a set of objections to those requests. (Copies of those documents are attached.) A substantive response is required.

2) On <u>September 17, 2014</u>, Plaintiffs propounded to all Defendants a second set of requests for production, and propounded to Defendants Oculus and Luckey a second set of interrogatories. On October 17, 2014, Defendants objected to those discovery requests, including objecting to them as premature in view of their pending motions to dismiss. (Copies of those documents are attached.) Substantive responses are required.

1

Please inform me by what date Defendants propose to provide their substantive responses to these long-pending discovery requests. I note that our letter to you of March 26, 2015 proposed April 17, 2015 as a response date.

Kurt Hemr

**Kurt Wm. Hemr**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**500 Boylston Street | Boston | Massachusetts | 02116-3740**
**T: 617.573.4833 | F: 617.305.4833**
**Four Times Square | New York | 10036-6522**
**T: 212.735.2834 | F: 917.777.2834**
**kurt.hemr@skadden.com**

---

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

===========================================================================
=========

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

EXHIBIT 9

| | |
|---|---|
| **From:** | Caplan, Matthew D. [mcaplan@cooley.com] |
| **To:** | phillip.philbin@haynesboone.com; michael.karson@haynesboone.com; Project ZeniMax IP DL |
| **Subject:** | ZeniMax Media Inc. et al. v. Oculus VR, LLC, et al., Case No. 14-cv-01849-P |
| **Date:** | 3/3/2015 6:13:57 PM |
| **CC:** | z/Facebook-Oculus/Zenimax Media Inc; zzm oculus/zenimax; lcarter@carterscholer.com; lstahl@carterscholer.com |
| **BCC:** | |

**Message:**
Counsel,

Please see the attached discovery requests:

- Defendants' First Set of Requests for Admission to Plaintiffs;
- Defendants' Second Set of Requests for Production of Documents and Things to Plaintiffs; and
- Facebook's First Set of Interrogatories to Plaintiffs.

**Matt Caplan**
Cooley LLP
101 California Street • 5th Floor
San Francisco, CA 94111-5800
Direct: +1 415 693 2164 • Fax: +1 415 693 2222 • Cell: +1 310 528 1361
Bio: www.cooley.com/mcaplan • Practice: www.cooley.com/litigation

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

**Attachments:**
  2015-03-03 Defendants' First Set of Requests for Admission to Plaintiffs.pdf
  2015-03-03 Defendants' Second Set of Requests for Production of Documents and Things to Plaintiffs.pdf
  2015-03-03 Facebook's First Set of Interrogatories to Plaintiffs.pdf

# EXHIBIT 10

**From:** Voorhees, Kristen (NYC)
**To:** FacebookOculusZenimaxMediaInc@cooley.com; lcarter@carterscholer.com; lstahl@carterscholer.com
**Subject:** ZeniMax Media Inc. et al. v. Oculus VR, LLC et al., No. 3:14-cv-01849
**Date:** 4/2/2015 7:45:31 PM
**CC:** Project ZeniMax IP DL; phillip.philbin@haynesboone.com; Karson, Michael (Michael.Karson@haynesboone.com)
**BCC:**

**Message:**
Counsel,

Plaintiffs hereby serve on Defendants the following attached documents:
1. ZeniMax Media Inc. and id Software LLC's Responses and Objections to Defendants' Second Set of Requests for Production of Documents and Things to Plaintiffs;
2. ZeniMax Media Inc. and id Software LLC's Responses and Objections to Defendants' First Set of Requests for Admission to Plaintiffs; and
3. ZeniMax Media Inc. and id Software LLC's Responses and Objections to Facebook Inc.'s First Set of Interrogatories to Plaintiffs.

Best,
Kristen

Kristen Voorhees
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square | New York | 10036-6522
T: 212.735.3685 | F: 917.777.3685
kristen.voorhees@skadden.com

**Attachments:**
ZeniMax v Oculus - Pl Responses to Defs 2d RFPs (dated Apr. 2, 2015).pdf
ZeniMax v Oculus - Pl Responses to Defs 1st RFAs (dated Apr. 2, 2015).pdf
ZeniMax v Oculus - Pl Responses to FB's Interrogs. (dated Apr. 2, 2015).pdf

# EXHIBIT 11

| | |
|---|---|
| **From:** | Caplan, Matthew D. [mcaplan@cooley.com] |
| **To:** | phillip.philbin@haynesboone.com; michael.karson@haynesboone.com; Project ZeniMax IP DL |
| **Subject:** | ZeniMax Media Inc. et al. v. Oculus VR, LLC, et al., Case No. 14-cv-01849-P |
| **Date:** | 4/17/2015 7:14:15 PM |
| **CC:** | z/Facebook-Oculus/Zenimax Media Inc |
| **BCC:** | |

**Message:**
Counsel,

A service copy of Defendants' Third Set of Requests to Production to Plaintiffs is attached.

Best,

Matt

**Matt Caplan**
Cooley LLP
101 California Street • 5th Floor
San Francisco, CA  94111-5800
Direct: +1 415 693 2164 • Fax: +1 415 693 2222 • Cell: +1 310 528 1361
Bio: www.cooley.com/mcaplan • Practice: www.cooley.com/litigation

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

**Attachments:**
    2015-04-17 Defendants' Third Set of Requests for Production to Plaintiffs.PDF

# EXHIBIT 12

| | |
|---|---|
| **From:** | McIntosh, Jocelyn [jmcintosh@cooley.com] |
| **To:** | phillip.philbin@haynesboone.com; michael.karson@haynesboone.com; Project ZeniMax IP DL |
| **Subject:** | Zenimax Media v. Oculus:  Notices of Subpoenas |
| **Date:** | 4/24/2015 2:49:45 PM |
| **CC:** | z/Facebook-Oculus/Zenimax Media Inc |
| **BCC:** | |

**Message:**

Counsel -- Attached please find the following:

1)  Notice of Service of Subpoena to Sixense Entetainment, Inc.;
2)  Notice of Service of Subpoena to Razer USA, Ltd.; and
3)  Notice of Service of Subpoena to NaturalPoint, Inc.


Jocelyn McIntosh
Assistant to
Heidi Keefe and Elizabeth Stameshkin
_____
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304
mcintoshjc@cooley.com <mailto:mcintoshjc@cooley.com>
(650)843-5669
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.  If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.