**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | |
| Plaintiffs, | Civil Case No.:  3:14-cv-01849-P |
| v. | |
| OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC., | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND SOURCE CODE**
**(ECF No. 121)**

Defendants Oculus VR, LLC ("Oculus"), Palmer Luckey, and Facebook, Inc. ("Facebook"; and collectively, "Defendants") hereby oppose plaintiffs ZeniMax Media Inc. and id Software LLC's (collectively, "Plaintiffs") Motion to Compel the Production of Documents and Source Code ("Mot.") (ECF No. 121).

Defendants agree that the categories of documents identified in the Motion are properly subject to production.  Defendants also agree with Plaintiffs that an exchange of the parties' source code is proper in this case.  Despite these points of agreement, Plaintiffs elected not to work collaboratively with Defendants and instead continue to burden this Court with unnecessary and wasteful motion practice.  Defendants respectfully submit that Plaintiffs' Motion should be denied.[1]

---

[1] Plaintiffs' certificate of conference avers that Defendants "repeatedly ignored [Plaintiffs'] requests for a productive conference regarding the production of substantive documents and source code." (Mot. at 13.) Plaintiffs' assertion ignores that, days before their filing, Defendants informed Plaintiffs that "we will endeavor to prioritize the review and production of documents responsive to the categories [identified in

Plaintiffs' Motion is notable for what it omits.  First, Plaintiffs' recitation of the history of discovery in this case is silent about this Court's Order denying Plaintiffs' Motion to Overrule Objections to Discovery and to Compel Defendants to Proceed with Discovery.  (ECF No. 109.) As the Court is aware, the parties engaged in substantial motion practice about Plaintiffs' failure to identify their alleged trade secrets with reasonable particularity (*see* ECF. Nos. 40, 55), which resulted in this Court requiring that Plaintiffs disclose their alleged trade secrets with particularity "prior to seeking discovery from Defendants" on trade secret-related issues.  (ECF No. 109.)  Even though Plaintiffs' trade secret disclosure relied exclusively on documents and information that Plaintiffs have possessed since filing this action (*see* ECF No. 113-1 (filed under seal)), Plaintiffs did not further specify their trade secrets until February 25, 2015 – over nine months after filing this action.  Because Plaintiffs' trade secret claims permeate Plaintiffs' numerous and broad discovery requests to Defendants – including the categories at issue in this Motion – it was Plaintiffs' conduct that delayed the litigation and hindered Defendants' ability to participate in discovery.[2]

These delays resulted in the Honorable Judge Solis recently entering an Amended Scheduling Order (ECF No. 134), which extends the deadline for completion of discovery to *December 15, 2015*.  Defendants are diligently moving forward in all aspects of discovery, and

the motion to compel] in the next production . . . [and] we are working diligently to produce all appropriate documents as soon as practicable."  (Plaintiffs' App'x Ex. 10 at 94.)  Rather than respond to this correspondence or pick up the phone, Plaintiffs moved to compel.  This proclivity to run to the Court – rather than engage in a dialogue with Defendants – resulted in Plaintiffs filing another motion to compel seeking responses to written discovery requests (ECF No. 137), even though Defendants had timely served those responses per an agreement between the parties.  When Defendants contacted Plaintiffs to ask about the motion, Plaintiffs promptly withdrew their motion to compel.  (ECF No. 140).

[2] Defendants believe that Plaintiffs' further identification of trade secrets remains inadequate and reserve all objections and challenges thereto.  In any event, Plaintiffs' claim that the categories of documents identified in the Motion do not "relate[] only to ZeniMax's trade secret claim" (Mot. at 4) is irrelevant. Defendants properly withheld production of these materials pending the Court ordered identification of trade secrets, as production of source code and communications about Plaintiffs' alleged transfers of technology clearly implicate trade secret issues, regardless of what other claims they may also relate to.

continue to review, process, and prepare for production of documents responsive to Plaintiffs' voluminous and broad document requests, including prioritized production of the categories of documents at issue in the Motion.   In light of the extended schedule and Defendants' commitment to produce responsive documents forthwith, Plaintiffs' Motion is unnecessary and should be denied.

Second, Plaintiffs fail to inform the Court that, as of the filing of the Motion, Defendants had produced over 31,000 pages of documents – more than twice the number of pages that Plaintiffs had produced.   (*Compare* Defendants' App'x at 2 *with id.* at 4.)   As of today, Defendants have produced over 59,000 pages of documents, compared to less than 23,000 pages of documents produced by Plaintiffs.   (*Compare* Defendants' App'x at 6 *with id.* at 8-9.)[3] Indeed, even though Defendants' February 20, 2015 request for additional document productions from Plaintiffs was met on March 6, 2015 by a commitment that Plaintiffs would produce further documents (*see* Defendants' App'x at 11-18, 20-24), Plaintiffs only made a further production (of a mere 2,000 documents) on April 14, 2015, after further demands that Plaintiffs resume their long-delayed document productions (*see id.* at 8-9).[4]

Third, Plaintiffs ignore that Defendants have already produced documents responsive to the categories identified in the Motion, and further disregard that Defendants are not refusing to produce documents responsive to any categories identified in the Motion.   (Plaintiffs' App'x Ex. 10 at 94.)   Before Plaintiffs filed the Motion, Defendants informed Plaintiffs that "we do expect there to be additional documents produced that correspond to those categories . . . [and] [t]o the extent we can, we will endeavor to prioritize the review and production of documents responsive

---

[3] The disparity in the number of documents produced is even more glaring: Defendants have produced over 21,000 documents, while Plaintiffs have produced less than 3,500 documents.
[4] Instead of burdening the Court with these issues, Defendants have been attempting to work out these deficiencies with Plaintiffs.

to the categories [identified in the motion to compel] in the next production." (*Id*.)   After Plaintiffs filed the Motion, Defendants further stated they would produce relevant, non-privileged documents responsive to each category in the Motion by a date certain consistent with their prior responses, and suggested that this commitment moots Plaintiffs' Motion. (Defendants' App'x at 26.)   Plaintiffs refused to withdraw the Motion. (*Id*. at 30.)   Moreover, Defendants' most recent production of approximately 4,900 documents – more than twice the number of documents that Plaintiffs have produced throughout this litigation – included additional documents falling within the categories identified in the motion to compel.   Because Defendants have agreed to produce relevant, non-privileged documents responsive to each of the categories identified in the Motion – and have prioritized and expedited the review and production of these documents – Defendants respectfully submit that Plaintiffs' Motion is unnecessary and should be denied.

Finally, consistent with the protective order entered by the Court, Defendants have made clear they are willing to exchange Oculus's source code related to virtual reality products.   As of today, Defendants have produced approximately 19 gigabytes of developer facing source code, which are the released versions of Oculus's Software Development Kit.[5]   (Defendants' App'x at 6.)   Plaintiffs have produced no source code.   Although Defendants had previously agreed to make a full production of source code on April 29, 2015, it became apparent shortly before commencing production that there are various pieces of confidential third party code inter-nested within Defendants' source code that are subject to confidentiality agreements and licenses. (Defendants' App'x at 35, ¶ 4.)   Within hours of learning that there was no feasible way to

---

[5] Although this code is available for download on Oculus's public website, and Defendants have repeatedly told Plaintiffs this, just two weeks ago, Plaintiffs informed Defendants for the first time that they had never downloaded the code and wanted Defendants to produce it to them. (Defendants' App'x at 35, ¶ 3.)

produce the source code on the previously agreed upon date of April 29, Defendants notified Plaintiffs via email on April 27, 2015.  (*Id*. at 35, ¶ 5.)  Because there is no simple way technologically to remove these pieces of code, Defendants promptly began the process of clearing all remaining hurdles for production pursuant to the confidentiality agreements and licenses.  (*Id*. at 36, ¶ 6.)  Defendants will produce the source code after all required notice periods have elapsed.  (*Id*. at 36, ¶ 7.)  Defendants have suggested that the parties reschedule the mutual source code exchange for May 22 or the following week.  (*Id*. at 36, ¶ 8.)

On April 28, 2015, Plaintiffs responded to Defendants' request to reschedule the source code exchange, accusing Defendants of misrepresenting the reason for the delay.  (*Id*. at 36, ¶ 9.) Given that Defendants have committed to produce Oculus's source code related to virtual reality products and have offered a date to do so (that is over six months before the discovery cut-off), Defendants respectfully submit that the parties should resolve any disagreement about this delay without further burdening the Court.

In sum, Plaintiffs' Motion is unnecessary and wasteful.  Defendants have committed to produce documents responsive to each category identified in the Motion forthwith, and have further suggested dates for a reciprocal source code exchange.  The Motion should be denied.

Date:  April 29, 2015                    Respectfully submitted,


                                         */s/ Heidi L. Keefe*

                                         Richard A. Smith
                                         Texas Bar No. 24027990
                                         rsmith@lynnllp.com
                                         Elizabeth Y. Ryan
                                         Texas Bar No. 24067758
                                         eryan@lynnllp.com
                                         **LYNN TILLOTSON PINKER & COX LLP**
                                         2100 Ross Avenue, Suite 2700
                                         Dallas, Texas 75201
                                         Phone: (214) 981-3800
                                         Fax: (214) 981-3839

                                         Michael G. Rhodes (*pro hac vice*)
                                         mrhodes@cooley.com
                                         **COOLEY LLP**
                                         101 California St., 5th Floor
                                         San Francisco, California  94111
                                         Phone:  (415) 693-2000

                                         Heidi L. Keefe (*pro hac vice*)
                                         hleefe@cooley.com
                                         Mark R. Weinstein (*pro hac vice*)
                                         mweinstein@cooley.com
                                         **COOLEY LLP**
                                         3175 Hanover Street
                                         Palo Alto, CA 94304
                                         Phone:  (650) 843-5000

## CERTIFICATE OF SERVICE

On April 29, 2015, I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).   As such, this **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND SOURCE CODE** was served on all counsel who are deemed to have consented to electronic service.


*/s/ Heidi L. Keefe*
Heidi L. Keefe