# EXHIBIT 1



Cassandra J. Reed
T: +1 650 843 5422
F: +1 650 849 7400
creed@cooley.com

March 27, 2015

Phillip B. Philbin
Haynes & Boone LLP
2323 Victory Avenue
Suite 700
Dallas, TX 75219

P. Anthony Sammi
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522

**RE: *Zenimax Media, Inc. et al. v. Oculus VR, LLC, et al.*, Case No. 3:14-cv-01849-P**

Dear Counsel,

Enclosed please find Defendant Oculus VR, LLC's second production of documents, bearing Bates numbers OCULUS00000929 – OCULUS00031758.  A password to access this encrypted production will be sent by separate e-mail.

Certain documents contained in this production have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the Protective Order agreed to by the parties and entered by the Court on February 9, 2015 (Dkt. No. 107).

If you have any trouble accessing these documents, please let me know.

Sincerely,

Cooley LLP

/s/ *Cassandra Reed*

Cassandra J. Reed
Senior Paralegal

CJR:cr

Enclosure (via SFTP)

APPENDIX TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL PRODUCTION AND SOURCE CODE - 2

# EXHIBIT 2

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### FOUR TIMES SQUARE
### NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2307
DIRECT FAX
(917) 777-2307
EMAIL ADDRESS
ANTHONY.SAMMI@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

September 26, 2014

VIA FEDERAL EXPRESS

Geoffrey Howard
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, California 94111
geoff.howard@bingham.com

RE:   Plaintiffs' Fifth Production of Documents
       *ZeniMax Media Inc. et al. v. Oculus VR, LLC et al.*, No. 3:14-cv-01849

Dear Geoff:

Enclosed please find a disc containing Plaintiffs' fifth production of documents to Defendants Oculus VR, LLC and Palmer Luckey only. Plaintiffs' production bears Bates numbers P0012899 - P0013775. These documents are encrypted and a password will be provided electronically.

Plaintiffs' fifth production of documents contains documents marked "HIGHLY CONFIDENTIAL". Pursuant to the parties' agreement on August 20, 2014, these documents shall be shown only to outside counsel of Defendants Oculus VR, LLC and Palmer Luckey. Certain documents, for example those e-mails containing source code, were redacted by Plaintiffs' counsel prior to production. Plaintiffs have moved for the entry of an order protecting confidential information exchanged in this litigation (Dkt. No. 42), and upon the Court's entry of such an order, Plaintiffs anticipate that they will either produce the e-mails without redactions or make the content of the e-mails available for review as otherwise provided in that order.

In my letter of September 5, 2014, I requested confirmation that Facebook, Inc. ("Facebook") would be subject to the same confidentiality restrictions as the other Defendants pending the Court's entry of a protective order. Having not received confirmation from Facebook, Plaintiffs are not producing the enclosed documents to Facebook at this time.

Very truly yours,

P. Anthony Sammi

cc:  all counsel of record (via electronic mail w/o enclosure)

# EXHIBIT 3



Elizabeth L. Stameshkin
+1 650 843 5121
lstameshkin@cooley.com

VIA FEDEX

April 29, 2015

P. Anthony Sammi
Skadden, Arps, Slate, Meagher, & Flom LLP
4 Times Square
New York, NY 10036

**RE: ZeniMax v. Oculus**

Dear Tony:

Enclosed please find a drive containing the following:

- Oculus VR, LLC's third production of documents, bearing bates numbers OCULUS00031759- OCULUS00057732;

- Facebook Inc.'s first production of documents, bearing bates numbers FB00000001- FB0001696; and

- Palmer Luckey's first production of documents, bearing bates numbers LUCKEY00000001- LUCKEY00000190.

A password to access these encrypted productions will be sent by separate e-mail.

Certain documents contained in the above productions have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the Protective Order agreed to by the parties and entered by the Court on February 9, 2015 (Dkt. No. 107).

The drive also contains a zip file labeled OCULUS_RELEASEDSC_0001, which includes source code and executable files available from Oculus's website. Oculus is providing this source code to Plaintiffs on the condition that it be used solely in this litigation and for no other purposes.

If you have any trouble accessing these documents, please let me know.

Sincerely,

Elizabeth L. Stameshkin

# EXHIBIT 4

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735-3685
DIRECT FAX
(917) 777-3685
EMAIL ADDRESS
KRISTEN.VOORHEES@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

April 14, 2015

VIA FEDERAL EXPRESS

Michael G. Rhodes
Cooley LLP
101 California Street, Fifth Floor
San Francisco, California  94111-5800
rhodesmg@cooley.com

RE:  Plaintiffs' Sixth Production of Documents and First Privilege Log
*ZeniMax Media Inc. et al. v. Oculus VR, LLC et al.*, No. 3:14-cv-01849

Dear Mr. Rhodes:

Enclosed please find a disc containing Plaintiffs' sixth production of documents to Defendants.  Plaintiffs' production bears Bates numbers P0013776 - P0022256, and contains documents marked "HIGHLY CONFIDENTIAL" pursuant to the parties' protective order (*see* Dkt. No. 107).  These documents are encrypted and a password will be provided electronically.

Concurrently with its sixth production of documents, Plaintiffs also serve their first privilege and redactions log on Defendants.  Pursuant to the parties' letter exchange between September 3 to September 17, 2014, this log contains information about documents withheld or redacted due to attorney client privilege or attorney work product protection.

Finally, Plaintiffs note that pursuant to the parties' Joint Proposal for Contents of Scheduling and Discovery Order (*see* Dkt. No. 31 § V.F.), Defendants must produce their privilege log no later than thirty (30) days after the production of documents from which any privileged and/or work product documents were redacted or withheld.  The time for Defendants to serve a privilege log for documents withheld from their first production has passed.  Plaintiffs look forward to receiving the privilege log resulting from Defendants' second production of documents on or before April 27, 2015.

Michael G. Rhodes
April 14, 2015
Page 2

       Please do not hesitate to contact me if you have any questions.

Very truly yours,

Kristen Voorhees

cc:  all counsel of record for Defendants (via electronic mail w/o enclosure)

# EXHIBIT 5



Michael G. Rhodes                                          VIA EMAIL (ANTHONY.SAMMI@SKADDEN.COM) AND
T: +1 415 693 2181                                                                      VIA U.S. MAIL
rhodesmg@cooley.com


February 20, 2015


P. Anthony Sammi
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, New York 10036

**RE:**   ***ZeniMax Media Inc. et al. v. Oculus VR, LLC, et al.*, Case No. 14-cv-01849-P**
          **Deficiencies in Plaintiffs' Responses to Defendants' Document Requests**

Dear Tony:

I write on behalf of Defendants Oculus VR, LLC ("Oculus"), Palmer Luckey, and Facebook, Inc. ("Facebook") to request a telephonic meet and confer under N.D. Texas L.R. 7.1(a) & (h) about Plaintiffs ZeniMax Media Inc. and id Software LLC's (collectively, "Plaintiffs") responses and objections to Oculus and Mr. Luckey's requests for production.[1]

On July 11, 2014, Defendants served their First Set of Requests for Production of Documents and Things to Plaintiffs ("Requests").   On August 11, 2014, Plaintiffs served Responses and Objections to Defendants' Requests ("Responses").   Between August 22, 2014 and September 26, 2014, Plaintiffs made a rolling production of documents.

As explained more fully below, Plaintiffs appear to have not made a full and complete document production in response to the Requests.   Further, Plaintiffs' Responses reflect an apparent refusal to produce documents responsive to certain Requests, improperly limit the date range of documents for production, and wrongfully attempt to curtail the scope of documents subject to production.

I.   **PLAINTIFFS' DEFICIENT DOCUMENT PRODUCTION**

1.   **Plaintiffs improperly truncated the date-range for their document production.**

In this action, Plaintiffs allege that "[f]or years, ***dating back to the 1990s***, Zenimax and its affiliates had conducted research into VR technology and headsets," and further allege that "[t]wenty years ago, id Software was involved with a number of VR companies." (Complaint, ¶ 24; Amended Complaint ("AC"), ¶ 26 (emphasis added).)   Yet, Plaintiffs have only agreed to produce documents dated on or after January 1, 2011, "unless otherwise noted." (Plaintiffs' Responses, ¶ 10.)   Because Plaintiffs purport to have been involved with VR for the past twenty years, Plaintiffs have no valid basis to withhold documents dated before 2011.   Indeed, Plaintiffs' production to-date reflects the relevance of the pre-January 2011 time period because

---

[1] Oculus and Mr. Luckey (collectively, "Defendants") served the Requests before Plaintiffs named Facebook as a defendant.



P. Anthony Sammi
February 20, 2015
Page Two

it *includes* documents from before that date.  (*See, e.g.,* P0000230 (employment agreement between John Carmack and ZeniMax, dated May 19, 2009).)

Please confirm that Plaintiffs are not withholding responsive, non-privileged documents that pre-date January 1, 2011.  If Plaintiffs are withholding such documents, please confirm no later than February 27, 2015 that you will be producing these documents.

### 2. Plaintiffs have not produced documents responsive to numerous requests.

In the Amended Complaint, Plaintiffs contend that "[f]or many years, Zenimax invested tens of millions of dollars in research and development, including research into virtual reality and immersive technologies" (AC, ¶ 26),[2] and further allege that Defendants misappropriated Plaintiffs' trade secret information related to and derived from this alleged VR-related research (*see, e.g., id.* ¶¶ 116-130).  There are nearly identical allegations in the original Complaint as well.

Defendants' Requests thus seek information related to, *inter alia*, Plaintiffs' purported investment in and development of VR technology, including documents that reflect Plaintiffs' allocation of employees and capital to this alleged research.

We have reviewed Plaintiffs' production to-date and determined that Plaintiffs have not produced documents in the following categories:

    a.    Internal ZeniMax documents concerning (i) ZeniMax's alleged direction that John Carmack "cease providing proprietary information or other technological assistance to Oculus" (AC, ¶ 94) (Request No. 42), and (ii) Plaintiffs' attempts to patent any VR-related technology worked on by John Carmack (Request No. 43);

    b.    Direct communications between John Carmack and Hillcrest Labs (Request No. 46);

    c.    Internal technical documents relating to Plaintiffs' alleged research and experimentation concerning VR, including designs, notes, charts, schematics, specifications and plans (*See, e.g.,* Request No. 41; *see also* Requests No. 6, 40, 42-43, 44-50, 90);

    d.    Documents relating to whether Plaintiffs' employees or former employees, other than John Carmack, conducted research or experimentation concerning VR (*See, e.g.,* Requests No. 34, 35, 39, 40, 41, 85);

---

[2] *See also* Joint Proposal for Contents of Scheduling and Discovery Order (Dkt. 31 at 2) ("Plaintiffs ZeniMax and id are video game developers and publishers who have invested tens of millions of dollars and many man-hours into the research and development of virtual reality ('VR') technologies.").



e.    Technical communications between John Carmack and Third Parties, including Head Mounted Display makers or makers of game consoles, platforms, peripherals, accessories, or graphic cards (other than Oculus or Mr. Luckey), including without limitation eMagin, Sony, Virtual Realities, NVIDIA, and/or Intel (*See, e.g.*, Requests No. 81, 82);

f.    Internal documents concerning Plaintiffs' alleged investment in (or abandonment thereof) VR technology (*e.g.*, plans, budgets, projections, or recommendations) (*See, e.g.,* Requests No. 38, 98, 99);

g.    Drafts of the alleged "Non-Disclosure Agreement" between Plaintiffs and Mr. Luckey (*See* Requests No. 66-68);

h.    Documents sufficient to demonstrate Plaintiffs' internal organization and personnel structure for all time periods during which Plaintiffs claim to have conducted research or experimentation concerning VR (*See, e.g.*, Request No. 96);

i.    Documents concerning Plaintiffs' revenues, earnings, or profits (*e.g.*, investor presentations, annual reports, balance sheets, business plans) for all time periods during which Plaintiffs claim to have conducted research or experimentation concerning VR (*See, e.g.*, Request No. 97).

Plaintiffs have failed to produce documents concerning specific alleged events in the Amended Complaint, including ZeniMax's alleged direction that John Carmack "cease providing proprietary information or other technological assistance to Oculus" (AC, ¶ 94), and ZeniMax's alleged research on "various off-the-shelf headsets," including purported testing by id Software's Creative Director on or about March 7, 2012 (*id.*, ¶¶ 27, 29).

Moreover, even where Plaintiffs have produced documents in a requested category – such as documents concerning (i) the Oculus Kickstarter, (ii) a potential partnership with or potential equity ownership in Oculus (including the investment proposals referenced in the Amended Complaint), and (iii) Plaintiffs' potential investment in Oculus (including the investor prospectuses) (*see* Requests No. 86-88) – the limited nature of the production and paucity of documents internal to Plaintiffs seriously calls into question whether Plaintiffs are withholding responsive, non-privileged documents.

Indeed, we note that some, but not all, of Plaintiffs' Responses indicate that documents will be produced "after a reasonably diligent search." (*See, e.g.*, Responses to Requests No. 34, 35, and 40-42.) We expect that Plaintiffs have and will use the diligence required under the Federal Rules of Civil Procedure in searching for and producing all requested documents.

If you have no responsive documents for these categories, please provide updated Responses confirming the same. If you have responsive documents for these categories, please tell us by February 27, 2015 when Defendants may expect to receive them.



P. Anthony Sammi
February 20, 2015
Page Four

## II.   PLAINTIFFS' IMPROPER OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUESTS

### 1.  Plaintiffs' Improper Objections.

Plaintiffs object to 80 of Defendants' 110 Requests "on the ground that [the request] seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs." (*See* Requests No. 1-3, 5-10, 13-19, 24-30, 32, 34-37, 39-53, 55-60, 62-63, 66-93, 100, and 105.)

Similarly, Plaintiffs object to 24 of Defendants' Requests "on the ground that [the request] seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs." (*See* Requests No. 1-3, 9, 24-25, 29, 32, 36-37, 39-40, 42, 46, 48, 50, 76-77, 80, 83, 86-89, and 100.)

Despite this, Plaintiffs are clearly in possession of responsive documents. (*Compare* Request No. 1 ("All communications between you and Oculus VR or Luckey.") *with* ZeniMax Appendix (Vol. 2) to its Opposition to Defendants' Motion for Protective Order and to Quash (Dkt. No. 97).)

Defendants are thus unable to determine whether Plaintiffs are withholding documents based on these objections. If Plaintiffs are using these objections to conceal the non-production of relevant documents within the scope of discovery, such conduct would be improper. *See, e.g., U.S. Commodity Futures Trading Comm'n v. Trade Exch. Network Ltd.,* No. CV 12-1902 (RCL), 2014 WL 4693408, at *3 (D.D.C. June 24, 2014) ("Obviously, defendants have documents responsive to this request; to be perfectly clear, the fact that the [the opposing party] also may have these documents is irrelevant to defendants' production obligations.").

To the extent Plaintiffs are withholding any documents responsive to any of these requests, please state the grounds for refusing to produce the documents for each such request.

### 2.  Plaintiffs' Wrongful Refusal to Produce Documents.

#### a.   <u>Refusal to Produce Documents re: Plaintiffs' Management Discussions</u>  **(Requests No. 98 and 99)**

In Requests No. 98 and 99, Defendants seek documents and things concerning Plaintiffs' management meetings and the management committee of id Software during all time periods that Plaintiffs claim to have conducted research or experimentation concerning virtual reality. Defendants' requests are relevant to test, *inter alia*, Plaintiffs' allegation that "[f]or many years, Zenimax invested tens of millions of dollars in research and development, including research into virtual reality and immersive technologies." (AC, ¶ 4.) Such a significant investment of capital and personnel would surely have been reflected in Plaintiffs' records related to management meetings. Similarly, Defendants are entitled to non-privileged



P. Anthony Sammi
February 20, 2015
Page Five

documents and information concerning Plaintiffs' allegation that "[f]or years, dating back to the 1990s, ZeniMax and its affiliates had conducted research into VR technology and headsets." (*Id.*, ¶ 26.)

It appears Plaintiffs are refusing to produce documents that Defendants requested in the above-referenced Requests. Please confirm whether Plaintiffs will produce documents in response to Defendants' Requests No. 98 and 99.

### b. Refusal to Produce Documents re: the QuakeCon 2012 Panel Discussion (Request No. 58)

Plaintiffs allege that "[o]n August 5, 2012, Luckey appeared on a panel at QuakeCon at ZeniMax's invitation." (AC, ¶ 58.) Defendants accordingly request all documents and things concerning this panel discussion, which would include, without limitation, any communications about ZeniMax's decision to invite Mr. Luckey, documents relating to ZeniMax's goals in inviting Mr. Luckey, and any correspondence related to Mr. Luckey or Mr. Carmack's statements on the panel. These documents are clearly relevant to Plaintiffs' claims. Please confirm whether Plaintiffs will produce documents responsive to Defendants' Request No. 58.

### 3. Plaintiffs' Responses Improperly Attempt to Limit the Scope of Documents Subject to Production.

Plaintiffs respond to 29 of Defendants' Requests by improperly seeking to narrow the documents they agree to produce – even when the request goes to the core of Plaintiffs' claims – using the qualification that only documents "sufficient to identify" the requested subject will be produced. (*See* Responses to Requests No. 9, 25-28, 31, 36-42, 44, 45, 48, 49, 53-57, 59, 60, 66, 80, 97, 100, and 101.)

For example, in response to requests for all documents and things concerning Plaintiffs' evaluation of VR technology (including the Rift) and alleged research and experimentation concerning virtual reality (including designs, schematics, and plans), Plaintiffs cut and pasted their boilerplate commitment to "produce responsive documents sufficient to identify any employees and former employees involved in the research of virtual reality," and "sufficient to identify the virtual reality research each employee or former employee had performed after a reasonably diligent search." (*See* Responses to Requests No. 40, 41.) Production of documents "sufficient to identify" alleged VR-related research, however, leaves open the possibility that Plaintiffs are refusing to produce the underlying research itself. This is improper, especially where Plaintiffs allege that Defendants misappropriated this very research.[3]

---

[3] Plaintiffs recycle this response for Defendants' requests for a forensic image of all removable media and laptops or desktops used by any current and former officers, directors, managers, employees and consultants with personal knowledge of your alleged research or experimentation concerning virtual reality. (Requests No. 36, 37.) Please confirm that Plaintiffs have, at minimum, searched these forensic images (and other potentially relevant sources) and produced responsive documents.



P. Anthony Sammi
February 20, 2015
Page Six

Plaintiffs inappropriately deploy the same limiting language in response to myriad other requests, including, without limitation, when Defendants requested documents related to alleged events in Plaintiffs' Amended Complaint:

| Request No. 44 | Response to Request No. 44 |
| --- | --- |
| All documents and things concerning all versions and prototypes of virtual reality HMDs and related tangible equipment that you obtained, developed, or tested, including without limitation the "off-the-shelf headsets" described in paragraph 25 of the Complaint, the equipment pictured in paragraph 27 of the Complaint, and all equipment you received from Virtual Realities, eMagin, or Sony. | Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents *sufficient to identify* the headsets and equipment identified in paragraphs 25 and 27 of the Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs" possession, custody, or control. |
| **Request No. 45** | **Response to Request No. 45** |
| All documents and things concerning "customized firmware" referenced in paragraph 55 of the Complaint. | Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents *sufficient to identify* the customized firmware discussed in paragraph 55 of the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs" possession, custody, or control. |
| **Request No. 49** | **Response to Request No. 49** |
| All documents and things concerning your alleged research and experimentation concerning the Rift, including without limitation all hardware, software and firmware "modifications" "improvements" "enhancements" described in Paragraphs 3-9 and 29-31 of the Complaint. | Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents *sufficient to identify* the research and development of the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs" possession, custody, or control. |

Plaintiffs have no basis for withholding responsive, non-privileged documents from Defendants on these topics. Indeed, Plaintiffs do not (and cannot) profess that producing all documents and things in response to the above listed requests would be unduly burdensome,



P. Anthony Sammi
February 20, 2015
Page Seven

as Plaintiffs did not object on this basis to all of these requests. (*See* Plaintiffs' Objections to Requests 40, 41, 44, 45, and 49.)

Please clarify whether Plaintiffs are using this purported limiting language to withhold documents responsive to any of Defendants' Requests.

### 4. Plaintiffs Improperly Limit Responses Based on Their Initial Disclosures

In response to 13 requests for "all documents and things concerning" various topics, Plaintiffs agree only to produce "responsive communications sent to or received by employees and former employees identified in Plaintiffs' Initial Disclosures." (*See* Requests No. 1-3, 24, 48, 50, 86-89, 100.)[4]

Plaintiffs' initial disclosures, however, omit at least two employees of Plaintiffs who Defendants have identified to-date and who likely have possession, custody, or control over relevant information: Messrs. Robert A. Altman (CEO of ZeniMax) and J. Griffin Lesher (EVP, Legal & Secretary of ZeniMax).

Indeed, Plaintiffs have already produced communications with both Mr. Altman (*see, e.g.,* P0010292, P0010291) and Mr. Lesher (*see, e.g.,* P0000054, P0011005). And your letter of January 30, 2015 to me lists Mr. Altman's name as a proposed search term for documents that are purportedly "particularly appropriate for immediate production," and notes that Mr. Altman "sent, received, or was copied on communications re: negotiations with Oculus."

Moreover, limiting production to "communications" with select individuals on these topics, which seek (among other things) all documents concerning Plaintiffs' requests for, receipt of, or use of any hardware, software, or firmware relating to VR from Defendants, would improperly exclude entire categories of documents (such as notes, memoranda, or summaries relating to such communications).

Please clarify whether Plaintiffs are using this limiting language to withhold documents responsive to any of Defendants' Requests.

*      *      *

At bottom, it is apparent that your clients have not provided a full and complete document production in response to Defendants' long outstanding Requests. The pending dispute over the inadequacy of your clients' identification of trade secrets was not a basis to withhold any materials from Plaintiffs' production, nor was it a basis to serve evasive Responses and objections.

---

[4] Three of Plaintiffs' Responses introduce yet another qualifier by agreeing to produce only documents "sufficient to identify" communications between Defendants and persons identified in Plaintiffs' Initial Disclosures. (*See* Requests No. 48, 50, and 100.) This leaves unclear whether Plaintiffs will actually produce the underlying communication itself. Please confirm that Plaintiffs are not using this convoluted language to withhold responsive documents.



P. Anthony Sammi
February 20, 2015
Page Eight

Please advise by February 27, 2015 whether Plaintiffs will be amending or supplementing their Responses to Defendants' Requests and supplementing their document production, or whether Plaintiffs will be available to meet and confer about these issues.

Sincerely,

Michael G. Rhodes

114122794

# EXHIBIT 6

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

DIRECT DIAL
(212) 735-2307
DIRECT FAX
(917) 777-2307
EMAIL ADDRESS
ANTHONY.SAMMI@SKADDEN.COM

March 6, 2015

VIA ELECTRONIC MAIL

Michael G. Rhodes
Cooley LLP
101 California Street, Fifth Floor
San Francisco, California  94111-5800
rhodesmg@cooley.com

RE:  Defendants' February 20, 2015 Letter Re: Plaintiffs' Production
     *ZeniMax Media Inc. et al. v. Oculus VR, LLC et al.*, No. 3:14-cv-01849

Dear Mike:

This responds to your February 20, 2015 letter regarding ZeniMax's[1] document production.

I will address a threshold issue prior to responding to the specific points in your letter.  You state on page one of your letter that "Plaintiffs appear to have not made a full and complete document production in response to the [Defendants'] Requests."  Regarding the issue of parties' making "full and complete document production," as long ago as September 10, 2014, Defendants unilaterally insisted that discovery should cease.  Your most recent position before the Court was that Defendants will not engage in discovery at all until ZeniMax has further identified the trade secrets misappropriated by Defendants.  On February 25, 2015, ZeniMax served upon you its Further Identification of Misappropriated Trade Secrets.  Since then, I have requested that Defendants acknowledge whether they are withholding any discovery, and if so, on what basis.  I have received no reply to this question. Earlier this week, you produced 928 pages of documents.  As I have informed you in correspondence, I cannot tell from this small production of non-technical documents whether Defendants are refraining from participating in full reciprocal discovery.

---

[1]    For convenience, I will refer to Plaintiffs collectively as "ZeniMax."

Michael G. Rhodes
March 6, 2015
Page 2

Accordingly, while we are prepared to meet and confer regarding ZeniMax's production, any such meet and confer must also address the following question: **Do Defendants believe that discovery in this matter should not proceed, or that discovery is presently curtailed in some respect?** Please inform me of Defendants' answer to this question immediately so that, if necessary, we may address this issue with Magistrate Judge Stickney as soon as possible.

Turning now to the points in your letter regarding ZeniMax's production to date, we expect that certain points you raise relating to documents that you believe have not yet been produced by ZeniMax (*see* your item I.2, pp. 2-3) will be addressed by ZeniMax's ongoing rolling production. For our part, we will be reviewing the productions that we anticipate to be forthcoming from Defendants, and will likewise bring our concerns to your attention as that proceeds.

I will address the other points raised in your letter *seriatim*:

1. **Date Range of ZeniMax's Production** (your item I.1, pp. 1-2)

In view of the fact that the relationship between ZeniMax, Luckey, and Oculus commenced in 2012, it was reasonable for ZeniMax to generally limit its search for electronic documents to a date range beginning January 1, 2011, because that is the range most likely to include documents that are potentially relevant to this dispute. That said, if there are specific subject matters as to which you believe a search for pre-2011 documents is warranted, we are willing to discuss.

2. **ZeniMax's Objections Relating to Documents in Defendants' Possession** (your item II.1, p. 4)

Defendants are not entitled to demand that ZeniMax search for and produce documents that are already in Defendants' possession. That notwithstanding, ZeniMax is not presently withholding any documents from production on the ground that copies of such documents may be in Defendants' possession. If we determine that ZeniMax has potentially producible documents in its possession which would be burdensome to produce and which are likely already in Defendants' possession, we will so inform you.

3. **Records of ZeniMax and id Software Management Meetings** (your item II.2.a, pp. 4-5, relating to Requests for Production Nos. 98-99)

We do not agree that ZeniMax must produce records of every ZeniMax and id Software management meeting without regard to the subject matter addressed at the meeting. To the extent that that such meetings occurred between January 1, 2011 and the commencement of this litigation and addressed virtual reality or ZeniMax's dealings with Defendants Oculus and Luckey, ZeniMax will produce records of

Michael G. Rhodes
March 6, 2015
Page 3

those meetings to the extent such records exist and can be located after reasonably diligent search and are not subject to an applicable privilege or immunity, subject to the limitation that ZeniMax will not produce records that relate only to other subject matter raised at such meetings.

### 4.  Documents Concerning 2012 QuakeCon Panel Discussion
(your item II.2.b, p. 5, relating to Request for Production No. 58)

ZeniMax has reviewed its responses and objections to this request and will produce documents concerning the QuakeCon 2012 panel discussion at which Mr. Luckey spoke (*see* Am. Compl. ¶ 69) to the extent such documents exist and can be located after reasonably diligent search and are not subject to an applicable privilege or immunity.  ZeniMax has produced a number of documents responsive to this request already.

### 5.  ZeniMax's Responses Limited to Documents Sufficient to Identify Particular Persons or Things (your item II.3, pp. 5-7)

Where Defendants' Requests appear to be targeted at identifying particular categories of persons or things, but have been framed as overbroad and unduly burdensome requests for all documents concerning the persons or things in that category, ZeniMax has reasonably limited its response to those Requests by agreeing to produce documents sufficient to identify the persons or things falling within the specified category (to the extent such documents exist and can be located after reasonably diligent search and are not subject to an applicable privilege or immunity).  That is an appropriate response to those overbroad and unduly burdensome requests.

With respect to the particular requests that you identify, ZeniMax has reviewed its responses and objections and states as follows:

Request No. 40: ZeniMax will produce all documents concerning its evaluation of the Rift to the extent such documents exist and can be located after reasonably diligent search and are not subject to an applicable privilege or immunity.

Request No. 41: ZeniMax will produce all documents concerning research and development of the virtual reality technology that it contends was misappropriated by Defendants, to the extent such documents exist and can be located after reasonably diligent search and are not subject to an applicable privilege or immunity.

Request No. 44: ZeniMax stands by its response.  The request for a broader production is unduly burdensome and is not calculated to elicit relevant documents.

Michael G. Rhodes
March 6, 2015
Page 4

Request No. 45: ZeniMax will produce all documents concerning the customized firmware referenced in paragraph 55 of its Complaint (and paragraph 57 of its Amended Complaint), to the extent such documents exist, are in ZeniMax's possession, custody, or control, can be located after reasonably diligent search, and are not subject to an applicable privilege or immunity.

Request No. 49: ZeniMax will produce the documents requested to the extent such documents exist and can be located after reasonably diligent search and are not subject to an applicable privilege or immunity.

### 6. Production of Communications with Robert A. Altman and J. Griffin Lesher (your item II.4, p. 7)

With respect to your Requests No. 1-3, 24, 48, 50, 86-89 and 100, ZeniMax will produce responsive documents that can be located after a reasonably diligent search to and from Mr. Altman, the President and Chief Executive Officer of ZeniMax, and Mr. Lesher, the general counsel of ZeniMax, to the extent such documents exist, are not privileged, and are in ZeniMax's possession, custody, or control.

Although we are not limiting our production to only communications, we expect the vast majority of responsive documents at this technology company to be in the form of e-mails and attachments to e-mails.

* * *

Lastly, with regard to your letter's characterization of ZeniMax's responses and objections to Defendants' document requests as "evasive" (p. 7), we reject that characterization entirely.  You may not agree with ZeniMax's responses and objections, but they are clearly stated.  Defendants could have addressed any of their purported concerns about ZeniMax's responses and objections at any time since ZeniMax served them almost seven months ago (on August 11, 2014).  Instead, Defendants refused to participate in discovery until Magistrate Judge Stickney ordered that discovery proceed.  Even now, almost six weeks after Magistrate Judge Stickney's order, Defendants have produced just 928 pages of documents.

If you would like to confer further regarding ZeniMax's document production, we can be available for a call on Tuesday, March 10.

Michael G. Rhodes
March 6, 2015
Page 5

     I look forward to receiving your prompt answer to my question on page two above.

Very truly yours,

P. Anthony Sammi

# EXHIBIT 7

| | |
|---|---|
| **From:** | Caplan, Matthew D. |
| **Sent:** | Friday, April 10, 2015 10:19 AM |
| **To:** | Hemr, Kurt Wm.; Rhodes, Michael |
| **Cc:** | DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; michael.karson@haynesboone.com; z/Facebook-Oculus/Zenimax Media Inc; lstahl@carterscholer.com; lcarter@carterscholer.com |
| **Subject:** | RE: Zmax |

Kurt,

Thank you for proposing a schedule.  We were understandably confused, since you said we would get the proposal by the end of last week , but we did not receive one, and then you filed a motion to compel.

As to our clients' supposed "months'-long delay in producing critical discovery," we informed you last Friday that we are working diligently to produce all appropriate documents as soon as practicable and that we will be making additional productions on a rolling basis.  This is more than we can say about your clients' document production.  While you have complained about the volume of our clients' document productions, we have produced a substantially larger number of documents than you have, and your clients have also not yet made any source code available to defendants.  We also note that some of Oculus's code is publically available (e.g., https://github.com/OculusVR/RiftDK1), but we do not believe that to be true of any of your clients' purported virtual-reality-related source code.   Because of these deficiencies in your production, we have sought additional document productions from you for over a month to no avail despite the fact that Tony Sammi promised that additional document productions were forthcoming on March 6.  Most recently, last Friday we asked for a date on which your clients would begin making the promised document productions.  You again ignored this request and, instead, moved to compel additional document productions from our clients.

That aside, we note that your proposed schedule includes a date by which document production shall be substantially complete.  We are willing  to commit to this date.  We will continue producing documents consistent with our previous responses to Plaintiffs' RFPs on a rolling basis.  Additionally, with respect to RFP number 2, we will produce relevant, non-privileged documents containing or commenting on communications with John Carmack before he became an employee of Oculus.  With respect to RFP number 5, consistent with the protective order entered by the Court, we are willing to exchange Oculus's source code related to Virtual Reality products.  Please propose a schedule for the exchange.

Given that we are not refusing to produce any of the categories of documents listed in your motion to compel, and that we are willing to commit to the date to substantially complete document productions in your proposed schedule, we believe this will moot your motion to compel.  In light of this, we will agree to move all dates in the scheduling order as you have proposed aside from those deadlines which have already passed so long as you agree to withdraw your motion to compel.

We see no reason to move deadlines that have already expired – e.g., amending the pleadings and adding parties – especially since you have never previously raised with us or the Court the need to extend these deadlines.  Moreover, we note that LR 40.1 looks disfavorably on extending or reviving deadlines that have already passed.  If you were concerned about these dates passing, you could have requested the Court to extend them prior to their expiration.  To the extent you can later show a true need to amend the pleadings, you always have the ability to move with a showing of sufficient good cause.

Please let us know your thoughts.

Best,

Matt

**Matt Caplan**
Cooley LLP
101 California Street • 5th Floor
San Francisco, CA  94111-5800
Direct: +1 415 693 2164 • Fax: +1 415 693 2222 • Cell: +1 310 528 1361
Bio: www.cooley.com/mcaplan • Practice: www.cooley.com/litigation

---

**From:** Hemr, Kurt Wm. [mailto:Kurt.Hemr@skadden.com]
**Sent:** Thursday, April 09, 2015 9:54 AM
**To:** Rhodes, Michael
**Cc:** DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; michael.karson@haynesboone.com; z/Facebook-Oculus/Zenimax Media Inc; lstahl@carterscholer.com; lcarter@carterscholer.com
**Subject:** RE: Zmax

Mike:

(Responding to your e-mail to my colleague Tony Sammi:)

Just last week we conferred by telephone and agreed that the current schedule is unworkable in view of the lack of progress on discovery.  We advised you on that call that we would confer with our client and get you a proposal for an amended schedule this week.  Accordingly, I don't believe for a minute that you infer from our filing of a motion to compel – which addresses your clients' months'-long delay in producing critical discovery – that we have changed our position on the need for an amendment to the schedule.

That posturing aside, we have conferred with our client, and propose amending the schedule as shown on the attached document.  If you agree, let us know as soon as possible and we'll send you a joint motion for your approval.  If you don't please tell us why and what you'd propose.  In either event we intend to get papers on file with the Court by Tuesday, so please let us know your position by Monday so that we may reflect your position in the certificate of conference.

Thanks

Kurt Hemr

**Kurt Wm. Hemr**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**500 Boylston Street | Boston | Massachusetts | 02116-3740**
**T: 617.573.4833 | F: 617.305.4833**
**Four Times Square | New York | 10036-6522**
**T: 212.735.2834 | F: 917.777.2834**
**kurt.hemr@skadden.com**

---

**From:** Rhodes, Michael [mailto:RHODESMG@cooley.com]
**Sent:** Thursday, April 09, 2015 12:00 PM
**To:** Sammi, P. Anthony (NYC)
**Subject:** Zmax

In view of the motion to compel and relative silence on the adjournment issue, I'm assuming you would prefer to operate within the existing schedule.

We will provide a separate response on the code production.

Best,

**Michael G. Rhodes**
Cooley LLP / San Francisco
Land: (858) 550-6017 • Mobile: (858) 205-3734
Bio: www.cooley.com/rhodesmg

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

--------------------------------------------------------------------------------
**************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
**************************************************
================================================================================

# EXHIBIT 8

**From:**         Hemr, Kurt Wm. <Kurt.Hemr@skadden.com>
**Sent:**         Friday, April 10, 2015 1:40 PM
**To:**           Caplan, Matthew D.; Rhodes, Michael
**Cc:**            DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com;
                  michael.karson@haynesboone.com; z/Facebook-Oculus/Zenimax Media Inc;
                  lstahl@carterscholer.com; lcarter@carterscholer.com
**Subject:**      RE: Zmax


Matt:

We will not be withdrawing our motion to compel as moot unless we receive (i) a production of the documents and source code sought by that motion which appears to be substantially complete and (ii) a reliable assurance from you that the production is, in fact, substantially complete with respect to those categories of documents and with respect to source code.  If you expedite that production, we can avoid burdening the Court with that motion practice.

To address specifically your point regarding deadlines for amendment of pleadings and addition of parties:  at this point Plaintiffs have no intention of further amending their pleading or adding parties, except insofar as discovery that we have not yet received may indicate that such steps are appropriate.  Accordingly, we believe the delay in discovery warrants extending those deadlines as well.

In light of that, please let us know by Monday whether Defendants will agree to any part of the amendment of the scheduling order that we propose.

Kurt Hemr

**From:** Caplan, Matthew D. [mailto:mcaplan@cooley.com]
**Sent:** Friday, April 10, 2015 1:19 PM
**To:** Hemr, Kurt Wm. (BOS); Rhodes, Michael
**Cc:** Project ZeniMax IP DL; phillip.philbin@haynesboone.com; michael.karson@haynesboone.com; z/Facebook-Oculus/Zenimax Media Inc; lstahl@carterscholer.com; lcarter@carterscholer.com
**Subject:** RE: Zmax

Kurt,

Thank you for proposing a schedule.  We were understandably confused, since you said we would get the proposal by the end of last week , but we did not receive one, and then you filed a motion to compel.

As to our clients' supposed "months'-long delay in producing critical discovery," we informed you last Friday that we are working diligently to produce all appropriate documents as soon as practicable and that we will be making additional productions on a rolling basis.  This is more than we can say about your clients' document production.  While you have complained about the volume of our clients' document productions, we have produced a substantially larger number of documents than you have, and your clients have also not yet made any source code available to defendants.  We also note that some of Oculus's code is publically available (e.g., https://github.com/OculusVR/RiftDK1), but we do not believe that to be true of any of your clients' purported virtual-reality-related source code.  Because of these deficiencies in your production, we have sought additional document productions from you for over a month to no avail despite the fact that Tony Sammi promised that additional document productions were forthcoming on March 6.  Most recently, last Friday we asked for a date on which your clients would begin making the promised document productions.  You again ignored this request and, instead, moved to compel additional document productions from our clients.

That aside, we note that your proposed schedule includes a date by which document production shall be substantially complete.  We are willing  to commit to this date.  We will continue producing documents consistent with our previous responses to Plaintiffs' RFPs on a rolling basis.  Additionally, with respect to RFP number 2, we will produce relevant, non-privileged documents containing or commenting on communications with John Carmack before he became an employee of Oculus.  With respect to RFP number 5, consistent with the protective order entered by the Court, we are willing to exchange Oculus's source code related to Virtual Reality products.  Please propose a schedule for the exchange.

Given that we are not refusing to produce any of the categories of documents listed in your motion to compel, and that we are willing to commit to the date to substantially complete document productions in your proposed schedule, we believe this will moot your motion to compel.  In light of this, we will agree to move all dates in the scheduling order as you have proposed aside from those deadlines which have already passed so long as you agree to withdraw your motion to compel.

We see no reason to move deadlines that have already expired – e.g., amending the pleadings and adding parties – especially since you have never previously raised with us or the Court the need to extend these deadlines.  Moreover, we note that LR 40.1 looks disfavorably on extending or reviving deadlines that have already passed.  If you were concerned about these dates passing, you could have requested the Court to extend them prior to their expiration.  To the extent you can later show a true need to amend the pleadings, you always have the ability to move with a showing of sufficient good cause.

Please let us know your thoughts.

Best,

Matt

**Matt Caplan**
Cooley LLP
101 California Street • 5th Floor
San Francisco, CA  94111-5800
Direct: +1 415 693 2164 • Fax: +1 415 693 2222 • Cell: +1 310 528 1361
Bio: www.cooley.com/mcaplan • Practice: www.cooley.com/litigation

**From:** Hemr, Kurt Wm. [mailto:Kurt.Hemr@skadden.com]
**Sent:** Thursday, April 09, 2015 9:54 AM
**To:** Rhodes, Michael
**Cc:** DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; michael.karson@haynesboone.com; z/Facebook-Oculus/Zenimax Media Inc; lstahl@carterscholer.com; lcarter@carterscholer.com
**Subject:** RE: Zmax

Mike:

(Responding to your e-mail to my colleague Tony Sammi:)

Just last week we conferred by telephone and agreed that the current schedule is unworkable in view of the lack of progress on discovery.  We advised you on that call that we would confer with our client and get you a proposal for an amended schedule this week.  Accordingly, I don't believe for a minute that you infer from our filing of a motion to compel – which addresses your clients' months'-long delay in producing critical discovery – that we have changed our position on the need for an amendment to the schedule.

That posturing aside, we have conferred with our client, and propose amending the schedule as shown on the attached document.  If you agree, let us know as soon as possible and we'll send you a joint motion for your approval.  If you

don't please tell us why and what you'd propose.  In either event we intend to get papers on file with the Court by Tuesday, so please let us know your position by Monday so that we may reflect your position in the certificate of conference.

Thanks

Kurt Hemr

**Kurt Wm. Hemr**
Skadden, Arps, Slate, Meagher & Flom LLP
500 Boylston Street | Boston | Massachusetts | 02116-3740
T: 617.573.4833 | F: 617.305.4833
Four Times Square | New York | 10036-6522
T: 212.735.2834 | F: 917.777.2834
kurt.hemr@skadden.com

---

**From:** Rhodes, Michael [mailto:RHODESMG@cooley.com]
**Sent:** Thursday, April 09, 2015 12:00 PM
**To:** Sammi, P. Anthony (NYC)
**Subject:** Zmax

In view of the motion to compel and relative silence on the adjournment issue, I'm assuming you would prefer to operate within the existing schedule.

We will provide a separate response on the code production.

Best,

**Michael G. Rhodes**
Cooley LLP / San Francisco
Land: (858) 550-6017 • Mobile: (858) 205-3734
Bio: www.cooley.com/rhodesmg

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

--------------------------------------------------------------------------
**********************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

================================================================================

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

--------------------------------------------------------------------------

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

================================================================================

APPENDIX TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL PRODUCTION AND SOURCE CODE - 33

# DECLARATION OF ELIZABETH L. STAMESHKIN

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC | |
| Plaintiffs, | Case No.:  3:14-cv-01849-P |
| v. | |
| OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC., | |
| Defendants. | |

## DECLARATION OF ELIZABETH STAMESHKIN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SOURCE CODE

I, Elizabeth Stameshkin, declare as follows:

1.      I am an associate at the law firm Cooley LLP, counsel of record for defendants Oculus VR LLC ("Oculus"), Palmer Luckey, and Facebook, Inc. (collectively, the "Defendants") in the above-captioned case.  I make this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Compel Production of Documents and Source Code.

2.      I have personal knowledge of the facts recited in this declaration and, if called as a witness, could and would testify competently to them.

3.      On April 15, 2015, I participated in a telephone call regarding source code production with counsel for Plaintiffs.  During this call, counsel for Plaintiffs informed Defendants for the first time that Plaintiffs had not downloaded the source code available for download on Oculus's public website.

4.      Although Defendants had previously agreed to make a full production of source code on April 29, 2015, it became apparent shortly before commencing that production that there

are various pieces of confidential third party code inter-nested within Defendants' source code that are subject to confidentiality agreements and licenses.

5.      Within hours of learning that there was no feasible way to produce the source code on the previously agreed upon date of April 29, Defendants notified Plaintiffs via email on April 27, 2015.

6.      Because there is no simple way technologically to remove these pieces of code, Defendants promptly began the process of clearing all remaining hurdles for production pursuant to the confidentiality agreements and licenses.

7.      Defendants will produce the source code after all required notice periods have elapsed.

8.      Defendants have suggested that the parties reschedule the mutual source code exchange for May 22 or the following week.

9.      On April 28, 2015, Plaintiffs responded to Defendants' request to reschedule the source code exchange, accusing Defendants of misrepresenting the reason for the delay.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on this 29th day of April 2015, in Palo Alto, California.

Elizabeth Stameshkin

116416747