UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.,<br><br>Defendants. | Case No.:  3:14-cv-01849-P |

# **DEFENDANTS' MOTION TO PERMIT ADDITIONAL PERSONS TO ACCESS PROTECTED MATERIALS**

TO THE HONORABLE COURT:

Defendants Oculus VR, LLC, Palmer Luckey, and Facebook, Inc. respectfully file this Motion to Permit Additional Persons to Access Protected Materials.  Pursuant to section 13(b) of the Protective Order (Doc. 107) governing the production and use of confidential materials in this case, Defendants ask the Court to grant expanded access to Plaintiffs' Further Identification of Misappropriated Trade Secrets (the "Trade Secret Identification") (Doc. 113-1).  Because Plaintiffs ZeniMax Media Inc. and id Software LLC (collectively, "ZeniMax") have designated that document as "Highly Confidential" under the Protective Order, essential fact witnesses and Defendants' in-house counsel have been prevented from leaning how ZeniMax describes the trade secrets alleged in this case.  That restriction improperly prevents Oculus' witnesses from learning what ZeniMax's lawsuit accuses them of having done, which in turn limits their ability to assist in the defense of the case.  Furthermore, it prevents the in-house attorneys charged with evaluating the case and making decisions on behalf of the Defendants from learning what this case is actually about.  The Court should therefore grant expanded access.

1. On February 13, 2015, Magistrate Judge Stickney ordered ZeniMax to provide Defendants with the following information prior to seeking discovery from them on ZeniMax's trade secret claims:

> (1) identification of each alleged trade secret;
>
> (2) separately break out each of the individual alleged trade secrets that Plaintiffs claim Defendants misappropriated;
>
> (3) identification of all such claims with sufficient particularity so that Defendants understand how each claim differs from public domain information; and
>
> (4) to the extent that one Defendant is accused of misappropriating information different from the others, a list of which trade secrets each Defendant allegedly misappropriated.

Order at 5 (Doc. 109).

2. ZeniMax responded to that order by filing under seal and serving Plaintiffs' Further Identification of Misappropriated Trade Secrets (Doc. 113-1), a lengthy description of the information and materials that it claims as its trade secrets in this case. The Trade Secret Identification also names each of the persons ZeniMax claims to have been involved in the alleged misappropriation of each claimed trade secret. Those persons include:

- Defendant Palmer Luckey, the co-founder of Oculus VR;
- John Carmack, Oculus' Chief Technology Officer;
- Jack McCauley, Oculus' former Chief Engineer;
- Nirav Patel, an Oculus engineer;
- Brendan Iribe, Oculus' CEO;
- Nate Mitchell, Oculus' Vice President of Product; and
- Michael Antonov, Oculus' Chief Software Architect.

3. Under the terms of the Protective Order (Doc. 107) that governs the production and use of confidential information in this case, ZeniMax marked nearly every page of the Trade

Secret Identification as "Highly Confidential – For Outside Counsel Only." Due to that designation, Defendants are prohibited from sharing the Trade Secret Identification with any of the Oculus personnel – including named Defendant Palmer Luckey – who stand accused of misappropriating Zenimax's alleged trade secrets. *See* Protective Order §§ 10(a)(ii) & 11 (Doc. 107) (together, barring access to "The officers, directors and employees . . . of the Receiving Party to whom disclosure is reasonably necessary for this Litigation."). Thus, ZeniMax has effectively prevented the people who allegedly misappropriated its trade secrets from knowing how ZeniMax describes those alleged trade secrets.

   4. It is essential for Defendants and their counsel to be able to obtain the assistance of these key fact witnesses – all or most of whom are expected to be deposed by ZeniMax and eventually testify at trial – to develop the facts of the case and prepare their defense. By using the "Highly Confidential" designation, ZeniMax denies Defendants and their counsel the opportunity to learn what the witnesses think of ZeniMax's allegations. Further, it threatens a series of depositions by ambush for witnesses who have been denied the opportunity to understand ZeniMax's claims. And while ZeniMax may contend that this restriction causes no harm because the witnesses already have personal knowledge, the harm is that it denies them the opportunity to learn precisely what ZeniMax contends those trade secrets are, how they differ from matters of public knowledge, and how they were misappropriated – key allegations that are anything but self-evident from the face of the underlying documents or the allegations in the complaint. *See* Order at 2 (Doc. 109) ("While Plaintiffs argue that their trade secrets have already been alleged with a very high level of detail, upon review of Plaintiffs' amended complaint, the Court finds that further specificity would assist the Court and Defendants.").

5.      Designating the Trade Secret Identification as "Highly Confidential" also prevents Defendants' in-house counsel from having access to it. *See* Protective Order §§ 9(a)(ii), (iv) & 11 (Doc. 107) (collectively, barring access to "in-house counsel" generally, as well as two specifically identified in-house attorneys).  That restriction stops inside counsel from learning what ZeniMax's claims are, thereby precluding them from evaluating the merits of those claims in light of the facts and the applicable law.  Notably, there is no restriction on the ability of inside counsel to access the emails and files that ZeniMax consistently cites as the source of each of its trade secret claims. *See, e.g.*, Trade Secret Identification at 11 (Doc. 113-1) ("Defendant Luckey and Defendant's Oculus's Chief Engineer Jack McCauley received this trade secret by email sent from ZeniMax's Technical Director John Carmack.").  By ZeniMax's own admission, those files and emails were already in Defendant Oculus' possession for well over a year before it filed this lawsuit, and nothing in the Protective Order prevents in-house counsel from accessing Defendants' own copies of those materials.  Thus, ZeniMax's "Highly Confidential" designation does not protect the substance of any claimed trade secret.  Instead, it simply prevents inside counsel from learning and evaluating what ZeniMax's explanation is for <u>how</u> those matters qualify as trade secrets.

6.      The Protective Order provides a remedy for overly-restricted access to discovery materials, as follows:

> <u>Disclosure by Order</u>.  If an agreement cannot be reached between the Parties, any Party may move the Court for an order that such persons not otherwise entitled under this Protective Order be given access to Protected Materials.  If the motion is granted, such person shall sign an Undertaking in the form of Exhibit A attached hereto before accessing the Protected Information.  Counsel for the moving Party shall retain the original of each signed Undertaking.

Protective Order § 13(b) (Doc. 107).  Thus, the Protective Order specifically authorizes a party to apply to the Court for an order granting expanded access to confidential materials.

7. Good cause exists for the Court to grant the expanded access to the Trade Secret Identification requested in this motion. All of the persons for whom Defendants are seeking expanded access have personal knowledge of the claimed trade secrets, or they have access to the underlying documents that contained the supposed trade secrets, or both. Thus, allowing those persons to have access to the Trade Secret Identification will not disclose any claimed trade secret that they do not already have access to. Instead, it will merely permit essential personnel to learn what about those materials are alleged to be trade secrets, how they are alleged to be distinct from public information, and how the actors are alleged to have misappropriated them.

## **PRAYER**

For the foregoing reasons, and pursuant to section 13(b) of the Protective Order, Defendants respectfully request that the Court enter an order permitting Defendant Palmer Luckey; Oculus VR employees John Carmack, Nirav Patel, Brendan Iribe, Nate Mitchell, and Michael Antonov; and former Oculus employee Jack McCauley to access Plaintiffs' Further Identification of Misappropriated Trade Secrets. Defendants further request that the Court also grant access to the Trade Secret Identification for Defendants' in-house counsel. Defendants also request all alternative or additional relief to which the court may conclude they are justly entitled.

Date:  May 6, 2015

Respectfully submitted,

*/s/ Richard A. Smith*

Richard A. Smith
Texas Bar No. 24027990
rsmith@lynnllp.com
Elizabeth Y. Ryan
Texas Bar No. 24067758
eryan@lynnllp.com
**LYNN TILLOTSON PINKER & COX LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Phone: (214) 981-3800
Fax: (214) 981-3839

Michael G. Rhodes (*pro hac vice*)
mrhodes@cooley.com
**COOLEY LLP**
101 California St., 5th Floor
San Francisco, California  94111
Phone:  (415) 693-2000

Heidi L. Keefe (*pro hac vice*)
hleefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Phone:  (650) 843-5000

**ATTORNEYS FOR DEFENDANTS OCULUS VR, LLC, PALMER LUCKEY, AND FACEBOOK, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on May 6, 2015, I conferred with Philip Philbin, counsel of record for Plaintiffs in this matter, and that Mr. Philbin stated he was opposed to the relief requested herein.

/s/ Richard A Smith

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on all counsel of record via the Court's electronic filing system on May 6, 2015.

/s/ Richard A. Smith