IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE OR
IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendants' Motion (Dkt. No. 149) should be denied because (1) the Local Civil Rules of the Northern District of Texas do not prohibit filing a reply appendix on a non-summary judgment motion; and (2) Defendants have already had a full opportunity to address the facts and arguments presented by Plaintiffs' Reply and Reply Appendix (Dkt. Nos. 148, 148-1).

**First**, Defendants' Motion to Strike (Dkt. No. 149) should be denied. Nothing in the Local Rules that govern regular motion practice prohibits filing an appendix with a reply in support of a motion. To the contrary, LR 7.1(i)(1) states that if a party relies on materials "to support … a motion" those materials "must" be included in an appendix.[1] LR 7.1(i)(2) states that the appendix, if used, must be filed as "a self-contained document, separate from the motion, response, *reply*, and brief" (emphasis added). LR 7.2(e), to which Defendants point, states only that if the "motion or response is accompanied by an appendix," the brief "must include citations

---

[1] Defendants do not cite or address LR 7.1(i), which governs "Appendix Requirements."

1

to each page of the appendix."  Nothing in those rules prohibits submitting an appendix with a reply.

By contrast, the Local Rules that govern *summary judgment* motions limit filing "supplemental pleadings, briefs, authorities, or evidence" without "the permission of the presiding judge." *See* LR 56.7.  But those Rules expressly do not apply to other motion practice. *See* LR 56.1 ("Except as expressly modified, the motion practice prescribed by LR 7.1-7.3 is not affected by LR 56.2-56.7.").  Moreover, the rules governing summary judgment appendix requirements refer to an appendix being "separate from the *motion* and brief or *response* and brief," whereas the rules for regular motion practice refer to an appendix being "separate from the motion, response, *reply*, and brief." *Compare* LR 56.6(b)(1) (emphasis added) *with* LR 7.1(i)(2) (emphasis added).  The case on which Defendants rely, *Tovar v. United States*, No. Civ. A. 3:98-CV-1682, 2000 WL 425170, at *4 n.8 (N.D. Tex. Apr. 18, 2000), *aff'd*, 244 F.3d 135 (5th Cir. 2000), specifically addresses motions for summary judgment.[2]  *Tovar* does not offer any support for striking Plaintiffs' Reply and Reply Appendix, as Defendants propose.

**Second**, Defendants' request to file a Sur-Reply should be denied.  Plaintiffs' Reply Appendix contains just five exhibits, all of which address assertions made by Defendants in their Response (Dkt. No. 143) regarding Defendants' purported good faith engagement in discovery.  All of those documents were available to Defendants before they filed their Response:

**(1)**  In their Response, Defendants argued that they had made a substantial document production.  (*See* Dkt. No. 143, at 3 ("As of today, Defendants have produced …").)  Exhibit 1 to the Reply Appendix shows that Defendants made their latest and largest production just *ten*

---

[2]  At least one court in this District has permitted the use of reply appendices even with summary judgment motions.  *See Lacher v. West*, 147 F. Supp. 2d 538, 540 (N.D. Tex. 2001).

*minutes* before filing their Response, a fact which Defendants did not disclose to the Court. (*See* Dkt. No. 148-1, Ex. 1, at 2.)

**(2, 3, 4)** In their Response, Defendants addressed their last-minute cancellation of an exchange of source code that had been agreed to by the parties. Exhibits 2, 3, and 4 to the Reply Appendix shows Defendants *deliberately delayed* sending an e-mail notifying Plaintiffs of their unilateral cancellation, a fact which Defendants did not disclose to the Court. (*See* Dkt. No. 148-1, Exs. 2-4, at 6, 17, and 20.)

**(5)** In their Response, Defendants asserted that certain source code "is available for download on Oculus's public website." (Dkt. No. 143, at 4 n.5.) Exhibit 5 to the Reply Appendix is a copy of the software license terms that Defendant Oculus VR, LLC imposes on downloads from its web site, a fact which Defendants did not disclose to the Court. (*See* Dkt. No. 148-1, Ex. 5, at 22-25.)

Defendants' Motion should be seen for what it is: an effort to yet again ask this Court to ignore evidence of their delay and thus to effectively condone Defendants' obstructionist approach to discovery. Plaintiffs' reference to five of Defendants' own documents is not an exceptional circumstance sufficient to warrant permitting additional briefing.[3]

Accordingly, ZeniMax respectfully submits that Defendants' Motion to Strike should be denied in its entirety.

---

[3] Prior to Defendants' filing their motion, Plaintiffs advised Defendants they would agree to further briefing on the sole issue of the deferred "1:00 a.m." e-mail, but not on any other issue already briefed. Defendants refused that offer, and then submitted a proposed Sur-Reply primarily on issues already briefed.

Dated: May 19, 2015

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

Respectfully submitted,

*s/ Phillip B. Philbin*
PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

*Attorneys for Plaintiffs
ZeniMax Media Inc. and id Software LLC*

## **CERTIFICATE OF SERVICE**

      On May 19, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: May 19, 2015                           *s/ Phillip B. Philbin*
                                                             Phillip B. Philbin