# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## Northern District of Texas

Case Number: 3:14-CV-01849-P

Plaintiff:
**ZENIMAX MEDIA, INC AND ID SOFTWARE, LLC.**
vs.
Defendant:
**OCULUS VR, LLC, PALMER LUCKY, and FACEBOOK, INC.**

For:
SPECIAL DELIVERY
5470 L.B.J. Freeway
Dallas, TX  75240

Received by SPECIAL DELIVERY to be served on **HILLCREST LABORATORIES, INC. C/O: SUZANNE L. ROTBERT, R/A, 1900 RESEARCH BLVD, STE 500, ROCKVILLE, MD 20850**.

I, ANDREA BERMAN, being duly sworn, depose and say that on the **11th day of May, 2015** at **11:20 am**, I:

served, **SUZANNE L. ROTBERT** as RESIDENT AGENT of HILLCREST LABORATORIES, INC. with **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION, WITH EXHIBITS** with the date and hour of service endorsed thereon by me, at the alternate address of: **11 N. WASHINGTON ST, #700, ROCKVILLE, MD 20850**, who stated they are authorized to accept service for **HILLCREST LABORATORIES, INC.**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
THESE DOCUMENTS WERE SERVED AT THE REGISTERED AGENTS CURRENT OFFICE ADDRESS: 11 N. WASHINGTON ST, #700, ROCKVILLE, MD 20850

**Description** of Person Served: Age: 45, Sex: F, Race/Skin Color: WHITE, Height: 5'3, Weight: 135, Hair: BLONDE, Glasses: N

Under penalty of perjury, I certify that the above made statements are true. I am over the age of 18, under no legal disabilities and have no interest in the above action. I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information, and belief.

**LAUREN GOLD**
Notary Public - State of Maryland
County of Montgomery
My Commission Expires 9/6/2017

Subscribed and sworn to before me on 5/11/15 by the affiant who is personally known to me.

Notary Public

**ANDREA BERMAN**
Process Server

SPECIAL DELIVERY
5470 L.B.J. Freeway
Dallas, TX 75240
(800) 352-7290

Our Job Serial Number: PRS-2015012195

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| Zenimax Media Inc. and ID Software LLC, <br> *Plaintiff* <br> v. <br> Oculus VR, LLC, Palmer Lucky, and Facebook, Inc., <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:14-cv-01849-P |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Hillcrest Laboratories, Inc., c/o their Registered Agent, Suzanne L. Rotbert, 1900 Research Blvd., Suite 500, Rockville, MD 20850

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Merrill Corporation <br> 21 Church Street, Suite 150 <br> Rockville, MD 20850 | Date and Time: <br> 06/04/2015 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/05/2015

*CLERK OF COURT*

OR  *[signature]*

_____    _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Oculus VR, LLC, Richard Smith, Lynn Tillotson Pinker & Cox, 2100 Ross Ave., #2700, , who issues or requests this subpoena, are: Dallas, Tx 75201; rsmith@lynnllp.com; 214-981-3824

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:14-cv-01849-P

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:
_____

_____ ** SEE ATTACHED ** _____ ; or
☐ I returned the subpoena unexecuted because *** AFFIDAVIT *** 
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

** SEE ATTACHED **
*Printed name and title*
*** AFFIDAVIT ***

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 3:14-cv-01849-P  Document 160  Filed 05/21/15  Page 4 of 8  PageID 4592

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## TO MAY 5, 2015 SUBPOENA TO HILLCREST LABORATORIES, INC.

### DEFINITIONS

1. "Request" and "Requests" refer to the numbered categories of Documents identified below under the heading "DOCUMENTS TO BE PRODUCED."

2. "You," "Your," and "Hillcrest" means Hillcrest Laboratories, Inc., Hillcrest Communications, Inc. and Your parents, subsidiaries, predecessors, and successors.

3. "ZeniMax" means ZeniMax Media, Inc., id Software LLC, its parents, subsidiaries, predecessors, and successors.

4. "Document" has the broadest possible meaning, and includes all materials and information that are discoverable pursuant to Rule 34 of the Federal Rules of Civil Procedure.

5. "Thing(s)" has the broadest meaning allowable under Rule 34 of the Federal Rules of Civil Procedure and includes any tangible object other than a Document including, without limitation, objects of every kind and nature, as well as prototypes, models, or physical specimens thereof.

6. "All Documents" means any and all Documents that might reasonably be located through a search of all locations reasonably likely to contain Documents called for by these Requests.

7. "Any" shall be understood to include and encompass "all."

8. The singular shall always include the plural and the present tense shall also include the past tense.

9. "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this Request any information that might otherwise be construed to be outside its scope.

10. "Person" or "Entity" means any natural person, corporation, partnership, joint venture, unincorporated association, trust, government entity or any other entity, or his, her or its

affiliates, joint ventures, agents, assigns, officers, directors, employees, representatives (including advisors), partners, attorneys, and all persons acting or purporting to act on his, her or its behalf.

**11.** "Communication" means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, a single person seeing or hearing any information by any means.

## INSTRUCTIONS

**1.** This subpoena calls for You to produce all Documents identified below under the heading "DOCUMENTS TO BE PRODUCED," that are within Your possession, custody, or control including Documents and Things in the possession of Your directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, investigators, attorneys, and all other Persons and Entities representing or acting on Your behalf.

**2.** In answering the following Document Requests, You are required to provide all Documents and Things that are available to You or within Your control, including Documents and Things in the possession of Your directors, officers, parents, subsidiaries, predecessors, successors, assigns, employees, agents, investigators, attorneys, and all other Persons and Entities representing or acting on Your behalf.

**3.** You shall produce such Documents and Things as they are kept in the usual course of business. If there are no Documents responsive to a particular Document Request, You should set forth such information in writing.

**4.** If You find the meaning of any term in these Document Requests to be unclear, You should assume a reasonable meaning, state what that assumed meaning is and respond to the Document Request on the basis of that assumed meaning. Likewise, if You object in any way to

any portion of a request in these Document Requests, You should state the part of the request You object to, state the remaining portion of the request to which You are responding and immediately, within the time set by the rule, produce Documents responsive to that portion of the request.

5. These Requests are continuing, so that if after responding and producing Documents for inspection and copying, You acquire or locate any additional Documents falling within the scope of any of the Requests herein, You are to produce such additional Documents promptly for inspection and copying.

## **DOCUMENTS TO BE PRODUCED**

1. All Communications between Hillcrest and John Carmack from January 1, 2011 through August 31, 2013.

2. All Communications between Hillcrest and ZeniMax from January 1, 2011 through August 31, 2013.

3. Documents sufficient to identify each Freespace Sensor Module inertial measurement unit ("IMU") released by Hillcrest from January 1, 2011 to the present.

4. A copy of each public disclosure regarding each IMU released by Hillcrest from January 1, 2011 to the present, including related press releases, white papers, blog posts, product manuals, and open source motion control APIs, such as libfreespace.

5. All Documents concerning any firmware modifications made to any Freespace Sensor Module IMU prepared for or sent to John Carmack.

6. All Documents concerning any software modifications made to any Freespace Sensor Module IMU prepared for or sent to John Carmack.

7. All Documents concerning any hardware modifications made to any Freespace

Sensor Module IMU prepared for or sent to John Carmack.

8. All Documents concerning any evaluation by Hillcrest of IMU sensors manufactured, sold, or produced by a third party.

9. All Documents concerning pricing information for each IMU disclosed in Request No. 3.

10. All Documents, Communications, and Things concerning any instance in which a Freespace Sensor Module IMU (including related hardware, software, and/or firmware) that was previously sent to John Carmack was disclosed or provided to any other third party.

11. All Documents, Communications, and Things concerning any hardware, firmware or software that Hillcrest provided to Virtual Realities Ltd.

12. All Documents and Things concerning the file transfer protocol or any modification of the file transfer protocol at "ftp://IdSoftware:2lBAx5Ua@ftp.hillcrestlabs.com/FSRK-USB-2_customImage.zip", including without limitation all versions of all files provided via the file transfer protocol, all documents concerning access to the file transfer protocol and all communications regarding the file transfer protocol.