IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO PERMIT
ADDITIONAL PERSONS TO ACCESS PROTECTED MATERIALS**

At Defendants' insistence, and at this Court's direction, Plaintiffs prepared a document describing in detail the valuable trade secrets that Defendants have misappropriated. (Dkt. No. 113-1.) Because that document contains Plaintiffs' highly confidential and valuable proprietary information, Plaintiffs sought and obtained this Court's leave to file that document under seal, and also marked that document as "Highly Confidential" under the terms of the protective order to which Plaintiffs and Defendants had agreed to protect the parties' confidential information in discovery. (Dkt. Nos. 107, 113, 117.) Now, more than two months later, Defendants have moved this Court to permit them to distribute Plaintiffs' highly confidential and proprietary information to approximately <u>one hundred</u> individuals. (*See* Dkt. No. 145.) The Court should deny Defendants' request, for (at least) the four reasons that follow:

***First***, Plaintiffs provided the trade secret identification document in reliance on the protective order to which Defendants had agreed. Defendants' demand for further trade secret

identification information was outstanding at the time that Defendants negotiated and agreed to the protective order. (*Compare* Dkt. No. 106 (agreed motion for entry of protective order dated Feb. 5, 2015) *with* Dkt. No. 109 (order addressing Defendants' demand for further trade secret identification dated Feb. 13, 2015).) Had Defendants wanted to make a special provision in the protective order for the additional trade secret identification information that they were <u>at that very time</u> asking the Court to require, they could have requested that special provision before agreeing to the protective order, or at least before Plaintiffs provided that trade secret identification information pursuant to the provisions of the protective order. Instead, Defendants waited more than two months to demand that the Court create an exception to the protective order to which the parties had long ago agreed.

*Second*, Defendants acknowledge in their Motion (i) that Plaintiffs' trade secret identification filing (Dkt. No. 113-1) precisely identifies certain e-mail messages by which trade secrets were communicated from Plaintiffs to Defendants, and (ii) that Defendants have their own copies of <u>all</u> of those e-mail messages. (*See* Dkt. No. 145, ¶ 5.) Defendants do not contend that they require any relief from the Court to undertake review of documents already in their possession. Defendants' in-house counsel and witnesses do not <u>also</u> need access to Plaintiffs' trade secret identification document. Defendants ominously suggest that their witnesses might be subject to "depositions by ambush" (Dkt. No. 145, ¶ 4), but no examining attorney can viably "ambush" a witness with a document that the deponent did not prepare and that the deponent has never seen.

*Third*, Defendants' contention that the protective order's restrictions on the use of discovery material impede the ability of their counsel and witnesses to assist in litigation proves too much. (*See id.*) It would surely also be convenient for Plaintiffs if Plaintiffs' in-house

2

counsel and employees were generally permitted to review documents and information produced by Defendants with "confidential" or "highly confidential" designations. The protective order that Defendants and Plaintiffs long ago negotiated, and that the Court entered, strikes a balance between protection of the parties' confidential information and the necessities of litigation. That Defendants waited more than two months to seek further access to that trade secret identification document confirms that Defendants do not require broader access to that document.

*Fourth*, Defendants have not disclosed to the Court the breadth of the relief they seek. Defendants have asked that seven named individuals be granted access to the document, as well as their "in-house counsel." (Dkt. No. 145, at 5.) But Defendants do not inform the Court that Defendant Facebook, Inc. has <u>approximately 100</u> in-house counsel.[1] In this action, Facebook is alleged to have misappropriated Plaintiffs' trade secrets by making use of trade secrets acquired by Defendants Oculus and Luckey in its own business. Permitting Facebook to distribute Plaintiffs' trade secrets to anyone further, let alone to as many as 100 of its attorneys — some of whom surely have business as well as legal responsibilities at Facebook — would thus be particularly inappropriate here. Significantly, Defendants have changed outside law firms in this action on no fewer than three occasions, thereby further disseminating access to and knowledge of Plaintiffs' confidential information. (*See* Dkt. Nos. 88-92, 99-100, 114, 128.) Every further disclosure by Defendants jeopardizes the secrecy of Plaintiffs' confidential information.

On reply, Defendants will no doubt rush to assure the Court that they do not really intend to distribute Plaintiffs' highly confidential information to all of their in-house counsel, and

---

[1] *See* "America's 50 Outstanding General Counsel," Nat'l L. J. (Mar. 31, 2014) (available online at <http://www.nationallawjournal.com/id=1202648667420/Americas-50-Outstanding-General-Counsel>) (Facebook, Inc.'s general counsel "leads about 100 lawyers who work on an array of legal issues").

that (come to think of it) they might just be able to get along with a more modest grant of relief. But even if Defendants had shown that it were necessary to distribute Plaintiffs' trade secret identification document to some subset of their in-house counsel — and they have made no such showing — Defendants cannot cure their failure to disclose the breadth of the relief requested by their Motion by an after-the-fact submission of a substituted order.  Defendants' failure in that regard is "like the thirteenth chime of the clock," which "casts doubt on that which went before." *See N.L.R.B. v. Sheraton Puerto Rico Corp.*, 651 F.2d 49, 54 (1st Cir. 1981) (Breyer, J.).  Here, Plaintiffs cannot be assured that their highly confidential trade secret information will be protected when Defendants are not forthcoming with the Court in their efforts to expand their access to Plaintiffs' confidential information.

        Accordingly, Defendants' Motion (Dkt. No. 145) should be denied in all respects.

Dated: May 27, 2015

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
   **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

Respectfully submitted,

*s/ Phillip B. Philbin*
PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

## **CERTIFICATE OF SERVICE**

      On May 27, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: May 27, 2015                                    *s/ Phillip B. Philbin*
                                                             Phillip B. Philbin