**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.,<br><br>Defendants. | Case No.: 3:14-cv-01849-P |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE
OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY**

TO THE HONORABLE COURT:

Defendants Oculus VR, LLC, Palmer Luckey, and Facebook, Inc. ("Defendants") respectfully file this Reply in Support of their Motion to Strike or, in the Alternative, Motion for Leave to File Sur-Reply (Doc. 149). Plaintiffs ZeniMax Media Inc. and id Software LLC (collectively, "ZeniMax") oppose the motion on two grounds. *First*, ZeniMax claims that the filing of additional evidence in support of a reply brief is only prohibited for summary judgment motions, a contention that is readily disproven by the case law of this District. *Second*, ZeniMax points to the relevance of the evidence it submitted on reply, an argument that simply highlights why, if that reply evidence is not stricken, Defendants should be afforded an opportunity to respond through their proposed sur-reply. Because neither argument actually justifies ZeniMax's opposition, the Court should grant Defendants' motion by either striking ZeniMax's reply brief and appendix, or by allowing Defendants to file their proposed sur-reply and its responsive evidence.

1. **Case Law of This District Demonstrates That Litigants May Not File Additional Evidence on Reply Without Leave of Court.**

ZeniMax contends that nothing in the Local Rules prohibits it from filing new evidence with its reply brief in order to further support its opening motion, and that the only type of motion where leave to file is necessary is for summary judgment. ZeniMax is wrong. The judges of this District have ruled in a wide variety of circumstances that it is improper for a movant to file additional evidence on reply, precisely because doing so would deny the nonmovant the opportunity to respond. Such cases include:

- *Allstate Ins. Co. v. Interline Brands, Inc.*, 997 F. Supp.2d 501, 505 (N.D. Tex. 2014) (Boyle, J.) (denying, on a motion to dismiss for lack of personal jurisdiction, leave to file a reply appendix "given that the Motion for Leave is opposed and Plaintiffs had no opportunity to respond to the new evidence presented" in the appendix);

- *Hurd v. BAC Home Loans Servicing*, 880 F. Supp.2d. 747, 758 n.2 (N.D. Tex. 2012) (Lynn, J. & Ramirez, Mag. J.) (refusing, on a motion to dismiss under Rule 12(b)(6), to consider additional evidence attached to a reply brief without leave of court);

- *Digital Generation, Inc. v. Boring*, 869 F. Supp.2d 761, 771 (N.D. Tex. 2012) (Lindsay, J.) (refusing, on application for preliminary injunction, to consider evidence and arguments submitted for first time on reply);

- *TCGC IP Holdings, LLC v. Graves Golf Academy*, 2010 WL 2671302, at *2 n.* (N.D. Tex. 2010) (Lindsay, J.) (declining, on motion for leave to take discovery, to consider "new arguments and evidence filed for the first time in a reply when there is no chance for the nonmovant to respond");

- *Vogt v. Texas Instruments, Inc.*, 2006 WL 4660134, at *3 n.3 (N.D. Tex. 2006) (Ramirez, Mag. J.) (granting, on motion to facilitate notice to potential plaintiffs under FLSA, motion to strike supplemental appendix because "[t]he local rules do not permit a party to submit additional evidence with a reply brief, and a movant desiring to submit additional evidence in support of a motion must first seek leave of court.").

*See also Klein v. Fed. Ins. Co.*, 2014 WL 239652, at*3 n.8 (N.D. Tex. 2014) (Fitzwater, J.) (granting leave, on motion to amend scheduling order, for nonmovant to file sur-reply to respond to arguments raised for first time in movant's reply).

Much of the case law in this District on the propriety of putting additional matters at issue via a reply brief derives from Judge Fitzwater's opinion in *Springs Industries, Inc. v. American Motorists Insurance Co.*, 137 F.R.D. 238 (N.D. Tex. 1991). In that case, which involved a motion to stay discovery, the Court granted leave for the defendant to file a reply brief containing additional evidentiary support for the original motion.[1] *Id.* at 239-40. In the course of that ruling, Judge Fitzwater laid out the rationale for the due order of briefing and explained how the courts (and the parties) should handle attempts to present additional evidence at the reply briefing stage:

> Following this court's decision in *Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n,* 121 F.R.D. 284 (N.D.Tex.1988) (en banc), there should be little doubt "that the party with the burden on a particular matter will normally be permitted to open and close the briefing." *Id.* at 291. This principle is sound. In our jurisprudence the party who must persuade the court of the merits of the relief it seeks is almost always given the final word. "It should thus be rare that a party who opposes a motion will object to the movant's filing a reply." *Id.* at 291–92.
>
> Of equal importance is the rule that the nonmovant should be given a fair opportunity to respond to a motion. This principle informs the court's practice of declining to consider arguments raised for the first time in a reply brief. It follows that a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond.
>
> * * *
>
> It cannot seriously be disputed that a movant is obligated to file with a motion the evidentiary materials necessary to justify the relief it seeks. The office of the reply brief permitted by Rule 5.1(f) is to rebut the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion. The document is to contain argument, not new supporting materials.
>
> There may be occasions, however, when additional supporting materials should be presented to the court. When a movant finds it necessary to add new evidentiary support for relief it requests, it should first confer with the nonmovant. If no injustice is likely to result, the parties should agree to the filing of the reply brief and new supporting materials, as well as to submission of a further response and a final reply brief. The practice of conferring is consistent with the rationale

---

[1] At the time, Local Rule 5.1 provided that no reply briefs could be filed without leave of court. *Springs Indus.*, 137 F.RD. at 239 n.1.

> of *Dondi*, which seeks *inter alia* to avoid expense and delay associated with litigating "a collateral determination whether the court should consider a particular pleading." 121 F.R.D. at 292. Acquiescence in additional submissions permits all appropriate evidence to be considered by the court, avoids depriving the nonmovant of a meaningful opportunity to oppose the factual and legal bases for a motion, and affords the movant the usual right of reply.
>
> There will be instances, of course, when a movant should not be permitted to cure by way of reply what is in fact a defective motion or when an injustice will otherwise result to a nonmovant if a reply brief is augmented with new evidence. When this is the case the nonmovant can oppose the granting of leave and the court can deny permission to reply. And where a movant has injected new evidentiary materials in a reply without affording the nonmovant an opportunity for further response, the court still retains the discretion to decline to consider them.

*Id.* (non-*Dondi* citations and footnotes omitted).

Thus, the case law unambiguously rejects ZeniMax's contention that it was free to use the occasion of its reply brief to submit new evidence and argue the meaning of that evidence, and the Court should therefore strike both the reply brief and its appendix.

**2.      ZeniMax Offers No Reason Why Defendants Should Be Denied the Right to Respond to the New Evidence Contained in Its Reply Appendix.**

The remainder of ZeniMax's argument is dedicated to describing the five exhibits contained within ZeniMax's reply appendix, apparently for the purpose of explaining that they rebut some of the factual matters explained in Defendants' own response brief. But in the course of that explanation, ZeniMax fails to offer any reason why it should be entitled to the final opportunity to expand the evidentiary record and discuss the contents of that expanded record. As Judge Fitzwater noted in *Spring Industries*, it is entirely proper to afford a nonmovant the opportunity to respond to additional evidence or arguments that are raised for the first time in a movant's reply. *Spring Indus.*, 137 F.R.D. at 240. Although Defendants requested the alternative relief of leave to file their proposed sur-reply and supporting evidence, ZeniMax elected to offer no response to that aspect of the present motion. Because ZeniMax does not

argue that the proposed sur-reply would be in any way improper or unhelpful to the Court in ruling on the pending motion to compel, Defendants' motion for leave remains a viable alternative to striking ZeniMax's reply brief and supporting appendix.

## CONCLUSION AND PRAYER

For the foregoing reasons, Defendants respectfully request that the Court strike ZeniMax's reply brief (Doc. 147) and appendix (Doc. 148). In the alternative, Defendants request that the court grant leave to file a sur-reply substantially in the form previously submitted, along with its supporting appendix.

DATED:  June 2, 2015                                Respectfully submitted,

                                                    */s/ Richard A. Smith*                

                                                    Richard A. Smith
                                                       Texas Bar No. 24027990
                                                       rsmith@lynnllp.com
                                                    Elizabeth Y. Ryan
                                                       Texas Bar No. 24067758
                                                       eryan@lynnllp.com
                                                    **LYNN TILLOTSON PINKER & COX LLP**
                                                    2100 Ross Avenue, Suite 2700
                                                    Dallas, TX  75201
                                                    Phone: (214) 981-3800
                                                    Fax: (214) 981-3839

                                                    Michael G. Rhodes (*pro hac vice*)
                                                       mrhodes@cooley.com
                                                    Matthew D. Caplan (*pro hac vice*)
                                                       mcaplan@cooley.com
                                                    **COOLEY LLP**
                                                    101 California St., 5th Floor
                                                    San Francisco, CA  94111
                                                    Phone: (415) 693-2000

                                                    Heidi L. Keefe (*pro hac vice*)
                                                       hleefe@cooley.com
                                                    Mark R. Weinstein (*pro hac vice*)
                                                       mweinstein@cooley.com
                                                    **COOLEY LLP**
                                                    3175 Hanover Street
                                                    Palo Alto, CA 94304
                                                    Phone: (650) 843-5000

                                                    Joseph B. Woodring (*pro hac vice*)
                                                       jwoodring@cooley.com
                                                    **COOLEY LLP**
                                                    1333 2nd Street, Suite 400
                                                    Santa Monica, CA  90401
                                                    Phone:  (310) 883-6400

                                                    **COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2015, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this brief was served on all counsel who are deemed to have consented to electronic service.

                                               */s/ Richard A. Smith*
                                               Richard A. Smith

4819-4116-8420, v. 1