**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.,<br><br>Defendants. | Civil Case No.: 3:14-cv-01849-P |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PAYMENT OF EXPENSES AND OTHER RELIEF (ECF NO. 156)

Defendants Oculus VR, LLC ("Oculus"), Palmer Luckey, and Facebook, Inc. ("Facebook"; and collectively, "Defendants") respectfully oppose Plaintiffs' Motion for Payment of Expenses and Other Relief (ECF No. 156 ("Motion")). Plaintiffs' Motion incorrectly accuses Defendants of "deceptive" practices, seeks sanctions against Defendants, and seeks a certification that "all relevant source code" has been produced by a date certain. Plaintiffs' Motion should be denied for multiple reasons.

First, Plaintiffs' reliance on Federal Rule of Civil Procedure 37, which applies when a party disobeys a discovery order, is misplaced. (*See* Motion at 5 (citing Fed. R. Civ. Proc. 37(b)).) The Court has issued no orders regarding source code production and, in any event, Defendants are diligently cooperating with discovery, including through a mutual exchange of source code with Plaintiffs on May 22, 2015, during which Oculus and Luckey produced over 700 GB of source code. The parties have since conducted additional mutual exchanges of source code, which are ongoing, at various locations across the country.

Defendants have produced the relevant code located after a reasonable search. Additional virtual reality code Defendants have found thus far, although redundant or of minimal relevance, was produced under the Federal Rules. Defendants expect remaining virtual reality code, if it exists, will be similarly redundant or of similarly minimal relevance, if any, but Defendants will produce that code, to the extent it is located, under the Federal Rules. Defendants are not withholding any relevant code. Further, Plaintiffs—despite their complaints—themselves continue to make rolling productions of responsive documents and information, and only last Friday made their largest production of documents (over one year after filing their initial Complaint).[1]

Second, Plaintiffs' demand that Defendants produce "all relevant code" by a date certain —and in particular, to certify such production—would impose an undue burden on Defendants. Defendants have undertaken a reasonable and diligent search for potentially relevant source code, and continue to process and review such code. Defendants have already produced hundreds of gigabytes of source code. However, given the broad scope of Plaintiffs' allegations, their unrestricted view of relevance, and the size of the companies at issue here, Plaintiffs would effectively have counsel certify that every hard drive of every Oculus employee has been searched. This is not a reasonable request.

Third, Plaintiffs' accusations that Defendants engaged in gamesmanship are incorrect. As set forth in Defendants' proposed Sur-Reply to Plaintiffs' Reply Memorandum and Appendix in Further Support of Motion to Compel (ECF No. 149-1), from the minute Defendants found out that Oculus's source code repositories included inter-nested third party code that could not be

---

[1] Plaintiffs have produced fewer than 35,000 pages, compared to Defendants' production of more than 264,000 pages. (Defendants' App'x ISO Opposition to Motion for Payment of Expenses, Ex. 1 at 2 & Ex. 2 at 4.)

removed, Defendants started looking for the easiest way to still be able to produce the code. (ECF No. 149-2 (Defendants' App'x at 4 (¶ 15)); *see also* Defendants' App'x ISO Opposition to Motion for Payment of Expenses at 8 (¶ 15).) Defendants only learned late in the afternoon on Monday, April 27 that there was no feasible way to produce the virtual reality-related source code without notification to those third parties. (*Id.* (¶ 16).) Plaintiffs' Motion states that on April 27, 2015, Plaintiffs' technical expert departed from Boston to California at or around 4:51 p.m. Dallas time (*i.e.*, 2:51 p.m. PT). (Motion at 4.) It was only *after* 4:51 p.m. Dallas time on April 27, however, that Defendants learned there was no feasible way to produce the virtual reality-related source code without notification to third parties. (Defendants' App'x ISO Opposition to Motion for Payment of Expenses at 11 (Declaration of Elizabeth Stameshkin, ¶ 3).)

In the hours that followed, Defendants' counsel drafted a message to Plaintiffs' counsel, and sought and received approval to send that message. (ECF No. 149-2 (Defendants' App'x at 4 (¶ 17)); *see also* Defendants' App'x ISO Opposition to Motion for Payment of Expenses at 8 (¶ 17).) At some point after 10 p.m. PT on April 27, Defendants' counsel set the message for delayed delivery at 11:00 p.m. PT, to ensure that no matter what, the e-mail would be in Plaintiffs' possession the minute they got up in the morning so as to avoid anyone getting on a plane for the now delayed production. (*Id.* (¶ 18).) The use of the Outlook delayed delivery feature was not intended to delay or prejudice Plaintiffs in any manner; it was intended to ensure the e-mail would be sent while waiting for any final changes. (*Id.* (¶ 19).)

Fourth, when Plaintiffs informed Defendants that their expert had traveled across the country in anticipation of the production, Defendants offered to reimburse reasonable airfare incurred for that individual. (*Id.* (¶ 20).) Plaintiffs ignored this offer and, rather than respond,

filed their Motion. In seeking payment for their expert's expenses, Plaintiffs' Motion does not address numerous factors that may have inflated those expenses, including that the airline ticket appears to have been purchased nearly one week after Oculus and Luckey confirmed a date for the first exchange of source code—likely increasing the cost (*compare* Plfs' App'x Ex. 9 at 45 (e-mail of April 17, 2015) *with id.* Ex. 13 at 72 (ticket "issue date" of April 23, 2015)), and that Plaintiffs' expert elected to stay two nights (rather than return to Boston on April 28) in a hotel that cost over $500 per night (*see id*. Ex. 13 at 74). Nor does the Motion explain why Plaintiffs' expert "necessarily had to travel to Palo Alto" on Monday, April 27—rather than Tuesday, April 28—for an exchange scheduled for Wednesday, April 29. And the Motion offers no response to Defendants' position that Plaintiffs' expert could have been working on any number of projects for this case or any other case during this trip—instead, the Motion seeks payment of over $2,100 in expert fees for "travel." (*See id*. Ex. 19 at 104-105.)

Finally, Plaintiffs' recitation of the procedural history of this case yet again omits any mention of the delays caused by Plaintiffs' failure to identify their alleged trade secrets with reasonable particularity. (*See* Motion at 1-4.) As early as April 24 and May 9, 2014, Oculus and Luckey requested that Plaintiffs provide them with copies of the materials on which Plaintiffs base their claims. (ECF No. 55-1 (Def's Appx. at 6-8, 11-12).) But it was not until Plaintiffs were required to do so by this Court (*see* Order Denying Plaintiffs' Motion to Overrule Objections to Discovery and to Compel Defendants to Proceed with Discovery (ECF No. 109)) that Plaintiffs further specified their trade secrets on February 25, 2015 (*see* ECF No. 113-1 (filed under seal))—over nine months after filing their initial Complaint.[2]

---

[2] As previously stated (*see* ECF No. 143), Defendants believe that Plaintiffs' further identification of trade secrets remains inadequate and reserve all objections and challenges thereto.

For the reasons set forth above, Defendants respectfully request that Plaintiffs' Motion be denied.

Date:  June 9, 2015

Respectfully submitted,

*/s/ Heidi L. Keefe*

Richard A. Smith
Texas Bar No. 24027990
rsmith@lynnllp.com
Elizabeth Y. Ryan
Texas Bar No. 24067758
eryan@lynnllp.com
**LYNN TILLOTSON PINKER & COX LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Phone: (214) 981-3800
Fax: (214) 981-3839

Michael G. Rhodes (*pro hac vice*)
mrhodes@cooley.com
**COOLEY LLP**
101 California St., 5th Floor
San Francisco, California  94111
Phone:  (415) 693-2000

Heidi L. Keefe (*pro hac vice*)
hleefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Phone:  (650) 843-5000

**CERTIFICATE OF SERVICE**

On June 9, 2015, I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, the foregoing document was served on all counsel who are deemed to have consented to electronic service.

*/s/ Heidi L. Keefe*
Heidi L. Keefe