# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC <br><br> Plaintiffs, <br><br> v. <br><br> OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC., <br><br> Defendants. | Case No.:  3:14-cv-01849-P |

## <u>APPENDIX TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PAYMENT OF EXPENSES AND OTHER RELIEF (ECF NO. 156)</u>

| <u>Document</u> | <u>Exhibit</u> | <u>Page(s)</u> |
|---|---|---|
| Letter from Kristen Voorhees to Michael G. Rhodes enclosing Plaintiffs' ninth production of documents, dated June 5, 2015 | 1 | 1-2 |
| Letter from Elizabeth Stameshkin to P. Anthony Sammi enclosing Defendant Oculus VR, LLC's fifth production of documents and Palmer Luckey's third production of documents, dated June 5, 2015 | 2 | 3-4 |
| Declaration Of Elizabeth Stameshkin In Support Of Defendants' Sur-Reply In Response To Plaintiffs' Reply Memorandum (ECF No. 147) And Appendix (ECF No. 148) In Further Support Of Motion To Compel (ECF No. 149-2) | 3 | 5-9 |
| Declaration Of Elizabeth Stameshkin In Support Of Defendants' Opposition To Plaintiffs' Motion For Payment Of Expenses And Other Relief | | 10-11 |

Dated:  June 9, 2015

Michael G. Rhodes (*pro hac vice*)
mrhodes@cooley.com
**COOLEY LLP**
101 California St., 5th Floor
San Francisco, California  94111
Tel:  (415) 693-2000

Heidi L. Keefe (*pro hac vice*)
hleefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
Elizabeth L. Stameshkin (*pro hac vice*)
lstameshkin@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Phone:  (650) 843-5000

Respectfully submitted,

/s/ Heidi L. Keefe

Richard A. Smith
Texas Bar No. 24027990
Email:  rsmith@lynnllp.com
Elizabeth Y. Ryan
Texas Bar No. 24067758
Email:  eryan@lynnllp.com
**LYNN TILLOTSON PINKER & COX LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
Phone:  (214) 981-3800
Fax:  (214) 981-3839

*Attorneys for Defendants*
*Oculus VR, LLC, Palmer Luckey and Facebook,*
*Inc.*

**CERTIFICATE OF SERVICE**

On June 9, 2015, I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  I hereby certify that I have served all counsel who are deemed to have consented to electronic service or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Heidi L. Keefe*
Heidi L. Keefe

# EXHIBIT 1

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3685
DIRECT FAX
(917) 777-3685
EMAIL ADDRESS
KRISTEN.VOORHEES@SKADDEN.COM

June 5, 2015

VIA FEDERAL EXPRESS

Michael G. Rhodes
Cooley LLP
101 California Street, Fifth Floor
San Francisco, California  94111-5800
rhodesmg@cooley.com

RE:   Plaintiffs' Ninth Production of Documents and First Supplemental Privilege Log
      _ZeniMax Media Inc. et al. v. Oculus VR, LLC et al._, No. 3:14-cv-01849

Dear Mr. Rhodes:

Enclosed please find a disc containing Plaintiffs' ninth production of documents to Defendants.  Plaintiffs' production bears Bates numbers P0024917 - P0034559, and contains documents marked "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" pursuant to the parties' protective order (_see_ Dkt. No. 107).  These documents are encrypted and a password will be provided electronically.

Concurrently with its ninth production of documents, Plaintiffs also serve their first amended and supplemental privilege and redactions log on Defendants.  This log contains information about documents that have been withheld or redacted from Plaintiffs' ninth production due to attorney client privilege and/or attorney work product protection.  This log also amends certain entries from Plaintiffs' first privilege and redactions log in response to a letter from your colleague, Mr. Joe Woodring, on May 26, 2015.

Please do not hesitate to contact me if you have any questions.

Very truly yours,

_Kristen Voorhees_

Kristen Voorhees

cc:  all counsel of record for Defendants (via electronic mail w/o enclosure)

# EXHIBIT 2



Elizabeth L. Stameshkin                                                    VIA FEDEX
+1 650 843 5121
lstameshkin@cooley.com


June 5, 2015

P. Anthony Sammi
Skadden, Arps, Slate, Meagher, & Flom LLP
4 Times Square
New York, NY 10036

**RE: ZeniMax v. Oculus**

Dear Tony:

Enclosed please find a drive containing the following:

- Oculus VR, LLC's fifth production of documents, bearing bates numbers OCULUS00079159 - OCULUS00264295;

- Palmer Luckey's third production of documents, bearing bates numbers LUCKEY00000293- LUCKEY00000315.

A password to access these encrypted productions will be sent by separate e-mail.

Certain documents contained in the above productions have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the Protective Order agreed to by the parties and entered by the Court on February 9, 2015 (Dkt. No. 107).

If you have any trouble accessing these documents, please let me know.

Sincerely,

/s/ *Elizabeth L. Stameshkin*

Elizabeth L. Stameshkin


117619734 v1

# EXHIBIT 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ZENIMAX MEDIA INC. and ID SOFTWARE LLC

        Plaintiffs,

    v.

OCULUS VR, LLC, PALMER LUCKEY AND
FACEBOOK, INC.,

        Defendants.

Case No.:  3:14-cv-01849-P

## DECLARATION OF ELIZABETH STAMESHKIN IN SUPPORT OF DEFENDANTS' SUR-REPLY IN RESPONSE TO PLAINTIFFS' REPLY MEMORANDUM (ECF No. 147) AND APPENDIX (ECF No. 148) IN FURTHER SUPPORT OF MOTION TO COMPEL

I, Elizabeth Stameshkin, declare as follows:

1.    I am an associate at the law firm Cooley LLP, counsel of record for defendants Oculus VR LLC ("Oculus"), Palmer Luckey, and Facebook, Inc. (collectively, the "Defendants") in the above-captioned case.  I make this declaration in support of Defendants' Sur-Reply In Response to Plaintiffs' Reply Memorandum (ECF No. 147) and Appendix (ECF No. 148) In Further Support of Motion to Compel.

2.    I have personal knowledge of the facts recited in this declaration and, if called as a witness, could and would testify competently to them.

3.    Defendants have processed and loaded over 1.5 million documents into a database, have identified over 300,000 documents that are potentially relevant to Plaintiffs' allegations and potentially responsive to their nearly 80 requests for production, and have thus far reviewed over 275,000 e-mails and electronic documents.

4.    Defendants have collected over 30 devices containing electronic media (e.g., laptops, hard drives, and cellular phones), along with numerous electronic databases maintained by Oculus, which Defendants continue to process and load into the database for review.

5.    Defendants must further review documents before production for privilege and third-party confidential information (pursuant to numerous non-disclosure and license agreements).

6.    Defendants to-date have identified and are reviewing over 100,000 documents that must undergo this additional review, which includes documents sought in Plaintiffs' Motion to Compel (ECF No. 121) ("Motion").

7.    Defendants are not withholding any categories of non-privileged documents sought in the Motion.

8.    Defendants have been expediting review and production of documents sought via Plaintiffs' Motion.

9.    Defendants currently anticipate that, on or before June 5, 2015, they will substantially complete production of relevant, non-privileged e-mails and electronic documents currently in the review database that have been identified as responsive to the categories in the Motion pursuant to a reasonable search.

10.    Defendants will promptly produce additional relevant, non-privileged documents located in their ongoing and expedited review of electronic media and additional sources that continue to be processed and loaded.

11.    Defendants' next production of documents, expected to be made on or before May 18, is expected to include Oculus and Luckey's versions of the e-mails identified on pages two and three of Plaintiffs' Reply, along with Oculus and Luckey's communications that contain or comment on those e-mails.

12.    Oculus's most recent production included over 1,500 documents related to Facebook's acquisition of Oculus, including transaction documents and documents Oculus made available to Facebook in a "data room."

13. Facebook has produced over 800 documents related to the acquisition of Oculus.

14. Defendants' next document production (expected to be made on or before May 18) is expected to include additional documents responsive to the categories of documents sought in the Motion.

15. When counsel for Defendants found out that Oculus's source code repositories included inter-nested third party code that could not be removed, counsel started looking for the easiest way to still be able to produce the code.

16. Counsel for Defendants (including myself) learned late in the afternoon on Monday, April 27 that there was no feasible way to produce the virtual reality-related source code without notification to third parties.

17. In the hours that followed that discovery, I drafted a message to Plaintiffs' counsel, and sought and received approval to send that message.

18. At some point after 10 p.m. PT on April 27, I set the message for delayed delivery at 11:00 p.m. PT. My intention was to ensure the e-mail would be sent while waiting for any final changes, with the goal of ensuring that no matter what, the e-mail would be in Plaintiffs' possession the minute they got up in the morning so as to avoid anyone getting on a plane for the now delayed production.

19. I did not use the Outlook delayed delivery feature with the intent to delay or prejudice Plaintiffs in any manner; it was intended to ensure the e-mail would be sent while waiting for any final changes.

20. When Plaintiffs informed Defendants that one of their experts had traveled across the country in anticipation of the production, Defendants offered to reimburse reasonable airfare incurred for that individual.

21. Defendants have committed to exchange repositories of Oculus's virtual reality-related source code pursuant to the Protective Order entered in this case on May 22.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on this 15th day of May 2015, in Palo Alto, California.

Elizabeth Stameshkin

# DECLARATION
# OF
# ELIZABETH L. STAMESHKIN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC<br><br>   Plaintiffs,<br><br>  v.<br><br>OCULUS VR, LLC, PALMER LUCKEY AND<br>FACEBOOK, INC.,<br><br>   Defendants. | Case No.:  3:14-cv-01849-P |

## DECLARATION OF ELIZABETH STAMESHKIN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PAYMENT OF EXPENSES AND OTHER RELIEF (ECF NO. 156)

I, Elizabeth Stameshkin, declare as follows:

1.  I am an associate at the law firm Cooley LLP, counsel of record for defendants Oculus VR LLC ("Oculus"), Palmer Luckey, and Facebook, Inc. (collectively, the "Defendants") in the above-captioned case.  I make this declaration in support of Defendants' Opposition to Plaintiffs' Motion for Payment of Expenses and Other Relief (ECF No. 156).

2.  I have personal knowledge of the facts recited in this declaration and, if called as a witness, could and would testify competently to them.

3.  Counsel for Defendants (including myself) learned after 4:51 p.m. Dallas time on April 27 that there was no feasible way to produce the virtual reality-related source code without notification to third parties.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on this 9th day of June 2015, in Palo Alto, California.

Elizabeth Stameshkin