IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

**PLAINTIFFS' MOTION TO SET DATE FOR ANSWER TO
AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Federal Rule of Civil Procedure 12(a)(4) tolls a defendant's obligation to file an answer during the pendency of a motion to dismiss "[u]nless the court sets a different time." Discovery in this action is now proceeding, but Defendants have not yet filed an answer and affirmative defenses to the operative complaint by reason of their pending motions to dismiss (*see* Dkt. Nos. 45, 47).

To prepare for trial of this action, Plaintiffs ZeniMax Media Inc. and id Software LLC (collectively, "ZeniMax") need to know (i) what facts in their operative complaint are in dispute, (ii) what affirmative defenses Defendants intend to raise, and (iii) what facts Defendants intend to adduce in support of their purported affirmative defenses. Accordingly, in order to avoid duplicative depositions and other discovery inefficiencies, ZeniMax hereby moves this Court pursuant to Rule 12(a)(4) to set a date by which Defendants must file their answer and affirmative defenses to the operative complaint in this action.

1

## PERTINENT PROCEDURAL HISTORY

1. On **May 21, 2014**, ZeniMax filed its initial Complaint in this action. (Dkt. No. 1.)

2. On **June 25, 2014**, Defendants Oculus VR, Inc. and Palmer Luckey — the only Defendants named in that initial Complaint — filed their Answer and Affirmative Defenses to that Complaint. (Dkt. No. 26.)

3. On **August 28, 2014**, following Facebook, Inc.'s acquisition of Oculus VR, Inc., ZeniMax filed its Amended Complaint naming Oculus VR, LLC (the corporate successor to Oculus VR, Inc.), Palmer Luckey, and Facebook, Inc. as Defendants. (Dkt. No. 38.)

4. On **September 19, 2014**, Oculus and Luckey moved to dismiss certain claims asserted against them in the Amended Complaint. (Dkt. No. 45.) On that same date, Facebook also filed a motion to dismiss the claims asserted against it. (Dkt. No. 47.) Those motions are fully briefed and are *sub judice*. (*See* Dkt. Nos. 65, 67, 78-1, 79 (opposition, reply briefs).)

5. On **September 24, 2014**, Defendants moved to stay discovery pending resolution of their motions to dismiss. (Dkt. No. 55.)

6. On **January 26, 2015**, Magistrate Judge Stickney denied Defendants' motion to stay discovery. (Dkt. No. 103.)

7. On **March 17, 2015**, the parties filed a joint notice with the Court in which Defendants confirmed that full reciprocal discovery was open as to them. (Dkt. No. 116.)

8. On **April 23, 2015**, the Court entered an Amended Scheduling Order requiring, among other things, that ZeniMax make certain expert witness disclosures by October 1, 2015. (Dkt. No. 134 ¶ 5.)

**ARGUMENT**

At the outset of discovery in this action, ZeniMax propounded contention interrogatories to Defendants Oculus and Luckey asking that those Defendants identify the grounds for certain affirmative defenses raised in their Answer. ZeniMax recently requested that Defendants amend their responses to those contention interrogatories, including by specifically identifying any documents on which Defendants expect to rely in support of their affirmative defenses. Defendants declined to do so, noting that they have not yet filed an answer and affirmative defenses to the Amended Complaint, and that they do not intend to file that document until their pending motions to dismiss are resolved.

If deposition discovery proceeds without Defendants' having filed an answer and affirmative defenses, it is likely that some defendants will have to be re-deposed after Defendants identify (i) their affirmative defenses and (ii) the facts, documents, and testimony on which they expect to rely in support of those defenses. Rule 12(a)(4) empowers this Court to set a different date for Defendants' filing of an answer and affirmative defenses. This Court should exercise that authority here so that discovery may proceed without the need for duplicative depositions of Defendants' personnel and other wasteful discovery procedures. Defendants — two of whom have already answered a substantially similar complaint — will not be unfairly prejudiced if the Court imposes that obligation.

For those same reasons, a court in the Eastern District of New York recently directed defendants to answer notwithstanding the anticipated pendency of a motion to dismiss:

> "The circumstances here are unusual: discovery is proceeding but the motion for dismissal may not be decided until a substantial portion of it has been completed. If the defendants wait to file an answer until the dismissal motion has been resolved, and if any claims remain pending at that point, the parties could easily find it necessary to do extensive supplemental discovery, including the re-deposition of party and non-party witnesses, to explore factual disputes that

3

become evident only upon the defendants' denial of certain allegations or assertion of certain affirmative defenses. Such supplemental discovery would needlessly delay the resolution of the remaining claims and impose undue burdens on the parties as well as any non-parties who might be called upon to provide information. I therefore conclude that requiring the defendants to answer now will best promote the parties' interest in a 'just, speedy, and inexpensive determination' of this action."

*Phoenix Beverages, Inc. v. Exxon Mobil Corp.*, No. 12-CV-3771 (RRM) (JO), slip op., at *3 (E.D.N.Y. Feb. 1, 2013) (copy attached as Exhibit 1). That reasoning is equally applicable here.[1]

## CONCLUSION

Accordingly, ZeniMax respectfully requests that this Court enter an Order, substantially in the form attached, setting a date by which Defendants must file their answer and affirmative defenses to the operative complaint in this action.

---

[1] In correspondence prior to the filing of this Motion, Defendants noted that the filing of a motion to dismiss in *Phoenix Beverages* had been delayed by a contention that certain counsel were subject to a conflict of interest. But whatever the intervening procedural reason, the same considerations discussed in that case also warrant setting a date for Defendants' answer here.

Dated: June 22, 2015

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

Respectfully submitted,

*s/ Phillip B. Philbin*
PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

## **CERTIFICATE OF CONFERENCE**

On June 10, 12, 17, and 19, 2015, counsel for Plaintiffs made efforts in good faith to confer with counsel for Defendants, regarding the relief requested by this Motion. At length, Defendants indicated that they would not assent to the relief requested by this Motion.

Dated: June 22, 2015                                                  *s/ Kurt Wm. Hemr*
                                                                                    Kurt Wm. Hemr

**CERTIFICATE OF SERVICE**

      On June 22, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: June 22, 2015                  *s/ Phillip B. Philbin*
                                               Phillip B. Philbin