# EXHIBIT 1

Case 1:12-cv-03771-PKC-JO   Document 37   Filed 02/01/13   Page 1 of 3 PageID #: 204

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PHOENIX BEVERAGES, INC. et al.,                              MEMORANDUM
                Plaintiffs,                                     AND ORDER
      - against -
EXXON MOBIL CORPORATION, et al.,                             12-CV-3771 (RRM) (JO)
                Defendants.
----------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

      The defendants have moved to adjourn the deadline for joining parties or amending pleadings to a date six months after resolution of their motion to dismiss. *See* Docket Entry ("DE") 34. In their response, DE 35, the plaintiffs consent to extend the deadline to May 1, 2013, but oppose the longer extension the defendants seek. I will extend the deadline to the extent the parties are in agreement, but I deny the request for a longer extension. In light of the fact that discovery is proceeding notwithstanding the pendency of the dismissal motion, the parties can and should be in a position to determine the need for joinder or amendments relatively soon. Moreover, the fact that the deadline for joinder or amendment has passed does not mean that a party may no longer seek to join a new party or amend its pleading; instead, it means only that in addition to satisfying any other applicable requirements, the party must also show good cause for the delay pursuant to Federal Rule of Civil Procedure 16. The deadline thus does no more than make it more difficult for a party to engage in needless delay.

      In their response to the motion, the plaintiffs make their own request: namely, that I require the defendants to file an answer notwithstanding the anticipated pendency of the motion to dismiss.[1] The plaintiffs argue that while no rule explicitly provides for such relief, Federal Rule of Civil Procedure 12(a)(4)(A) "appears to be the most analogous rule to the present posture of this

---

[1] In the future, I respectfully direct the parties to avoid making requests for relief in response to a pending motion; instead, each such request should be filed as a new motion on the docket.

case." DE 35 at 2. Specifically, the rule provides that "if the court … postpones its disposition [of a motion to dismiss] until trial, the [moving party's] responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). The plaintiffs contend that such postponement is analogous to the circumstances of this case, in which resolution of the motion to dismiss has been postponed, albeit not necessarily until the trial. The defendants respond that the plaintiffs' request "is contravened by a plain reading of the federal rules and case law." DE 36 at 2 (capitalization removed). I disagree.

Rule 12(a)(4)(A), standing alone, is silent on the matter; it does not, plainly or otherwise, contradict the plaintiffs' position. Nor does any other rule explicitly preclude the relief the plaintiffs seek – indeed, after making the claim that a plain reading of the federal rules requires denial of the plaintiffs' request, the defendants do not quote a rule that explicitly does so. In that narrow sense, the defendants' argument is demonstrably wrong. More fundamentally, however, the parties on both sides ignore the plain language of the prefatory portion of Rule 12(a)(4), which states that the time periods prescribed in subsections (A) and (B) apply "[u]nless the court sets a different time[.]" Fed. R. Civ. P. 12(a)(4). Thus, the only conclusion I draw from a plain reading of the rule is that it gives a court the discretion to set a deadline for a party to file a pleading responsive to a claim it has moved to dismiss pursuant to a schedule that makes sense under all the circumstances of the case. Subsections (A) and (B) of Rule 12(a)(4) prescribe default deadlines for some circumstances that may be expected to occur on occasion, but nothing in the rule constrains a court from setting different deadlines as appropriate in other circumstances.[2]

---

[2] The only case that the defendants cite in support of their proposition that "a plain reading of … case law" precludes the plaintiffs' request under Rule 12(a)(4)(A) is *Williams v. Johanns*, 498 F. Supp. 2d 113, 118 (D.D.C. 2007) (cited in DE 36 at 2). *Williams* neither addresses Rule 12(a)(4)(A) nor does anything other than note in passing the unremarkable (and undisputed) proposition that the usual operation of Rule 12 normally excuses a defendant from answering a

The circumstances here are unusual: discovery is proceeding but the motion for dismissal may not be decided until a substantial portion of it has been completed. If the defendants wait to file an answer until the dismissal motion has been resolved, and if any claims remain pending at that point, the parties could easily find it necessary to do extensive supplemental discovery, including the re-deposition of party and non-party witnesses, to explore factual disputes that become evident only upon the defendants' denial of certain allegations or assertion of certain affirmative defenses. Such supplemental discovery would needlessly delay the resolution of the remaining claims and impose undue burdens on the parties as well as any non-parties who might be called upon to provide information. I therefore conclude that requiring the defendants to answer now will best promote the parties' interest in a "just, speedy, and inexpensive determination" of this action.

For the reasons set forth above, I grant in part and deny in part the defendants' motion to adjourn the deadline for joining new parties or amending pleadings, and I grant the plaintiffs' motion to compel the defendants to file an answer notwithstanding the anticipated pendency of a motion to dismiss. Specifically, the defendants shall file their answers no later than February 22, 2013; any party may request leave to join a new party or amend its pleading by May 1, 2013.

SO ORDERED.

Dated: Brooklyn, New York
       February 1, 2013

                                                              /s/
                                                    JAMES ORENSTEIN
                                                    U.S. Magistrate Judge

---

complaint during the pendency of its motion to dismiss. The circumstances of *Williams*, which involved a plaintiff whose counsel persisted in a variety of frivolous motions that demonstrated a basic lack of familiarity with the Federal Rules of Civil Procedure, *see id*. at 114, render the dicta from that case particularly inapposite to the instant dispute, where all parties are represented by able counsel who have an honest disagreement on a matter that Rule 12 does not directly address.