IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION
FOR PAYMENT OF EXPENSES AND OTHER RELIEF**

ZeniMax replies to Defendants' Opposition (Dkt. No. 169) as follows:

1.　Defendants assert that this Court does not have authority under Rule 37 to require them to pay the expenses that ZeniMax incurred by reason of their conduct. Yet, the Court has the inherent power to control discovery, including by awarding expenses in cases of delay or disruption. *See Carroll v. The Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292-94 (5th Cir. 1997) (affirming a $7,000 sanction for disruptive conduct in discovery based on the district court's inherent powers).

2.　Defendants assert that requiring them to produce code responsive to ZeniMax's discovery requests by a date certain would be an unreasonable burden. That contention is self-discrediting, and illustrates Defendants' recalcitrance to cooperate with discovery. Defendants cannot be heard to trumpet that they have complied with their discovery obligations (*see, e.g.*, Dkt. No. 169 at 2) while at the same time refusing to certify that they have complied.

3.　Defendants' cryptic, *ipse dixit* contention that their counsel did not learn that

"there was no feasible way to produce the virtual reality-related source code without notification to [] third parties" until "late in the afternoon on Monday, April 27" (Dkt. No. 169 at 3) does not explain why Defendants' seasoned counsel did not take steps earlier to address the issue of third-party code, which arises with virtually every production of computer program code in litigation. Nor does it explain why Defendants' counsel did not alert ZeniMax's counsel in a timely fashion that there was an issue. Defendants' attempt to re-characterize their deliberate insertion of a delay as an earnest effort at cooperation and transparency is not credible.

4.     Defendants "flyspeck" ZeniMax's request for expenses, including by questioning why ZeniMax's consulting expert arrived at ZeniMax's counsel's offices a day in advance of the anticipated production, as well as questioning why that expert did not work remotely on other matters when Defendants revealed that they were unable to proceed with production. The protective order in this action (Dkt. No. 107) — which, notably, Defendants contend is insufficiently restrictive — answers those questions. The protective order imposes particular requirements on computers receiving productions of code, and accordingly ZeniMax anticipated preparing its computers in advance of receiving Defendants' production of code. In addition, ZeniMax's expert billed time that was necessarily lost to the burden of travel. Nor was it feasible for that expert to do source code review and related work — which is what the expert's occupation largely entails — remotely. And it is also not surprising that two-and-a-half hours could be consumed with travel logistics in each leg of a cross-country trip, which necessitates travelling to and from an airport and standing in security lines. In any event, none of that would have been necessary if Defendants had timely identified the issue and alerted ZeniMax's counsel regarding that issue.

Dated: June 23, 2015                                       Respectfully submitted,

*s/ Michael D. Karson*
PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
(admitted *pro hac vice*)
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
(admitted *pro hac vice*)
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
(admitted *pro hac vice*)
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
(admitted *pro hac vice*)
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
(admitted *pro hac vice*)
E-mail: Devin.Kothari@skadden.com
**SKADDEN, ARPS, SLATE,**
 **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

**CERTIFICATE OF SERVICE**

      On June 23, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: June 23, 2015                             *s/ Michael D. Karson*
                                                 Michael D. Karson