IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | § | |
| | § | |
| OCULUS VR, LLC, | § | |
| PALMER LUCKEY, | § | |
| and FACEBOOK, INC. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY FROM OTHER PENDING LITIGATIONS, AND BRIEF IN SUPPORT

By this Motion, Plaintiffs ZeniMax Media Inc. and id Software LLC (collectively, "ZeniMax") seek to compel production of court filings and discovery material provided by Defendants in other pending actions that relate to — among other things — the formation of Defendant Oculus, VR LLC ("Oculus") and Oculus's use of intellectual property, which are issues of critical concern in this action. The material from those other actions that ZeniMax has requested would include admissions by Defendants and prior deposition testimony by Palmer Luckey and other Oculus personnel which would be admissible evidence in this action. There would be virtually no burden on Defendants in producing the material requested by ZeniMax: Cooley LLP, the law firm that represents Defendants in this action, also represents Oculus in those other actions, and the material sought by ZeniMax is presumably already gathered at Cooley's offices. Yet, Defendants have refused to produce any of that material. ZeniMax is thus required (yet again) to seek relief from this Court.

1

## **ARGUMENT**

Oculus is currently a party to at least two other pending actions which — like this action — relate to the formation of Oculus and Oculus's use of intellectual property:

(1)  *Oculu, LLC v. Oculus VR, Inc. et al.* ("*Oculu*"), a trademark action docketed as No. 8:14-cv-00196-DOC-JPR in the U.S. District Court for the Central District of California; and

(2)  *Total Recall Technologies v. Oculus VR, Inc. and Palmer Luckey* ("*Total Recall*"), an action including claims for "breach of contract and wrongful exploitation and conversion of … intellectual and personal property" that is docketed as No. 3:15-cv-02281 in the U.S. District Court for the Northern District of California.

(*See* App'x Exs. 1, 2, 3, 4 (dockets and complaints for those actions).)  Cooley LLP, the firm that represents Defendants Oculus, Palmer Luckey, and Facebook, Inc. in this litigation, also represents Oculus and Luckey in those other actions.

It is highly likely that documents filed with the courts and documents and testimony provided by Oculus and Luckey in the *Oculu* and *Total Recall* actions would include evidence that is relevant and admissible in this action.  The *Oculu* action, like this action, involves a trademark claim.  Documents and testimony provided by Oculus in that action regarding Oculus's corporate formation and its market presence would also be informative in this action.[1] The *Total Recall* action, like this action, involves an alleged nondisclosure agreement under which technology was transferred to Palmer Luckey and Oculus.  Documents and testimony

---

[1]  For example, Oculus has contended in this action that it is not bound to the Non-Disclosure Agreement executed by Luckey in May 2012 because Luckey did not file papers with the state of California regarding the formation of Oculus until June 2012.  (*See* Dkt. No. 45 at 11; *see also* Dkt. No. 78-1 at 8.)  Yet, a filing by Oculus in the *Oculu* action — which is only available in redacted form on the public docket — asserts Luckey named Oculus in April 2012, thereby suggesting that Luckey's work at that time was continuous with Oculus's subsequent business activity.  (*See* Dkt. 126-1 at 24 ¶ 1.)  ZeniMax has moved for leave to submit that court filing in a supplemental appendix in support of its opposition to Oculus's motion to dismiss.  (*See* Dkt. No. 126.)

provided by Oculus and Luckey in that action regarding how Oculus obtained and exploited intellectual property would also be informative in this action.

Accordingly, ZeniMax propounded requests for production to Defendants seeking (i) documents produced by Defendants in those other actions, (ii) Defendants' written discovery responses in those actions, (iii) transcripts and other records of testimony by Defendants' personnel in those actions, (iv) court filings in those actions,[2] and (v) any transcripts of court hearings or trials in those actions.  (*See* App'x Ex. 5 at 65-66 (document requests No. 80 and 81).)  ZeniMax carefully tailored its requests to be limited to <u>non</u>-privileged material, and to avoid including in their scope documents and information provided in those actions by anyone other than Defendants.  Cooley LLP, the law firm that represents Oculus and Luckey in those other actions as well as in this action, presumably has copies of all of those materials ready to hand in its own offices, and could produce them to ZeniMax simply by copying them onto electronic media.  Yet, Defendants have refused to provide <u>any</u> of those materials to ZeniMax. (App'x Ex. 6 at 79-81 (Defendants' responses to document requests No. 80 and 81).)

Defendants' objection to production here is based solely on relevance.  (*See* App'x Ex. 8 at 107.)  But as courts in this District have frequently observed, "the threshold for relevance in discovery matters is extremely low."  *U.S. ex rel. Becker v. Tools & Metals, Inc.*, No. 3:05–cv–627–L, 2011 WL 856928, at *2 (N.D. Tex. Mar. 11, 2011) (Lindsay, J.); *accord Manufacturers Collection Co., LLC v. Precision Airmotive, LLC*, No. 3:12–cv–853–L, 2014 WL 2095367, at *1 (N.D. Tex. May 20, 2014) (Horan, Mag. J.) (citing *Becker*).  So long as discovery is "reasonably

---

[2]  ZeniMax has no interest in requiring Defendants to produce filings that are entirely publicly available, but many filings in the *Oculu* action are sealed or appear in redacted form on the public docket.  ZeniMax has requested that Defendants produce all those filings because ZeniMax cannot know which filings will contain statements by Defendants that are relevant to factual issues in dispute in this action.

calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), this Court may require its production in discovery.  Here, that threshold is easily met.

By way of example only, ZeniMax will be deposing Palmer Luckey in this action shortly regarding the formation of Oculus (among other matters).  Mr. Luckey gave a deposition in the *Oculu* litigation that appears to have addressed that subject (*see* Dkt. 126-1 at 24 ¶ 1), and that testimony is admissible in this action as a party admission.  ZeniMax is entitled to review that testimony together with Defendants' other statements on that subject in the *Oculu* and *Total Recall* actions.

Defendants have not raised any confidentiality concerns regarding these requests.  That notwithstanding, if the materials from these other actions that ZeniMax has requested include items Defendants consider confidential, Defendants may avail themselves of the protective order that was entered in this action following substantial input from Defendants.  (Dkt. No. 107.)

## CONCLUSION

Accordingly, ZeniMax respectfully requests that this Court enter an Order, substantially in the form submitted herewith, directing Defendants to produce forthwith all documents responsive to Requests No. 80 and 81 in Plaintiffs' Third Set of Requests for Production.

Dated: July 2, 2015

Respectfully submitted,

_s/ Phillip B. Philbin_
_____

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940


*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

## <u>CERTIFICATE OF CONFERENCE</u>

On June 24, 2015 and June 30, 2015, the undersigned counsel for Plaintiffs conferred with counsel for Defendants regarding the relief requested by this Motion.  Defendants do not agree that Plaintiffs are entitled to any of the relief sought by this Motion.

Dated: July 2, 2015                                  *s/ Kurt Wm. Hemr*
                                                      Kurt Wm. Hemr

## CERTIFICATE OF SERVICE

On July 2, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: July 2, 2015                    *s/ Phillip B. Philbin*
                                       Phillip B. Philbin