# EXHIBIT 1

(JPRx),AO120,DISCOVERY,MANADR,PROTORD

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:14-cv-00196-DOC-JPR

| | |
|---|---|
| Oculu, LLC v. Oculus VR, Inc. et al | Date Filed: 02/10/2014 |
| Assigned to: Judge David O. Carter | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Jean P. Rosenbluth | Nature of Suit: 840 Trademark |
| Cause: 15:1114 Trademark Infringement | Jurisdiction: Federal Question |

**Plaintiff**

**Oculu, LLC**
*a Delaware Limited Liability Company*

represented by **Olivier A Taillieu**
National Injury Law Firm LLP
One Park Plaza
3250 Wilshire Boulevard Suite 1200
Beverly Hills, CA 90010
310-651-2440
Fax: 310-651-2439
Email: olivier@nationalinjurylf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Levi Weisberg**
Kristensen Weisberg LLP
12304 Santa Monica Boulevard Suite 221
Los Angeles, CA 90025
310-507-7924
Fax: 310-566-0017
Email: david@kristensenlaw.com
*TERMINATED: 05/15/2014*

**John P Kristensen**
Kristenen Weisberg LLP
12304 Santa Monica Boulevard Suite 100
Los Angeles, CA 90025
310-507-7924
Fax: 310-507-7906
Email: john@kristensenlaw.com
*TERMINATED: 05/15/2014*

**Marc Stefan Williams**
Dordi Williams Cohen LLP
724 South Spring Street Suite 903

Los Angeles, CA 90014
213-232-5160
Fax: 213-232-5167
Email:
mwilliams@dordiwilliamscohen.com
*ATTORNEY TO BE NOTICED*

**Moses Lebovits**
Daniels Fine Israel Schonbuch and
Lebovits LLP
1801 Century Park East, 9th Floor
Los Angeles, CA 90067
310-556-7900
Fax: 310-556-2807
Email: lebovits@dfis-law.com
*TERMINATED: 05/15/2014*

**Scott Ashford Brooks**
Daniels Fine Israel Schonbuch and
Lebovits LLP
1801 Century Park East, 9th Floor
Los Angeles, CA 90067-2332
310-556-7900
Fax: 310-556-2807
Email: brooks@dfis-law.com
*TERMINATED: 05/15/2014*

V.

**Defendant**

**Oculus VR, Inc.**                 represented by   **Bobby A Ghajar**
*a Delaware Corporation*                             Pillsbury Winthrop Shaw Pittman LLP
                                                     725 South Figueroa St Suite 2800
                                                     Los Angeles, CA 90017-5406
                                                     213-488-7100
                                                     Fax: 213-629-1033
                                                     Email: bobby.ghajar@pillsburylaw.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Jonathan Pearce**
                                                     SoCal IP Law Group LLP
                                                     310 North Westlake Boulevard Suite
                                                     120
                                                     Westlake Village, CA 91362
                                                     805-230-1350 x350
                                                     Fax: 805-230-1355
                                                     Email: jpearce@socalip.com
                                                     *TERMINATED: 09/18/2014*

**Marcus D Peterson**
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street Suite 2800
Los Angeles, CA 90017-5406
213-488-7100
Fax: 213-629-1033
Email:
marcus.peterson@pillsburylaw.com
*ATTORNEY TO BE NOTICED*

**Michael D Harris**
Socal IP Law Group LLP
310 North Westlake Boulevard Suite
120
Westlake Village, CA 91362-3788
805-230-1350
Fax: 805-230-1355
Email: mharris@socalip.com
*TERMINATED: 09/18/2014*

**Michael G Rhodes**
Cooley LLP
101 California Street 5th Floor
San Francisco, CA 94111
415-693-2000
Fax: 415-693-2222
Email: mrhodes@cooley.com
*ATTORNEY TO BE NOTICED*

**Steven C Sereboff**
Socal IP Law Group
310 North Wetlake Boulevard Suite 120
Westlake Village, CA 91362
805-230-1350
Fax: 805-230-1355
Email: ssereboff@socalip.com
*TERMINATED: 09/18/2014*

**Defendant**

**Does**
*1 through 20, inclusive, and each of
them
TERMINATED: 07/21/2014*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 02/10/2014 | 1 | |

| | | |
|---|---|---|
| | | COMPLAINT against Defendants Oculus VR, Inc. and Does 1 through 20. Case assigned to Judge David O. Carter for all further proceedings. Discovery referred to Magistrate Judge Jean P. Rosenbluth. (Filing fee $400 Paid.) Jury Demanded. Filed by Plaintiff Oculu, LLC.(em) (Entered: 02/12/2014) |
| 02/10/2014 | 2 | 21 DAY Summons Issued re Complaint - (Discovery) 1 as to Defendant Oculus VR, Inc. (em) (Entered: 02/12/2014) |
| 02/10/2014 | 3 | CERTIFICATE of Interested Parties and Corporate Disclosure Statement filed by Plaintiff Oculu, LLC. (em) (Entered: 02/12/2014) |
| 02/10/2014 | 4 | REPORT ON THE FILING OF AN ACTION Regarding a Patent or a Trademark (Initial Notification) filed by Oculu, LLC. (em) (Entered: 02/12/2014) |
| 02/10/2014 | 5 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (em) (Entered: 02/12/2014) |
| 02/18/2014 | 6 | PROOF OF SERVICE Executed by Plaintiff Oculu, LLC, upon Defendant Oculus VR, Inc. served on 2/12/2014, answer due 3/5/2014. Service of the Summons and Complaint were executed upon Alisa Esala - Office Manager, who is designated by law to accept service of process on behalf of Oculus VR, Inc. in compliance with Federal Rules of Civil Procedure by service on a domestic corporation, unincorporated association, or public entity. Original Summons returned. (Kristensen, John) (Entered: 02/18/2014) |
| 03/03/2014 | 7 | EX PARTE APPLICATION for Extend Time to File Answer to 4/4/2014 re Complaint - (Discovery), 1 filed by Defendants Oculus VR, Inc.. (Attachments: # 1 Declaration in Support of Ex Parte Application, # 2 Exhibit 1-4 in Support of Pearce Declaration, # 3 Proposed Order in Support of Ex Parte Application) (Attorney Jonathan Parker Pearce added to party Oculus VR, Inc.(pty:dft)) (Pearce, Jonathan) (Entered: 03/03/2014) |
| 03/03/2014 | 8 | Notice of Appearance or Withdrawal of Counsel: for attorney Jonathan Parker Pearce counsel for Defendant Oculus VR, Inc.. Adding Jonathan Parker Pearce as attorney as counsel of record for Oculus VR, Inc. for the reason indicated in the G-123 Notice. Filed by Defendant Oculus VR, Inc.. (Pearce, Jonathan) (Entered: 03/03/2014) |
| 03/03/2014 | 9 | Certification and Notice of Interested Parties filed by Defendant Oculus VR, Inc., (Pearce, Jonathan) (Entered: 03/03/2014) |
| 03/03/2014 | 10 | Notice of Appearance or Withdrawal of Counsel: for attorney Michael D Harris counsel for Defendant Oculus VR, Inc.. Adding Michael D. Harris as attorney as counsel of record for Oculus VR, Inc. for the reason indicated in the G-123 Notice. Filed by Defendant Oculus VR, Inc.. (Attorney Michael D Harris added to party Oculus VR, Inc.(pty:dft))(Harris, Michael) (Entered: 03/03/2014) |
| 03/04/2014 | 11 | OPPOSITION plaintiff's opposition re: EX PARTE APPLICATION for Extend Time to File Answer to 4/4/2014 re Complaint - (Discovery), 1 7 filed by Plaintiff Oculu, LLC. (Attachments: # 1 Declaration DECLARATION OF JOHN P. KRISTENSEN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO |

| | | |
|---|---|---|
| | | DEFENDANT'S EX PARTE APPLICATION FOR RELIEF FOR FAILING TO COMPLY WITH LOCAL RULE 7-3 AND REQUEST FOR 30-DAY EXTENSION OF TIME TO RESPOND TO THE INITIAL COMPLAINT, # 2 Proposed Order [Proposed] ORDER DENYING DEFENDANT'S EX PARTE APPLICATION FOR RELIEF FOR FAILING TO COMPLY WITH LOCAL RULE 7-3 AND REQUEST FOR 30-DAY EXTENSION OF TIME TO RESPOND TO THE INITIAL COMPLAINT)(Kristensen, John) (Entered: 03/04/2014) |
| 03/04/2014 | 12 | ORDER by Judge David O. Carter: Granting Oculus VR's Ex Parte Application for 30-day Extension of Time to Respond to Initial Complaint to 4/4/2014 7 (mt) (Entered: 03/04/2014) |
| 03/21/2014 | 13 | Notice of Appearance or Withdrawal of Counsel: for attorney Steven C Sereboff counsel for Defendant Oculus VR, Inc.. Adding Steven C. Sereboff as attorney as counsel of record for Oculus VR, Inc. for the reason indicated in the G-123 Notice. Filed by Defendant Oculus VR, Inc.. (Attorney Steven C Sereboff added to party Oculus VR, Inc.(pty:dft))(Sereboff, Steven) (Entered: 03/21/2014) |
| 03/26/2014 | 14 | Joint STIPULATION Extending Time to Answer the complaint as to Oculus VR, Inc. answer now due 4/18/2014, re Complaint - (Discovery), 1 filed by Plaintiff Oculu, LLC. (Attachments: # 1 Proposed Order Granting Stipulation to Extend Time to Respond to the Initial Complaint)(Kristensen, John) (Entered: 03/26/2014) |
| 03/28/2014 | 15 | ORDER by Judge David O. Carter Granting Stipulation Extending Time to Answer 14 . The parties have jointly stipulated to a 14-day extension of time to respond to the initial complaint. Having reviewed the stipulation and good cause having been shown; the stipulation is GRANTED. Defendant Oculus VR, Inc.'s deadline to answer or otherwise respond to the initial complaint is extended to April 18, 2014. IT IS SO ORDERED. (dro) (Entered: 03/28/2014) |
| 04/15/2014 | 16 | Joint STIPULATION Extending Time to Answer the complaint as to Oculus VR, Inc. answer now due 5/9/2014, re Complaint - (Discovery), 1 filed by plaintiff Oculu, LLC. (Attachments: # 1 Proposed Order Granting Stipulation to Extend Time to Respond to the Initial Complaint)(Kristensen, John) (Entered: 04/15/2014) |
| 04/17/2014 | 17 | ORDER by Judge David O. Carter: Granting Stipulation Extending Time to Respond to the Initial Complaint 16 . Defendant Oculus VR, Inc.'s deadline to answeror otherwise respond to the initial complaint is extended to May 9, 2014. (mt) (Entered: 04/17/2014) |
| 04/21/2014 | 18 | FIRST AMENDED COMPLAINT against Defendant All Defendants amending Complaint - (Discovery), 1 , filed by Plaintiff Oculu, LLC (Kristensen, John) (Entered: 04/21/2014) |
| 05/08/2014 | 19 | Joint STIPULATION for Leave to File Second Amended Complaint filed by Plaintiff Oculu, LLC. (Attachments: # 1 Second Amended Complaint, # 2 Proposed Order Granting Stipulation to File Second Amended Complaint) (Kristensen, John) (Entered: 05/08/2014) |
| | | |

| 05/12/2014 | 20 | ANSWER to Amended Complaint 18 *and Counterclaims* filed by Defendant Oculus VR, Inc..(Harris, Michael) (Entered: 05/12/2014) |
| 05/13/2014 | 21 | ORDER SETTING SCHEDULING CONFERENCE by Judge David O. Carter. Scheduling Conference set for 7/21/2014 08:30 AM before Judge David O. Carter. (See Order for details.) (jba) (Entered: 05/13/2014) |
| 05/14/2014 | 22 | REQUEST to Substitute attorney Olivier A. Taillieu in place of attorney John P. Kristensen filed by Plaintiff Oculu, LLC. (Attachments: # 1 Proposed Order on Substitution of Attorney)(Attorney Olivier A Taillieu added to party Oculu, LLC(pty:pla))(Taillieu, Olivier) (Entered: 05/14/2014) |
| 05/14/2014 | 23 | ORDER by Judge David O. Carter Granting Stipulation for Leave to File Second Amended Complaint 19 . The parties have jointly stipulated that Plaintiff may file a Second Amended Complaint and that Defendant will file an Answer to the Second Amended Complaint on or before May 13, 2014. Having reviewed the stipulation and good cause having been shown; the stipulation is GRANTED. Plaintiff Oculu, LLC has leave to file a Second Amended Complaint by May 19, 2014 and Defendant shall file an Answer to the Second Amended Complaint on or before May 23, 2014 IT IS SO ORDERED. (dro) (Entered: 05/14/2014) |
| 05/14/2014 | 24 | REQUEST to Substitute attorney Olivier A. Taillieu in place of attorney David L. Weisberg filed by Plaintiff Oculu, LLC. (Attachments: # 1 Proposed Order on Request for Substitution of Attorney)(Taillieu, Olivier) (Entered: 05/14/2014) |
| 05/14/2014 | 25 | REQUEST to Substitute attorney Olivier A. Taillieu in place of attorney Scott A. Brooks filed by Plaintiff Oculu, LLC. (Attachments: # 1 Proposed Order) (Taillieu, Olivier) (Entered: 05/14/2014) |
| 05/15/2014 | 26 | REQUEST to Substitute attorney Olivier A. Taillieu in place of attorney Moses Lebovits filed by Plaintiff Oculu, LLC. (Attachments: # 1 Proposed Order on Request for Substitution of Attorney)(Taillieu, Olivier) (Entered: 05/15/2014) |
| 05/15/2014 | 27 | ORDER by Judge David O. Carter: granting 24 Request to Substitute Attorney Oliver Taillieu. Attorney David Levi Weisberg terminated (twdb) (Entered: 05/16/2014) |
| 05/15/2014 | 28 | ORDER by Judge David O. Carter: granting 22 Request to Substitute Attorney Olivier Taillieu. Attorney John P Kristensen terminated (twdb) (Entered: 05/16/2014) |
| 05/15/2014 | 29 | ORDER by Judge David O. Carter: granting 26 Request to Substitute Attorney Olivier Taillieu. Attorney Moses Lebovits terminated (twdb) (Entered: 05/16/2014) |
| 05/15/2014 | 30 | ORDER by Judge David O. Carter: granting 25 Request to Substitute Attorney Oliver Taillieu. Attorney Scott Ashford Brooks terminated (twdb) (Entered: 05/16/2014) |
| 05/27/2014 | 31 | ANSWER *to Defendant's Counterclaims* filed by Plaintiff Oculu, LLC. (Taillieu, Olivier) (Entered: 05/27/2014) |

| | | |
|---|---|---|
| 07/07/2014 | 32 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 4-5 days, filed by Plaintiff Oculu, LLC.. (Taillieu, Olivier) (Entered: 07/07/2014) |
| 07/21/2014 | 33 | MINUTES OF Scheduling Conference held before Judge David O. Carter. The Court sets the following case management dates: Discovery cut-off 2/24/2015. Motions due by 5/11/2015. Final Pretrial Conference set for 7/13/2015 08:30 AM before Judge David O. Carter. Jury Trial set for 7/28/2015 08:30 AM before Judge David O. Carter. Does (1 through 20, inclusive, and each of them) terminated. Court Reporter: C/S 7/21/14. (twdb) (Entered: 07/21/2014) |
| 07/21/2014 | 34 | SCHEDULING ORDER by Judge David O. Carter 1. SETTING DISCOVERY CUT-OFF DATES: 02-24-15 2. MOTION CUT-OFF DATE: 05-11-15 3. SETTING FINAL PRETRIAL CONFERENCE: 07-13-15 (at 8:30 a.m.) 4. SETTING TRIAL DATE: 07-28-15 (at 8:30 a.m.) (twdb) (Entered: 07/21/2014) |
| 08/11/2014 | 35 | Stipulation Re Selection of Mediator filed by Plaintiff Oculu, LLC (Taillieu, Olivier) (Entered: 08/11/2014) |
| 09/16/2014 | 36 | REQUEST to Substitute attorney Bobby Ghajar in place of attorney Jonathan Pearce *Request for Approval of Substitution or Withdrawal of Counsel* filed by Defendant Oculus VR, Inc.. (Attachments: # 1 Proposed Order)(Attorney Bobby A Ghajar added to party Oculus VR, Inc.(pty:dft))(Ghajar, Bobby) (Entered: 09/16/2014) |
| 09/18/2014 | 37 | ORDER by Judge David O. Carter granting 36 Request to Substitute Attorney Bobby Ghajar as attorney of record for defendant Oculus VR, Inc., instead of Jonathan Pearce. Attorney Jonathan Pearce terminated. (dro) (Entered: 09/18/2014) |
| 10/02/2014 | 38 | Notice of Appearance or Withdrawal of Counsel: for attorney Marcus D Peterson counsel for Defendant Oculus VR, Inc.. Adding Marcus D. Peterson as attorney as counsel of record for Oculus VR, Inc. for the reason indicated in the G-123 Notice. Filed by defendant Oculus VR, Inc.. (Attorney Marcus D Peterson added to party Oculus VR, Inc.(pty:dft))(Peterson, Marcus) (Entered: 10/02/2014) |
| 10/22/2014 | 39 | STIPULATION for Protective Order filed by Plaintiff Oculu, LLC.(Taillieu, Olivier) (Entered: 10/22/2014) |
| 11/04/2014 | 40 | MINUTES (IN CHAMBERS) Order Declining to Approve Stipulated Protective Order by Magistrate Judge Jean P. Rosenbluth: The parties' proposed stipulated protective order has been referred to the Magistrate Judge for consideration. She declines to approve or issue it, for the reasons below. re: Stipulation for Protective Order 39 (See Order for details). (bem) (Entered: 11/04/2014) |
| 11/11/2014 | 41 | NOTICE OF MOTION AND MOTION for Discovery regarding Defendant Oculus VR's Notice of Motion and Motion to Compel Further Discovery Responses and Document Production From Plaintiff Oculu, LLC filed by Defendant Oculus VR, Inc.. Motion set for hearing on 12/11/2014 at 10:00 AM before Magistrate Judge Jean P. Rosenbluth. (Attachments: # 1 Defendant Oculus VR's Motion to Compel Further Discovery Responses and Document |

| | | |
|---|---|---|
| | | Production From Plaintiff Oculu, LLC, # 2 Declaration of Marcus D. Peterson in Support of Defendant Oculus VR's Motion to Compel Further Discovery Responses and Document Production From Plaintiff Oculu, LLC and Exhibits A-J, # 3 Proposed Order Granting Defendant Oculus VR's Motion to Compel Further Discovery Responses and Document Production From Plaintiff Oculu, LLC)(Peterson, Marcus) (Entered: 11/11/2014) |
| 11/12/2014 | 42 | NOTICE OF MOTION AND MOTION for Hearing Defendant Oculus VR's Amended Notice of Motion and Motion to Compel Further Discovery Responses and Document Production From Plaintiff Oculu, LLC, re: MOTION for Discovery regarding Defendant Oculus VR's Notice of Motion and Motion to Compel Further Discovery Responses and Document Production From Plaintiff Oculu, LLC 41 , filed by Defendant Oculus VR, Inc.. Motion set for hearing on 12/11/2014 at 10:00 AM before Magistrate Judge Jean P. Rosenbluth. (Peterson, Marcus) (Entered: 11/12/2014) |
| 11/13/2014 | 43 | STIPULATION for Protective Order filed by Defendant Oculus VR, Inc.. (Peterson, Marcus) (Entered: 11/13/2014) |
| 11/17/2014 | 44 | PROTECTIVE ORDER by Magistrate Judge Jean P. Rosenbluth re Stipulation for Protective Order 43 . IT IS SO ORDERED. (See Order for Further Details) (kl) (Entered: 11/17/2014) |
| 11/20/2014 | 45 | MEMORANDUM in Opposition to MOTION for Hearing Defendant Oculus VR's Amended Notice of Motion and Motion to Compel Further Discovery Responses and Document Production From Plaintiff Oculu, LLC, re: MOTION for Discovery regarding Defendant Oculus VR's Notice of Moti 42 filed by Plaintiff Oculu, LLC. (Attachments: # 1 Declaration of Olivier Taillieu, # 2 Exhibit A)(Taillieu, Olivier) (Entered: 11/20/2014) |
| 11/26/2014 | 46 | REPLY Reply in Support of Defendant Oculus VR's Motion to Compel Further Discovery Responses and Document Production From Plaintiff Oculu, LLC MOTION for Discovery regarding Defendant Oculus VR's Notice of Motion and Motion to Compel Further Discovery Responses and Document Production From Plaintiff Oculu, LLC 41 , MOTION for Hearing Defendant Oculus VR's Amended Notice of Motion and Motion to Compel Further Discovery Responses and Document Production From Plaintiff Oculu, LLC, re: MOTION for Discovery regarding Defendant Oculus VR's Notice of Moti 42 filed by Defendant Oculus VR, Inc.. (Peterson, Marcus) (Entered: 11/26/2014) |
| 12/02/2014 | 47 | MINUTES (IN CHAMBERS) ORDER Granting in Part Defendants' Motion to Compel Further Discovery Responses and Document Production by Magistrate Judge Jean P. Rosenbluth: On November 12, 2014, Defendants filed an amended notice of motion and motion to compel Plaintiff to provide further responses to two interrogatories and to respond to certain requests for production. The motion was filed under Local Rule 37- 2.4, supported by a declaration of Defendants' counsel attesting that Plaintiff did not timely submit its portion of the joint stipulation. (See Peterson Decl. 13-17.) Plaintiff filed opposition on November 20, 2014, and Defendants filed a reply on November 26. Because the Court finds that oral argument will not materially assist it in resolving the dispute, the hearing set for December 11, 2014, is ORDERED OFF CALENDAR. Plaintiff must fully comply with this Order no later than |

| | | seven days from its service date. Defendants request for attorneys fees is DENIED. See Fed. R. Civ. P.37(a)(5)(C). (See Order for details) 41 42 (bem) (Entered: 12/02/2014) |
|---|---|---|
| 12/15/2014 | 48 | NOTICE of Change of address by Olivier A Taillieu attorney for Plaintiff Oculu, LLC. Changing attorneys address to 9701 Wilshire Boulevard, Suite 1000, Beverly Hills, CA 90212. Filed by Plaintiff Oculu, LLC. (Taillieu, Olivier) (Entered: 12/15/2014) |
| 12/23/2014 | 49 | Joint STIPULATION to Extend Discovery Cut-Off Date to March 10, 2015 filed by Plaintiff Oculu, LLC.(Taillieu, Olivier) (Entered: 12/23/2014) |
| 12/24/2014 | 50 | NOTICE OF MOTION AND MOTION for Sanctions for Violation of Court's December 2 Discovery Order filed by Defendant Oculus VR, Inc.. Motion set for hearing on 1/15/2015 at 10:00 AM before Magistrate Judge Jean P. Rosenbluth. (Attachments: # 1 Memorandum Joint Stipulation re Motion for Sanctions and Motion to Compel, # 2 Declaration of Marcus Peterson in Support of Motion for Sanctions and Motion to Compel, # 3 Exhibit A-1 to Declaration of Marcus Peterson in Support of Motion for Sanctions and Motion to Compel, # 4 Exhibit A-2 to Declaration of Marcus Peterson in Support of Motion for Sanctions and Motion to Compel, # 5 Exhibit B-D to Declaration of Marcus Peterson in Support of Motion for Sanctions and Motion to Compel, # 6 Exhibit E-1 to Declaration of Marcus Peterson in Support of Motion for Sanctions and Motion to Compel, # 7 Exhibit E-2 to Declaration of Marcus Peterson in Support of Motion for Sanctions and Motion to Compel, # 8 Exhibit E-3 to Declaration of Marcus Peterson in Support of Motion for Sanctions and Motion to Compel, # 9 Exhibit F-G to Declaration of Marcus Peterson in Support of Motion for Sanctions and Motion to Compel, # 10 Proposed Order Granting Motion for Sanctions and Motion to Compel) (Peterson, Marcus) (Entered: 12/24/2014) |
| 12/31/2014 | 51 | SUPPLEMENT to MOTION for Sanctions for Violation of Court's December 2 Discovery Order 50 filed by Defendant Oculus VR, Inc.. (Attachments: # 1 Declaration Supplemental Declaration of Marcus Peterson and Exhibits H-O) (Peterson, Marcus) (Attachment 1 replaced on 1/21/2015 Per Dkt. No. 58 ) (bem). (Entered: 12/31/2014) |
| 01/15/2015 | 52 | MINUTES OF Motion for Sanctions for Violation of Court's December 2 Discovery Order and Motion to Compel hearing held before Magistrate Judge Jean P. Rosenbluth: Case is called. Counsel make their appearances. The court addresses the parties. Argument is heard. For the reasons stated on the record at the hearing, the Court GRANTS IN PART Defendant's motion to enforce the Court's December 2, 2014 Order, as follows: No later than seven days from the date of the hearing, Plaintiff must produce its Quickbook data files to Defendant's counsel. After an on-the-record meet-and-confer concerning Defendant's new motion to compel, the Court GRANTS the motion and orders that within seven days of the date of the hearing Plaintiff must produce all documents responsive to RFP Nos. 131, 132, 135, and 136 and is to arrange a conference call with Defendant's counsel during which Defendant's counsel will provide instructions to Plaintiff's counsel and Plaintiff on how to run a Google Analytics report and export the resulting data. Plaintiff must then |

| | | |
|---|---|---|
| | | produce any responsive data. (See Order for details) 50 Court Recorder: CS 1/15/15. (bem) (Entered: 01/15/2015) |
| 01/15/2015 | 53 | Joint APPLICATION for Relief re Supplement(Motion related), 51 *to Remove Document from Public Docket and File Dkt. 51-1 Under Seal* filed by Defendant Oculus VR, Inc.. (Attachments: # 1 Declaration of Marcus Peterson in Support of Joint Application to Remove Document from Public Docket and File Dkt. 51-1 Under Seal, # 2 Exhibit Redacted Version of Dkt. 51-1, # 3 Proposed Order Granting Joint Application to Remove Document from Public Docket and File Dkt. 51-1 Under Seal)(Peterson, Marcus) (Entered: 01/15/2015) |
| 01/16/2015 | 54 | NOTICE of Manual Filing filed by Defendant Oculus VR, Inc. of Exhibits L and N to Supplemental Declaration of Marcus D. Peterson in Support of Defendant Oculus VR's Motion for Sanctions and Motion to Compel Further Discovery Responses and Document Production from Plaintiff Oculu, LLC Thereto Filed Under Seal. (Peterson, Marcus) (Entered: 01/16/2015) |
| 01/16/2015 | 55 | TRANSCRIPT ORDER Oculus VR, Inc. Court Smart (CS). Court will contact Sherette Duffus at sherette.duffus@pillsburylaw.com with any questions regarding this order. Transcript portion requested: Other: 1/15/15 Motion Hearing. Transcript preparation will not begin until payment has been satisfied with the court reporter/recorder. (Peterson, Marcus) (Entered: 01/16/2015) |
| 01/16/2015 | 56 | PROOF OF SERVICE filed by Defendant Oculus VR, Inc., re Joint APPLICATION for Relief re Supplement(Motion related), 51 *to Remove Document from Public Docket and File Dkt. 51-1 Under Seal* 53 *Proof of Service on Exhibits L and N to Supplemental Declaration of Marcus D. Peterson in Support of Defendant Oculus VR's Motion for Sanctions and Motion to Compel Further Discovery Responses and Document Production from Plaintiff Oculu, LLC* served on January 16, 2015. (Peterson, Marcus) (Entered: 01/16/2015) |
| 01/16/2015 | 57 | NOTICE OF ERRATA filed by Plaintiff Oculu, LLC. correcting Stipulation to Extend Discovery Cut-Off Date 49 (Attachments: # 1 Exhibit A - Proposed Order)(Taillieu, Olivier) (Entered: 01/16/2015) |
| 01/20/2015 | 58 | MINUTES (IN CHAMBERS) ORDER Granting Parties' Joint Request to Remove Document from Public Docket by Magistrate Judge Jean P. Rosenbluth: The parties' January 15, 2015 Joint Application to Remove Document from Public Docket is GRANTED. (See Order for details)granting 53 (bem) (Entered: 01/20/2015) |
| 01/20/2015 | 59 | ORDER Setting Expert Disclosure Schedule and Granting A Two Week Extension of Discovery Cutoff For Purposes of Expert Depositions by Judge David O. Carter, re Stipulation to Extend Discovery Cut-Off Date 49 . (twdb) (Entered: 01/21/2015) |
| 01/20/2015 | 66 | SEALED DOCUMENT- SUPPLEMENTAL DECLARATION of Marcus D. Peterson in Support of Defendant Oculus VR's Motion for Sanctions and Motion to Compel further Discovery Responses and Document Production from Plaintiff Oculu, LLC. (mat) (Entered: 01/28/2015) |

| 01/23/2015 | 60 | TRANSCRIPT for proceedings held on 14-196. Court Reporter/Electronic Court Recorder: JAMS CERTIFIED TRANSCRIPTION, phone number (661) 609-4528. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 2/13/2015. Redacted Transcript Deadline set for 2/23/2015. Release of Transcript Restriction set for 4/23/2015. (ha) (Entered: 01/26/2015) |
|---|---|---|
| 01/23/2015 | 61 | NOTICE OF FILING TRANSCRIPT filed for proceedings 1/15/15 re Transcript 60 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ha) TEXT ONLY ENTRY (Entered: 01/26/2015) |
| 01/26/2015 | 62 | APPLICATION for Leave to File Confidential Declaration of Marcus D. Peterson in Support of Request for Monetary Sanctions Under Seal filed by defendant Oculus VR, Inc.. (Attachments: # 1 Declaration of Marcus D. Peterson, # 2 Proposed Order)(Peterson, Marcus) (Entered: 01/26/2015) |
| 01/26/2015 | 63 | REQUEST for Sanctions *Defendant's Request for Monetary Sanctions Pursuant to Court's January 15, 2015 Order Granting Motion for Sanctions* filed by defendant Oculus VR, Inc.. (Attachments: # 1 Proposed Order) (Peterson, Marcus) (Entered: 01/26/2015) |
| 01/26/2015 | 64 | NOTICE of Manual Filing filed by Defendant Oculus VR, Inc. (Peterson, Marcus) (Entered: 01/26/2015) |
| 01/26/2015 | 70 | SEALED DOCUMENT- CONFIDENTIAL DECLARATION of Marcus Peterson in Support of Request for Monetary Sanctions Pursuant to Court's January 15, 2015 Order Granting Motion for Sanctions. (mat) (Entered: 02/06/2015) |
| 01/27/2015 | 65 | PROOF OF SERVICE filed by defendant Oculus VR, Inc., re APPLICATION for Leave to File Confidential Declaration of Marcus D. Peterson in Support of Request for Monetary Sanctions Under Seal 62 *Proof of Service on Confidential Declaration of Marcus Peterson in Support of Request for Monetary Sanctions Pursuant to Court's January 15, 2015 Order Granting Motion for Sanctions* served on January 26, 2015. (Peterson, Marcus) (Entered: 01/27/2015) |
| 01/28/2015 | 67 | ORDER GRANTING APPLICATION TO FILE CONFIDENTIAL DECLARATION OF MARCUS D. PETERSON IN SUPPORT OF REQUEST FOR MONETARY SANCTIONS UNDER SEAL by Magistrate Judge Jean P. Rosenbluth: Having reviewed Defendant's Application to File Confidential Declaration of Marcus Peterson in Support of Request for Monetary Sanctions Under Seal, and for good cause showing, the Application is granted. The Declaration and supporting exhibits will be filed under seal. [Note Changes Made By The Court] 62 (bem) (Entered: 01/28/2015) |
| 02/02/2015 | 68 | Opposition in opposition to re: REQUEST for Sanctions *Defendant's Request for Monetary Sanctions Pursuant to Court's January 15, 2015 Order Granting Motion for Sanctions* 63 filed by Plaintiff Oculu, LLC. (Attachments: # 1 Declaration of Olivier Taillieu, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 |

| | | |
|---|---|---|
| | | Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Taillieu, Olivier) (Entered: 02/02/2015) |
| 02/05/2015 | 69 | REPLY in support REQUEST for Sanctions *Defendant's Request for Monetary Sanctions Pursuant to Court's January 15, 2015 Order Granting Motion for Sanctions 63 Reply in Support of Defendant's Request for Monetary Sanctions Pursuant to Court's January 15, 2015 Order Granting Motion for Sanctions* filed by Defendant Oculus VR, Inc.. (Peterson, Marcus) (Entered: 02/05/2015) |
| 02/06/2015 | 71 | Joint STIPULATION for Order to Set Deposition Schedule filed by Defendant Oculus VR, Inc.. (Attachments: # 1 Proposed Order Granting Joint Stipulation Regarding Deposition Schedule)(Peterson, Marcus) (Entered: 02/06/2015) |
| 02/10/2015 | 72 | ORDER by Judge David O. Carter Granting Joint Stipulation Regarding Deposition Schedule 71 . On February 6, 2015, Plaintiff Oculus, LLC ("Oculu") and Defendant Oculus VR, Inc. ("Oculus VR") filed a Joint Stipulation Regarding Deposition Schedule. The Court, having considered the stipulation and for good cause showing, order as follows: 1. The Joint Stipulation Regarding Deposition Schedule is approved and adopted as an Order of the Court. IT IS SO ORDERED. (dro) (Entered: 02/10/2015) |
| 02/10/2015 | 73 | NOTICE of Association of Counsel associating attorney Marc S. Williams on behalf of Plaintiff Oculu, LLC. Filed by Plaintiff Oculu, LLC (Attorney Marc Stefan Williams added to party Oculu, LLC(pty:pla))(Williams, Marc) (Entered: 02/10/2015) |
| 02/10/2015 | 74 | Notice of Appearance or Withdrawal of Counsel: for attorney Marc Stefan Williams counsel for Plaintiff Oculu, LLC. Adding Marc S. Williams as attorney as counsel of record for Oculu, LLC for the reason indicated in the G-123 Notice. Filed by Plaintiff/Counter-Defendant Oculu, LLC. (Williams, Marc) (Entered: 02/10/2015) |
| 02/19/2015 | 75 | *SUPPLEMENTAL* CERTIFICATE of Interested Parties filed by Defendant and Counterclaimant Oculus VR, Inc., (Ghajar, Bobby) (Entered: 02/19/2015) |
| 03/02/2015 | 76 | APPLICATION for Leave to File Confidential Declaration of Marcus D. Peterson in Support of Motion for Contempt and for Sanctions filed by Defendant and Counterclaimant Oculus VR, Inc.. (Attachments: # 1 Declaration of Marcus D. Peterson, # 2 Proposed Order, # 3 Proof of Service) (Peterson, Marcus) (Entered: 03/02/2015) |
| 03/02/2015 | 77 | NOTICE of Manual Filing filed by Defendant Oculus VR, Inc. of Confidential Declaration of Marcus D. Peterson in Support of Motion for Contempt and for Sanctions. (Peterson, Marcus) (Entered: 03/02/2015) |
| 03/02/2015 | 78 | NOTICE OF MOTION AND MOTION for Contempt against Plaintiff Oculu, LLC filed by Defendant and Counterclaimant Oculus VR, Inc.. Motion set for hearing on 3/30/2015 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Memorandum of Points and Authorities, # 2 Declaration of Marcus D. Peterson, # 3 Exhibit 1 to Peterson Decl., # 4 Exhibit 2 to Peterson Decl., # 5 Exhibit 3 to Peterson Decl., # 6 Exhibit 4 to Peterson Decl., # 7 Exhibit 5 to Peterson Decl., # 8 Exhibit 6 to Peterson Decl., # 9 Exhibit 7 to Peterson Decl., # 10 Exhibit 8 to Peterson Decl., # 11 Exhibit 9 to Peterson |

| | | |
|---|---|---|
| | | Decl., # 12 Exhibit 10 to Peterson Decl., # 13 Exhibit 16 to Peterson Decl., # 14 Proposed Order)(Peterson, Marcus) (Entered: 03/02/2015) |
| 03/03/2015 | 79 | MINUTES (IN CHAMBERS) ORDER Granting in Part Defendant's Motion for Sanctions by Magistrate Judge Jean P. Rosenbluth: Accordingly, sanctions limited to a token amount of $1500, to be paid by Plaintiff and its counsel, must be remitted to Defendant no later than seven days from the date of this Order. Given the annual sales produced by Plaintiff, such an amount is sufficient to curb any future "abuses occurring in the discovery process." See Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment. (See Order for details)granting in part and denying in part 63 Request for Sanctions (bem) (Entered: 03/03/2015) |
| 03/05/2015 | 80 | ORDER by Judge David O. Carter Granting 76 Application to File Confidential Declaration of Marcus D. Peterson in Support of Motion for Contempt and for Sanctions Under Seal. The Declaration and supporting exhibits will be lodged for in camera review. (nbo) (Entered: 03/09/2015) |
| 03/05/2015 | 86 | SEALED DOCUMENT - CONFIDENTIAL DECLARATION of Marcus D. Peterson in Support of MOTION for Contempt 78 , filed by Defendant Oculus VR, Inc. (dro) (Entered: 03/17/2015) |
| 03/09/2015 | 81 | OPPOSITION to MOTION for Contempt against Plaintiff Oculu, LLC 78 filed by Plaintiff Oculu, LLC. (Attachments: # 1 Declaration of Olivier Taillieu, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 8A)(Taillieu, Olivier) (Entered: 03/09/2015) |
| 03/16/2015 | 82 | APPLICATION for Leave to File Confidential Reply Declaration of Marcus D. Peterson in Support of Motion for Contempt and for Sanctions filed by Defendant and Counterclaimant Oculus VR, Inc.. (Attachments: # 1 Declaration of Marcus D. Peterson, # 2 Proposed Order)(Peterson, Marcus) (Entered: 03/16/2015) |
| 03/16/2015 | 83 | NOTICE of Manual Filing filed by Defendant Oculus VR, Inc. of Confidential Reply Declaration of Marcus D. Peterson in Support of Motion for Contempt and for Sanctions. (Peterson, Marcus) (Entered: 03/16/2015) |
| 03/16/2015 | 84 | REPLY in support of MOTION for Contempt against Plaintiff Oculu, LLC 78 filed by Defendant Oculus VR, Inc.. (Attachments: # 1 Declaration Reply Declaration of Marcus Peterson in Support of Motion for Contempt and Exhibits 17-21)(Peterson, Marcus) (Entered: 03/16/2015) |
| 03/17/2015 | 85 | PROOF OF SERVICE filed by Defendant and Counterclaimant Oculus VR, Inc., re APPLICATION for Leave to File Confidential Reply Declaration of Marcus D. Peterson in Support of Motion for Contempt and for Sanctions 82 *Proof of Service on Confidential Reply Declaration of Marcus D. Peterson in Support of Motion for Contempt and for Sanctions* served on 03/16/2015. (Peterson, Marcus) (Entered: 03/17/2015) |
| 03/17/2015 | 87 | |

| | | |
|---|---|---|
| | | ORDER by Judge David O. Carter: Granting Application to File Confidential Reply Declaration of Marcus D Peterson in Support of Motion for Contempt and for Sanctions Under Seal 82 (mt) (Entered: 03/17/2015) |
| 03/17/2015 | 88 | SEALED DOCUMENT RE CONFIDENTIAL REPLY DECLARATION OF MARCUS D PETERSON IN SUPPORT OF MOTION FOR CONTEMPT AND FOR SANCTIONS (mt) (Entered: 03/18/2015) |
| 03/18/2015 | 89 | SCHEDULING NOTICE by Judge David O. Carter re: MOTION for Contempt against Plaintiff Oculu, LLC 78 previously scheduled for 3/30/2015 @ 8:30 AM has been rescheduled. Motion Hearing RESCHEDULED for 4/3/2015 @ 8:30 AM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dgo) TEXT ONLY ENTRY (Entered: 03/18/2015) |
| 03/27/2015 | 90 | MINUTE ORDER IN CHAMBERS by Judge David O. Carter: Order Referring Motion for Contempt and Sanctions to Magistrate Judge 78 . In the interests of judicial economy, the Court hereby refers this motion to Magistrate Judge Rosenbluth for a Report and Recommendation. The hearing date of April 3, 2015 is hereby VACATED, to be rescheduled at Magistrate Judge Rosenbluths convenience and discretion. (nbo) (Entered: 03/27/2015) |
| 04/13/2015 | 91 | APPLICATION for Leave to File Various Confidential Documents Under Seal filed by defendant Oculus VR, Inc.. (Attachments: # 1 Declaration of Marcus D. Peterson, # 2 Proposed Order)(Peterson, Marcus) (Entered: 04/13/2015) |
| 04/13/2015 | 92 | NOTICE of Errata Regarding Application to File Various Documents Under Seal [Dkts. 91, 91-1 and 91-2] filed by defendant Oculus VR, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Peterson, Marcus) (Entered: 04/13/2015) |
| 04/13/2015 | 93 | NOTICE of Manual Filing filed by Defendant Oculus VR, Inc. of Various Confidential Documents to be Filed Under Seal. (Peterson, Marcus) (Entered: 04/13/2015) |
| 04/13/2015 | 94 | NOTICE OF MOTION AND MOTION IN LIMINE to Exclude Testimony of David Drews and Plaintiff's Alleged Theories of Damages filed by defendant Oculus VR, Inc.. Motion set for hearing on 5/11/2015 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Memorandum of Points and Authorities, # 2 Declaration of Marcus D. Peterson, # 3 Exhibit 1 to Peterson Declaration, # 4 Exhibit 2 to Peterson Declaration, # 5 Exhibit 3 to Peterson Declaration, # 6 Exhibit 4 to Peterson Declaration, # 7 Proposed Order) (Ghajar, Bobby) (Entered: 04/13/2015) |
| 04/13/2015 | 95 | NOTICE OF MOTION AND MOTION for Summary Judgment as to all Claims and Counterclaim filed by defendant Oculus VR, Inc.. Motion set for hearing on 5/11/2015 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Memorandum of Points and Authorities, # 2 Declaration of Marcus Peterson with Exhibit 1, # 3 Declaration of Grace King, # 4 Exhibit 1-2 to Decl. of Grace King, # 5 Exhibit 3 to Decl. of Grace King, # 6 Exhibit 4-9 to Decl. of Grace King, # 7 Exhibit 10-17 to Decl. of Grace King, # 8 Exhibit 18-23 to Decl. of Grace King, # 9 Exhibit 24-35 to Decl. of Grace King, # 10 |

| | | Exhibit 36-46f to Decl. of Grace King, # 11 Proposed Order, # 12 Statement of Uncontroverted and Conclusions of Law)(Ghajar, Bobby) (Entered: 04/13/2015) |
| --- | --- | --- |
| 04/14/2015 | 96 | PROOF OF SERVICE filed by defendant Oculus VR, Inc., re Notice (Other) 92 *Proof of Service on Various Documents Filed Under Seal* served on April 13, 2015. (Ghajar, Bobby) (Entered: 04/14/2015) |
| 04/14/2015 | 97 | AMENDED ORDER by Judge David O. Carter: Granting 91 Application to File Various Documents Under Seal 91 . (See Order for details). (jtil) (Entered: 04/15/2015) |
| 04/14/2015 | 99 | SEALED DOCUMENT RE: MEMORANDUM of Points and Authorities in Support of Motion in Limine to Exclude Testimony of David Drews and Plaintiff's Alleged Theories of Damages. (lwag) (Entered: 04/17/2015) |
| 04/14/2015 | 100 | SEALED DOCUMENT RE: CONFIDENTIAL DECLARATION of Marcus D. Peterson in Support of Motion in Limine to Exclude Testimony of David Drews and Plaintiff's Alleged Theories of Damages. (lwag) (Entered: 04/17/2015) |
| 04/14/2015 | 102 | SEALED DOCUMENT RE: CONFIDENTIAL DECLARATION of Grace E. King in Support of Motion for Summary Judgment. (lwag) (Entered: 04/17/2015) |
| 04/14/2015 | 103 | SEALED DOCUMENT RE: STATEMENT of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment. (lwag) (Entered: 04/17/2015) |
| 04/15/2015 | 98 | MINUTE ORDER IN CHAMBERS by Judge David O. Carter: Order Modifying Schedule For MOTION for Summary Judgment 95 , and MOTION IN LIMINE 94 . The hearings re Motion originally scheduled have been rescheduled. ( Motion set for hearing on 6/8/2015 at 08:30 AM before Judge David O. Carter.) (twdb) (Entered: 04/16/2015) |
| 04/17/2015 | 101 | SEALED DOCUMENT RE: MEMORANDUM of Points and Authorities in Support of Motion for Summary Judgment on Trademark Infringement; Search Engine Harm; Lack of Damages; Equitable Disgorgement; and as to the Validity of Plaintiff's Trademark Registration. (lwag) (Entered: 04/17/2015) |
| 04/24/2015 | 104 | Notice of Appearance or Withdrawal of Counsel: for attorney Michael G Rhodes counsel for Defendant Oculus VR, Inc.. Adding Michael G. Rhodes as attorney as counsel of record for Oculus VR, Inc. for the reason indicated in the G-123 Notice. Filed by Defendant Oculus VR, Inc.. (Attorney Michael G Rhodes added to party Oculus VR, Inc.(pty:dft))(Rhodes, Michael) (Entered: 04/24/2015) |
| 04/27/2015 | 105 | NOTICE of Manual Filing filed by Plaintiff Oculu, LLC of [UNREDACTED] PLAINTIFF OCULU, LLCS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DAVID DREWS AND PLAINTIFFS ALLEGED THEORIES OF DAMAGES. (Williams, Marc) (Entered: 04/27/2015) |
| 04/27/2015 | 106 | |

| | | MEMORANDUM in Opposition to MOTION IN LIMINE to Exclude Testimony of David Drews and Plaintiff's Alleged Theories of Damages 94 filed by Plaintiff Oculu, LLC. (Williams, Marc) (Entered: 04/27/2015) |
|---|---|---|
| 04/27/2015 | 107 | NOTICE of Manual Filing filed by Plaintiff Oculu, LLC of APPLICATION TO FILE DOCUMENT UNDER SEAL; DECLARATION OF MARC S. WILLIAMS; [PROPOSED] ORDER SEALING DOCUMENT. (Williams, Marc) (Entered: 04/27/2015) |
| 04/27/2015 | 108 | PROOF OF SERVICE filed by Plaintiff Oculu, LLC, served on [UNREDACTED] PLAINTIFF OCULU, LLCS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DAVID DREWS AND PLAINTIFFS ALLEGED THEORIES OF DAMAGES; APPLICATION TO FILE DOCUMENT UNDER SEAL; DECLARATION OF MARC S. WILLIAMS; [PROPOSED] ORDER SEALING DOCUMENT. (Williams, Marc) (Entered: 04/27/2015) |
| 04/27/2015 | 109 | OPPOSITION OPPOSITION TO re: MOTION for Summary Judgment as to all Claims and Counterclaim 95 filed by Plaintiff Oculu, LLC. (Attachments: # 1 Statement of Disputed Facts, # 2 Declaration of John Cecil, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Declaration of Olivier Taillieu, # 12 Exhibit 1 - Part 1, # 13 Exhibit 1 - Part 2, # 14 Exhibit 1 - Part 3, # 15 Exhibit 2-4) (Taillieu, Olivier) (Entered: 04/27/2015) |
| 04/28/2015 | 110 | NOTICE of Manual Filing filed by Plaintiff Oculu, LLC of Application to File Documents Under Seal; Declaration of Olivier Taillieu; [Proposed] Order Sealing Documents; Plaintiff's Unredacted Opposition to Defendant's Motion for Summary Judgment; Plaintiff's Unredacted Separate Statement of Disputed Facts and Conclusions of Law In Support of Opposition to Defendant's Motion for Summary Judgment; and Unredacted Declaration of John Cecil In Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (Taillieu, Olivier) (Entered: 04/28/2015) |
| 04/28/2015 | 111 | PROOF OF SERVICE filed by PLAINTIFF Oculu, LLC, *Unredacted Opposition, Separate Statement of Disputed Facts and Declaration of John Cecil In Support of Opposition to Defendant's Motion for Summary Judgment* served on 4/27/15 BY EMAIL AND 4/28/15 BY MAIL. (Taillieu, Olivier) (Entered: 04/28/2015) |
| 04/29/2015 | 112 | SEALED DOCUMENT RE APPLICATION TO FILE DOCUMENT UNDER SEAL; DECLARATION OF MARC S WILLIAMS (mt) (Entered: 04/29/2015) |
| 04/29/2015 | 113 | SEALED DOCUMENT RE ORDER SEALING DOCUMENT (mt) (Entered: 04/29/2015) |
| 04/29/2015 | 114 | SEALED DOCUMENT RE [UNREDACTED] PLAINTIFF OCULU, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DAVID DREWS |

| | | AND PLAINTIFF'S ALLEGED THEORIES OF DAMAGES (mt) (Entered: 04/29/2015) |
|---|---|---|
| 04/30/2015 | 115 | SEALED DOCUMENT** APPLICATION to FILE CONFIDENTIAL DOCUMENTS UNDER SEAL(twdb) (Entered: 05/05/2015) |
| 04/30/2015 | 116 | ORDER by Judge David O. Carter: granting 115 Application TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL (twdb) (Entered: 05/05/2015) |
| 04/30/2015 | 117 | SEALED DOCUMENT** DECLARATION of OLIVIER TAILLIEU IN SUPPORT OF PLAINTIFF'S APPLICATION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL 115 (twdb) (Entered: 05/05/2015) |
| 04/30/2015 | 118 | SEALED DOCUMENT** PLAINTIFF OCULU LLC'S OPPOSITION TO DEFENDANT OCULUS VR, INC.'S MOTION for Summary Judgment ON TRADEMARK INFRINGEMENT; SEARCH ENGINE HARM; LACK OF DAMAGES; EQUITABLE DISGORGEMENT; AND AS TO THE VALIDITY OF PLAINTIFF'S TRADEMARK REGISTRATION 95 (twdb) (Entered: 05/05/2015) |
| 04/30/2015 | 119 | SEALED DOCUMENT** PLAINTIFF OCULU LLC'S STATEMENT OF DISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS OPPOSITION TO DEFENDANT OCULUS VR, INC.S MOTION FOR SUMMARY JUDGMENT ON TRADEMARK INFRINGEMENT; SEARCH ENGINE HARM; LACK OF DAMAGES; EQUITABLE DISGORGEMENT; AND AS TO THE VALIDITY OF PLAINTIFFS TRADEMARK REGISTRATION 95 (twdb) (Entered: 05/05/2015) |
| 04/30/2015 | 120 | SEALED DOCUMENT** DECLARATION of JOHN CECIL IN SUPPORT OF PLAINTIFF OCULU LLC'S OPPOSITION TO DEFENDANT OCULUS VR, INC.'S MOTION FOR SUMMARY JUDGMENT ON TRADEMARK INFRINGEMENT; SEARCH ENGINE HARM; LACK OF DAMAGES; EQUITABLE DISGORGEMENT; AND AS TO THE VALIDITY OF PLAINTIFF'S TRADEMARK REGISTRATION 95 (twdb) (Entered: 05/05/2015) |
| 05/08/2015 | 121 | NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION by Magistrate Judge Jean P. Rosenbluth. Objections to R&R due by 5/22/2015. (bem) (Entered: 05/08/2015) |
| 05/08/2015 | 122 | REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE issued by Magistrate Judge Jean P. Rosenbluth. IT ACCORDINGLY IS RECOMMENDED that the District Judge issue an order (1) accepting this Report and Recommendation, (2) granting in part Defendant's motion for evidentiary sanctions, and (3) granting Defendant's request for attorney's fees in an amount equal to its costs and fees in preparing, serving, and filing the portions of its March 2, 2015 motion and reply pertaining to Plaintiffs failure to produce the Winters email, Excel spreadsheet, MySQL database, sign-up emails, and Hodges PowerPoint presentation. (See Order for details) 78 (bem) (Entered: 05/08/2015) |
| 05/11/2015 | 123 | |

| | | APPLICATION for Leave to File Various Confidential Documents Under Seal filed by defendant Oculus VR, Inc.. (Attachments: # 1 Declaration of Marcus D. Peterson, # 2 Proposed Order)(Peterson, Marcus) (Entered: 05/11/2015) |
|---|---|---|
| 05/11/2015 | 124 | NOTICE of Manual Filing filed by Defendant Oculus VR, Inc. of Various Confidential Documents to be Filed Under Seal. (Peterson, Marcus) (Entered: 05/11/2015) |
| 05/11/2015 | 125 | REPLY in Support MOTION IN LIMINE to Exclude Testimony of David Drews and Plaintiff's Alleged Theories of Damages 94 filed by Defendant Oculus VR, Inc.. (Ghajar, Bobby) (Entered: 05/11/2015) |
| 05/11/2015 | 126 | APPLICATION for Leave to File Under Seal Defendant's Evidentiary Objections to Declaration of John Cecil in Support of Plaintiff Oculu, LLC's Opposition to Defendant Oculus VR, Inc.'s Motion for Summary *Judgment* filed by defendant Oculus VR, Inc.. (Attachments: # 1 Declaration of Marcus D. Peterson, # 2 Proposed Order)(Peterson, Marcus) (Entered: 05/11/2015) |
| 05/11/2015 | 127 | NOTICE of Manual Filing filed by Defendant Oculus VR, Inc. of Defendant Oculus VR, Inc.'s Objections to Evidence Offered in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (Peterson, Marcus) (Entered: 05/11/2015) |
| 05/11/2015 | 128 | REPLY in support MOTION for Summary Judgment as to all Claims and Counterclaim 95 filed by Defendant Oculus VR, Inc.. (Attachments: # 1 Declaration of Grace E. King, # 2 Exhibit 76 to King Decl., # 3 Exhibit 77 to King Decl., # 4 Exhibit 78 to King Decl., # 5 Exhibit 79 to King Decl., # 6 Exhibit 80 to King Decl., # 7 Reply in Support of Statement of Uncontroverted Facts and Responses and Objections to Plaintiff's Statement of Disputed Facts) (Ghajar, Bobby) (Entered: 05/11/2015) |
| 05/11/2015 | 129 | OBJECTIONS to Objection/Opposition (Motion related),, 109 , Declaration (Motion related), 120 *Defendant Oculus VR, Inc.'s Objections to Evidence Offered in Suppot of Plaintiff's Opposition to Defendant's Motion for Summary Judgment [Objection to Declaration of John Cecil and Exhibits Thereto]* filed by Defendant Oculus VR, Inc.. (Ghajar, Bobby) (Entered: 05/11/2015) |
| 05/12/2015 | 130 | PROOF OF SERVICE filed by defendant Oculus VR, Inc.., re APPLICATION for Leave to File Under Seal Defendant's Evidentiary Objections to Declaration of John Cecil in Support of Plaintiff Oculu, LLC's Opposition to Defendant Oculus VR, Inc.'s Motion for Summary *Judgment* 126 , APPLICATION for Leave to File Various Confidential Documents Under Seal 123 served on 05/11/15. (Ghajar, Bobby) (Entered: 05/12/2015) |
| 05/13/2015 | 131 | ORDER by Judge David O. Carter: granting 123 Application for Leave to File Various Documents Under Seal. (twdb) (Entered: 05/13/2015) |
| 05/13/2015 | 132 | SEALED DOCUMENT** REPLY IN SUPPORT OF MOTION IN LIMINE to Exclude Testimony of David Drews and Plaintiff's Alleged Theories of Damages 94 (twdb) (Entered: 05/14/2015) |
| 05/13/2015 | 133 | SEALED DOCUMENT** CONFIDENTIAL REPLY DECLARATION OF MARCUS D. PETERSON IN SUPPORT OF MOTION IN LIMINE to |

| | | Exclude Testimony of David Drews and Plaintiff's Alleged Theories of Damages 94 (twdb) (Entered: 05/14/2015) |
|---|---|---|
| 05/13/2015 | 134 | SEALED DOCUMENT** REPLY IN SUPPORT OF MOTION for Summary Judgment ON TRADEMARK INFRINGEMENT; SEARCH ENGINE HARM; LACK OF DAMAGES; EQUITABLE DISGORGEMENT; AND AS TO THE VALIDITY OF PLAINTIFF'S TRADEMARK REGISTRATION 95 (twdb) (Entered: 05/14/2015) |
| 05/13/2015 | 135 | SEALED DOCUMENT** REPLY IN SUPPORT OF MOTION for Summary Judgment ON TRADEMARK INFRINGEMENT; SEARCH ENGINE HARM; LACK OF DAMAGES; EQUITABLE DISGORGEMENT; AND AS TO THE VALIDITY OF PLAINTIFF'S TRADEMARK REGISTRATION 95 (twdb) (Entered: 05/14/2015) |
| 05/13/2015 | 136 | SEALED DOCUMENT** CONFIDENTIAL DECLARATION of GRACE E. KING IN SUPPORT OF OCULUS VR, INC.'S REPLY IN SUPPORT OF MOTION for Summary Judgment 95 (twdb) (Entered: 05/14/2015) |
| 05/13/2015 | 137 | SEALED DOCUMENT** Defendant Oculus VR, Inc.'s REPLY IN SUPPORT OF STATEMENT OF UNCONTROVERTED FACTS AND RESPONSES AND OBJECTIONS TO PLAINTIFF'S STATEMENT OF DISPUTED FACTS. 95 (twdb) (Entered: 05/14/2015) |
| 05/13/2015 | 139 | SEALED DOCUMENT RE DEFENDANT OCULUS VR, INC.'S OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (mt) (Entered: 05/14/2015) |
| 05/14/2015 | 138 | ORDER by Judge David O. Carter: granting 126 Application for Leave TO FILE UNDER SEAL DEFENDANTS EVIDENTIARY OBJECTIONS TO DECLARATION OF JOHN CECIL IN SUPPORT OF PLAINTIFF OCULU LLCS OPPOSITION TO DEFENDANT OCULUS VR, INCS MOTION FOR SUMMARY JUDGMENT. (twdb) (Entered: 05/14/2015) |
| 05/21/2015 | 140 | NOTICE OF LODGING filed *Notice of Lodging [Proposed] Adverse Inference Jury Instructions Following May 8, 2015 Report and Recommendation Granting Sanctions* re Report and Recommendation (Issued),, 122 (Ghajar, Bobby) (Entered: 05/21/2015) |
| 05/27/2015 | 141 | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE 122 by Judge David O. Carter. IT THEREFORE IS ORDERED that Defendant's motion for contempt and sanctions 78 is GRANTED IN PART AND DENIED IN PART. Within 14 days of the date of this Order, Defendant may submit an itemization of its costs, including attorney's fees, in preparing and filing the portions of its motion and reply pertaining to Plaintiff's failure to produce the Winters email, Excel spreadsheet, MySQL database, sign-up emails, and PowerPoint presentation. Within seven days of service of Defendant's itemization, Plaintiff may file a response. (See Order for Further Details) (kl) (Entered: 05/28/2015) |
| 06/05/2015 | 142 | REQUEST for Order *Permitting Defendant to Bring Technology to Court Hearing* filed by Defendant and Counterclaimant Oculus VR, Inc.. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Proposed Order Permitting Defendant to Bring Technology to Court Hearing)(Ghajar, Bobby) (Entered: 06/05/2015) |
| 06/05/2015 | 143 | ORDER by Judge David O. Carter: granting 142 Request for Order to Bring Technology to Court Hearing. (twdb) (Entered: 06/05/2015) |
| 06/08/2015 | 144 | MINUTES OF Motion Hearing held before Judge David O. Carter: Defendants' Motion in Limine 94 Defendants' Motion for Summary Judgment 95 . Court and counsel confer. The trial date remains the same. Court to issue an order. Court Recorder: CourtSmart. (mt) (Entered: 06/08/2015) |
| 06/08/2015 | 145 | ORDER by Judge David O. Carter: granting in part and denying in part 94 Motion in Limine to Exclude; granting in part and denying in part 95 Motion for Summary Judgment. (twdb) (Entered: 06/09/2015) |
| 06/10/2015 | 146 | APPLICATION for Leave to File Under Seal Confidential Declaration of Marcus Peterson Re Application for and Itemization of Costs and Fees Filed Pursuant to Court's May 27, 2015 Order Granting Motion for Contempt and For Sanctions filed by defendant Oculus VR, Inc.. (Attachments: # 1 Declaration of Marcus D. Peterson, # 2 Proposed Order)(Peterson, Marcus) (Entered: 06/10/2015) |
| 06/10/2015 | 147 | NOTICE of Manual Filing filed by Defendant Oculus VR, Inc. of CONFIDENTIAL DECLARATION OF MARCUS PETERSON RE APPLICATION FOR AND ITEMIZATION OF COSTS AND FEES FILED PURSUANT TO COURTS MAY 27, 2015 ORDER GRANTING MOTION FOR CONTEMPT AND FOR SANCTIONS. (Peterson, Marcus) (Entered: 06/10/2015) |
| 06/10/2015 | 148 | APPLICATION for Attorney Fees *Defendant's Application for and Itemization of Costs and Fees Filed Pursuant to Court's May 27, 2015 Order Granting Motion for Contempt and for Sanctions* filed by defendant Oculus VR, Inc.. (Attachments: # 1 Proposed Order)(Peterson, Marcus) (Entered: 06/10/2015) |
| 06/10/2015 | 149 | PROOF OF SERVICE filed by defendant Oculus VR, Inc., re APPLICATION for Leave to File Under Seal Confidential Declaration of Marcus Peterson Re Application for and Itemization of Costs and Fees Filed Pursuant to Court's May 27, 2015 Order Granting Motion for Contempt and For Sanctions 146 *PROOF OF SERVICE ON CONFIDENTIAL DECLARATION OF MARCUS PETERSON RE APPLICATION FOR AND ITEMIZATION OF COSTS AND FEES FILED PURSUANT TO COURTS MAY 27, 2015 ORDER GRANTING MOTION FOR CONTEMPT AND FOR SANCTIONS* served on June 10, 2015. (Peterson, Marcus) (Entered: 06/10/2015) |
| 06/12/2015 | 150 | ORDER by Judge David O. Carter: granting 146 Application for Leave to file under seal confidential Declaration of Marcus Peterson re Application for Itemization of Costs and Fees filed pursuant to Court's 5/27/15 Order granting Motion for Contempt and for Sanctions (twdb) (Entered: 06/15/2015) |
| 06/12/2015 | 151 | SEALED DOCUMENT** CONFIDENTIAL DECLARATION of MARCUS PETERSON RE APPLICATION FOR AND ITEMIZATION OF COSTS AND FEES FILED PURSUANT TO COURT'S MAY 27, 2015 ORDER |

| | | GRANTING MOTION FOR CONTEMPT AND FOR SANCTIONS [148] (twdb) (Entered: 06/15/2015) |
|---|---|---|
| 06/17/2015 | [152] | OPPOSITION to APPLICATION for Attorney Fees *Defendant's Application for and Itemization of Costs and Fees Filed Pursuant to Court's May 27, 2015 Order Granting Motion for Contempt and for Sanctions* [148] filed by Plaintiff Oculu, LLC. (Attachments: # [1] Declaration John Cecil, # [2] Declaration Olivier Taillieu)(Taillieu, Olivier) (Entered: 06/17/2015) |
| 06/19/2015 | [153] | REPLY in support APPLICATION for Attorney Fees *Defendant's Application for and Itemization of Costs and Fees Filed Pursuant to Court's May 27, 2015 Order Granting Motion for Contempt and for Sanctions* [148] *Reply in Support of Defendant's Application for and Itemization of Costs and Fees Filed Pursuant to Court's May 27, 2015 Order Granting Motion for Contempt and for Sanctions* filed by Defendant Oculus VR, Inc.. (Peterson, Marcus) (Entered: 06/19/2015) |
| 06/22/2015 | [154] | MINUTE ORDER IN CHAMBERS by Judge David O. Carter: Order Referring Applications for and Itemization of Costs and Fees [148] . In the interests of judicial economy, the Court hereby refers this motion to Magistrate Judge Rosenbluth for a Report and Recommendation. (nbo) (Entered: 06/22/2015) |
| 06/22/2015 | [155] | MEMORANDUM of CONTENTIONS of FACT and LAW filed by Cross-Plaintiff Oculus VR, Inc.. (Rhodes, Michael) (Entered: 06/22/2015) |
| 06/22/2015 | [156] | Witness List filed by Cross-Plaintiff Oculus VR, Inc... (Rhodes, Michael) (Entered: 06/22/2015) |
| 06/22/2015 | [157] | MEMORANDUM of CONTENTIONS of FACT and LAW filed by Plaintiff Oculu, LLC. (Taillieu, Olivier) (Entered: 06/22/2015) |
| 06/22/2015 | [158] | Witness List filed by Plaintiff Oculu, LLC.. (Taillieu, Olivier) (Entered: 06/22/2015) |
| 06/22/2015 | [159] | JOINT Exhibit List filed by Plaintiff Oculu, LLC.. (Taillieu, Olivier) (Entered: 06/22/2015) |
| 06/23/2015 | [160] | TRANSCRIPT ORDER as to Defendant OCULUS VR, Inc. Oculus VR, Inc. Court Smart (CS). Court will contact Cynthia Cornell at ccornell@cooley.com with any questions regarding this order. Transcript portion requested: Pre-Trial Proceeding: Motion for Summary Judgment, Motion in Limine. Transcript preparation will not begin until payment has been satisfied with the court reporter/recorder. (Kleine, Benjamin) (Entered: 06/23/2015) |
| 06/24/2015 | [161] | NOTICE of Change of Attorney Business or Contact Information: for attorney Olivier A Taillieu counsel for Plaintiff Oculu, LLC. Changing address and firm name to National Injury Law Firm LLP, One Park Plaza, 3250 Wilshire Blvd. Suite 1200, Los Angeles, CA 90010. Filed by Plaintiff Oculu, LLC. (Taillieu, Olivier) (Entered: 06/24/2015) |
| 06/24/2015 | [162] | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice of Change of Attorney Business or Contact Information (G-06), [161] . The following error(s) was found: See court's website for revised form: |

|            |     | Notice of Change of Attorney Business or Contact Information (G-06). Revised 06/13. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lom) (Entered: 06/24/2015) |
|------------|-----|---|
| 06/25/2015 | 163 | TRANSCRIPT for proceedings held on 6/8/15 11:41 a.m.. Court Reporter/Electronic Court Recorder: BABYKIN COURTHOUSE SERVICES, phone number (626) 963-0566. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/16/2015. Redacted Transcript Deadline set for 7/26/2015. Release of Transcript Restriction set for 9/23/2015. (ha) (Entered: 06/25/2015) |
| 06/25/2015 | 164 | NOTICE OF FILING TRANSCRIPT filed for proceedings 6/8/15 11:41 a.m. re Transcript 163 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ha) TEXT ONLY ENTRY (Entered: 06/25/2015) |
| 06/26/2015 | 165 | SCHEDULING NOTICE by Judge David O. Carter. The Court, on its own motion, hereby advances the Jury Trial currently set for 07/28/15 to 7/14/2015 at 08:30 AM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (nbo) TEXT ONLY ENTRY (Entered: 06/26/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/02/2015 09:09:46 | | |
| **PACER Login:** | sa0657:2629576:0 | **Client Code:** | 165730/00001 |
| **Description:** | Docket Report | **Search Criteria:** | 8:14-cv-00196-DOC-JPR End date: 7/2/2015 |
| **Billable Pages:** | 16 | **Cost:** | 1.60 |

# EXHIBIT 2

COPY

FILED

2014 FEB 10 PM 3: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

JOHN P. KRISTENSEN (SBN 224132)
DAVID L. WEISBERG (SBN 211675)
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025
Telephone: 310-507-7924
Fax: 310-507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*

MOSES LEBOVITS (SBN 66552)
SCOTT A. BROOKS (SBN 160115)
**DANIELS, FINE, ISRAEL, SCHONBUCH &**
**LEBOVITS, LLP**
1801 Century Park East
Ninth Floor
Los Angeles, California 90067
Telephone: 310-556-7900
Fax: 310-556-2807
*lebovits@dfis-law.com*
*brooks@dfis-law.com*

*Attorneys for Plaintiff Oculu, LLC*

**THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

OCULU, LLC., a Delaware Limited
Liability Company,

    Plaintiffs,

    vs.

OCULUS VR, INC., a Delaware
Corporation, and DOES 1 through
20, inclusive, and each of them,

    Defendants.

Case No. **SACV14-00196 DOC (JPRx)**

**COMPLAINT FOR:**

(1) **Trademark Infringement, 15 U.S.C. § 1114(1);**
(2) **False Designation of Origin, 15 U.S.C. § 1125(A);**
(3) **Trademark Dilution, 15 U.S.C. § 1125(c);**
(4) **Cancellation of Oculus Mark, 15 U.S.C. § 1119;**
(5) **California Unfair Competition Law, *Cal. Bus. & Prof. Code* §§ 17200, *et seq.*;**

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

**COMPLAINT & DEMAND FOR JURY TRIAL**

-1-

```
 1                                    )   (6)  California Trademark Dilution,
                                      )        Cal. Bus & Prof. Code § 14247;
 2                                    )   (7)  Common Law Injury to
                                      )        Business Reputation;
 3                                    )
                                      )
 4   _____)   DEMAND FOR JURY TRIAL
 5
```

6         Plaintiff Oculu, LLC. ("Oculu" or "Plaintiff") for its Complaint against

7    defendant Oculus VR, Inc. ("Oculus" or "Defendant"), alleges as follows:

8    <u>**NATURE OF THE CASE**</u>

9         1.    This action arises from Oculus' decision to adopt a brand that is

10   confusingly similar to Oculu's brand, and its refusal to recognize, discuss or

11   remediate the confusion it is causing within the industry and among consumers,

12   customers and potential customers of Oculu. Oculu is a leader among online

13   video platforms that has been serving videos to websites and mobile media, as

14   well as similar and related services, since 2003. The company was originally

15   known as Innovate Media and underwent an expensive re-branding in 2010 to

16   OCULU. Oculu is the owner/assignee of a Principal Register registration for the

17   trademark OCULU for use in connection with "streaming of audio and video by

18   means of the internet." (Reg. No. 4,013,982.) Two years later, a talented

19   developer, Palmer Luckey, developed a virtual reality product that will soon, and

20   is promoted and advertised to, stream video over the internet including into its

21   headset. Unfortunately, Mr. Luckey, decided that he would simply add an "s" to

22   OCULU's registered trademark and call his product and online video distribution

23   network, OCULUS. It could have adopted any number of trademarks. Instead

24   Mr. Lucky and the Defendants chose OCULUS, which is similar in appearance,

25   sound, and commercial impression to OCULU. In doing so, Oculus chose a

26   brand that causes confusion within the industry and among consumers, customers

27   and potential customers of Oculu and also implies a connection, affiliation or

28

<div style="text-align:left; font-style:italic; writing-mode: sideways-lr">Kristensen Weisberg, LLP<br>12304 Santa Monica Blvd, Suite 221<br>Los Angeles, California 90025</div>

---

<div style="text-align:center">

**COMPLAINT & DEMAND FOR JURY TRIAL**

-2-

</div>

1   sponsorship that does not exist. Furthermore, the confusion caused by the

2   similarity will likely result, and has resulted in the past, in consumers, customers

3   and potential customers of Oculu thinking that it is a knock-off of Oculus, further

4   diminishing the OCULU mark. As a result of Oculus' refusal to acknowledge

5   the OCULU mark, and its blatant and willful infringement of the mark, Oculu is

6   left with no choice but to protect its mark and valuable brand and pursue claims

7   under the Lanham Act, 15 U.S.C. § 1114 *et seq.*, California Business and

8   Professions Code § 17200 *et seq.* and California Business and Professions Code

9   § 14247 seeking injunctive relief, damages and other relief.

## JURISDICTION & VENUE

11       2.       This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331

12  and 1338 because this action arises under the Lanham Act, 15 U.S.C. § 1051, *et*

13  *seq.* The Court has supplemental jurisdiction over Oculu's state law claims

14  under 28 U.S.C. § 1367.

15       3.       Venue is proper in the United States District Court for the Central

16  District of California, Southern Division, pursuant to 28 U.S.C. §§ 1391(b)

17  because Oculu is a Delaware limited liability company and Oculus is a Delaware

18  corporation, but both entities' principal place of business and "nerve center" are

19  in the County of Orange in the Central District of California, Southern Division.

20  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

## PARTIES

22       4.       Oculu, LLC is a Delaware limited liability company with its

23  principal place of business at 65 Enterprise, Suite 300, Aliso Viejo, California

24  92656 and has been assigned all applicable rights to the OCULU mark from John

25  Cecil, the CEO and managing member of Oculu, LLC. The mark has never been

26  abandoned.

27       5.       Oculus VR, Inc. is a California corporation with its principal place

28  of business at 19800 MacArthur Boulevard, Suite 450, Irvine, California 92612.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

COMPLAINT & DEMAND FOR JURY TRIAL

-3-

6. The above named Defendant, and its subsidiaries and agents, are collectively referred to with the DOE defendants as "Defendant." The true names and capacities of the defendants sued herein as DOE DEFENDANTS 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sues such defendants by fictitious names. Each of the defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE defendants when such identities become known.

7. Plaintiff is informed and believes and thereon alleges that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes and thereon alleges that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

8. At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for each other's acts and omissions.

## FACTUAL ALLEGATIONS

### *Innovate Media*

9. Oculu began as a part of Innovate Media, which was founded in 2002 by Yahoo! Inc. alumni John Cecil, to produce online video advertisements for delivery over the web. As further alleged herein, the Innovate Media business started out as an online production company, Oculu spinoff from the production company and is a technology company that specializes in streaming of audio and video materials by means of the internet.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

COMPLAINT & DEMAND FOR JURY TRIAL

-4-

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

10.     Originally, Oculu was a full-scale online video production and delivery company that would record, produce and deliver videos for online advertising and marketing.  Oculu would then host the video on its servers so clients could use the video on their websites, or post them elsewhere.

11.     This was a different world when the internet was mostly the connection between computers through the websites on desktop computer screens.  This was before the wide-spread streaming of video content which exists today, before Hulu, mobile phones and streaming video from game consoles such as Play Stations and Xboxes piped in content over the internet into hundreds of millions of homes, computers and devices.  Today, all types of video content are streamed over the internet along with the now ubiquitous advertisements, and not just to desktop computers, but to mobile phones, tablets, and the gaming consoles, all of which operate as the receivers of online video.

### *Oculu Branches out as Services Adapt to the Internet 2.0*

12.     Due to business circumstances and opportunities, Innovate Media decided to branch out and develop different products, which led to the creation of the Oculu brand in 2010.  Oculu desired and took great pains to create a brand name related to its enterprise, which was changing as rapidly as the technology and customers' needs.  Oculu was not in the production of ads for the internet.  Instead its business centers on delivering video, including video advertisements over the internet.

13.     One of the main methods of streaming audio and video of the internet is through pre-roll video, which OCULU's technology is at the forefront in developing.  It is extremely common to click on a video one wishes to view and see a video advertisement play or "roll" before the video one selected begins.  This type of video ad is called pre-roll video advertising, and it has become the fastest growing and most effective way of using video to advertise online.  Oculu and its propriety video player serves those pre-roll ads via third-party demand

1   partners.  While the idea may have started with smaller sites, now even the

2   largest streaming video providers including YouTube, Hulu, network television

3   websites, etc., all use pre-roll video advertising to promote products, services and

4   new ideas to consumers.  Oculu connects with demand partners who sell and

5   service the ads that are designed for VAST compliance (VAST refers to "video

6   ad serving template," a specification released by the Interactive Advertising

7   Bureau that sets a standard for communication requirements between ad servers

8   and video players). Oculu's player is VAST compliant allowing it to connect to

9   companies like Google that serve pre-roll ads via a provided advertising serving

10  tag.  Oculu connects that ad tag and customizes it to each customer's account.

11  When an end user/video consumer goes to watch a video from an Oculu

12  customer.  Pre-rolls will appear on both desktop computers (using Flash) and

13  mobile devices running iOS or Android (using HTML5).  Oculu devotes itself to

14  being on the cutting edge of streaming video and audio over the internet.  The

15  development of streaming videos over the internet, and Oculu's market, is

16  expanding as more products receive their content via the internet, including but

17  not limited, televisions, tablets, gaming systems and networks like Xbox and

18  Playstation, and will inevitably include headsets for video that is streamed via the

19  internet, like Oculus.  While Oculu was a division of Innovate Media, they are

20  two separate entities today/

21          14.    Oculus is globally known as an expert in the inline video delivery.

22  Its team has been doing this longer than anyone, including hundreds of speaking

23  engagements on the topic "online video".  Not surprisinglu, Oculu has a broad

24  roster of clients, including Fortune 500 companies and well-known brands such

25  as Canon USA, Toshiba, United Health Care, Pacific Life, Rhapsody, Food

26  Policy US, EHarmony, Symantec, Accuquote and USA Today.

27          15.    How Oculu came up with the name and its explanation is best

28  explained by Oculu itself on its website.  The image and narrative below from

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

COMPLAINT & DEMAND FOR JURY TRIAL

-6-

Oculu's website illustrates the mark OCULU (and was on Oculu's website in 2011):



**Behind the name**

**Oc-u-lu [ok-yuh-loo] -Noun-**

It's a funny name, yes? Sounds like one of those Silicon Valley start up names, with lots of vowels and no clear business model. Sure, we're an easy to use online video platform that delivers seamless video viewing with robust back end analytics and management tools, but Oculu "really DOES have a meaning"

It's short for "Oculus", the Latin term for "eye," which usually refers to a circular opening in architecture. For example the Pantheon, a porthole, or a skylight. Through this opening, light enters without obstacles, illuminating the area below. We like to think of this as metaphor for the way online video platforms should deliver videos – obstacle free and highly illuminating for your audience. Your videos – and more importantly, your vision – should never be obstructed, buffered, or unplayable for your viewers. Just upload, manage, and let the Oculu platform show your viewers... the light!

16.     Unlike Mr. Luckey who stole Plaintiff's name for his own enterprise, Plaintiff made sure the OCULU mark was available and was able to launch the website www.oculu.com, which domain was obtained on or about July 26, 2010. Oculus is familiar with Oculu's website and how it is destroying all search engine optimization for Oculu. Making sure that a particular result comes up when one uses a search engine such as Google, Bing or Yahoo is of crucial import these days. Companies devote significant resources to make sure that their names come up first and foremost when a consumer or potential customer searches for their name, product or services. Along with this is the increasing importance of "predictive search," where as one types a few letters into a search engine, several options are suggested to fill out the rest of the word or phrase, in essence predicting what you may be searching for even as you type. Presumably that is why an attorney for Oculus recently contacted Oculu about purchasing Oculu's website domain. In visiting Oculu's site, one cannot help but see the prominent mark:



Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

**COMPLAINT & DEMAND FOR JURY TRIAL**

-7-

### *Oculus, Oculus Share & the Oculus Network*

17.    Palmer Luckey developed a virtual reality headset that was introduced to the public on or about June 2012.  Mr. Luckey was aware of Oculu and the OCULU mark, but had visions of grandeur and/or hubris and thought he could steal the OCULU mark, by making it plural, demonstrating a brazen disregard for the law and Oculu.

18.    Oculus' exponential growth is only outstripped by its ambition.  It is not simply manufacturing headsets for they will likely be loss leaders but it is building a network for streaming video (not just video games) over the internet into headsets and other devices.  It is streaming the digital video and audio over the internet, just like Oculu does for its clients.

19.    Oculus made a splash at the 2012 Electronic Entertainment Expo (known colloquially as E3).  Shortly thereafter, the company's kickstarter online fundraising campaign broke all sorts of records.  In order to build up the network, Oculus needs content.  To achieve that goal, Oculus sold development kits of its headset beginning in 2012 that arrived in March 2013.  At the same time, Oculus went through a Series A and a Series B round of venture capital funding that has permitted it to lay the foundation of its expansive network.  The venture capital funders, now including board members Santo Politi, Antonio Rodriguez and Netscape founder Marc Andreessen of Andreessen Horowitz did not provide their substantial investments to sell goggles.  They want to build a network to stream all types of audio and video over the internet into the headsets developed by Palmer Lucky.  Mr. Andreessen himself stated: "[w]e believe Oculus will not only alter the gaming landscape but will redefine fundamental human experiences in areas like film, education, architecture, and design. Oculus is at the tip of the iceberg of its potential, and we're incredibly excited to help them change the world."  The actions taken by Oculus demonstrate its goals of building this network and its indifference to the prior rights of Oculu.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

**COMPLAINT & DEMAND FOR JURY TRIAL**

PLAINTIFFS' APPENDIX TO THEIR MOTION TO COMPEL
32

20.    One of Oculus' pending trademark applications, serial number 86143192, is for use in connection with "virtual reality game software."  Oculus is seeking to control the platform for use with its headsets.  It also requires all developers to enter into a Software Development Kit License Agreement.

21.    Oculus' took one of its first step towards the network with the development of Oculus Share.  As stated in the announcement of Oculus Share:

> Experimentation, iteration, and actual playtesting are at the heart of pushing virtual reality forward. One of the main goals in building Share was to help developers on all these fronts by creating a centralized community portal for Oculus content.  And while it's simply a sharing service today, over the coming months we'll work toward making Share an incredible marketplace for Oculus-ready games, experiences, and applications.

That marketplace is sending video over the internet.  Oculus intends to build its own ecosystem as Apple did with the iPod and iTunes store where the sales of devices drive the sale of content to the "iTunes" of substantial revenue.

22.    It has not taken long for Oculus to move on Mr. Andressen's stated goal of moving beyond and into other areas where it can send video over the internet, including film.  Just last month, Oculus was providing demonstrations at the Sundance film festival.   Oculus CEO met with the Oscar nominated director of Gravity and sent out the following tweet a couple weeks ago:

///
///
///
///
///
///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025





Expand

23.    Oculu is a successful and growing company but it faces a real and immediate threat to its ability to compete freely in the marketplace under the brand it created and in which it invested its resources.  That threat is Oculus' usurping Oculu's incontestable trademark.  While Oculu was doing well, Oculus' growth has been enormous.  Before Oculus became the rage, Oculu's branding efforts built up its search engine optimization and its corresponding results.  Now Oculu is being decimated in search engine results because Oculus is violating its rights which only further illustrates the damage Oculus is doing to Oculu.

24.    Oculu owns the incontestable trademark, OCULU, for "streaming of audio and video by means of the internet."   The law is clear, Oculus, cannot build a network "streaming of audio and video by means of the internet" using the name OCULUS.

## FIRST CAUSE OF ACTION

### TRADEMARK INFRINGEMENT (15 U.S.C. §1114 ET SEQ.)

### (Against All Defendants)

25.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

26.    Oculu is the owner of a U.S trademark registration for its OCULU

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

PLAINTIFFS' APPENDIX TO THEIR MOTION TO COMPEL
34

1 trademark of August 16, 2011, which precedes Defendant's first use of

2 OCULU(S) or any other OCULU(S) formative mark.

3      27. Defendant's use of OCULUS or any other OCULU(S) formative

4 mark is likely to cause confusion, or to cause mistake, or to deceive. The parties'

5 trademarks are very similar and their offerings are closely related.

6      28. Defendant had actual or constructive knowledge of Oculus's

7 trademark rights prior to beginning use of use of OCULUS or any other

8 OCULU(S) formative mark.

9      29. Oculu has not consented to Oculus' use of OCULU(S) or any other

10 OCULU(S) formative mark. On the contrary, Oculu has expressly objected to

11 such use.

12      30. Defendant's unauthorized use of OCULUS and any other

13 OCULU(S) mark constitutes trademark infringement in violation of 15 U.S.C. §

14 1114.

15      31. The willful and intentional nature of Defendant's trademark

16 infringement makes this an exceptional case pursuant to 15 U.S.C. § 1117(a)

17      32. As a result of Defendant's trademark infringement, Oculu has also

18 suffered, and will in the future suffer, irreparable injury to its business,

19 reputation, and goodwill.

20 **SECOND CAUSE OF ACTION**

21 **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

22 **(Against All Defendants)**

23      33. Plaintiff hereby incorporates by reference and re-alleges each and

24 every allegation set forth in each and every preceding paragraph of this

25 Complaint, as though fully set forth herein.

26      34. Oculu is the owner of a U.S trademark registration for its OCULU

27 trademark of August 16, 2011, which precedes Defendant's first use of

28 OCULU(S) or any other OCULU(S) formative mark. In addition, Oculu is the

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025

**COMPLAINT & DEMAND FOR JURY TRIAL**

-11-

1  owner of common law rights in Oculu, which precedes Defendant's first use of

2  OCULU that also precede Oculus' first use of OCULU(S) or any other

3  OCULU(S) formative mark.

4      35.    Defendant's unauthorized use of OCULU(S) or any other

5  OCULU(S) formative mark falsely suggests that Defendant and their offerings

6  are connected with, sponsored by, affiliated with, or related to Oculu, or that

7  Oculu and its offerings are connected with, sponsored by, affiliated with, or

8  related to Defendant.

9      36.    Defendant's unauthorized use of OCULU(S) or any other

10  OCULU(S) formative mark constitutes a false designation of origin in violation

11  of 15 U.S.C. § 1125(a).

12      37.    The willful and intentional nature of Defendant's trademark

13  infringement makes this an exceptional case pursuant to 15 U.S.C. § 1117(a)

14      38.    As a result of Defendant's trademark infringement, Oculu has also

15  suffered, and will in the future suffer, irreparable injury to its business,

16  reputation, and goodwill.  Oculu will suffer such irreparable injury unless and

17  until Defendant's misconduct is enjoined by the Court.

18                  **THIRD CAUSE OF ACTION**

19          **TRADEMARK DILUTION (15 U.S.C. § 1125(c))**

20                 **(Against All Defendants)**

21      39.    Plaintiff hereby incorporates by reference and re-alleges each and

22  every allegation set forth in each and every preceding paragraph of this

23  Complaint, as though fully set forth herein.

24      40.    Plaintiff's OCULU trademark is famous.  It is widely recognized

25  among the general consuming public of the United States and including within

26  the industry as a designation of the goods and services of Plaintiff.

27      41.    Plaintiff's OCULU trademark became famous before Defendant

28  started to use OCULU(S) or any other OCULU(S) formative mark.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

**COMPLAINT & DEMAND FOR JURY TRIAL**

-12-

1    42.    Defendant unauthorized use of OCULU(S) or any other OCULU(S)
2    formative mark has, and will likely continue to have, an adverse effect upon the
3    value and distinctive quality of the OCULU trademark.  In particular, such
4    unauthorized use of OCULU(S) or any other OCULU(S) formative mark has
5    diluted by blurring and will likely continue to dilute by blurring the OCULU
6    trademark contrary to and in violation of 15 U.S.C. § 1125(c).
7    43.    As a result of this dilution by blurring, Oculu has suffered damages
8    in an amount to be determined at trial.
9    44.    As a result of this dilution by blurring, Oculu has also suffered and
10   will in the future suffer, irreparable injury to its business, reputation, and
11   goodwill.  Oculu will suffer irreparable injury unless and until Defendant's
12   misconduct is enjoined by the Court.

### FOURTH CAUSE OF ACTION

### CANCELLATION OF OCULUS APPLICATIONS FOR MARKS (15 U.S.C. § 1119)

### (Against All Defendants)

16   45.    Plaintiff hereby incorporates by reference and re-alleges each and
17   every allegation set forth in each and every preceding paragraph of this
18   Complaint, as though fully set forth herein.
19   46.    Oculu is the owner/assignee of a Principal Register registration for
20   the trademark OCULU for use in connection with "streaming of audio and video
21   by means of the internet."  (Reg. No. 4,013,982.)  Oculu's registration was issued
22   on August 16, 2011, is valid and subsisting, and has acquired incontestable
23   status.
24   47.    On December 13, 2013, Oculus filed applications to register Oculus
25   related to three marks.  Under its trademark application with serial number
26   86143192, Oculus seeks the mark OCULUS for use in connection with "virtual
27   reality game software."  Under its trademark application with serial number
28   86143204, Oculus seeks the mark OCULUS for use in connection with "[d[esign

*Kristensen Weisberg, LLP*
*12304 Santa Monica Blvd, Suite 221*
*Los Angeles, California 90025*

**COMPLAINT & DEMAND FOR JURY TRIAL**

-13-

1    and development of computer game hardware and software and virtual reality

2    hardware and software." Under its trademark application with serial number

3    86143210, Oculus seeks the mark OCULUS for use in connection with "virtual

4    reality headsets and helmets adapted for use in playing video games." On June

5    5, 2013, Oculus filed an application (serial number 85951916) to register

6    OCULUS RIFT for use in connection with "virtual reality headsets and helmets

7    adapted for use in playing video games." On information and belief, Oculus

8    owns a Principal Register registration for the mark OCULUS VR for use in

9    connection with "virtual reality headsets and helmets adapted for use in playing

10   video games." (Reg. No. 4,424,543, issued on October 29, 2013).

11       48.    Oculus' use in commerce of the OCULUS mark, so resembles

12   Oculu's registered OCULU mark as to be likely, when used in connection with

13   Oculus' goods and services to cause confusion, mistake, and deception as to the

14   affiliation, connection, or association of Oculu with Oculus, or vice versa; as to

15   the origin of Oculus' network, software and goods with Oculu's goods or

16   services, or vice versa; and as to the sponsorship, or approval of Oculu's goods,

17   services, network or commercial activity by Oculus, or vice versa.

18       49.    Oculu has been damaged and will continue the be damaged by any

19   registration of the OCULUS mark for goods and services covered in Oculus'

20   registration and pending applications, as to which Oculu has prior rights,

21   including but not limited to the dilution of Oculu's mark OCULU, and will

22   create statutory rights in OCULUS in violation and derogation of the prior and

23   superior rights of Oculu.

24       50.    Oculu therefore seeks to cancel Registration No. 4,424,543 and

25   prevent registration of Oculus' pending applications, Serial Nos. 86143192,

26   86143204 and 86143210.

27   ///

28   ///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

---

**COMPLAINT & DEMAND FOR JURY TRIAL**

-14-

# FIFTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES (CAL. *BUS. & PROF. CODE* §§ 17200, *ET SEQ.*)

### (Against All Defendants)

51.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

52.    California Business and Professions Code section 17200 *et seq.*, also known as the California Unfair Competition Law ("UCL") authorizes lawsuits to enjoin acts of "unfair competition," which includes any unlawful, unfair, fraudulent or deceptive business practice as well as "unfair, deceptive, untrue or misleading advertising."

53.    The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair or fraudulent business practices – but only that such practices occurred.

54.    Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

55.    The violations of law as alleged herein constitute unlawful acts and practices in violation of the UCL.

56.    Defendant's course of conduct, acts and practices in violation of the laws as alleged herein also constitute fraudulent acts and practices and is and was likely to deceive as herein alleged.

57.    Defendant's course of conduct, acts and practices in violation of the laws as alleged herein constitute separate and independent violations of the UCL. Defendant's conduct as described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

58.    Defendant's conduct as alleged herein established public policy as reflected in the statutes and regulations violated by Defendants as alleged herein, and is immoral, unethical, oppressive, unscrupulous, and substantially injurious

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

1   to consumers, has an impact on the Plaintiffs that outweighs Defendant's

2   reasons, justifications, and motives for the practice.

3        59.   The harm to Plaintiff as alleged herein outweighs the utility, if any,

4   of Defendant's policies or practices and therefore, Defendant's actions described

5   herein constitute unfair business practices or acts within the meaning of the UCL.

6        60.   Pursuant to the UCL, Plaintiff is entitled to injunctive and equitable

7   relief including restitution by Defendant for the period commencing four years

8   prior to filing of this action and a permanent injunction.

9        61.   These challenged policies and practices alleged herein have harmed

10   Plaintiff and the general public and Plaintiff has suffered injury in fact and lost

11   money and property as a result of the unlawful, fraudulent and unfair acts and

12   practices.

13        62.   As a result of these unlawful policies and practices, Plaintiff is

14   entitled to an injunction against Defendant, pursuant to Section 17203 of the

15   California Business and Professions Code, to prevent Defendant from engaging

16   in such future unlawful, unfair and fraudulent business practices.  Plaintiff also is

17   entitled to an order requiring Defendant to disgorge the ill-gotten gains obtained

18   by engaging in these unlawful business practices and to provide restitution to

19   Plaintiff who has suffered damages or injury as a result of these unlawful

20   business acts and practices.

21                  **SIXTH CAUSE OF ACTION**

22      **CALIFORNIA TRADEMARK DILUTION (CAL. *BUS. & PROF. CODE* § 14247)**

23                    **(Against All Defendants)**

24        63.   Plaintiff hereby incorporates by reference and re-alleges each and

25   every allegation set forth in each and every preceding paragraph of this

26   Complaint, as though fully set forth herein.

27        64.   Plaintiff's OCULU trademark is famous.  It is widely recognized

28   among the general consuming public of the United States as well as the industry

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 221
Los Angeles, California 90025

1    as a designation of the goods and services of Plaintiff.

2        65.    Plaintiff's OCULU trademark became famous before Defendant

3    started to use OCULU(S) or any other OCULU(S) formative mark.

4        66.    Defendant's unauthorized use of OCULU(S) or any other

5    OCULU(S) formative mark has, and will likely continue to have, an adverse

6    effect upon the value and distinctive quality of the OCULU trademark.  In

7    particular, such unauthorized use of OCULU(S) or any other OCULU(S)

8    formative mark has diluted by blurring and will likely continue to dilute by

9    blurring the OCULU trademark contrary to Cal. *Bus. & Prof. Code* § 14247.

10       67.    As a result of this dilution by blurring, Oculu has suffered damages

11   in an amount to be determined at trial.

12       68.    As a result of this dilution by blurring, Oculu has also suffered and

13   will in the future suffer, irreparable injury to its business, reputation, and

14   goodwill.  Oculu will suffer irreparable injury unless and until Defendant's

15   misconduct is enjoined by the Court.

16                    **SEVENTH CAUSE OF ACTION**

17       **INJURY TO BUSINESS REPUTATION UNDER CALIFORNIA COMMON LAW**

18                       **(Against All Defendants)**

19       69.    Plaintiff hereby incorporates by reference and re-alleges each and

20   every allegation set forth in each and every preceding paragraph of this

21   Complaint, as though fully set forth herein.

22       70.    Defendant's use of the mark OCULUS is confusingly similar to and

23   constitutes infringement of Oculu's OCULU mark.  Defendant's use injures

24   Oculu's business reputation because consumers and customers will believe that

25   Oculu is affiliated with or related to or has the approval of Oculus, or may think

26   that Oculu is trying to mimic the larger Oculus as a cheap promotional ploy, and

27   any adverse reaction by the public to Defendant and the quality of its products

28   and services and the nature of its business will injure the business reputation of

*Kristensen Weisberg, LLP*
*12304 Santa Monica Blvd., Suite 221*
*Los Angeles, California 90025*

**COMPLAINT & DEMAND FOR JURY TRIAL**

1    Oculu.

2        71.    Defendant has engaged in conduct in bad faith that constitutes

3    unfair, unlawful and fraudulent business practices under the common law of the

4    State of California, causing harm and irreparable injury to Oculu.

5        72.    Oculu has no adequate remedy at law to address fully this

6    irreparable injury that Defendant's illegal actions have caused and will continue

7    to cause Oculu if not enjoined by the Court.

8                        **PRAYER FOR RELIEF**

9        WHEREFORE, Plaintiff prays for relief and judgment as follows:

10       1.    That Defendant Oculus VR, Inc., and it agents, officers, employees,

11   representatives, successors, assigns, attorneys and all other persons acting in

12   concert with them, be preliminarily and permanently enjoined from directly or

13   directly:

14       (a)    Using the OCULU(S) or any other OCULU(S) formative mark or

15   any mark that is confusing similar to Oculu's mark OCULU;

16       (b)    Committing any other acts likely to infringe or dilute Oculu's mark

17   OCULU

18       2.    That all of Defendant's advertising and printed forms bearing the

19   OCULU(S) or any other OCULU(S) formative mark that are confusing similar to

20   the OCULU mark or any variation thereof be delivered up and destroyed.

21       3.    For actual damages;

22       4.    That Oculu recover all profits derived by Defendant from its acts of

23   trademark infringement, false designation of origin and unfair competition;

24       5.    Prejudgment and post-judgment interest, and other relief, as

25   provided by Law;

26       6.    Reasonable Attorneys' fees as authorized by law;

27       7.    For an order requiring Defendant to disgorge all ill-gotten gains

28   from its unlawful conduct in the State of California and to restore said ill-gotten

**COMPLAINT & DEMAND FOR JURY TRIAL**

-18-

1    gains to Plaintiff;

2        8.    For injunctive relief including, but not limited to, an Order enjoining

3    Defendant from continuing to engage in the State of California in the unlawful

4    business practices alleged herein;

5        9.    For interest pursuant to Business & Professions Code § 17203;

6       10.    That Oculu recover enhanced damages for willful trademark

7    infringement, including the trebling of Defendant's profits and Oculu's actual

8    damages; and

9       11.    Any and all other relief including legal and equitable relief as the

10   Court deems just and proper.

Dated: February 10, 2014      Respectfully submitted,

By: _____

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025
Telephone: (310) 507-7924
Fax: (310) 507-7906

Moses Lebovits (SBN 66552)
*lebovits@dfis-law.com*
Scott A. Brooks (SBN 160115)
*brooks@dfis-law.com*
**DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP**
1801 Century Park East
Ninth Floor
Los Angeles, California 90067
Telephone: 310-556-7900
Fax: 310-556-2807

**Kristensen Weisberg, LLP**
**12304 Santa Monica Blvd, Suite 221**
**Los Angeles, California 90025**

**COMPLAINT & DEMAND FOR JURY TRIAL**

-19-

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated: February 10, 2014

Respectfully submitted,

By: _____

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025
Telephone: (310) 507-7924
Fax: (310) 507-7906

Moses Lebovits (SBN 66552)
*lebovits@dfis-law.com*
Scott A. Brooks (SBN 160115)
*brooks@dfis-law.com*
**DANIELS, FINE, ISRAEL, SCHONBUCH &
LEBOVITS, LLP**
1801 Century Park East
Ninth Floor
Los Angeles, California 90067
Telephone: 310-556-7900
Fax: 310-556-2807

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____David O. Carter_____ and the assigned Magistrate Judge is _____Jean P. Rosenbluth_____ .

The case number on all documents filed with the Court should read as follows:

## SACV14-00196 DOC (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____February 10, 2014_____          By   M. Barr_____
Date                                              Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| | |
|---|---|
| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )<br><br>OCULU, LLC., a Delaware Limited Liability Company, | **DEFENDANTS** ( Check box if you are representing yourself ☐ )<br><br>OCULUS VR, INC., a California Corporation, and DOES 1 through 20, inclusive, and each of them, |
| **(b) County of Residence of First Listed Plaintiff**  Orange, CA<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | **County of Residence of First Listed Defendant**  Orange, CA<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
| **(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>John P. Kristensen (CA SBN 224132)<br>Kristensen Weisberg, LLP<br>12304 Santa Monica Boulevard, Suite 221<br>Los Angeles, CA 90025 - Tel. (310) 507-7924 | **Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1114, et seq. - Trademark Claims and California Unfair Competition Claims

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:

| | | |
|---|---|---|
| CV-71 (11/13) | CIVIL COVER SHEET | Page 1 of 3 |

PLAINTIFFS' APPENDIX TO THEIR MOTION TO COMPEL

46

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?**<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☒ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ⬇ |
| Your case will initially be assigned to the<br>WESTERN DIVISION.<br>Enter "Western" in response to Question D below. | |

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | SOUTHERN DIVISION |

---

CV-71 (11/13)                    **CIVIL COVER SHEET**                    Page 2 of 3

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?    ☒ NO    ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____    DATE:   February 10, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

---

PLAINTIFFS' APPENDIX TO THEIR MOTION TO COMPEL
48

# EXHIBIT 3

ADRMOP

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:15-cv-02281-JCS

Total Recall Technologies v. Palmer Luckey, et al
Assigned to: Magistrate Judge Joseph C. Spero
Cause: 28:1332 Diversity-Contract Dispute

Date Filed: 05/20/2015
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Total Recall Technologies**                    represented by    **Robert William Stone**
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive
5th Floor
Redwood Shores, Ca 94065
(650) 801-5001
Fax: (650) 801-5100
Email: robertstone@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian C. Cannon**
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
Fax: (650) 801-5100
Email:
briancannon@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Catherine Lynn Saad**
Quinn Emanuel Urquhart, et al.
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065
United Sta
(650) 801-5092
Fax: (650) 801-5100
Email:
catherinesaad@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Kimball Dean Parker**
Quinn Emanuel Urquhart & Sullivan,
LLP
555 Twin Dolphin Drive
Floor 5
Redwood City, CA 94065
650-801-5089
Fax: 650-801-5100
Email:
kimballparker@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Robert P. Feldman**
Quinn Emanuel Urquhart & Sullivan,
LLP
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065
(650) 801-5000
Fax: (650) 801-5100
Email:
bobfeldman@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

V.
**<u>Defendant</u>**

**Oculus VR, Inc.**                     represented by   **Mark Frederick Lambert**
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
650-843-5000
Fax: 650-849-7400
Email: mlambert@cooley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Palmer Luckey**                      represented by   **Mark Frederick Lambert**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/20/2015 | 1 | COMPLAINT; Demand for Jury Trial against Palmer Luckey, Oculus VR, Inc. (Filing fee $ 400.00, receipt number 0971-9538182.). Filed by Total Recall Technologies. (Attachments: # 1 Civil Cover Sheet)(Stone, Robert) (Filed on |

| | | |
|---|---|---|
| | | 5/20/2015) Modified on 5/21/2015 (gbaS, COURT STAFF). (Entered: 05/20/2015) |
| 05/21/2015 | 2 | Case assigned to Magistrate Judge Joseph C. Spero.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. (cjlS, COURT STAFF) (Filed on 5/21/2015) (Entered: 05/21/2015) |
| 05/21/2015 | 3 | Certificate of Interested Entities by Total Recall Technologies (Stone, Robert) (Filed on 5/21/2015) (Entered: 05/21/2015) |
| 05/21/2015 | 4 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 8/14/2015. Case Management Conference set for 8/21/2015 02:00 PM in Courtroom G, 15th Floor, San Francisco. (Attachments: # 1 Standing Order) (gbaS, COURT STAFF) (Filed on 5/21/2015) (Entered: 05/21/2015)** |
| 05/29/2015 | 5 | Proposed Summons. (Stone, Robert) (Filed on 5/29/2015) (Entered: 05/29/2015) |
| 05/29/2015 | 6 | Proposed Summons. (Stone, Robert) (Filed on 5/29/2015) (Entered: 05/29/2015) |
| 06/01/2015 | 7 | Summons Issued as to Oculus VR, Inc.. (gbaS, COURT STAFF) (Filed on 6/1/2015) (Entered: 06/01/2015) |
| 06/01/2015 | 8 | Summons Issued as to Palmer Luckey. (gbaS, COURT STAFF) (Filed on 6/1/2015) (Entered: 06/01/2015) |
| 06/10/2015 | 9 | CLERK'S NOTICE Re: Consent or Declination: Plaintiff shall file a consent or declination to proceed before a magistrate judge within 14 days of this notice. The forms are available at: http://cand.uscourts.gov/civilforms. (Party/parties were also notified via telephone or email.) (klhS, COURT STAFF) (Filed on 6/10/2015) (Entered: 06/10/2015) |
| 06/22/2015 | 10 | NOTICE of Appearance by Catherine Lynn Saad (Saad, Catherine) (Filed on 6/22/2015) (Entered: 06/22/2015) |
| 06/22/2015 | 11 | CERTIFICATE OF SERVICE by Total Recall Technologies *on Defendant Palmer Luckey* (Saad, Catherine) (Filed on 6/22/2015) (Entered: 06/22/2015) |
| 06/22/2015 | 12 | NOTICE of Appearance by Kimball Dean Parker (Parker, Kimball) (Filed on 6/22/2015) (Entered: 06/22/2015) |
| 06/22/2015 | 13 | |

| | | |
|---|---|---|
| | | CERTIFICATE OF SERVICE by Total Recall Technologies *on Defendants Oculus VR, Inc. and Palmer Luckey* (Saad, Catherine) (Filed on 6/22/2015) (Entered: 06/22/2015) |
| 06/23/2015 | 14 | CERTIFICATE OF SERVICE by Total Recall Technologies *on Defendant Oculus VR, Inc.* (Saad, Catherine) (Filed on 6/23/2015) (Entered: 06/23/2015) |
| 06/24/2015 | 15 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Total Recall Technologies.. (Saad, Catherine) (Filed on 6/24/2015) (Entered: 06/24/2015) |
| 06/25/2015 | 16 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (klhS, COURT STAFF) (Filed on 6/25/2015) (Entered: 06/25/2015) |
| 06/29/2015 | 17 | NOTICE of Appearance by Mark Frederick Lambert , *Michael G. Rhodes, Bethany C. Lobo, Nathaniel R. Cooper, and Angela L. Dunning* (Lambert, Mark) (Filed on 6/29/2015) (Entered: 06/29/2015) |
| 06/29/2015 | 18 | Certificate of Interested Entities by Palmer Luckey, Oculus VR, Inc. (Lambert, Mark) (Filed on 6/29/2015) (Entered: 06/29/2015) |
| 06/29/2015 | 19 | STIPULATION *to Extend Time for Defendants to Respond to Complaint* filed by Palmer Luckey, Oculus VR, Inc.. (Lambert, Mark) (Filed on 6/29/2015) (Entered: 06/29/2015) |

| PACER Service Center | | | | |
|---|---|---|---|---|
| **Transaction Receipt** | | | | |
| 07/02/2015 09:11:08 | | | | |
| **PACER Login:** | sa0657:2629576:0 | **Client Code:** | 165730/00001 | |
| **Description:** | Docket Report | **Search Criteria:** | 3:15-cv-02281-JCS | |
| **Billable Pages:** | 3 | **Cost:** | 0.30 | |

# EXHIBIT 4

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Robert F. Feldman (Bar No. 69602)
2    bobfeldman@quinnemanuel.com
     Robert W. Stone (Bar No. 163513)
3    robertstone@quinnemanuel.com
     Brian Cannon (Bar No. 193071)
4    briancannon@quinnemanuel.com
5  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
6  Telephone:  (650) 801-5000
   Facsimile:   (650) 801-5100
7
8
   Attorneys for Total Recall Technologies
9

10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| Total Recall Technologies,<br><br>          Plaintiff,<br><br>    vs.<br><br>Palmer Luckey and Oculus VR, Inc.,<br><br>        Defendants. | CASE NO. 15-cv-02281<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

14
15
16
17
18
19
20        Plaintiff Total Recall Technologies ("TRT" or "Partnership") alleges as
21  follows:

22              **NATURE OF THE ACTION**

23        1.        TRT brings this action for Defendants' breach of contract and wrongful
24  exploitation and conversion of TRT intellectual and personal property in connection
25  with TRT's development of affordable, immersive, virtual reality technology.

26              **PARTIES**

27        2.        Plaintiff TRT is a partnership by and between individuals Ron Igra
28  ("Igra") and Thomas Seidl ("Seidl"), which conducts business in Hawaii.

3.     Igra and Seidl were resident in the State of Hawaii at the formation of the Partnership and have been for relevant times thereafter.

4.     On information and belief, Defendant Oculus VR, Inc. ("Oculus") is a Delaware corporation with its principal place of business in Menlo Park, California. On information and belief, Oculus is the corporate successor to Oculus LLC, a California limited liability company.

5.     On information and belief, Defendant Palmer Luckey, a founder of Oculus, is an individual who resides (or recently resided) in Long Beach, California, and who may be served with process at his place of employment, Oculus.

### <u>JURISDICTION AND VENUE</u>

6.     The Court has jurisdiction in this Action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship amongst the parties to this action, and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

7.     Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District, Oculus VR, Inc.'s principal place of business is within the District, and the Defendants are otherwise subject to personal jurisdiction in the District pursuant to 28 U.S.C. § 1391(b), (c).

### <u>INTRADISTRICT ASSIGNMENT</u>

8.     Pursuant to Civil L.R. 3-5(b) and Civil L.R. 3-2(c)-(d), there is a basis for assigning this civil action to the San Francisco Division or Oakland Division, as a substantial part of the events giving rise to the claims occurred in San Mateo County, and Oculus VR, Inc.'s principal place of business is located in San Mateo County.

## **BACKGROUND**

9.      In 2010, Igra and Seidl began their partnership with the aim of developing immersive 3D technology, including cameras and head mounted displays.

10.      In December 2010, Seidl met Luckey in connection with developing head mounted displays and began an exchange of information about TRT's project. Seidl informed Luckey that he wanted to keep their communications confidential.

11.      On May 27, 2011, Igra and Seidl filed a patent application, entitled "System and method for creating a navigable, three-dimensional virtual reality environment having ultra-wide field of view."   That application later issued as United States Patent No. 9,007,430.

12.      In 2011, Seidl and Luckey continued their discussions with Seidl requesting that Luckey build a prototype to Seidl's specifications with parts paid for by the Partnership.  Seidl explained to Luckey that with the Partnership's initial payment to Luckey, he expected exclusive rights to the design.  Luckey agreed.

13.      At all relevant times, the information provided to Luckey by TRT was confidential, and TRT expected the information to remain confidential.

14.      On August 1, 2011, Luckey executed a written "Nondisclosure, exclusivity and payments agreement" contract with Seidl on behalf of the Partnership.  Two witnesses also executed the agreement on behalf of Luckey at Luckey's direction:  Tom Allan and Jeff Bacon.

15.      Pursuant to the terms of the parties' contract, Luckey agreed, among other things, to maintain information received from Seidl in the strictest confidence and not to use confidential information received from Seidl for his own benefit.

16.      On August 23, 2011, Luckey shipped a prototype head mounted display to Seidl.

17.     Throughout the latter half of 2011 and into 2012, Seidl provided confidential feedback and information to Luckey in order to improve the design of the head mounted display.

18.     Without informing the Partnership, on information and belief, Luckey took the information he learned from the Partnership, as well as the prototype that he built for the TRT using design features and other confidential information and materials supplied by the Partnership, and passed it off to others as his own.

19.     For instance, without informing the Partnership, in 2012 during the term of the parties' agreement, Luckey pursued a Kickstarter campaign to promote a highly immersive, wide field of view, stereoscopic headmounted display at an affordable price – a device that Luckey named the Oculus Rift.

20.     On June 12, 2012, Luckey formed Oculus LLC.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Breach of Contract)

### (As Against Luckey)

21.     TRT realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 20.

22.     TRT entered into a contractual relationship with Luckey.

23.     Luckey was obligated not to share any information, including confidential information, provided to him by TRT or its partners with others or to rely upon that information for his benefit.

24.     Luckey was obligated not to use the property that was the subject matter of the contract for his benefit.

25.     Luckey was obligated not to work with others using Partnership information during at least the first year of the contract.

26.     TRT performed all conditions, covenants, and promises required to be performed on its part.

27.    Luckey breached the contract by, among other things, sharing confidential information provided by TRT, using the property of the Partnership, working with others instead of the Partnership, exploiting Partnership information for his own gain, raising money for his own use based upon Partnership work and material, and other acts of breach.

28.    As a result of Luckey's contractual breach, TRT has been injured in an amount to be determined.

29.    TRT will suffer irreparable injury by reason of the acts, practices, and conduct of Luckey alleged above until and unless the Court enjoins such acts, practices, and conduct.

## SECOND CAUSE OF ACTION

### (Breach of the Duty of Good Faith and Fair Dealing)

### (As Against Luckey)

30.    TRT realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 29.

31.    In addition to the breach of contract set forth above, Luckey has breached the duty of good faith and fair dealing inherent in every contract through his actions, including frustrating the purpose of the contract by using the Partnership's prototype for his own purposes, misleading the Partnership, using Partnership confidential information for his own purposes, and sharing such information with third parties.

32.    As a result of Luckey's breach of the covenant of good faith and fair dealing, TRT has been injured in an amount to be determined.

## THIRD CAUSE OF ACTION

### (Conversion)

### (As Against All Defendants)

33.    TRT realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 32.

34. At various times throughout 2012 and after, the Defendants knowingly converted to the Defendants' own use property owned by TRT. The property converted consists, at a minimum, of a prototype virtual reality headset and associated technology built for and in conjunction with TRT.

35. Following conversion of TRT's property, Defendants have represented the property to be theirs without credit or compensation being provided to TRT.

36. Defendants have monetized the converted assets without TRT's consent resulting in damages to TRT in an amount to be determined.

37. Defendants are jointly and severally liable for the wrongful conduct set forth herein because they aided and abetted each other and/or conspired to commit such wrongful conduct.

38. The conduct by Defendants was fraudulent, oppressive, and malicious, and as such constitutes the basis for the award of punitive damages pursuant to California Civil Code 3294.

## FOURTH CAUSE OF ACTION

### (Constructive Fraud)

### (As Against All Defendants)

39. TRT realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 38.

40. Because of their contractual, personal, and confidential relationship, TRT put its trust in Luckey.

41. Luckey, assisted by those acting in concert with Luckey including Oculus, breached his duties to TRT, intentionally misled TRT and its partners, and gained an advantage over TRT.

42. Had Luckey disclosed his intention to breach TRT's agreement and confidential relationship, TRT would have acted differently.

43. As a result of Defendants' intentional actions, TRT was damaged, and Luckey was unjustly enriched with the proceeds of his wrongdoing.

44. Defendants are jointly and severally liable for the wrongful conduct set forth herein because they aided and abetted each other and/or conspired to commit such wrongful conduct.

45. The conduct by Defendants was fraudulent, oppressive, and malicious, and as such constitutes the basis for the award of punitive damages pursuant to California Civil Code 3294.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

A. For compensatory damages;

B. For disgorgement of any proceeds obtained by wrongful act;

C. For constructive trust;

D. For an accounting;

E. For interest to the extent permitted by law;

F. For an award of exemplary and punitive damages;

G. For injunctive relief; and

G. For such other and further relief as the Court may deem proper.

Dated:  May 20, 2015          Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  /s/ *Robert Stone*

Robert Stone
Robert Feldman
Brian Cannon

Attorneys for Plaintiff TRT

# DEMAND FOR JURY TRIAL

Plaintiff Total Recall Technologies hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated:   May 20, 2015                Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN LLP

By:    */s/ Robert Stone*

Robert Stone
Robert Feldman
Brian Cannon

JS 44 (Rev. 12/12) cand rev (1/15/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Total Recall Technologies

**DEFENDANTS**
Palmer Luckey, and Oculus VR, Inc.

**(b)** County of Residence of First Listed Plaintiff    Maui County, Hawaii
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Los Angeles County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert F. Feldman, Robert W. Stone, and Brian Cannon; QUINN EMANUEL URQUHART & SULLIVAN, LLP; 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139; (650) 801 5000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Breach of contract, breach of duty of good faith and fair dealing, conversion, and constructive fraud.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $    over #75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE                    DOCKET NUMBER

DATE
05/20/2015

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
(Place an "X" in One Box Only)    ☑ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE    ☐ EUREKA

EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

## ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, ZeniMax Media Inc. and id Software LLC (collectively, "Plaintiffs"), by and through their attorneys, hereby direct the following Requests for Production to Oculus VR, LLC ("Oculus"), Palmer Luckey, and Facebook, Inc. ("Facebook") (collectively, "Defendants"). Plaintiffs request that Defendants produce or make the requested Documents and things available for inspection and/or copying in accordance with the Definitions and Instructions set forth below, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, within 30 days after service hereof.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 80:

To the extent not requested by prior Requests in this Action, all non-privileged Documents or Communications concerning the *Oculu* Litigation, including but not limited to (i) all Documents produced by Oculus and/or Palmer Luckey in the *Oculu* Litigation, and all privilege and/or redactions logs produced by Oculus and/or Palmer Luckey in the *Oculu* Litigation; (ii) all written objections and/or responses to requests for documents, interrogatories, requests for admission, and/or subpoenas *duces tecum* served by Oculus and/or Palmer Luckey in the *Oculu* Litigation; (iii) all transcripts of any deposition of any officer, director, employee or agent of Oculus and/or Palmer Luckey in the *Oculu* Litigation, including any exhibits to such depositions and any audio or audiovisual recordings of such depositions; (iv) all Documents filed

1

by Oculus with the court in the *Oculu* Litigation; and (v) all transcripts of any conference, hearing, argument, or trial in the *Oculu* Litigation.[1]

## REQUEST FOR PRODUCTION NO. 81:

To the extent not requested by Request No. 80 or by other prior Requests in this Action, (i) all written objections and/or responses to requests for documents, interrogatories, requests for admission, and/or subpoenas *duces tecum* served by Oculus and/or Palmer Luckey in any litigation to which Oculus and/or Palmer Luckey is a party that concerns either the business of Oculus or virtual reality; (ii) all transcripts of any deposition of any officer, director, employee or agent of Oculus and/or Palmer Luckey in any litigation to which Oculus and/or Palmer Luckey is a party that concerns either the business of Oculus or virtual reality, including any exhibits to such depositions and any audio or audiovisual recordings of such depositions;  and (iii) all transcripts of any conference, hearing, argument, or trial in any litigation to which Oculus and/or Palmer Luckey is a party that concerns either the business of Oculus or virtual reality.

## REQUEST FOR PRODUCTION NO. 82:

To the extent not requested by prior Requests in this Action, all non-privileged Documents or Communications concerning (i) any patents or applications owned by, assigned to, or controlled by Oculus and/or Palmer Luckey or (ii) any virtual reality patents or applications owned by, assigned to, or controlled by Facebook, including but not limited to copies of any relevant patents or applications and their prosecution histories before the U.S. Patent and Trademark Office.

## REQUEST FOR PRODUCTION NO. 83:

To the extent not requested by prior Requests in this Action, all Documents or Communications concerning license agreements related to virtual reality to which any Defendant is a party.

## REQUEST FOR PRODUCTION NO. 84:

To the extent not requested by prior Requests in this Action, all Documents or Communications reflecting the market share for Defendants' Products.

## REQUEST FOR PRODUCTION NO. 85:

To the extent not requested by prior Requests in this Action, all Documents or Communications related to the statement by Facebook Chief Executive Officer Mark Zuckerberg in a March 25, 2014 investor call that Facebook intends to utilize Defendants' Products for the financial benefit of its core business of online social networking and advertising, including but

---

[1]   All Documents from the *Oculu* Litigation that include or reference documents or information produced in that action by parties other than Oculus will be accorded the highest level of protection required by the  protective order entered in that action. (*See Oculu* Litigation, Dkt. No. 44.)

not limited to any Documents or Communications related to Mr. Zuckerberg's comment that "[Facebook is] not going to try to make a profit off of the devices long term. [It] view[s] [Oculus] as a software and services thing." (*See, e.g.*, Dkt. No. 38 ¶ 114.)

**REQUEST FOR PRODUCTION NO. 86:**

To the extent not requested by prior Requests in this Action, all business or marketing studies, forecasts, diligence documents, memos, plans, or other Documents used by Defendants for budgeting or marketing purposes, including but not limited to quantitative and qualitative forecasts for Defendants' Products.

**REQUEST FOR PRODUCTION NO. 87:**

To the extent not requested by prior Requests in this Action, all Documents and Communications concerning Defendants' purchase price analysis and/or intangible asset valuations, including but not limited to any calculations of the purchase consideration associated with the Facebook-Oculus Merger.

**REQUEST FOR PRODUCTION NO. 88:**

To the extent not requested by prior Requests in this Action, all Documents and Communications concerning any internal or external evaluations or analyses by Facebook of Oculus related to the Facebook-Oculus Merger.

**REQUEST FOR PRODUCTION NO. 89:**

To the extent not requested by prior Requests in this Action, all Documents or Communications concerning Defendants' announcement that they will release the "'Rift' headset to the general public ... sometime [this] year." (*See, e.g.*, "Oculus closer to launch with new virtual reality headset," available at http://www.cnet.com/news/oculus-announces-new-prototype-as-it-prepares-for-eventual-launch/ (dated Sept. 20, 2014).)

**REQUEST FOR PRODUCTION NO. 90:**

To the extent not requested by prior Requests in this Action, all Documents related to any insurance, indemnity, or other similar agreement executed by Defendants related to (i) Defendants' intellectual property, or (ii) any legal claims against or related to Defendants' intellectual property, including but not limited to Documents concerning any payments that have been made pursuant to such agreements.

**REQUEST FOR PRODUCTION NO. 91:**

To the extent not requested by prior Requests in this Action, all non-privileged Documents or Communications related to origination, negotiation, execution and/or performance of the Escrow Agreement entered into in connection with the Facebook-Oculus Merger.

3

**REQUEST FOR PRODUCTION NO. 92:**

To the extent not requested by prior Requests in this Action, all Documents or Communications created or authored by Plaintiffs' Former Employees while employed by Defendants.

**REQUEST FOR PRODUCTION NO. 93:**

To the extent not requested by prior Requests in this Action, all Documents or Communications regarding the recruitment of and employment by Defendants of Plaintiffs' Former Employees.

**REQUEST FOR PRODUCTION NO. 94:**

To the extent not requested by prior Requests in this Action, Documents or Communications sufficient to identify the date(s) on which Oculus-hosted email accounts (*e.g.*, JOHNDOE@oculusvr.com) were created for each of Plaintiffs' Former Employees.

**REQUEST FOR PRODUCTION NO. 95:**

To the extent not requested by prior Requests in this Action, Documents or Communications sufficient to identify the date on which Defendants first compensated, including but not limited to via salary or equity compensation, each of Plaintiffs' Former Employees.

**REQUEST FOR PRODUCTION NO. 96:**

To the extent not requested by prior Requests in this Action, any Documents or Communications sent by Plaintiffs to Defendants via file transfer or file sharing mechanisms such as DropBox, including but not limited to any printouts, screenshots, or other captures of the "Events" feature or other applicable logging feature in the DropBox interface.

**REQUEST FOR PRODUCTION NO. 97:**

To the extent not requested by prior Requests in this Action, all text messages between John Carmack and any of Brendan Iribe, Nate Mitchell and/or Palmer Luckey since Plaintiffs' original Complaint (Dkt. No. 1) was filed on May 21, 2014.

**REQUEST FOR PRODUCTION NO. 98:**

To the extent not requested by prior Requests in this Action, all posts related to virtual reality on any forum or social media site, including but not limited to the online forum "Meant to Be Seen" (hosted at http://www.mtbs3d.com/) or the social media sites Facebook or Twitter, by Palmer Luckey or any director, officer, employee, agent or consultant of Defendants.

**REQUEST FOR PRODUCTION NO. 99:**

To the extent not requested by prior Requests in this Action, all Documents and Communications related to photographs referenced in an email from Michael Antonov to Nate

4

Mitchell, dated January 19, 2013 (*see, e.g.*, OCULUS00017828), including but not limited to other emails in the cited email chain and the photographs referenced as "<photo 1.JPG>," "<photo 2.JPG>," "<photo 3.JPG>," "<photo 4.JPG>," "<photo 5.JPG>," "<photo.JPG>," "<photo6.JPG>," and "<photo7.JPG>" in the cited email.

## REQUEST FOR PRODUCTION NO. 100:

To the extent not requested by prior Requests in this Action, all Documents or Communications related to the "HMDTest.csv" file, including but not limited to the HMDTest computer program, referenced in an email from Nate Mitchell to Michael Antonov and others, dated January 18, 2013 (*see, e.g.*, OCULUS00019873 at OCULUS00019876).

## REQUEST FOR PRODUCTION NO. 101:

To the extent not requested by prior Requests in this Action, all Documents or things constituting, identifying, or related to the "little bonus gift ;-)" referenced in an email from Brendan Iribe to John Carmack, dated December 10, 2012 (*see, e.g.*, P0010082), including Defendants' copy of the cited email, and any email chains including, forwarding, or originating from the cited email.

## REQUEST FOR PRODUCTION NO. 102:

To the extent not requested by prior Requests in this Action, all drafts of unsent emails related to the subject matter of Plaintiffs' Requests for Production in this Action.

## DEFINITIONS

As relevant here, Plaintiffs hereby incorporate all Definitions from ZeniMax Media Inc. and id Software LLC's First Set of Requests for Production and Inspection to Oculus VR, Inc. and Palmer Luckey, served on Defendants Oculus VR, Inc. and Palmer Luckey on July 9, 2014 and on Defendant Facebook, Inc. on September 3, 2014; and ZeniMax Media Inc. and id Software LLC's Second Set of Requests for Production to Defendants, served September 17, 2014, except that the following additional Definition shall apply to Plaintiffs' Third Set of Requests for Production:

1.      As used herein, "*Oculu* Litigation" refers to the action pending in the U.S. District Court for the Central District of California that is captioned as *Oculu, LLC v. Oculus VR, Inc.* and docketed as Case No. 8:14-cv-00196-DOC-JPR in that court.

## INSTRUCTIONS

As relevant here, Plaintiffs hereby incorporate all Instructions from ZeniMax Media Inc. and id Software LLC's First Set of Requests for Production and Inspection to Oculus VR, Inc. and Palmer Luckey, served on Defendants Oculus VR, Inc. and Palmer Luckey on July 9, 2014 and on Defendant Facebook, Inc. on September 3, 2014; and ZeniMax Media Inc. and id Software LLC's Second Set of Requests for Production to Defendants, served September 17, 2014.

Dated: April 23, 2015

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
    **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: Michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

6

## CERTIFICATE OF SERVICE

I, Kristen Voorhees, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *ZeniMax Media Inc. and id Software LLC's Third Set of Requests for Production to Defendants* to be served on Defendants by electronic mail to the following addresses: FacebookOculusZenimaxMediaInc@cooley.com and rsmith@lynnllp.com.


Dated: April 23, 2015                                    _____
                                                          Kristen Voorhees


7

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | ) |
| | ) |
| Plaintiffs, | ) CIVIL ACTION |
| | ) NO. 3:14-01849-P |
| v. | ) |
| | ) |
| OCULUS VR, LLC, PALMER LUCKEY, and | ) JURY TRIAL DEMANDED |
| FACEBOOK, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.'S OBJECTIONS AND RESPONSES TO ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S THIRD SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34(b), defendants Oculus VR, LLC ("Oculus"), Palmer Luckey, and Facebook, Inc. ("Facebook") (collectively, "Defendants") submit the following objections and responses to plaintiff ZeniMax Media Inc. and id Software LLC's (collectively, "Plaintiffs" or "ZeniMax") Third Set of Requests for Production ("Document Requests").

## PRELIMINARY STATEMENT

1.      Defendants neither waive nor intend to waive, but expressly reserve, any and all objections they may have to the relevance, competence, materiality, admissibility, or use at trial of any information, documents, or writings produced, identified, or referred to herein, or to the introduction of any evidence at trial relating to the subjects covered by any response.  All such objections may be made at any time up to and including the time of trial.

2.      Should production become necessary, Defendants reserve the right to decide whether the documents produced for inspection shall be produced as they are kept in the usual

course of business or shall be organized and labeled to correspond with the categories in the Document Requests, in accordance with Federal Rule of Civil Procedure 34(b).

3.      Defendants reserve the right to supplement and amend their response and, if necessary, to assert additional objections arising from further investigation.

4.      Should discovery become necessary, Defendants reserve the right to make any use of, or to introduce at any hearing and at trial, information, and/or documents responsive to the Document Requests but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein.  Defendants' investigation is continuing and ongoing and Defendants expressly reserve the right to revise and/or supplement these responses.

5.      The specific response set forth below is based upon Defendants interpretation of the language used in the Document Requests, and Defendants reserve their rights to amend or supplement further their response in the event that Plaintiffs assert an interpretation that differs from Defendants' interpretation.

6.      Defendants' response to a particular Document Request shall not be interpreted as implying that responsive documents and things exist or that Defendants acknowledge the appropriateness of the Document Request.

7.      Defendants reserve the right to object on any ground to such other or supplemental requests for production involving or relating to the subject matter of these Document Requests.

8.      Defendants' specific objections follow Defendants' General Objections.

## GENERAL OBJECTIONS

The following general objections are incorporated into each of Defendants' responses as if fully set forth in them.  Defendants' responses to these Document Requests shall not be deemed a waiver of any General Objection.

1.      Defendants object to the Document Requests to the extent that they are overly broad and unduly burdensome.

2.      Defendants object to the Document Requests to the extent they seek information not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendants object to the Document Requests to the extent they seek documents or information that is protected from discovery by any privilege or protection, including the attorney-client privilege or the work product doctrine.  Defendants construe the Document Requests as not seeking such documents or information, and such documents or information shall not be produced in response to the Document Request.  Any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or immunity with respect to such documents or information or of any work-product protection which may attach thereto.

4.      If one or more documents are produced that are privileged or otherwise protected from disclosure, such production is inadvertent and is not intended as a waiver of such privilege or protection.

5.      Defendants object to the Document Requests to the extent the requests are vague, ambiguous, and/or unintelligible or to the extent they require legal conclusion.

6.      Defendants object to the Document Requests as overly broad and unduly burdensome to the extent they seek proprietary and/or confidential marketing and business

information that is not relevant to any claim or defense of any party in this litigation, nor likely to lead to the discovery of admissible evidence.

7.      Defendants object to the Document Requests, definitions, and instructions to the extent that they purport to give meaning to words different from their ordinary English meaning or definitions set forth in applicable statutes or rules.

8.      Defendants object to the Document Requests, definitions, and instructions to the extent they purport to require Defendants to produce documents or information that are not in Defendants' possession, custody, or control or to the extent that such Document Requests impose obligations upon Defendants not required by the Federal Rules of Civil Procedure or applicable law, including without limitation instructions concerning the identification of privileged and/or work product protected documents and to the extent the instructions require a log of privileged communications post-dating the filing of the Complaint.

9.      Defendants object to the fourth definition set forth by Plaintiffs in their First Set of Requests for Production and Inspection to Oculus and Palmer Luckey and incorporated into Plaintiffs Second and Third Set of Requests for Production, as being overly broad and invasive of the attorney-client privilege and attorney work product doctrine, to the extent that the definition includes Defendants' counsel.  Defendants further object to the definition to the extent that it fails to recognize that actions taken by past or current employees outside the scope of their employment and/or actions taken without Defendants' knowledge are not attributable to Defendants.  In responding to these requests, Defendants respond on the basis that: (1) the term "Defendants" refers only to Oculus VR, LLC, Facebook, Inc., and Palmer Luckey; (2) the term "Oculus" refers to Oculus VR, LLC; (3) the terms "Palmer Luckey" and "Luckey" refer to Palmer Luckey; and (4) the term "Facebook" refers to Facebook, Inc.  In so responding,

4

Defendants will respond on the basis that the term "Complaint" refers to the complaint filed on May 21, 2014 and the term "Answer" refers to the answer filed on June 25, 2014.

10.     Defendants object to the definition of "Plaintiffs' Former Employees" to the extent it assumes that Defendants are aware of all people previously employed by Plaintiffs. References to "Plaintiffs' Former Employees" in these responses refer to the seven specifically named persons in the definition of Plaintiffs' Former Employees.

11.     Defendants object to the definition of the terms "Defendants' Products" and "Products of Defendants" as vague and ambiguous in their use of the terms "technologies" and "projects" and overbroad to the extent the definition is intended to encompass products other than the Oculus Rift and its associated Software Development Kits.  References to "Defendants' Products" in these responses refer to the Oculus Rift and its associated Software Development Kits, and shall not include any non-virtual reality Facebook product.

12.     Defendants object to the definition of the term "Copyrighted Materials" as vague and ambiguous in that it does not define the "ZeniMax VR Testbed Code" or the "ZeniMax VR Implementation Code."

13.     Defendants object to the definition of the term "Trademarked Materials" in that it provides no definition but rather only has an "includes" clause.  Defendants therefore limit their responses to only those trademarks identified within the "includes" clause.

14.     Defendants object to the Document Requests to the extent that they seek information already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including without limitation those requests that call for production of documents which are publicly available or are already in Plaintiffs' possession, custody, or control.

15.     Defendants object to the Document Requests to the extent that they call for "all documents" that relate to a given topic as premature, in that discovery is ongoing, and Defendants have yet to complete discovery from Plaintiffs and/or relevant third parties.

16.     Defendants object to the Document Requests to the extent that they call for "all documents" that relate to a given topic as overly broad and unduly burdensome.

17.     Defendants object to the Document Requests to the extent they are unlimited or otherwise overly broad in time.

18.     Defendants object to the Document Requests to the extent they make inquiries about matters the disclosure of which is prohibited or protected by statute, regulation or other applicable laws.

19.     Defendants object to the Document Requests to the extent that they request not only written responses within thirty days but also complete production of documents within thirty days.  Defendants will produce documents responsive to the Document Requests on a rolling basis.

20.     Defendants object to the Document Requests to the extent they seek information that Defendants are not permitted to disclose pursuant to confidentiality obligations to third parties.  Defendants will do so only in accordance with the Protective Order entered in this case and only after providing any required notice to third parties and/or obtaining any required authority to disclose such information from third parties.

21.     Defendants object to the Document Requests to the extent they seek to elicit information that is subject to a right of privacy under the relevant provisions of federal and state law.

22.     Defendants object to the Document Requests to the extent they make assumptions of facts.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 80:

To the extent not requested by prior Requests in this Action, all non-privileged Documents or Communications concerning the *Oculu* Litigation, including but not limited to (i) all Documents produced by Oculus and/ or Palmer Luckey in the *Oculu* Litigation, and all privilege and/or redactions logs produced by Oculus and/or Palmer Luckey in the *Oculu* Litigation; (ii) all written objections and/or responses to requests for documents, interrogatories, requests for admission, and/or subpoenas duces tecum served by Oculus and/or Palmer Luckey in the *Oculu* Litigation; (iii) all transcripts of any deposition of any officer, director, employee or agent of Oculus and/or Palmer Luckey in the *Oculu* Litigation, including any exhibits to such depositions and any audio or audiovisual recordings of such depositions; (iv) all Documents filed by Oculus with the court in the *Oculu* Litigation; and (v) all transcripts of any conference, hearing, argument, or trial in the *Oculu* Litigation.[1]

### RESPONSE TO REQUEST FOR PRODUCTION NO. 80:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.  Defendants further

---

[1] Plaintiffs' Request No. 80 states, in a footnote, "[a]ll Documents from the *Oculu* Litigation that include or reference documents or information produced in that action by parties other than Oculus will be accorded the highest level of protection required by the protective order entered in that action. (*See Oculu* Litigation, Dkt. No. 44.)"

object to this request to the extent it seeks documents and things that are publicly available.

Defendants further object to this request to the extent that it seeks documents and things not

relevant to the subject matter of this litigation, and not reasonably calculated to lead to the

discovery of admissible evidence.  Plaintiffs seek all non-privileged Documents or

Communications concerning a separate, unrelated action that centers on whether Oculus' use of

the Oculus name infringes on Oculu, LLC's alleged Oculu trademark.  The use of the Oculus

name is not at issue in the instant action.

## REQUEST FOR PRODUCTION NO. 81:

To the extent not requested by Request No. 80 or by other prior Requests in this Action,

(i) all written objections and/or responses to requests for documents, interrogatories, requests for

admission, and/or subpoenas *duces tecum* served by Oculus and/or Palmer Luckey in any

litigation to which Oculus and/or Palmer Luckey is a party that concerns either the business of

Oculus or virtual reality; (ii) all transcripts of any deposition of any officer, director, employee or

agent of Oculus and/or Palmer Luckey in any litigation to which Oculus and/ or Palmer Luckey

is a party that concerns either the business of Oculus or virtual reality, including any exhibits to

such depositions and any audio or audiovisual recordings of such depositions; and (iii) all

transcripts of any conference, hearing, argument, or trial in any litigation to which Oculus and/or

Palmer Luckey is a party that concerns either the business of Oculus or virtual reality.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege, work-product protection, or any other

applicable privilege or immunity.  Defendants further object to this request to the extent it seeks

documents and things outside of Defendants' possession, custody or control.  Defendants further object to this request to the extent it seeks documents and things that are publicly available.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 82:

To the extent not requested by prior Requests in this Action, all non-privileged Documents or Communications concerning (i) any patents or applications owned by, assigned to, or controlled by Oculus and/or Palmer Luckey or (ii) any virtual reality patents or applications owned by, assigned to, or controlled by Facebook, including but not limited to copies of any relevant patents or applications and their prosecution histories before the U.S. Patent and Trademark Office.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

Defendants incorporate their Preliminary Statement and all of their General Objections.  Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as vague and ambiguous in its use of the terms "virtual reality patents or applications."  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.  Defendants further object to this request to the extent it seeks documents and things that are publicly available.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

9

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce relevant non-privileged, non-work product documents, if any, in their possession, custody, or control sufficient to identify published patent applications filed by or assigned to Oculus and/or Palmer Luckey.

## REQUEST FOR PRODUCTION NO. 83:

To the extent not requested by prior Requests in this Action, all Documents or Communications concerning license agreements related to virtual reality to which any Defendant is a party.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as vague and ambiguous in its use of the terms "license agreements related to virtual reality."  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents concerning license agreements related to virtual reality.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce relevant non-privileged, non-work product

10

documents, if any, in their possession, custody, or control that constitute final, executed license agreements related to virtual reality to which Oculus or Luckey are a party.

**REQUEST FOR PRODUCTION NO. 84:**

To the extent not requested by prior Requests in this Action, all Documents or Communications reflecting the market share for Defendants' Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity. Defendants further object to this request as vague and ambiguous in its use of the term "market share," because, among other reasons, the term "market share" is inapplicable as the Oculus Rift and the Software Development Kits are currently only available as developer kits, not as a consumer product. Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents or communications reflecting the market share for Defendants' Products. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce relevant non-privileged, non-work product documents, if any, in their possession, custody, or control that reflect the market share for the Oculus Rift and Software Development Kits.

**REQUEST FOR PRODUCTION NO. 85:**

To the extent not requested by prior Requests in this Action, all Documents or Communications related to the statement by Facebook Chief Executive Officer Mark Zuckerberg in a March 25, 2014 investor call that Facebook intends to utilize Defendants' Products for the financial benefit of its core business of online social networking and advertising, including but not limited to any Documents or Communications related to Mr. Zuckerberg's comment that "[Facebook is] not going to try to make a profit off of the devices long term. [It] view[s] [Oculus] as a software and services thing." (*See, e.g.*, Dkt. No. 38 ,¶ 114.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents or communications related to the identified statement.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant to Mr. Zuckerberg's comment that "[Facebook is] not going to try to make a profit off of the devices long term. [It] view[s] [Oculus] as a software and services thing."

**REQUEST FOR PRODUCTION NO. 86:**

To the extent not requested by prior Requests in this Action, all business or marketing studies, forecasts, diligence documents, memos, plans, or other Documents used by Defendants for budgeting or marketing purposes, including but not limited to quantitative and qualitative forecasts for Defendants' Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity. Defendants further object to this request as vague and ambiguous in its use of undefined terms, including but not limited to "quantitative and qualitative forecasts." Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents used by Defendants for budgeting or marketing purposes. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce relevant non-privileged, non-work product business or marketing studies, forecasts, diligence documents, memos, and plans for budgeting or marketing of Oculus's products, if any, in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 87:**

To the extent not requested by prior Requests in this Action, all Documents and Communications concerning Defendants' purchase price analysis and/or intangible asset

valuations, including but not limited to any calculations of the purchase consideration associated with the Facebook-Oculus Merger.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* Documents or Communications concerning Defendants' purchase price analysis and/or intangible asset valuations, without limitation as to the subject matter or transaction at issue.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce relevant non-privileged, non-work product documents, if any, in their possession, custody, or control that constitute purchase price analysis and/or intangible asset valuations for the Facebook-Oculus Merger.

## REQUEST FOR PRODUCTION NO. 88:

To the extent not requested by prior Requests in this Action, all Documents and Communications concerning any internal or external evaluations or analyses by Facebook of Oculus related to the Facebook-Oculus Merger.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity. Defendants further object to this request as overly broad and unduly burdensome in requesting *all* Documents or Communications concerning any internal or external evaluations or analyses by Facebook of Oculus. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-public, non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 89:**

To the extent not requested by prior Requests in this Action, all Documents or Communications concerning Defendants' announcement that they will release the "'Rift' headset to the general public ... sometime [this] year." (*See, e.g*., "Oculus closer to launch with new virtual reality headset," available at http://www.cnet.com/news/oculus-announces-newprototype-as-it-prepares-for-eventual-launch/ (dated Sept. 20, 2014).)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity. Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available. Defendants further object to this request as overly broad and unduly burdensome in requesting *all* Documents or Communications concerning Defendants' announcement quoted in this Request No. 89. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-public, non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 90:**

To the extent not requested by prior Requests in this Action, all Documents related to any insurance, indemnity, or other similar agreement executed by Defendants related to (i) Defendants' intellectual property, or (ii) any legal claims against or related to Defendants' intellectual property, including but not limited to Documents concerning any payments that have been made pursuant to such agreements.

16

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege, work-product protection, or any other

applicable privilege or immunity.  Defendants further object to this request to the extent it seeks

confidential information or trade secrets of Defendants.  Defendants further object to this request

to the extent that it seeks documents and things not relevant to the subject matter of this litigation,

and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce non-privileged, non-work product documents, if

any, in their possession, custody, or control that are relevant and responsive to this request

related to Oculus and/or Luckey's intellectual property.

**REQUEST FOR PRODUCTION NO. 91:**

To the extent not requested by prior Requests in this Action, all non-privileged

Documents or Communications related to origination, negotiation, execution and/or performance

of the Escrow Agreement entered into in connection with the Facebook-Oculus Merger.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege, work-product protection, or any other

applicable privilege or immunity.  Defendants further object to this request to the extent it seeks

confidential information or trade secrets of Defendants.  Defendants further object to this request

to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request.

## REQUEST FOR PRODUCTION NO. 92:

To the extent not requested by prior Requests in this Action, all Documents or Communications created or authored by Plaintiffs' Former Employees while employed by Defendants.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 92:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* Documents or Communications created or authored by Plaintiffs' Former Employees while employed by Defendants.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to the term "Plaintiffs' Former Employees" to the extent it assumes that Defendants are aware of all people previously employed by Plaintiffs. References to "Plaintiffs' Former Employees" in this response refer to the seven specifically named persons in the definition of Plaintiffs' Former Employees.

18

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce relevant non-privileged, non-work product Documents and Communications in their possession, custody, or control, if any, created or authored by Plaintiffs' Former Employees while employed by Defendants that relate to Plaintiffs' alleged confidential information as reflected in Dkt. No. 113-1.

**REQUEST FOR PRODUCTION NO. 93:**

To the extent not requested by prior Requests in this Action, all Documents or Communications regarding the recruitment of and employment by Defendants of Plaintiffs' Former Employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* Documents or Communications regarding the recruitment of and employment by Defendants of Plaintiffs' Former Employees.  Defendants further object to this request as duplicative of Request Nos. 10 and 37.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to the term "Plaintiffs' Former Employees" to the extent it assumes that Defendants are aware of all people previously employed by Plaintiffs.  References

19

to "Plaintiffs' Former Employees" in this response refer to the seven specifically named persons in the definition of Plaintiffs' Former Employees.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce relevant non-privileged, non-work product documents in their possession, custody, or control, if any, containing or commenting on communications with Plaintiffs' Former Employees regarding the recruitment of and employment by Defendants of Plaintiffs' Former Employees before those Former Employees became employees of Oculus.

**REQUEST FOR PRODUCTION NO. 94:**

To the extent not requested by prior Requests in this Action, Documents or Communications sufficient to identify the date(s) on which Oculus-hosted email accounts (*e.g.*, JOHNDOE@oculusvr.com) were created for each of Plaintiffs' Former Employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as duplicative of Request No. 39.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to the term "Plaintiffs' Former Employees" to the extent it assumes that Defendants are aware of all people previously employed by Plaintiffs.  References to "Plaintiffs' Former Employees" in this response refer to the seven specifically named persons in the definition of Plaintiffs' Former Employees.

20

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 95:**

To the extent not requested by prior Requests in this Action, Documents or Communications sufficient to identify the date on which Defendants first compensated, including but not limited to via salary or equity compensation, each of Plaintiffs' Former Employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity. Defendants further object to this request as duplicative of Request No. 39. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the term "Plaintiffs' Former Employees" to the extent it assumes that Defendants are aware of all people previously employed by Plaintiffs. References to "Plaintiffs' Former Employees" in this response refer to the seven specifically named persons in the definition of Plaintiffs' Former Employees.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 96:**

To the extent not requested by prior Requests in this Action, any Documents or Communications sent by Plaintiffs to Defendants via file transfer or file sharing mechanisms such as DropBox, including but not limited to any printouts, screenshots, or other captures of the "Events" feature or other applicable logging feature in the DropBox interface.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request as duplicative of Request No. 1. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity. Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control. Defendants further object to this request to the extent it requires Defendants to produce documents or information that are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive. Defendants further object to this request to the extent it purports to require Defendants to produce documents in a format different from that previously agreed to by the parties (Dkt. 31) or from that required under the Federal Rules of Civil Procedure.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 97:**

To the extent not requested by prior Requests in this Action, all text messages between John Carmack and any of Brendan Iribe, Nate Mitchell and/or Palmer Luckey since Plaintiffs' original Complaint (Dkt. No. 1) was filed on May 21, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* text messages between the listed individuals.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it seeks personal information of the listed individuals that violates their right to privacy.

**REQUEST FOR PRODUCTION NO. 98:**

To the extent not requested by prior Requests in this Action, all posts related to virtual reality on any forum or social media site, including but not limited to the online forum "Meant to Be Seen" (hosted at http://www.mtbs3d.com/) or the social media sites Facebook or Twitter, by Palmer Luckey or any director, officer, employee, agent or consultant of Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other

PLAINTIFFS' APPENDIX TO THEIR MOTION TO COMPEL
95

applicable privilege or immunity.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* posts related to virtual reality on any forum or social media site by *any* director, officer, employee, agent or consultant of Defendants.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it requires Defendants to produce documents or information that are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive. Defendants further object to this request to the extent it seeks personal information of the listed individuals that violates their right to privacy.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product public posts to the online forum "Meant to Be Seen" (hosted at http://www.mtbs3d.com/) or the social media sites Facebook or Twitter, if any, of the individuals listed in Oculus's initial disclosures that are in their possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 99:**

To the extent not requested by prior Requests in this Action, all Documents and Communications related to photographs referenced in an email from Michael Antonov to Nate Mitchell, dated January 19, 2013 (*see, e.g.*, OCULUS00017828), including but not limited to other emails in the cited email chain and the photographs referenced as "<photo 1.JPG>," "<photo 2.JPG>," "<photo 3.JPG>," "<photo 4.JPG>," "<photo 5.JPG>," "<photo.JPG>," "<photo6.JPG>," and "<photo7.JPG>" in the cited email.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege, work-product protection, or any other

applicable privilege or immunity.  Defendants further object to this request to the extent it seeks

confidential information or trade secrets of Defendants.  Defendants further object to this request

to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Defendants further object to this request to the extent that it seeks documents and things not

relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce relevant non-privileged, non-work product

documents, if any, in their possession, custody, or control that constitute other emails in the

email chain cited in this request and the photographs referenced in this request.

**REQUEST FOR PRODUCTION NO. 100:**

To the extent not requested by prior Requests in this Action, all Documents or

Communications related to the "HMDTest.csv" file, including but not limited to the HMDTest

computer program, referenced in an email from Nate Mitchell to Michael Antonov and others,

dated January 18, 2013 (*see, e.g.*, OCULUS00019873 at OCULUS00019876).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege, work-product protection, or any other

applicable privilege or immunity.  Defendants further object to this request to the extent it seeks

confidential information or trade secrets of Defendants.  Defendants further object to this request

to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Defendants further object to this request to the extent that it seeks documents and things not

relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce non-privileged, non-work product documents, if

any, in their possession, custody, or control that are relevant and responsive to this request.

## REQUEST FOR PRODUCTION NO. 101:

To the extent not requested by prior Requests in this Action, all Documents or things

constituting, identifying, or related to the "little bonus gift ;-)" referenced in an email from

Brendan Iribe to John Carmack, dated December 10, 2012 (*see, e.g*., P0010082), including

Defendants' copy of the cited email, and any email chains including, forwarding, or originating

from the cited email.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege, work-product protection, or any other

applicable privilege or immunity.  Defendants further object to this request as duplicative or

Request No. 1.  Defendants further object to this request to the extent it seeks documents and

things already within Plaintiffs' possession and control.   Defendants further object to this

request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 102:**

To the extent not requested by prior Requests in this Action, all drafts of unsent emails related to the subject matter of Plaintiffs' Requests for Production in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request to the extent it purports to require Defendants to produce documents in a format different from that previously agreed to by the parties (Dkt. 31) or from that required under the Federal Rules of Civil Procedure.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request.

Dated:  May 26, 2015                    Respectfully submitted,

                                        **OCULUS VR, LLC, PALMER LUCKEY, AND
                                        FACEBOOK, INC.,**

                                        By Their Attorneys,


                                        */s/ Michael G. Rhodes*
                                        _____

                                        Richard A. Smith
                                        Texas Bar No. 24027990
                                        rsmith@lynnllp.com
                                        Elizabeth Y. Ryan
                                        Texas Bar No. 24067758
                                        eryan@lynnllp.com
                                        **LYNN TILLOTSON PINKER & COX LLP**
                                        2100 Ross Avenue, Suite 2700
                                        Dallas, Texas 75201
                                        Phone: (214) 981-3800
                                        Fax: (214) 981-3839

                                        Michael G. Rhodes (*pro hac vice*)
                                        rhodesmg@cooley.com
                                        **COOLEY LLP**
                                        101 California Street, 5th Floor
                                        San Francisco, California 94111
                                        T: 415.693.2000
                                        F: 415.693.2222

                                        Heidi Keefe (*pro hac vice*)
                                        hkeefe@cooley.com
                                        Mark R. Weinstein (*pro hac vice*)
                                        mweinstein@cooley.com
                                        **COOLEY LLP**
                                        3175 Hanover Street
                                        Palo Alto, California 94304
                                        T: 650.843.5000
                                        F: 650.849.7400

## CERTIFICATE OF SERVICE

I, Joseph Woodring, hereby certify that I caused a true and correct copy of the foregoing Defendants Oculus VR, LLC, Palmer Luckey and Facebook Inc.'s Objections and Responses to Zenimax Media Inc. and Id Software LLC's Third Set of Requests for Production to be sent by e-mail delivery to counsel for Plaintiffs on May 26, 2015 at phillip.philbin@haynesboone.com, michael.karson@haynesboone.com, and dlpzenimax@skadden.com.

*/s/ Joseph Woodring*
Joseph Woodring

# EXHIBIT 7

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735-2834
DIRECT FAX
(917) 777-2834
EMAIL ADDRESS
KURT.HEMR@SKADDEN.COM

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

June 24, 2015

VIA ELECTRONIC MAIL

Michael G. Rhodes
Cooley LLP
101 California Street, Fifth Floor
San Francisco, California 94111-5800
rhodesmg@cooley.com

Richard A. Smith
Lynn Tillotson Pinker & Cox, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
rsmith@lynnllp.com

RE:   Deficiencies in Defendants' Responses to ZeniMax's Third Document Requests
*ZeniMax Media Inc. et al. v. Oculus VR, LLC et al.*, No. 3:14-cv-01849

Gentlemen:

I write regarding deficiencies in Defendants' responses to ZeniMax Media Inc. and id Software LLC's (collectively, "ZeniMax") Third Requests for Production, which deficiencies are detailed below.

**Documents Concerning *Oculus* Action And Other Litigations**
*(Response to Third Requests, Nos. 80, 81)*

Oculus is currently involved in two litigations other than this one that relate — as this action also does — to that company's founding and to its intellectual property: (i) the *Oculus* trademark litigation pending in the Central District of California and (ii) the *Total Recall Technologies* intellectual property contract litigation recently filed against Oculus and Mr. Luckey in the Northern District of California. ZeniMax's Request No. 80 seeks court filings, deposition transcripts, and discovery provided by Oculus in the *Oculus* litigation. ZeniMax's Request No. 81 seeks similar documents from other litigations, including the *Total Recall Technologies* litigation. Defendants have refused to produce any of those documents.

ZeniMax is entitled to review those materials for numerous reasons, including (by way of example only) to determine whether Defendants have elsewhere taken litigation positions inconsistent with their positions in this action, and to assess whether testimony given in other actions by Defendants and their personnel is consistent with testimony given in this action.

Michael G. Rhodes
Richard A. Smith
June 24, 2015
Page 2

So far as we can tell, production of these documents would impose virtually no burden on Defendants. The documents requested could not possibly be privileged, so no review for privilege would be necessary. Nor would it be burdensome for Defendants to gather these documents: Mr. Rhodes's firm represents Oculus in both of these litigations, and therefore the documents sought by these Requests are presumably already gathered together in his offices. All that is required is that they be copied onto disc and produced to us.

Please inform us whether you will produce all documents responsive to these two Requests. If not, we will move to compel.

**Improper Exclusion of Facebook from Discovery**
*(Response to Third Requests, Nos. 82, 83, 86)*

On March 25, 2014, Facebook announced its acquisition of Oculus. That same day, Facebook's Chief Executive Officer, Mark Zuckerberg, stated that Oculus will be fully integrated into, and used for the benefit of, Facebook's advertising and social networking functions. (Dkt. No. 38, ¶¶ 114-115.) For this reason, ZeniMax has sought Facebook documents relating to its involvement in virtual reality. Defendants cannot continue to deny ZeniMax these materials.

ZeniMax's Request No. 82, 83 and 86 seek Facebook's virtual reality patents or applications, licensing agreements related to virtual reality, and business or marketing plans for Facebook' virtual reality products, respectively. Each of these materials are commonly discoverable in intellectual property cases. Yet, in their response to these Requests, Defendants limit their offer to produce documents only to <u>Oculus's</u> patents, licenses, and business plans, conspicuously omitting any mention of Facebook. This is an improper limitation.

Please inform us whether Facebook will produce all documents responsive to these Requests. If not, we will move to compel.

**Improper Restriction of ZeniMax Definitions**
*(General Objection No. 9)*

In its responses to ZeniMax's Third Requests, Defendants improperly restrict various definitions adopted by ZeniMax, including the definition of "Defendants," "Oculus," and "Complaint." Specifically, Defendants attempt to restrict the definition of "Defendants" and "Oculus" to include only Oculus VR, LLC, and exclude its corporate predecessors. Defendants also interpret "Complaint" to mean ZeniMax's original complaint (Dkt. No. 1), rather than the operative amended complaint in this action (Dkt. No. 38). Such restrictions are improper.

As a preliminary matter, Oculus VR, LLC is a byproduct of the Facebook-Oculus merger, which closed in July 2014. Prior to that date, and for the majority of relevant events

Michael G. Rhodes
Richard A. Smith
June 24, 2015
Page 3

in this litigation, Oculus existed as Oculus VR, Inc., and before that, as Oculus LLC. ZeniMax has a right to pursue discovery and documents from these entities.  Please amend your general objection accordingly and confirm that Defendants are not withholding documents created by or in the possession of Oculus VR, LLC's corporate predecessors.

Similarly, ZeniMax's amended complaint (Dkt. No. 38) supersedes the parties' original complaint (Dkt. No. 1), and is the operative petition in this case.  Indeed, Defendants have moved to dismiss several claims in ZeniMax's amended complaint, and further indicated during the parties' recent discovery teleconference that they consider the amended complaint to be controlling in this litigation.

Please amend your general objection accordingly and confirm that Defendants' are not withholding documents based on their definition of "Complaint" in General Objection No. 9.

*     *     *

Please advise by close of business on June 29, 2015 whether Defendants will (i) provide amended and/or supplemented responses to ZeniMax's Third Requests for Production by July 6, 2015 and (ii) produce the requested documents without delay. Alternatively, please provide Defendants' availability next week to confer regarding the issues discussed in this letter, if you believe that conferring further would be useful with respect to these issues.

Very truly yours,

Kurt Wm. Hemr

# EXHIBIT 8



Heidi L. Keefe
T: +1 650 843 5001
hkeefe@cooley.com

**VIA EMAIL AND FED-EX**

June 30, 2015

Kurt Wm. Hemr
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036

RE: *ZeniMax Media Inc. et al. v. Oculus VR, LLC et al.*, Case No. 3:14-cv-01849

Dear Kurt:

We write on behalf of Defendants Oculus VR, LLC, Palmer Luckey, and Facebook, Inc. (collectively, "Defendants") in response to your June 24, 2015 letter about Defendants' Responses to ZeniMax Media Inc. and id Software LLC's Third Set of Document Requests ("Requests"), in which you demand documents about unrelated litigation and incorrectly assert there has been an "[e]xclusion of Facebook from [d]iscovery."

## Documents Concerning the Oculu case and Other Litigation (RFP Nos. 80, 81)

Defendants stand on their objections to Plaintiffs' requests.  Plaintiffs' seek *all* documents concerning separate, unrelated actions.  One of the cases you point to centers on the use of the Oculus name *vis a vis* Oculu, LLC's alleged Oculu trademark. The second, more recently filed complaint named in your letter makes allegations regarding a purported August 2011 agreement between one Defendant (Mr. Luckey) and a third party who has no connection to this litigation. Plaintiffs' requests are nothing more than an attempt to improperly expand the scope of discovery beyond the allegations in Plaintiffs' Amended Complaint.

## Documents Concerning Facebook's Alleged Virtual Reality Patents, Licenses, and Products (RFP Nos. 82, 83, 86)

Defendants stand on their objections and responses to Plaintiffs' requests.  As an initial matter, Plaintiffs' claim that there has been an "[i]mproper [e]xclusion of Facebook from [d]iscovery" is incorrect.  Facebook's full cooperation in discovery is made clear by Facebook's production of over 5,000 pages of documents in this matter.

Moreover, as Plaintiffs concede, Defendants (including Facebook) agreed to produce non-privileged, non-work product documents, if any, (1) sufficient to identify published patent applications filed by or assigned to Oculus and Mr. Luckey (RFP No. 82); (2) that constitute final, executed license agreements related to virtual reality to which Oculus or Luckey are a party (RFP No. 83); and (3) business or marketing studies, forecasts, diligence documents, memos, and plans for budgeting or marketing of Oculus's products, if any, in their possession, custody, or control (RFP No. 86).  Defendants have thus agreed to produce responsive documents relevant to Plaintiffs' virtual reality-related claims, including any business or



P. Anthony Sammi
June 30, 2015
Page Two

marketing forecasts about Oculus's products *that are in Facebook's possession, custody, or control* (*see* Response to RFP 86).

Plaintiffs' attempt to direct these requests at Facebook, including the undefined terms "virtual reality patents or applications" and "license agreements related to virtual reality," is overbroad and constitutes overreaching when Oculus and Luckey have already agreed to produce documents.  This overbreadth is further exacerbated by Plaintiffs' Request No. 86, which is not limited to virtual reality and seeks a myriad of financial information for Facebook's "Products."

**<u>Use of Defined Terms</u>**

On or before July 6, 2015, Defendants will serve amended and superseding Objections and Responses to Plaintiffs' Third Set of Document Requests to amend Defendants' general objections to make clear that Defendants are not withholding documents (1) created by or in the possession of Oculus VR, LLC's corporate predecessors, or (2) based on Defendants' definition of "Complaint" in General Objection No. 9.

Nothing in this letter waives any of Defendants' rights, all of which are expressly reserved.

Sincerely,

*/s/ Heidi L. Keefe*

Heidi L. Keefe