## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **ZENIMAX MEDIA INC. and ID SOFTWARE LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.,**<br><br>**Defendants.** | **Civil Case No.:  3:14-cv-01849-P** |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SET DATE FOR AN ANSWER TO AMENDED COMPLAINT (ECF NO. 172)

Defendants Oculus VR, LLC, Palmer Luckey, and Facebook, Inc. (collectively, "Defendants") respectfully oppose Plaintiffs' Motion to Set Date for an Answer to Amended Complaint (ECF No. 172 (the "Motion")).

As Plaintiffs' Motion concedes, Federal Rule of Civil Procedure 12(a) tolls Defendants' obligation to answer Plaintiffs' Amended Complaint or assert affirmative defenses until the Court rules on their pending motions to dismiss.  Fed. R. Civ. Proc. 12(a)(4); *Jones v. Bales*, 58 F.R.D. 453, 456 (N.D. Ga. 1972) *aff'd,* 480 F.2d 805 (5th Cir. 1973) (noting that "where a motion to dismiss has been filed, no answer need be filed" until the district court rules on the motion to dismiss); *see also St. Julian v. City of Baytown*, No. CIV.A. H-14-819, 2014 WL 6892139, at *2 (S.D. Tex. Oct. 14, 2014); *Haffke v. Discover Fin. Servs.*, No. 4:10CV276, 2010 WL 3430853, at *1 (E.D. Tex. Aug. 6, 2010) (ruling that "Defendant's time frame for filing an answer is stayed pending the district court's disposition of the pending motion to dismiss."). That should be the end of this inquiry.

Plaintiffs, however, cite to an inapposite, unpublished, out-of-circuit case in an effort to support their position. Plaintiffs' reliance on *Phoenix Beverages, Inc. v. Exxon Mobil Corp.*, No. 12-CV-3371 (RRM) (JO), slip op. (E.D.N.Y. Feb. 1, 2013) is misplaced. In *Phoenix Beverages*, the defendants' proposed motion to dismiss was "held in abeyance [at their request] pending the resolution of the defendants' assertion that plaintiffs' counsel are laboring under a conflict of interest." *See Phoenix*, No. 12-CV-3371, ECF No. 35 at 1. The defendants were not required to file their motion to dismiss until the court ruled on their motion to disqualify plaintiffs' counsel, and the plaintiffs argued this was analogous to "postpon[ing] its disposition until trial" under Federal Rule 12(a)(4). *Id.*; *Phoenix*, No. 12-CV-3371, ECF No. 37 at 2. The *Phoenix Beverages* Court ultimately determined that defendants should answer before even filing their motion to dismiss because they sought to delay the filing of the motion while the case was otherwise proceeding. *Id.* Here, in contrast, Defendants should not be required to answer because they timely moved to dismiss, raising several critical deficiencies in Plaintiffs' pleading, rather than choosing to delay the filing of their motion to dismiss in favor of resolving other matters. Additionally, the Court has not expressly postponed the resolution of the pending motions to dismiss until trial or any other event.

Plaintiffs also argue that Defendants should be forced to answer the Amended Complaint because discovery has commenced. But the fact that the parties are conducting discovery while motions to dismiss are pending does not impose any requirement on Defendants to answer the Amended Complaint. *See Talbot v. Sentinel Ins. Co.*, No. 2:11-CV-01766-KJD, 2012 WL 1068763, at *5 (D. Nev. Mar. 29, 2012) (finding that defendants were not required to file a responsive pleading until the court reached a decision on a motion to dismiss notwithstanding the fact the court ordered discovery to move forward while the motion was pending). Moreover,

Plaintiffs could have avoided the purported predicament they complain of in the Motion by agreeing to stay discovery pending the motions to dismiss, which Defendants offered to do. *See, e.g.*, ECF No. 55.

Plaintiffs have given the Court no reason to depart from established precedent, and Defendants should not be forced to respond to Plaintiffs' inadequate pleading. In accordance with the Federal Rules of Civil Procedure, the Court should rule on Defendants' motions to dismiss before they are required to answer, if even necessary after the ruling. Accordingly, for the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' Motion.

Date:  July 13, 2015

Respectfully submitted,

*/s/ Heidi L. Keefe*

Richard A. Smith
Texas Bar No. 24027990
rsmith@lynnllp.com
Elizabeth Y. Ryan
Texas Bar No. 24067758
eryan@lynnllp.com
**LYNN TILLOTSON PINKER & COX LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Phone: (214) 981-3800
Fax: (214) 981-3839

Michael G. Rhodes (*pro hac vice*)
mrhodes@cooley.com
**COOLEY LLP**
101 California St., 5th Floor
San Francisco, California  94111
Phone:  (415) 693-2000

Heidi L. Keefe (*pro hac vice*)
hleefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Phone:  (650) 843-5000

## <u>CERTIFICATE OF SERVICE</u>

On July 13, 2015, I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).   As such, the foregoing document was served on all counsel who are deemed to have consented to electronic service.

*/s/ Heidi L. Keefe*
Heidi L. Keefe

4831-6507-1397, v.  1