IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>   Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION
TO SET DATE FOR ANSWER TO AMENDED COMPLAINT**

  Defendants' opposition to ZeniMax's motion to set a date for Defendants' answer (Dkt. No. 178):

  (i)  does not dispute that this Court has authority under Fed. R. Civ. P. 12(a)(4) to set a date by which Defendants must answer the Amended Complaint;

  (ii)  does not suggest any way in which discovery can proceed without substantial inefficiency if Defendants are not required to answer promptly; and

  (iii)  does not identify any unfair prejudice that Defendants would suffer if they were required to answer the Amended Complaint.

For those reasons, ZeniMax's motion should be granted.

  Instead, a substantial part of Defendants' opposition is addressed to establishing that in the absence of an order from this Court, they are not obliged to answer:  that is not in dispute, and indeed if it were otherwise ZeniMax's motion would not be necessary.

Defendants also argue that in a case cited by ZeniMax in which a court exercised its authority under Fed. R. Civ. P. 12(a)(4), discovery was proceeding in the absence of an answer for a different procedural reason than the reason that circumstance has arisen here — which is also not in dispute (*see* Dkt. No. 172 at 4 n.1), and does not distinguish that case.

Finally, Defendants again argue that discovery should not have proceeded until their motions to dismiss were resolved, which is an issue that was long ago resolved by the Court. (Dkt. No. 103.)

Accordingly, ZeniMax respectfully requests that this Court enter an Order, substantially in the form attached to its Motion (Dkt. No 172-1), setting a date by which Defendants must file their answer and affirmative defenses to the operative complaint in this action.

Dated: July 15, 2015

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

Respectfully submitted,

*s/ Phillip B. Philbin*
PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

## **CERTIFICATE OF SERVICE**

      On July 15, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: July 15, 2015                                     *s/ Phillip B. Philbin*
                                                             Phillip B. Philbin