**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.,<br><br>Defendants. | Case No.: 3:14-cv-01849-P |

### DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL INTERROGATORY RESPONSE AND BRIEF IN SUPPORT

Plaintiffs ZeniMax Media Inc. ("ZeniMax") and id Software LLC ("id Software" and, collectively, "Plaintiffs") have put their alleged "years" of virtual reality research and development at issue, yet they refuse to fully respond to certain discovery requests directly related to these allegations in their Amended Complaint. For example, ZeniMax has touted its acquisition of id Software as an "investment" in "research and development related to virtual reality," but Plaintiffs refuse to produce any documents relevant to this assertion. Additionally, Plaintiffs have failed to produce documents relevant to their claimed damages, including documents reflecting the historical value of their purported virtual-reality research and development.

Instead of producing relevant documents responsive to defendants Oculus VR, LLC ("Oculus"), Palmer Luckey and Facebook, Inc.'s ("Facebook" and, collectively, "Defendants") requests for production regarding Plaintiffs' virtual-reality research and development and their purported damages, Plaintiffs unilaterally attempt to limit discovery to documents "to the extent they are relied upon in [Plaintiffs'] damages analysis," and "documents sufficient to identify the

damages suffered by Plaintiffs." The Federal Rules provide for broader discovery than documents Plaintiffs believe support their case or analysis. If Plaintiffs are permitted to limit their document production as they would like, it would impermissibly exclude documents which undermine their theories of the case, contradict their allegations, or that do not support their damages calculations. Consequently, the Court should order Plaintiffs to produce all non-privileged documents that are responsive to Defendants requests for production as discussed below.

Plaintiffs have also failed to fully respond to an interrogatory propounded by Facebook. Plaintiffs have refused to identify the relief sought in the case with any particularity beyond identifying categories such as "actual damages" and "equitable relief." Defendants, however, are entitled to discovery regarding the nature of the relief sought, including Plaintiffs' damages theories and the particular equitable and injunctive relief Plaintiffs desire. The Court should, accordingly, require Plaintiffs to provide a supplemental response to Interrogatory No. 20.

## FACTUAL BACKGROUND

Plaintiffs allege that they "provided Palmer Luckey and Oculus VR, LLC with access to intellectual property developed by ZeniMax after years of research and investment….Defendants have wrongfully taken that ZeniMax intellectual property and commercially exploited it for their own gain….By this action, ZeniMax seeks damages that will fairly and fully compensate it for Defendants' infringement and misappropriation." Doc. 38 at ¶ 1. Plaintiffs go on to claim that "[f]or many years, ZeniMax invested tens of millions of dollars in research and development, including research into virtual reality and immersive technologies," and they claim that this research "dat[ed] back to the 1990s." *Id.* at ¶¶ 4 & 26. ZeniMax even claims that its acquisition of id Software in 2009 was a part of this "investment" in virtual reality. App. 014, 041, 107 & 133. Defendants served discovery requests in an attempt to determine what exactly Plaintiffs did

during these purported "years of research and investment," and to understand these alleged "damages." Doc. 38 at ¶ 1. Plaintiffs initially, however, declined to produce responsive documents and information despite putting their experiences with virtual reality at issue through these allegations.

After receiving these deficient responses, Defendants met and conferred with Plaintiffs regarding the substance of the responses in writing and telephonically. App. 517-25, 526-31, 532-34. Plaintiffs then agreed to supplement their interrogatory responses and produce a wider range of documents related to their virtual-reality work, but they still refuse to provide documents and information related to their alleged damages, including without limitation documents necessary for Defendants to analyze Plaintiffs' potential damages and documents related to ZeniMax's acquisition of id Software. Since then, Plaintiffs have produced additional documents, but Plaintiffs still have not produced a single document related to ZeniMax's acquisition of id Software, any key financial documents, valuations of any virtual-reality technology, and any valuations of Oculus. The refusal to produce these documents is inappropriate and the Court should compel Plaintiffs to fully and completely respond to Defendants' requests.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) permits parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." *See also Faglie v. Meritage Homes of Texas, LLC*, No. 3:12-CV-966-D BF, 2013 WL 1608727, at *1 (N.D. Tex. Apr. 15, 2013). In this context, "relevancy" is broadly construed and includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Thomason v. Metro. Life Ins. Co.*, No. 3:14-CV-00086-P-BF, 2015 WL 1914557, at *1 (N.D. Tex. Apr. 27, 2015) (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S.

340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)). If a party fails to cooperate in discovery, any other party may move to compel the discovery responses. Fed. R. Civ. P. 37(a)(3). When the moving party establishes that the documents and information sought are within the permissible scope of discovery, "the burden shifts to the nonmovant to show why the discovery is irrelevant, overly broad, unduly burdensome, or should not be permitted." *Faglie*, 2013 WL 1608727, at *1. Here, the Court should compel Plaintiffs to produce the requested documents and provide a further interrogatory response because it is relevant to the claims and defenses at issue.

## ARGUMENT

**A    The Court Should Compel Plaintiffs to Produce Documents Related to Plaintiffs' Alleged Damages (RFP 31, 139)**

Defendants requested that Plaintiffs produce certain documents related to Plaintiffs' alleged damages, including:

- **Request No. 31:** All documents and things concerning any alleged harm or damages suffered by you from any of the conduct alleged in the Complaint.

- **Request No. 139:** All documents concerning any calculations and support of value of any contributions allegedly made by you for the benefit of Oculus VR.

App. 218 & 319; App. 419 & 474. Plaintiffs responded to these requests by stating that they would only produce documents "to the extent they are relied upon in [Plaintiffs'] damages analysis," and by improperly limiting their production to "documents sufficient to identify the damages suffered by Plaintiffs." *Id.* & App. 528 (May 22, 2015 letter from Plaintiffs' counsel). Defendants, however, are entitled to a broader range of documents than those Plaintiffs self-select as identifying their alleged damages.

Plaintiffs' responses improperly make Plaintiffs the sole arbiters of how damages should be calculated and what documents are relevant to that calculation as the response excludes the production of documents which do not support Plaintiffs self-identified damages theories or

4

calculations. The scope of discovery, however, is much broader than documents Plaintiffs rely upon in their own damages analysis. Fed. R. Civ. P. 26(b). If Plaintiffs are allowed to limit their production to this narrow category, it would improperly exclude documents that undermine Plaintiffs' damages analysis—precisely the type of information that is required to be produced. *Id.* Accordingly, the Court should compel Plaintiffs to make a full production of all non-privileged documents that are responsive to Defendants' requests for production 31 and 139.

**B.     The Court Should Compel Plaintiffs to Produce Financial Documents Necessary to Analyze Plaintiffs' Purported Damages (RFPs 136, 138, 160, 161, 162, 163)**

Defendants also served a series of requests related to financial information necessary to conduct an analysis of Plaintiffs' purported damages. Those requests include:

- **Request No. 136:** All documents concerning any internal and external valuations, goodwill impairment analyses and/or intangible asset valuation analyses for ZeniMax and all other reporting units that utilize virtual reality technology, if any.

- **Request No. 138:** All documents concerning internal/external calculations, valuations, or analyses of Oculus VR that were performed by or on behalf of you and any of your related or affiliated entities.

- **Request No. 160**: All documents concerning your audited, reviewed, examined or compiled financial statements, including without limitation income statement, balance sheets, statements of cash flows, and any footnotes thereto, for id Software from 2006 to present.

- **Request No. 161**: All documents concerning your income statements and balance sheets (at the lowest account level possible as contained in the company's general ledger) for id Software from 2006 to present.

- **Request No. 162**: All documents concerning your budgets and/or projections of revenue and profits for id Software from 2006 to present.

- **Request No. 163**: All documents concerning your purchase price allocation and/or intangible asset valuations (e.g. FASB 141-R/ASC 805 fair value of tangible and intangible assets), including without limitation any calculations and/or valuations of the purchase consideration (e.g., Fair Value of any contingent earn-outs, stock consideration, etc.) associated with ZeniMax's acquisition of id Software.

5

App. 416 & 471; App. 418 & 473; App. 500-02 & 510-12.  In response to requests 136 and 138, Plaintiffs inappropriately limit their production to "documents sufficient to identify the damages suffered by Plaintiffs."  App. 416 & 471; App. 418 & 473.  Then, in response to requests 160-162, Plaintiffs improperly limit their production to "their cost center and project reports for id Software from 2011 to the present," and Plaintiffs have refused to produce any documents in response to request 163.  App. 500-02 & 510-12.  Defendants are, however, entitled to these documents because they are relevant to their analysis of Plaintiffs' claimed damages.

Defendants are entitled to a broad range of financial documents, including without limitation documents reflecting Plaintiffs' commitment (or lack thereof) to virtual reality, and any valuations of virtual-reality technology.  *HomeVestors of Am., Inc. v. LeGate*, 2013 WL 3348948, at *3 (N.D. Tex. 2013) (ordering compliance with a request for production of "all documents sufficient to show Your revenues, expenses, net worth, and profits from 2006 to present, including but not limited to financial statements, profit and loss statements, accounting statements, and tax returns" because those documents were necessary for damages analysis); *In re Katrina Canal Breaches Consol. Litig.*, 2008 WL 927946, at *3 (E.D. La. 2008) (ordering parties to produce valuations and calculations, such as real estate appraisals and calculations of grant and insurance recoveries, "principally because they are relevant to damages and/or the setoff defense, which itself is a damages defense.").  Like the requests the courts ordered the plaintiffs to respond to in *HomeVestors* and *In re Katrina*, Defendants' requests are tailored to obtain, among other things, documents related to Plaintiffs' own analysis of their alleged contributions to virtual reality, and Oculus, as well as Plaintiffs' own views of Oculus prior to this litigation.  Despite this, Plaintiffs have repeatedly refused to provide Defendants with financial information, valuations, and calculations critical to Defendants' analysis of Plaintiffs'

claimed damages in this action. This information is discoverable, and Plaintiffs' production should not be limited to Plaintiffs' own theories of damages and supporting documents.

The Court should not permit Plaintiffs to continue obstructing Defendants' analysis of the case by withholding discoverable documents, and should instead order Plaintiffs to make a full production of all non-privileged documents that are responsive to Defendants' requests for production 136, 138, 160, 161, 162 and 163.

**C.    The Court Should Compel Plaintiffs to Produce Documents Related to ZeniMax's Acquisition of id Software (RFPs 101, 118, 164)**

Defendants also served three requests related to ZeniMax's acquisition of id Software because Plaintiffs allege (*see, e.g.*, Doc. 38 at ¶ 26) that id Software was working on virtual-reality technology prior to the time ZeniMax acquired id Software:

- **Request No. 101:** All documents and things concerning your acquisition of id Software, including without limitation all communications, meeting notes, projections models, valuations, memoranda, correspondence, agreements, proposals and presentations concerning all id Software "intellectual property and franchise assets" you claim were acquired in paragraph 21 of the Complaint.

- **Request No. 118:** All documents related to ZeniMax's acquisition of id Software, including without limitation the purchase agreement (or similar document) and any due diligence documents or memoranda.

- **Request No. 164**: All Documents concerning any internal or external ZeniMax analyses/valuations related to its acquisition of id Software.

App. 278 & 379-80; App. 397 & 453; App. 502-03 & 512-13. In response to requests 101 and 118, Plaintiffs improperly limit their document production to "documents sufficient to identify the intellectual property acquired from id Software", and Plaintiffs refuse to produce any documents in response to request 164. *Id.* The Court should compel Plaintiffs to produce the requested documents because they are directly relevant to the veracity of the allegations in

Plaintiffs' complaint, and because Plaintiffs claim ZeniMax's acquisition of id Software was a part of its investment in virtual reality. *See* App. 014, 041, 107 & 133.

Plaintiffs allege that "[t]hrough its acquisition of id Software, ZeniMax acquired clear and unencumbered right, title, and interest in and to all of id Software's intellectual property and franchise assets," that both ZeniMax and id Software conducted research on virtual reality from the 1990s through 2012, and that ZeniMax's acquisition of id Software constitutes an investment in virtual reality. Doc. 38 at ¶¶ 4, 23 & 26; App. 014, 041, 107 & 133.  As Plaintiffs have put ZeniMax's acquisition of id Software, and id Software's purported virtual-reality research and technology at issue, Defendants propounded these request to learn more about the acquisition, including the value of any virtual-reality technology at the time of the acquisition.

Despite its own allegations, to date, Plaintiffs have failed to produce a single document related to ZeniMax's acquisition of id Software.  Plaintiffs should not be permitted to broadly assert that they invested in the research and development of virtual reality by acquiring id Software, including by acquiring undefined "intellectual property and franchise assets," and then refuse to produce any related documents.  If Plaintiffs only produce documents consistent with their responses, it would inappropriately carve out entire categories of documents properly subject to production, including, without limitation, the value of any of id Software's virtual-reality technology (if any) at the time ZeniMax acquired id Software, financial analyses of id Software, purchase price allocations, and business plans.  As such, the Court should order Plaintiffs to make a full production of all non-privileged documents that are response to Defendants' requests for production 101, 118 and 164.

D.     **The Court Should Require Plaintiffs to Supplement Their Response to Interrogatory 20.**

Plaintiffs' Amended Complaint contains a boiler plate list of the type of relief Plaintiffs seek—e.g., actual damages, injunctive relief, equitable relief, and the like. *See* Doc. 38 at 52. In order to better understand what Plaintiffs are actually attempting to achieve through this action, Facebook's Interrogatory No. 20 asked Plaintiffs to describe the relief they are seeking. App. 087-88 & 179-80. Instead of providing additional detail, including the specifics required by Federal Rule of Procedure 26 (requiring "a computation of each category of damages claimed"), Plaintiffs merely recited from their Amended Complaint. *Id.* This is unacceptable. Defendants are entitled to discovery related to the relief sought. *See, e.g.,* Fed. R. Civ. Proc. 26(a)(1)(A)(iii), (b)(1). At the very least, Plaintiffs should be required to set forth their theories for computing "actual damages," "restitution," "disgorgement," "exemplary damages," "statutory damages," and "enhanced damages," as well as describing the equitable and injunctive relief they seek. App. 087-88 & 179-80.

## CONCLUSION

For the foregoing reasons, the Court should order Plaintiffs to produce all non-privileged documents responsive to Defendants' requests related to Plaintiffs' virtual-reality research and development, purported damages, including those Defendants need to conduct an analysis of potential damages, and documents related to ZeniMax's acquisition of id Software. Additionally, the Court should require Plaintiffs to provide a supplemental response to Facebook's Interrogatory No. 20 specifically stating the relief Plaintiffs seek.

| | |
|---|---|
| Date:  July 17, 2015 | Respectfully submitted,<br><br> */s/ Richard A. Smith*<br>Richard A. Smith<br>Texas Bar No. 24027990<br>rsmith@lynnllp.com<br>Elizabeth Y. Ryan<br>Texas Bar No. 24067758<br>eryan@lynnllp.com<br>**LYNN TILLOTSON PINKER & COX LLP**<br>2100 Ross Avenue, Suite 2700<br>Dallas, Texas 75201<br>Phone: (214) 981-3800<br>Fax: (214) 981-3839<br><br>Michael G. Rhodes (*pro hac vice*)<br>mrhodes@cooley.com<br>**COOLEY LLP**<br>101 California St., 5th Floor<br>San Francisco, California  94111<br>Phone:  (415) 693-2000<br><br>Heidi L. Keefe (*pro hac vice*)<br>hleefe@cooley.com<br>Mark R. Weinstein (*pro hac vice*)<br>mweinstein@cooley.com<br>**COOLEY LLP**<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>Phone:  (650) 843-5000 |

10

**CERTIFICATE OF CONFERENCE**

I hereby certify that on July 17, 2015, I conferred with Philip Philbin, counsel of record for Plaintiffs in this matter, and that Mr. Philbin stated he was opposed to the relief requested herein.

>                              */s/ Richard A Smith*
>                                 Richard Smith

**CERTIFICATE OF SERVICE**

On July 17, 2015, I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). I hereby certify that I have served all counsel who are deemed to have consented to electronic service or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

>                              */s/ Richard Smith*
>                                 Richard Smith