IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | § § § | |
| Plaintiffs, | § § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | § § | |
| OCULUS VR, INC. and PALMER LUCKEY, | § § § | |
| Defendants. | § | |

## ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS

Pursuant to the Federal Rules of Civil Procedure, ZeniMax Media Inc. ("ZeniMax") and id Software LLC ("id Software") (collectively, "Plaintiffs") hereby serve these Responses and Objections to Defendants' First Set of Requests for Production of Documents and Things to Plaintiffs.

## GENERAL RESPONSES AND OBJECTIONS

Plaintiffs assert the following General Objections. Each individual response to a request is subject to, and limited in accordance with, the following General Objections, which are incorporated as if fully set forth therein. The following General Objections are not waived, or in any way limited by, the Specific Responses and Objections. Although Specific Objections are also interposed in response to individual requests, Plaintiffs' failure to repeat any part of its General Objections shall not be construed as a waiver of its objections.

1.      The responses set forth below are for the purposes of discovery only, and Plaintiffs expressly reserve any and all objections they may have to the relevance, competence, materiality, admissibility, or use at deposition, hearing or trial of any information stated,



**EXHIBIT**
**3**

**App. 185**

produced, identified, or referred to herein.  Plaintiffs also expressly reserve their right to rely upon additional documents or information not included in the Specific Responses at any later time including at deposition, hearing or trial.

2.      An objection to a specific request or a willingness to provide a response does not imply, and should not be construed as an acknowledgement, that any such records actually are available or exist.

3.      Plaintiffs object to the requests, definitions, and instructions to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for District Judge Jorge A. Solis, or any other applicable law or rule.

4.      Plaintiffs object to the requests, definitions, and instructions to the extent that they are vague, ambiguous, non-specific, or confusing and thus not susceptible to a reasoned interpretation or response.

5.      Plaintiffs object to the requests, definitions, and instructions to the extent that they seek information that is not relevant to the claims or defenses of either party, and thus not reasonably calculated to lead to the discovery of admissible evidence.

6.      Plaintiffs object to the requests, definitions, and instructions to the extent that they are duplicative, cumulative, and/or seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

7.      Plaintiffs object to the requests, definitions, and instructions to the extent they are overly broad, overly expansive, oppressive, and/or unduly burdensome and would impose upon Plaintiffs an unreasonable burden of inquiry, or to the extent they seek information not within

Plaintiffs' possession, custody or control.  Plaintiffs also object to the requests, definitions, and instructions as unduly burdensome to the extent that the information requested is within the knowledge of Defendants, can be determined by referring to documents within the possession, custody or control of Defendants, is within the public domain, or is otherwise more readily or equally available to Defendants and thus more conveniently obtained by Defendants.

8.     Plaintiffs object to the requests, definitions, and instructions to the extent they seek confidential and proprietary information, including but not limited to trade secrets, source code, and competitively sensitive business information, particularly where the marginal benefits of producing such information are outweighed by the burden of producing such highly sensitive materials.  Plaintiffs further object to the requests to the extent they seek confidential and proprietary information absent an agreed-upon Protective Order.

9.     Plaintiffs object to the definition of "ZeniMax," "Plaintiffs," "you," and "your" in definition No. 1 and "id Software" in definition No. 2 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence.  For purposes of answering these requests, Plaintiffs use the term "ZeniMax" to mean ZeniMax Media Inc., "id Software" to mean id Software LLC, and "Plaintiffs" to mean both ZeniMax Media Inc. and id Software LLC, only.

10.     Plaintiffs object to the requests, definitions, and instructions to the extent they call for production of documents dated prior to January 1, 2011.  Such requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.  Unless otherwise noted, Plaintiffs will produce responsive documents dated on or after January 1, 2011.

11.     Plaintiffs object to the instructions purporting to describe the manner in which Plaintiffs are to produce documents and things.  Plaintiffs will produce documents, including electronically stored information, subject to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for District Judge Jorge A. Solis, the Parties' Joint Conference Report, and any joint discovery agreements that may be executed between the Parties.

12.     Plaintiffs object to the requests, definitions, and instructions to the extent that they call for the production of information or documents subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure.  Plaintiffs further object to instructions B and C purporting to describe the manner in which Plaintiffs are to identify documents for which privilege and immunity is claimed.  Plaintiffs will describe privileged documents in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for District Judge Jorge A. Solis, and any joint discovery agreements between the Parties.  Nothing contained in these responses is intended to be nor should be considered as a waiver of any attorney-client privilege, attorney work-product protection, or any other applicable evidentiary privilege or immunity.  Moreover, the inadvertent production of any response or document subject to such privileges or immunities is not intended to relinquish any privilege or immunity and shall not be deemed to constitute a waiver of any applicable privilege or immunity.

13.     Plaintiffs object to Defendants' demand to produce documents and things within thirty (30) days of service of these requests.  Such a demand is unreasonable given the volume and scope of Defendants' requests for which Plaintiffs must identify, collect, review, and produce

responsive documents.  Plaintiffs will timely produce, on a rolling basis, responsive, relevant, and non-privileged documents and things to the extent that they exist and can be identified after a reasonable, good faith search.  Plaintiffs will produce documents and things in a manner that complies with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, and the Requirements for District Judge Jorge A. Solis.

14.     The responses set forth below are based upon Plaintiffs' interpretation of the language used in the requests, definitions, and instructions.  Plaintiffs reserve their right to amend or to supplement their responses to the requests in the event Defendants assert, or the Court adopts, an interpretation that differs from Plaintiffs' interpretation.

15.     The responses and objections herein are based on Plaintiffs' present knowledge, information and belief.  Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiffs reserve the right to amend, revise, correct or clarify any of the responses and/or objections herein, and indeed Plaintiffs expect to amend and revise these responses as discovery proceeds in this action.

Each of the foregoing General Responses and Objections are incorporated by reference into each and every specific response set forth below. Subject to the General Responses and Objections, and without waiver, modification or limitation thereof, Plaintiffs' Specific Responses and Objections to the request are set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1:

All communications between you and Oculus VR or Luckey.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is overly broad as to its request for "[a]ll communications." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive communications sent to or received by employees and former employees identified in Plaintiffs' Initial Disclosures, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and things concerning your communications to investors, media, and other Third Parties concerning this litigation, Oculus VR or Luckey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs also object to this request on the ground that it is overly broad as to its request for "[a]ll documents and things." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce responsive communications sent to or received by employees and former employees

identified in Plaintiffs' Initial Disclosures, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 3:

All documents and things produced to you by any Third Party concerning the subject matter of this litigation, Oculus VR or Luckey.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs also object to this request on the ground that it is overly broad as to its request for "[a]ll documents and things" and "any Third Party." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs further object to this request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "concerning the subject matter of this litigation." In addition, Plaintiffs object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

8

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce responsive communications sent to or received by employees and former employees identified in Plaintiffs' Initial Disclosures regarding virtual reality technology, Oculus, and Palmer Luckey, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 4:

All documents and things concerning your document retention policies, practices and procedures, including without limitations those relating to electronic data retention, preservation, and destruction, and the retention, preservation, and destruction of paper documents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive document retention policies and document preservation directives to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 5:

Documents sufficient to identify all "copyrighted computer code, trade secret information, and technical know-how" described in paragraph 1 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover, Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify the confidential, trade secret, and copyrighted information described in the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify all "valuable and confidential know-how and trade secret information about how to develop, combine, and optimize hardware, firmware, and software for an improved and competitively advantageous virtual reality experience" described as "VR Technology" in paragraph 26 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet designated experts.  Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.  Plaintiffs object to this request on the ground that it is duplicative of Request No. 5.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify the confidential, trade secret, and copyrighted information described in the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and things concerning the claim that Oculus VR or Luckey misappropriated trade secrets owned by you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover, Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 5 and 6.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents regarding Plaintiffs' trade secret misappropriation claim after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify all "ZeniMax Trade Secrets" described in paragraph 106 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover, Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 5, 6 and 7.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify the confidential, trade secret, and copyrighted information described in the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and things concerning your precautions to "maintain the secrecy of the ZeniMax Trade Secrets," including the confidentiality provisions in key employment

**App. 197**

agreements, password-protected and confidentiality agreements with third-parties to whom the information is disclosed.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "password-protected and confidentiality agreements." Plaintiffs further object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Request No. 7.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify the efforts made to protect the confidential, trade secret, and copyrighted information described in the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and things concerning the claim that Oculus VR or Luckey infringed copyrights owned by you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it is premature.  Fact discovery has just begun

and expert discovery has yet to begin.  More importantly, the Parties have not yet designated

experts.  Additionally, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.  Plaintiffs object to this

request on the ground that it is duplicative of Request No. 5.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents regarding

Plaintiffs' copyright infringement claim after a reasonably diligent search, to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**App. 199**

**REQUEST FOR PRODUCTION NO. 11:**

All documents and things concerning any attempts to obtain copyright registration for software concerning virtual reality, whether successful or unsuccessful, including all correspondence, applications, responses, documents or other materials concerning said registrations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it is overly broad

as to its request for "any attempts to obtain copyright registration . . . whether successful or

unsuccessful." To respond to this request would require Plaintiffs to conduct an unreasonably

burdensome search into all documents, including electronic mail, of every current and past

employee of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks legal

conclusions. In addition, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place. Plaintiffs object to this

request on the ground that it is duplicative of Request No. 10.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive copyright applications,

registration certificates, deposits, and correspondence with the Copyright Office for the works

identified in the Complaint to the extent such documents exist, are not privileged, and are in

Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and things concerning Copyright Registration No. PA0001851913, U.S. Copyright Office Application Service Request No. 1-1446269781, and U.S. Copyright Office

16

Application Service Request No. 1-1446391151, without limitation all correspondence, applications, responses, documents or other materials concerning said registrations.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks legal conclusions. Plaintiffs further object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 10 and 11.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive copyright applications, registration certificates, deposits, and correspondence with the Copyright Office for the works identified in the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 13:

All documents and things concerning the research and development of the "ZeniMax Copyrighted Materials" as described in paragraph 121 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has

just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet

designated experts.  Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.  Plaintiffs object to this

request on the ground that it is duplicative of Request No. 10.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce underlying computer source code for

the copyrighted information described in the Complaint, to the extent such documents exist, are

not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 14:

All versions of the "ZeniMax Copyrighted Materials" as described in paragraph 121 of
the Complaint, that you allegedly provided to Oculus VR or Luckey.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has

just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet

designated experts.  Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.  Plaintiffs object to this

request on the ground that it is duplicative of Requests No. 10 and 13.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce the underlying computer source code

for the confidential, trade secret, and copyrighted information described in the Complaint to the

extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or

control.

## REQUEST FOR PRODUCTION NO. 15:

All documents and things concerning the claim that Oculus VR or Luckey breached any
contracts with you.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover,

Plaintiffs object to this request on the ground that it calls for the production of confidential

and/or trade secret information. Plaintiffs will produce confidential and/or trade secret

information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents regarding

Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 16:

All documents and things concerning the claim that Oculus VR or Luckey unfairly
competed with you.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover,

Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun

and expert discovery has yet to begin. More importantly, the Parties have not yet designated

experts. Additionally, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents regarding Plaintiffs' unfair competition claim after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and things concerning the claim that Oculus VR or Luckey committed any wrongful conduct constituting unjust enrichment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover, Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents regarding Plaintiffs' unjust enrichment claim after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and things concerning the claim that Oculus VR or Luckey violated violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet designated experts.  Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents regarding

Plaintiffs' trademark infringement claim after a reasonably diligent search, to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 19:

All documents and things concerning the claim that Oculus VR or Luckey violated
Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover,

Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun

and expert discovery has yet to begin. More importantly, the Parties have not yet designated

experts. Additionally, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents regarding

Plaintiffs' false designation claim after a reasonably diligent search, to the extent such documents

exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**App. 207**

**REQUEST FOR PRODUCTION NO. 20:**

All documents and things concerning the preparation, filing, prosecution and/or renewal of any applications for registration of the "ZeniMax Marks" described in paragraph 160 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Plaintiffs further object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 18 and 19.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive trademark applications, registration certificates, specimens of use, and correspondence with the Patent and Trademark Office for the works identified in the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to identify each good or service sold in the United States under or in connection with the "ZeniMax Marks" described in paragraph 160 of the Complaint, including any documents concerning the date the good or service was first offered for sale or in commerce.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Plaintiffs further object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 18 and 19.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce representative advertising including the "ZeniMax Marks" as described in the Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 22:

Documents sufficient to identify, by year and product or service, the volume or business or transactions generated in connection with the "ZeniMax Marks" described in paragraph 160 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Plaintiffs further object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 18, 19 and 21.

25

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23:**

Copies of all past, current, and/or prospective advertisements and promotional marketing materials for products and services with the "ZeniMax Marks" described in paragraph 160 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 18 and 19.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce representative advertising including the "ZeniMax Marks" as described in the Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and things sent or received from any Third Party concerning Oculus VR or Luckey's alleged use of any "ZeniMax Marks" described in paragraph 160 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs also object to this request on the ground that it is overly broad as to its request for "[a]ll documents and things . . . from any Third Party." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs further object to this request on the ground that it assumes the truth of facts not in evidence. By responding to this request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its request. In addition, Plaintiffs object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 18 and 19.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce responsive communications sent to or received by employees and former employees identified in Plaintiffs' Initial Disclosures regarding the "ZeniMax Marks" described in the

**App. 211**

Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs'

possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 25:

All documents or things concerning statements, inquiries, comments, complaints or other communications by or from customers, competitors, or other Third Parties, either written or oral, concerning misdirected mail, telephone calls, or orders and/or concerning any confusion, suspicion, belief or doubt on the part of said customer, competitor, or other Third Party as to the relationship between, on the one hand Oculus VR or Luckey and, on the other hand you, concerning the parties' respective products and services.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity, or is protected under a non-disclosure, confidentiality or similar

agreement with a third-party to this litigation.  Plaintiffs also object to this request on the ground

that it is overly broad as to its request for "[a]ll documents and things."  To respond to this

request would require Plaintiffs to conduct an unreasonably burdensome search into all

documents, including electronic mail, of every current and past employee of Plaintiffs.  Plaintiffs

further object to this request on the ground that it seeks information or documents that are in the

possession of Plaintiffs' former employees now working at Oculus and not in the possession of

Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it seeks documents that

are in Defendants' own possession and not in the possession of Plaintiffs, including through

emails or source code sent to Defendants by Plaintiffs.  Moreover, Plaintiffs object to this request

on the ground that it seeks legal conclusions.  Additionally, Plaintiffs object to this request on the

ground that it is premature.  Fact discovery has just begun and expert discovery has yet to begin.

More importantly, the Parties have not yet designated experts.  Plaintiffs also object to this

request on the ground that it calls for the production of confidential and/or trade secret

information.  Plaintiffs will produce confidential and/or trade secret information once a

Protective Order is in place.  Plaintiffs object to this request on the ground that it is duplicative of

Requests No. 18 and 19.

Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive communications sufficient to evidence any confusion between the parties'

respective products and services, to the extent such documents exist, are not privileged, and are

in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 26:

All documents or things concerning any actual or possible consumer confusion or
mistake as to the source, affiliation, association or sponsorship or any kind between your
products and services offered in connection with any "ZeniMax Marks" described in paragraph
160 of the Complaint and any products or services offered by Oculus VR or Luckey.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  IN

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it is premature.  Fact discovery has just begun

and Plaintiffs continue to investigate the issues raised by this request.  Additionally, Plaintiffs

object to this request on the ground that it calls for the production of confidential and/or trade

secret information.  Plaintiffs will produce confidential and/or trade secret information once a

Protective Order is in place.  Plaintiffs object to this request on the ground that it is duplicative of

Requests No. 18, 19 and 25.

Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive communications sufficient to evidence any confusion between the parties'

respective products and services, to the extent such documents exist, are not privileged, and are

in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 27:

All documents or things concerning whether you and Oculus VR or Luckey are
competitors in any product or service market.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has

just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet

designated experts.  Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive communications sufficient to evidence any competition between the parties,

to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody,

or control.

## REQUEST FOR PRODUCTION NO. 28:

All documents or things concerning use by any Third Party of any "ZeniMax Marks"
described in paragraph 160 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity, or is protected under a non-disclosure, confidentiality or similar

agreement with a third-party to this litigation.  Plaintiffs also object to this request on the ground

that it seeks information or documents that are in the possession of Plaintiffs' former employees

now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this

request on the ground that it seeks documents that are in Defendants' own possession and not in

the possession of Plaintiffs, including through emails or source code sent to Defendants by

Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

31

and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 18 and 19.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce responsive communications sufficient to identify the use of any "ZeniMax Marks" described in the Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 29:**

All documents or things concerning any objection, litigation, proceeding or other disputes relating to the use of any "ZeniMax Marks" described in paragraph 160 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it assumes the truth of facts not in evidence. By responding to this request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its request. Plaintiffs further object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive communications sufficient to identify any litigations concerning the

"ZeniMax Marks" described in the Complaint, to the extent such documents exist, are not

privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30:**

       All documents or things concerning how and when you first became aware of Oculus VR
or Luckey's alleged use of any "ZeniMax Marks" described in paragraph 160 of the Complaint
and any documents and things regarding any subsequent communications concerning such use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

       Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.  Plaintiffs object to this request on the

ground that it is duplicative of Requests No. 18 and 19.

       Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive communications after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 31:

All documents and things concerning any alleged harm or damages suffered by you from any of the conduct alleged in the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Plaintiffs further object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify the damages suffered by Plaintiffs to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 32:

All documents and things that tend to support or undermine any of your claims in this litigation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is vague and

ambiguous, as it is unclear what is meant by the phrase "tend to support or undermine any of

your claims." Plaintiffs further object to this request on the ground that it seeks information or

documents that are in the possession of Plaintiffs' former employees now working at Oculus and

not in the possession of Plaintiffs. In addition, Plaintiffs object to this request on the ground that

it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs,

including through emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs

object to this request on the ground that it seeks legal conclusions. Additionally, Plaintiffs object

to this request on the ground that it is premature. Fact discovery has just begun and expert

discovery has yet to begin. More importantly, the Parties have not yet designated experts.

## REQUEST FOR PRODUCTION NO. 33:

All documents and things relating to your investigation of the allegations made in the
Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.

## REQUEST FOR PRODUCTION NO. 34:

Documents sufficient to identify your current and former officers, directors, managers,
employees and consultants with personal knowledge of your alleged research or experimentation
concerning virtual reality.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

**App. 219**

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify any employees and former employees involved in the research of virtual reality after a

reasonably diligent search, to the extent such documents exist, are not privileged, and are in

Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 35:

All draft and final employment agreements concerning proprietary information including
employment agreements, invention assignment agreements, non-disclosure agreements and the
like and all related communications between you and any current and former officers, directors,
managers, employees and consultants with personal knowledge of your alleged research or
experimentation concerning virtual reality.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

      Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive employment and non-

disclosure agreements for any employees and former employees involved in the research of

virtual reality after a reasonably diligent search, to the extent such documents exist, are not

privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 36:**

      A forensic image of all USB drives, hard drives, and similar removable media, whether
contained in laptops or desktops, used by any current and former officers, directors, managers,
employees and consultants with personal knowledge of your alleged research or experimentation
concerning virtual reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

      Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is overly broad

as to its request for the term "forensic image."  To respond to this request would require

Plaintiffs to forensically image at great time and cost all media associated with every current and

past employee of Plaintiffs who have ever been involved in the research of virtual reality.

Plaintiffs have preserved documents and information as explained in their letters of June 14,

2014 to Defendants.  Plaintiffs further object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  In addition, Plaintiffs object to this request on

the ground that it seeks documents that are in Defendants' own possession and not in the

possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Moreover, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify any employees and former employees involved in the research of virtual reality and

responsive documents sufficient to identify the virtual reality research each employee or former

employee had performed after a reasonably diligent search, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 37:

A forensic image of all laptops or desktops used by any current and former officers,
directors, managers, employees and consultants with personal knowledge of your alleged
research or experimentation concerning virtual reality, including without limitation the
"ZeniMax computers" described in paragraph 4 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is overly broad

as to its request for the term "forensic image."  To respond to this request would require

Plaintiffs to forensically image at great time and cost all media associated with every current and

past employee of Plaintiffs who have ever been involved in the research of virtual reality.

Plaintiffs have preserved documents and information as explained in their letters of June 14,

2014 to Defendants.  Plaintiffs further object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  In addition, Plaintiffs object to this request on

the ground that it seeks documents that are in Defendants' own possession and not in the

possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Moreover, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify any employees and former employees involved in the research of virtual reality and

responsive documents sufficient to identify the virtual reality research each employee or former

employee had performed after a reasonably diligent search, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 38:

All documents and things concerning your alleged investment or abandonment thereof in virtual reality technology including without limitation all financial records, analyses, strategies, budgets, projections, plans, notes, reports, recommendations and documents sufficient to identify all amounts described in paragraph 4 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is premature.

Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the

Parties have not yet designated experts.  Plaintiffs further object to this request on the ground

that it calls for the production of confidential and/or trade secret information.  Plaintiffs will

produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the financial investment made by Plaintiffs in virtual reality as discussed in the

Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs'

possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 39:

All documents and things concerning your belief in the viability or lack thereof of virtual
reality technology, including without limitation the Rift.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is vague and

ambiguous, as it is unclear what is meant by the phrase "your belief in the viability or the lack

thereof."  Plaintiffs further object to this request on the ground that it seeks information or

documents that are in the possession of Plaintiffs' former employees now working at Oculus and

not in the possession of Plaintiffs.  In addition, Plaintiffs object to this request on the ground that

it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs,

including through emails or source code sent to Defendants by Plaintiffs.  Moreover, Plaintiffs

**App. 224**

object to this request on the ground that it is premature. Fact discovery has just begun and expert

discovery has yet to begin. More importantly, the Parties have not yet designated experts.

Additionally, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place. Plaintiffs object to this request on the

ground that it is duplicative of Request No. 38.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify any employees and former employees involved in the research of virtual reality and

responsive documents sufficient to identify the virtual reality research each employee or former

employee had performed after a reasonably diligent search, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 40:

All documents and things concerning your evaluation of virtual reality technology,
including without limitation the Rift

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it is vague and

ambiguous, as it is unclear what is meant by the phrase "your evaluation." Plaintiffs further

object to this request on the ground that it seeks information or documents that are in the

possession of Plaintiffs' former employees now working at Oculus and not in the possession of

Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks documents that

are in Defendants' own possession and not in the possession of Plaintiffs, including through

emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs object to this request

on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to

begin. More importantly, the Parties have not yet designated experts. Additionally, Plaintiffs

object to this request on the ground that it calls for the production of confidential and/or trade

secret information. Plaintiffs will produce confidential and/or trade secret information once a

Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of

Request No. 38.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify any employees and former employees involved in the research of virtual reality, and

responsive documents sufficient to identify the virtual reality research each employee or former

employee had performed after a reasonably diligent search, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and things concerning your alleged research and experimentation
concerning virtual reality, including without limitation all designs, notes, charts, schematics,
specifications and plans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In

addition, Plaintiffs object to this request on the ground that it is premature. Fact discovery has

just begun and expert discovery has yet to begin. More importantly, the Parties have not yet

designated experts. Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify any employees and former employees involved in the research of virtual reality and

responsive documents sufficient to identify the virtual reality research each employee or former

employee had performed after a reasonably diligent search, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 42:

All documents and things concerning your decision to stop research and experimentation
concerning virtual reality, including without limitation all communications concerning the
direction you allegedly provided to Carmack referenced in paragraph 92 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it is overly broad

as to its request for "[a]ll documents and things . . . including without limitation all

communications." To respond to this request would require Plaintiffs to conduct an

unreasonably burdensome search into all documents, including electronic mail, of every current

and past employee of Plaintiffs. Plaintiffs further object to this request on the ground that it assumes the truth of facts not in evidence. By responding to this request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its request. In addition, Plaintiffs object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify any employees and former employees involved in the research of virtual reality, and responsive documents sufficient to identify the virtual reality research each employee or former employee had performed after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 43:

All documents and things concerning your attempts to patent any technology relating to virtual reality.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

44

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it is premature.  Fact discovery has just begun

and expert discovery has yet to begin.  More importantly, the Parties have not yet designated

experts.  Additionally, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive patents, publications, and

prosecution correspondence regarding virtual reality to the extent such documents exist, are not

privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 44:

All documents and things concerning all versions and prototypes of virtual reality HMDs
and related tangible equipment that you obtained, developed, or tested, including without
limitation the "off-the-shelf headsets" described in paragraph 25 of the Complaint, the equipment
pictured in paragraph 27 of the Complaint, and all equipment you received from Virtual
Realities, eMagin, or Sony.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

App. 229

information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify the headsets and equipment identified in paragraphs 25 and 27 of the Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 45:

All documents and things concerning "customized firmware" referenced in paragraph 55 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it is premature. Fact discovery has

just begun and expert discovery has yet to begin. More importantly, the Parties have not yet

designated experts. Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the customized firmware discussed in paragraph 55 of the Complaint to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 46:

All documents and things concerning Hillcrest Labs, including without limitation all
communications with Third Parties regarding motion sensors and related firmware offered by
Hillcrest Labs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity, or is protected under a non-disclosure, confidentiality or similar

agreement with a third-party to this litigation. Plaintiffs also object to this request on the ground

that it is overly broad as to its request for "[a]ll documents and things . . . including without

limitation all communications." To respond to this request would require Plaintiffs to conduct an

unreasonably burdensome search into all documents, including electronic mail, of every current

and past employee of Plaintiffs. Plaintiffs further object to this request on the ground that it

seeks information or documents that are in the possession of Plaintiffs' former employees now

working at Oculus and not in the possession of Plaintiffs. In addition, Plaintiffs object to this

request on the ground that it seeks documents that are in Defendants' own possession and not in

the possession of Plaintiffs, including through emails or source code sent to Defendants by

Plaintiffs.  Moreover, Plaintiffs object to this request on the ground that it calls for the production

of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive communications received by or sent to Carmack regarding Hillcrest Labs'

sensors and firmware, to the extent such documents exist, are not privileged, and are in Plaintiffs'

possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 47:

All documents and things concerning the application of any of your games in virtual
reality, including without limitation *Doom 3 BFG*, *Rage* and *Skyrim*.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has

just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet

designated experts.  Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce the underlying computer source code

for the confidential, trade secret, and copyrighted information described in the Complaint to the

extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or

control.

## REQUEST FOR PRODUCTION NO. 48:

All documents and things concerning your requests for, receipt of, or use of any
hardware, software, firmware or information concerning virtual reality from Oculus VR or
Luckey.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is overly broad

as to its request for "[a]ll documents and things."  To respond to this request would require

Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic

mail, of every current and past employee of Plaintiffs.  Plaintiffs further object to this request on

the ground that it seeks information or documents that are in the possession of Plaintiffs' former

employees now working at Oculus and not in the possession of Plaintiffs.  In addition, Plaintiffs

object to this request on the ground that it seeks documents that are in Defendants' own

possession and not in the possession of Plaintiffs, including through emails or source code sent to

Defendants by Plaintiffs.  Moreover, Plaintiffs object to this request on the ground that it calls for

49

**App. 233**

the production of confidential and/or trade secret information. Plaintiffs will produce

confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify communications between Oculus or Palmer Luckey and employees and former

employees of Plaintiffs identified in Plaintiffs' Initial Disclosures, to the extent such documents

exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 49:

All documents and things concerning your alleged research and experimentation
concerning the Rift, including without limitation all hardware, software and firmware
"modifications" "improvements" "enhancements" described in Paragraphs 3-9 and 29-31 of the
Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In

addition, Plaintiffs object to this request on the ground that it is premature. Fact discovery has

just begun and expert discovery has yet to begin. More importantly, the Parties have not yet

designated experts. Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify the research and development of the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and things concerning any hardware, software, firmware or information concerning virtual reality you allege you provided to Oculus VR or Luckey, including without limitation any information you provided via a file transfer protocol.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is overly broad as to its request for "[a]ll documents and things." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More

importantly, the Parties have not yet designated experts.  In addition, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify communications between Oculus or Palmer Luckey and employees and former employees of Plaintiffs identified in Plaintiffs' Initial Disclosures, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 51:

All documents and things concerning the Oculus DK1, including without limitation documents sufficient to identify any technology you allege to have contributed.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet designated experts.  Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place. Plaintiffs object to this

request on the ground that it is duplicative of Request No. 38.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents regarding the

confidential, trade secret, and copyrighted information described in the Complaint to the extent

such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 52:

All documents and things concerning the Oculus SDK, including without limitation your
review of the SDK prior to its publication and documents sufficient to identify any code you
allege to have contributed.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In

addition, Plaintiffs object to this request on the ground that it is premature. Fact discovery has

just begun and expert discovery has yet to begin. More importantly, the Parties have not yet

designated experts. Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.  Plaintiffs object to this

request on the ground that it is duplicative of Requests No. 50 and 51.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the confidential, trade secret, and copyrighted information described in the Complaint to

the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or

control.

**REQUEST FOR PRODUCTION NO. 53:**

All documents and things concerning game demonstrations you scheduled or conducted
on or around E3 2012, including without limitations the game demonstration described in
paragraphs 7 and 37-41 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the demonstrations described in the Complaint to the extent such documents exist, are

not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 54:

All documents and things concerning your efforts to generate publicity for *Doom 3 BFG*, including without limitation financial records, analyses, strategies, budgets, projections, plans, notes, reports, recommendations, marketing materials, advertisements, presentations, promotions, and discounts offers.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is overly broad

as to its request for "[a]ll documents and things."  To respond to this request would require

Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic

mail, of every current and past employee of Plaintiffs.  Plaintiffs further object to this request on

the ground that it calls for the production of confidential and/or trade secret information.

Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in

place.  Plaintiffs object to this request on the ground that it is duplicative of Request No. 53.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the general marketing efforts by Plaintiffs in connection with the release of Doom 3

BFG Edition, to the extent such documents exist, are not privileged, and are in Plaintiffs'

possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 55:

All documents and things concerning your plans to develop, pursue, invest in, abandon or reject Rift support for *Doom 3 BFG*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.  Plaintiffs object to this request on the

ground that it is duplicative of Request No. 54.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the efforts made by Plaintiffs to support or not support the Rift in Doom 3 BFG Edition,

to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody,

or control.

**REQUEST FOR PRODUCTION NO. 56:**

All documents and things concerning game demonstrations you scheduled or conducted
on or around QuakeCon 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.  Plaintiffs object to this request on the

ground that it is duplicative of Request No. 54.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the demonstrations described in the Complaint to the extent such documents exist, are

not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 57:**

All documents and things concerning demonstrations of Rift prototypes scheduled or
conducted on or around QuakeCon 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the demonstrations described in the Complaint to the extent such documents exist, are

not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 58:

All documents and things concerning the panel discussion described in paragraph 67 of
the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

## REQUEST FOR PRODUCTION NO. 59:

All documents and things concerning Oculus VR or Luckey developing, designing,
programming, testing, demonstrating, and marketing of the Rift, including without limitation
demonstrations conducted at QuakeCon 2012, Unite 2012, PaxPrime 2012, Gamescom 2012,
and CES 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.  Plaintiffs object to this request on the

ground that it is duplicative of Requests No. 53, 54, 56, 57, and 58.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the demonstrations described in the Complaint to the extent such documents exist, are

not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 60:**

All documents and things concerning game demonstrations you scheduled or conducted
on or around CES 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.  Plaintiffs object to this request on the

ground that it is duplicative of Request No. 59.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the demonstrations described in the Complaint to the extent such documents exist, are

not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 61:

Oculus VR and Luckey request that you permit the inspection of all versions and
prototypes of virtual reality hardware or software that you allege contain your proprietary
information including without limitation all hardware and software described in paragraphs 4,
24, at 155 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is seeking an

improper inspection of property pursuant to Federal Rule 34.  Plaintiffs further object to this

request on the ground that it calls for the production of confidential and/or trade secret

information.  Plaintiffs will produce confidential and/or trade secret information once a

Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs are willing to meet and confer regarding an

appropriate date, time, and protocol for inspection.

## REQUEST FOR PRODUCTION NO. 62:

Oculus VR and Luckey request that you permit the inspection of all versions and
prototypes of virtual reality HMDs and related tangible equipment that you obtained, developed,
or tested, including without limitation the "off-the-shelf headsets" described in paragraph 25 of
the Complaint, the equipment pictured in paragraph 27 of the Complaint, and all equipment you
received from Virtual Realities, eMagin, or Sony.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity, or is protected under a non-disclosure, confidentiality or similar

agreement with a third-party to this litigation.  Plaintiffs also object to this request on the ground

that it seeks information or documents that are in the possession of Plaintiffs' former employees

now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this

request on the ground that it seeks documents that are in Defendants' own possession and not in

the possession of Plaintiffs, including through emails or source code sent to Defendants by

Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it is seeking an

improper inspection of property pursuant to Federal Rule 34.  Moreover, Plaintiffs object to this

request on the ground that it calls for the production of confidential and/or trade secret

information.  Plaintiffs will produce confidential and/or trade secret information once a

Protective Order is in place.  Plaintiffs object to this request on the ground that it is duplicative of Request No. 61.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs are willing to meet and confer regarding an appropriate date, time, and protocol for inspection.

## REQUEST FOR PRODUCTION NO. 63:

Oculus VR and Luckey request that you permit the inspection of all hardware, software or firmware you received from Oculus VR or Luckey, including without limitations all versions and prototypes of the Rift prototype(s) and related tangible equipment you received in advance of E3 2012 or QuakeCon 2012.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it is seeking an improper inspection of property pursuant to Federal Rule 34.  Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 53, 56, 57, and 61.

62

**App. 246**

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs are willing to meet and confer regarding an appropriate date, time, and protocol for inspection.

**REQUEST FOR PRODUCTION NO. 64:**

Oculus VR and Luckey request that you permit the inspection of all tangible equipment used or brought by you to E3 2012 for use in game demonstrations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is seeking an improper inspection of property pursuant to Federal Rule 34. Plaintiffs further object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 53, 61, and 63.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs are willing to meet and confer regarding an appropriate date, time, and protocol for inspection.

**REQUEST FOR PRODUCTION NO. 65:**

Oculus VR and Luckey request that you permit the inspection of all tangible equipment used or brought by you to QuakeCon 2012 for use in game demonstrations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is seeking an

improper inspection of property pursuant to Federal Rule 34.  Plaintiffs further object to this

request on the ground that it calls for the production of confidential and/or trade secret

information.  Plaintiffs will produce confidential and/or trade secret information once a

Protective Order is in place.  Plaintiffs object to this request on the ground that it is duplicative of

Requests No. 56, 57, and 61.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs are willing to meet and confer regarding an

appropriate date, time, and protocol for inspection.

## REQUEST FOR PRODUCTION NO. 66:

All documents and things concerning the alleged "Non-Disclosure Agreement" between
you and Luckey, including without limitation all draft documents and alleged final documents
and related communications.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify draft and final versions of the Non-Disclosure Agreement as well as communications

regarding the Non-Disclosure Agreement, to the extent such documents exist, are not privileged,

and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 67:**

All written documents you allege modified or amended the alleged "Non-Disclosure
Agreement" between you and Luckey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it calls for the production of confidential

and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret

information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents regarding Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 68:**

All written documents you allege define the term "Proper Purpose" referenced in paragraph 34 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents regarding Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

App. 250

**REQUEST FOR PRODUCTION NO. 69:**

All documents and things concerning your performance or nonperformance pursuant to the alleged "Non-Disclosure Agreement" between you and Luckey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents regarding Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and things concerning your allegation that Oculus VR "knew and had reason to know that Luckey received [proprietary] information pursuant to the Non-Disclosure Agreement" in paragraph 135 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it calls for the production of confidential

and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret

information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents regarding

Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 71:**

All documents and things concerning your allegation that Oculus VR was bound by the
"Non-Disclosure Agreement" by its "action and conduct" as reference in paragraphs 136 and 142
of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents regarding Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 72:

All documents and things concerning any alleged breach of the "Non-Disclosure Agreement" by Luckey or Oculus VR.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it calls for the production of confidential

and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret

information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents regarding

Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 73:

All documents and things concerning proprietary information you allegedly provided to
Luckey or Oculus VR pursuant to the "Non-Disclosure Agreement."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has

just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet

designated experts.  Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents regarding Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 74:

All documents and things concerning any employment agreements between you and Carmack, including without limitation all drafts, revisions, modifications, amendments of the employment agreements and related communications.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce written agreements between

Plaintiffs and John Carmack, and any amendments thereto, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 75:

All documents and things concerning your ownership or lack thereof of any intellectual
property created by Carmack while Carmack was employed by you.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it calls for the production of confidential

and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret

information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce written agreements between

Plaintiffs and John Carmack, and any amendments thereto, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 76:

All documents and things concerning your performance or nonperformance pursuant to
the employment agreement between you and Carmack.

72

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is not relevant to the extent it seeks documents that are beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it seeks legal conclusions. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce written agreements between Plaintiffs and John Carmack, and any amendments thereto, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 77:**

All documents and things concerning any alleged breach the employment agreement between you and Carmack.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is not relevant to the extent it seeks documents that are beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it seeks legal conclusions. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 56, 57, and 61.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce written agreements between Plaintiffs and John Carmack, and any amendments thereto, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 78:**

All documents and things concerning the expiration or renewal of employment agreement between you and Carmack, including without limitation all term sheets, draft documents and related communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce written agreements between

Plaintiffs and John Carmack, and any amendments thereto, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 79:**

All documents and things concerning the alleged technical advisor agreement between
you and Carmack, including without limitation all term sheets, draft documents and related
communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce written agreements between

Plaintiffs and John Carmack, and any amendments thereto, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 80:**

All documents and things concerning Carmack's publication of Latency Mitigation
Strategies on or about February 22, 2013, including without limitation any communications
between you and Carmack "allowing [Carmack] to publish this openly."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is overly broad

as to its request for "[a]ll documents and things . . . including without limitation any

communications."  To respond to this request would require Plaintiffs to conduct an

unreasonably burdensome search into all documents, including electronic mail, of every current

and past employee of Plaintiffs.  Plaintiffs further object to this request on the ground that it

seeks information or documents that are in the possession of Plaintiffs' former employees now

working at Oculus and not in the possession of Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it seeks legal conclusions. Additionally, Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Plaintiffs also object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify the Latency Mitigation Strategies publication and communications related thereto, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 81:

All documents and things concerning Carmack's communications with any HMD makers other than Oculus VR or Luckey, including but not limited to Virtual Realities, eMagin, and Sony.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees

App. 261

now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce responsive communications received by or sent to Carmack regarding his virtual reality research and development, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 82:

All documents and things concerning Carmack's communications with any makers of game consoles, platforms, peripherals, accessories, graphics cards, other than Oculus VR or Luckey including but not limited to Sony, NVIDIA, and Intel.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by

78

Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive communications received by or sent to Carmack regarding his virtual reality

research and development, to the extent such documents exist, are not privileged, and are in

Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 83:

All documents and things concerning the employment of Carmack or any of your former
employees by Oculus VR.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is vague and

ambiguous, as it is unclear what is meant by the phrase "concerning the employment."  Plaintiffs

further object to this request on the ground that it seeks information or documents that are in the

possession of Plaintiffs' former employees now working at Oculus and not in the possession of

Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it seeks documents that

are in Defendants' own possession and not in the possession of Plaintiffs, including through

emails or source code sent to Defendants by Plaintiffs.  Moreover, Plaintiffs object to this request

on the ground that it calls for the production of confidential and/or trade secret information.

Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in

place.  Plaintiffs object to this request on the ground that it is duplicative of Requests No. 74, 76, and 79.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce written agreements between Plaintiffs and John Carmack and other former employees identified in paragraph 97 of the Complaint, and any amendments thereto, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 84:

All documents and things concerning the resignation of your former employees on or around February 17, 2014.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 84:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.  Plaintiffs object to this request on the ground that it is duplicative of Requests No. 74, 76, 79, and 83.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce the employment file of John

Carmack and other former employees identified in paragraph 97 of the Complaint, to the extent

such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 85:

If you contend that any of your former employees other than Carmack who are currently
employed by Oculus VR had access to your proprietary information regarding virtual reality,
documents sufficient to identify all such former employees and all such proprietary information
regarding virtual reality.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents after a

reasonably diligent search, to the extent such documents exist, are not privileged, and are in

Plaintiffs' possession, custody, or control.

**App. 265**

**REQUEST FOR PRODUCTION NO. 86:**

All documents and things concerning the Kickstarter campaign for the Oculus Rift referenced in paragraphs 48-49 and 57-63 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this request on the ground that it is overly broad as to its request for "[a]ll documents and things." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive communications sent to or received by employees and former employees identified in Plaintiffs' Initial Disclosures, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 87:

All documents and things concerning any partnership with, investment in, equity ownership of Oculus VR by you, including without limitation the proposals referenced in paragraphs 50, 53, 71, 74, 77-79, 82-23, 88, 91.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it is overly broad

as to its request for "[a]ll documents and things." To respond to this request would require

Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic

mail, of every current and past employee of Plaintiffs. Plaintiffs further object to this request on

the ground that it seeks information or documents that are in the possession of Plaintiffs' former

employees now working at Oculus and not in the possession of Plaintiffs. In addition, Plaintiffs

object to this request on the ground that it seeks documents that are in Defendants' own

possession and not in the possession of Plaintiffs, including through emails or source code sent to

Defendants by Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it calls for

the production of confidential and/or trade secret information. Plaintiffs will produce

confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive communications sent to or received by employees and former employees

identified in Plaintiffs' Initial Disclosures, to the extent such documents exist, are not privileged,

and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 88:

All documents and things concerning seed funding, Series A funding or Series B funding for Oculus VR, including without limitation the "investor prospectus[es]" described in paragraphs 80 and 88 of the Complaint .

## RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this request on the ground that it is overly broad as to its request for "[a]ll documents and things." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce responsive communications sent to or received by employees and former employees identified in Plaintiffs' Initial Disclosures, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**App. 268**

**REQUEST FOR PRODUCTION NO. 89:**

All documents and things concerning the announcement of the proposed acquisition of Oculus VR referenced in paragraph 101 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is overly broad as to its request for "[a]ll documents and things." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce responsive communications regarding the announcement of the proposed acquisition of Oculus VR sent to or received by employees and former employees identified in Plaintiffs' Initial Disclosures, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**App. 269**

**REQUEST FOR PRODUCTION NO. 90:**

All versions of virtual reality-related Source Code you obtained, developed, or tested, including without limitation, all "copyrighted computer code, trade secret information, and technical know-how" described in paragraph 1 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover, Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Request No. 5.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce the underlying computer source code for the confidential, trade secret, and copyrighted information described in the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**App. 270**

**REQUEST FOR PRODUCTION NO. 91:**

All documents and things concerning any similarities or differences between the parties' Source Code or software products, including without limitation, all documents and things concerning the testing thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In

addition, Plaintiffs object to this request on the ground that it is premature. Fact discovery has

just begun and expert discovery has yet to begin. More importantly, the Parties have not yet

designated experts. Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce the underlying computer source code

for the confidential, trade secret, and copyrighted information described in the Complaint to the

extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or

control.

**REQUEST FOR PRODUCTION NO. 92:**

All documents and things concerning the destruction or loss of any virtual reality-related Source Code, including without limitation, all "copyrighted computer code, trade secret information, and technical know-how" described in paragraph 1 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Request No. 5.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce the underlying computer source code for the confidential, trade secret, and copyrighted information described in the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 93:**

All documents and things concerning any reimplementation or modification by John Carmack or any ZeniMax employee of any Source Code provided by Defendants to Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce the underlying computer source code for the confidential, trade secret, and copyrighted information described in the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 94:**

All documents and things concerning any reimplementation or modification by John Carmack or any ZeniMax employee of any Source Code provided by Defendants to Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Plaintiffs incorporate their response to Request No. 93.

**REQUEST FOR PRODUCTION NO. 95:**

All documents sufficient to describe the history of your business, including without limitation the date of founding, ownership changes, name changes, names of all predecessors entities, and all subsidiaries and affiliates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is overly broad

as to its request for "[a]ll documents."  To respond to this request would require Plaintiffs to

conduct an unreasonably burdensome search into all documents, including electronic mail, of

every current and past employee of Plaintiffs.  Plaintiffs further object to this request on the

ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "documents

sufficient to describe the history of your business."  In addition, Plaintiffs object to this request

on the ground that it calls for the production of confidential and/or trade secret information.

Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in

place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce documents sufficient to identify the

corporate relationship between Plaintiffs, to the extent such documents exist, are not privileged,

and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 96:**

All documents sufficient to demonstrate your internal organization and personnel structure, such as organization charts, internal directories, or personnel lists for all time periods beginning from the first year in which you claim to have conducted research or experimentation concerning virtual reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce an organizational chart of key employees of Plaintiffs, as well as documents sufficient to identify current and former employees of Plaintiffs, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 97:**

All documents and things concerning your revenues, earnings, or profits including without limitation investor presentations, annual reports, annual statements, corporate statements, financial statements, income statements, balance sheets, budgets, projections, business plans, marketing plans, pro formas, and the like for all time periods beginning from the first year in which you claim to have conducted research or experimentation concerning virtual reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

**App. 275**

privilege or immunity.  Plaintiffs also object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify its annual revenues and profits for each fiscal year from 2011 to the present, and

responsive documents sufficient to identify the financial investment made by Plaintiffs in virtual

reality as discussed in the Complaint, to the extent such documents exist, are not privileged, and

are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 98:**

All documents and things concerning your annual management meetings, including
without limitation meeting agendas, presentations, reports, notes, minutes, and the like for all
time periods beginning from the first year in which you claim to have conducted research or
experimentation concerning virtual reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.

**REQUEST FOR PRODUCTION NO. 99:**

All documents and things concerning the management committee of id Software
including without limitation meeting agendas, presentations, reports, notes, minutes, and the like
for all time periods beginning from the first year in which you claim to have conducted research
or experimentation concerning virtual reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.

**REQUEST FOR PRODUCTION NO. 100:**

      All documents and things concerning your communications to investors, media, and other
Third Parties concerning virtual reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

      Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity, or is protected under a non-disclosure, confidentiality or similar

agreement with a third-party to this litigation.  Plaintiffs also object to this request on the ground

that it is overly broad as to its request for "[a]ll documents and things."  To respond to this

request would require Plaintiffs to conduct an unreasonably burdensome search into all

documents, including electronic mail, of every current and past employee of Plaintiffs.  Plaintiffs

further object to this request on the ground that it seeks information or documents that are in the

possession of Plaintiffs' former employees now working at Oculus and not in the possession of

Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it seeks documents that

are in Defendants' own possession and not in the possession of Plaintiffs, including through

emails or source code sent to Defendants by Plaintiffs.  Moreover, Plaintiffs object to this request

on the ground that it calls for the production of confidential and/or trade secret information.

Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in

place.  Plaintiffs object to this request on the ground that it is duplicative of Request No. 2.

      Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

**App. 277**

produce responsive documents sufficient to identify communications regarding virtual reality

sent to or received by employees and former employees identified in Plaintiffs' Initial

Disclosures, to the extent such documents exist, are not privileged, and are in Plaintiffs'

possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 101:

All documents and things concerning your acquisition of id Software, including without limitation all communications, meeting notes, projections models, valuations, memoranda, correspondence, agreements, proposals and presentations concerning all id Software "intellectual property and franchise assets" you claim were acquired in paragraph 21 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity, or is protected under a non-disclosure, confidentiality or similar

agreement with a third-party to this litigation.  Plaintiffs also object to this request on the ground

that it seeks legal conclusions.  Plaintiffs further object to this request on the ground that it calls

for the production of confidential and/or trade secret information.  Plaintiffs will produce

confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce documents sufficient to identify the intellectual property acquired from id Software as

referenced in paragraph 21 of the Complaint, to the extent such documents exist, are not

privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 102:

All documents and things upon which you intend to question any witness, whether at deposition, hearing or trial, or that you intend to introduce at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is premature.

Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the

Parties have not yet designated experts.

**REQUEST FOR PRODUCTION NO. 103:**

All documents and things provided to any individual who you may use to present
evidence of the kind admissible under Federal Rules of Evidence 701, 702, 703, or 705.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is premature.

Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the

Parties have not yet designated experts.

**REQUEST FOR PRODUCTION NO. 104:**

All documents in any way concerning this action provided to, reviewed by, relied upon or
created by any expert witness disclosed by you pursuant to Federal Rule of Civil Procedure
26(a)(2).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

**App. 279**

privilege or immunity.  Plaintiffs also object to this request on the ground that it is premature.

Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the

Parties have not yet designated experts.  Plaintiffs further object to this request on the ground

that it calls for the production of confidential and/or trade secret information.  Plaintiffs will

produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce documents relied upon by their

expert witnesses in their respective reports, to the extent such documents exist, are not

privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 905:

All documents and things relating to experts or consultants retained by you in connection
with this litigation, including any retainer or consulting agreement, any *curriculum vitae*, and the
expert's or consultant's articles or other publications.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 905:

Plaintiffs assume Defendants intended to number Request No. 905 as Request No. 105.

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has

just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet

96

designated experts.  Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce engagement agreements and *curricula vitae* for their testifying experts to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 106:**

All documents and things furnished to, or discussed with, any fact witness contacted, interviewed, or consulted by you or your agents or attorneys in connection with this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 107:**

All documents and things identified, relied upon, or referred to in preparing your responses to interrogatories, requests for production, or requests for admission in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

App. 281

**REQUEST FOR PRODUCTION NO. 108:**

All documents and things identified, relied upon, or referred to in preparing subpoenas, interrogatories, requests for production, or requests for admission in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.

**REQUEST FOR PRODUCTION NO. 109:**

All documents and things referenced, described or categorized in your Rule 26 initial disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents after a

reasonably diligent search, to the extent such documents exist, are not privileged, and are in

Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 110:**

All documents and things concerning any communication to or from any of the individuals identified in in your Rule 26 initial disclosures concerning the subject matter of this litigation, Oculus VR or Luckey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is overly broad as to its request for "[a]ll documents and things concerning any communication." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Dated: August 11, 2014

Respectfully submitted,

_____

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
    **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

**App. 284**

## CERTIFICATE OF SERVICE

I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *ZeniMax Media Inc. and id Software LLC's Responses and Objections to Defendants' First Set of Requests for Production of Documents and Things to Plaintiffs* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.

Dated: August 11, 2014

                                    James Y. Pak

101

App. 285

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ZENIMAX MEDIA INC. and                 §
ID SOFTWARE LLC,                       §
                                       §
        Plaintiffs,                    §
                                       §     CIVIL CASE NO. 3:14-cv-01849-P
    v.                                 §
                                       §
OCULUS VR, LLC                         §
PALMER LUCKEY,                         §
and FACEBOOK, INC.                     §
                                       §
        Defendants.                    §

**ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S FIRST AMENDED AND
SUPERSEDING RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS**

Pursuant to the Federal Rules of Civil Procedure, ZeniMax Media Inc. ("ZeniMax") and

id Software LLC ("id Software") (collectively, "Plaintiffs") hereby serve these First Amended

And Superseding Responses And Objections To Defendants' First Set of Requests For

Production of Documents and Things to Plaintiffs.

**GENERAL RESPONSES AND OBJECTIONS**

Plaintiffs assert the following General Objections.  Each individual response to a request

is subject to, and limited in accordance with, the following General Objections, which are

incorporated as if fully set forth therein.  The following General Objections are not waived, or in

any way limited by, the Specific Responses and Objections.  Although Specific Objections are

also interposed in response to individual requests, Plaintiffs' failure to repeat any part of its

General Objections shall not be construed as a waiver of its objections.

1.      The responses set forth below are for the purposes of discovery only, and

Plaintiffs expressly reserve any and all objections they may have to the relevance, competence,



**App. 286**

materiality, admissibility, or use at deposition, hearing or trial of any information stated, produced, identified, or referred to herein. Plaintiffs also expressly reserve their right to rely upon additional documents or information not included in the Specific Responses at any later time including at deposition, hearing or trial.

2.      An objection to a specific request or a willingness to provide a response does not imply, and should not be construed as an acknowledgement, that any such records actually are available or exist.

3.      Plaintiffs object to the requests, definitions, and instructions to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for District Judge Jorge A. Solis, or any other applicable law or rule.

4.      Plaintiffs object to the requests, definitions, and instructions to the extent that they are vague, ambiguous, non-specific, or confusing and thus not susceptible to a reasoned interpretation or response.

5.      Plaintiffs object to the requests, definitions, and instructions to the extent that they seek information that is not relevant to the claims or defenses of either party, and thus not reasonably calculated to lead to the discovery of admissible evidence.

6.      Plaintiffs object to the requests, definitions, and instructions to the extent that they are duplicative, cumulative, and/or seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

7.      Plaintiffs object to the requests, definitions, and instructions to the extent they are overly broad, overly expansive, oppressive, and/or unduly burdensome and would impose upon

Plaintiffs an unreasonable burden of inquiry, or to the extent they seek information not within Plaintiffs' possession, custody or control. Plaintiffs also object to the requests, definitions, and instructions as unduly burdensome to the extent that the information requested is within the knowledge of Defendants, can be determined by referring to documents within the possession, custody or control of Defendants, is within the public domain, or is otherwise more readily or equally available to Defendants and thus more conveniently obtained by Defendants.

8.      Plaintiffs object to the requests, definitions, and instructions to the extent they seek confidential and proprietary information, including but not limited to trade secrets, source code, and competitively sensitive business information, particularly where the marginal benefits of producing such information are outweighed by the burden of producing such highly sensitive materials. Plaintiffs further object to the requests to the extent they seek confidential and proprietary information absent an agreed-upon Protective Order.

9.      Plaintiffs object to the definition of "ZeniMax," "Plaintiffs," "you," and "your" in definition No. 1 and "id Software" in definition No. 2 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence. For purposes of answering these requests, Plaintiffs use the term "ZeniMax" to mean ZeniMax Media Inc., "id Software" to mean id Software LLC, and "Plaintiffs" to mean both ZeniMax Media Inc. and id Software LLC, only.

10.     Plaintiffs object to the requests, definitions, and instructions to the extent they call for production of documents dated prior to January 1, 2011. Such requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation. Unless otherwise noted, Plaintiffs will produce responsive documents dated on or after January 1, 2011.

3

11.     Plaintiffs object to the instructions purporting to describe the manner in which Plaintiffs are to produce documents and things.  Plaintiffs will produce documents, including electronically stored information, subject to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for District Judge Jorge A. Solis, the Parties' Joint Conference Report, and any joint discovery agreements that may be executed between the Parties.

12.     Plaintiffs object to the requests, definitions, and instructions to the extent that they call for the production of information or documents subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure.  Plaintiffs further object to instructions B and C purporting to describe the manner in which Plaintiffs are to identify documents for which privilege and immunity is claimed.  Plaintiffs will describe privileged documents in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for District Judge Jorge A. Solis, and any joint discovery agreements between the Parties.  Nothing contained in these responses is intended to be nor should be considered as a waiver of any attorney-client privilege, attorney work-product protection, or any other applicable evidentiary privilege or immunity.  Moreover, the inadvertent production of any response or document subject to such privileges or immunities is not intended to relinquish any privilege or immunity and shall not be deemed to constitute a waiver of any applicable privilege or immunity.

13.     Plaintiffs object to Defendants' demand to produce documents and things within thirty (30) days of service of these requests.  Such a demand is unreasonable given the volume and scope of Defendants' requests for which Plaintiffs must identify, collect, review, and produce

responsive documents.  Plaintiffs will timely produce, on a rolling basis, responsive, relevant, and non-privileged documents and things to the extent that they exist and can be identified after a reasonable, good faith search.  Plaintiffs will produce documents and things in a manner that complies with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, and the Requirements for District Judge Jorge A. Solis.

14.    The responses set forth below are based upon Plaintiffs' interpretation of the language used in the requests, definitions, and instructions.  Plaintiffs reserve their right to amend or to supplement their responses to the requests in the event Defendants assert, or the Court adopts, an interpretation that differs from Plaintiffs' interpretation.

15.    The responses and objections herein are based on Plaintiffs' present knowledge, information and belief.  Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiffs reserve the right to amend, revise, correct or clarify any of the responses and/or objections herein, and indeed Plaintiffs expect to amend and revise these responses as discovery proceeds in this action.

Each of the foregoing General Responses and Objections are incorporated by reference into each and every specific response set forth below. Subject to the General Responses and Objections, and without waiver, modification or limitation thereof, Plaintiffs' Specific Responses and Objections to the request are set forth below.

5

**App. 290**

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1:

All communications between you and Oculus VR or Luckey.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is overly broad as to its request for "[a]ll communications." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive communications sent to or received by employees and former employees identified in Plaintiffs' Initial Disclosures, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and things concerning your communications to investors, media, and other Third Parties concerning this litigation, Oculus VR or Luckey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.  Plaintiffs also object to this request on the ground that it is overly broad as to its request for "[a]ll documents and things."  To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce responsive communications sent to or received by employees and former employees

identified in Plaintiffs' Initial Disclosures, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 3:

All documents and things produced to you by any Third Party concerning the subject matter of this litigation, Oculus VR or Luckey.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs also object to this request on the ground that it is overly broad as to its request for "[a]ll documents and things" and "any Third Party." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs further object to this request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "concerning the subject matter of this litigation." In addition, Plaintiffs object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

8

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce responsive communications sent to or received by employees and former employees identified in Plaintiffs' Initial Disclosures regarding virtual reality technology, Oculus, and Palmer Luckey, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things concerning your document retention policies, practices and procedures, including without limitations those relating to electronic data retention, preservation, and destruction, and the retention, preservation, and destruction of paper documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive document retention policies and document preservation directives to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify all "copyrighted computer code, trade secret information, and technical know-how" described in paragraph 1 of the Complaint.

**App. 294**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet designated experts.  Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify the confidential, trade secret, and copyrighted information described in the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 6:

Documents sufficient to identify all "valuable and confidential know-how and trade secret information about how to develop, combine, and optimize hardware, firmware, and software for an improved and competitively advantageous virtual reality experience" described as "VR Technology" in paragraph 26 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover, Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Request No. 5.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify the confidential, trade secret, and copyrighted information described in the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 7:

All documents and things concerning the claim that Oculus VR or Luckey misappropriated trade secrets owned by you.

**App. 296**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover, Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 5 and 6.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents regarding Plaintiffs' trade secret misappropriation claim after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify all "ZeniMax Trade Secrets" described in paragraph 106 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet designated experts.  Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.  Plaintiffs object to this request on the ground that it is duplicative of Requests No. 5, 6 and 7.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify the confidential, trade secret, and copyrighted information described in the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and things concerning your precautions to "maintain the secrecy of the ZeniMax Trade Secrets," including the confidentiality provisions in key employment

13

agreements, password-protected and confidentiality agreements with third-parties to whom the information is disclosed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "password-protected and confidentiality agreements."  Plaintiffs further object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  Moreover, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet designated experts. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.  Plaintiffs object to this request on the ground that it is duplicative of Request No. 7.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify the efforts made to protect the confidential, trade secret, and copyrighted information described in the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

14

**REQUEST FOR PRODUCTION NO. 10:**

All documents and things concerning the claim that Oculus VR or Luckey infringed copyrights owned by you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover, Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Request No. 5.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents regarding Plaintiffs' copyright infringement claim after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**App. 300**

**REQUEST FOR PRODUCTION NO. 11:**

All documents and things concerning any attempts to obtain copyright registration for software concerning virtual reality, whether successful or unsuccessful, including all correspondence, applications, responses, documents or other materials concerning said registrations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it is overly broad

as to its request for "any attempts to obtain copyright registration . . . whether successful or

unsuccessful." To respond to this request would require Plaintiffs to conduct an unreasonably

burdensome search into all documents, including electronic mail, of every current and past

employee of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks legal

conclusions. In addition, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place. Plaintiffs object to this

request on the ground that it is duplicative of Request No. 10.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive copyright applications,

registration certificates, deposits, and correspondence with the Copyright Office for the works

identified in the Complaint to the extent such documents exist, are not privileged, and are in

Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and things concerning Copyright Registration No. PA0001851913, U.S. Copyright Office Application Service Request No. 1-1446269781, and U.S. Copyright Office

Application Service Request No. 1-1446391151, without limitation all correspondence, applications, responses, documents or other materials concerning said registrations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks legal conclusions. Plaintiffs further object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 10 and 11.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive copyright applications, registration certificates, deposits, and correspondence with the Copyright Office for the works identified in the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and things concerning the research and development of the "ZeniMax Copyrighted Materials" as described in paragraph 121 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working

17

at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In

addition, Plaintiffs object to this request on the ground that it is premature. Fact discovery has

just begun and expert discovery has yet to begin. More importantly, the Parties have not yet

designated experts. Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place. Plaintiffs object to this

request on the ground that it is duplicative of Request No. 10.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce underlying computer source code for

the copyrighted information described in the Complaint, to the extent such documents exist, are

not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14:**

All versions of the "ZeniMax Copyrighted Materials" as described in paragraph 121 of
the Complaint, that you allegedly provided to Oculus VR or Luckey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

18

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has

just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet

designated experts.  Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.  Plaintiffs object to this

request on the ground that it is duplicative of Requests No. 10 and 13.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce the underlying computer source code

for the confidential, trade secret, and copyrighted information described in the Complaint to the

extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or

control.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and things concerning the claim that Oculus VR or Luckey breached any
contracts with you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

19

**App. 304**

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it calls for the production of confidential

and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret

information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents regarding

Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and things concerning the claim that Oculus VR or Luckey unfairly
competed with you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it is premature.  Fact discovery has just begun

and expert discovery has yet to begin.  More importantly, the Parties have not yet designated

experts.  Additionally, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents regarding Plaintiffs' unfair competition claim after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and things concerning the claim that Oculus VR or Luckey committed any wrongful conduct constituting unjust enrichment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover, Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

21

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents regarding

Plaintiffs' unjust enrichment claim after a reasonably diligent search, to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 18:

All documents and things concerning the claim that Oculus VR or Luckey violated violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it is premature.  Fact discovery has just begun

and expert discovery has yet to begin.  More importantly, the Parties have not yet designated

experts.  Additionally, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents regarding

**App. 307**

Plaintiffs' trademark infringement claim after a reasonably diligent search, to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19:**

     All documents and things concerning the claim that Oculus VR or Luckey violated
Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

     Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it is premature.  Fact discovery has just begun

and expert discovery has yet to begin.  More importantly, the Parties have not yet designated

experts.  Additionally, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

     Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents regarding

Plaintiffs' false designation claim after a reasonably diligent search, to the extent such documents

exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and things concerning the preparation, filing, prosecution and/or renewal of any applications for registration of the "ZeniMax Marks" described in paragraph 160 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it is premature.

Fact discovery has just begun and expert discovery has yet to begin. More importantly, the

Parties have not yet designated experts. Plaintiffs further object to this request on the ground

that it calls for the production of confidential and/or trade secret information. Plaintiffs will

produce confidential and/or trade secret information once a Protective Order is in place.

Plaintiffs object to this request on the ground that it is duplicative of Requests No. 18 and 19.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive trademark applications,

registration certificates, specimens of use, and correspondence with the Patent and Trademark

Office for the works identified in the Complaint to the extent such documents exist, are not

privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to identify each good or service sold in the United States under or in connection with the "ZeniMax Marks" described in paragraph 160 of the Complaint, including any documents concerning the date the good or service was first offered for sale or in commerce.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is premature.

Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the

Parties have not yet designated experts.  Plaintiffs further object to this request on the ground

that it calls for the production of confidential and/or trade secret information.  Plaintiffs will

produce confidential and/or trade secret information once a Protective Order is in place.

Plaintiffs object to this request on the ground that it is duplicative of Requests No. 18 and 19.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce representative advertising including

the "ZeniMax Marks" as described in the Complaint, to the extent such documents exist, are not

privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 22:

Documents sufficient to identify, by year and product or service, the volume or business
or transactions generated in connection with the "ZeniMax Marks" described in paragraph 160 of
the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is premature.

Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the

Parties have not yet designated experts.  Plaintiffs further object to this request on the ground

that it calls for the production of confidential and/or trade secret information.  Plaintiffs will

produce confidential and/or trade secret information once a Protective Order is in place.

Plaintiffs object to this request on the ground that it is duplicative of Requests No. 18, 19 and 21.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23:**

Copies of all past, current, and/or prospective advertisements and promotional marketing materials for products and services with the "ZeniMax Marks" described in paragraph 160 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.  Plaintiffs object to this request on the ground that it is duplicative of Requests No. 18 and 19.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce representative advertising including the "ZeniMax Marks" as described in the Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and things sent or received from any Third Party concerning Oculus VR or Luckey's alleged use of any "ZeniMax Marks" described in paragraph 160 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs also object to this request on the ground that it is overly broad as to its request for "[a]ll documents and things . . . from any Third Party." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs further object to this request on the ground that it assumes the truth of facts not in evidence. By responding to this request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its request. In addition, Plaintiffs object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Additionally, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 18 and 19.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce responsive communications sent to or received by employees and former employees identified in Plaintiffs' Initial Disclosures regarding the "ZeniMax Marks" described in the

27

Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs'

possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25:**

All documents or things concerning statements, inquiries, comments, complaints or other communications by or from customers, competitors, or other Third Parties, either written or oral, concerning misdirected mail, telephone calls, or orders and/or concerning any confusion, suspicion, belief or doubt on the part of said customer, competitor, or other Third Party as to the relationship between, on the one hand Oculus VR or Luckey and, on the other hand you, concerning the parties' respective products and services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity, or is protected under a non-disclosure, confidentiality or similar

agreement with a third-party to this litigation. Plaintiffs also object to this request on the ground

that it is overly broad as to its request for "[a]ll documents and things." To respond to this

request would require Plaintiffs to conduct an unreasonably burdensome search into all

documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs

further object to this request on the ground that it seeks information or documents that are in the

possession of Plaintiffs' former employees now working at Oculus and not in the possession of

Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks documents that

are in Defendants' own possession and not in the possession of Plaintiffs, including through

emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs object to this request

on the ground that it seeks legal conclusions. Additionally, Plaintiffs object to this request on the

ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin.

More importantly, the Parties have not yet designated experts. Plaintiffs also object to this

28

request on the ground that it calls for the production of confidential and/or trade secret

information.  Plaintiffs will produce confidential and/or trade secret information once a

Protective Order is in place.  Plaintiffs object to this request on the ground that it is duplicative of

Requests No. 18 and 19.

Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive communications sufficient to evidence any confusion between the parties'

respective products and services, to the extent such documents exist, are not privileged, and are

in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 26:

All documents or things concerning any actual or possible consumer confusion or mistake as to the source, affiliation, association or sponsorship or any kind between your products and services offered in connection with any "ZeniMax Marks" described in paragraph 160 of the Complaint and any products or services offered by Oculus VR or Luckey.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  IN

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it is premature.  Fact discovery has just begun

29

and Plaintiffs continue to investigate the issues raised by this request. Additionally, Plaintiffs

object to this request on the ground that it calls for the production of confidential and/or trade

secret information. Plaintiffs will produce confidential and/or trade secret information once a

Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of

Requests No. 18, 19 and 25.

Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive communications sufficient to evidence any confusion between the parties'

respective products and services, to the extent such documents exist, are not privileged, and are

in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 27:

All documents or things concerning whether you and Oculus VR or Luckey are
competitors in any product or service market.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In

addition, Plaintiffs object to this request on the ground that it is premature. Fact discovery has

just begun and expert discovery has yet to begin. More importantly, the Parties have not yet

designated experts.  Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive communications sufficient to evidence any competition between the parties,

to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody,

or control.

## REQUEST FOR PRODUCTION NO. 28:

All documents or things concerning use by any Third Party of any "ZeniMax Marks"
described in paragraph 160 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity, or is protected under a non-disclosure, confidentiality or similar

agreement with a third-party to this litigation.  Plaintiffs also object to this request on the ground

that it seeks information or documents that are in the possession of Plaintiffs' former employees

now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this

request on the ground that it seeks documents that are in Defendants' own possession and not in

the possession of Plaintiffs, including through emails or source code sent to Defendants by

Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.  Plaintiffs object to this request on the ground that it is duplicative of Requests No. 18 and 19.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce responsive communications sufficient to identify the use of any "ZeniMax Marks" described in the Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 29:**

All documents or things concerning any objection, litigation, proceeding or other disputes relating to the use of any "ZeniMax Marks" described in paragraph 160 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it assumes the truth of facts not in evidence.  By responding to this request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its request.  Plaintiffs further object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce responsive communications sufficient to identify any litigations concerning the "ZeniMax Marks" described in the Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30:**

All documents or things concerning how and when you first became aware of Oculus VR or Luckey's alleged use of any "ZeniMax Marks" described in paragraph 160 of the Complaint and any documents and things regarding any subsequent communications concerning such use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.  Plaintiffs object to this request on the ground that it is duplicative of Requests No. 18 and 19.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive communications after a reasonably diligent search, to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 31:**

      All documents and things concerning any alleged harm or damages suffered by you from any of the conduct alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

      Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is premature.

Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the

Parties have not yet designated experts.  Plaintiffs further object to this request on the ground

that it calls for the production of confidential and/or trade secret information.  Plaintiffs will

produce confidential and/or trade secret information once a Protective Order is in place.

      Subject to a Protective Order entered in the case, Plaintiffs will produce responsive

documents sufficient to identify the damages suffered by Plaintiffs to the extent such documents

exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 32:**

      All documents and things that tend to support or undermine any of your claims in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

      Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is vague and

ambiguous, as it is unclear what is meant by the phrase "tend to support or undermine any of

your claims." Plaintiffs further object to this request on the ground that it seeks information or

documents that are in the possession of Plaintiffs' former employees now working at Oculus and

not in the possession of Plaintiffs.  In addition, Plaintiffs object to this request on the ground that

it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs,

including through emails or source code sent to Defendants by Plaintiffs.  Moreover, Plaintiffs

object to this request on the ground that it seeks legal conclusions.  Additionally, Plaintiffs object

to this request on the ground that it is premature.  Fact discovery has just begun and expert

discovery has yet to begin.  More importantly, the Parties have not yet designated experts.

**REQUEST FOR PRODUCTION NO. 33:**

　　　All documents and things relating to your investigation of the allegations made in the
Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

　　　Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.

**REQUEST FOR PRODUCTION NO. 34:**

　　　Documents sufficient to identify your current and former officers, directors, managers,
employees and consultants with personal knowledge of your alleged research or experimentation
concerning virtual reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

　　　Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify any employees and former employees involved in the research of virtual reality after a

reasonably diligent search, to the extent such documents exist, are not privileged, and are in

Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 35:**

All draft and final employment agreements concerning proprietary information including
employment agreements, invention assignment agreements, non-disclosure agreements and the
like and all related communications between you and any current and former officers, directors,
managers, employees and consultants with personal knowledge of your alleged research or
experimentation concerning virtual reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive employment and non-

disclosure agreements for any employees and former employees involved in the research of

virtual reality after a reasonably diligent search, to the extent such documents exist, are not

privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 36:**

A forensic image of all USB drives, hard drives, and similar removable media, whether
contained in laptops or desktops, used by any current and former officers, directors, managers,
employees and consultants with personal knowledge of your alleged research or experimentation
concerning virtual reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is overly broad

as to its request for the term "forensic image."  To respond to this request would require

Plaintiffs to forensically image at great time and cost all media associated with every current and

past employee of Plaintiffs who have ever been involved in the research of virtual reality.

Plaintiffs have preserved documents and information as explained in their letters of June 14,

2014 to Defendants.  Plaintiffs further object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  In addition, Plaintiffs object to this request on

the ground that it seeks documents that are in Defendants' own possession and not in the

possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Moreover, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify any employees and former employees involved in the research of virtual reality and

responsive documents sufficient to identify the virtual reality research each employee or former

employee had performed after a reasonably diligent search, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 37:**

A forensic image of all laptops or desktops used by any current and former officers,
directors, managers, employees and consultants with personal knowledge of your alleged
research or experimentation concerning virtual reality, including without limitation the
"ZeniMax computers" described in paragraph 4 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is overly broad

as to its request for the term "forensic image."  To respond to this request would require

Plaintiffs to forensically image at great time and cost all media associated with every current and

38

past employee of Plaintiffs who have ever been involved in the research of virtual reality.

Plaintiffs have preserved documents and information as explained in their letters of June 14,

2014 to Defendants.  Plaintiffs further object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  In addition, Plaintiffs object to this request on

the ground that it seeks documents that are in Defendants' own possession and not in the

possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Moreover, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify any employees and former employees involved in the research of virtual reality and

responsive documents sufficient to identify the virtual reality research each employee or former

employee had performed after a reasonably diligent search, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and things concerning your alleged investment or abandonment thereof in virtual reality technology including without limitation all financial records, analyses, strategies, budgets, projections, plans, notes, reports, recommendations and documents sufficient to identify all amounts described in paragraph 4 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is premature.

Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the

Parties have not yet designated experts.  Plaintiffs further object to this request on the ground

that it calls for the production of confidential and/or trade secret information.  Plaintiffs will

produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the financial investment made by Plaintiffs in virtual reality as discussed in the

Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs'

possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 39:

All documents and things concerning your belief in the viability or lack thereof of virtual
reality technology, including without limitation the Rift.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is vague and

ambiguous, as it is unclear what is meant by the phrase "your belief in the viability or the lack

thereof."  Plaintiffs further object to this request on the ground that it seeks information or

documents that are in the possession of Plaintiffs' former employees now working at Oculus and

not in the possession of Plaintiffs.  In addition, Plaintiffs object to this request on the ground that

it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs,

including through emails or source code sent to Defendants by Plaintiffs.  Moreover, Plaintiffs

object to this request on the ground that it is premature. Fact discovery has just begun and expert

discovery has yet to begin. More importantly, the Parties have not yet designated experts.

Additionally, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place. Plaintiffs object to this request on the

ground that it is duplicative of Request No. 38.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify any employees and former employees involved in the research of virtual reality and

responsive documents sufficient to identify the virtual reality research each employee or former

employee had performed after a reasonably diligent search, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and things concerning your evaluation of virtual reality technology,
including without limitation the Rift.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it is vague and

ambiguous, as it is unclear what is meant by the phrase "your evaluation." Plaintiffs further

object to this request on the ground that it seeks information or documents that are in the

possession of Plaintiffs' former employees now working at Oculus and not in the possession of

Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks documents that

41

are in Defendants' own possession and not in the possession of Plaintiffs, including through

emails or source code sent to Defendants by Plaintiffs.  Moreover, Plaintiffs object to this request

on the ground that it is premature.  Fact discovery has just begun and expert discovery has yet to

begin.  More importantly, the Parties have not yet designated experts.  Additionally, Plaintiffs

object to this request on the ground that it calls for the production of confidential and/or trade

secret information.  Plaintiffs will produce confidential and/or trade secret information once a

Protective Order is in place.  Plaintiffs object to this request on the ground that it is duplicative of

Request No. 38.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify any employees and former employees involved in the research of virtual reality, and

responsive documents sufficient to identify the virtual reality research each employee or former

employee had performed after a reasonably diligent search, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 41:

All documents and things concerning your alleged research and experimentation
concerning virtual reality, including without limitation all designs, notes, charts, schematics,
specifications and plans.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has

just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet

designated experts.  Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify any employees and former employees involved in the research of virtual reality and

responsive documents sufficient to identify the virtual reality research each employee or former

employee had performed after a reasonably diligent search, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and things concerning your decision to stop research and experimentation
concerning virtual reality, including without limitation all communications concerning the
direction you allegedly provided to Carmack referenced in paragraph 92 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is overly broad

as to its request for "[a]ll documents and things . . . including without limitation all

communications."  To respond to this request would require Plaintiffs to conduct an

unreasonably burdensome search into all documents, including electronic mail, of every current

and past employee of Plaintiffs.  Plaintiffs further object to this request on the ground that it

assumes the truth of facts not in evidence.  By responding to this request, Plaintiffs do not agree

to Defendants' characterization of the facts as presented in its request.  In addition, Plaintiffs

object to this request on the ground that it seeks information or documents that are in the

possession of Plaintiffs' former employees now working at Oculus and not in the possession of

Plaintiffs.  Moreover, Plaintiffs object to this request on the ground that it seeks documents that

are in Defendants' own possession and not in the possession of Plaintiffs, including through

emails or source code sent to Defendants by Plaintiffs.  Additionally, Plaintiffs object to this

request on the ground that it calls for the production of confidential and/or trade secret

information.  Plaintiffs will produce confidential and/or trade secret information once a

Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify any employees and former employees involved in the research of virtual reality, and

responsive documents sufficient to identify the virtual reality research each employee or former

employee had performed after a reasonably diligent search, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and things concerning your attempts to patent any technology relating to
virtual reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

44

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it is premature.  Fact discovery has just begun

and expert discovery has yet to begin.  More importantly, the Parties have not yet designated

experts.  Additionally, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive patents, publications, and

prosecution correspondence regarding virtual reality to the extent such documents exist, are not

privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and things concerning all versions and prototypes of virtual reality HMDs
and related tangible equipment that you obtained, developed, or tested, including without
limitation the "off-the-shelf headsets" described in paragraph 25 of the Complaint, the equipment
pictured in paragraph 27 of the Complaint, and all equipment you received from Virtual
Realities, eMagin, or Sony.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify the headsets and equipment identified in paragraphs 25 and 27 of the Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and things concerning "customized firmware" referenced in paragraph 55 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In

46

addition, Plaintiffs object to this request on the ground that it is premature. Fact discovery has

just begun and expert discovery has yet to begin. More importantly, the Parties have not yet

designated experts. Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the customized firmware discussed in paragraph 55 of the Complaint to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 46:

All documents and things concerning Hillcrest Labs, including without limitation all
communications with Third Parties regarding motion sensors and related firmware offered by
Hillcrest Labs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity, or is protected under a non-disclosure, confidentiality or similar

agreement with a third-party to this litigation. Plaintiffs also object to this request on the ground

that it is overly broad as to its request for "[a]ll documents and things . . . including without

limitation all communications." To respond to this request would require Plaintiffs to conduct an

unreasonably burdensome search into all documents, including electronic mail, of every current

and past employee of Plaintiffs. Plaintiffs further object to this request on the ground that it

seeks information or documents that are in the possession of Plaintiffs' former employees now

working at Oculus and not in the possession of Plaintiffs. In addition, Plaintiffs object to this

request on the ground that it seeks documents that are in Defendants' own possession and not in

the possession of Plaintiffs, including through emails or source code sent to Defendants by

Plaintiffs.  Moreover, Plaintiffs object to this request on the ground that it calls for the production

of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive communications received by or sent to Carmack regarding Hillcrest Labs'

sensors and firmware, to the extent such documents exist, are not privileged, and are in Plaintiffs'

possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and things concerning the application of any of your games in virtual
reality, including without limitation *Doom 3 BFG*, *Rage* and *Skyrim*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has

just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet

designated experts.  Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce the underlying computer source code

for the confidential, trade secret, and copyrighted information described in the Complaint to the

extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or

control.

## REQUEST FOR PRODUCTION NO. 48:

All documents and things concerning your requests for, receipt of, or use of any
hardware, software, firmware or information concerning virtual reality from Oculus VR or
Luckey.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is overly broad

as to its request for "[a]ll documents and things."  To respond to this request would require

Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic

mail, of every current and past employee of Plaintiffs.  Plaintiffs further object to this request on

the ground that it seeks information or documents that are in the possession of Plaintiffs' former

employees now working at Oculus and not in the possession of Plaintiffs.  In addition, Plaintiffs

object to this request on the ground that it seeks documents that are in Defendants' own

possession and not in the possession of Plaintiffs, including through emails or source code sent to

Defendants by Plaintiffs.  Moreover, Plaintiffs object to this request on the ground that it calls for

49

**App. 334**

the production of confidential and/or trade secret information.  Plaintiffs will produce

confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify communications between Oculus or Palmer Luckey and employees and former

employees of Plaintiffs identified in Plaintiffs' Initial Disclosures, to the extent such documents

exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 49:

All documents and things concerning your alleged research and experimentation
concerning the Rift, including without limitation all hardware, software and firmware
"modifications" "improvements" "enhancements" described in Paragraphs 3-9 and 29-31 of the
Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has

just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet

designated experts.  Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the research and development of the confidential, trade secret, and copyrighted

information identified in the Complaint, to the extent such documents exist, are not privileged,

and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and things concerning any hardware, software, firmware or information
concerning virtual reality you allege you provided to Oculus VR or Luckey, including without
limitation any information you provided via a file transfer protocol.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is overly broad

as to its request for "[a]ll documents and things."  To respond to this request would require

Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic

mail, of every current and past employee of Plaintiffs.  Plaintiffs further object to this request on

the ground that it seeks information or documents that are in the possession of Plaintiffs' former

employees now working at Oculus and not in the possession of Plaintiffs.  In addition, Plaintiffs

object to this request on the ground that it seeks documents that are in Defendants' own

possession and not in the possession of Plaintiffs, including through emails or source code sent to

Defendants by Plaintiffs.  Moreover, Plaintiffs object to this request on the ground that it is

premature.  Fact discovery has just begun and expert discovery has yet to begin.  More

importantly, the Parties have not yet designated experts.  In addition, Plaintiffs object to this

request on the ground that it calls for the production of confidential and/or trade secret

information.  Plaintiffs will produce confidential and/or trade secret information once a

Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify communications between Oculus or Palmer Luckey and employees and former

employees of Plaintiffs identified in Plaintiffs' Initial Disclosures, to the extent such documents

exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and things concerning the Oculus DK1, including without limitation
documents sufficient to identify any technology you allege to have contributed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has

just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet

designated experts.  Moreover, Plaintiffs object to this request on the ground that it calls for the

52

**App. 337**

production of confidential and/or trade secret information. Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place. Plaintiffs object to this

request on the ground that it is duplicative of Request No. 38.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents regarding the

confidential, trade secret, and copyrighted information described in the Complaint to the extent

such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and things concerning the Oculus SDK, including without limitation your
review of the SDK prior to its publication and documents sufficient to identify any code you
allege to have contributed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In

addition, Plaintiffs object to this request on the ground that it is premature. Fact discovery has

just begun and expert discovery has yet to begin. More importantly, the Parties have not yet

designated experts. Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 50 and 51.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify the confidential, trade secret, and copyrighted information described in the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 53:**

All documents and things concerning game demonstrations you scheduled or conducted on or around E3 2012, including without limitations the game demonstration described in paragraphs 7 and 37-41 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

**App. 339**

identify the demonstrations scheduled or conducted in or around E3 2012 to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control, as well

as responsive documents concerning the demonstrations described in the Complaint to the extent

such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 54:

All documents and things concerning your efforts to generate publicity for *Doom 3 BFG*, including without limitation financial records, analyses, strategies, budgets, projections, plans, notes, reports, recommendations, marketing materials, advertisements, presentations, promotions, and discounts offers.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it is overly broad

as to its request for "[a]ll documents and things." To respond to this request would require

Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic

mail, of every current and past employee of Plaintiffs. Plaintiffs further object to this request on

the ground that it calls for the production of confidential and/or trade secret information.

Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in

place. Plaintiffs object to this request on the ground that it is duplicative of Request No. 53.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the general marketing efforts by Plaintiffs in connection with the release of Doom 3

BFG Edition, to the extent such documents exist, are not privileged, and are in Plaintiffs'

possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 55:**

All documents and things concerning your plans to develop, pursue, invest in, abandon or reject Rift support for *Doom 3 BFG*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.  Plaintiffs object to this request on the

ground that it is duplicative of Request No. 54.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the efforts made by Plaintiffs to support or not support the Rift in Doom 3 BFG Edition,

to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody,

or control.

**REQUEST FOR PRODUCTION NO. 56:**

All documents and things concerning game demonstrations you scheduled or conducted on or around QuakeCon 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.
Plaintiffs object to this request on the ground that it seeks the production of documents protected
by attorney-client privilege, the work product doctrine, third-party privilege or other applicable
privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks
information or documents that are in the possession of Plaintiffs' former employees now working
at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the
ground that it seeks documents that are in Defendants' own possession and not in the possession
of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In
addition, Plaintiffs object to this request on the ground that it calls for the production of
confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade
secret information once a Protective Order is in place.  Plaintiffs object to this request on the
ground that it is duplicative of Request No. 54.

Subject to and without waiver of General and Specific Objections, and subject to a
Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to
identify the demonstrations described in the Complaint to the extent such documents exist, are
not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 57:**

All documents and things concerning demonstrations of Rift prototypes scheduled or
conducted on or around QuakeCon 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.
Plaintiffs object to this request on the ground that it seeks the production of documents protected
by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the demonstrations  scheduled or conducted in or around QuakeCon 2012 to the extent

such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control, as

well as responsive documents concerning the demonstrations described in the Complaint to the

extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or

control.

## REQUEST FOR PRODUCTION NO. 58:

All documents and things concerning the panel discussion described in paragraph 67 of
the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 59:**

All documents and things concerning Oculus VR or Luckey developing, designing,
programming, testing, demonstrating, and marketing of the Rift, including without limitation
demonstrations conducted at QuakeCon 2012, Unite 2012, PaxPrime 2012, Gamescom 2012,
and CES 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.  Plaintiffs object to this request on the

ground that it is duplicative of Requests No. 53, 54, 56, 57, and 58.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the demonstrations  scheduled or conducted in or around the events described in this

Request to the extent such documents exist, are not privileged, and are in Plaintiffs' possession,

custody, or control, as well as responsive documents concerning the demonstrations described in

the Complaint to the extent such documents exist, are not privileged, and are in Plaintiffs'

possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 60:**

       All documents and things concerning game demonstrations you scheduled or conducted
on or around CES 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

       Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.  Plaintiffs object to this request on the

ground that it is duplicative of Request No. 59.

       Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the demonstrations  scheduled or conducted in or around CES 2013 to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control, as well

as responsive documents concerning the demonstrations described in the Complaint to the extent

such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 61:**

Oculus VR and Luckey request that you permit the inspection of all versions and prototypes of virtual reality hardware or software that you allege contain your proprietary information including without limitation all hardware and software described in paragraphs 4, 24, at 155 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is seeking an

improper inspection of property pursuant to Federal Rule 34.  Plaintiffs further object to this

request on the ground that it calls for the production of confidential and/or trade secret

information.  Plaintiffs will produce confidential and/or trade secret information once a

Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs are willing to meet and confer regarding an

appropriate date, time, and protocol for inspection.

**REQUEST FOR PRODUCTION NO. 62:**

Oculus VR and Luckey request that you permit the inspection of all versions and prototypes of virtual reality HMDs and related tangible equipment that you obtained, developed, or tested, including without limitation the "off-the-shelf headsets" described in paragraph 25 of the Complaint, the equipment pictured in paragraph 27 of the Complaint, and all equipment you received from Virtual Realities, eMagin, or Sony.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it is seeking an improper inspection of property pursuant to Federal Rule 34. Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Request No. 61.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs are willing to meet and confer regarding an appropriate date, time, and protocol for inspection.

**REQUEST FOR PRODUCTION NO. 63:**

Oculus VR and Luckey request that you permit the inspection of all hardware, software or firmware you received from Oculus VR or Luckey, including without limitations all versions and prototypes of the Rift prototype(s) and related tangible equipment you received in advance of E3 2012 or QuakeCon 2012.

**App. 347**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it is seeking an improper inspection

of property pursuant to Federal Rule 34.  Moreover, Plaintiffs object to this request on the

ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs

will produce confidential and/or trade secret information once a Protective Order is in place.

Plaintiffs object to this request on the ground that it is duplicative of Requests No. 53, 56, 57,

and 61.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs are willing to meet and confer regarding an

appropriate date, time, and protocol for inspection.

**REQUEST FOR PRODUCTION NO. 64:**

Oculus VR and Luckey request that you permit the inspection of all tangible equipment
used or brought by you to E3 2012 for use in game demonstrations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

63

**App. 348**

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is seeking an improper inspection of property pursuant to Federal Rule 34. Plaintiffs further object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 53, 61, and 63.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs are willing to meet and confer regarding an appropriate date, time, and protocol for inspection.

**REQUEST FOR PRODUCTION NO. 65:**

Oculus VR and Luckey request that you permit the inspection of all tangible equipment used or brought by you to QuakeCon 2012 for use in game demonstrations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is seeking an improper inspection of property pursuant to Federal Rule 34. Plaintiffs further object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 56, 57, and 61.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs are willing to meet and confer regarding an appropriate date, time, and protocol for inspection.

**REQUEST FOR PRODUCTION NO. 66:**

All documents and things concerning the alleged "Non-Disclosure Agreement" between you and Luckey, including without limitation all draft documents and alleged final documents and related communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to identify draft and final versions of the Non-Disclosure Agreement as well as communications regarding the Non-Disclosure Agreement, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 67:**

All written documents you allege modified or amended the alleged "Non-Disclosure Agreement" between you and Luckey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents regarding Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 68:**

All written documents you allege define the term "Proper Purpose" referenced in paragraph 34 of the Complaint.

**App. 351**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it calls for the production of confidential

and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret

information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents regarding

Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 69:**

All documents and things concerning your performance or nonperformance pursuant to
the alleged "Non-Disclosure Agreement" between you and Luckey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it calls for the production of confidential

and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret

information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents regarding

Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and things concerning your allegation that Oculus VR "knew and had
reason to know that Luckey received [proprietary] information pursuant to the Non-Disclosure
Agreement" in paragraph 135 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover,

Plaintiffs object to this request on the ground that it calls for the production of confidential

and/or trade secret information. Plaintiffs will produce confidential and/or trade secret

information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents regarding

Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 71:

All documents and things concerning your allegation that Oculus VR was bound by the
"Non-Disclosure Agreement" by its "action and conduct" as reference in paragraphs 136 and 142
of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 71:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover,

Plaintiffs object to this request on the ground that it calls for the production of confidential

and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents regarding Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 72:**

All documents and things concerning any alleged breach of the "Non-Disclosure Agreement" by Luckey or Oculus VR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks legal conclusions. Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents regarding

70

Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 73:**

      All documents and things concerning proprietary information you allegedly provided to Luckey or Oculus VR pursuant to the "Non-Disclosure Agreement."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

      Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it is premature.  Fact discovery has

just begun and expert discovery has yet to begin.  More importantly, the Parties have not yet

designated experts.  Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

      Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents regarding

Plaintiffs' breach of contract claim after a reasonably diligent search, to the extent such

documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 74:**

All documents and things concerning any employment agreements between you and Carmack, including without limitation all drafts, revisions, modifications, amendments of the employment agreements and related communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce written agreements between Plaintiffs and John Carmack, and any amendments thereto, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 75:**

All documents and things concerning your ownership or lack thereof of any intellectual property created by Carmack while Carmack was employed by you.

**App. 357**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it calls for the production of confidential

and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret

information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce written agreements between

Plaintiffs and John Carmack, and any amendments thereto, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 76:**

All documents and things concerning your performance or nonperformance pursuant to
the employment agreement between you and Carmack.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is not relevant to

the extent it seeks documents that are beyond the scope of this litigation and not calculated to

lead to the discovery of admissible evidence.  Plaintiffs further object to this request on the

ground that it seeks information or documents that are in the possession of Plaintiffs' former

employees now working at Oculus and not in the possession of Plaintiffs.  In addition, Plaintiffs

object to this request on the ground that it seeks documents that are in Defendants' own

possession and not in the possession of Plaintiffs, including through emails or source code sent to

Defendants by Plaintiffs.  Moreover, Plaintiffs object to this request on the ground that it seeks

legal conclusions.  Additionally, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce written agreements between

Plaintiffs and John Carmack, and any amendments thereto, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 77:**

All documents and things concerning any alleged breach the employment agreement
between you and Carmack.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is not relevant to

the extent it seeks documents that are beyond the scope of this litigation and not calculated to

lead to the discovery of admissible evidence.  Plaintiffs further object to this request on the

ground that it seeks information or documents that are in the possession of Plaintiffs' former

employees now working at Oculus and not in the possession of Plaintiffs.  In addition, Plaintiffs

object to this request on the ground that it seeks documents that are in Defendants' own

possession and not in the possession of Plaintiffs, including through emails or source code sent to

Defendants by Plaintiffs.  Moreover, Plaintiffs object to this request on the ground that it seeks

legal conclusions.  Additionally, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.  Plaintiffs object to this

request on the ground that it is duplicative of Requests No. 56, 57, and 61.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce written agreements between

Plaintiffs and John Carmack, and any amendments thereto, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 78:**

All documents and things concerning the expiration or renewal of employment agreement
between you and Carmack, including without limitation all term sheets, draft documents and
related communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

App. 360

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce written agreements between

Plaintiffs and John Carmack, and any amendments thereto, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 79:**

All documents and things concerning the alleged technical advisor agreement between
you and Carmack, including without limitation all term sheets, draft documents and related
communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In

addition, Plaintiffs object to this request on the ground that it calls for the production of

confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade

secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce written agreements between

Plaintiffs and John Carmack, and any amendments thereto, to the extent such documents exist,

are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 80:**

All documents and things concerning Carmack's publication of Latency Mitigation Strategies on or about February 22, 2013, including without limitation any communications between you and Carmack "allowing [Carmack] to publish this openly."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is overly broad

as to its request for "[a]ll documents and things . . . including without limitation any

communications."  To respond to this request would require Plaintiffs to conduct an

unreasonably burdensome search into all documents, including electronic mail, of every current

and past employee of Plaintiffs.  Plaintiffs further object to this request on the ground that it

seeks information or documents that are in the possession of Plaintiffs' former employees now

working at Oculus and not in the possession of Plaintiffs.  In addition, Plaintiffs object to this

request on the ground that it seeks documents that are in Defendants' own possession and not in

the possession of Plaintiffs, including through emails or source code sent to Defendants by

Plaintiffs.  Moreover, Plaintiffs object to this request on the ground that it seeks legal

conclusions.  Additionally, Plaintiffs object to this request on the ground that it is premature.

Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the

Parties have not yet designated experts.  Plaintiffs also object to this request on the ground that it

calls for the production of confidential and/or trade secret information.  Plaintiffs will produce

confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify the Latency Mitigation Strategies publication and communications related thereto, to the

extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or

control.

## REQUEST FOR PRODUCTION NO. 81:

All documents and things concerning Carmack's communications with any HMD makers
other than Oculus VR or Luckey, including but not limited to Virtual Realities, eMagin, and
Sony.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity, or is protected under a non-disclosure, confidentiality or similar

agreement with a third-party to this litigation.  Plaintiffs also object to this request on the ground

that it seeks information or documents that are in the possession of Plaintiffs' former employees

now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this

request on the ground that it seeks documents that are in Defendants' own possession and not in

the possession of Plaintiffs, including through emails or source code sent to Defendants by

Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

78

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce responsive communications received by or sent to Carmack regarding his virtual reality research and development, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 82:

All documents and things concerning Carmack's communications with any makers of game consoles, platforms, peripherals, accessories, graphics cards, other than Oculus VR or Luckey including but not limited to Sony, NVIDIA, and Intel.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.  Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce responsive communications received by or sent to Carmack regarding his virtual reality

research and development, to the extent such documents exist, are not privileged, and are in

Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 83:**

All documents and things concerning the employment of Carmack or any of your former employees by Oculus VR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is vague and

ambiguous, as it is unclear what is meant by the phrase "concerning the employment."  Plaintiffs

further object to this request on the ground that it seeks information or documents that are in the

possession of Plaintiffs' former employees now working at Oculus and not in the possession of

Plaintiffs.  In addition, Plaintiffs object to this request on the ground that it seeks documents that

are in Defendants' own possession and not in the possession of Plaintiffs, including through

emails or source code sent to Defendants by Plaintiffs.  Moreover, Plaintiffs object to this request

on the ground that it calls for the production of confidential and/or trade secret information.

Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in

place.  Plaintiffs object to this request on the ground that it is duplicative of Requests No. 74, 76,

and 79.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce written agreements between

Plaintiffs and John Carmack and other former employees identified in paragraph 97 of the

Complaint, and any amendments thereto, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 84:**

All documents and things concerning the resignation of your former employees on or around February 17, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place. Plaintiffs object to this request on the ground that it is duplicative of Requests No. 74, 76, 79, and 83.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce the employment file of John Carmack and other former employees identified in paragraph 97 of the Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 85:**

If you contend that any of your former employees other than Carmack who are currently employed by Oculus VR had access to your proprietary information regarding virtual reality,

documents sufficient to identify all such former employees and all such proprietary information regarding virtual reality.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 86:

All documents and things concerning the Kickstarter campaign for the Oculus Rift referenced in paragraphs 48-49 and 57-63 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other

applicable privilege or immunity. Plaintiffs further object to this request on the ground that it is

overly broad as to its request for "[a]ll documents and things." To respond to this request would

require Plaintiffs to conduct an unreasonably burdensome search into all documents, including

electronic mail, of every current and past employee of Plaintiffs. In addition, Plaintiffs object to

this request on the ground that it seeks information or documents that are in the possession of

Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.

Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own

possession and not in the possession of Plaintiffs, including through emails or source code sent to

Defendants by Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it calls for

the production of confidential and/or trade secret information. Plaintiffs will produce

confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive communications sent to

or received by employees and former employees identified in Plaintiffs' Initial Disclosures, to the

extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or

control.

**REQUEST FOR PRODUCTION NO. 87:**

All documents and things concerning any partnership with, investment in, equity
ownership of Oculus VR by you, including without limitation the proposals referenced in
paragraphs 50, 53, 71, 74, 77-79, 82-23, 88, 91.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it is overly broad

83

as to its request for "[a]ll documents and things." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce responsive communications sent to or received by employees and former employees identified in Plaintiffs' Initial Disclosures, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 88:

All documents and things concerning seed funding, Series A funding or Series B funding for Oculus VR, including without limitation the "investor prospectus[es]" described in paragraphs 80 and 88 of the Complaint .

## RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this request on the ground that it is overly broad as to its request for "[a]ll documents and things." To respond to this request would

84

require Plaintiffs to conduct an unreasonably burdensome search into all documents, including

electronic mail, of every current and past employee of Plaintiffs.  In addition, Plaintiffs object to

this request on the ground that it seeks information or documents that are in the possession of

Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs.

Moreover, Plaintiffs object to this request on the ground that it seeks documents that are in

Defendants' own possession and not in the possession of Plaintiffs, including through emails or

source code sent to Defendants by Plaintiffs.  Additionally, Plaintiffs object to this request on the

ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs

will produce confidential and/or trade secret information once a Protective Order is in place.

     Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive communications sent to or received by employees and former employees

identified in Plaintiffs' Initial Disclosures, to the extent such documents exist, are not privileged,

and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 89:

     All documents and things concerning the announcement of the proposed acquisition of
Oculus VR referenced in paragraph 101 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 89:

     Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is overly broad

as to its request for "[a]ll documents and things."  To respond to this request would require

Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic

mail, of every current and past employee of Plaintiffs.  Plaintiffs further object to this request on

the ground that it seeks information or documents that are in the possession of Plaintiffs' former

employees now working at Oculus and not in the possession of Plaintiffs.  In addition, Plaintiffs

object to this request on the ground that it seeks documents that are in Defendants' own

possession and not in the possession of Plaintiffs, including through emails or source code sent to

Defendants by Plaintiffs.  Moreover, Plaintiffs object to this request on the ground that it calls for

the production of confidential and/or trade secret information.  Plaintiffs will produce

confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive communications regarding the announcement of the proposed acquisition of

Oculus VR sent to or received by employees and former employees identified in Plaintiffs' Initial

Disclosures, to the extent such documents exist, are not privileged, and are in Plaintiffs'

possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 90:**

All versions of virtual reality-related Source Code you obtained, developed, or tested,
including without limitation, all "copyrighted computer code, trade secret information, and
technical know-how" described in paragraph 1 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.  In

addition, Plaintiffs object to this request on the ground that it seeks legal conclusions.  Moreover,

Plaintiffs object to this request on the ground that it is premature.  Fact discovery has just begun

and expert discovery has yet to begin.  More importantly, the Parties have not yet designated

experts.  Additionally, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.  Plaintiffs object to this

request on the ground that it is duplicative of Request No. 5.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce the underlying computer source code

for the confidential, trade secret, and copyrighted information described in the Complaint to the

extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or

control.

**REQUEST FOR PRODUCTION NO. 91:**

All documents and things concerning any similarities or differences between the parties'
Source Code or software products, including without limitation, all documents and things
concerning the testing thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.  Plaintiffs further object to this request on the

87

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.   In

addition, Plaintiffs object to this request on the ground that it is premature.   Fact discovery has

just begun and expert discovery has yet to begin.   More importantly, the Parties have not yet

designated experts.   Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information.   Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce the underlying computer source code

for the confidential, trade secret, and copyrighted information described in the Complaint to the

extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or

control.

**REQUEST FOR PRODUCTION NO. 92:**

All documents and things concerning the destruction or loss of any virtual reality-related
Source Code, including without limitation, all "copyrighted computer code, trade secret
information, and technical know-how" described in paragraph 1 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.   Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs.   Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.   In

addition, Plaintiffs object to this request on the ground that it is premature. Fact discovery has

just begun and expert discovery has yet to begin. More importantly, the Parties have not yet

designated experts. Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place. Plaintiffs object to this

request on the ground that it is duplicative of Request No. 5.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce the underlying computer source code

for the confidential, trade secret, and copyrighted information described in the Complaint to the

extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or

control.

## REQUEST FOR PRODUCTION NO. 93:

All documents and things concerning any reimplementation or modification by John
Carmack or any ZeniMax employee of any Source Code provided by Defendants to Plaintiffs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 93:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it seeks

information or documents that are in the possession of Plaintiffs' former employees now working

at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the

ground that it seeks documents that are in Defendants' own possession and not in the possession

of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In

addition, Plaintiffs object to this request on the ground that it is premature. Fact discovery has

just begun and expert discovery has yet to begin. More importantly, the Parties have not yet

designated experts. Moreover, Plaintiffs object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce the underlying computer source code

for the confidential, trade secret, and copyrighted information described in the Complaint to the

extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or

control.

**REQUEST FOR PRODUCTION NO. 94:**

All documents and things concerning any reimplementation or modification by John
Carmack or any ZeniMax employee of any Source Code provided by Defendants to Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Plaintiffs incorporate their response to Request No. 93.

**REQUEST FOR PRODUCTION NO. 95:**

All documents sufficient to describe the history of your business, including without
limitation the date of founding, ownership changes, name changes, names of all predecessors
entities, and all subsidiaries and affiliates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it is overly broad

as to its request for "[a]ll documents." To respond to this request would require Plaintiffs to

conduct an unreasonably burdensome search into all documents, including electronic mail, of

every current and past employee of Plaintiffs. Plaintiffs further object to this request on the

ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "documents

sufficient to describe the history of your business." In addition, Plaintiffs object to this request

on the ground that it calls for the production of confidential and/or trade secret information.

Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in

place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce documents sufficient to identify the

corporate relationship between Plaintiffs, to the extent such documents exist, are not privileged,

and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 96:**

All documents sufficient to demonstrate your internal organization and personnel
structure, such as organization charts, internal directories, or personnel lists for all time periods
beginning from the first year in which you claim to have conducted research or experimentation
concerning virtual reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity. Plaintiffs also object to this request on the ground that it calls for the

production of confidential and/or trade secret information. Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce an organizational chart of key

employees of Plaintiffs, as well as documents sufficient to identify current and former employees

91

of Plaintiffs, to the extent such documents exist, are not privileged, and are in Plaintiffs'

possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 97:**

All documents and things concerning your revenues, earnings, or profits including
without limitation investor presentations, annual reports, annual statements, corporate
statements, financial statements, income statements, balance sheets, budgets, projections,
business plans, marketing plans, pro formas, and the like for all time periods beginning from the
first year in which you claim to have conducted research or experimentation concerning virtual
reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it calls for the

production of confidential and/or trade secret information.  Plaintiffs will produce confidential

and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a

Protective Order entered in the case, Plaintiffs will produce responsive documents sufficient to

identify its annual revenues and profits for each fiscal year from 2011 to the present, and

responsive documents sufficient to identify the financial investment made by Plaintiffs in virtual

reality as discussed in the Complaint, to the extent such documents exist, are not privileged, and

are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 98:**

All documents and things concerning your annual management meetings, including
without limitation meeting agendas, presentations, reports, notes, minutes, and the like for all
time periods beginning from the first year in which you claim to have conducted research or
experimentation concerning virtual reality.

**App. 377**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.

**REQUEST FOR PRODUCTION NO. 99:**

All documents and things concerning the management committee of id Software including without limitation meeting agendas, presentations, reports, notes, minutes, and the like for all time periods beginning from the first year in which you claim to have conducted research or experimentation concerning virtual reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.

**REQUEST FOR PRODUCTION NO. 100:**

All documents and things concerning your communications to investors, media, and other Third Parties concerning virtual reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity, or is protected under a non-disclosure, confidentiality or similar

agreement with a third-party to this litigation.  Plaintiffs also object to this request on the ground

that it is overly broad as to its request for "[a]ll documents and things."  To respond to this

request would require Plaintiffs to conduct an unreasonably burdensome search into all

93

documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs

further object to this request on the ground that it seeks information or documents that are in the

possession of Plaintiffs' former employees now working at Oculus and not in the possession of

Plaintiffs. In addition, Plaintiffs object to this request on the ground that it seeks documents that

are in Defendants' own possession and not in the possession of Plaintiffs, including through

emails or source code sent to Defendants by Plaintiffs. Moreover, Plaintiffs object to this request

on the ground that it calls for the production of confidential and/or trade secret information.

Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in

place. Plaintiffs object to this request on the ground that it is duplicative of Request No. 2.

Subject to and without waiver of General and Specific Objections, and subject to any

third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will

produce responsive documents sufficient to identify communications regarding virtual reality

sent to or received by employees and former employees identified in Plaintiffs' Initial

Disclosures, to the extent such documents exist, are not privileged, and are in Plaintiffs'

possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 101:**

All documents and things concerning your acquisition of id Software, including without
limitation all communications, meeting notes, projections models, valuations, memoranda,
correspondence, agreements, proposals and presentations concerning all id Software "intellectual
property and franchise assets" you claim were acquired in paragraph 21 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity, or is protected under a non-disclosure, confidentiality or similar

agreement with a third-party to this litigation. Plaintiffs also object to this request on the ground that it seeks legal conclusions. Plaintiffs further object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce documents sufficient to identify the intellectual property acquired from id Software as referenced in paragraph 21 of the Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 102:**

All documents and things upon which you intend to question any witness, whether at deposition, hearing or trial, or that you intend to introduce at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts.

**REQUEST FOR PRODUCTION NO. 103:**

All documents and things provided to any individual who you may use to present evidence of the kind admissible under Federal Rules of Evidence 701, 702, 703, or 705.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts.

## REQUEST FOR PRODUCTION NO. 104:

All documents in any way concerning this action provided to, reviewed by, relied upon or created by any expert witness disclosed by you pursuant to Federal Rule of Civil Procedure 26(a)(2).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 104:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Plaintiffs further object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce documents relied upon by their expert witnesses in their respective reports, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 905:

All documents and things relating to experts or consultants retained by you in connection with this litigation, including any retainer or consulting agreement, any *curriculum vitae*, and the expert's or consultant's articles or other publications.

96

**App. 381**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 905:**

Plaintiffs assume Defendants intended to number Request No. 905 as Request No. 105.

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs. Plaintiffs further object to this request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs. In addition, Plaintiffs object to this request on the ground that it is premature. Fact discovery has just begun and expert discovery has yet to begin. More importantly, the Parties have not yet designated experts. Moreover, Plaintiffs object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce engagement agreements and *curricula vitae* for their testifying experts to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 106:**

All documents and things furnished to, or discussed with, any fact witness contacted, interviewed, or consulted by you or your agents or attorneys in connection with this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.

**REQUEST FOR PRODUCTION NO. 107:**

All documents and things identified, relied upon, or referred to in preparing your
responses to interrogatories, requests for production, or requests for admission in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.

**REQUEST FOR PRODUCTION NO. 108:**

All documents and things identified, relied upon, or referred to in preparing subpoenas,
interrogatories, requests for production, or requests for admission in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.

**REQUEST FOR PRODUCTION NO. 109:**

All documents and things referenced, described or categorized in your Rule 26 initial
disclosures.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 109:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it calls for the production of confidential and/or trade secret information.  Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to a Protective Order entered in the case, Plaintiffs will produce responsive documents after a reasonably diligent search, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 110:

All documents and things concerning any communication to or from any of the individuals identified in in your Rule 26 initial disclosures concerning the subject matter of this litigation, Oculus VR or Luckey.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 110:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this request on the ground that it is overly broad as to its request for "[a]ll documents and things concerning any communication."  To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

99

**App. 384**

Dated:    June 12, 2015

Respectfully submitted,

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
    **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

**App. 385**

## CERTIFICATE OF SERVICE

I, Kurt Wm. Hemr, counsel for Plaintiffs, do hereby certify that on June 12, 2015, I caused a true and correct copy of the foregoing *ZeniMax Media Inc. And id Software LLC's First Amended And Superseding Responses And Objections To Defendants' First Set Of Requests For Production Of Documents And Things To Plaintiffs* to be served on Defendants by electronic mail to the following addresses: FacebookOculusZenimaxMediaInc@cooley.com and rsmith@lynnllp.com.

Dated: June 12, 2015

Kurt Wm. Hemr

101

**App. 386**