IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | § § § | |
| Plaintiffs, | § § | |
| | § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | § § | |
| OCULUS VR, LLC PALMER LUCKEY, and FACEBOOK, INC. | § § § § | |
| Defendants. | § § | |

## ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS

Pursuant to the Federal Rules of Civil Procedure, ZeniMax Media Inc. and id Software LLC (collectively, "Plaintiffs") hereby serve these Responses and Objections to Defendants' Second Set of Requests for Production of Documents and Things to Plaintiffs.

## GENERAL RESPONSES AND OBJECTIONS

Plaintiffs assert the following General Objections. Each Specific Response to a Request is subject to, and limited in accordance with, the following General Objections, which are incorporated as if fully set forth therein. The following General Objections are not waived, or in any way limited by, the Specific Responses and Objections. Although Specific Objections are also interposed in response to individual Requests, Plaintiffs' failure to repeat any part of its General Objections shall not be construed as a waiver of its objections.

1.      The Specific Responses set forth below are for the purposes of discovery only, and Plaintiffs expressly reserve any and all objections they may have to the relevance, competence, materiality, admissibility, or use at deposition, hearing or trial of any information stated, produced, identified, or referred to herein. Plaintiffs also expressly reserve their right to rely upon additional documents or information not included in the Specific Responses at any later time including at deposition, hearing or trial.

2.      An objection to a specific Request or a willingness to provide a Specific Response does not imply, and should not be construed as an acknowledgement, that any such records are actually available or exist.



**EXHIBIT**

**5**

**App. 387**

3.    Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, or any other applicable law or rule.

4.    Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they are vague, ambiguous, non-specific, or confusing and thus not susceptible to a reasoned interpretation or response.

5.    Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they seek information that is not relevant to the claims or defenses of either party, and thus not reasonably calculated to lead to the discovery of admissible evidence.

6.    Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they are duplicative, cumulative, and/or seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

7.    Plaintiffs object to the Requests, Definitions, and Instructions to the extent they are overly broad, overly expansive, oppressive, and/or unduly burdensome and would impose upon Plaintiffs an unreasonable burden of inquiry, or to the extent they seek information not within Plaintiffs' possession, custody or control.   Plaintiffs also object to the Requests, Definitions, and Instructions as unduly burdensome to the extent that the information requested is within the knowledge of Defendants, can be determined by referring to documents within the possession, custody or control of Defendants, is within the public domain, or is otherwise more readily or equally available to Defendants and thus more conveniently obtained by Defendants.

8.    Plaintiffs object to the definition of "ZeniMax," "id Software," "Plaintiffs," "you," and "your" in Definition Nos. 1-4 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence.   For purposes of answering these Requests, Plaintiffs use the term "ZeniMax" to mean ZeniMax Media Inc., "id Software" to mean id Software LLC, and "Plaintiffs" to mean both ZeniMax Media Inc. and id Software LLC, only.

9.    Plaintiffs object to Defendant's definition of "communication," "concerning," "document," "things," "person," "persons," and "related to" in Definition Nos. 13-18 as unduly burdensome, potentially beyond the discovery obligations set forth in the Federal Rules of Civil Procedure, and not reasonably calculated to lead to the discovery of admissible evidence.   For the purposes of answering these Interrogatories, Plaintiffs use and interpret the above-referenced terms according to their plain meaning and common sense usage.

10.    Plaintiffs object to the Requests, Definitions, and Instructions to the extent they call for production of documents dated prior to January 1, 2011.   Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.   Unless otherwise noted, Plaintiffs will produce responsive documents dated on or after January 1, 2011.

11.     Plaintiffs object to the Instructions purporting to describe the manner in which Plaintiffs are to produce documents and things. Plaintiffs will produce documents, including electronically stored information, subject to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, the parties' Joint Conference Report, and any joint discovery agreements that may be executed between the parties.

12.     Plaintiffs object to the Requests, Definitions, and Instructions to the extent they seek information or the production of documents subject to any confidentiality or non-disclosure agreements with third parties. Plaintiffs also object to the Requests, Definitions, and Instructions to the extent that they require Plaintiffs to breach any confidentiality or non-disclosure obligations to third parties.

13.     Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they call for the production of information or documents subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure. Plaintiffs further object to Instructions B and C purporting to describe the manner in which Plaintiffs are to identify documents for which privilege and immunity are claimed. Plaintiffs will describe privileged documents in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, the parties' Joint Conference Report, the parties' letters negotiating privilege log parameters dated September 3, September 9, September 10, September 16, and September 17, 2014, and any joint discovery agreements between the parties. Nothing contained in these Responses is intended to be nor should be considered as a waiver of any attorney-client privilege, attorney work-product protection, or any other applicable evidentiary privilege or immunity. Moreover, the inadvertent production of any Response or document subject to such privileges or immunities is not intended to relinquish any privilege or immunity and shall not be deemed to constitute a waiver of any applicable privilege or immunity.

14.     Plaintiffs object to Defendants' demand to produce documents and things within thirty (30) days of service of these Requests. Such a demand is unreasonable given the volume and scope of Defendants' Requests for which Plaintiffs must identify, collect, review, and produce responsive documents. Plaintiffs will timely produce, on a rolling basis, responsive, relevant, and non-privileged documents and things to the extent that they exist and can be identified after a reasonable, good faith search.

15.     The Responses set forth below are based upon Plaintiffs' interpretation of the language used in the Requests, Definitions, and Instructions. Plaintiffs reserve their right to amend or to supplement their Responses to the Requests in the event Defendants assert, or the Court adopts, an interpretation that differs from Plaintiffs' interpretation.

16.     The Responses and Objections herein are based on Plaintiffs' present knowledge, information and belief. Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiffs reserve the right to amend, revise, correct or clarify any of the Responses and/or Objections herein.

Each of the foregoing General Responses and Objections are incorporated by reference into each and every Specific Response set forth below. Subject to the General Responses and Objections, and without waiver, modification or limitation thereof, Plaintiffs' Specific Responses and Objections to the Requests are set forth below.

App. 390

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 111:

All documents and things concerning any software associated with any research and development related to virtual reality conducted by or for you at any time.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 111:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 41 and 49.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents" "at any time." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents and computer source code sufficient to identify the research and development of the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**App. 391**

**REQUEST FOR PRODUCTION NO. 112:**

All documents and things concerning any hardware associated with any research and development related to virtual reality conducted by or for you at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 41 and 49.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents" "at any time." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents and computer source code sufficient to identify the research and development of the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 113:**

All documents and things concerning any vendors associated with any research and development related to virtual reality conducted by or for you at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 82.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents" "at <u>any</u> time." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the vendors engaged by Plaintiffs for research and development of the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 114:

All documents and things concerning any Source Code associated with any research and development related to virtual reality conducted by or for you at any time.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 114:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 49.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents" "at any time." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents and computer source code sufficient to identify research and development of the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 115:**

All communications between you and Carmack concerning any research and development related to virtual reality conducted by or for you at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 41 and 116.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll communications" "at any time." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive communications received by or sent to John Carmack regarding the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 116:**

All communications between you and any of your current or former employees and agents concerning any research and development related to virtual reality conducted by or for you at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 41 and 115.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll communications" "at any time." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive communications received by or sent to Plaintiffs' current or former employees identified in Plaintiffs' Initial Disclosures regarding the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 117:**

All communications to or from Robert A. Altman concerning any research and development related to virtual reality conducted by or for you at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 41 and 116.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll communications" "at any time." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence. By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in their Request.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive communications received by or sent to Robert A. Altman regarding the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

11

**REQUEST FOR PRODUCTION NO. 118:**

All documents related to ZeniMax's acquisition of id Software, including without limitation the purchase agreement (or similar document) and any due diligence documents or memoranda.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 101.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."  To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.  Plaintiffs also object to this Request on the ground that it is premature, including because fact discovery is ongoing.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the intellectual property acquired from id Software, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

App. 398

**REQUEST FOR PRODUCTION NO. 119:**

All documents related to ZeniMax's current or past business plans or company missions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 120.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature, including because fact discovery is ongoing. Plaintiffs also object to this Request on the ground that it is not relevant to the extent it seeks documents that are beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents and communications related to virtual reality research and development, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 120:**

All documents related to id Software's current or past business plans or company missions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 119.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature, including because fact discovery is ongoing. Plaintiffs also object to this Request on the ground that it is not relevant to the extent it seeks documents that are beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents and communications related to virtual reality research and development, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 121:**

All documents containing any of the trade secrets alleged in your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 8.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' trade secret misappropriation claim to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 122:**

All documents concerning any of Defendants' products or services that you allege infringe upon your trademarks or trade dress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence. By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in their Request.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent Plaintiffs allege Defendants' products or services infringe Plaintiffs' trademarks, Plaintiffs will produce responsive documents sufficient to identify the products or services related to Plaintiffs' trademark infringement claim, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 123:**

All documents concerning Carmack's purchases of any component parts, hardware or software related to virtual reality, including without limitation any reimbursement requests or invoices related to such purchases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 81, 82, and 124.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence. By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in their Request.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the purchases of component parts, hardware, or software related to research and development of the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**App. 403**

**REQUEST FOR PRODUCTION NO. 124:**

All documents concerning your purchase of any component parts, hardware or software related to virtual reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 81, 82, and 123.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the purchases of component parts, hardware, or software related to research and development of the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**App. 404**

**REQUEST FOR PRODUCTION NO. 125:**

All documents concerning Carmack's employment agreement with you, including without limitation any documents related to negotiating an employment agreement with him, regardless of whether such employment agreement was ultimately consummated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 74 and 77-79.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce written agreements between Plaintiffs and John Carmack, and any amendments thereto, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**App. 405**

**REQUEST FOR PRODUCTION NO. 126:**

All documents concerning any of your negotiations with Oculus VR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 87 and 127.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "negotiations with Oculus VR."

Plaintiffs object to this Request on the ground that it is premature, including because fact discovery is ongoing. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents related to proposals exchanged with Oculus, as well as communications regarding those proposals, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

20

App. 406

**REQUEST FOR PRODUCTION NO. 127:**

All documents concerning any of your negotiations with Luckey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 66 and 126.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "negotiations with Luckey."

Plaintiffs object to this Request on the ground that it is premature, including because fact discovery is ongoing. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify at least draft and final versions of the Non-Disclosure Agreement as well as communications regarding the Non-Disclosure Agreement, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 128:**

All virtual reality hardware and component parts currently in your possession, custody, or control, including without limitation any hardware or components purchased by Carmack.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that its seeks an improper inspection of property pursuant to Federal Rule 34.

Plaintiffs object to this Request on the ground that it seeks the production of documents and things protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this Request on the ground that it is duplicative of Request Nos. 61-63, 112, 123, and 124. Plaintiffs further object to this Request on the ground that it is overly broad as to its request for "[a]ll virtual reality hardware and component parts."

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information, documents or things that are in the possession of Plaintiffs' former employees now working at Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs are willing to meet and confer regarding an appropriate date, time, and protocol for inspection of any virtual reality hardware and component parts, to the extent such hardware and component parts exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 129:**

All documents concerning the "breakthrough modifications to the Rift prototype" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 41, 49, 115, and 116.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the "breakthrough modifications to the Rift prototype" referenced in Plaintiffs' response to Defendants' sixth interrogatory, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 130:**

All documents concerning the "additional ZeniMax VR Technology needed to develop the Rift" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 41, 49, 115, and 116.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the "additional ZeniMax VR Technology needed to develop the Rift" referenced in Plaintiffs' response to Defendants' sixth interrogatory, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 131:**

All documents concerning the "file transfer protocol site" that "ZeniMax set up" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014, including without limitation all files uploaded to and downloaded from the site.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 50, 73, and 132.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents related to the "file transfer protocol site" referenced in Plaintiffs' response to Defendants' sixth interrogatory, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 132:**

All documents concerning the "other arrangements" that ZeniMax claims to have "made . . . to send ZeniMax VR Technology to Defendants" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 50, 73, and 131.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify "arrangements" "made . . . to send ZeniMax VR Technology to Defendants" referenced in Plaintiffs' response to Defendants' sixth interrogatory, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 133:**

All documents concerning "ZeniMax's [alleged] copyrighted materials [that are] embodied in, and substantially similar to, the Rift SDK" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 10, 11, 13, and 14.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify "ZeniMax's copyrighted materials [that are] embodied in, and substantially similar to, the Rift SDK" referenced in Plaintiffs' response to Defendants' sixth interrogatory, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 134:**

All documents concerning your disclosure to anyone of any alleged trade secret at issue in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "your disclosure." Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence. By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in their Request.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent there was any disclosure of Plaintiffs' trade secrets, Plaintiffs will produce responsive documents sufficient to identify the disclosure of trade secrets at issue to third parties, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 135:**

All communications concerning any alleged trade secret at issue in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 5-9.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll communications." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs are willing to meet and confer to narrow the scope of Request No. 135.

**REQUEST FOR PRODUCTION NO. 136:**

All documents concerning any internal and external valuations, goodwill impairment analyses and/or intangible asset valuation analyses for ZeniMax and all other reporting units that utilize virtual reality technology, if any.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 31.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the damages suffered by Plaintiffs in this case to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**App. 416**

**REQUEST FOR PRODUCTION NO. 137:**

All documents concerning the information set forth in "Plaintiffs' Further Identification of Misappropriated Trade Secrets," filed with the Court on February 25, 2015, ECF document number 113-1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 5-9, 41, 49-51, 90, 111, 112, 114-116, 129, 131, 132, and 134.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents that support their "Further Identification of Misappropriated Trade Secrets" (Dkt. No. 120 (sealed version of Dkt. No. 113-1)), to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 138:

All documents concerning internal/external calculations, valuations, or analyses of Oculus VR that were performed by or on behalf of you and any of your related or affiliated entities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 138:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 31.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the damages suffered by Plaintiffs in this case to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 139:**

All documents concerning any calculations and support of value of any contributions allegedly made by you for the benefit of Oculus VR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 31.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs further object to this Request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "support of value of any contributions."

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the damages suffered by Plaintiffs in this case to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 140:**

All documents concerning your allegation that "[o]n July 21, 2014 with full awareness of ZeniMax's claims against Oculus and Lucky in this action, Facebook closed on its acquisition of Oculus" contained in paragraph 14 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 14 of the Complaint that "[o]n July 21, 2014 with full awareness of ZeniMax's claims . . . Facebook closed on its acquisition of Oculus," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

34

**REQUEST FOR PRODUCTION NO. 141:**

All documents concerning your allegation that "Facebook has confirmed its intention to make use of Oculus's virtual reality technology — which is built upon ZeniMax's unlawfully misappropriated intellectual property — for the financial benefit of Facebook's core business" contained in paragraph 14 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 14 of the Complaint that "Facebook has confirmed its intention to make use of Oculus's virtual reality technology . . . for the financial benefit of Facebook's core business," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 142:

All documents concerning your allegation that "Facebook knew or had reason to know that they [representations made by Oculus] were false" contained in paragraph 109 of your Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 142:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 109 of the Complaint that "Facebook knew or had reason to know that the[] [representations made by Oculus] were false," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 143:**

All documents concerning your allegation that "Oculus and Luckey . . . provid[ed] to Facebook access to ZeniMax Trade Secrets" contained in paragraph 123 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 144.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 123 of the Complaint that "Oculus and Luckey . . . provid[ed] to Facebook access to ZeniMax Trade Secrets," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 144:

All documents concerning your allegation that "Facebook improperly acquired access to ZeniMax Trade Secrets" contained in paragraph 125 of your Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 144:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 143.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 125 of the Complaint that "Facebook improperly acquired access to ZeniMax Trade Secrets," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 145:**

All documents concerning your allegation that "Facebook had knowledge that the Oculus products were derived from ZeniMax's Copyrighted Materials" contained in paragraph 139 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 139 of the Complaint that "Facebook had knowledge that the Oculus products were derived from ZeniMax's Copyrighted Materials," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 146:**

All documents concerning your allegation that "Facebook substantially participated in the infringing activity of Oculus and Luckey by inducing, causing, or materially contributing to the infringing conduct" contained in paragraph 139 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."   To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature.   Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.   Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.   Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 139 of the Complaint that "Facebook substantially participated in the infringing activity of Oculus and Luckey by inducing, causing, or materially contributing to the infringing conduct," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 147:**

All documents concerning your allegation that "Oculus and Luckey . . . provid[ed] to Facebook access to ZeniMax's Contract-Protected Information" contained in paragraph 151 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."   To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature.   Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.   Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 151 of the Complaint that "Oculus and Luckey . . . provid[ed] to Facebook access to ZeniMax's Contract-Protected Information," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 148:

All documents concerning your allegation that "Facebook interfered with the Non-Disclosure Agreement by willfully and intentionally causing Oculus and Luckey to use ZeniMax's Contract-Protected Information for a purpose not approved by ZeniMax" contained in paragraph 159 of your Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 148:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 159 of the Complaint that "Facebook interfered with the Non-Disclosure Agreement by willfully and intentionally causing Oculus and Luckey to use ZeniMax's Contract-Protected Information for a purpose not approved by ZeniMax," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 149:

All documents concerning your allegation that "Oculus and Facebook have deprived ZeniMax of the control and dissemination of its proprietary inventions and confidential know-how concerning virtual reality headset devices and related virtual reality technology" contained in paragraph 167 of your Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 149:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 167 of the Complaint that "Oculus and Facebook have deprived ZeniMax of the control and dissemination of its proprietary inventions and confidential know-how concerning virtual reality . . . " to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 150:**

All documents concerning your allegation that "Oculus and Facebook interfered with ZeniMax's ability to return value to its shareholders for the time, money, and effort invested in developing revolutionary virtual reality technology" contained in paragraph 168 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 168 of the Complaint that "Oculus and Facebook interfered with ZeniMax's ability to return value to its shareholders for the time, money, and effort invested in developing revolutionary virtual reality technology," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 151:**

All documents concerning your allegation that "Facebook violated the principles of the common law of unfair competition by attempting to profit from ZeniMax's intellectual property and the wrongful acts of Oculus" contained in paragraph 169 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 169 of the Complaint that "Facebook violated the principles of the common law of unfair competition by attempting to profit from ZeniMax's intellectual property and the wrongful acts of Oculus," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 152:**

All documents concerning your allegation that "Facebook has also been unjustly enriched by gaining unauthorized access to ZeniMax's intellectual property and leveraging and commercially exploiting ZeniMax's intellectual property" contained in paragraph 181 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 181 of the Complaint that "Facebook has also been unjustly enriched by gaining unauthorized access to [and leveraging and commercially exploiting] ZeniMax's intellectual property," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 153:**

All documents concerning Tim Willits' TEDx presentation in or around November 2012 in Hong Kong relating to virtual reality, including without limitation all draft copies of the presentation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce Tim Willits' TEDx presentation relating to virtual reality, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 154:

All documents concerning your decision to ship Doom 3 BFG with no support for the Rift or other VR devices.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 154:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 55.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the efforts made by Plaintiffs to support or not support the Rift in *DOOM 3: BFG Edition*, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 155:**

All documents concerning your decision to provide or make available Doom 3 BFG to Oculus in connection with Oculus's Kickstarter campaign.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 55.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence. By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in their Request.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the efforts made by Plaintiffs to support or not support the Rift in *DOOM 3: BFG Edition*, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 156:

All documents concerning your responses to Defendants' Third Set of Interrogatories, served concurrently herewith.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 156:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. To comply with this Request, Plaintiffs would have to reveal its legal determination about which documents support or refute its claims.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

**REQUEST FOR PRODUCTION NO. 157:**

All documents concerning your responses to Defendants' First Set of Requests for Admission, served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. To comply with this Request, Plaintiffs would have to reveal its legal determination about which documents support or refute its claims.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

**REQUEST FOR PRODUCTION NO. 158:**

All documents concerning Plaintiffs' alleged efforts related to "developing virtual reality headsets" as set forth in "Plaintiffs' Further Identification of Misappropriated Trade Secrets," filed with the Court on February 25, 2015, ECF document number 113-1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 5-9, 130, and 135.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' trade secret misappropriation claim to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 159:**

All documents concerning Plaintiffs' alleged "development plan for how to make a commercially viable virtual reality headset" as set forth in "Plaintiffs' Further Identification of Misappropriated Trade Secrets," filed with the Court on February 25, 2015, ECF document number 113-1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 5-9 and 135.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' trade secret misappropriation claim to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

Dated: April 2, 2015

Respectfully submitted,

_____

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
 **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

**App. 440**

## CERTIFICATE OF SERVICE

I, Kristen Voorhees, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *ZeniMax Media Inc. and id Software LLC's Responses and Objections to Defendants' Second Set of Requests for Production of Documents and Things to Plaintiffs* to be served on Defendants by electronic mail to the following addresses: FacebookOculusZenimaxMediaInc@cooley.com, lcarter@carterscholer.com, and lstahl@carterscholer.com.

Dated: April 2, 2015

Kristen Voorhees

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ZENIMAX MEDIA INC. and §
ID SOFTWARE LLC, §
§
§
Plaintiffs, §
§   **CIVIL CASE NO. 3:14-cv-01849-P**
v. §
§
OCULUS VR, LLC §
PALMER LUCKEY, §
and FACEBOOK, INC. §
§
§
Defendants. §

### ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S FIRST AMENDED AND SUPERSEDING RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS

Pursuant to the Federal Rules of Civil Procedure, ZeniMax Media Inc. and id Software LLC (collectively, "Plaintiffs") hereby serve these First Amended And Superseding Responses And Objections To Defendants' Second Set Of Requests For Production Of Documents And Things To Plaintiffs.

### GENERAL RESPONSES AND OBJECTIONS

Plaintiffs assert the following General Objections. Each Specific Response to a Request is subject to, and limited in accordance with, the following General Objections, which are incorporated as if fully set forth therein. The following General Objections are not waived, or in any way limited by, the Specific Responses and Objections. Although Specific Objections are also interposed in response to individual Requests, Plaintiffs' failure to repeat any part of its General Objections shall not be construed as a waiver of its objections.

1.       The Specific Responses set forth below are for the purposes of discovery only, and Plaintiffs expressly reserve any and all objections they may have to the relevance, competence, materiality, admissibility, or use at deposition, hearing or trial of any information stated, produced, identified, or referred to herein. Plaintiffs also expressly reserve their right to rely upon additional documents or information not included in the Specific Responses at any later time including at deposition, hearing or trial.

2.       An objection to a specific Request or a willingness to provide a Specific Response does not imply, and should not be construed as an acknowledgement, that any such records are actually available or exist.



**EXHIBIT**
**6**

**App. 442**

3.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, or any other applicable law or rule.

4.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they are vague, ambiguous, non-specific, or confusing and thus not susceptible to a reasoned interpretation or response.

5.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they seek information that is not relevant to the claims or defenses of either party, and thus not reasonably calculated to lead to the discovery of admissible evidence.

6.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they are duplicative, cumulative, and/or seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

7.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent they are overly broad, overly expansive, oppressive, and/or unduly burdensome and would impose upon Plaintiffs an unreasonable burden of inquiry, or to the extent they seek information not within Plaintiffs' possession, custody or control.   Plaintiffs also object to the Requests, Definitions, and Instructions as unduly burdensome to the extent that the information requested is within the knowledge of Defendants, can be determined by referring to documents within the possession, custody or control of Defendants, is within the public domain, or is otherwise more readily or equally available to Defendants and thus more conveniently obtained by Defendants.

8.      Plaintiffs object to the definition of "ZeniMax," "id Software," "Plaintiffs," "you," and "your" in Definition Nos. 1-4 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence.  For purposes of answering these Requests, Plaintiffs use the term "ZeniMax" to mean ZeniMax Media Inc., "id Software" to mean id Software LLC, and "Plaintiffs" to mean both ZeniMax Media Inc. and id Software LLC, only.

9.      Plaintiffs object to Defendant's definition of "communication," "concerning," "document," "things," "person," "persons," and "related to" in Definition Nos. 13-18 as unduly burdensome, potentially beyond the discovery obligations set forth in the Federal Rules of Civil Procedure, and not reasonably calculated to lead to the discovery of admissible evidence.  For the purposes of answering these Interrogatories, Plaintiffs use and interpret the above-referenced terms according to their plain meaning and common sense usage.

10.     Plaintiffs object to the Requests, Definitions, and Instructions to the extent they call for production of documents dated prior to January 1, 2011. Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or

2

defense of any party to this litigation.  Unless otherwise noted, Plaintiffs will produce responsive documents dated on or after January 1, 2011.

11.     Plaintiffs object to the Instructions purporting to describe the manner in which Plaintiffs are to produce documents and things.  Plaintiffs will produce documents, including electronically stored information, subject to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, the parties' Joint Conference Report, and any joint discovery agreements that may be executed between the parties.

12.     Plaintiffs object to the Requests, Definitions, and Instructions to the extent they seek information or the production of documents subject to any confidentiality or non-disclosure agreements with third parties.  Plaintiffs also object to the Requests, Definitions, and Instructions to the extent that they require Plaintiffs to breach any confidentiality or non-disclosure obligations to third parties.

13.     Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they call for the production of information or documents subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure.  Plaintiffs further object to Instructions B and C purporting to describe the manner in which Plaintiffs are to identify documents for which privilege and immunity are claimed.  Plaintiffs will describe privileged documents in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, the parties' Joint Conference Report, the parties' letters negotiating privilege log parameters dated September 3, September 9, September 10, September 16, and September 17, 2014, and any joint discovery agreements between the parties.  Nothing contained in these Responses is intended to be nor should be considered as a waiver of any attorney-client privilege, attorney work-product protection, or any other applicable evidentiary privilege or immunity.  Moreover, the inadvertent production of any Response or document subject to such privileges or immunities is not intended to relinquish any privilege or immunity and shall not be deemed to constitute a waiver of any applicable privilege or immunity.

14.     Plaintiffs object to Defendants' demand to produce documents and things within thirty (30) days of service of these Requests.  Such a demand is unreasonable given the volume and scope of Defendants' Requests for which Plaintiffs must identify, collect, review, and produce responsive documents.  Plaintiffs will timely produce, on a rolling basis, responsive, relevant, and non-privileged documents and things to the extent that they exist and can be identified after a reasonable, good faith search.

15.     The Responses set forth below are based upon Plaintiffs' interpretation of the language used in the Requests, Definitions, and Instructions.  Plaintiffs reserve their right to amend or to supplement their Responses to the Requests in the event Defendants assert, or the Court adopts, an interpretation that differs from Plaintiffs' interpretation.

3

16.     The Responses and Objections herein are based on Plaintiffs' present knowledge, information and belief.  Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiffs reserve the right to amend, revise, correct or clarify any of the Responses and/or Objections herein.

Each of the foregoing General Responses and Objections are incorporated by reference into each and every Specific Response set forth below. Subject to the General Responses and Objections, and without waiver, modification or limitation thereof, Plaintiffs' Specific Responses and Objections to the Requests are set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 111:

All documents and things concerning any software associated with any research and development related to virtual reality conducted by or for you at any time.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 111:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 41 and 49.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents" "at any time." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents and computer source code regarding the research and development of the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

App. 446

**REQUEST FOR PRODUCTION NO. 112:**

All documents and things concerning any hardware associated with any research and development related to virtual reality conducted by or for you at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 41 and 49.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents" "at any time." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents and computer source code regarding the research and development of the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 113:

All documents and things concerning any vendors associated with any research and development related to virtual reality conducted by or for you at any time.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 113:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 82.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents" "at <u>any</u> time." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the vendors engaged by Plaintiffs for research and development of the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 114:

All documents and things concerning any Source Code associated with any research and development related to virtual reality conducted by or for you at any time.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 114:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 49.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents" "at any time." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents and computer source code regarding research and development of the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 115:**

All communications between you and Carmack concerning any research and development related to virtual reality conducted by or for you at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 41 and 116.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll communications" "at any time." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive communications received by or sent to John Carmack regarding the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

9

**REQUEST FOR PRODUCTION NO. 116:**

All communications between you and any of your current or former employees and agents concerning any research and development related to virtual reality conducted by or for you at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 41 and 115.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll communications" "at any time." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive communications received by or sent to Plaintiffs' current or former employees identified in Plaintiffs' Initial Disclosures regarding the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 117:**

All communications to or from Robert A. Altman concerning any research and development related to virtual reality conducted by or for you at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 41 and 116.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll communications" "at any time." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence. By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in their Request.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive communications received by or sent to Robert A. Altman regarding the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

App. 452

**REQUEST FOR PRODUCTION NO. 118:**

All documents related to ZeniMax's acquisition of id Software, including without limitation the purchase agreement (or similar document) and any due diligence documents or memoranda.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 101.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is premature, including because fact discovery is ongoing.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the intellectual property acquired from id Software, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 119:

All documents related to ZeniMax's current or past business plans or company missions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 119:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 120.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature, including because fact discovery is ongoing. Plaintiffs also object to this Request on the ground that it is not relevant to the extent it seeks documents that are beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents and communications related to virtual reality research and development, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 120:**

All documents related to id Software's current or past business plans or company missions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 119.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature, including because fact discovery is ongoing. Plaintiffs also object to this Request on the ground that it is not relevant to the extent it seeks documents that are beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents and communications related to virtual reality research and development, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

App. 455

**REQUEST FOR PRODUCTION NO. 121:**

All documents containing any of the trade secrets alleged in your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 8.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' trade secret misappropriation claim to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

15

## REQUEST FOR PRODUCTION NO. 122:

All documents concerning any of Defendants' products or services that you allege infringe upon your trademarks or trade dress.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 122:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence. By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in their Request.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent Plaintiffs allege Defendants' products or services infringe Plaintiffs' trademarks, Plaintiffs will produce responsive documents sufficient to identify the products or services related to Plaintiffs' trademark infringement claim, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 123:**

All documents concerning Carmack's purchases of any component parts, hardware or software related to virtual reality, including without limitation any reimbursement requests or invoices related to such purchases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 81, 82, and 124.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence. By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in their Request.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Carmack's purchases of component parts, hardware, or software for research and development of the confidential, trade secret, and copyrighted information identified in the Complaint, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 124:**

All documents concerning your purchase of any component parts, hardware or software related to virtual reality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 81, 82, and 123.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding purchases of component parts, hardware, or software for research and development of the confidential, trade secret, and copyrighted information identified in the Complaint for those individuals identified in Plaintiffs' initial disclosures, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

18

## REQUEST FOR PRODUCTION NO. 125:

All documents concerning Carmack's employment agreement with you, including without limitation any documents related to negotiating an employment agreement with him, regardless of whether such employment agreement was ultimately consummated.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 125:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 74 and 77-79.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce the employment agreement entered into by John Carmack after ZeniMax's acquisition of id Software and any subsequent employment agreements or negotiations regarding any subsequent employment agreements between Plaintiffs and John Carmack between January 1, 2011 and his departure from id Software, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 126:**

All documents concerning any of your negotiations with Oculus VR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 87 and 127.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "negotiations with Oculus VR."

Plaintiffs object to this Request on the ground that it is premature, including because fact discovery is ongoing. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents related to proposals exchanged with Oculus, as well as communications regarding those proposals, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 127:**

All documents concerning any of your negotiations with Luckey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 66 and 126.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "negotiations with Luckey."

Plaintiffs object to this Request on the ground that it is premature, including because fact discovery is ongoing. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify at least draft and final versions of the Non-Disclosure Agreement as well as communications regarding the Non-Disclosure Agreement, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

App. 462

**REQUEST FOR PRODUCTION NO. 128:**

All virtual reality hardware and component parts currently in your possession, custody, or control, including without limitation any hardware or components purchased by Carmack.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that its seeks an improper inspection of property pursuant to Federal Rule 34.

Plaintiffs object to this Request on the ground that it seeks the production of documents and things protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs also object to this Request on the ground that it is duplicative of Request Nos. 61-63, 112, 123, and 124. Plaintiffs further object to this Request on the ground that it is overly broad as to its request for "[a]ll virtual reality hardware and component parts."

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information, documents or things that are in the possession of Plaintiffs' former employees now working at Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs are willing to meet and confer regarding an appropriate date, time, and protocol for inspection of any virtual reality hardware and component parts, to the extent such hardware and component parts exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

App. 463

**REQUEST FOR PRODUCTION NO. 129:**

All documents concerning the "breakthrough modifications to the Rift prototype" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 41, 49, 115, and 116.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the "breakthrough modifications to the Rift prototype" referenced in Plaintiffs' response to Defendants' sixth interrogatory, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 130:**

All documents concerning the "additional ZeniMax VR Technology needed to develop the Rift" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 41, 49, 115, and 116.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the "additional ZeniMax VR Technology needed to develop the Rift" referenced in Plaintiffs' response to Defendants' sixth interrogatory, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

App. 465

## REQUEST FOR PRODUCTION NO. 131:

All documents concerning the "file transfer protocol site" that "ZeniMax set up" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014, including without limitation all files uploaded to and downloaded from the site.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 131:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 50, 73, and 132.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents related to the "file transfer protocol site" referenced in Plaintiffs' response to Defendants' sixth interrogatory, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

App. 466

## REQUEST FOR PRODUCTION NO. 132:

All documents concerning the "other arrangements" that ZeniMax claims to have "made . . . to send ZeniMax VR Technology to Defendants" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 132:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 50, 73, and 131.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify "arrangements" "made . . . to send ZeniMax VR Technology to Defendants" referenced in Plaintiffs' response to Defendants' sixth interrogatory, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 133:**

All documents concerning "ZeniMax's [alleged] copyrighted materials [that are] embodied in, and substantially similar to, the Rift SDK" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 10, 11, 13, and 14.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify "ZeniMax's copyrighted materials [that are] embodied in, and substantially similar to, the Rift SDK" referenced in Plaintiffs' response to Defendants' sixth interrogatory, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 134:**

All documents concerning your disclosure to anyone of any alleged trade secret at issue in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."  To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "your disclosure." Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence.  By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in their Request.

Plaintiffs object to this Request on the ground that it is premature.  Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.  Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.  Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent there was any disclosure of Plaintiffs' trade secrets, Plaintiffs will produce responsive documents sufficient to identify the disclosure of trade secrets at issue to third parties, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 135:**

All communications concerning any alleged trade secret at issue in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 5-9.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll communications." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding the trade secrets identified in Plaintiffs' "Further Identification of Misappropriated Trade Secrets" (Dkt. No. 120 (sealed version of Dkt. No. 113-1)), or any amended or superseding version of that document, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 136:**

All documents concerning any internal and external valuations, goodwill impairment analyses and/or intangible asset valuation analyses for ZeniMax and all other reporting units that utilize virtual reality technology, if any.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 31.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the damages suffered by Plaintiffs in this case to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

App. 471

## REQUEST FOR PRODUCTION NO. 137:

All documents concerning the information set forth in "Plaintiffs' Further Identification of Misappropriated Trade Secrets," filed with the Court on February 25, 2015, ECF document number 113-1.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 137:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 5-9, 41, 49-51, 90, 111, 112, 114-116, 129, 131, 132, and 134.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding the information set forth in Plaintiffs' "Further Identification of Misappropriated Trade Secrets" (Dkt. No. 120 (sealed version of Dkt. No. 113-1)), or any amended or superseding version of that document, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 138:**

All documents concerning internal/external calculations, valuations, or analyses of Oculus VR that were performed by or on behalf of you and any of your related or affiliated entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 31.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the damages suffered by Plaintiffs in this case to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 139:

All documents concerning any calculations and support of value of any contributions allegedly made by you for the benefit of Oculus VR.

## RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 139:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 31.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs further object to this Request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "support of value of any contributions."

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the damages suffered by Plaintiffs in this case to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 140:**

All documents concerning your allegation that "[o]n July 21, 2014 with full awareness of ZeniMax's claims against Oculus and Lucky in this action, Facebook closed on its acquisition of Oculus" contained in paragraph 14 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."  To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature.  Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.  Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.  Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 14 of the Complaint that "[o]n July 21, 2014 with full awareness of ZeniMax's claims . . . Facebook closed on its acquisition of Oculus," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 141:**

All documents concerning your allegation that "Facebook has confirmed its intention to make use of Oculus's virtual reality technology — which is built upon ZeniMax's unlawfully misappropriated intellectual property — for the financial benefit of Facebook's core business" contained in paragraph 14 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."  To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature.  Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.  Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.  Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 14 of the Complaint that "Facebook has confirmed its intention to make use of Oculus's virtual reality technology . . . for the financial benefit of Facebook's core business," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 142:

All documents concerning your allegation that "Facebook knew or had reason to know that they [representations made by Oculus] were false" contained in paragraph 109 of your Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 142:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."   To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature.   Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.   Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.   Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 109 of the Complaint that "Facebook knew or had reason to know that the[] [representations made by Oculus] were false," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

36

**REQUEST FOR PRODUCTION NO. 143:**

All documents concerning your allegation that "Oculus and Luckey . . . provid[ed] to Facebook access to ZeniMax Trade Secrets" contained in paragraph 123 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 144.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 123 of the Complaint that "Oculus and Luckey . . . provid[ed] to Facebook access to ZeniMax Trade Secrets," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

App. 478

**REQUEST FOR PRODUCTION NO. 144:**

All documents concerning your allegation that "Facebook improperly acquired access to ZeniMax Trade Secrets" contained in paragraph 125 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 143.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 125 of the Complaint that "Facebook improperly acquired access to ZeniMax Trade Secrets," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 145:**

All documents concerning your allegation that "Facebook had knowledge that the Oculus products were derived from ZeniMax's Copyrighted Materials" contained in paragraph 139 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."   To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature.   Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.   Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.   Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 139 of the Complaint that "Facebook had knowledge that the Oculus products were derived from ZeniMax's Copyrighted Materials," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 146:**

All documents concerning your allegation that "Facebook substantially participated in the infringing activity of Oculus and Luckey by inducing, causing, or materially contributing to the infringing conduct" contained in paragraph 139 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."   To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature.   Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.   Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.   Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 139 of the Complaint that "Facebook substantially participated in the infringing activity of Oculus and Luckey by inducing, causing, or materially contributing to the infringing conduct," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 147:**

All documents concerning your allegation that "Oculus and Luckey . . . provid[ed] to Facebook access to ZeniMax's Contract-Protected Information" contained in paragraph 151 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."   To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature.  Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.  Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 151 of the Complaint that "Oculus and Luckey . . . provid[ed] to Facebook access to ZeniMax's Contract-Protected Information," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 148:**

All documents concerning your allegation that "Facebook interfered with the Non-Disclosure Agreement by willfully and intentionally causing Oculus and Luckey to use ZeniMax's Contract-Protected Information for a purpose not approved by ZeniMax" contained in paragraph 159 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 159 of the Complaint that "Facebook interfered with the Non-Disclosure Agreement by willfully and intentionally causing Oculus and Luckey to use ZeniMax's Contract-Protected Information for a purpose not approved by ZeniMax," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 149:**

All documents concerning your allegation that "Oculus and Facebook have deprived ZeniMax of the control and dissemination of its proprietary inventions and confidential know-how concerning virtual reality headset devices and related virtual reality technology" contained in paragraph 167 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."   To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature.  Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.  Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.  Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 167 of the Complaint that "Oculus and Facebook have deprived ZeniMax of the control and dissemination of its proprietary inventions and confidential know-how concerning virtual reality . . . " to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 150:**

All documents concerning your allegation that "Oculus and Facebook interfered with ZeniMax's ability to return value to its shareholders for the time, money, and effort invested in developing revolutionary virtual reality technology" contained in paragraph 168 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 168 of the Complaint that "Oculus and Facebook interfered with ZeniMax's ability to return value to its shareholders for the time, money, and effort invested in developing revolutionary virtual reality technology," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

44

**REQUEST FOR PRODUCTION NO. 151:**

All documents concerning your allegation that "Facebook violated the principles of the common law of unfair competition by attempting to profit from ZeniMax's intellectual property and the wrongful acts of Oculus" contained in paragraph 169 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."   To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature.  Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.  Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.  Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 169 of the Complaint that "Facebook violated the principles of the common law of unfair competition by attempting to profit from ZeniMax's intellectual property and the wrongful acts of Oculus," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

App. 486

**REQUEST FOR PRODUCTION NO. 152:**

All documents concerning your allegation that "Facebook has also been unjustly enriched by gaining unauthorized access to ZeniMax's intellectual property and leveraging and commercially exploiting ZeniMax's intellectual property" contained in paragraph 181 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' statement in paragraph 181 of the Complaint that "Facebook has also been unjustly enriched by gaining unauthorized access to [and leveraging and commercially exploiting] ZeniMax's intellectual property," to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 153:**

All documents concerning Tim Willits' TEDx presentation in or around November 2012 in Hong Kong relating to virtual reality, including without limitation all draft copies of the presentation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce Tim Willits' TEDx presentation relating to virtual reality, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

47

**REQUEST FOR PRODUCTION NO. 154:**

All documents concerning your decision to ship Doom 3 BFG with no support for the Rift or other VR devices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 55.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' decision about whether to ship *DOOM 3: BFG Edition* with support for the Rift, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 155:**

All documents concerning your decision to provide or make available Doom 3 BFG to Oculus in connection with Oculus's Kickstarter campaign.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 55.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence. By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in their Request.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Oculus's proposal to make *DOOM 3: BFG Edition* available in connection with Oculus's Kickstarter campaign, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 156:**

All documents concerning your responses to Defendants' Third Set of Interrogatories, served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. To comply with this Request, Plaintiffs would have to reveal its legal determination about which documents support or refute its claims.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding the facts set forth in Plaintiffs' responses to Defendants' Third Set of Interrogatories, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 157:**

All documents concerning your responses to Defendants' First Set of Requests for Admission, served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. To comply with this Request, Plaintiffs would have to reveal its legal determination about which documents support or refute its claims.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding the facts set forth in Defendants' First Set of Requests for Admission, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 158:

All documents concerning Plaintiffs' alleged efforts related to "developing virtual reality headsets" as set forth in "Plaintiffs' Further Identification of Misappropriated Trade Secrets," filed with the Court on February 25, 2015, ECF document number 113-1.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 158:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 5-9, 130, and 135.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."   To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature.  Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.  Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants.  Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' trade secret misappropriation claim to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 159:**

All documents concerning Plaintiffs' alleged "development plan for how to make a commercially viable virtual reality headset" as set forth in "Plaintiffs' Further Identification of Misappropriated Trade Secrets," filed with the Court on February 25, 2015, ECF document number 113-1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 5-9 and 135.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this Request on the ground that it seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents regarding Plaintiffs' trade secret misappropriation claim to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

Dated: June 12, 2015

Respectfully submitted,

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
    **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

## CERTIFICATE OF SERVICE

I, Kurt Wm. Hemr, counsel for Plaintiffs, do hereby certify that on June 12, 2015, I caused a true and correct copy of the foregoing *ZeniMax Media Inc. And id Software LLC's First Amended And Superseding Responses And Objections To Defendants' Second Set Of Requests For Production Of Documents And Things To Plaintiffs* to be served on Defendants by electronic mail to the following addresses: FacebookOculusZenimaxMediaInc@cooley.com and rsmith@lynnllp.com.

Dated: June 12, 2015

_____
Kurt Wm. Hemr

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>   Plaintiffs,<br><br> v.<br><br>OCULUS VR, LLC and<br>PALMER LUCKEY,<br><br>   Defendants. | § § § § § § § § § § § | **CIVIL CASE NO. 3:14-cv-01849-P** |

**ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS TO PLAINTIFFS**

Pursuant to the Federal Rules of Civil Procedure, ZeniMax Media Inc. and id Software LLC (collectively, "Plaintiffs") hereby serve these Responses and Objections to Defendants' Third Set of Requests for Production of Documents and Things to Plaintiffs.

**GENERAL RESPONSES AND OBJECTIONS**

Plaintiffs assert the following General Objections. Each Specific Response to a Request is subject to, and limited in accordance with, the following General Objections, which are incorporated as if fully set forth therein. The following General Objections are not waived, or in any way limited by, the Specific Responses and Objections. Although Specific Objections are also interposed in response to individual Requests, Plaintiffs' failure to repeat any part of its General Objections shall not be construed as a waiver of its objections.

**1. Plaintiffs object to Defendants' propounding these Requests at the same time that Defendants are willfully and in bad faith refusing to cooperate with discovery in this action, including by intentionally withholding key documents and source code from production, and by engaging in intentional conduct designed to deceive Plaintiffs, as more fully set forth in Plaintiffs' filings in support of their pending motion to compel. (*See* Dkt. No. 121, 147.) Accordingly, to the extent that Specific Responses set forth below anticipate Plaintiffs' production of responsive documents, such production will not be provided until Defendants tangibly demonstrate a commitment to cooperating in good faith with discovery in this action.**

2. The Specific Responses set forth below are for the purposes of discovery only, and Plaintiffs expressly reserve any and all objections they may have to the relevance, competence, materiality, admissibility, or use at deposition, hearing or trial of any information stated, produced, identified, or referred to herein. Plaintiffs also expressly reserve their right to



**App. 497**

rely upon additional documents or information not included in the Specific Responses at any later time including at deposition, hearing or trial.

3.      An objection to a Specific Request or a willingness to provide a Specific Response does not imply, and should not be construed as an acknowledgement, that any such records are actually available or exist.

4.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, or any other applicable law or rule.

5.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they are vague, ambiguous, non-specific, or confusing and thus not susceptible to a reasoned interpretation or response.

6.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they seek information that is not relevant to the claims or defenses of either party, and thus not reasonably calculated to lead to the discovery of admissible evidence.

7.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they are duplicative, cumulative, and/or seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

8.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent they are overly broad, overly expansive, oppressive, and/or unduly burdensome and would impose upon Plaintiffs an unreasonable burden of inquiry, or to the extent they seek information not within Plaintiffs' possession, custody or control.  Plaintiffs also object to the Requests, Definitions, and Instructions as unduly burdensome to the extent that the information requested is within the knowledge of Defendants, can be determined by referring to documents within the possession, custody or control of Defendants, is within the public domain, or is otherwise more readily or equally available to Defendants and thus more conveniently obtained by Defendants.

9.      Plaintiffs object to the definition of "ZeniMax," "id Software," "Plaintiffs," "you," and "your" in Definition Nos. 1-4 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence.  For purposes of answering these Requests, Plaintiffs use the term "ZeniMax" to mean ZeniMax Media Inc., "id Software" to mean id Software LLC, and "Plaintiffs" to mean both ZeniMax Media Inc. and id Software LLC, only.

10.     Plaintiffs object to the definition of "concerning," "document," "things," "person," "persons," and "related to" in Definition Nos. 6-10 as unduly burdensome, potentially beyond the discovery obligations set forth in the Federal Rules of Civil Procedure, and not reasonably calculated to lead to the discovery of admissible evidence.  For the purposes of answering these

Requests, Plaintiffs use and interpret the above-referenced terms according to their plain meaning and common sense usage.

11.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent they call for production of documents dated prior to January 1, 2011.  Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.  Unless otherwise noted, Plaintiffs will produce responsive documents dated on or after January 1, 2011.

12.      Plaintiffs object to the Instructions purporting to describe the manner in which Plaintiffs are to produce documents and things.  Plaintiffs will produce documents, including electronically stored information, subject to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, any confidentiality or non-disclosure agreements with third parties, the parties' Joint Conference Report, and any joint discovery agreements that may be executed between the parties.

13.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent they seek information or the production of documents subject to any confidentiality or non-disclosure agreements with third parties.  Plaintiffs also object to the Requests, Definitions, and Instructions to the extent that they require Plaintiffs to breach any confidentiality or non-disclosure obligations to third parties.

14.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they call for the production of information or documents subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure.  Plaintiffs further object to Instructions B and C purporting to describe the manner in which Plaintiffs are to identify documents for which privilege and immunity is claimed.  Plaintiffs will describe privileged documents in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, the parties' Joint Conference Report, the parties' letters negotiating privilege log parameters dated September 3, September 9, September 10, September 16, and September 17, 2014, and any joint discovery agreements between the parties.  Nothing contained in these Responses is intended to be nor should be considered as a waiver of any attorney-client privilege, attorney work-product protection, or any other applicable evidentiary privilege or immunity.  Moreover, the inadvertent production of any Response or document subject to such privileges or immunities is not intended to relinquish any privilege or immunity and shall not be deemed to constitute a waiver of any applicable privilege or immunity.

15.      Plaintiffs object to Defendants' demand to produce documents and things within thirty (30) days of service of these Requests.  Such a demand is unreasonable given the volume and scope of Defendants' Requests for which Plaintiffs must identify, collect, review, and produce responsive documents.  Subject to General Objection No. 1, Plaintiffs will timely produce, on a rolling basis, responsive, relevant, and non-privileged documents and things to the extent that they exist and can be identified after a reasonable, good faith search.

3

16.     The Responses set forth below are based upon Plaintiffs' interpretation of the language used in the Requests, Definitions, and Instructions.  Plaintiffs reserve their right to amend or to supplement their Responses to the Requests in the event Defendants assert, or the Court adopts, an interpretation that differs from Plaintiffs' interpretation.

17.     The Responses and Objections herein are based on Plaintiffs' present knowledge, information and belief.  Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiffs reserve the right to amend, revise, correct or clarify any of the Responses and/or Objections herein.

Each of the foregoing General Responses and Objections are incorporated by reference into each and every Specific Response set forth below. Subject to the General Responses and Objections, and without waiver, modification or limitation thereof, Plaintiffs' Specific Responses and Objections to the Requests are set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 160:

All documents concerning your audited, reviewed, examined or compiled financial statements, including without limitation income statement, balance sheets, statements of cash flows, and any footnotes thereto, for id Software from 2006 to present.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 160:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 97 and 161.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."   To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.  Plaintiffs also object to this Request to the extent it calls for the production of documents dated prior to January 1, 2011.  Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce their cost center and project reports for id Software from 2011 to the present, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 161:**

All documents concerning your income statements and balance sheets (at the lowest account level possible as contained in the company's general ledger) for id Software from 2006 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 97 and 160.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request to the extent it calls for the production of documents dated prior to January 1, 2011. Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce their cost center and project reports for id Software from 2011 to the present, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 162:**

All documents concerning your budgets and/or projections of revenue and profits for id Software from 2006 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request to the extent it calls for the production of documents dated prior to January 1, 2011. Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce their cost center and project reports for id Software from 2011 to the present, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 163:**

All documents concerning your purchase price allocation and/or intangible asset valuations (e.g. FASB 141-R/ASC 805 fair value of tangible and intangible assets), including without limitation any calculations and/or valuations of the purchase consideration (e.g., Fair Value of any contingent earn-outs, stock consideration, etc.) associated with ZeniMax's acquisition of id Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 101 and 164.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is vague and ambiguous, as it is unclear what is meant by the undefined phrase "Fair Value."

Plaintiffs object to this Request on the ground that it is not relevant to the extent it seeks documents that are beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence. By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its Request.

**REQUEST FOR PRODUCTION NO. 164:**

All Documents concerning any internal or external ZeniMax analyses/valuations related to its acquisition of id Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 101 and 163.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is not relevant to the extent it seeks documents that are beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence. By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its Request.

**REQUEST FOR PRODUCTION NO. 165:**

Documents sufficient to demonstrate the compensation paid to Carmack for his employment with ZeniMax and/or id Software from 2009 through 2013, including but not limited to salary, bonuses, stock options, or any other benefits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request to the extent it calls for the production of documents dated prior to January 1, 2011. Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation

Plaintiffs object to this Request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "any other benefits." Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employee, John Carmack, who is now working for Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the compensation paid to John Carmack for each fiscal year from 2011 to the present, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 166:**

Documents sufficient to identify the number of attendees at Quakecon 2012, held in August 2012 in Dallas, Texas.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 167.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the number of attendees at QuakeCon 2012, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 167:**

Documents sufficient to identify the names of all attendees at Quakecon 2012, held in August 2012 in Dallas, Texas, including but not limited to attendee lists, sign-in sheets, guest lists, and registration forms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.   Plaintiffs further object to this Request on the ground that it is not relevant to the extent it seeks documents that are beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.  In addition, Plaintiffs object to this Request on the ground that it is duplicative of Request No. 166.

Dated: May 18, 2015

Respectfully submitted,

_____

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

**App. 505**

## CERTIFICATE OF SERVICE

I, Kristen Voorhees, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *ZeniMax Media Inc. and id Software LLC's Responses and Objections to Defendants' Third Set of Requests for Production of Documents and Things to Plaintiffs* to be served on Defendants by electronic mail to the following addresses: FacebookOculusZenimaxMediaInc@cooley.com and rsmith@lynnllp.com.

Dated: May 18, 2015

Kristen Voorhees