IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL CASE NO. 3:14-cv-01849-P |
| OCULUS VR, LLC and<br>PALMER LUCKEY, | § § § | |
| Defendants. | § § | |

## ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S
## FIRST AMENDED AND SUPERSEDING RESPONSES AND
## OBJECTIONS TO DEFENDANTS' THIRD SET OF REQUESTS
## FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS

Pursuant to the Federal Rules of Civil Procedure, ZeniMax Media Inc. and id Software LLC (collectively, "Plaintiffs") hereby serve these First Amended and Superseding Responses and Objections to Defendants' Third Set of Requests for Production of Documents and Things to Plaintiffs.

## GENERAL RESPONSES AND OBJECTIONS

Plaintiffs assert the following General Objections. Each Specific Response to a Request is subject to, and limited in accordance with, the following General Objections, which are incorporated as if fully set forth therein. The following General Objections are not waived, or in any way limited by, the Specific Responses and Objections. Although Specific Objections are also interposed in response to individual Requests, Plaintiffs' failure to repeat any part of its General Objections shall not be construed as a waiver of its objections.

1.    The Specific Responses set forth below are for the purposes of discovery only, and Plaintiffs expressly reserve any and all objections they may have to the relevance, competence, materiality, admissibility, or use at deposition, hearing or trial of any information stated, produced, identified, or referred to herein. Plaintiffs also expressly reserve their right to rely upon additional documents or information not included in the Specific Responses at any later time including at deposition, hearing or trial.

2.    An objection to a Specific Request or a willingness to provide a Specific Response does not imply, and should not be construed as an acknowledgement, that any such records are actually available or exist.



EXHIBIT
8

3.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, or any other applicable law or rule.

4.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they are vague, ambiguous, non-specific, or confusing and thus not susceptible to a reasoned interpretation or response.

5.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they seek information that is not relevant to the claims or defenses of either party, and thus not reasonably calculated to lead to the discovery of admissible evidence.

6.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they are duplicative, cumulative, and/or seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

7.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent they are overly broad, overly expansive, oppressive, and/or unduly burdensome and would impose upon Plaintiffs an unreasonable burden of inquiry, or to the extent they seek information not within Plaintiffs' possession, custody or control.  Plaintiffs also object to the Requests, Definitions, and Instructions as unduly burdensome to the extent that the information requested is within the knowledge of Defendants, can be determined by referring to documents within the possession, custody or control of Defendants, is within the public domain, or is otherwise more readily or equally available to Defendants and thus more conveniently obtained by Defendants.

8.      Plaintiffs object to the definition of "ZeniMax," "id Software," "Plaintiffs," "you," and "your" in Definition Nos. 1-4 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence.  For purposes of answering these Requests, Plaintiffs use the term "ZeniMax" to mean ZeniMax Media Inc., "id Software" to mean id Software LLC, and "Plaintiffs" to mean both ZeniMax Media Inc. and id Software LLC, only.

9.      Plaintiffs object to the definition of "concerning," "document," "things," "person," "persons," and "related to" in Definition Nos. 6-10 as unduly burdensome, potentially beyond the discovery obligations set forth in the Federal Rules of Civil Procedure, and not reasonably calculated to lead to the discovery of admissible evidence.  For the purposes of answering these Requests, Plaintiffs use and interpret the above-referenced terms according to their plain meaning and common sense usage.

10.     Plaintiffs object to the Requests, Definitions, and Instructions to the extent they call for production of documents dated prior to January 1, 2011.  Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.  Unless otherwise noted, Plaintiffs will produce responsive documents dated on or after January 1, 2011.

11.     Plaintiffs object to the Instructions purporting to describe the manner in which Plaintiffs are to produce documents and things.  Plaintiffs will produce documents, including electronically stored information, subject to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, any confidentiality or non-disclosure agreements with third parties, the parties' Joint Conference Report, and any joint discovery agreements that may be executed between the parties.

12.     Plaintiffs object to the Requests, Definitions, and Instructions to the extent they seek information or the production of documents subject to any confidentiality or non-disclosure agreements with third parties.  Plaintiffs also object to the Requests, Definitions, and Instructions to the extent that they require Plaintiffs to breach any confidentiality or non-disclosure obligations to third parties.

13.     Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they call for the production of information or documents subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure.  Plaintiffs further object to Instructions B and C purporting to describe the manner in which Plaintiffs are to identify documents for which privilege and immunity is claimed.  Plaintiffs will describe privileged documents in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, the parties' Joint Conference Report, the parties' letters negotiating privilege log parameters dated September 3, September 9, September 10, September 16, and September 17, 2014, and any joint discovery agreements between the parties.  Nothing contained in these Responses is intended to be nor should be considered as a waiver of any attorney-client privilege, attorney work-product protection, or any other applicable evidentiary privilege or immunity.  Moreover, the inadvertent production of any Response or document subject to such privileges or immunities is not intended to relinquish any privilege or immunity and shall not be deemed to constitute a waiver of any applicable privilege or immunity.

14.     Plaintiffs object to Defendants' demand to produce documents and things within thirty (30) days of service of these Requests.  Such a demand is unreasonable given the volume and scope of Defendants' Requests for which Plaintiffs must identify, collect, review, and produce responsive documents.  Subject to General Objection No. 1, Plaintiffs will timely produce, on a rolling basis, responsive, relevant, and non-privileged documents and things to the extent that they exist and can be identified after a reasonable, good faith search.

15.     The Responses set forth below are based upon Plaintiffs' interpretation of the language used in the Requests, Definitions, and Instructions.  Plaintiffs reserve their right to amend or to supplement their Responses to the Requests in the event Defendants assert, or the Court adopts, an interpretation that differs from Plaintiffs' interpretation.

16.     The Responses and Objections herein are based on Plaintiffs' present knowledge, information and belief.  Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiffs reserve the right to amend, revise, correct or clarify any of the Responses and/or Objections herein.

Each of the foregoing General Responses and Objections are incorporated by reference into each and every Specific Response set forth below. Subject to the General Responses and Objections, and without waiver, modification or limitation thereof, Plaintiffs' Specific Responses and Objections to the Requests are set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 160:

All documents concerning your audited, reviewed, examined or compiled financial statements, including without limitation income statement, balance sheets, statements of cash flows, and any footnotes thereto, for id Software from 2006 to present.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 160:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 97 and 161.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."  To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.  Plaintiffs also object to this Request to the extent it calls for the production of documents dated prior to January 1, 2011.  Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce their cost center and project reports for id Software from 2011 to the present, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

App. 510

**REQUEST FOR PRODUCTION NO. 161:**

All documents concerning your income statements and balance sheets (at the lowest account level possible as contained in the company's general ledger) for id Software from 2006 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 97 and 160.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request to the extent it calls for the production of documents dated prior to January 1, 2011. Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce their cost center and project reports for id Software from 2011 to the present, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 162:**

All documents concerning your budgets and/or projections of revenue and profits for id Software from 2006 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request to the extent it calls for the production of documents dated prior to January 1, 2011. Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce their cost center and project reports for id Software from 2011 to the present, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 163:**

All documents concerning your purchase price allocation and/or intangible asset valuations (e.g. FASB 141-R/ASC 805 fair value of tangible and intangible assets), including without limitation any calculations and/or valuations of the purchase consideration (e.g., Fair Value of any contingent earn-outs, stock consideration, etc.) associated with ZeniMax's acquisition of id Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 101 and 164.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is vague and ambiguous, as it is unclear what is meant by the undefined phrase "Fair Value."

Plaintiffs object to this Request on the ground that it is not relevant to the extent it seeks documents that are beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence. By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its Request.

**REQUEST FOR PRODUCTION NO. 164:**

All Documents concerning any internal or external ZeniMax analyses/valuations related to its acquisition of id Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 101 and 163.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[all] documents."   To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is not relevant to the extent it seeks documents that are beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.   Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence.   By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its Request.

## REQUEST FOR PRODUCTION NO. 165:

Documents sufficient to demonstrate the compensation paid to Carmack for his employment with ZeniMax and/or id Software from 2009 through 2013, including but not limited to salary, bonuses, stock options, or any other benefits.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 165:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request to the extent it calls for the production of documents dated prior to January 1, 2011.   Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation

Plaintiffs object to this Request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "any other benefits."   Plaintiffs also object to this Request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employee, John Carmack, who is now working for Defendants.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the compensation paid to John Carmack for each fiscal year from 2011 to the present, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 166:

Documents sufficient to identify the number of attendees at Quakecon 2012, held in August 2012 in Dallas, Texas.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 167.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the number of attendees at QuakeCon 2012, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 167:**

Documents sufficient to identify the names of all attendees at Quakecon 2012, held in August 2012 in Dallas, Texas, including but not limited to attendee lists, sign-in sheets, guest lists, and registration forms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is not relevant to the extent it seeks documents that are beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence. In addition, Plaintiffs object to this Request on the ground that it is duplicative of Request No. 166.

Dated: June 24, 2015

Respectfully submitted,

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
**    MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

9

## CERTIFICATE OF SERVICE

I, Devin A. Kothari, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *ZeniMax Media Inc. and id Software LLC's First Amended and Superseding Responses and Objections to Defendants' Third Set of Requests for Production of Documents and Things to Plaintiffs* to be served on Defendants by electronic mail to the following addresses: FacebookOculusZenimaxMediaInc@cooley.com and rsmith@lynnllp.com.

Dated: June 24, 2015

Devin A. Kothari



Michael G. Rhodes
T: +1 415 693 2181
rhodesmg@cooley.com

VIA EMAIL (ANTHONY.SAMMI@SKADDEN.COM) AND
VIA U.S. MAIL

May 12, 2015

P. Anthony Sammi
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, New York 10036

RE:   **_ZeniMax Media Inc. et al. v. Oculus VR, LLC, et al._, Case No. 14-cv-01849-P**
      **Deficiencies in Plaintiffs' Responses to Defendants' Discovery Requests**

Dear Tony:

I write on behalf of Defendants Oculus VR, LLC ("Oculus"), Palmer Luckey, and Facebook, Inc. ("Facebook") (collectively, "Defendants") regarding Plaintiffs ZeniMax Media Inc. and id Software LLC's (collectively, "Plaintiffs") responses and objections to Defendants' Second Set of Requests for Production ("Requests") and Facebook's First Set of Interrogatories ("Interrogatories"), served March 3, 2015.

On April 2, 2015, Plaintiffs served Responses and Objections (collectively "Responses") to the Requests and Interrogatories. As explained below, Plaintiffs' Responses suffer from myriad deficiencies. Please confirm by May 14 that Plaintiffs will amend their Responses to the Requests and supplement their Responses to the Interrogatories on or before June 1 to remedy the shortcomings identified below. If not, please advise when Plaintiffs are available to meet and confer pursuant to Local Rule 7-1.

I.   PLAINTIFFS' IMPROPER RESPONSES TO DEFENDANTS' REQUESTS AND INTERROGATORIES

     1.   Plaintiffs' Improper Objections.

          a.   Objections to Documents within Defendants' Possession

Plaintiffs make the same boilerplate objections in their Responses to the Requests and Interrogatories that they raised in their Responses to Defendants' First Set of Requests for Production. Namely, Plaintiffs object to 33 of Defendants' 49 Requests "on the ground that [the request] seeks information or documents that are in the possession of Plaintiffs' former employees now working at Oculus and not in the possession of Plaintiffs." (*See* Response to Request Nos. 111-114, 121-122, 126-127, 129-135, 137, 140-152, 154-155, and 158-159.) Similarly, Plaintiffs object to 25 of Defendants' Requests "on the ground that [the request] seeks documents that are in Defendants' own possession and not in the possession of Plaintiffs, including through emails or source code sent to Defendants by Plaintiffs." (*See* Response to Request Nos. 112-114, 121-122, 126-127, 129-134, 137, 142-145, 147-148, 152, 154, 155, and 158-159.) Further, Plaintiffs object to 14 of Facebook's 21 Interrogatories on the grounds that



**EXHIBIT**
**9**

**App. 517**



P. Anthony Sammi
May 12, 2015
Page Two

Defendants may be in possession of information relevant to that Interrogatory. (*See* Responses to Interrogatory Nos. 1, 4-5, 7-9, 11-15, 16, and 18-19.)

Your March 6, 2015 letter confirmed that "ZeniMax is not presently withholding any documents from production on the ground that copies of such documents may be in Defendants' possession."

Please confirm that Plaintiffs are not presently withholding, and have no plans to withhold, any document or information responsive to any of Defendants' Requests or Interrogatories based on these objections.

> **b.** Objections to Requests and Interrogatories Containing the Terms Any or All

Plaintiffs object to 48 of Defendants' 49 Requests on the grounds that they seek "any" or "all" documents or communications related to specific topics. (*See* Responses to Request Nos. 111-127, 129-159.) Plaintiffs contend that responding to these requests would "require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs." (*See id.*) Plaintiffs make analogous objections to 11 of Facebook's 21 Interrogatories. (*See* Responses to Interrogatory Nos. 1, 2, 3, 8-15.)

If Plaintiffs are using such objections to withhold documents and information, that conduct would be improper. *See Abraham v. Alpha Chi Omega*, 271 F.R.D. 556, 560 (N.D. Tex. 2010) (compelling responses to discovery requests using the term "all" where accompanied by sufficient limiting language); *Wright v. Weaver*, No. CIV. A. 4:07-CV-369, 2009 WL 5170218, at *4 (E.D. Tex. Dec. 18, 2009) (compelling production of documents responsive to request for "any" documents). Defendants' Requests and Interrogatories, which use the terms "any" or "all," include qualifying language that properly limits their scope.

Please confirm that Plaintiffs are not withholding, and have no plans to withhold, any documents or information responsive to any of Defendants' Requests or Interrogatories based on such objections.

### 2.   Plaintiffs' Wrongful Refusal to Produce Documents.

As an initial matter, Plaintiffs yet again[1] attempt to limit the scope of their Responses to 18 of Defendants' Requests by improperly seeking to narrow the documents they agree to produce – even when the request goes to the core of Plaintiffs' claims – using the qualification that only documents "sufficient to identify" the requested subject will be produced. (*See* Responses to Request Nos. 111-114, 118, 122-124, 127, 129-130, 132-134, 136, 138-139, 155.)

---

[1] *See* letter from Michael Rhodes to P. Anthony Sammi, dated February 20, 2015.



P. Anthony Sammi
May 12, 2015
Page Three

Please confirm that Plaintiffs are not presently withholding, and have no plans to withhold, any document or information responsive to any of Defendants' Requests based on this limiting language.

### a. Refusal to Produce Documents re: Virtual Reality Research and Development (**Request Nos. 111-114, 123, 124**)

In Request Nos. 111-114, 123, and 124, Defendants seek categories of documents and things related to virtual reality. Defendants' requests are clearly relevant to, *inter alia*, Plaintiffs' allegation that "[f]or many years, Zenimax invested tens of millions of dollars in research and development, including research into virtual reality and immersive technologies." (Amended Complaint ("AC"), ¶ 4; *see also id.* ¶ 26 ("For years, dating back to the 1990s, ZeniMax and its affiliates had conducted research into VR technology and headsets.").)

Rather than commit to produce responsive documents about the very technology at issue in this case, Plaintiffs are apparently refusing to produce documents related to virtual reality generally. Instead, Plaintiffs improperly seek to narrow the scope of production to documents "sufficient to identify . . . the confidential, trade secret, and copyrighted information identified in the Complaint." (*See* Responses to Request Nos. 111-114, 123, 124.)

Please confirm by May 14 whether Plaintiffs will amend their responses to these requests.

### b. Refusal to Produce Documents re: ZeniMax's Acquisition of id Software. (**Request No. 118**)

Plaintiffs allege that "Through its acquisition of id Software, ZeniMax acquired clear and unencumbered right, title, and interest in and to all of id Software's intellectual property *and franchise assets.*" (AC, ¶ 24 (emphasis added).) Plaintiffs further aver that, in connection with the acquisition, ZeniMax negotiated an employment agreement with John Carmack, whereby Mr. Carmack allegedly agreed that inventions relating to ZeniMax's current or anticipated research and development would be the exclusive property of ZeniMax. (*See, e.g.*, Response to Interrogatory 19.) And Plaintiffs assert that both ZeniMax and id Software "pursued research in VR technology" between the 1990s and 2012. (*See, e.g.*, Response to Interrogatory 3.) Defendants are accordingly entitled to "documents related to ZeniMax's acquisition of id Software." (*See* Request 118.)

But Plaintiffs improperly attempt to narrow the scope of their response to Defendants' Request number 118 by only agreeing to produce documents "sufficient to identify the intellectual property acquired from id Software." (*See* Response to Request No. 118.) Plaintiffs cannot broadly assert that they invested in the research and development of virtual reality by acquiring id Software, including acquisition of undefined "franchise assets" and broad alleged rights as to Mr. Carmack's inventions, and then subsequently refuse to produce all documents related to that acquisition. Indeed, Plaintiffs' limiting language would carve out entire categories



P. Anthony Sammi
May 12, 2015
Page Four

of documents properly subject to production, including, without limitation, financial analyses of id Software, purchase price allocations, and business plans.

Please confirm by May 14 whether Plaintiffs will amend their response to this request.

### c.  Refusal to Produce Documents re: Business Plans and Company Missions (**Request Nos. 119, 120**)

In Request Nos. 119 and 120, Defendants request documents related to Plaintiffs' current or past business plans or company missions.  Defendants are entitled to such documents based on Plaintiffs' alleged significant investment of capital and personnel in virtual reality research and development, which imply that virtual reality was an integral component of Plaintiffs' business. (*See* AC, ¶¶ 4, 5, 24, 26.)

However, Plaintiffs attempt to improperly limit the scope of such documents to those related only to alleged virtual reality research and development.  (*See* Responses to Request Nos. 119, 120.)  This limiting language selectively excludes documents necessary to determine the full extent – or lack thereof – of the role of virtual reality in Plaintiffs' businesses.

Please confirm by May 14 whether Plaintiffs will amend their responses to these requests.

### d.  Refusal to Produce Documents re: Communications and Negotiations with John Carmack (**Request No. 125**)

Plaintiffs allege that after ZeniMax's acquisition of id Software, it entered into an employment agreement with John Carmack, in which he agreed "to disclose to ZeniMax inventions relating to the company's current or anticipated research and development that Carmack created during the term of his employment, and further agreed that all such Inventions would be the exclusive property of ZeniMax." (AC, ¶¶ 24, 25.)  Accordingly, Defendants are entitled to documents related to and that provide context about this alleged employment agreement, including communications and negotiations with Carmack relating to his employment agreement with ZeniMax. (*See* Request No. 25.)

Despite this, Plaintiffs wrongfully attempt to limit the scope of Defendants' request to just "written agreements between Plaintiffs and John Carmack." (*See* Response to Request No. 125.)

Please confirm by May 14 whether Plaintiffs will amend their response to this request.

### e.  Refusal to Produce Communications re: Plaintiffs' Alleged Trade Secrets (**Request No. 135**)



P. Anthony Sammi
May 12, 2015
Page Five

Plaintiffs accuse Defendants of misappropriating trade secrets that were purportedly developed over many years at great expense.  Despite this, Plaintiffs have refused to produce communications about these very trade secrets and, instead, want to narrow the scope of this straightforward and proper request.  Plaintiffs' alleged trade secrets, and communications about those alleged trade secrets, are at the center of this litigation.  Defendants are entitled to discovery regarding Plaintiffs' employees' communications about the alleged trade secrets, as well as communications with any third parties about the alleged trade secrets.

As such, Defendants will not narrow the scope of Request 135.

Please confirm by May 14 whether Plaintiffs will amend their response to this request.

> **f.** Refusal to Produce Documents re: Valuations and Calculations (**Request Nos. 136, 138, 139**)

In Request Nos. 136, 138, and 139, Defendants seek certain calculations and valuations related to Plaintiffs' "virtual reality technology," Oculus VR, and Plaintiffs' alleged contributions to Oculus VR.  Plaintiffs, however, attempt to limit Defendants' requests by only agreeing to produce documents "sufficient to identify the damages suffered by Plaintiffs." (*See* Response to Request Nos. 136, 138, 139.)

Plaintiffs' circular response is improper, as the above-referenced Requests call for documents necessary to assess Plaintiffs' "damages," if any.  Moreover, Plaintiffs' response improperly makes them the sole arbiter of how damages should be calculated and what documents are relevant to that calculation.

Please confirm by May 14 whether Plaintiffs will amend their responses to these requests.

> **g.** Refusal to Produce Documents Concerning Plaintiffs' Identification of Trade Secrets (**Request No. 137**)

Defendants are clearly entitled to documents concerning the information set forth in "Plaintiffs' Further Identification of Misappropriated Trade Secrets," filed with the Court on February 25, 2015, ECF document number 113-1. (*See* Request No. 137.)

Yet Plaintiffs attempt to improperly and subjectively limit Request No. 137 to only documents that "***support***" their "Further Identification of Misappropriated Trade Secrets," rather than all documents "***concerning***" their filing, as was requested.

Please confirm by May 14 whether Plaintiffs will amend their response to this request.

**App. 521**



P. Anthony Sammi
May 12, 2015
Page Six

h.      Refusal to Produce Documents re: Doom 3 BFG (**Request Nos. 154, 155**)

Defendants are entitled to documents concerning Plaintiffs' "decision[s] to ship Doom 3 BFG with no support for the Rift ..." and "provide or make available Doom 3 BFG to Oculus in connection with Oculus's Kickstarter campaign." (*See* Request Nos. 154, 155; *see also*, AC ¶ 63.)   These documents and information are relevant to, among other things, Plaintiffs' allegations of trademark infringement, unfair competition, and false designation.

Plaintiffs, however, attempt to improperly limit such Requests to "documents sufficient to identify the efforts made by Plaintiffs to support or not support the Rift in *Doom 3: BFG Edition*." (*See* Response to Request Nos. 154, 155.)

Please confirm by May 14 whether Plaintiffs will amend their responses to these requests.

i.      Refusal to Produce Documents Concerning Responses to Defendants' Requests and Interrogatories (**Request Nos. 156, 157**)

Plaintiffs appear to outright refuse production of documents concerning their responses to Defendants' Requests for Admission and Interrogatories.  (*See* Responses to Request Nos. 156, 157.)  Plaintiffs' response is improper, as Defendants' are entitled to information related to Plaintiffs' associated discovery Responses.  *Doucet v. Dormont Mfg. Co.*, No. CIV.A. 13-251-SDD, 2014 WL 2434472, at *3 (M.D. La. May 29, 2014) (granting motion to compel discovery related to interrogatory responses); *SIPCO, LLC v. Amazon.com, Inc.*, No. 2:08CV359, 2009 WL 9051241 (E.D. Tex. Dec. 8, 2009) (same).

Please confirm by May 14 whether Plaintiffs will serve an amended response to these requests.

j.      Refusal to Produce Documents re: Efforts to Commercialize and Develop Virtual Reality Headsets (**Request Nos. 158, 159**)

In Request Nos. 158 and 159, Defendants seek documents related to Plaintiffs' efforts to "develop[ ] virtual reality headsets" and the alleged "development plan for how to make a commercially viable virtual reality headset" as set forth in "Plaintiffs' Further Identification of Misappropriated Trade Secrets." (*See* Request Nos. 158, 159.)

It is unclear, however, whether Plaintiffs are attempting to limit the scope of this request by agreeing to produce documents only "regarding Plaintiffs' trade secret misappropriation claim."

Please confirm by May 14 whether Plaintiffs will amend their responses to these requests.

**App. 522**



P. Anthony Sammi
May 12, 2015
Page Seven

### 3.    Plaintiffs' Deficient Interrogatory Responses

For the reasons outlined in detail below, Plaintiffs' conclusory interrogatory responses are incomplete and evasive.

Please confirm by May 14 whether Plaintiffs will serve supplemental responses to these Interrogatories.

As an initial matter, Plaintiffs' intentionally vague statement in their Interrogatory Responses (and Amended Complaint) that "ZeniMax invested tens of millions of dollars in research and development, *including* research into VR and immersive technologies" says nothing about how much Plaintiffs spent on research and development specific to virtual reality. (*See* Responses to Interrogatory Numbers 3 and 10 and AC ¶ 4 (emphasis added).)  Plaintiffs appear to have clarified this allegation in the parties Joint Proposal for Contents of Scheduling and Discovery Order, which stated that Plaintiffs have "invested tens of millions of dollars and many man-hours into the research and development of virtual reality ("VR") technologies." (Dkt. 31 at 2).  Defendants are thus entitled to discovery about the nature of and circumstances surrounding this alleged investment.

#### a.    Failure to Identify Plaintiffs' Employees Who Allegedly Worked on Virtual Reality (**Interrogatory No. 2**)

In Interrogatory No. 2, Defendants ask "who has participated in any research and development related to virtual reality" conducted by or for Plaintiffs.  (Interrogatory No. 2.)  Defendants' interrogatory is clearly relevant to Plaintiffs' allegation that "[f]or many years, Zenimax invested tens of millions of dollars in research and development, including research into virtual reality and immersive technologies." (AC, ¶ 4; *see also* ¶ 26.)

Plaintiffs' response disregards Defendants' interrogatory by only providing a list that "may include" some "[p]ersons **having knowledge** of research and development related to virtual reality ...."  Plaintiffs conspicuously fail to identify individuals who have **participated** in such research and development, as Defendants requested.  (*See* Response to Interrogatory No. 2) (emphasis added).  Plaintiffs must supplement their Response.

#### b.    Failure to Explain "Resources" Related to Research and Development of Virtual Reality (**Interrogatory No. 3**)

In Interrogatory No. 3, Defendants ask Plaintiffs to identify "all resources [Plaintiffs'] have ever invested in any research and development related to virtual reality ...."  But Plaintiffs' response lists "resources" in a conclusory fashion, such as "resources invested ... in the



P. Anthony Sammi
May 12, 2015
Page Eight

acquisition of id Software ...,"[2] without explaining how those resources relate to virtual reality. (*See* Response to Interrogatory No. 3.)  Such a response is incomplete, especially where Plaintiffs have asserted that "[f]or many years, Zenimax invested tens of millions of dollars in research and development, including research into virtual reality and immersive technologies." (AC, ¶ 4; *see also* ¶ 26.)  Plaintiffs must supplement their Response.

> **c.** Failure to Describe Plaintiffs' Alleged "breakthrough modifications" to the Rift (**Interrogatory Nos. 4 and 5**)

In Interrogatory Nos. 4 and 5, Defendants ask Plaintiffs to describe their alleged "breakthrough modifications to the Rift prototype" and the "additional ZeniMax VR Technology needed to develop the Rift."  (*See* Interrogatory Nos. 4, 5 (quoting Plaintiffs' Response to Defendants' Sixth Interrogatory).)  In response, Plaintiffs merely cut and paste the categories of alleged trade secrets identified in their Further Identification of Misappropriated Trade Secrets (Dkt. 113-1), but make no effort to ***describe*** how these alleged technologies purportedly improved the Rift, as was called for in the Interrogatory.  Plaintiffs must supplement their Response to correct this infirmity.

> **d.** Failure to Provide Any Monetary Figures in support of Plaintiffs' Alleged Investment of "Tens of Millions of Dollars" (**Interrogatory No. 10**)

Interrogatory No. 10 seeks facts related to Plaintiffs' allegation that "[f]or many years, ZeniMax invested tens of millions of dollars in research and development, including research into virtual reality and immersive technologies."  (*See* Response to Interrogatory No. 10; *see also* AC, ¶ 4.)

In response, Plaintiffs refuse to cite a single dollar figure or financial metric to support or detail their alleged investment.  Instead, Plaintiffs list various vague categories of alleged research and development that "may" have been invested in virtual reality.  These alleged expenditures, however, cannot be parsed from Plaintiffs' other capital investments.  For example, Plaintiffs' conclusory response does not make clear which resources were "invested in attracting, hiring, and retaining core personnel" specifically for Plaintiffs' alleged virtual reality research, as opposed to for Plaintiffs' other business pursuits.  Plaintiffs must supplement their Response.

> **e.** Failure to Confirm Any Other Personnel Who Added Numerous Improvements to the Prototype (**Interrogatory No. 11**)

In Interrogatory No. 11 Defendants seek facts related to Plaintiffs' allegation that "Carmack and other ZeniMax personnel added numerous improvements to the prototype."  (*See*

---

[2] As previously stated, Plaintiffs contend that they invested resources in the acquisition of id Software, yet refuse to produce documents related to that acquisition.



P. Anthony Sammi
May 12, 2015
Page Nine

Interrogatory No. 11; AC, ¶ 6.)  However, Plaintiffs do not identify anyone in their Response apart from Carmack who allegedly "added numerous improvements to the prototype." (*See* Response to Interrogatory No. 11.)

If Plaintiffs are unable to identify any other "personnel" at Plaintiffs who allegedly "added numerous improvements to the prototype" besides Carmack, please confirm that fact.   If Plaintiffs are able to identify other "personnel" who purportedly contributed to the Rift, please serve a supplemental Response.

      **f.**   <u>Failure to Describe the Type of Relief Plaintiffs are Seeking</u> (**Interrogatory No. 20**)

In Interrogatory No. 20, Defendants ask Plaintiffs to "**describe**" all the relief sought in this action. (*See* Interrogatory 20 (emphasis added).)  Plaintiffs' response is deficient because it only lists, in a conclusory manner, "relief … in this action," such as "Actual Damages … Restitution … and Disgorgement." (*See* Response to Interrogatory No. 20.)  Plaintiffs' list of categories of relief is a legal conclusion, which fails to ***describe*** all relief sought.  Plaintiffs must supplement their Response.

*    *    *

Please confirm by May 14 that Plaintiffs will amend their Responses to the Requests and supplement their Responses to the Interrogatories on or before June 1.  If Plaintiffs refuse to amend and supplement their Responses, please advise when you are available to meet and confer pursuant to Local Rule 7-1.

Nothing in this letter waives any of Defendants' rights, all of which are expressly reserved.

Sincerely,

Michael G. Rhodes

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

DIRECT DIAL
(212) 735-2307
DIRECT FAX
(917) 777-2307
EMAIL ADDRESS
ANTHONY.SAMMI@SKADDEN.COM

May 22, 2015

VIA ELECTRONIC MAIL

Michael G. Rhodes
Cooley LLP
101 California Street, Fifth Floor
San Francisco, California 94111-5800
rhodesmg@cooley.com

RE:   Defendants' May 12, 2015 Letter Re: Plaintiffs' Discovery Request Responses
      *ZeniMax Media Inc. et al. v. Oculus VR, LLC et al.*, No. 3:14-cv-01849

Dear Mike:

I write in response to your letter of May 12, 2015 regarding Plaintiffs' responses to Defendants' Second Requests for Production and Facebook's First Interrogatories.

As a preliminary matter, Plaintiffs note that they have provided timely, detailed and comprehensive responses to Defendants' discovery requests throughout this litigation. By contrast, Defendants have repeatedly refused to provide full and complete responses to Plaintiffs' requests.[1] Accordingly, while Plaintiffs are prepared to meet and confer regarding written discovery, any such meet and confer must also include discussion of the deficiencies in Defendants' responses. Plaintiffs' response to your May 12 letter follows.

**Objections to Defendants' Discovery Requests**

       **1.**       **Documents in Defendants' Possession**
                        (Item I.1.a.)

Defendants' discovery requests seek information and documents in the possession of Defendants or knowable only to Plaintiffs' former employees now working for Defendants. As I noted in my letter of March 6, 2015, Defendants are not entitled to demand that Plaintiffs

---

[1]   Defendants have also refused to participate in document discovery. As of the date of this letter, Defendants have just begun to produce source code (*see* Dkt. No. 156 (seeking costs)), and have repeatedly shown that they will produce documents only when under threat of a motion to compel (*see, e.g.*, Dkt. No. 121).


EXHIBIT
**10**

**App. 526**

Michael G. Rhodes
May 22, 2015
Page 2

search for and produce such documents or information.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (limiting discovery when it can be obtained from "some other source that is more convenient, less burdensome, or less expensive").   Nonetheless, Plaintiffs are not presently withholding any documents from production on the ground that copies of such documents may be in Defendants' possession.  We will inform you if we withhold documents from production on that ground.

### 2.    Requests for Any and All Documents
(Item I.1.b.)

Numerous discovery requests issued by Defendants seek "any" and "all" facts or documents from Plaintiffs, without attempting to identify which party is in a better position to provide the requested information, or attempting to narrow the requests to a specific time period, subject matter, or set of personnel.[2]  Plaintiffs have every right to object to these requests and interrogatories as overbroad and unduly burdensome.  *EEOC v. Signal Int'l, LLC*, Civ. No. 12-557, 2014 U.S. Dist. LEXIS 55026, at *8 (E.D. La. Apr. 21, 2014) (finding a request for "all documents" "overbroad and unduly burdensome"); *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *16 (N.D. Ind. May 13, 2009) (finding that interrogatories seeking all facts can be "unduly burdensome").[3]

Notwithstanding their continuing objections, Plaintiffs have produced documents and provided information responsive to a reasonable interpretation of Defendants' requests. Plaintiffs will continue to make additional rolling productions as discovery proceeds, and expect that they will be able to further supplement their interrogatory responses once Defendants begin substantive participation in discovery.

### Responses to Defendants' Second Requests for Production

### 1.    Documents Sufficient to Identify Particular Persons or Things

As noted in my letter of March 6, 2015, Plaintiffs have reasonably limited their response to certain overbroad and unduly burdensome requests by agreeing to produce documents sufficient to identify the persons or things that fall into the particular category of information being requested.   This is an entirely appropriate response to otherwise objectionable requests.  Plaintiffs further respond as follows:

---

[2]    As one example, Defendants' Request for Production No. 116 seeks, without limitation, "[a]ll communications" between Plaintiffs and "any of [Plaintiffs'] current or former employees and agents concerning any research and development related to virtual reality."

[3]    The cases cited by Defendants are not to the contrary.  For example, *Wright v. Weaver* counsels that requests for "all documents" are improper where, as here, they are without limit or "too broad."  2009 U.S. Dist. LEXIS 117918, at *11 (E.D. Tex. Dec. 17, 2009).  Moreover, Defendants' citation to *Abraham v. Alpha Chi Omega* is distinguishable:  it does not discuss interrogatories that seek "all facts," instead noting only that requests for "individuals" are permissible when "limited [as] to the time frame."  271 F.R.D. 556, 560 (N.D. Tex. 2010).  Facebook's contention interrogatories are not so limited.

Michael G. Rhodes
May 22, 2015
Page 3

### (a)   Documents Regarding Virtual Reality R&D
(Item I.2.a.)

Plaintiffs stand by their response to Request Nos. 111-114, 123, and 124.  Plaintiffs' amended complaint (Dkt. No. 38) and further identification of misappropriated trade secrets (Dkt. No. 120) specifies the confidential, trade secret, and copyrighted materials misappropriated by Defendants.  Any request for research and development materials unrelated to this technology is irrelevant and unduly burdensome, as such a request would seek documents and communications not at issue in this case.

### (b)   Documents Regarding the Acquisition of id Software
(Item I.2.b.)

Plaintiffs stand by their response to Request No. 118, which would provide documents sufficient to identify the virtual reality-related intellectual property and inventions transferred from id Software to ZeniMax, as requested by Defendants' May 12 letter.  Other detail on ZeniMax's acquisition of id Software is not relevant here.

### (c)   Documents Regarding Damages
(Item I.2.f.)

In response to Request Nos. 136, 138, and 139, and based on the clarification provided by Defendants, Plaintiffs now understand that Defendants seek those documents used by Plaintiffs to assess damages in this matter.  Plaintiffs agree to produce the documents sought by these Requests to the extent they are relied upon in their damages analysis.

### (d)   Documents Regarding *DOOM 3: BFG*
(Item I.2.h.)

In response to Request Nos. 154 and 155, Plaintiffs will produce documents concerning Oculus's proposal to make *DOOM 3: BFG* available in connection with Oculus's Kickstarter campaign and Plaintiffs' decision regarding whether to ship *DOOM 3: BFG* with support for the Rift.[4]  Plaintiffs have produced a number of documents responsive to these Requests already.

### 2.   Documents Concerning Business Plans or Company Missions
(Item I.2.c.)

With respect to Request Nos. 119 and 120, Plaintiffs agree to produce company business plans or company missions relevant to the subject matter of this litigation.  As Defendants have stated that the purpose behind seeking these documents is to understand "the role of virtual reality in Plaintiffs' businesses," Plaintiffs will produce those business plans

---

[4] All offers to produce documents in this letter are subject to proviso that Plaintiffs will provide documents only to the extent they exist, can be located after a reasonably diligent search, and are not subject to an applicable privilege or immunity.

Michael G. Rhodes
May 22, 2015
Page 4

and company missions that (i) address Oculus, Luckey, or the virtual reality technology at issue in the case and (ii) were created between January 1, 2011 and the commencement of this litigation. Plaintiffs reserve their right to not produce or redact information in these documents that is unrelated to the subject matter of the present suit.

### 3.    Documents Concerning John Carmack's Employment Agreements
(Item I.2.d.)

Plaintiffs have reviewed their responses and objections to Request No. 125, and will produce non-privileged documents, communications, and negotiations relating to any employment agreement with John Carmack executed between January 1, 2011 and his departure from id Software. (*See* Dkt. No. 38 ¶ 96.) Plaintiffs will also produce a copy of the employment agreement entered into by John Carmack after ZeniMax's acquisition of id Software. (*See id.* ¶¶ 24, 25.) Plaintiffs have already produced a number of documents responsive to this Request.

### 4.    All Communications Concerning Any Trade Secret
(Items I.2.e., I.2.g.)

As discussed *supra*, Plaintiffs are under no obligation to respond to burdensome and harassing requests for all documents and communications. Defendants' Request Nos. 135 and 137, which seek "[a]ll communications concerning any alleged trade secret" and "[a]ll documents concerning [Plaintiffs' trade secrets]," respectively, are prime examples of this abusive tactic. Indeed, far from being "straightforward and proper," these Requests impermissibly seek communications touching on any trade secret of Plaintiffs, without limitation as to the type of communication, custodian, time frame, or technology.

Although Plaintiffs believe these Requests overbroad, they have nevertheless stated in their response to Request No. 137 that they will provide those documents that support their further identification of trade secrets. Plaintiffs believe such documents also address Request No. 135.

### 5.    Documents Concerning Defendants' Discovery Requests
(Item I.2.i.)

Plaintiffs have reviewed their responses and objections to Request Nos. 156 and 157, and will produce non-privileged documents that support Defendants' interrogatories and requests for admission. Plaintiffs have already produced a number of documents responsive to these requests, including those documents cited in their interrogatory responses.

### 6.    Documents Concerning Virtual Reality Headset Development
(Item I.2.j.)

As discussed *supra*, Plaintiffs offer to produce research and development documents is

Michael G. Rhodes
May 22, 2015
Page 5

limited to those virtual reality technologies described in the amended complaint (Dkt. No. 38) and Plaintiffs' further identification of trade secrets (Dkt. No. 120). With regards to Request Nos. 158 and 159, Plaintiffs therefore intend to produce only those documents concerning virtual reality headset development that touch on those technologies. However, Plaintiffs do not intend for their answer to further limit the scope of their response.

## Responses to Facebook's First Interrogatories

At the outset, Plaintiffs entirely reject Defendants' characterization of their interrogatory responses as "conclusory," "incomplete," or "evasive." Plaintiffs' responses to Facebook's interrogatories total over <u>ninety</u> pages, and include detailed, narrative responses to each interrogatory with accompanying document citations. You may not agree with the position taken by Plaintiffs in their responses, but there can be no doubt that they are clear and comprehensive.

Moreover, whatever limitations may exist in Plaintiffs' interrogatory responses are the result of Defendants' refusal to participate in discovery, and not the fault of Plaintiffs. As of the date of this letter, Defendants have delayed the production of virtual reality source code for more than ten months, and made substantive document productions only <u>after</u> the date Plaintiffs' interrogatory responses were due. Moreover, Defendants have hired away key technical personnel of Plaintiffs who worked on virtual reality, including Plaintiffs' former Technical Director, John Carmack, and his key staff. Defendants may look to their own documents and employees if they seek further information responsive to their interrogatories.

With respect to the particular interrogatories you identify, Plaintiffs, having reviewed their responses and objections, further respond as follows:

### 1.   Employees With Knowledge of Virtual Reality R&D
(Items I.3.a., I.3.e.)

Plaintiffs stand by their responses to Interrogatory Nos. 2 and 11. In response to Interrogatory No. 2, Plaintiffs have listed nine persons who have knowledge of research and development related to virtual reality. Notably, seven of these nine persons now work for Oculus. For this reason, Plaintiffs expect to supplement their responses to Interrogatory No. 2—and by association their response to Interrogatory No. 11—as Defendants continue to produce documents and offer their employees for deposition in this case.

### 2.   Investment in Virtual Reality
(Items I.3.b., I.3.d.)

Plaintiffs stand by their responses to Interrogatory Nos. 3 and 10. In response to these Interrogatories, Plaintiffs have outlined a number of resources invested in virtual reality, including detailed lists of investments in property, equipment, and virtual reality-specific hardware and software. As the majority of employees who invested in virtual reality research

Michael G. Rhodes
May 22, 2015
Page 6

and development are now employed by Defendants, Plaintiffs expect deposition discovery to provide further details on Plaintiffs' investment in virtual reality.

### 3.    Modifications to the Rift
#### (Item I.3.c.)

Plaintiffs stand by their responses to Interrogatory Nos. 4 and 5.  In response to these Interrogatories, Plaintiffs have listed the trade secrets asserted in this case, each of which was used to create a commercially viable virtual reality headset.  Plaintiffs' responses to these Interrogatories also "refer Defendants to . . . [their] Further Identification of Misappropriated Trade Secrets (Dkt. No. 120)" for additional information.  As Plaintiffs' further identification of trade secrets provides a detailed description of how each trade secret was utilized in the development of the Rift, demanding that Plaintiffs restate that information here is unnecessarily duplicative and unduly burdensome.  Moreover, as Defendants employ the majority of persons involved in virtual reality research and development, Plaintiffs expect to supplement these responses after further document and deposition discovery from Defendants.

### 4.    Relief Sought by Plaintiffs
#### (Item I.3.f.)

Plaintiffs stand by their response to Interrogatory No. 20.  In that response, Plaintiffs have described the myriad harms suffered by Plaintiffs as a result of Defendants' wrongful conduct.  Given that Defendants have thus far failed to provide substantive financial and investment documents or provide detail on their plan to monetize the Rift headset and platform, requesting further detail on this Interrogatory is premature.  Plaintiffs expect to supplement this Interrogatory as the case proceeds, including through Plaintiffs' expert reports.

*      *      *

Plaintiffs trust that this letter sufficiently addresses Defendants' expressed concerns about Plaintiffs' discovery responses.  However, if you would like to meet and confer on any of these topics, we are available to discuss at a mutually convenient time next week.  At such discussion, please be prepared to discuss the deficiencies in Defendants' discovery request responses.

Very truly yours,

P. Anthony Sammi

**Caplan, Matthew D.**

| | |
|---|---|
| **From:** | Richard Smith <rsmith@lynnllp.com> |
| **Sent:** | Friday, May 29, 2015 12:00 PM |
| **To:** | Hemr, Kurt Wm.; z/Facebook-Oculus/Zenimax Media Inc |
| **Cc:** | DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; 'michael.karson@haynesboone.com' |
| **Subject:** | RE: Conference Call |

Kurt, we agree with your list below, with the addition of a few items that we also believe were discussed yesterday.  Let us know if you disagree with any of the following:

- Defendants noted their intent to produce their next round of documents by June 5, and ZeniMax stated that they believed their document production would be substantially complete within the next 30 days.

- Our recollection is that ZeniMax also agreed to amend its interrogatory answers (if it determines any supplementation is appropriate) by July 8, to correspond with Defendants' own amendment on that date.

- ZeniMax was going to decide what, if anything, it wants to do with its pending motion to compel on the source code.

On that last item, we have a deadline early next week to file a reply on our motion to strike/motion for leave with respect to your motion, so a quick response on that issue would be appreciated.

---

**From:** Hemr, Kurt Wm. [mailto:Kurt.Hemr@skadden.com]
**Sent:** Friday, May 29, 2015 9:43 AM
**To:** Richard Smith; FacebookOculusZenimaxMediaInc@cooley.com
**Cc:** DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; 'michael.karson@haynesboone.com'
**Subject:** RE: Conference Call

Counsel:

To memorialize certain issues discussed on our call yesterday:

(1)  You will provide us with the categories of Facebook interaction source code that you identified on the call.  We will follow up with you regarding our positions on those.

(2)  You will provide us with redacted file listings of the hard drives you identified in your letter of May 22, 2015 and agree to make the hard drives available for search and review upon reasonable notice.  You stated that the redactions will be limited to files specifically identified by custodians and confirmed by counsel as personal files.  We reserve all our rights as regards the hard drives.

(3)  You represent that one of the three repositories you identified in your letter of May 22, 2015 is not, in fact, a source code repository but a virtual window into another repository that has already been produced or will be produced in this case.  You agree to produce the two remaining repositories in Austin next week, and at a mutually agreeable time at all other locations.

(4)  We will identify which of your "relevance" limitations are an issue for Plaintiffs, and further meet and confer on those.

1



EXHIBIT
**11**

**App. 532**

(5)  You will identify which of Plaintiffs' "sufficient to identify" responses to document requests are an issue for Defendants, and further meet and confer on those.

(6)  We will be indicating by letter by June 8, 2015 whether and to what extend we intend to amend/supplement our responses to Defendants' interrogatories, and our proposed schedule for doing so.

(7)  You will be amending/supplementing your responses to Plaintiffs' interrogatories by July 8, 2015.  You will not be amending or supplementing responses relating to affirmative defenses (unless perhaps you have answered in the interim).

> [With regard to this issue:  Defendants are not precluded from pleading affirmative defenses by the pendency of their motions to dismiss.  It is likely that depositions will begin within 30-60 days, and we would prefer to avoid having to re-depose Defendants' witnesses regarding affirmative defenses that Defendants might plead following an initial deposition.  Perhaps we should discuss this issue further next week to see if we can avoid duplication of effort.]

(8)  Both parties agreed to supplement or amend responses to document requests discussed on the call (or state their reasoning for not doing so) by June 8, 2015.

(9)  You anticipate serving your first privilege log today, May 29, 2015.

(10)  We will respond to your letter regarding our privilege log by June 4, 2015.

Please let us know if the foregoing is incomplete, or if your understanding differs from the above.

Thanks

Kurt Hemr

**Kurt Wm. Hemr**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**500 Boylston Street | Boston | Massachusetts | 02116-3740**
**T: 617.573.4833 | F: 617.305.4833**
**Four Times Square | New York | 10036-6522**
**T: 212.735.2834 | F: 917.777.2834**
**kurt.hemr@skadden.com**

---

**From:** Hemr, Kurt Wm. (BOS)
**Sent:** Wednesday, May 27, 2015 6:02 PM
**To:** 'Richard Smith'
**Cc:** Project ZeniMax IP DL; phillip.philbin@haynesboone.com; michael.karson@haynesboone.com
**Subject:** RE: Conference Call

Attached is Plaintiffs' agenda of items to be discussed on that call.  Speak to you then.

**From:** Richard Smith [mailto:rsmith@lynnllp.com]
**Sent:** Wednesday, May 27, 2015 5:27 PM
**To:** Project ZeniMax IP DL; phillip.philbin@haynesboone.com
**Subject:** RE: Conference Call

I have confirmed that the people needed on our end of the phone call are all available tomorrow at 12:30 ET / 11:30 CT / 9:30 PT, which is within the window Phillip said the Zenimax side had open.  So let's plan on doing it at that time.  We can still use the same dial-in number below.

**From:** Richard Smith
**Sent:** Tuesday, May 26, 2015 2:38 PM
**To:** DLPZENIMAX@skadden.com; 'Philbin, Phillip B.'
**Cc:** Rhodes, Michael (RHODESMG@cooley.com) (RHODESMG@cooley.com); Keefe, Heidi (hkeefe@cooley.com); Caplan, Matthew D. (mcaplan@cooley.com); Stameshkin, Liz (lstameshkin@cooley.com); Woodring, Joe (jwoodring@cooley.com)
**Subject:** Conference Call

All:

For tomorrow afternoon's conference call, we can all use the following dial-in number.  I look forward to speaking with everyone tomorrow at 4:30 ET / 3:30 CT / 1:30 PT.

Phone number: 1-877-211-3621
Passcode: 837 965 8704


**Richard Smith  |** Partner
**LynnTillotsonPinkerCox**
Direct 214 981 3824
Fax     214 981 3839
**rsmith@lynnllp.com**

2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
**600commerce.com**


----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

============================================================================

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC | |
| Plaintiffs, | Case No.:  3:14-cv-01849-P |
| v. | |
| OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC., | |
| Defendants. | |

<u>**DECLARATION OF MATTHEW D. CAPLAN IN SUPPORT OF DEFENDANTS'**</u>
<u>**MOTION TO COMPEL (ECF NO.  182)**</u>

I, Matthew D. Caplan, declare as follows:

1.      I am an associate at the law firm Cooley LLP, counsel of record for defendants Oculus VR LLC, Palmer Luckey, and Facebook, Inc. (collectively, the "Defendants") in the above-captioned case.  I make this declaration in support of Defendants' Motion to Compel the Production of Documents and Supplemental Interrogatory Responses ("Motion"; ECF No. 182).

2.      I have personal knowledge of the facts recited in this declaration and, if called as a witness, could and would testify competently to them.

3.      A true and correct copy of ZeniMax Media Inc. and id Software LLC's Responses and Objections to Facebook, Inc.'s First Set of Interrogatories to Plaintiffs is attached to the Appendix in Support of the Motion as Exhibit 1.  The copy attached to the appendix has been redacted to omit information designated as confidential by plaintiffs ZeniMax Media Inc. and id Software LLC.

4.      A true and correct copy of ZeniMax Media Inc. and id Software LLC's First Amended and Superseding Responses and Objections to Facebook, Inc.'s First Set of Interrogatories to Plaintiffs is attached to the Appendix in Support of the Motion as Exhibit 2.

**EXHIBIT**
**12**

App. 535

The copy attached to the appendix has been redacted to omit information designated as confidential by plaintiffs ZeniMax Media Inc. and id Software LLC.

5.      A true and correct copy of ZeniMax Media Inc. and id Software LLC's Responses and Objections to Defendants' First Set of Requests for Production of Documents and Things to Plaintiffs is attached to the Appendix in Support of the Motion as Exhibit 3.

6.      A true and correct copy of ZeniMax Media Inc. and id Software LLC's First Amended and Superseding Responses and Objections to Defendants' First Set of Requests for Production of Documents and Things to Plaintiffs is attached to the Appendix in Support of the Motion as Exhibit 4.

7.      A true and correct copy of ZeniMax Media Inc. and id Software LLC's Responses and Objections to Defendants' Second Set of Requests for Production of Documents and Things to Plaintiffs is attached to the Appendix in Support of the Motion as Exhibit 5.

8.      A true and correct copy of ZeniMax Media Inc. and id Software LLC's First Amended and Superseding Responses and Objections to Defendants' Second Set of Requests for Production of Documents and Things to Plaintiffs is attached to the Appendix in Support of the Motion as Exhibit 6.

9.      A true and correct copy of ZeniMax Media Inc. and id Software LLC's Responses and Objections to Defendants' Third Set of Requests for Production of Documents and Things to Plaintiffs is attached to the Appendix in Support of the Motion as Exhibit 7.

10.     A true and correct copy of ZeniMax Media Inc. and id Software LLC's First Amended and Superseding Responses and Objections to Defendants' Third Set of Requests for Production of Documents and Things to Plaintiffs is attached to the Appendix in Support of the Motion as Exhibit 8.

11.     A true and correct copy of a May 12, 2015 Letter from Michael Rhodes to P. Anthony Sammi is attached to the Appendix in Support of the Motion as Exhibit 9.

12.     A true and correct copy of a May 22, 2015 Letter from P. Anthony Sammi to Michael Rhodes is attached to the Appendix in Support of the Motion as Exhibit 10.

App. 536

13.     A true and correct copy of an email chain between Richard Smith, Kurt Wm. Hemr and others is attached to the Appendix in Support of the Motion as Exhibit 11.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 17, 2015 in Redondo Beach, California.

_____

Matthew D. Caplan