**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **ZENIMAX MEDIA INC. and ID SOFTWARE LLC**<br><br>Plaintiffs,<br><br>v.<br><br>**OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.,**<br><br>Defendants. | Case No.:  3:14-cv-01849-P |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND TESTIMONY FROM OTHER PENDING LITIGATIONS (ECF NO. 175)**

The Court should deny plaintiffs ZeniMax Media Inc. and id Software LLC's (collectively, "Plaintiffs") Motion to Compel Production of Documents and Testimony from other Pending Litigations (the "Motion") because the requests at issue are overbroad and seek irrelevant information, and because Plaintiffs have made no effort to tailor the requests to the issues in this case.  Plaintiffs seek nearly all documents and discovery from a trademark case filed against Oculus VR, Inc., the predecessor of defendant Oculus VR, LLC ("Oculus"), in which Oculus prevailed on summary judgment (*see Oculu, LLC v. Oculus VR, Inc.*, No. SACV 14-0196 DOC, 2015 WL 3619204 (C.D. Cal. June 8, 2015), another case recently filed against Oculus VR, Inc. and Palmer Luckey (collectively with Oculus and Facebook, Inc., "Defendants") premised on an alleged agreement between Mr. Luckey and an individual named Thomas Seidl, as well as other unnamed lawsuits.  Such broad requests are inappropriate because they are not targeted at specific categories of documents that are relevant to this case.  Plaintiffs are overreaching, and the Court should not permit this intrusion.

## FACTUAL BACKGROUND

Plaintiffs have requested that Defendants produce "all non-privileged Documents or Communications concerning the *Oculu* Litigation [*Oculu, LLC v. Oculus VR, Inc. et al.*, a trademark action docketed as No. 8:14-cv-00196-DOC-JPR in the U.S. District Court for the Central District of California], including but not limited to (i) all Documents produced by Oculus and/or Palmer Luckey in the *Oculu* Litigation, and all privilege and/or redactions logs produced by Oculus and/or Palmer Luckey in the *Oculu* Litigation; (ii) all written objections and/or responses to requests for documents, interrogatories, requests for admission, and/or subpoenas duces tecum served by Oculus and/or Palmer Luckey in the *Oculu* Litigation; (iii) all transcripts of any deposition of any officer, director, employee or agent of Oculus and/or Palmer Luckey in the *Oculu* Litigation, including any exhibits to such depositions and any audio or audiovisual recordings of such depositions; (iv) all Documents filed by Oculus with the court in the *Oculu* Litigation; and (v) all transcripts of any conference, hearing, argument, or trial in the *Oculu* Litigation." *See* Doc. 176-1 at p. 79 (Plaintiffs' Appendix in support of the Motion).[1]

Additionally, Plaintiffs also seek "(i) all written objections and/or responses to requests for documents, interrogatories, requests for admission, and/or subpoenas duces tecum served by Oculus and/or Palmer Luckey in any litigation to which Oculus and/or Palmer Luckey is a party that concerns either the business of Oculus or virtual reality; (ii) all transcripts of any deposition of any officer, director, employee or agent of Oculus and/or Palmer Luckey in any litigation to which Oculus and/or Palmer Luckey is a party that concerns either the business of Oculus or virtual reality, including any exhibits to such depositions and any audio or visual recordings of

---

[1] Plaintiffs also reference another lawsuit in their Motion, *Total Recall Technologies v. Oculus VR, Inc. and Palmer Luckey* that is docketed as No. 3:15-cv-02281 in the U.S. District Court for the Northern District of California, but that action is not mentioned in Plaintiffs' requests and Oculus and Mr. Luckey have not yet responded to that complaint. *See* Doc. 176-1 at pp. 50-53.

such depositions; and (ii) all transcripts of any conference, hearing, argument, or trial in any litigation to which Oculus and/or Palmer Luckey is a party that concerns either the business of Oculus or virtual reality." *Id.* at 80.

Defendants objected to both of these requests, including on the grounds that the requests "seek[] documents and things not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence," and, with respect to the *Oculu* Litigation, because "Plaintiffs seek all non-privileged Documents or Communications concerning a separate, unrelated action that centers on whether Oculus' use of the Oculus name infringes on Oculu, LLC's alleged Oculu trademark.  The use of the Oculus name is not at issue in the instant action." *Id.* at pp.79-81.

After receiving these responses, Plaintiffs wrote Defendants demanding the production of these documents because "ZeniMax is entitled to review those materials…to determine whether Defendants have elsewhere taken litigation positions inconsistent with their positions in this action, and to assess whether testimony given in other actions by Defendants and their personnel is consistent with testimony given in this action." *Id.* at p. 103.  Plaintiffs, however, have failed to elaborate further in correspondence or in their Motion, and have provided no basis to require Defendants to recreate discovery from other lawsuits here.

## ARGUMENT AND AUTHORITIES

Plaintiffs' document requests seek essentially every scrap of paper or electronic information filed or exchanged by Oculus or Mr. Luckey in multiple lawsuits, without regard to whether any of those individual documents or materials have any bearing on the matters at issue in this case.  Courts have routinely held that such blanket discovery of other lawsuits is improper.  As one federal district court has explained:

3

> [D]iscovery requests that seek duplicates of discovery produced in other litigation is improper as failing to make the requisite showing of relevance….This is because, without more, the Court cannot ascertain whether the documents requested actually relate to Plaintiffs' claims and defenses. Although some portion of documents encompassed by Plaintiffs' request may be relevant, the Court has no method of determining which of those documents are relevant, and which are not….Plaintiff must make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.

*King Cnty. v. Merrill Lynch & Co.*, No. C10-1156-RSM, 2011 WL 3438491, at *2-3 (W.D. Wash. Aug. 5, 2011) (citations omitted); *see also Capital Ventures Int'l v. J.P. Morgan Mortgage Acquisition Corp.*, No. CIV.A. 12-10085-RWZ, 2014 WL 1431124, at *1 (D. Mass. Apr. 14, 2014) (denying motion to compel production of transcripts and written statements from other litigation because the "request is overbroad and not reasonably calculated to lead to relevant information"); *Chen v. Ampco Sys. Parking*, No. 08-CV-0422-BEN (JMA), 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009) (denying motion to compel the production of documents and discovery from other cases because "[a]lthough Plaintiff identifies certain similarities between the state cases and this case, such similarities are not enough to require a *carte blanche* production of all documents from the state cases.").

At least one district court within the Fifth Circuit has denied a similar motion to compel. *See, In re Pabst Licensing GmbH Patent Litig.*, No. CIV. A. 99-MD-1298, 2001 WL 797315, at *20 (E.D. La. July 12, 2001) (denying motion to compel documents from other litigation because the plaintiff "has not explained how the materials generated in these other lawsuits are relevant or reasonably calculated to lead to the discovery of information in these MDL cases").

This Court should follow suit and deny Plaintiffs' Motion. Plaintiffs have made no effort to tailor these discovery requests to the issues in this case, and their purported justification for the requests is merely to review the materials to potentially impeach Mr. Luckey and/or other

Oculus witnesses. *See* Doc. 176-1 at p. 103 ("ZeniMax is entitled to review those materials…to determine whether Defendants have elsewhere taken litigation positions inconsistent with their positions in this action, and to assess whether testimony given in other actions by Defendants and their personnel is consistent with testimony given in this action."). This is not enough as Plaintiffs have drawn no connection to the allegations in this case—namely the claimed misappropriation of Plaintiffs' purported trade secrets—and other lawsuits that have nothing to do with Plaintiffs or their supposedly confidential information. The two cases identified by Plaintiffs involve Oculus' use of the Oculus name in relation to a purported trademark for "Oculu," and an alleged agreement between Mr. Luckey and Mr. Seidl who has no connection whatsoever to Plaintiffs or their alleged trade secrets. *See id.* at pp. 24-48, 54-63. To the extent any documents produced in other lawsuits are relevant and responsive to Plaintiffs' other document requests in this case, they have or will be produced here. Without some further nexus between this case and the other actions beyond the fact that Oculus and Mr. Luckey are parties, and requests narrowly tailored to discover any potentially overlapping information, Plaintiffs are not entitled to additional discovery documents from other cases. *King Cnty.*, 2011 WL 3438491, at *2-3.

## **CONCLUSION**

The Court should deny Plaintiffs' Motion because the requests relating to other litigation are overbroad and seek irrelevant information.

5

Date:  July 23, 2015	Respectfully submitted,

	 */s/ Richard A. Smith*

	Richard A. Smith
	Texas Bar No. 24027990
	rsmith@lynnllp.com
	Elizabeth Y. Ryan
	Texas Bar No. 24067758
	eryan@lynnllp.com
	**LYNN TILLOTSON PINKER & COX LLP**
	2100 Ross Avenue, Suite 2700
	Dallas, Texas 75201
	Phone: (214) 981-3800
	Fax: (214) 981-3839

	Michael G. Rhodes (*pro hac vice*)
	mrhodes@cooley.com
	**COOLEY LLP**
	101 California St., 5th Floor
	San Francisco, California  94111
	Phone:  (415) 693-2000

	Heidi L. Keefe (*pro hac vice*)
	hleefe@cooley.com
	Mark R. Weinstein (*pro hac vice*)
	mweinstein@cooley.com
	**COOLEY LLP**
	3175 Hanover Street
	Palo Alto, CA 94304
	Phone:  (650) 843-5000

**CERTIFICATE OF SERVICE**

On July 23, 2015, I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  I hereby certify that I have served all counsel who are deemed to have consented to electronic service or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

>*/s/ Richard A. Smith*
>  Richard A. Smith