IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

**PLAINTIFFS' MOTION (A) TO OVERRULE LIMITATIONS ON DEFENDANT FACEBOOK, INC.'S RESPONSES TO REQUESTS FOR PRODUCTION AND (B) TO COMPEL PRODUCTION OF DOCUMENTS AND SOURCE CODE WITHHELD ON THAT BASIS, AND BRIEF IN SUPPORT**

Plaintiffs ZeniMax Media Inc. and id Software LLC (collectively, "ZeniMax") originally brought this action against Defendants Oculus VR, LLC ("Oculus")[1] and Palmer Luckey. (Dkt. No. 1.) In August 2014, after Facebook, Inc. ("Facebook") completed its planned acquisition of Oculus, ZeniMax amended its complaint to add Facebook as a defendant in view of Facebook's announced intention to utilize throughout its enterprise virtual reality technology in the possession of Oculus. (Dkt. No. 38 ¶¶ 114-15.) That virtual reality technology was based on intellectual property misappropriated from ZeniMax by Oculus and Luckey.

Facebook then moved to dismiss the complaint against it and to stay discovery until its motion was resolved. (Dkt. Nos. 47, 55.) In January 2015, this Court directed that discovery proceed notwithstanding the pendency of Facebook's motion to dismiss. (Dkt. No. 103.) In

---

[1] Oculus was organized at that time as Oculus VR, Inc.

March 2015, Defendants agreed that full reciprocal discovery was open as to them.  (Dkt. No. 116.)

Yet, notwithstanding this Court's January 2015 order as well as Facebook's own representation to the Court in March 2015, Facebook has <u>unilaterally</u> limited its participation in discovery.  Specifically, Facebook has limited its responsive production to ZeniMax's document requests to source code and documents relating solely to Oculus and Luckey, and has refused to provide Facebook source code and documents relating to virtual reality that would show Facebook's own, post-acquisition use of intellectual property misappropriated from ZeniMax.

Facebook's attempt to grant itself an exemption from discovery is contrary to the Court's order and is frustrating the progress of discovery in this action.  Accordingly, ZeniMax moves that this Court overrule Facebook's attempt to exempt itself from discovery, and compel Facebook to produce the documents and source code that it has withheld on that basis.

## **ARGUMENT**

**1.     Facebook May Not Unilaterally Withhold From Discovery Its Virtual Reality Computer Program Source Code**

Plaintiffs seek source code associated with Facebook's virtual reality-related products, including any comments or revisions made thereto.  (App'x Ex. 7 at 117, 118, 137-39 (Plaintiffs' Request Nos. 5, 28, 29).)  In response to Plaintiffs' requests for such code, Defendants have produced substantial volumes of Oculus computer program source code (and a small quantity of source code in Mr. Luckey's possession), but have refused to produce any Facebook virtual reality code.  Remarkably, Facebook has now <u>admitted</u> that there are numerous categories of Facebook source code that are related to Oculus and virtual reality, but has refused to produce <u>any</u> of that source code, stating that it "do[es] not believe" that Facebook source code "is relevant to Plaintiffs' claims in this matter."  (App'x Ex. 1 at 2 (May 29, 2015 e-mail from Facebook's

2

counsel).) But it is not Facebook's role to adjudicate unilaterally whether evidence is relevant in this action. Discovery will permit ZeniMax to explore whether and to what extent Facebook is exploiting Oculus virtual reality technology throughout its business — as Facebook has repeatedly stated is its intention — and will allow ZeniMax to determine how and to what extent the Oculus technology exploited by Facebook is derived from ZeniMax's misappropriated intellectual property.[2]

In an effort to avoid burdening the parties and the Court with this motion practice, ZeniMax was willing to agree in the first instance that Facebook could produce source code that (i) is "designed to allow third party Oculus apps to communicate with the Oculus backend"; (ii) "provides a backend connection to Facebook videos to allow them to be played in Oculus Cinema"; and (iii) "permits the display of 2D 360 degree video in News Feed." (App'x Ex. 4 at 64 (June 11, 2015 e-mail from ZeniMax's counsel).) Facebook refused even that modest request, asserting that "this code does not relate to any alleged trade secret." (App'x Ex. 5 at 70 (June 12, 2015 e-mail from Facebook's counsel).) Facebook further demanded as a precondition for further discussions that ZeniMax <u>first</u> identify which ZeniMax trade secrets were contained in

---

[2] The foregoing discussion omits the blow-by-blow details of Facebook's prior efforts to evade its production obligations. For example:

In April, Facebook had responded to requests for virtual reality source code by pointing to "the parties' [purported] current agreement that source code of Facebook is not being sought by this or any other document request at the present time." (*See, e.g.*, App'x Ex. 2 at 20 (Facebook's Supplemental Objections and Responses to Plaintiffs' First Set of Requests for Production).) Of course, ZeniMax had never so agreed.

Thereafter, in May, Facebook's counsel stated that "Facebook does not separately (apart from Oculus) have any VR <u>rendering</u> source code," as if that put the issue to rest. (App'x Ex. 3 at 61 (May 26, 2015 e-mail from Facebook's counsel) (emphasis added).) But Facebook's reliance on Oculus rendering code — code which is itself derived from intellectual property misappropriated from ZeniMax — is central to ZeniMax's claims against Facebook in this action. ZeniMax must be permitted to inspect the code that establishes Facebook's use of that misappropriated intellectual property.

3

that code — notwithstanding that Facebook has never produced that code for ZeniMax's analysis. (*Id.*) That demand – which is itself improper – ignores that ZeniMax has asserted copyright claims in this action in addition to claims for trade secret misappropriation, and that ZeniMax is entitled to analyze Facebook's virtual reality code program code for that purpose as well.

Facebook has no proper ground for refusing to produce Oculus-related and virtual reality-related code in response to ZeniMax's requests. Facebook may believe that it should not be required to participate in discovery until its motion to dismiss has been resolved, but the Court has already ruled otherwise. (Dkt. No. 103.) The Court also long ago ruled on Defendants' motion to require ZeniMax to provide further identification of trade secrets (Dkt. No. 109): ZeniMax provided that identification many months ago (Dkt. No. 113-1), and Defendants agreed that full reciprocal discovery is open as to them. (Dkt. No. 116.) Facebook cannot now impose further conditions on its participation in discovery.

To the extent that Facebook may have confidentiality concerns regarding the production of its virtual reality source code, it may avail itself of the protective order entered by the Court in this action (Dkt. No. 107), which reflects substantial negotiation with Facebook's counsel.

Accordingly, the Court should enter an order (i) overruling Defendants' objections to the production of source code to the extent that they purport to except Facebook source code, and (ii) compelling Facebook to produce source code related to Oculus and virtual reality forthwith.

2. **Facebook May Not Unilaterally Withhold From Discovery Its Virtual Reality Documents**

In addition to withholding Facebook's virtual reality source code from production, Defendants have also uniformly refused to produce Facebook's virtual reality documents in this litigation. Given Facebook's repeated public representations that it will be utilizing virtual

4

reality technology across its social networking and advertising platforms (*see, e.g.,* Dkt. No. 38 ¶¶ 114-15), this limitation is plainly improper.

ZeniMax's document requests seek (i) technical details concerning Facebook's virtual reality products,[3] (ii) Facebook's marketing, licensing and intellectual property documents concerning virtual reality,[4] and (iii) Facebook's financial and business documents regarding its virtual reality enterprises.[5] Each of these requests is limited to Facebook's virtual reality offerings created after Oculus and Luckey's misappropriation of ZeniMax's intellectual property, and seeks information that is commonly discoverable in intellectual property disputes. Yet, instead of producing the requested documents, Facebook has unilaterally withdrawn itself from document discovery in this case. For example, in its general objections to ZeniMax's requests, Defendants explicitly redefine "Defendants' Products" to include only "the Oculus Rift and its associated Software Development Kits" and to explicitly exclude any Facebook products or services. (App'x Ex. 7 at 111.) To further emphasize the point, Defendants' responses to the aforementioned requests offer to produce only those virtual reality documents of <u>Oculus or Luckey</u> in Facebook's possession, and omit reference to Facebook's virtual reality documents entirely. (*See id.* Ex. 6 at 85-86 (responding to a request for Facebook's virtual reality patents and applications by offering to produce "documents, if any, in [Defendants'] possession, custody, or control sufficient to identify published patent applications filed by or assigned to <u>Oculus</u>

---

[3] (*See* App'x Ex. 7 at 130-32, 136, 137, 140, 141 (Plaintiffs' Request Nos. 20, 21, 27, 30 and 31).)

[4] (*See id.* at 120, 121, 133-36, 173-76 (Plaintiffs' Request Nos. 8, 23, 26, 69, 71); *see also id.* Ex. 6 at 85-87 (Plaintiffs' Request Nos. 82 and 83).)

[5] (*See id.* Ex. 7 at 152-58 (Plaintiffs' Request Nos. 46-51); *see also id.* at Ex. 6 at 89 (Plaintiffs' Request No. 86).)

5

and/or Palmer Luckey") (emphasis added).)[6] These tactics indicate a deliberate effort to deny ZeniMax the opportunity to uncover the full extent of Facebook's misappropriation and unauthorized use of ZeniMax intellectual property, and any financial or other benefits that have accrued to Facebook as a result.

Accordingly, the Court should enter an order (i) overruling Defendants' objections to Plaintiffs' document requests that they seek to exclude Facebook from discovery, and (ii) compelling Facebook to produce the documents withheld on that purported ground forthwith.

## CONCLUSION

For all of these reasons, ZeniMax respectfully requests that this Court enter an Order, substantially in the form submitted herewith (i) overruling Defendants' objections to Plaintiffs' requests for source code and documents to the extent they seek to categorically exclude Facebook source code and documents from production, and (ii) compelling Facebook to produce source code and documents withheld from production on that purported ground.

---

[6] (*See also id.* at 85-87, 89; *see also id.* App'x 7 at 120, 121, 130-37, 140, 141, 152-58, 173-76.)

Dated: July 23, 2015

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

Respectfully submitted,

*s/ Phillip B. Philbin*
PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

*Attorneys for Plaintiffs
ZeniMax Media Inc. and id Software LLC*

7

## **CERTIFICATE OF CONFERENCE**

On May 12, 22, and 28, June 11 and 12, and July 16 and 23, 2015, the undersigned counsel for Plaintiffs conferred with counsel for Defendants regarding the relief requested by this Motion. Defendants do not agree that Plaintiffs are entitled to any of the relief sought by this Motion.

Dated: July 23, 2015                             *s/ Kurt Wm. Hemr*
                                                                Kurt Wm. Hemr

## **CERTIFICATE OF SERVICE**

      On July 23, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: July 23, 2015                          *s/ Phillip B. Philbin*
                                                           Phillip B. Philbin