# EXHIBIT 1

| | |
|---|---|
| **From:** | Stameshkin, Liz [lstameshkin@cooley.com] |
| **To:** | Richard Smith; Hemr, Kurt Wm. (BOS); z/Facebook-Oculus/Zenimax Media Inc |
| **Subject:** | RE: Conference Call |
| **Date:** | 5/29/2015 9:15:31 PM |
| **CC:** | Project ZeniMax IP DL; phillip.philbin@haynesboone.com; 'michael.karson@haynesboone.com' |
| **BCC:** | |

**Message:**
Counsel,

With regard to point (1) in Kurt Hemr's email of 9:43 am this morning, the following is Facebook source code that we do not believe is relevant to Plaintiffs' claims in this matter, but has some connection to Oculus or Oculus applications:

(1) Code used to get users signed up for an Oculus account, enter their credit card info, download and launch apps (e.g., games and experiences for use with an Oculus device) from Oculus Store, as well as connecting Oculus apps to backend servers;
(2) Code used for logging data related to Oculus user activities, and analysis of that data;
(3) Code designed to allow third party Oculus apps to communicate with the Oculus backend (not currently used externally)
(4) Code for the Oculus Store backend

In addition, there are two categories of source code that relate solely to 2D images:

(1) Code that provides a backend connection to Facebook videos to allow them to be played in Oculus Cinema
(2) Code that permits the display of 2D 360 degree video in News Feed

We do not plan on producing this code, but are open to discussing: (1) which RFPs, if any, this may be responsive to, and (2) to the extent there are RFPs to which information relating to how this code operates would be responsive, whether there are documents sufficient to show the functionality that could be produced in lieu of code.

Best,

Liz


**From:** Richard Smith [mailto:rsmith@lynnllp.com]
**Sent:** Friday, May 29, 2015 12:00 PM
**To:** Hemr, Kurt Wm.; z/Facebook-Oculus/Zenimax Media Inc
**Cc:** DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; 'michael.karson@haynesboone.com'
**Subject:** RE: Conference Call

Kurt, we agree with your list below, with the addition of a few items that we also believe were discussed yesterday. Let us know if you disagree with any of the following:

- Defendants noted their intent to produce their next round of documents by June 5, and ZeniMax stated that they believed their document production would be substantially complete within the next 30 days.

- Our recollection is that ZeniMax also agreed to amend its interrogatory answers (if it determines any supplementation is appropriate) by July 8, to correspond with Defendants' own amendment on that date.

- ZeniMax was going to decide what, if anything, it wants to do with its pending motion to compel on the source code.

On that last item, we have a deadline early next week to file a reply on our motion to strike/motion for leave with respect to your motion, so a quick response on that issue would be appreciated.

**From:** Hemr, Kurt Wm. [mailto:Kurt.Hemr@skadden.com]
**Sent:** Friday, May 29, 2015 9:43 AM
**To:** Richard Smith; FacebookOculusZenimaxMediaInc@cooley.com
**Cc:** DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; 'michael.karson@haynesboone.com'
**Subject:** RE: Conference Call

Counsel:

To memorialize certain issues discussed on our call yesterday:

(1) You will provide us with the categories of Facebook interaction source code that you identified on the call. We will follow up with you regarding our positions on those.

(2) You will provide us with redacted file listings of the hard drives you identified in your letter of May 22, 2015 and agree to make the hard drives available for search and review upon reasonable notice. You stated that the redactions will be limited to files specifically identified by custodians and confirmed by counsel as personal files. We reserve all our rights as regards the hard drives.

(3) You represent that one of the three repositories you identified in your letter of May 22, 2015 is not, in fact, a source code repository but a virtual window into another repository that has already been produced or will be produced in this case. You agree to produce the two remaining repositories in Austin next week, and at a mutually agreeable time at all other locations.

(4) We will identify which of your "relevance" limitations are an issue for Plaintiffs, and further meet and confer on those.

(5) You will identify which of Plaintiffs' "sufficient to identify" responses to document requests are an issue for Defendants, and further meet and confer on those.

PLAINTIFFS' APPENDIX TO THEIR MOTION TO (A) OVERRULE LIMITATIONS AND (B) COMPEL PRODUCTION

(6)  We will be indicating by letter by June 8, 2015 whether and to what extend we intend to amend/supplement our responses to Defendants' interrogatories, and our proposed schedule for doing so.

(7)  You will be amending/supplementing your responses to Plaintiffs' interrogatories by July 8, 2015.  You will not be amending or supplementing responses relating to affirmative defenses (unless perhaps you have answered in the interim).

> [With regard to this issue:  Defendants are not precluded from pleading affirmative defenses by the pendency of their motions to dismiss.  It is likely that depositions will begin within 30-60 days, and we would prefer to avoid having to re-depose Defendants' witnesses regarding affirmative defenses that Defendants might plead following an initial deposition.  Perhaps we should discuss this issue further next week to see if we can avoid duplication of effort.]

(8)  Both parties agreed to supplement or amend responses to document requests discussed on the call (or state their reasoning for not doing so) by June 8, 2015.

(9)  You anticipate serving your first privilege log today, May 29, 2015.

(10)  We will respond to your letter regarding our privilege log by June 4, 2015.

Please let us know if the foregoing is incomplete, or if your understanding differs from the above.

Thanks

Kurt Hemr

**Kurt Wm. Hemr**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**500 Boylston Street | Boston | Massachusetts | 02116-3740**
**T: 617.573.4833 | F: 617.305.4833**
**Four Times Square | New York | 10036-6522**
**T: 212.735.2834 | F: 917.777.2834**
**kurt.hemr@skadden.com**


**From:** Hemr, Kurt Wm. (BOS)
**Sent:** Wednesday, May 27, 2015 6:02 PM
**To:** 'Richard Smith'
**Cc:** Project ZeniMax IP DL; phillip.philbin@haynesboone.com; michael.karson@haynesboone.com
**Subject:** RE: Conference Call

Attached is Plaintiffs' agenda of items to be discussed on that call.  Speak to you then.

**From:** Richard Smith [mailto:rsmith@lynnllp.com]
**Sent:** Wednesday, May 27, 2015 5:27 PM
**To:** Project ZeniMax IP DL; phillip.philbin@haynesboone.com
**Subject:** RE: Conference Call

I have confirmed that the people needed on our end of the phone call are all available tomorrow at 12:30 ET / 11:30 CT / 9:30 PT, which is within the window Phillip said the Zenimax side had open. So let's plan on doing it at that time. We can still use the same dial-in number below.

**From:** Richard Smith
**Sent:** Tuesday, May 26, 2015 2:38 PM
**To:** DLPZENIMAX@skadden.com; 'Philbin, Phillip B.'
**Cc:** Rhodes, Michael (RHODESMG@cooley.com) (RHODESMG@cooley.com); Keefe, Heidi (hkeefe@cooley.com); Caplan, Matthew D. (mcaplan@cooley.com); Stameshkin, Liz (lstameshkin@cooley.com); Woodring, Joe (jwoodring@cooley.com)
**Subject:** Conference Call

All:

For tomorrow afternoon's conference call, we can all use the following dial-in number. I look forward to speaking with everyone tomorrow at 4:30 ET / 3:30 CT / 1:30 PT.

Phone number: 1-877-211-3621
Passcode: 837 965 8704

**Richard Smith | Partner**
**LynnTillotsonPinkerCox**
Direct 214 981 3824
Fax    214 981 3839
**rsmith@lynnllp.com**

2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
600commerce.com

---------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | NO. 3:14-01849-P |
| v. | ) | |
| | ) | |
| OCULUS VR, LLC, PALMER LUCKEY, and | ) | JURY TRIAL DEMANDED |
| FACEBOOK, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FACEBOOK'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S FIRST SET OF REQUESTS FOR PRODUCTION AND INSPECTION**

Pursuant to Federal Rule of Civil Procedure 34(b), defendant Facebook, Inc. ("Facebook") submits the following supplemental objections and responses to plaintiff ZeniMax Media Inc. and id Software LLC's (collectively, "Plaintiffs" or "ZeniMax") First Set of Requests for Production and Inspection ("Document Requests").

**PRELIMINARY STATEMENT**

1.      Facebook neither waives nor intends to waive, but expressly reserves, any and all objections they may have to the relevance, competence, materiality, admissibility, or use at trial of any information, documents, or writings produced, identified, or referred to herein, or to the introduction of any evidence at trial relating to the subjects covered by any response. All such objections may be made at any time up to and including the time of trial.

2.      Should production become necessary, Facebook reserves the right to decide whether the documents produced for inspection shall be produced as they are kept in the usual

course of business or shall be organized and labeled to correspond with the categories in the

Document Requests, in accordance with Federal Rule of Civil Procedure 34(b).

3.      Facebook reserves the right to supplement and amend their response and, if

necessary, to assert additional objections arising from further investigation.

4.      Should discovery become necessary, Facebook reserves the right to make any use

of, or to introduce at any hearing and at trial, information, and/or documents responsive to the

Document Requests but discovered subsequent to the date of this response, including, but not

limited to, any such information or documents obtained in discovery herein.  Facebook's

investigation is continuing and ongoing and Facebook expressly reserves the right to revise

and/or supplement these responses.

5.      The specific response set forth below is based upon Facebook's interpretation of

the language used in the Document Requests, and Facebook reserves its right to amend or

supplement further their response in the event that Plaintiffs assert an interpretation that differs

from Facebook's interpretation.

6.      Facebook's response to a particular Document Request shall not be interpreted as

implying that responsive documents and things exist or that Facebook acknowledges the

appropriateness of the Document Request.

7.      Facebook reserves the right to object on any ground to such other or supplemental

requests for production involving or relating to the subject matter of these Document Requests.

8.      Facebook's specific objections follow Facebook's General Objections.

## **GENERAL OBJECTIONS**

The following general objections are incorporated into each of Facebook's responses as if

fully set forth in them. Facebook's responses to these Document Requests shall not be deemed a

2

waiver of any General Objection.

1.      Facebook objects to the Document Requests to the extent that they are overly broad and unduly burdensome.

2.      Facebook objects to the Document Requests to the extent they seek information not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Facebook objects to the Document Requests to the extent they seek documents or information that is protected from discovery by any privilege or protection, including the attorney-client privilege or the work product doctrine.  Facebook construes the Document Requests as not seeking such documents or information, and such documents or information shall not be produced in response to the Document Request.  Any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or immunity with respect to such documents or information or of any work-product protection which may attach thereto.

4.      If one or more documents are produced that are privileged or otherwise protected from disclosure, such production is inadvertent and is not intended as a waiver of such privilege or protection.

5.      Facebook objects to the Document Requests to the extent the requests are vague, ambiguous, and/or unintelligible or to the extent they require legal conclusion.

6.      Facebook objects to the Document Requests as overly broad and unduly burdensome to the extent they seek proprietary and/or confidential marketing and business information that is not relevant to any claim or defense of any party in this litigation nor likely to lead to the discovery of admissible evidence.

7.      Facebook objects to the Document Requests, definitions, and instructions to the

3

extent that they purport to give meaning to words different from their ordinary English meaning or definitions set forth in applicable statutes or rules.

8.      Facebook objects to the Document Requests, definitions, and instructions to the extent they purport to require Facebook to produce documents or information that are not in Facebook's possession, custody, or control or to the extent that such Document Requests impose obligations upon Facebook not required by the Federal Rules of Civil Procedure or applicable law, including without limitation instructions concerning the identification of privileged and/or work product protected documents and to the extent the instructions require a log of privileged communications post-dating the filing of the Complaint.

9.      Facebook objects to the fourth definition set forth by ZeniMax as being overly broad and invasive of the attorney-client privilege and attorney work product doctrine, to the extent that the definition includes Facebook's counsel.  Facebook further objects to the definition to the extent that it fails to recognize that actions taken by past or current employees outside the scope of their employment and/or actions taken without Facebook's knowledge are not attributable to Facebook.  In responding to these requests should responses become necessary, Facebook will respond on the basis that the terms "Defendants," "Oculus, VR, Inc." and "Palmer Luckey" refer only to Oculus, VR, Inc., Oculus VR, LLC and Palmer Luckey, respectively.  In so responding, Facebook will respond on the basis that the term "Complaint" refers to the complaint filed on May 21, 2014 and the term "Answer" refers to the answer filed on June 25, 2014.

10.      Facebook objects to the definition of "Plaintiffs' Former Employees" to the extent it assumes that Facebook is aware of all people previously employed by Plaintiffs.  References to "Plaintiffs' Former Employees" in these responses refer to the seven specifically named persons

4

in the definition of Plaintiffs' Former Employees.

11.     Facebook objects to the definition of the terms "Defendants' Products" and "Products of Defendants" as vague and ambiguous in their use of the terms "technologies" and "projects" and overbroad to the extent the definition is intended to encompass products other than the Oculus Rift and its associated Software Development Kits.  References to "Defendants' Products" in these responses refer to the Oculus Rift and its associated Software Development Kits.

12.     Facebook objects to the definition of the term "Copyrighted Materials" as vague and ambiguous in that it does not define the "ZeniMax VR Testbed Code" or the "ZeniMax VR Implementation Code."

13.     Facebook objects to the definition of the term "Trademarked Materials" in that it provides no definition but rather only has an "includes" clause.  Facebook therefore limits its responses to only those trademarks identified within the "includes" clause.

14.     Facebook objects to the Document Requests to the extent that they seek information already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including without limitation those requests that call for production of documents which are publicly available or are already in Plaintiffs' possession, custody, or control.

15.     Facebook objects to the Document Requests to the extent that they call for "all documents" that relate to a given topic as premature, in that discovery is ongoing, and Defendants have yet to complete discovery from Plaintiffs and/or relevant third parties.

16.     Facebook objects to the Document Requests to the extent that they call for "all documents" that relate to a given topic as overly broad and unduly burdensome.

17.     Facebook objects to the Document Requests to the extent they are unlimited or otherwise overly broad in time.

18.     Facebook objects to the Document Requests to the extent they seek documents and information that contain confidential information or trade secrets of Facebook, the disclosure of which would be unduly prejudicial to Facebook.  Facebook will not produce any documents until the parties agree upon and the Court enters an appropriate protective order.

19.     Facebook objects to the Document Requests to the extent they make inquiries about matters the disclosure of which is prohibited or protected by statute, regulation or other applicable laws.

20.     Facebook objects to the Document Requests to the extent that they request not only written responses within thirty days but also complete production of documents within thirty days.  Facebook will produce documents responsive to the Document Requests at a mutually agreeable time and place.

21.     Facebook objects to the Document Requests to the extent they seek information that Facebook is not permitted to disclose pursuant to confidentiality obligations to third parties.  Facebook will do so only in accordance with an appropriate Protective Order to be negotiated and entered in this case and only after providing any required notice to third parties and/or obtaining any required authority to disclose such information from third parties.

22.     Facebook objects to the Document Requests to the extent they seek to elicit information that is subject to a right of privacy under the relevant provisions of federal and state law.

23.     Facebook objects to the Document Requests to the extent they make assumptions of facts.

## SPECIFIC RESPONSES AND OBJECTIONS

## REQUESTS FOR INSPECTION

### REQUEST FOR INSPECTION NO. 1:

All iterations of the Oculus Rift and its Software Development Kit in an operable condition, including but not limited to those versions or iterations created prior to April 2012, whether consumer-facing or otherwise.

### FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR INSPECTION NO. 1:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available. Facebook further objects to this request as overly broad and unduly burdensome in requesting *all iterations* of the Oculus Rift and its Software Development Kit.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook responds that Defendants Oculus and Luckey have responded to this Request and will be making available for inspection a single iteration of each version of the Oculus Rift that is in Defendants' possession, custody or control, and that is responsive to this request.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Communications between Plaintiffs and Palmer Luckey and/or Oculus from

7

January 1, 2012 to the present, whether by e-mail, private messaging or forum posts, exchange of media, or file transfer protocol (including by way of example only the Communications referenced in 43, 44, 49, 70, 74, 75, 84, 85, 86, and 89 of the Complaint), and all Documents incorporating or referencing those Communications, including but not limited to e-mail chains forwarding those Communications in whole or in part or commenting on those Communications.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available.  Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* communications between Plaintiffs and Oculus from January 1, 2012 to present and *all* documents incorporating or referencing those communications.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications involving John Carmack from January 1, 2012 to the present, whether by e-mail, private messaging or forum posts, exchange of media, or file transfer protocol (including by way of example only the Communications referenced in ¶¶ 43, 44, 49, 84, 85, 86, and 89 of the Complaint), and all Documents incorporating or referencing those

8

Communications, including but not limited to e-mail chains forwarding those Communications in whole or in part or commenting on those Communications.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* communications involving John Carmack from January 1, 2012 to present and *all* documents incorporating or referencing those communications.  Facebook further objects to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available.  Facebook objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that contain or comment on communications with John Carmack before he became an employee of Oculus that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all Documents or Communications concerning the Non-Disclosure Agreement referenced in ¶¶ 32-36 of the Complaint, including but not limited to the Non-Disclosure Agreement itself.

9

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as overly broad and unduly burdensome in requesting *any* and *all* documents and communications concerning the Non-Disclosure Agreement referenced in the Complaint. Facebook further objects to this request to the extent that it seeks documents and things already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including Plaintiffs' own files.  Facebook objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request.

## REQUEST FOR PRODUCTION NO. 4:

Any and all Documents referring to negotiations between the Parties for an equity stake in Oculus, as referenced in ¶¶ 73-91 of the Complaint, including but not limited to any and all Documents concerning each offer and counteroffer, Defendants' impressions and evaluations of each offer, and Oculus's negotiation strategy.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to

10

this request as vague and ambiguous in its use of the terms "equity stake" and "negotiation strategy." Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request relating to negotiations between Plaintiffs and Defendants Oculus and Luckey.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all versions of Source Code, including but not limited to object code, associated with each of Defendants' Products, including but not limited to the Oculus Rift, whether that Source Code is contained in electronic work directories (including, without limitation, the work directories of each of Plaintiffs' Former Employees), shared drives, common directories, or libraries.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* versions of Source Code associated with *each* of Defendants' Products, including to the extent it is seeking source code relating to Facebook's products that are not relevant to this case. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Facebook further objects to this request to the extent it seeks documents and things already within Plaintiffs' possession and

11

control or information that is publicly available.  Facebook further objects to this request to the

extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered

in this action, Facebook responds that Defendants Oculus and Luckey will produce source code

associated with Defendants Oculus and Luckey's products, pursuant to the provisions of the

agreed upon Protective Order and the parties' current agreement that source code of Facebook is

not being sought by this or any other document request at the present time.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents relating to or evidencing Communications between Palmer Luckey and/or

Oculus and Facebook, including but not limited to any Communications, term sheets, agreements,

documents in a "data room," or other deal documents generated by Palmer Luckey, Oculus, or

Facebook in reference to the proposed acquisition announced on March 25, 2014 and discussed

in ¶ 101 of the Complaint.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent that it calls for the production of documents

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request to the extent it seeks confidential information or trade secrets of Facebook.

Facebook further objects to the use of the phrase "data room" as vague and ambiguous in that it

is an undefined term.  Facebook further objects to this request to the extent that it seeks

documents and things not relevant to the subject matter of this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.  Facebook further objects to this

request to the extent it seeks highly sensitive and confidential documents bearing no relevance to

12

this dispute, the disclosure of which would be unduly prejudicial to Facebook.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not requested by the prior Requests contained herein, any and all Documents in Plaintiffs' control or possession that originated at ZeniMax or id, or are derived from Documents that originated at ZeniMax or id, including by way of example only the Documents discussed in ¶¶ 43 and 44 of the Complaint.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as vague and ambiguous in its use of the terms "originated" and "derived." Facebook further objects to this request to the extent that it seeks documents and things already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including Plaintiffs' own files.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning any representations made by Palmer Luckey or Oculus to any

party regarding Defendants' ownership of any intellectual property, including, by way of

example, the ownership and/or licensing discussed at Page 5 of the Answer, and further

including but not limited to any such representations made by Palmer Luckey and Oculus to

Facebook.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent that it calls for the production of documents

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request to the extent it seeks confidential information or trade secrets of Facebook.

Facebook further objects to this request as overly broad and unduly burdensome in requesting *all*

documents concerning *any* representations made by Oculus or Luckey to *any* party regarding

Defendants' ownership of *any* intellectual property.  Facebook further objects to this request to

the extent that it seeks documents and things not relevant to the subject matter of this litigation,

and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook

further objects to this request to the extent it seeks documents and things outside of Facebook's

possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered

in this action, Facebook will produce non-privileged, non-work product documents, if any, in

Facebook's possession, custody, or control that are relevant and responsive to this request

concerning representations made by Palmer Luckey or Oculus to any party regarding Defendants'

ownership of any intellectual property in Defendants Oculus and Luckey's Products.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents or Communications relating to requests for technology, advice,

14

information or assistance from either Plaintiff or their current or former employees for the development of the Oculus Rift or otherwise.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request as vague and ambiguous in its use of the term "otherwise."   Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* documents and communications concerning requests for technology, advice, information or assistance from either Plaintiff or their current or former employees for the development of the Oculus Rift *or otherwise*.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

To the extent not requested by the prior Requests contained herein, any and all Communications between either or both Defendants and any of Christian Antkow, John Carmack, Katherine Kang, Matthew Hooper, Gloria Kennickell, Jason D. Kim, Jan Paul Van Waveren, Jonathan E. Wright, or other of Plaintiffs' Former Employees prior to such Person's respective first day of employment with Oculus.

15

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Facebook further objects to this request as overly broad and unduly burdensome. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 11:**

To the extent not requested by the prior Requests contained herein, any and all Documents and Communications reflecting or referring to materials that are, or that Plaintiffs have asserted are, Plaintiffs' Confidential Information, Copyrighted Materials, or Trademarked Materials, including Documents and Communications regarding the use or disclosure of such materials in the development or marketing of Defendants' Products.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request to the extent that Plaintiffs have failed to identify what "Confidential Information" or "Copyrighted Materials" of Plaintiffs that Facebook is alleged to have misappropriated. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**Requests Concerning Oculus's Structure And Management**

16

**REQUEST FOR PRODUCTION NO. 12:**

Any and all Documents sufficient to identify and reflect Oculus's organizational structure, including but not limited to company directories, and the identification of Oculus's corporate and/or business departments, whether formally or informally delineated, Oculus's total number of employees, and each employee's title, job description, and reporting chain.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request as unlimited or otherwise overly broad in time. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**

All corporate Documents of or relating to Oculus, including but not limited to articles of incorporation and all amendments thereto, by-laws, corporate resolutions, minutes of shareholders' meetings, minutes of directors' meetings, slide or presentation decks prepared for directors' meetings, "board packets," binders prepared for directors' meetings, written consents of officers and directors, and any agreements between and among investors, shareholder, directors and/or third parties.

17

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Facebook further objects to this request to the extent it seeks documents and things that Facebook is not permitted to disclose pursuant to confidentiality obligations to third parties. Facebook further objects to this request as overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all Documents concerning meetings of Oculus's board of directors, executives or management team at which ZeniMax, id, or any of Plaintiffs' past or present employees or consultants were discussed.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request as vague and ambiguous in its use of the term "consultants."  Facebook further objects to this request as overly broad and unduly burdensome. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered

18

in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request concerning meetings of Oculus's board of directors, executives or management team at which Plaintiffs' intellectual property claims in the Complaint were discussed.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents that identify those Persons or entities that own or possess, or will own or possess, an ownership or proprietary interest in Oculus or Oculus's Products, including but not limited to the Oculus Rift.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request to the extent it seeks documents and things that Facebook is not permitted to disclose pursuant to confidentiality obligations to third parties. Facebook further objects to this request as overly broad and unduly burdensome to the extent it seeks the identity of each person who owns an Oculus Rift.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all Documents referring to negotiations between Defendants and third parties for an equity stake in Oculus or Defendants' Products, as referenced in ¶¶ 73-91 of the Complaint, including but not limited to any and all Documents concerning each offer and counteroffer, Defendants' impressions and evaluations of each offer, and Oculus's negotiation strategy.

19

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request as vague and ambiguous in its use of the terms "equity stake" and "negotiation strategy." Facebook further objects to this request to the extent it seeks documents and things that Facebook is not permitted to disclose pursuant to confidentiality obligations to third parties. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 17:**

All investment memoranda, proposals, or other Documents relating or referring to Oculus's business and/or valuation.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* documents relating or referring to Oculus's business. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Facebook

20

further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request relating to the valuation of Oculus.

**REQUEST FOR PRODUCTION NO. 18:**

All federal or state tax returns filed by or on behalf of Palmer Luckey or Oculus.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information of Facebook.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 19:**

All quarterly or annual financial statements of Oculus.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information of Facebook.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered

in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request.

<strong>Requests Concerning Defendants' Products</strong>

## REQUEST FOR PRODUCTION NO. 20:

Documents sufficient to identify each and every Product of Defendants, including but not limited to the Oculus Rift, specifically the dates of conception and reduction of practice for each Product, and the names and roles of any Oculus Employees involved in the development of each Product.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request as overly broad and unduly burdensome in requesting documents sufficient to identify *any* Oculus Employees involved in the development of *each* Product.  Facebook further objects to this request as vague and ambiguous in its use of the term "involved."  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request relating to Defendants Oculus and Luckey's Products.

22

**REQUEST FOR PRODUCTION NO. 21:**

Any and all manuals, instructions and instructional material, design drawings or renderings, and technical Documents or Communications relating to Defendants' Products, including but not limited to the Oculus Rift.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request as vague and ambiguous in its use of the term "technical." Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request relating to Defendants Oculus and Luckey's Products.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all Documents concerning any problems, complaints or issues (e.g., bugs, missing features, missed deadlines. or product failures) with Defendants' Products, including, but not limited to concerns communicated by Plaintiffs, John Carmack, media, developers, customers, or other third parties.

23

**<u>FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:</u>**

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent that it calls for the production of documents

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request to the extent it requires Facebook to produce documents or information that are not

in Facebook's possession, custody, or control.  Facebook further objects to this request as vague

and ambiguous in its use of the terms "issues" and "concerning."  Facebook further objects to

this request as overly broad and unduly burdensome in requesting *all* documents concerning *any*

problems, complaints or issues with Defendants' Products.  Facebook further objects to this

request to the extent that it seeks documents and things not relevant to the subject matter of this

litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Facebook further objects to this request to the extent it seeks documents and things outside of

Facebook's possession, custody or control.

**<u>REQUEST FOR PRODUCTION NO. 23:</u>**

Any and all Documents and Communications concerning the marketing or publicity for

each version of each of Defendants' Products, including but not limited to press releases, product

launch announcements, fact sheets, presentations, fundraising materials, sales literature,

brochures, catalogs, trade letters, press releases, audio or video files, materials posted on internet

websites and message boards, information prepared for electronics or gaming shows and

conventions, and other marketing materials.

**<u>FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:</u>**

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent it requires Facebook to produce documents

24

or information that are not in Facebook's possession, custody, or control, are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive.  Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* documents concerning the publicity for *each* version of *each* of Defendants' Products.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request relating to Defendants Oculus and Luckey's Products.

## REQUEST FOR PRODUCTION NO. 24:

To the extent not requested by the prior Requests contained herein, any and all Documents and Communications relating to Defendants' involvement with demonstrations, booths, presentations, and panels at electronics or gaming shows or conferences, including any Documents identifying attendees at each electronics or gaming show or conference.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to

25

this request as vague and ambiguous in its use of the term "attendees." Facebook further objects to this request as unlimited or otherwise overly broad in time. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request relating to Defendants Oculus and Luckey.

**REQUEST FOR PRODUCTION NO. 25:**

To the extent not requested by the prior Requests contained herein, any and all Communications regarding joint displays or demonstrations of Defendants' Products, including but not limited to the Oculus Rift, with ZeniMax or id.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request as overly broad and unduly burdensome. Facebook further objects to this request as vague and ambiguous in its use of the term "joint displays." Facebook further objects to this request to the extent that it seeks documents and things already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including Plaintiffs' own files. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of

26

admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request regarding Defendants Oculus and Luckey's Products.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all documents regarding any patent applications filed by any of Oculus's employees or Palmer Luckey.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 27:**

To the extent not requested by the prior Requests contained herein, any and all Communications relating to Defendants' products.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents

27

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request as overly broad and unduly burdensome in requesting *all* communications relating to

Defendants' products.  Facebook further objects to this request to the extent it requires Facebook

to produce documents or information that are not in Facebook's possession, custody, or control,

are publicly available or are more easily available through other sources, which are more

convenient, less burdensome, and less expensive.  Facebook further objects to this request as

vague and ambiguous in its use of the term "products."  Facebook further objects to this request

to the extent that it seeks documents and things not relevant to the subject matter of this litigation,

and is not reasonably calculated to lead to the discovery of admissible evidence.

**Requests Concerning Source Code**

## REQUEST FOR PRODUCTION NO. 28:

Any and all versions of Source Code, including but not limited to source code comments

(*i.e.*, the narratives that programmers write to assist others analyzing code) and object code, for

each of Defendants' Products, including, but not limited to the Oculus Rift.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent it is duplicative of Request for Production

No. 5.  Facebook further objects to this request to the extent it seeks confidential information or

trade secrets of Facebook.  Facebook further objects to this request as overly broad and unduly

burdensome in requesting *all versions* of Source Code for *each* of Defendants' Products,

including to the extent it is seeking source code relating to Facebook's products that are not

relevant to this case.   Facebook further objects to this request to the extent that it seeks

documents and things not relevant to the subject matter of this litigation, and is not reasonably

28

calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook responds that Defendants Oculus and Luckey will produce source code associated with with Defendants Oculus and Luckey's products, pursuant to the provisions of the agreed upon Protective Order and the parties' current agreement that source code of Facebook is not being sought by this or any other document request at the present time.

## REQUEST FOR PRODUCTION NO. 29:

All Documents that reflect current or past revisions or additions to any and all versions of the Source Code for each of Defendants' Products, including but not limited to the Oculus Rift, specifically those Documents that reflect the author of each revision or addition and the date on which each revision or addition was made.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* Documents that reflect any revisions or additions to *all versions* of Source Code for *each* of Defendants' Products, including to the extent it is seeking source code relating to Facebook's products that are not relevant to this case.  Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent that

29

it seeks documents and things not relevant to the subject matter of this litigation, and is not

reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects

to this request to the extent it seeks documents and things already within Plaintiffs' possession

and control or information that is publicly available.  Facebook further objects to this request to

the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered

in this action, Facebook responds that Defendants Oculus and Luckey will produce source code

associated with Defendants Oculus and Luckey's products, pursuant to the provisions of the

agreed upon Protective Order and the parties' current agreement that source code of Facebook is

not being sought by this or any other document request at the present time.

## REQUEST FOR PRODUCTION NO. 30:

Any and all Documents and Communications concerning any similarities or differences

between the Parties' Source Code or software products, including, without limitation, any

Documents and Communications regarding the testing thereof.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent it seeks confidential information or trade

secrets of Facebook, including to the extent it is seeking source code relating to Facebook's

products that are not relevant to this case.  Facebook further objects to this request to the extent

that it calls for the production of documents subject to the attorney-client privilege and work-

product protection.   Facebook further objects to this request as vague and ambiguous in its use

of the terms "similarities" and "differences" and "testing."  Facebook further objects to this

request to the extent it seeks documents and things outside of Facebook's possession, custody or

30

control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request regarding Defendants Oculus and Luckey's Products, pursuant to the provisions of the agreed upon Protective Order and the parties' current agreement that source code of Facebook is not being sought by this or any other document request at the present time.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all Documents concerning the destruction or loss of any Source Code or object code for any of Defendants' Products.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request as vague and ambiguous in its use of the term "loss." Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence"  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request

regarding Defendants Oculus and Luckey's Products, pursuant to the provisions of the agreed

upon Protective Order and the parties' current agreement that source code of Facebook is not

being sought by this or any other document request at the present time.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all Documents regarding the reimplementation or modification by John

Carmack or any other Oculus employee of any Source Code provided by Plaintiffs to Defendants

at any time.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent that it calls for the production of documents

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request to the extent it seeks confidential information or trade secrets of Facebook.

Facebook further objects to this request as assuming the fact that Plaintiffs provided Facebook

with any Source Code.  Facebook further objects to this request to the extent it seeks documents

and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered

in this action, Facebook will produce non-privileged, non-work product documents, if any, in

Facebook's possession, custody, or control that are relevant and responsive to this request

regarding actions by any Oculus employee while an employee at Oculus, regarding any Source

Code provided by Plaintiffs to Defendants Oculus and Luckey, if any.

**Requests Concerning Former ZeniMax Employees**

**REQUEST FOR PRODUCTION NO. 33:**

Any and all Communications between Palmer Luckey and/or Oculus and John Carmack

32

regarding or relating in any way to ZeniMax, id, or the work John Carmack performed for Plaintiffs at any time.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* Communications between Oculus and/or Luckey and John Carmack relating *in any way* to the work John Carmack performed for Plaintiffs at *any* time.  Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request.

## REQUEST FOR PRODUCTION NO. 34:

Any Documents relating to patents for technology of Oculus, including, without limitation, communications with John Carmack and Documents relating to the White Paper of John Carmack discussed in 30 of the Complaint.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request as overly broad and unduly burdensome in requesting *all*

33

documents relating to patents for technology of Oculus.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents relating to John Carmack's employment with Oculus, including compensation and equity ownership.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Facebook further objects to this request as overly broad and unduly burdensome.  Facebook further objects to this request to the extent it seeks personal information of Mr. Carmack that violates his right to privacy.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to identify each of Plaintiffs' Former Employees and the job responsibilities for each of Plaintiffs' Former Employees with Oculus, including with respect to each of Defendants' Products, including but not limited to the Oculus Rift.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request to the extent that it seeks

documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all Documents and Communications referring to or relating to the departure of, or the recruitment, solicitation, interviewing, consideration for hire, or hiring of Plaintiffs' Former Employees.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.   Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all Documents and Communications referring to or relating to any employment, confidentiality, non-compete, or non-disclosure agreements between ZeniMax and/or id and Plaintiffs' Former Employees.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it seeks documents and things not

35

relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks documents and things already within Plaintiffs' possession and control.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 39:**

Oculus's employee or personnel file for each of Plaintiffs' Former Employees, including any employment, confidentiality, non-compete, or non-disclosure agreements between Oculus and Plaintiffs' Former Employees.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Facebook further objects to this request to the extent it seeks documents and things that Facebook is not permitted to disclose pursuant to confidentiality obligations to third parties. Facebook further objects to this request to the extent it seeks personal information of Plaintiffs' Former Employees that violates their right to privacy.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 40:**

Any and all Documents and Communications reflecting the steps Oculus has taken, or

36

plans to take, regardless of the degree of certainty, to ensure that Oculus and its employees will not be in violation of the NDA and/or any employment, confidentiality, non-compete, or non-disclosure agreement between ZeniMax and/or id and Plaintiffs' Former Employees.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as assuming the fact that an NDA and/or employment, confidentiality, non-compete, or non-disclosure agreement exists between Plaintiffs and Plaintiffs' Former Employees.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

### Requests Related To Plaintiffs' Proprietary Materials

**REQUEST FOR PRODUCTION NO. 41:**

All Documents that identify and describe those Persons or entities that have or have had access to Defendants' Products, including but not limited to suppliers, vendors, visitors to Defendants' facilities and displays or demonstrations at electronics or gaming shows or conventions, technicians, partners, consultants, and customers.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to

37

this request to the extent it seeks confidential information or trade secrets of Facebook.

Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* Documents that identify and describe Persons or entities that have or have had *access* to Defendants' Products.  Facebook further objects to this request to the extent it seeks documents and things that Facebook is not permitted to disclose pursuant to confidentiality obligations to third parties.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

## REQUEST FOR PRODUCTION NO. 42:

All Documents that constitute, refer to, relate to, or concern in any way any efforts or attempts by Palmer Luckey or Oculus to obtain, use or utilize information, technology or know-how of ZeniMax or id.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 43:**

Any and all Documents concerning any investigation into whether Defendants possess or have used or disclosed materials that are, or that Plaintiffs have asserted are, Plaintiffs' Confidential Information, Copyrighted Materials, or Trademarked Materials.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request as vague and ambiguous in its use of the term "investigation." Facebook further objects to this request to the extent that Plaintiffs have failed to identify what "Confidential Information" or "Copyrighted Materials" of Plaintiffs that Facebook is alleged to have misappropriated. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

<strong>Requests Related to Financial and Market Info</strong>

**REQUEST FOR PRODUCTION NO. 44:**

Any and all competitive analyses of ZeniMax, id or the virtual reality market.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request as vague and ambiguous in its use of the term "competitive analysis." Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of

39

admissible evidence.  Facebook further objects to this request to the extent that it seeks

documents and things already known to Plaintiffs or information that is available to Plaintiffs

through other sources, which are more convenient, less burdensome, and less expensive,

including Plaintiffs' own files.  Facebook further objects to this request to the extent it seeks

documents and things outside of Facebook's possession, custody, or control.

Subject to and without waiving its objections, and subject to the Protective Order entered

in this action, Facebook will produce non-privileged, non-work product documents, if any, that

are in Facebook's possession, custody, or control and are relevant and responsive to this request.

## REQUEST FOR PRODUCTION NO. 45:

Documents sufficient to identify each version or iteration of Oculus's agreements or

contracts with its past, present, or potential suppliers, contractors, and customers.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

Facebook incorporates its Preliminary Statement and all of its General Objections.

Facebook further objects to this request to the extent that it calls for the production of documents

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request to the extent it seeks confidential information or trade secrets of Facebook.

Facebook further objects to this request to the extent that it calls for the production of documents

subject to the attorney-client privilege and work-product protection.  Facebook further objects to

this request as overly broad and unduly burdensome in requesting *each* version or iteration of

Oculus's agreements with its past, present or potential suppliers, contractors, and customers.

Facebook further objects to this request to the extent that it seeks documents and things not

relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks

40

documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all Documents and Communications related to Oculus's sale or licensing of, or attempted or potential sale or licensing of, any of Defendants' Products, including but not limited to Documents and Communications related to discussions, terms, proposals, arrangements for compensation, and/or agreements between Oculus and any of Epic, Valve, NVidia, Hewlett-Packard, or Dell regarding actual or potential sale or licensing of any Oculus product, and further including any Documents and Communications related to discussions, terms, proposals, arrangements for compensation, and/or agreements between Oculus and Sony regarding actual or potential sale or licensing of any Oculus product as reported in the press in June 2014 (for example, in an article titled "Oculus VR Looking for Help to Build its Headsets" on Gamespot.com, dated June 26, 2014).

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* documents related to Oculus's sale or licensing of *any* of Defendants' Products.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.   Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

41

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request regarding Defendants Oculus and Palmer's Products.

## REQUEST FOR PRODUCTION NO. 47:

Any and all Documents concerning business plans, forecasts, financial statements or analyses, or projections concerning Oculus and Defendants' Products, including but not limited to the Oculus Rift.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* Documents *concerning* business plans, forecasts, financial statements or analyses, or projections *concerning* Oculus and Defendants' Products, including Facebook's products that are not relevant to this case. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request concerning Defendants Oculus and Luckey's Products.

42

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to determine Oculus's total profits and revenue, and profits and revenue derived from each of Defendants' Products, including but not limited to the Oculus Rift, for each fiscal year and quarter from Oculus's inception to the present.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence, including relating to Facebook's products that are not relevant to this case.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request relating to Defendants Oculus and Luckey's Products.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to identify costs incurred by Defendants to develop their Products, including but not limited to the Oculus Rift.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Facebook incorporates its Preliminary Statement and all of its General Objections.

43

Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as vague and ambiguous in its use of the term "develop."  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence, including regarding Facebook's products that are not relevant to this case.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request relating to Defendants Oculus and Luckey's Products.

## REQUEST FOR PRODUCTION NO. 50:

Any and all Documents relating to pricing or pricing plans for Defendants' Products, including but not limited to the Oculus Rift.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as vague and ambiguous in its use of the term "pricing."  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook. Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

44

discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request relating to Defendants Oculus and Luckey's Products.

## REQUEST FOR PRODUCTION NO. 51:

Any and all Documents that relate to the commercial viability of Defendants' Products, including but not limited to the Oculus Rift.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as vague and ambiguous in its use of the term "commercial viability."  Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request relating to Defendants Oculus and Luckey's Products.

45

**Other Requests**

**REQUEST FOR PRODUCTION NO. 52:**

Any and all Documents or Communications relating to the affirmative defenses alleged by Defendants in this Action.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request as overly broad and unduly burdensome in requesting *all* Documents or Communications *relating to* the affirmative defenses alleged by Facebook in this Action. Facebook further objects to this request to the extent it seeks confidential information or trade secrets of Facebook.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 53:**

Any and all Documents and Communications that you identify, reference, use, or rely upon in responding to Plaintiffs' First Set of Interrogatories to Defendants.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to

46

this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents considered or relied upon by a Person with whom you will call to provide expert testimony in this Action.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects on grounds that this request is premature.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request at the time and to the extent it is required to do so by the Federal Rules of Civil Procedure, the Local Rules or any relevant order by the Court in this matter.

**REQUEST FOR PRODUCTION NO. 55:**

All reports, opinions, and curriculum vitae of any Person(s) whom you expect to present at trial as an expert witness.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects on

47

grounds that this request is premature.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request at the time and to the extent it is required to do so by the Federal Rules of Civil Procedure, the Local Rules or any relevant order by the Court in this matter.

**REQUEST FOR PRODUCTION NO. 56:**

To the extent not requested by the prior Requests contained herein, all Documents Oculus will, or anticipates that it will, rely upon at trial in this Action, without regard to the date of such Documents.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects on grounds that this request is premature.  Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request at the time and to the extent it is required to do so by the Federal Rules of Civil Procedure, the Local Rules or any relevant order by the Court in this matter.

48

**<u>REQUEST FOR PRODUCTION NO. 57</u>:**

Documents sufficient to identify and reflect Oculus's Document preservation policies and/or practices, including but not limited to its policies and/or practices in relation to preservation of e-mail and electronically stored Documents and Communications.

**<u>FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 57</u>:**

Facebook incorporates its Preliminary Statement and all of its General Objections. Facebook further objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Facebook further objects to this request to the extent it seeks confidential information.  Facebook further objects to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Facebook further objects to this request to the extent it seeks documents and things outside of Facebook's possession, custody or control.

Subject to and without waiving its objections, and subject to the Protective Order entered in this action, Facebook will produce non-privileged, non-work product documents, if any, in Facebook's possession, custody, or control that are relevant and responsive to this request.

49

Dated:  April 24, 2015               Respectfully submitted,

                                     **FACEBOOK, INC.,**

                                     By Their Attorneys,


                                     */s/ Michael G. Rhodes*
_____

                                     Richard A. Smith
                                     Texas Bar No. 24027990
                                     rsmith@lynnllp.com
                                     Elizabeth Y. Ryan
                                     Texas Bar No. 24067758
                                     eryan@lynnllp.com
                                     **LYNN TILLOTSON PINKER & COX LLP**
                                     2100 Ross Avenue, Suite 2700
                                     Dallas, Texas 75201
                                     Phone: (214) 981-3800
                                     Fax: (214) 981-3839

                                     Michael G. Rhodes (*pro hac vice*)
                                     rhodesmg@cooley.com
                                     **COOLEY LLP**
                                     101 California Street, 5th Floor
                                     San Francisco, California 94111
                                     T: 415.693.2000
                                     F: 415.693.2222

                                     Heidi Keefe (*pro hac vice*)
                                     hkeefe@cooley.com
                                     Mark R. Weinstein (*pro hac vice*)
                                     mweinstein@cooley.com
                                     **COOLEY LLP**
                                     3175 Hanover Street
                                     Palo Alto, California 94304
                                     T: 650.843.5000
                                     F: 650.849.7400

50

## CERTIFICATE OF SERVICE

I, Jocelyn McIntosh hereby certify that I caused a true and correct copy of the foregoing Facebook's Supplemental Objections and Responses to Zenimax Media Inc. and Id Software LLC's First Set of Requests for Production and Inspection to be sent by e-mail delivery to counsel for Plaintiffs on April 24, 2015 at phillip.philbin@haynesboone.com, michael.karson@haynesboone.com, and dlpzenimax@skadden.com.

Jocelyn McIntosh

51

# EXHIBIT 3

**From:**      Stameshkin, Liz [lstameshkin@cooley.com]
**To:**        Voorhees, Kristen (NYC); Rhodes, Michael
**Subject:**   RE: ZeniMax Media Inc. et al. v. Oculus VR, LLC et al., No. 3:14-cv-01849
**Date:**      5/26/2015 1:42:39 PM
**CC:**        z/Facebook-Oculus/Zenimax Media Inc; 'rsmith@lynnllp.com'; Project ZeniMax IP DL;
               phillip.philbin@haynesboone.com; Karson, Michael
               (Michael.Karson@haynesboone.com)
**BCC:**

**Message:**
Counsel,

We can confirm that Facebook does not separately (apart from Oculus) have any VR rendering source
code.

Best,

Liz

---

**From:** Voorhees, Kristen [mailto:Kristen.Voorhees@skadden.com]
**Sent:** Tuesday, May 12, 2015 3:31 PM
**To:** Rhodes, Michael
**Cc:** z/Facebook-Oculus/Zenimax Media Inc; 'rsmith@lynnllp.com'; DLPZENIMAX@skadden.com;
phillip.philbin@haynesboone.com; Karson, Michael (Michael.Karson@haynesboone.com)
**Subject:** ZeniMax Media Inc. et al. v. Oculus VR, LLC et al., No. 3:14-cv-01849

Michael,

Please see the attached letter.

Best,
Kristen


**Kristen Voorhees**
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Times Square | New York | 10036-6522
T: 212.735.3685 | F: 917.777.3685

--------------------------------------------------------------------------
**************************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named
herein and may contain legally privileged and/or confidential information. If you are not the
intended recipient of this email, you are hereby notified that any dissemination, distribution or
copying of this email (and any attachments thereto) is strictly prohibited. If you receive this
email in error please immediately notify me at (212) 735-3000 and permanently delete the
original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
======================================================================
=========

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

# EXHIBIT 4

**From:**      Pak, James Y (PAL)
**To:**        'Stameshkin, Liz'; Richard Smith; Hemr, Kurt Wm. (BOS); z/Facebook-Oculus/Zenimax
               Media Inc
**Subject:**   RE: Conference Call
**Date:**      6/11/2015 6:39:05 PM
**CC:**        Project ZeniMax IP DL; phillip.philbin@haynesboone.com;
               'michael.karson@haynesboone.com'
**BCC:**

**Message:**
Liz,

Thank you for your email below regarding Facebook source code.  Certain categories that you describe,
namely code that (i) is "designed to allow third party Oculus apps to communicate with the Oculus
backend;" (ii) "provides a backend connection to Facebook videos to allow them to be played in Oculus
Cinema;" and (iii) "permits the display of 2D 360 degree video in News Feed," are substantive in nature
and reflect ways in which defendants further utilized or leveraged specific features, functionality, or
code belonging to ZeniMax for their benefit.  Additionally, ZeniMax is entitled to review virtual reality-
related code that transforms or processes video (whether for use in Oculus Cinema, News Feed, or
otherwise) in order to determine for ourselves whether they also use certain ZeniMax trade secrets that
have been previously identified.  These categories are relevant to this case, responsive to multiple
document requests (e.g., Plaintiffs' Request Nos. 5 and 28), and must be produced.  Please let me know
whether you will continue to refuse to produce this material so that we may inform the court of your
position.

Based on your representations below and while reserving all of our rights, we are willing to address the
other categories of code at a later date and after we have had a chance to review the code that you
recently produced.

Thanks,

James

---

**From:** Stameshkin, Liz [mailto:lstameshkin@cooley.com]
**Sent:** Friday, May 29, 2015 6:16 PM
**To:** Richard Smith; Hemr, Kurt Wm. (BOS); z/Facebook-Oculus/Zenimax Media Inc
**Cc:** Project ZeniMax IP DL; phillip.philbin@haynesboone.com; 'michael.karson@haynesboone.com'
**Subject:** RE: Conference Call

Counsel,

With regard to point (1) in Kurt Hemr's email of 9:43 am this morning, the following is Facebook source
code that we do not believe is relevant to Plaintiffs' claims in this matter, but has some connection to
Oculus or Oculus applications:

(1) Code used to get users signed up for an Oculus account, enter their credit card info, download and launch apps (e.g., games and experiences for use with an Oculus device) from Oculus Store, as well as connecting Oculus apps to backend servers;
(2) Code used for logging data related to Oculus user activities, and analysis of that data;
(3) Code designed to allow third party Oculus apps to communicate with the Oculus backend (not currently used externally)
(4) Code for the Oculus Store backend

In addition, there are two categories of source code that relate solely to 2D images:

(1) Code that provides a backend connection to Facebook videos to allow them to be played in Oculus Cinema
(2) Code that permits the display of 2D 360 degree video in News Feed

We do not plan on producing this code, but are open to discussing: (1) which RFPs, if any, this may be responsive to, and (2) to the extent there are RFPs to which information relating to how this code operates would be responsive, whether there are documents sufficient to show the functionality that could be produced in lieu of code.

Best,

Liz

**From:** Richard Smith [mailto:rsmith@lynnllp.com]
**Sent:** Friday, May 29, 2015 12:00 PM
**To:** Hemr, Kurt Wm.; z/Facebook-Oculus/Zenimax Media Inc
**Cc:** DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; 'michael.karson@haynesboone.com'
**Subject:** RE: Conference Call

Kurt, we agree with your list below, with the addition of a few items that we also believe were discussed yesterday. Let us know if you disagree with any of the following:

- Defendants noted their intent to produce their next round of documents by June 5, and ZeniMax stated that they believed their document production would be substantially complete within the next 30 days.

- Our recollection is that ZeniMax also agreed to amend its interrogatory answers (if it determines any supplementation is appropriate) by July 8, to correspond with Defendants' own amendment on that date.

- ZeniMax was going to decide what, if anything, it wants to do with its pending motion to compel on the source code.

On that last item, we have a deadline early next week to file a reply on our motion to strike/motion for leave with respect to your motion, so a quick response on that issue would be appreciated.

2

**From:** Hemr, Kurt Wm. [mailto:Kurt.Hemr@skadden.com]
**Sent:** Friday, May 29, 2015 9:43 AM
**To:** Richard Smith; FacebookOculusZenimaxMediaInc@cooley.com
**Cc:** DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; 'michael.karson@haynesboone.com'
**Subject:** RE: Conference Call

Counsel:

To memorialize certain issues discussed on our call yesterday:

(1)  You will provide us with the categories of Facebook interaction source code that you identified on the call.  We will follow up with you regarding our positions on those.

(2)  You will provide us with redacted file listings of the hard drives you identified in your letter of May 22, 2015 and agree to make the hard drives available for search and review upon reasonable notice.  You stated that the redactions will be limited to files specifically identified by custodians and confirmed by counsel as personal files.  We reserve all our rights as regards the hard drives.

(3)  You represent that one of the three repositories you identified in your letter of May 22, 2015 is not, in fact, a source code repository but a virtual window into another repository that has already been produced or will be produced in this case.  You agree to produce the two remaining repositories in Austin next week, and at a mutually agreeable time at all other locations.

(4)  We will identify which of your "relevance" limitations are an issue for Plaintiffs, and further meet and confer on those.

(5)  You will identify which of Plaintiffs' "sufficient to identify" responses to document requests are an issue for Defendants, and further meet and confer on those.

(6)  We will be indicating by letter by June 8, 2015 whether and to what extend we intend to amend/supplement our responses to Defendants' interrogatories, and our proposed schedule for doing so.

(7)  You will be amending/supplementing your responses to Plaintiffs' interrogatories by July 8, 2015.  You will not be amending or supplementing responses relating to affirmative defenses (unless perhaps you have answered in the interim).

> [With regard to this issue:  Defendants are not precluded from pleading affirmative defenses by the pendency of their motions to dismiss.  It is likely that depositions will begin within 30-60 days, and we would prefer to avoid having to re-depose Defendants' witnesses regarding affirmative defenses that Defendants might plead following an initial deposition.  Perhaps we should discuss this issue further next week to see if we can avoid duplication of effort.]

(8)  Both parties agreed to supplement or amend responses to document requests discussed on the call (or state their reasoning for not doing so) by June 8, 2015.

(9)  You anticipate serving your first privilege log today, May 29, 2015.

(10)  We will respond to your letter regarding our privilege log by June 4, 2015.

Please let us know if the foregoing is incomplete, or if your understanding differs from the above.

Thanks

Kurt Hemr

**Kurt Wm. Hemr**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**500 Boylston Street | Boston | Massachusetts | 02116-3740**
**T: 617.573.4833 | F: 617.305.4833**
**Four Times Square | New York | 10036-6522**
**T: 212.735.2834 | F: 917.777.2834**
kurt.hemr@skadden.com

**From:** Hemr, Kurt Wm. (BOS)
**Sent:** Wednesday, May 27, 2015 6:02 PM
**To:** 'Richard Smith'
**Cc:** Project ZeniMax IP DL; phillip.philbin@haynesboone.com; michael.karson@haynesboone.com
**Subject:** RE: Conference Call

Attached is Plaintiffs' agenda of items to be discussed on that call.  Speak to you then.

**From:** Richard Smith [mailto:rsmith@lynnllp.com]
**Sent:** Wednesday, May 27, 2015 5:27 PM
**To:** Project ZeniMax IP DL; phillip.philbin@haynesboone.com
**Subject:** RE: Conference Call

I have confirmed that the people needed on our end of the phone call are all available tomorrow at 12:30 ET / 11:30 CT / 9:30 PT, which is within the window Phillip said the Zenimax side had open.  So let's plan on doing it at that time.  We can still use the same dial-in number below.

**From:** Richard Smith
**Sent:** Tuesday, May 26, 2015 2:38 PM
**To:** DLPZENIMAX@skadden.com; 'Philbin, Phillip B.'
**Cc:** Rhodes, Michael (RHODESMG@cooley.com) (RHODESMG@cooley.com); Keefe, Heidi (hkeefe@cooley.com); Caplan, Matthew D. (mcaplan@cooley.com); Stameshkin, Liz (lstameshkin@cooley.com); Woodring, Joe (jwoodring@cooley.com)
**Subject:** Conference Call

All:

For tomorrow afternoon's conference call, we can all use the following dial-in number.  I look forward to speaking with everyone tomorrow at 4:30 ET / 3:30 CT / 1:30 PT.

4

Phone number: 1-877-211-3621
Passcode: 837 965 8704

**Richard Smith | Partner**
**LynnTillotsonPinkerCox**
Direct 214 981 3824
Fax    214 981 3839
**rsmith@lynnllp.com**

2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
600commerce.com

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==================================================================================
=========

----------------------------------------------------------------------------

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

EXHIBIT 5

**From:**  Stameshkin, Liz [lstameshkin@cooley.com]
**To:**  Pak, James Y (PAL); Richard Smith; Hemr, Kurt Wm. (BOS); z/Facebook-Oculus/Zenimax Media Inc
**Subject:**  RE: Conference Call
**Date:**  6/12/2015 7:51:30 PM
**CC:**  Project ZeniMax IP DL; phillip.philbin@haynesboone.com; 'michael.karson@haynesboone.com'
**BCC:**

**Message:**
James,

As we have explained, this code does not relate to any alleged trade secret.  To the extent Plaintiffs disagree, please specifically identify to which alleged trade secret(s) this code relates.

Defendants have already objected to Plaintiffs' Request Nos. 5 and 28 as overly broad and requesting information that far exceeds the scope of this lawsuit.  We look forward to your response so that we can have a meaningful conversation about these issues.

Best,

Liz

**From:** Pak, James Y [mailto:James.Pak@skadden.com]
**Sent:** Thursday, June 11, 2015 3:39 PM
**To:** Stameshkin, Liz; Richard Smith; Hemr, Kurt Wm.; z/Facebook-Oculus/Zenimax Media Inc
**Cc:** DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; 'michael.karson@haynesboone.com'
**Subject:** RE: Conference Call

Liz,

Thank you for your email below regarding Facebook source code.  Certain categories that you describe, namely code that (i) is "designed to allow third party Oculus apps to communicate with the Oculus backend;" (ii) "provides a backend connection to Facebook videos to allow them to be played in Oculus Cinema;" and (iii) "permits the display of 2D 360 degree video in News Feed," are substantive in nature and reflect ways in which defendants further utilized or leveraged specific features, functionality, or code belonging to ZeniMax for their benefit.  Additionally, ZeniMax is entitled to review virtual reality-related code that transforms or processes video (whether for use in Oculus Cinema, News Feed, or otherwise) in order to determine for ourselves whether they also use certain ZeniMax trade secrets that have been previously identified.  These categories are relevant to this case, responsive to multiple document requests (e.g., Plaintiffs' Request Nos. 5 and 28), and must be produced.  Please let me know whether you will continue to refuse to produce this material so that we may inform the court of your position.

Based on your representations below and while reserving all of our rights, we are willing to address the other categories of code at a later date and after we have had a chance to review the code that you recently produced.

Thanks,

James

**From:** Stameshkin, Liz [mailto:lstameshkin@cooley.com]
**Sent:** Friday, May 29, 2015 6:16 PM
**To:** Richard Smith; Hemr, Kurt Wm. (BOS); z/Facebook-Oculus/Zenimax Media Inc
**Cc:** Project ZeniMax IP DL; phillip.philbin@haynesboone.com; 'michael.karson@haynesboone.com'
**Subject:** RE: Conference Call

Counsel,

With regard to point (1) in Kurt Hemr's email of 9:43 am this morning, the following is Facebook source code that we do not believe is relevant to Plaintiffs' claims in this matter, but has some connection to Oculus or Oculus applications:

(1) Code used to get users signed up for an Oculus account, enter their credit card info, download and launch apps (e.g., games and experiences for use with an Oculus device) from Oculus Store, as well as connecting Oculus apps to backend servers;
(2) Code used for logging data related to Oculus user activities, and analysis of that data;
(3) Code designed to allow third party Oculus apps to communicate with the Oculus backend (not currently used externally)
(4) Code for the Oculus Store backend

In addition, there are two categories of source code that relate solely to 2D images:

(1) Code that provides a backend connection to Facebook videos to allow them to be played in Oculus Cinema
(2) Code that permits the display of 2D 360 degree video in News Feed

We do not plan on producing this code, but are open to discussing: (1) which RFPs, if any, this may be responsive to, and (2) to the extent there are RFPs to which information relating to how this code operates would be responsive, whether there are documents sufficient to show the functionality that could be produced in lieu of code.

Best,

Liz

**From:** Richard Smith [mailto:rsmith@lynnllp.com]
**Sent:** Friday, May 29, 2015 12:00 PM
**To:** Hemr, Kurt Wm.; z/Facebook-Oculus/Zenimax Media Inc
**Cc:** DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; 'michael.karson@haynesboone.com'
**Subject:** RE: Conference Call

PLAINTIFFS' APPENDIX TO THEIR MOTION TO (A) OVERRULE LIMITATIONS AND (B) COMPEL PRODUCTION

Kurt, we agree with your list below, with the addition of a few items that we also believe were discussed yesterday.  Let us know if you disagree with any of the following:

- Defendants noted their intent to produce their next round of documents by June 5, and ZeniMax stated that they believed their document production would be substantially complete within the next 30 days.

- Our recollection is that ZeniMax also agreed to amend its interrogatory answers (if it determines any supplementation is appropriate) by July 8, to correspond with Defendants' own amendment on that date.

- ZeniMax was going to decide what, if anything, it wants to do with its pending motion to compel on the source code.

On that last item, we have a deadline early next week to file a reply on our motion to strike/motion for leave with respect to your motion, so a quick response on that issue would be appreciated.

---

**From:** Hemr, Kurt Wm. [mailto:Kurt.Hemr@skadden.com]
**Sent:** Friday, May 29, 2015 9:43 AM
**To:** Richard Smith; FacebookOculusZenimaxMediaInc@cooley.com
**Cc:** DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; 'michael.karson@haynesboone.com'
**Subject:** RE: Conference Call

Counsel:

To memorialize certain issues discussed on our call yesterday:

(1) You will provide us with the categories of Facebook interaction source code that you identified on the call.  We will follow up with you regarding our positions on those.

(2) You will provide us with redacted file listings of the hard drives you identified in your letter of May 22, 2015 and agree to make the hard drives available for search and review upon reasonable notice.  You stated that the redactions will be limited to files specifically identified by custodians and confirmed by counsel as personal files.  We reserve all our rights as regards the hard drives.

(3) You represent that one of the three repositories you identified in your letter of May 22, 2015 is not, in fact, a source code repository but a virtual window into another repository that has already been produced or will be produced in this case.  You agree to produce the two remaining repositories in Austin next week, and at a mutually agreeable time at all other locations.

(4) We will identify which of your "relevance" limitations are an issue for Plaintiffs, and further meet and confer on those.

(5) You will identify which of Plaintiffs' "sufficient to identify" responses to document requests are an issue for Defendants, and further meet and confer on those.

PLAINTIFFS' APPENDIX TO THEIR MOTION TO (A) OVERRULE LIMITATIONS AND (B) COMPEL PRODUCTION

(6)  We will be indicating by letter by June 8, 2015 whether and to what extend we intend to amend/supplement our responses to Defendants' interrogatories, and our proposed schedule for doing so.

(7)  You will be amending/supplementing your responses to Plaintiffs' interrogatories by July 8, 2015.  You will not be amending or supplementing responses relating to affirmative defenses (unless perhaps you have answered in the interim).

> [With regard to this issue:  Defendants are not precluded from pleading affirmative defenses by the pendency of their motions to dismiss.  It is likely that depositions will begin within 30-60 days, and we would prefer to avoid having to re-depose Defendants' witnesses regarding affirmative defenses that Defendants might plead following an initial deposition.  Perhaps we should discuss this issue further next week to see if we can avoid duplication of effort.]

(8)  Both parties agreed to supplement or amend responses to document requests discussed on the call (or state their reasoning for not doing so) by June 8, 2015.

(9)  You anticipate serving your first privilege log today, May 29, 2015.

(10)  We will respond to your letter regarding our privilege log by June 4, 2015.

Please let us know if the foregoing is incomplete, or if your understanding differs from the above.

Thanks

Kurt Hemr

**Kurt Wm. Hemr**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**500 Boylston Street | Boston | Massachusetts | 02116-3740**
**T: 617.573.4833 | F: 617.305.4833**
**Four Times Square | New York | 10036-6522**
**T: 212.735.2834 | F: 917.777.2834**
kurt.hemr@skadden.com

---

**From:** Hemr, Kurt Wm. (BOS)
**Sent:** Wednesday, May 27, 2015 6:02 PM
**To:** 'Richard Smith'
**Cc:** Project ZeniMax IP DL; phillip.philbin@haynesboone.com; michael.karson@haynesboone.com
**Subject:** RE: Conference Call

Attached is Plaintiffs' agenda of items to be discussed on that call.  Speak to you then.

**From:** Richard Smith [mailto:rsmith@lynnllp.com]
**Sent:** Wednesday, May 27, 2015 5:27 PM
**To:** Project ZeniMax IP DL; phillip.philbin@haynesboone.com
**Subject:** RE: Conference Call

I have confirmed that the people needed on our end of the phone call are all available tomorrow at 12:30 ET / 11:30 CT / 9:30 PT, which is within the window Phillip said the Zenimax side had open.  So let's plan on doing it at that time.  We can still use the same dial-in number below.

**From:** Richard Smith
**Sent:** Tuesday, May 26, 2015 2:38 PM
**To:** DLPZENIMAX@skadden.com; 'Philbin, Phillip B.'
**Cc:** Rhodes, Michael (RHODESMG@cooley.com) (RHODESMG@cooley.com); Keefe, Heidi (hkeefe@cooley.com); Caplan, Matthew D. (mcaplan@cooley.com); Stameshkin, Liz (lstameshkin@cooley.com); Woodring, Joe (jwoodring@cooley.com)
**Subject:** Conference Call

All:

For tomorrow afternoon's conference call, we can all use the following dial-in number.  I look forward to speaking with everyone tomorrow at 4:30 ET / 3:30 CT / 1:30 PT.

Phone number: 1-877-211-3621
Passcode: 837 965 8704


**Richard Smith  |  Partner**
**LynnTillotsonPinkerCox**
Direct 214 981 3824
Fax     214 981 3839
**rsmith@lynnllp.com**

2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
600commerce.com


----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=================================================================================
=========

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC,<br><br>                          Plaintiffs,<br><br>      v.<br><br>OCULUS VR, LLC, PALMER LUCKEY, and<br>FACEBOOK, INC.,<br><br>                        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>CIVIL ACTION<br>NO. 3:14-01849-P<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.'S OBJECTIONS AND RESPONSES TO ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S THIRD SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34(b), defendants Oculus VR, LLC ("Oculus"), Palmer Luckey, and Facebook, Inc. ("Facebook") (collectively, "Defendants") submit the following objections and responses to plaintiff ZeniMax Media Inc. and id Software LLC's (collectively, "Plaintiffs" or "ZeniMax") Third Set of Requests for Production ("Document Requests").

## PRELIMINARY STATEMENT

1.      Defendants neither waive nor intend to waive, but expressly reserve, any and all objections they may have to the relevance, competence, materiality, admissibility, or use at trial of any information, documents, or writings produced, identified, or referred to herein, or to the introduction of any evidence at trial relating to the subjects covered by any response.  All such objections may be made at any time up to and including the time of trial.

2.      Should production become necessary, Defendants reserve the right to decide whether the documents produced for inspection shall be produced as they are kept in the usual

course of business or shall be organized and labeled to correspond with the categories in the Document Requests, in accordance with Federal Rule of Civil Procedure 34(b).

3.      Defendants reserve the right to supplement and amend their response and, if necessary, to assert additional objections arising from further investigation.

4.      Should discovery become necessary, Defendants reserve the right to make any use of, or to introduce at any hearing and at trial, information, and/or documents responsive to the Document Requests but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein.  Defendants' investigation is continuing and ongoing and Defendants expressly reserve the right to revise and/or supplement these responses.

5.      The specific response set forth below is based upon Defendants interpretation of the language used in the Document Requests, and Defendants reserve their rights to amend or supplement further their response in the event that Plaintiffs assert an interpretation that differs from Defendants' interpretation.

6.      Defendants' response to a particular Document Request shall not be interpreted as implying that responsive documents and things exist or that Defendants acknowledge the appropriateness of the Document Request.

7.      Defendants reserve the right to object on any ground to such other or supplemental requests for production involving or relating to the subject matter of these Document Requests.

8.      Defendants' specific objections follow Defendants' General Objections.

## GENERAL OBJECTIONS

The following general objections are incorporated into each of Defendants' responses as if fully set forth in them.  Defendants' responses to these Document Requests shall not be deemed a waiver of any General Objection.

1.      Defendants object to the Document Requests to the extent that they are overly broad and unduly burdensome.

2.      Defendants object to the Document Requests to the extent they seek information not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendants object to the Document Requests to the extent they seek documents or information that is protected from discovery by any privilege or protection, including the attorney-client privilege or the work product doctrine.  Defendants construe the Document Requests as not seeking such documents or information, and such documents or information shall not be produced in response to the Document Request.  Any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or immunity with respect to such documents or information or of any work-product protection which may attach thereto.

4.      If one or more documents are produced that are privileged or otherwise protected from disclosure, such production is inadvertent and is not intended as a waiver of such privilege or protection.

5.      Defendants object to the Document Requests to the extent the requests are vague, ambiguous, and/or unintelligible or to the extent they require legal conclusion.

6.      Defendants object to the Document Requests as overly broad and unduly burdensome to the extent they seek proprietary and/or confidential marketing and business

information that is not relevant to any claim or defense of any party in this litigation, nor likely to lead to the discovery of admissible evidence.

7.      Defendants object to the Document Requests, definitions, and instructions to the extent that they purport to give meaning to words different from their ordinary English meaning or definitions set forth in applicable statutes or rules.

8.      Defendants object to the Document Requests, definitions, and instructions to the extent they purport to require Defendants to produce documents or information that are not in Defendants' possession, custody, or control or to the extent that such Document Requests impose obligations upon Defendants not required by the Federal Rules of Civil Procedure or applicable law, including without limitation instructions concerning the identification of privileged and/or work product protected documents and to the extent the instructions require a log of privileged communications post-dating the filing of the Complaint.

9.      Defendants object to the fourth definition set forth by Plaintiffs in their First Set of Requests for Production and Inspection to Oculus and Palmer Luckey and incorporated into Plaintiffs Second and Third Set of Requests for Production, as being overly broad and invasive of the attorney-client privilege and attorney work product doctrine, to the extent that the definition includes Defendants' counsel.  Defendants further object to the definition to the extent that it fails to recognize that actions taken by past or current employees outside the scope of their employment and/or actions taken without Defendants' knowledge are not attributable to Defendants.  In responding to these requests, Defendants respond on the basis that: (1) the term "Defendants" refers only to Oculus VR, LLC, Facebook, Inc., and Palmer Luckey; (2) the term "Oculus" refers to Oculus VR, LLC; (3) the terms "Palmer Luckey" and "Luckey" refer to Palmer Luckey; and (4) the term "Facebook" refers to Facebook, Inc.  In so responding,

Defendants will respond on the basis that the term "Complaint" refers to the complaint filed on May 21, 2014 and the term "Answer" refers to the answer filed on June 25, 2014.

10.     Defendants object to the definition of "Plaintiffs' Former Employees" to the extent it assumes that Defendants are aware of all people previously employed by Plaintiffs. References to "Plaintiffs' Former Employees" in these responses refer to the seven specifically named persons in the definition of Plaintiffs' Former Employees.

11.     Defendants object to the definition of the terms "Defendants' Products" and "Products of Defendants" as vague and ambiguous in their use of the terms "technologies" and "projects" and overbroad to the extent the definition is intended to encompass products other than the Oculus Rift and its associated Software Development Kits.  References to "Defendants' Products" in these responses refer to the Oculus Rift and its associated Software Development Kits, and shall not include any non-virtual reality Facebook product.

12.     Defendants object to the definition of the term "Copyrighted Materials" as vague and ambiguous in that it does not define the "ZeniMax VR Testbed Code" or the "ZeniMax VR Implementation Code."

13.     Defendants object to the definition of the term "Trademarked Materials" in that it provides no definition but rather only has an "includes" clause.  Defendants therefore limit their responses to only those trademarks identified within the "includes" clause.

14.     Defendants object to the Document Requests to the extent that they seek information already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including without limitation those requests that call for production of documents which are publicly available or are already in Plaintiffs' possession, custody, or control.

15.     Defendants object to the Document Requests to the extent that they call for "all documents" that relate to a given topic as premature, in that discovery is ongoing, and Defendants have yet to complete discovery from Plaintiffs and/or relevant third parties.

16.     Defendants object to the Document Requests to the extent that they call for "all documents" that relate to a given topic as overly broad and unduly burdensome.

17.     Defendants object to the Document Requests to the extent they are unlimited or otherwise overly broad in time.

18.     Defendants object to the Document Requests to the extent they make inquiries about matters the disclosure of which is prohibited or protected by statute, regulation or other applicable laws.

19.     Defendants object to the Document Requests to the extent that they request not only written responses within thirty days but also complete production of documents within thirty days.  Defendants will produce documents responsive to the Document Requests on a rolling basis.

20.     Defendants object to the Document Requests to the extent they seek information that Defendants are not permitted to disclose pursuant to confidentiality obligations to third parties.  Defendants will do so only in accordance with the Protective Order entered in this case and only after providing any required notice to third parties and/or obtaining any required authority to disclose such information from third parties.

21.     Defendants object to the Document Requests to the extent they seek to elicit information that is subject to a right of privacy under the relevant provisions of federal and state law.

22.     Defendants object to the Document Requests to the extent they make assumptions of facts.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 80:

To the extent not requested by prior Requests in this Action, all non-privileged Documents or Communications concerning the *Oculu* Litigation, including but not limited to (i) all Documents produced by Oculus and/ or Palmer Luckey in the *Oculu* Litigation, and all privilege and/or redactions logs produced by Oculus and/or Palmer Luckey in the *Oculu* Litigation; (ii) all written objections and/or responses to requests for documents, interrogatories, requests for admission, and/or subpoenas duces tecum served by Oculus and/or Palmer Luckey in the *Oculu* Litigation; (iii) all transcripts of any deposition of any officer, director, employee or agent of Oculus and/or Palmer Luckey in the *Oculu* Litigation, including any exhibits to such depositions and any audio or audiovisual recordings of such depositions; (iv) all Documents filed by Oculus with the court in the *Oculu* Litigation; and (v) all transcripts of any conference, hearing, argument, or trial in the *Oculu* Litigation.[1]

### RESPONSE TO REQUEST FOR PRODUCTION NO. 80:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.  Defendants further

---

[1] Plaintiffs' Request No. 80 states, in a footnote, "[a]ll Documents from the *Oculu* Litigation that include or reference documents or information produced in that action by parties other than Oculus will be accorded the highest level of protection required by the protective order entered in that action. (*See Oculu* Litigation, Dkt. No. 44.)"

object to this request to the extent it seeks documents and things that are publicly available.

Defendants further object to this request to the extent that it seeks documents and things not

relevant to the subject matter of this litigation, and not reasonably calculated to lead to the

discovery of admissible evidence.  Plaintiffs seek all non-privileged Documents or

Communications concerning a separate, unrelated action that centers on whether Oculus' use of

the Oculus name infringes on Oculu, LLC's alleged Oculu trademark.  The use of the Oculus

name is not at issue in the instant action.

## REQUEST FOR PRODUCTION NO. 81:

To the extent not requested by Request No. 80 or by other prior Requests in this Action,

(i) all written objections and/or responses to requests for documents, interrogatories, requests for

admission, and/or subpoenas *duces tecum* served by Oculus and/or Palmer Luckey in any

litigation to which Oculus and/or Palmer Luckey is a party that concerns either the business of

Oculus or virtual reality; (ii) all transcripts of any deposition of any officer, director, employee or

agent of Oculus and/or Palmer Luckey in any litigation to which Oculus and/ or Palmer Luckey

is a party that concerns either the business of Oculus or virtual reality, including any exhibits to

such depositions and any audio or audiovisual recordings of such depositions; and (iii) all

transcripts of any conference, hearing, argument, or trial in any litigation to which Oculus and/or

Palmer Luckey is a party that concerns either the business of Oculus or virtual reality.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege, work-product protection, or any other

applicable privilege or immunity.  Defendants further object to this request to the extent it seeks

documents and things outside of Defendants' possession, custody or control.  Defendants further object to this request to the extent it seeks documents and things that are publicly available. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 82:

To the extent not requested by prior Requests in this Action, all non-privileged Documents or Communications concerning (i) any patents or applications owned by, assigned to, or controlled by Oculus and/or Palmer Luckey or (ii) any virtual reality patents or applications owned by, assigned to, or controlled by Facebook, including but not limited to copies of any relevant patents or applications and their prosecution histories before the U.S. Patent and Trademark Office.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as vague and ambiguous in its use of the terms "virtual reality patents or applications."  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.  Defendants further object to this request to the extent it seeks documents and things that are publicly available.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce relevant non-privileged, non-work product documents, if any, in their possession, custody, or control sufficient to identify published patent applications filed by or assigned to Oculus and/or Palmer Luckey.

## REQUEST FOR PRODUCTION NO. 83:

To the extent not requested by prior Requests in this Action, all Documents or Communications concerning license agreements related to virtual reality to which any Defendant is a party.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as vague and ambiguous in its use of the terms "license agreements related to virtual reality."  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents concerning license agreements related to virtual reality.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce relevant non-privileged, non-work product

documents, if any, in their possession, custody, or control that constitute final, executed license agreements related to virtual reality to which Oculus or Luckey are a party.

## REQUEST FOR PRODUCTION NO. 84:

To the extent not requested by prior Requests in this Action, all Documents or Communications reflecting the market share for Defendants' Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 84:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity. Defendants further object to this request as vague and ambiguous in its use of the term "market share," because, among other reasons, the term "market share" is inapplicable as the Oculus Rift and the Software Development Kits are currently only available as developer kits, not as a consumer product. Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents or communications reflecting the market share for Defendants' Products. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce relevant non-privileged, non-work product documents, if any, in their possession, custody, or control that reflect the market share for the Oculus Rift and Software Development Kits.

**REQUEST FOR PRODUCTION NO. 85:**

To the extent not requested by prior Requests in this Action, all Documents or Communications related to the statement by Facebook Chief Executive Officer Mark Zuckerberg in a March 25, 2014 investor call that Facebook intends to utilize Defendants' Products for the financial benefit of its core business of online social networking and advertising, including but not limited to any Documents or Communications related to Mr. Zuckerberg's comment that "[Facebook is] not going to try to make a profit off of the devices long term. [It] view[s] [Oculus] as a software and services thing." (*See, e.g.*, Dkt. No. 38 ,¶ 114.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents or communications related to the identified statement.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant to Mr. Zuckerberg's comment that "[Facebook is] not going to try to make a profit off of the devices long term. [It] view[s] [Oculus] as a software and services thing."

**REQUEST FOR PRODUCTION NO. 86:**

To the extent not requested by prior Requests in this Action, all business or marketing studies, forecasts, diligence documents, memos, plans, or other Documents used by Defendants for budgeting or marketing purposes, including but not limited to quantitative and qualitative forecasts for Defendants' Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as vague and ambiguous in its use of undefined terms, including but not limited to "quantitative and qualitative forecasts."  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents used by Defendants for budgeting or marketing purposes.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce relevant non-privileged, non-work product business or marketing studies, forecasts, diligence documents, memos, and plans for budgeting or marketing of Oculus's products, if any, in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 87:**

To the extent not requested by prior Requests in this Action, all Documents and Communications concerning Defendants' purchase price analysis and/or intangible asset

valuations, including but not limited to any calculations of the purchase consideration associated with the Facebook-Oculus Merger.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* Documents or Communications concerning Defendants' purchase price analysis and/or intangible asset valuations, without limitation as to the subject matter or transaction at issue.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce relevant non-privileged, non-work product documents, if any, in their possession, custody, or control that constitute purchase price analysis and/or intangible asset valuations for the Facebook-Oculus Merger.

## REQUEST FOR PRODUCTION NO. 88:

To the extent not requested by prior Requests in this Action, all Documents and Communications concerning any internal or external evaluations or analyses by Facebook of Oculus related to the Facebook-Oculus Merger.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege, work-product protection, or any other

applicable privilege or immunity.  Defendants further object to this request as overly broad and

unduly burdensome in requesting *all* Documents or Communications concerning any internal or

external evaluations or analyses by Facebook of Oculus.  Defendants further object to this

request to the extent it seeks documents and things outside of Defendants' possession, custody or

control.  Defendants further object to this request to the extent it seeks confidential information

or trade secrets of Defendants.  Defendants further object to this request to the extent that it seeks

documents and things not relevant to the subject matter of this litigation, and is not reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce non-public, non-privileged, non-work product

documents, if any, in their possession, custody, or control that are relevant and responsive to this

request.

**REQUEST FOR PRODUCTION NO. 89:**

To the extent not requested by prior Requests in this Action, all Documents or

Communications concerning Defendants' announcement that they will release the "'Rift' headset

to the general public ... sometime [this] year." (*See, e.g*., "Oculus closer to launch with new

virtual reality headset," available at http://www.cnet.com/news/oculus-announces-newprototype-

as-it-prepares-for-eventual-launch/ (dated Sept. 20, 2014).)

## RESPONSE TO REQUEST FOR PRODUCTION NO. 89:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* Documents or Communications concerning Defendants' announcement quoted in this Request No. 89.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-public, non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request.

## REQUEST FOR PRODUCTION NO. 90:

To the extent not requested by prior Requests in this Action, all Documents related to any insurance, indemnity, or other similar agreement executed by Defendants related to (i) Defendants' intellectual property, or (ii) any legal claims against or related to Defendants' intellectual property, including but not limited to Documents concerning any payments that have been made pursuant to such agreements.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 90:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request related to Oculus and/or Luckey's intellectual property.

## REQUEST FOR PRODUCTION NO. 91:

To the extent not requested by prior Requests in this Action, all non-privileged Documents or Communications related to origination, negotiation, execution and/or performance of the Escrow Agreement entered into in connection with the Facebook-Oculus Merger.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 91:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request

to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request.

## REQUEST FOR PRODUCTION NO. 92:

To the extent not requested by prior Requests in this Action, all Documents or Communications created or authored by Plaintiffs' Former Employees while employed by Defendants.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 92:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* Documents or Communications created or authored by Plaintiffs' Former Employees while employed by Defendants.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to the term "Plaintiffs' Former Employees" to the extent it assumes that Defendants are aware of all people previously employed by Plaintiffs. References to "Plaintiffs' Former Employees" in this response refer to the seven specifically named persons in the definition of Plaintiffs' Former Employees.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce relevant non-privileged, non-work product Documents and Communications in their possession, custody, or control, if any, created or authored by Plaintiffs' Former Employees while employed by Defendants that relate to Plaintiffs' alleged confidential information as reflected in Dkt. No. 113-1.

**REQUEST FOR PRODUCTION NO. 93:**

To the extent not requested by prior Requests in this Action, all Documents or Communications regarding the recruitment of and employment by Defendants of Plaintiffs' Former Employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* Documents or Communications regarding the recruitment of and employment by Defendants of Plaintiffs' Former Employees.  Defendants further object to this request as duplicative of Request Nos. 10 and 37.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to the term "Plaintiffs' Former Employees" to the extent it assumes that Defendants are aware of all people previously employed by Plaintiffs.  References

to "Plaintiffs' Former Employees" in this response refer to the seven specifically named persons in the definition of Plaintiffs' Former Employees.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce relevant non-privileged, non-work product documents in their possession, custody, or control, if any, containing or commenting on communications with Plaintiffs' Former Employees regarding the recruitment of and employment by Defendants of Plaintiffs' Former Employees before those Former Employees became employees of Oculus.

## REQUEST FOR PRODUCTION NO. 94:

To the extent not requested by prior Requests in this Action, Documents or Communications sufficient to identify the date(s) on which Oculus-hosted email accounts (*e.g.*, JOHNDOE@oculusvr.com) were created for each of Plaintiffs' Former Employees.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 94:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as duplicative of Request No. 39.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to the term "Plaintiffs' Former Employees" to the extent it assumes that Defendants are aware of all people previously employed by Plaintiffs.  References to "Plaintiffs' Former Employees" in this response refer to the seven specifically named persons in the definition of Plaintiffs' Former Employees.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 95:**

To the extent not requested by prior Requests in this Action, Documents or Communications sufficient to identify the date on which Defendants first compensated, including but not limited to via salary or equity compensation, each of Plaintiffs' Former Employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as duplicative of Request No. 39.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to the term "Plaintiffs' Former Employees" to the extent it assumes that Defendants are aware of all people previously employed by Plaintiffs.  References to "Plaintiffs' Former Employees" in this response refer to the seven specifically named persons in the definition of Plaintiffs' Former Employees.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request.

## REQUEST FOR PRODUCTION NO. 96:

To the extent not requested by prior Requests in this Action, any Documents or Communications sent by Plaintiffs to Defendants via file transfer or file sharing mechanisms such as DropBox, including but not limited to any printouts, screenshots, or other captures of the "Events" feature or other applicable logging feature in the DropBox interface.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 96:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request as duplicative of Request No. 1. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity. Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control. Defendants further object to this request to the extent it requires Defendants to produce documents or information that are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive. Defendants further object to this request to the extent it purports to require Defendants to produce documents in a format different from that previously agreed to by the parties (Dkt. 31) or from that required under the Federal Rules of Civil Procedure.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 97:**

To the extent not requested by prior Requests in this Action, all text messages between John Carmack and any of Brendan Iribe, Nate Mitchell and/or Palmer Luckey since Plaintiffs' original Complaint (Dkt. No. 1) was filed on May 21, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* text messages between the listed individuals.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it seeks personal information of the listed individuals that violates their right to privacy.

**REQUEST FOR PRODUCTION NO. 98:**

To the extent not requested by prior Requests in this Action, all posts related to virtual reality on any forum or social media site, including but not limited to the online forum "Meant to Be Seen" (hosted at http://www.mtbs3d.com/) or the social media sites Facebook or Twitter, by Palmer Luckey or any director, officer, employee, agent or consultant of Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other

applicable privilege or immunity.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* posts related to virtual reality on any forum or social media site by *any* director, officer, employee, agent or consultant of Defendants.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it requires Defendants to produce documents or information that are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive.  Defendants further object to this request to the extent it seeks personal information of the listed individuals that violates their right to privacy.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product public posts to the online forum "Meant to Be Seen" (hosted at http://www.mtbs3d.com/) or the social media sites Facebook or Twitter, if any, of the individuals listed in Oculus's initial disclosures that are in their possession, custody, or control that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 99:**

To the extent not requested by prior Requests in this Action, all Documents and Communications related to photographs referenced in an email from Michael Antonov to Nate Mitchell, dated January 19, 2013 (*see, e.g.*, OCULUS00017828), including but not limited to other emails in the cited email chain and the photographs referenced as "<photo 1.JPG>," "<photo 2.JPG>," "<photo 3.JPG>," "<photo 4.JPG>," "<photo 5.JPG>," "<photo.JPG>," "<photo6.JPG>," and "<photo7.JPG>" in the cited email.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege, work-product protection, or any other

applicable privilege or immunity.  Defendants further object to this request to the extent it seeks

confidential information or trade secrets of Defendants.  Defendants further object to this request

to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Defendants further object to this request to the extent that it seeks documents and things not

relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce relevant non-privileged, non-work product

documents, if any, in their possession, custody, or control that constitute other emails in the

email chain cited in this request and the photographs referenced in this request.

**REQUEST FOR PRODUCTION NO. 100:**

To the extent not requested by prior Requests in this Action, all Documents or

Communications related to the "HMDTest.csv" file, including but not limited to the HMDTest

computer program, referenced in an email from Nate Mitchell to Michael Antonov and others,

dated January 18, 2013 (*see, e.g*., OCULUS00019873 at OCULUS00019876).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege, work-product protection, or any other

applicable privilege or immunity.  Defendants further object to this request to the extent it seeks

confidential information or trade secrets of Defendants.  Defendants further object to this request

to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Defendants further object to this request to the extent that it seeks documents and things not

relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce non-privileged, non-work product documents, if

any, in their possession, custody, or control that are relevant and responsive to this request.

## REQUEST FOR PRODUCTION NO. 101:

To the extent not requested by prior Requests in this Action, all Documents or things

constituting, identifying, or related to the "little bonus gift ;-)" referenced in an email from

Brendan Iribe to John Carmack, dated December 10, 2012 (*see, e.g*., P0010082), including

Defendants' copy of the cited email, and any email chains including, forwarding, or originating

from the cited email.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege, work-product protection, or any other

applicable privilege or immunity.  Defendants further object to this request as duplicative or

Request No. 1.  Defendants further object to this request to the extent it seeks documents and

things already within Plaintiffs' possession and control.   Defendants further object to this

request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request.

## REQUEST FOR PRODUCTION NO. 102:

To the extent not requested by prior Requests in this Action, all drafts of unsent emails related to the subject matter of Plaintiffs' Requests for Production in this Action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 102:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, work-product protection, or any other applicable privilege or immunity.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request to the extent it purports to require Defendants to produce documents in a format different from that previously agreed to by the parties (Dkt. 31) or from that required under the Federal Rules of Civil Procedure.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are relevant and responsive to this request.

Dated:  May 26, 2015

Respectfully submitted,

**OCULUS VR, LLC, PALMER LUCKEY, AND FACEBOOK, INC.,**

By Their Attorneys,

/s/ Michael G. Rhodes

Richard A. Smith
Texas Bar No. 24027990
rsmith@lynnllp.com
Elizabeth Y. Ryan
Texas Bar No. 24067758
eryan@lynnllp.com
**LYNN TILLOTSON PINKER & COX LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Phone: (214) 981-3800
Fax: (214) 981-3839

Michael G. Rhodes (*pro hac vice*)
rhodesmg@cooley.com
**COOLEY LLP**
101 California Street, 5th Floor
San Francisco, California 94111
T: 415.693.2000
F: 415.693.2222

Heidi Keefe (*pro hac vice*)
hkeefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, California 94304
T: 650.843.5000
F: 650.849.7400

## CERTIFICATE OF SERVICE

I, Joseph Woodring, hereby certify that I caused a true and correct copy of the foregoing Defendants Oculus VR, LLC, Palmer Luckey and Facebook Inc.'s Objections and Responses to Zenimax Media Inc. and Id Software LLC's Third Set of Requests for Production to be sent by e-mail delivery to counsel for Plaintiffs on May 26, 2015 at phillip.philbin@haynesboone.com, michael.karson@haynesboone.com, and dlpzenimax@skadden.com.

*/s/ Joseph Woodring*
Joseph Woodring

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 3:14-01849-P |
| v. | ) ) | |
| OCULUS VR, LLC, PALMER LUCKEY, and FACEBOOK, INC., | ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## DEFENDANTS OCULUS VR, LLC, PALMER LUCKEY, AND FACEBOOK, INC.'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S FIRST AND SECOND SETS OF REQUESTS FOR PRODUCTION AND INSPECTION

Pursuant to Federal Rule of Civil Procedure 34(b), defendants Oculus VR, LLC ("Oculus"), Palmer Luckey, and Facebook, Inc. ("Facebook") (collectively, "Defendants") submit the following further supplemental objections and responses to plaintiff ZeniMax Media Inc. and id Software LLC's (collectively, "Plaintiffs" or "ZeniMax") First and Second Sets of Requests for Production and Inspection ("Document Requests").

## PRELIMINARY STATEMENT

1.     Defendants neither waive nor intend to waive, but expressly reserve, any and all objections they may have to the relevance, competence, materiality, admissibility, or use at trial of any information, documents, or writings produced, identified, or referred to herein, or to the introduction of any evidence at trial relating to the subjects covered by any response.  All such objections may be made at any time up to and including the time of trial.

2.      Defendants reserve the right to decide whether the documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Document Requests, in accordance with Federal Rule of Civil Procedure 34(b).

3.      Defendants reserve the right to supplement and amend their response and, if necessary, to assert additional objections arising from further investigation.

4.      Defendants reserve the right to make any use of, or to introduce at any hearing and at trial, information, and/or documents responsive to the Document Requests but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein.  Defendants' investigation is continuing and ongoing and Defendants expressly reserve the right to revise and/or supplement these responses.

5.      The specific response set forth below is based upon Defendants interpretation of the language used in the Document Requests, and Defendants reserve their rights to amend or supplement further their response in the event that Plaintiffs assert an interpretation that differs from Defendants' interpretation.

6.      Defendants' response to a particular Document Request shall not be interpreted as implying that responsive documents and things exist or that Defendants acknowledge the appropriateness of the Document Request.

7.      Defendants reserve the right to object on any ground to such other or supplemental requests for production involving or relating to the subject matter of these Document Requests.

8.      Defendants' specific objections follow Defendants' General Objections.

2

## **GENERAL OBJECTIONS**

The following general objections are incorporated into each of Defendants' responses as if fully set forth in them.  Defendants' responses to these Document Requests shall not be deemed a waiver of any General Objection.

1.      Defendants object to the Document Requests to the extent that they are overly broad and unduly burdensome.

2.      Defendants object to the Document Requests to the extent they seek information not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendants object to the Document Requests to the extent they seek documents or information that is protected from discovery by any privilege or protection, including the attorney-client privilege or the work product doctrine.  Defendants construe the Document Requests as not seeking such documents or information, and such documents or information shall not be produced in response to the Document Request.  Any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or immunity with respect to such documents or information or of any work-product protection which may attach thereto.

4.      If one or more documents are produced that are privileged or otherwise protected from disclosure, such production is inadvertent and is not intended as a waiver of such privilege or protection.

5.      Defendants object to the Document Requests to the extent the requests are vague, ambiguous, and/or unintelligible or to the extent they require legal conclusion.

3

6.      Defendants object to the Document Requests as overly broad and unduly burdensome to the extent they seek proprietary and/or confidential marketing and business information that is not relevant to any claim or defense of any party in this litigation, nor likely to lead to the discovery of admissible evidence.

7.      Defendants object to the Document Requests, definitions, and instructions to the extent that they purport to give meaning to words different from their ordinary English meaning or definitions set forth in applicable statutes or rules.

8.      Defendants object to the Document Requests, definitions, and instructions to the extent they purport to require Defendants to produce documents or information that are not in Defendants' possession, custody, or control or to the extent that such Document Requests impose obligations upon Defendants not required by the Federal Rules of Civil Procedure or applicable law, including without limitation instructions concerning the identification of privileged and/or work product protected documents and to the extent the instructions require a log of privileged communications post-dating the filing of the Complaint.

9.      Defendants object to the fourth definition set forth by Plaintiffs in their First Set of Requests for Production and Inspection to Oculus and Palmer Luckey and incorporated into Plaintiffs Second and Third Set of Requests for Production, as being overly broad and invasive of the attorney-client privilege and attorney work product doctrine, to the extent that the definition includes Defendants' counsel.  Defendants further object to the definition to the extent that it fails to recognize that actions taken by past or current employees outside the scope of their employment and/or actions taken without Defendants' knowledge are not attributable to Defendants.  In responding to these requests, Defendants respond on the basis that: (1) the term

4

"Defendants" refers only to Oculus VR, LLC, Facebook, Inc., and Palmer Luckey; (2) the term

"Oculus" refers to Oculus VR, LLC; (3) the terms "Palmer Luckey" and "Luckey" refer to

Palmer Luckey; and (4) the term "Facebook" refers to Facebook, Inc.  In so responding,

Defendants will respond on the basis that the term "Complaint" refers to the complaint filed on

May 21, 2014 and the term "Answer" refers to the answer filed on June 25, 2014.

10.     Defendants object to the definition of "Plaintiffs' Former Employees" to the

extent it assumes that Defendants are aware of all people previously employed by Plaintiffs.

References to "Plaintiffs' Former Employees" in these responses refer to the seven specifically

named persons in the definition of Plaintiffs' Former Employees.

11.     Defendants object to the definition of the terms "Defendants' Products" and

"Products of Defendants" as vague and ambiguous in their use of the terms "technologies" and

"projects" and overbroad to the extent the definition is intended to encompass products other

than the Oculus Rift and its associated Software Development Kits.  References to "Defendants'

Products" and "Defendant Oculus's Products" in these responses refer to the Oculus Rift and its

associated Software Development Kits, and shall not include any non-virtual reality Facebook

product.

12.     Defendants object to the definition of the term "Copyrighted Materials" as vague

and ambiguous in that it does not define the "ZeniMax VR Testbed Code" or the "ZeniMax VR

Implementation Code."

13.     Defendants object to the definition of the term "Trademarked Materials" in that it

provides no definition but rather only has an "includes" clause.  Defendants therefore limit their

responses to only those trademarks identified within the "includes" clause.

5

14.     Defendants object to the Document Requests to the extent that they seek information already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including without limitation those requests that call for production of documents which are publicly available or are already in Plaintiffs' possession, custody, or control.

15.     Defendants object to the Document Requests to the extent that they call for "all documents" that relate to a given topic as premature, in that discovery is ongoing, and Defendants have yet to complete discovery from Plaintiffs and/or relevant third parties.

16.     Defendants object to the Document Requests to the extent that they call for "all documents" that relate to a given topic as overly broad and unduly burdensome.

17.     Defendants object to the Document Requests to the extent they are unlimited or otherwise overly broad in time.

18.     Defendants object to the Document Requests to the extent they make inquiries about matters the disclosure of which is prohibited or protected by statute, regulation or other applicable laws.

19.     Defendants object to the Document Requests to the extent that they request not only written responses within thirty days but also complete production of documents within thirty days.  Defendants will produce documents responsive to the Document Requests on a rolling basis.

20.     Defendants object to the Document Requests to the extent they seek information that Defendants are not permitted to disclose pursuant to confidentiality obligations to third parties.  Defendants will do so only in accordance with the Protective Order entered in this case

6

and only after providing any required notice to third parties and/or obtaining any required

authority to disclose such information from third parties.

21.     Defendants object to the Document Requests to the extent they seek to elicit

information that is subject to a right of privacy under the relevant provisions of federal and state

law.

22.     Defendants object to the Document Requests to the extent they make assumptions

of facts.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUESTS FOR INSPECTION**

**REQUEST FOR INSPECTION NO. 1:**

All iterations of the Oculus Rift and its Software Development Kit in an operable

condition, including but not limited to those versions or iterations created prior to April 2012,

whether consumer-facing or otherwise.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR INSPECTION NO. 1:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent it seeks documents and things already

within Plaintiffs' possession and control or information that is publicly available. Defendants

further object to this request as overly broad and unduly burdensome in requesting *all iterations*

of the Oculus Rift and its Software Development Kit.  Defendants further object to this request to

the extent it seeks confidential information or trade secrets of Defendants.  Defendants further

object to this request to the extent it seeks documents and things outside of Defendants'

possession, custody or control.

7

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants respond that Defendants Oculus and Luckey will be making available for inspection a single iteration of each version of the Oculus Rift that is in Defendants' possession, custody or control, and that is responsive to this request.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Communications between Plaintiffs and Palmer Luckey and/or Oculus from January 1, 2012 to the present, whether by e-mail, private messaging or forum posts, exchange of media, or file transfer protocol (including by way of example only the Communications referenced in 43, 44, 49, 70, 74, 75, 84, 85, 86, and 89 of the Complaint), and all Documents incorporating or referencing those Communications, including but not limited to e-mail chains forwarding those Communications in whole or in part or commenting on those Communications.

### FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available. Defendants further object to this request as overly broad and unduly burdensome in requesting *all* communications between Plaintiffs and Oculus from January 1, 2012 to present and *all* documents incorporating or referencing those communications. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

8

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications involving John Carmack from January 1, 2012 to the present, whether by e-mail, private messaging or forum posts, exchange of media, or file transfer protocol (including by way of example only the Communications referenced in ¶¶ 43, 44, 49, 84, 85, 86, and 89 of the Complaint), and all Documents incorporating or referencing those Communications, including but not limited to e-mail chains forwarding those Communications in whole or in part or commenting on those Communications.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* communications involving John Carmack from January 1, 2012 to present and *all* documents incorporating or referencing those communications.  Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available.  Defendants objects to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible

9

evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that contain or comment on communications with John Carmack before he became an employee of Oculus that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 3:

Any and all Documents or Communications concerning the Non-Disclosure Agreement referenced in ¶¶ 32-36 of the Complaint, including but not limited to the Non-Disclosure Agreement itself.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object to this request as overly broad and unduly burdensome in requesting *any* and *all* documents and communications concerning the Non-Disclosure Agreement referenced in the Complaint.  Defendants further object to this request to the extent that it seeks documents and things already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including Plaintiffs' own files.  Defendants objects to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if

10

any, in Defendants' possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all Documents referring to negotiations between the Parties for an equity stake in Oculus, as referenced in ¶¶ 73-91 of the Complaint, including but not limited to any and all Documents concerning each offer and counteroffer, Defendants' impressions and evaluations of each offer, and Oculus's negotiation strategy.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object to this request as vague and ambiguous in its use of the terms "equity stake" and "negotiation strategy."  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request relating to negotiations between Plaintiffs and Defendants Oculus and Luckey.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all versions of Source Code, including but not limited to object code, associated with each of Defendants' Products, including but not limited to the Oculus Rift, whether that Source Code is contained in electronic work directories (including, without limitation, the work directories of each of Plaintiffs' Former Employees), shared drives, common directories, or

11

libraries.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* versions of Source Code associated with *each* of Defendants' Products, including to the extent it is seeking source code relating to Defendants' products that are not relevant to this case.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants respond that Defendants Oculus and Luckey will produce source code associated with Defendants Oculus and Luckey's products, pursuant to the provisions of the agreed upon Protective Order.  Pursuant to the Protective Order entered in this action, Defendant Facebook will not be producing non-virtual reality Facebook source code. Defendants are willing to meet and confer on Request for Production No. 5 to determine its relevancy to Defendant Facebook, if any.

12

**REQUEST FOR PRODUCTION NO. 6:**

All Documents relating to or evidencing Communications between Palmer Luckey and/or

Oculus and Facebook, including but not limited to any Communications, term sheets, agreements,

documents in a "data room," or other deal documents generated by Palmer Luckey, Oculus, or

Facebook in reference to the proposed acquisition announced on March 25, 2014 and discussed

in ¶ 101 of the Complaint.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege and work-product protection.  Defendants

further object to this request to the extent it seeks confidential information or trade secrets of

Defendants.  Defendants further object to the use of the phrase "data room" as vague and

ambiguous in that it is an undefined term.  Defendants further object to this request to the extent

that it seeks documents and things not relevant to the subject matter of this litigation, and is not

reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object

to this request to the extent it seeks highly sensitive and confidential documents bearing no

relevance to this dispute, the disclosure of which would be unduly prejudicial to Defendants.

Defendants further object to this request to the extent it seeks documents and things outside of

Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce non-privileged, non-work product documents, if

any, in Defendants' possession, custody, or control that are responsive to this request.

13

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not requested by the prior Requests contained herein, any and all Documents in Plaintiffs' control or possession that originated at ZeniMax or id, or are derived from Documents that originated at ZeniMax or id, including by way of example only the Documents discussed in ¶¶ 43 and 44 of the Complaint.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as vague and ambiguous in its use of the terms "originated" and "derived." Defendants further object to this request to the extent that it seeks documents and things already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including Plaintiffs' own files. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning any representations made by Palmer Luckey or Oculus to any party regarding Defendants' ownership of any intellectual property, including, by way of example, the ownership and/or licensing discussed at Page 5 of the Answer, and further including but not limited to any such representations made by Palmer Luckey and Oculus to Facebook.

14

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents concerning *any* representations made by Oculus or Luckey to *any* party regarding Defendants' ownership of *any* intellectual property.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request concerning representations made by Palmer Luckey or Oculus to any party regarding Defendants' ownership of any intellectual property in Defendants Oculus and Luckey's Products.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents or Communications relating to requests for technology, advice, information or assistance from either Plaintiff or their current or former employees for the development of the Oculus Rift or otherwise.

15

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants. Defendants further object to this request as vague and ambiguous in its use of the term "otherwise." Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents and communications concerning requests for technology, advice, information or assistance from either Plaintiff or their current or former employees for the development of the Oculus Rift *or otherwise*. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control regarding requests for technology, advice, information or assistance from Plaintiffs, Plaintiffs' current employees, or Plaintiffs' former employees (prior to their employment, if any, by Defendants) for the development of the Oculus Rift.

**REQUEST FOR PRODUCTION NO. 10:**

To the extent not requested by the prior Requests contained herein, any and all Communications between either or both Defendants and any of Christian Antkow, John Carmack, Katherine Kang, Matthew Hooper, Gloria Kennickell, Jason D. Kim, Jan Paul Van Waveren,

16

Jonathan E. Wright, or other of Plaintiffs' Former Employees prior to such Person's respective first day of employment with Oculus.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as overly broad and unduly burdensome. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product communications, if any, in Defendants' possession, custody, or control between Defendants and Christian Antkow, John Carmack, Matthew Hooper, Gloria Kennickell, Jason D. Kim, Jan Paul Van Waveren, and Jonathan E. Wright prior to their respective first days of employment with Oculus, that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 11:

To the extent not requested by the prior Requests contained herein, any and all Documents and Communications reflecting or referring to materials that are, or that Plaintiffs have asserted are, Plaintiffs' Confidential Information, Copyrighted Materials, or Trademarked Materials, including Documents and Communications regarding the use or disclosure of such materials in the development or marketing of Defendants' Products.

17

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants incorporate their Preliminary Statement and all of their General Objections.
Defendants further object to this request to the extent that it calls for the production of
documents subject to the attorney-client privilege and work-product protection.  Defendants
further object to this request to the extent that Plaintiffs have failed to identify what
"Confidential Information" or "Copyrighted Materials" of Plaintiffs that Defendants are alleged
to have misappropriated.  Defendants further object to this request to the extent it seeks
documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order
entered in this action, Defendants will produce non-privileged, non-work product documents, if
any, in Defendants' possession, custody, or control that are responsive to this request.

### Requests Concerning Oculus's Structure And Management

**REQUEST FOR PRODUCTION NO. 12:**

Any and all Documents sufficient to identify and reflect Oculus's organizational structure,
including but not limited to company directories, and the identification of Oculus's corporate
and/or business departments, whether formally or informally delineated, Oculus's total number
of employees, and each employee's title, job description, and reporting chain.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants incorporate their Preliminary Statement and all of their General Objections.
Defendants further object to this request as unlimited or otherwise overly broad in time.
Defendants further object to this request to the extent that it seeks documents and things not
relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

18

discovery of admissible evidence.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control sufficient to identify and reflect Oculus's current organizational structure.

## REQUEST FOR PRODUCTION NO. 13:

All corporate Documents of or relating to Oculus, including but not limited to articles of incorporation and all amendments thereto, by-laws, corporate resolutions, minutes of shareholders' meetings, minutes of directors' meetings, slide or presentation decks prepared for directors' meetings, "board packets," binders prepared for directors' meetings, written consents of officers and directors, and any agreements between and among investors, shareholder, directors and/or third parties.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it seeks documents and things that Defendants are not permitted to disclose pursuant to confidentiality obligations to third parties.  Defendants further object to this request as overly broad and unduly burdensome.

19

Subject to and without waiving their objections, Defendants are willing to meet and confer with Plaintiffs to narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all Documents concerning meetings of Oculus's board of directors, executives or management team at which ZeniMax, id, or any of Plaintiffs' past or present employees or consultants were discussed.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants. Defendants further object to this request as vague and ambiguous in its use of the term "consultants." Defendants further object to this request as overly broad and unduly burdensome. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request concerning meetings of Oculus's board of directors, executives or management team at which Plaintiffs' intellectual property claims in the Complaint were discussed.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents that identify those Persons or entities that own or possess, or will own or

20

possess, an ownership or proprietary interest in Oculus or Oculus's Products, including but not limited to the Oculus Rift.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants. Defendants further object to this request to the extent it seeks documents and things that Defendants are not permitted to disclose pursuant to confidentiality obligations to third parties. Defendants further object to this request as overly broad and unduly burdensome to the extent it seeks the identity of each person who owns an Oculus Rift.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control sufficient to identify those Persons or entities who own or possess an ownership or proprietary interest in Oculus.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all Documents referring to negotiations between Defendants and third parties for an equity stake in Oculus or Defendants' Products, as referenced in ¶¶ 73-91 of the Complaint, including but not limited to any and all Documents concerning each offer and counteroffer, Defendants' impressions and evaluations of each offer, and Oculus's negotiation strategy.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

21

Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object to this request as vague and ambiguous in its use of the terms "equity stake" and "negotiation strategy."  Defendants further object to this request to the extent it seeks documents and things that Defendants are not permitted to disclose pursuant to confidentiality obligations to third parties.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All investment memoranda, proposals, or other Documents relating or referring to Oculus's business and/or valuation.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents relating or referring to Oculus's business.  Defendants further object to

22

this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request relating to the valuation of Oculus.

**REQUEST FOR PRODUCTION NO. 18:**

All federal or state tax returns filed by or on behalf of Palmer Luckey or Oculus.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent it seeks confidential information of Defendants.  Defendants further object to this request as overly broad and unduly burdensome. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

**REQUEST FOR PRODUCTION NO. 19:**

All quarterly or annual financial statements of Oculus.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

23

Defendants further object to this request to the extent it seeks confidential information of

Defendants.  Defendants further object to this request to the extent it seeks documents and things

outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce non-privileged, non-work product documents, if

any, in Defendants' possession, custody, or control that are responsive to this request.

### Requests Concerning Defendants' Products

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to identify each and every Product of Defendants, including but not

limited to the Oculus Rift, specifically the dates of conception and reduction of practice for each

Product, and the names and roles of any Oculus Employees involved in the development of each

Product.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent it seeks confidential information or trade

secrets of Defendants.  Defendants further object to this request as overly broad and unduly

burdensome in requesting documents sufficient to identify *any* Oculus Employees involved in

the development of *each* Product.  Defendants further object to this request as vague and

ambiguous in its use of the term "involved."  Defendants further object to this request to the

extent that it seeks documents and things not relevant to the subject matter of this litigation, and

is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further

object to this request to the extent it seeks documents and things outside of Defendants'

24

possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request relating to Defendants Oculus and Luckey's Products.

## REQUEST FOR PRODUCTION NO. 21:

Any and all manuals, instructions and instructional material, design drawings or renderings, and technical Documents or Communications relating to Defendants' Products, including but not limited to the Oculus Rift.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as vague and ambiguous in its use of the term "technical."  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.   Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request relating to

25

Defendants Oculus and Luckey's Products.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all Documents concerning any problems, complaints or issues (e.g., bugs, missing features, missed deadlines, or product failures) with Defendants' Products, including, but not limited to concerns communicated by Plaintiffs, John Carmack, media, developers, customers, or other third parties.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it requires Defendants to produce documents or information that are not in Defendants' possession, custody, or control. Defendants further object to this request as vague and ambiguous in its use of the terms "issues" and "concerning." Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents concerning *any* problems, complaints or issues with Defendants' Products. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control concerning communications with John

26

Carmack prior to his employment with Defendant Oculus that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all Documents and Communications concerning the marketing or publicity for each version of each of Defendants' Products, including but not limited to press releases, product launch announcements, fact sheets, presentations, fundraising materials, sales literature, brochures, catalogs, trade letters, press releases, audio or video files, materials posted on internet websites and message boards, information prepared for electronics or gaming shows and conventions, and other marketing materials.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent it requires Defendants to produce documents or information that are not in Defendants' possession, custody, or control, are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents concerning the publicity for *each* version of *each* of Defendants' Products. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request relating to Defendants Oculus and Luckey's Products.

**REQUEST FOR PRODUCTION NO. 24:**

To the extent not requested by the prior Requests contained herein, any and all Documents and Communications relating to Defendants' involvement with demonstrations, booths, presentations, and panels at electronics or gaming shows or conferences, including any Documents identifying attendees at each electronics or gaming show or conference.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as vague and ambiguous in its use of the term "attendees." Defendants further object to this request as unlimited or otherwise overly broad in time. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request relating to Defendants Oculus and Luckey.

28

## REQUEST FOR PRODUCTION NO. 25:

To the extent not requested by the prior Requests contained herein, any and all Communications regarding joint displays or demonstrations of Defendants' Products, including but not limited to the Oculus Rift, with ZeniMax or id.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request as overly broad and unduly burdensome. Defendants further object to this request as vague and ambiguous in its use of the term "joint displays." Defendants further object to this request to the extent that it seeks documents and things already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including Plaintiffs' own files. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request regarding Defendants Oculus and Luckey's Products.

## REQUEST FOR PRODUCTION NO. 26:

Any and all documents regarding any patent applications filed by any of Oculus's employees or Palmer Luckey.

29

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product published patent applications filed by or assigned to Defendants Oculus or Luckey.

**REQUEST FOR PRODUCTION NO. 27:**

To the extent not requested by the prior Requests contained herein, any and all Communications relating to Defendants' products.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* communications relating to Defendants' products.  Defendants further object to this request to the extent it requires Defendants to produce documents or information that are not in Defendants' possession, custody, or control, are publicly available or are more easily available through other

30

sources, which are more convenient, less burdensome, and less expensive.  Defendants further

object to this request as vague and ambiguous in its use of the term "products."  Defendants

further object to this request to the extent that it seeks documents and things not relevant to the

subject matter of this litigation, and is not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce non-privileged, non-work product documents, if

any, in Defendants' possession, custody, or control sufficient to show how Defendants Oculus

and Luckey's Products operate.

**Requests Concerning Source Code**

**REQUEST FOR PRODUCTION NO. 28:**

Any and all versions of Source Code, including but not limited to source code comments

(*i.e.*, the narratives that programmers write to assist others analyzing code) and object code, for

each of Defendants' Products, including, but not limited to the Oculus Rift.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent it is duplicative of Request for Production

No. 5.  Defendants further object to this request to the extent it seeks confidential information or

trade secrets of Defendants.  Defendants further object to this request as overly broad and unduly

burdensome in requesting *all versions* of Source Code for *each* of Defendants' Products,

including to the extent it is seeking source code relating to Defendants' products that are not

relevant to this case.   Defendants further object to this request to the extent that it seeks

31

documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants respond that Defendants Oculus and Luckey will produce source code associated with Defendants Oculus and Luckey's products, pursuant to the provisions of the agreed upon Protective Order.  Pursuant to the Protective Order entered in this action, Defendant Facebook will not be producing non-virtual reality Facebook source code. Defendants are willing to meet and confer on Request for Production No. 28 to determine its relevancy to Defendant Facebook, if any.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents that reflect current or past revisions or additions to any and all versions of the Source Code for each of Defendants' Products, including but not limited to the Oculus Rift, specifically those Documents that reflect the author of each revision or addition and the date on which each revision or addition was made.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* Documents that reflect any revisions or additions to *all versions* of

32

Source Code for *each* of Defendants' Products, including to the extent it is seeking source code relating to Defendants' products that are not relevant to this case. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants respond that Defendants Oculus and Luckey will produce source code associated with Defendants Oculus and Luckey's products, pursuant to the provisions of the agreed upon Protective Order. Pursuant to the Protective Order entered in this action, Defendant Facebook will not be producing non-virtual reality Facebook source code. Defendants are willing to meet and confer on Request for Production No. 29 to determine its relevancy to Defendant Facebook, if any.

33

**REQUEST FOR PRODUCTION NO. 30:**

Any and all Documents and Communications concerning any similarities or differences between the Parties' Source Code or software products, including, without limitation, any Documents and Communications regarding the testing thereof.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants, including to the extent it is seeking source code relating to Defendants' products that are not relevant to this case. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as vague and ambiguous in its use of the terms "similarities" and "differences" and "testing." Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request regarding Defendants Oculus and Luckey's Products, pursuant to the provisions of the agreed upon Protective Order.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all Documents concerning the destruction or loss of any Source Code or object code for any of Defendants' Products.

34

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as vague and ambiguous in its use of the term "loss." Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence"  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request regarding Defendants Oculus and Luckey's Products.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all Documents regarding the reimplementation or modification by John Carmack or any other Oculus employee of any Source Code provided by Plaintiffs to Defendants at any time.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants

35

further object to this request to the extent it seeks confidential information or trade secrets of

Defendants.  Defendants further object to this request as assuming the fact that Plaintiffs

provided Defendants with any Source Code.  Defendants further object to this request to the

extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce non-privileged, non-work product documents, if

any, in Defendants' possession, custody, or control that are responsive to this request regarding

actions by any Oculus employee while an employee at Oculus, regarding any Source Code

provided by Plaintiffs to Defendants Oculus and Luckey, if any.

### Requests Concerning Former ZeniMax Employees

## REQUEST FOR PRODUCTION NO. 33:

Any and all Communications between Palmer Luckey and/or Oculus and John Carmack

regarding or relating in any way to ZeniMax, id, or the work John Carmack performed for

Plaintiffs at any time.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request as overly broad and unduly burdensome in requesting

*all* Communications between Oculus and/or Luckey and John Carmack relating *in any way* to the

work John Carmack performed for Plaintiffs at *any* time.  Defendants further object to this

request to the extent that it calls for the production of documents subject to the attorney-client

privilege and work-product protection.  Defendants further object to this request to the extent it

seeks documents and things outside of Defendants' possession, custody or control.

36

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:**

Any Documents relating to patents for technology of Oculus, including, without limitation, communications with John Carmack and Documents relating to the White Paper of John Carmack discussed in 30 of the Complaint.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents relating to patents for technology of Oculus.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control regarding Defendants' communications with John Carmack prior to his employment at Oculus, regarding "the White Paper of John Carmack discussed in 30 of the Complaint", or comprising published patent applications filed by or assigned to Defendants Oculus or Luckey that are responsive to this request.

37

**REQUEST FOR PRODUCTION NO. 35:**

All Documents relating to John Carmack's employment with Oculus, including compensation and equity ownership.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as overly broad and unduly burdensome. Defendants further object to this request to the extent it seeks personal information of John Carmack that violates his right to privacy. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control sufficient to identify John Carmack's compensation and equity ownership in Oculus.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to identify each of Plaintiffs' Former Employees and the job responsibilities for each of Plaintiffs' Former Employees with Oculus, including with respect to each of Defendants' Products, including but not limited to the Oculus Rift.

38

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control sufficient to identify Plaintiffs' Former Employees and their job responsibilities.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all Documents and Communications referring to or relating to the departure of, or the recruitment, solicitation, interviewing, consideration for hire, or hiring of Plaintiffs' Former Employees.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product

39

protection.   Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 38:

Any and all Documents and Communications referring to or relating to any employment, confidentiality, non-compete, or non-disclosure agreements between ZeniMax and/or id and Plaintiffs' Former Employees.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.   Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.   Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control.   Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request.

40

**REQUEST FOR PRODUCTION NO. 39:**

Oculus's employee or personnel file for each of Plaintiffs' Former Employees, including any employment, confidentiality, non-compete, or non-disclosure agreements between Oculus and Plaintiffs' Former Employees.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents and things that Defendants are not permitted to disclose pursuant to confidentiality obligations to third parties. Defendants further object to this request to the extent it seeks personal information of Plaintiffs' Former Employees that violates their right to privacy. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product employment, confidentiality, non-compete, or non-disclosure agreements, if any, between Oculus and Plaintiffs' Former Employees.

**REQUEST FOR PRODUCTION NO. 40:**

Any and all Documents and Communications reflecting the steps Oculus has taken, or

41

plans to take, regardless of the degree of certainty, to ensure that Oculus and its employees will not be in violation of the NDA and/or any employment, confidentiality, non-compete, or non-disclosure agreement between ZeniMax and/or id and Plaintiffs' Former Employees.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as assuming the fact that an NDA and/or employment, confidentiality, non-compete, or non-disclosure agreement exists between Plaintiffs and Plaintiffs' Former Employees. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request relating to Defendant Oculus.

**Requests Related To Plaintiffs' Proprietary Materials**

**REQUEST FOR PRODUCTION NO. 41:**

All Documents that identify and describe those Persons or entities that have or have had access to Defendants' Products, including but not limited to suppliers, vendors, visitors to Defendants' facilities and displays or demonstrations at electronics or gaming shows or

42

conventions, technicians, partners, consultants, and customers.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants. Defendants further object to this request as overly broad and unduly burdensome in requesting *all* Documents that identify and describe Persons or entities that have or have had *access* to Defendants' Products. Defendants further object to this request to the extent it seeks documents and things that Defendants are not permitted to disclose pursuant to confidentiality obligations to third parties. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, Defendants are willing to meet and confer with Plaintiffs to narrow the scope of this request.

## REQUEST FOR PRODUCTION NO. 42:

All Documents that constitute, refer to, relate to, or concern in any way any efforts or attempts by Palmer Luckey or Oculus to obtain, use or utilize information, technology or know-how of ZeniMax or id.

43

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 43:**

Any and all Documents concerning any investigation into whether Defendants possess or have used or disclosed materials that are, or that Plaintiffs have asserted are, Plaintiffs' Confidential Information, Copyrighted Materials, or Trademarked Materials.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as vague and ambiguous in its use of the term "investigation." Defendants further object to this request to the extent that Plaintiffs have failed to identify what "Confidential Information" or "Copyrighted Materials" of Plaintiffs that Defendants are alleged to have misappropriated. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

44

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request.

## Requests Related to Financial and Market Info

## REQUEST FOR PRODUCTION NO. 44:

Any and all competitive analyses of ZeniMax, id or the virtual reality market.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as vague and ambiguous in its use of the term "competitive analysis." Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it seeks documents and things already known to Plaintiffs or information that is available to Plaintiffs through other sources, which are more convenient, less burdensome, and less expensive, including Plaintiffs' own files. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody, or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, that are in Defendants' possession, custody, or control and are responsive to this request.

45

## REQUEST FOR PRODUCTION NO. 45:

Documents sufficient to identify each version or iteration of Oculus's agreements or contracts with its past, present, or potential suppliers, contractors, and customers.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as overly broad and unduly burdensome in requesting *each* version or iteration of Oculus's agreements with its past, present or potential suppliers, contractors, and customers. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, Defendants are willing to meet and confer with Plaintiffs to narrow the scope of this request.

## REQUEST FOR PRODUCTION NO. 46:

Any and all Documents and Communications related to Oculus's sale or licensing of, or attempted or potential sale or licensing of, any of Defendants' Products, including but not limited to Documents and Communications related to discussions, terms, proposals, arrangements for

46

compensation, and/or agreements between Oculus and any of Epic, Valve, NVidia,

Hewlett-Packard, or Dell regarding actual or potential sale or licensing of any Oculus product,

and further including any Documents and Communications related to discussions, terms,

proposals, arrangements for compensation, and/or agreements between Oculus and Sony

regarding actual or potential sale or licensing of any Oculus product as reported in the press in

June 2014 (for example, in an article titled "Oculus VR Looking for Help to Build its Headsets"

on Gamespot.com, dated June 26, 2014).

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent it seeks confidential information or trade

secrets of Defendants.  Defendants further object to this request to the extent that it calls for the

production of documents subject to the attorney-client privilege and work-product protection.

Defendants further object to this request as overly broad and unduly burdensome in requesting

*all* documents related to Oculus's sale or licensing of *any* of Defendants' Products.  Defendants

further object to this request to the extent that it seeks documents and things not relevant to the

subject matter of this litigation, and is not reasonably calculated to lead to the discovery of

admissible evidence.   Defendants further object to this request to the extent it seeks documents

and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce non-privileged, non-work product documents, if

any, in Defendants' possession, custody, or control that are responsive to this request regarding

Defendants Oculus and Luckey's Products.

47

## REQUEST FOR PRODUCTION NO. 47:

Any and all Documents concerning business plans, forecasts, financial statements or analyses, or projections concerning Oculus and Defendants' Products, including but not limited to the Oculus Rift.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as overly broad and unduly burdensome in requesting *all* Documents *concerning* business plans, forecasts, financial statements or analyses, or projections *concerning* Oculus and Defendants' Products, including Defendants' products that are not relevant to this case. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request concerning Defendants Oculus and Luckey's Products.

## REQUEST FOR PRODUCTION NO. 48:

Documents sufficient to determine Oculus's total profits and revenue, and profits and revenue derived from each of Defendants' Products, including but not limited to the Oculus Rift, for each fiscal year and quarter from Oculus's inception to the present.

48

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence, including relating to Defendants' products that are not relevant to this case.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request relating to Defendants Oculus and Luckey's Products.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to identify costs incurred by Defendants to develop their Products, including but not limited to the Oculus Rift.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object to this request as vague and ambiguous in its use of the term "develop."

49

Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence, including regarding Defendants' products that are not relevant to this case. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request relating to Defendants Oculus and Luckey's Products.

## REQUEST FOR PRODUCTION NO. 50:

Any and all Documents relating to pricing or pricing plans for Defendants' Products, including but not limited to the Oculus Rift.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as vague and ambiguous in its use of the term "pricing." Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or

50

control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request relating to Defendants Oculus and Luckey's Products.

## REQUEST FOR PRODUCTION NO. 51:

Any and all Documents that relate to the commercial viability of Defendants' Products, including but not limited to the Oculus Rift.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as vague and ambiguous in its use of the term "commercial viability." Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request relating to

51

Defendants Oculus and Luckey's Products.

## Other Requests

## REQUEST FOR PRODUCTION NO. 52:

Any and all Documents or Communications relating to the affirmative defenses alleged by Defendants in this Action.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as overly broad and unduly burdensome in requesting *all* Documents or Communications *relating to* the affirmative defenses alleged by Defendants in this Action. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 53:

Any and all Documents and Communications that you identify, reference, use, or rely upon in responding to Plaintiffs' First Set of Interrogatories to Defendants.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

Defendants incorporate their Preliminary Statement and all of their General Objections.

52

Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-public, non-privileged, non-work product documents cited by Defendants Oculus and Luckey in their written responses to Plaintiff's First Set of Interrogatories to Defendants Oculus and Luckey, if any, in their possession, custody, or control that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 54:

All Documents considered or relied upon by a Person with whom you will call to provide expert testimony in this Action.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object on grounds that this request is premature.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request at the time and to the extent they are required to do so by the Federal Rules of Civil Procedure, the Local

Rules or any relevant order by the Court in this matter.

**REQUEST FOR PRODUCTION NO. 55:**

All reports, opinions, and curriculum vitae of any Person(s) whom you expect to present at trial as an expert witness.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object on grounds that this request is premature.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product curriculum vitaes of any Person(s) whom Defendants expect to present at trial as an expert witness and final reports or opinions rendered for this case by such expert witnesses, if any, in Defendants' possession, custody, or control at the time and to the extent they are required to do so by the Federal Rules of Civil Procedure, the Local Rules or any relevant order by the Court in this matter.

**REQUEST FOR PRODUCTION NO. 56:**

To the extent not requested by the prior Requests contained herein, all Documents Oculus will, or anticipates that it will, rely upon at trial in this Action, without regard to the date of such Documents.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object on grounds that this request is premature. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request at the time and to the extent they are required to do so by the Federal Rules of Civil Procedure, the Local Rules or any relevant order by the Court in this matter.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to identify and reflect Oculus's Document preservation policies and/or practices, including but not limited to its policies and/or practices in relation to preservation of e-mail and electronically stored Documents and Communications.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it seeks confidential information. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible

55

evidence. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in Defendants' possession, custody, or control that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 58:

To the extent not requested by prior Requests in this Action, the contents of all communications sent or received via the messaging feature available on the online forum "Meant to Be Seen" (hosted at http://www.mtbs3d.com/) between Palmer Luckey, or any employee of Oculus, and John Carmack, or any employee or Former Employee of Plaintiffs, including but not limited to:

(i)     The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated April 10, 2012, at approximately 1:56 p.m. local time.

(ii)     The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated April 10, 2012, at approximately 2:55 p.m. local time.

(iii)     The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated April 10, 2012, at approximately 3:23 p.m. local time.

(iv)     The contents of the private message(s) between the user "SDM" and the user "John Carmack," dated April 16, 2012, at approximately 3:08 p.m. local time.

(v)     The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated April 18, 2012, at approximately 7:08 p.m. local time.

(vi)     The contents of the private message(s) between the user "SDM" and the user "John Carmack," dated April 20, 2012, at approximately 10:01 p.m. local time.

56

(vii)    The contents of the private message(s) between the user "SDM" and the user "John Carmack," dated April 29, 2012, at approximately 1:28 p.m. local time.

(viii)    The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated May 1, 2012, at approximately 7:19 p.m. local time.

(ix)    The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated May 1, 2012, at approximately 7:19 p.m. local time.

(x)    The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated May 1, 2012, at approximately 7:46 p.m. local time.

(xi)    The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated May 9, 2012, at approximately 2:53 p.m. local time.

(xii)    The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated May 9, 2012, at approximately 10:02 p.m. local time.

(xiii)    The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated May 10, 2012, at approximately 12:39 p.m. local time.

(xiv)    The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated May 16, 2012, at approximately 2:36 p.m. local time.

(xv)    The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated May 16, 2012, at approximately 3:14 p.m. local time.

(xvi)    The contents of the private message(s) between the user "PalmerTech" and the user ".John Carmack," dated May 16, 2012, at approximately 4:17 p.m. local time.

(xvii)    The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated May 16, 2012, at approximately 4:50 p.m. local time.

(xviii)    The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated May 16, 2012, at approximately 6:39 p.m. local time.

(xix)    The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated May 21, 2012, at approximately 7:08 p.m. local time.

(xx)    The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated May 21, 2012, at approximately 7:39 p.m. local time.

(xxi)    The contents of the private message(s) between the user "PalmerTech" and the user "John Carmack," dated May 23, 2012, at approximately 11:38 p.m. local time.

(xxii) The contents of the private message(s) between the user "Patrick Reddeck" and the user "John Carmack," dated May 31, 2012, at approximately 11:32 p.m. local time.

(xxiii) The contents of the private message(s) between the user "Brian Smith 42" and the user "John Carmack," dated June 8, 2012, at approximately 12:04 p.m. local time.

(xxiv) The contents of the private message(s) between the user "tmek" and the user "John Carmack," dated December 3, 2012, at approximately 3:59 p.m. local time.

(xxv) The contents of the private message(s) between the user "Jan VR" and the user "John Carmack," dated March 11, 2013, at approximately 5:38 p.m. local time.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent it is duplicative of Request for Production No. 65.  Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request concerning messages between Palmer Luckey or any employee of Oculus and John Carmack.

**REQUEST FOR PRODUCTION NO. 59:**

To the extent not requested by prior Requests in this Action, all Documents and Communications concerning, evidencing, or created as a result of the Facebook-Oculus Merger,

58

including but not limited to: (i) the formation agreement for Inception Acquisition Sub I, Inc.; (ii)

the formation agreement for Inception Acquisition Sub II, LLC; (iii) the limited liability

corporation formation agreement for Oculus VR, LLC; (iv) the March 25, 2014 Oculus

Facebook Merger Agreement with all schedules and exhibits; and (v) the April 21, 2014 Oculus

Facebook Amended Merger Agreement with all schedules and exhibits.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege and work-product protection.  Defendants

further object to this request to the extent it seeks confidential information or trade secrets of

Defendants.  Defendants further object to this request to the extent that it seeks documents and

things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead

to the discovery of admissible evidence.  Defendants further object to this request to the extent it

seeks documents and things that are publicly available.  Defendants further object to this request

as overly broad and unduly burdensome in requesting *all* documents and communications

concerning, evidencing, or created as a result of the Facebook-Oculus Merger.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce non-privileged, non-work product documents, if

any, in Defendants' possession, custody, or control that are responsive to this request.

59

## REQUEST FOR PRODUCTION NO. 60:

To the extent not requested by prior Requests in this Action, all Documents and Communications that originated at ZeniMax or id Software, or that are derived from such documents.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as vague and ambiguous in its use of the terms "originated" and "derived." Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents and communications that originated at ZeniMax or id Software, or that are derived from such documents.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request that on their face appear to have originated at ZeniMax or id Software.

60

**REQUEST FOR PRODUCTION NO. 61:**

To the extent not requested by prior Requests in this Action, all Documents or Communications that contain information about Plaintiffs, including but not limited to Documents and Communications that refer in an express or implied manner to ZeniMax or id Software, or contain any logo, symbol, sign, insignia, emblem or other designating mark of ZeniMax or id Software.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents that *contain* information about Plaintiffs. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request and on their face appear to refer to ZeniMax or id Software or their respective designating marks.

**REQUEST FOR PRODUCTION NO. 62:**

To the extent not requested by prior Requests in this Action, all Documents and Communications reflecting or referring to materials that are, or that Plaintiffs have asserted are, Plaintiffs' Confidential Information, Source Code, Copyrighted Materials, or Trademarked

61

Materials, including Documents and Communications regarding the Plaintiffs' gaming engines (e.g., id Tech 4, id Tech 5, id Tech 6), "megatexture" texture mapping techniques, and/or stereoscopic rendering techniques.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent that Plaintiffs have failed to identify what "Confidential Information" or "Copyrighted Materials" of Plaintiffs that Defendants have misappropriated. Defendants further object to this request as vague and ambiguous in its use of the term "gaming engines." Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 63:**

To the extent not requested by prior Requests in this Action, all Documents now in the possession of Defendants that were created, produced, generated or authored by any individual or group of individuals during the term of their employment at Plaintiffs.

62

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request as overly broad and unduly burdensome.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request that on their face appear to have been authored by one or more of Plaintiffs' employees during their employment at Plaintiffs.

**REQUEST FOR PRODUCTION NO. 64:**

To the extent not requested by prior Requests in this Action, all Documents or Communications received by or accessible to Defendants, including through file transfer or file sharing mechanisms such as FileZilla, Sky Drive, OneDrive, or DropBox, that contain or concern Plaintiffs' Confidential Information, Source Code, and/or Copyrighted Materials.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that Plaintiffs have failed to identify Plaintiffs' "Confidential Information" or "Copyrighted Materials."  Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control.  Defendants further object to this request to the extent that it seeks documents and things

63

not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 65:**

To the extent not requested by prior Requests in this Action, all Documents or Communications sent by Plaintiffs to Defendants, whether public or private, including but not limited to messages sent via Facebook, Twitter, and the messaging feature available on the online forum "Meant to Be Seen" (hosted at http://www.mtbs3d.com/).

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available.  Defendant further objects to this request as overly broad and unduly burdensome in requesting *all* Documents or Communications sent by Plaintiffs to Defendants, whether *public or private*. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-public, non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request.

64

## REQUEST FOR PRODUCTION NO. 66:

To the extent not requested by prior Requests in this Action, all Documents or Communications concerning John Carmack between January 1, 2011 and September 1, 2013, whether by e-mail, messaging or forum posts, exchange of media, file transfer protocol or other method of information transfer.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available. Defendants further object to this request as overly broad and unduly burdensome in requesting *all* documents *concerning* John Carmack between January 1, 2011 and September 1, 2013. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-public, non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request.

65

**REQUEST FOR PRODUCTION NO. 67:**

To the extent not requested by prior Requests in this Action, all Documents or Communications involving Plaintiffs Former Employees created prior to February 20, 2014, whether by e-mail, private messaging or forum posts, exchange of media, file transfer protocol, or other method of information transfer.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control or information that is publicly available.  Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it seeks personal information of Plaintiffs' Former Employees that violates their right to privacy.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request relating to Defendants Oculus and Luckey's Products.

66

**REQUEST FOR PRODUCTION NO. 68:**

All Documents or Communications concerning the evaluation of Oculus's Products exchanged by or between Defendants and one or more of the following parties:  (i) Samsung; (ii) Epic Games; (iii) Valve; and/or (iv) Unity.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection.  Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants.  Defendants further object to this request as vague and ambiguous in its use of the term "evaluation."  Defendants further object to this request to the extent it seeks documents and things that Defendants are not permitted to disclose pursuant to confidentiality obligations to third parties.  Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents or Communications concerning partnerships, contracts, or agreements between Oculus and one or more of the following parties:  (i) Samsung; (ii) Epic Games; (iii)

Valve; and/or (iv) Unity, regardless of whether there are other parties to such partnerships,

contracts, or agreements.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it calls for the production of

documents subject to the attorney-client privilege and work-product protection.  Defendants

further object to this request to the extent it seeks confidential information or trade secrets of

Defendants.  Defendants further object to this request to the extent it seeks documents and things

that Defendants are not permitted to disclose pursuant to confidentiality obligations to third

parties.  Defendants further object to this request to the extent that it seeks documents and things

not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce non-privileged, non-work product documents, if

any, in their possession, custody, or control that are responsive to this request concerning

Oculus's products.

## REQUEST FOR PRODUCTION NO. 70:

To the extent not requested by prior Requests in this Action, copies of the DOOM 3:

BFG Edition and/or ZeniMax VR Testbed software or source code provided by Plaintiffs to

Defendants, which should be produced in their native format.

68

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent it seeks documents and things already within Plaintiffs' possession and control. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 71:**

To the extent not requested by prior Requests in this Action, all advertisements or promotional materials used at any time by or on behalf of any person or entity to promote the sale of any version of Defendants' Products to customers or to retailers or resellers, including without limitation each promotional email, Internet advertisement, print advertisement, brochure, video, point of sale material, and similar promotional material.

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent it requires Defendants to produce documents or information that are not in Defendants' possession, custody, or control, are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive. Defendants further object to this request as overly broad and unduly burdensome in requesting *all* advertisements or promotional materials used at *any*

69

time by or on behalf of *any* person or entity to promote the sale of *any* version of Defendants

products.  Defendants further object to this request to the extent that it seeks documents and

things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead

to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce non-privileged, non-work product promotional

materials, if any, in Defendants' possession, custody, or control that are responsive to this

request relating to Defendants Oculus and Luckey's Products.

## REQUEST FOR PRODUCTION NO. 72:

Documents sufficient to identify any websites owned, operated, controlled, or registered

by Defendants, including but not limited to domain name registration and renewal documents.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

Defendants incorporate their Preliminary Statement and all of their General Objections.

Defendants further object to this request to the extent that it seeks documents and things not

relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order

entered in this action, Defendants will produce non-privileged, non-work product documents, if

any, in their possession, custody, or control that are responsive to this request relating to

Defendants Oculus and Luckey.

70

## REQUEST FOR PRODUCTION NO. 73:

All entries that have ever been posted to the "Oculus Rift: Step Into the Game" Kickstarter project (hosted at https://www.kickstarter.com/projects/1523379957/oculus-rift-stepinto-the-game/).

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request as vague and ambiguous in its use of the term "entries." Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it requires Defendants to produce documents or information that are not in Defendants' possession, custody, or control, are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 74:

All entries that have ever been posted to the "blog" section of the Oculus website (hosted at http://www.oculusvr.com/blog/).

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request as vague and ambiguous in its use of the term "entries."

71

Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it requires Defendants to produce documents or information that are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 75:

All entries that have ever been posted to the "news" section of the Oculus website (hosted at http://www.oculusvr.com/news/).

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request as vague and ambiguous in its use of the term "entries." Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it requires Defendants to produce documents or information that are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive.

72

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 76:**

All entries that have ever been posted to the "events" section of the Oculus website (hosted at http://www.oculusvr.com/events/).

**FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request as vague and ambiguous in its use of the term "entries." Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent it requires Defendants to produce documents or information that are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 77:**

To the extent not requested by prior Requests in this Action, Documents sufficient to identify each consumer inquiry or communication sent to Defendants by a customer referring in any way to Oculus's Products or to Plaintiffs.

73

**<u>FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 77:</u>**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request as unlimited or otherwise overly broad in time. Defendants further object to this request as overly broad and unduly burdensome in requesting documents sufficient to identify each consumer inquiry or communication sent to Defendants by a customer referring in any way to Oculus's Products or to Plaintiffs. Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, Defendants are willing to meet and confer with Plaintiffs to narrow the scope of this request.

**<u>REQUEST FOR PRODUCTION NO. 78:</u>**

All documents describing, referring to, or summarizing any consumer studies, focus groups, market studies, or any other comparable analyses, and the results thereof, involving any of Oculus's Products.

**<u>FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 78:</u>**

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it seeks confidential information or trade secrets of Defendants. Defendants further object to this request to the extent it seeks documents and things outside of Defendants' possession, custody or control. Defendants further object to this request

74

to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request.

## REQUEST FOR PRODUCTION NO. 79:

Any and all hardcopy or electronic press files maintained by Defendants, including but not limited to articles, interviews, and videos concerning or regarding Oculus's Products.

## FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

Defendants incorporate their Preliminary Statement and all of their General Objections. Defendants further object to this request to the extent that it calls for the production of documents subject to the attorney-client privilege and work-product protection. Defendants further object to this request to the extent it requires Defendants to produce documents or information that are publicly available or are more easily available through other sources, which are more convenient, less burdensome, and less expensive.  Defendants further object to this request as vague and ambiguous in its use of the term "press files maintained by Defendants." Defendants further object to this request to the extent that it seeks documents and things not relevant to the subject matter of this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, and subject to the Protective Order entered in this action, Defendants will produce non-privileged, non-work product documents, if any, in their possession, custody, or control that are responsive to this request.

Dated:  June 12, 2015

Respectfully submitted,

**FACEBOOK, INC.,**

By Their Attorneys,

*/s/ Michael G. Rhodes*

Richard A. Smith
Texas Bar No. 24027990
rsmith@lynnllp.com
Elizabeth Y. Ryan
Texas Bar No. 24067758
eryan@lynnllp.com
**LYNN TILLOTSON PINKER & COX LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Phone: (214) 981-3800
Fax: (214) 981-3839

Michael G. Rhodes (*pro hac vice*)
rhodesmg@cooley.com
**COOLEY LLP**
101 California Street, 5th Floor
San Francisco, California 94111
T: 415.693.2000
F: 415.693.2222

Heidi Keefe (*pro hac vice*)
hkeefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, California 94304
T: 650.843.5000
F: 650.849.7400

76

## CERTIFICATE OF SERVICE

I, Elizabeth L. Stameshkin, hereby certify that I caused a true and correct copy of the foregoing Defendants Oculus VR, LLC, Palmer Luckey, and Facebook, Inc.'s Further Supplemental Objections and Responses to Zenimax Media Inc. and Id Software LLC's First and Second Sets of Requests for Production and Inspection to be sent by e-mail delivery to counsel for Plaintiffs on June 12, 2015 at phillip.philbin@haynesboone.com, michael.karson@haynesboone.com, and dlpzenimax@skadden.com.


*/s/ Elizabeth L. Stameshkin*
Elizabeth L. Stameshkin

77