IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>   Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT
OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND TESTIMONY FROM OTHER PENDING LITIGATIONS**

Defendants' opposition to ZeniMax's[1] Motion (Dkt. No. 185) does not dispute, and indeed cannot dispute, that:

(i)   the other actions from which ZeniMax seeks documents directly concern the corporate formation of Defendant Oculus and Oculus's use and development of intellectual property — issues that are also at the center of this action;

(ii)   there would be virtually no burden on Defendants in producing the material requested by ZeniMax, including for the reason that the requested material is already gathered in the offices of Defendants' counsel;

(iii)   ZeniMax tailored its requests to be limited to <u>non</u>-privileged material, and to avoid including documents and information provided by anyone other than Defendants; and

(iv)   "the threshold for relevance in discovery matters is extremely low." *United States ex rel. Becker v. Tools & Metals, Inc.*, No. 3:05–cv–627–L, 2011 WL 856928, at *2 (N.D. Tex. Mar. 11, 2011) (Lindsay, J.).

---

[1]   Capitalized terms have the meanings attributed to them in ZeniMax's Motion (Dkt. No. 175).

For those reasons, ZeniMax's motion should be granted. If Defendant Palmer Luckey and other key personnel of Defendant Oculus have made statements in other litigations about the corporate formation of Oculus and Oculus's development of intellectual property, it is reasonable to permit ZeniMax to review those admissions and testimony to determine whether they are consistent with positions taken by Defendants in this action.

The cases cited by Defendants in which complete responses to requests for documents and testimony from other actions were <u>not</u> required (*see* Dkt. No. 185 at 4-5) each involved circumstances not present here:

- In *Capital Ventures Int'l v. J.P. Morgan Mortgage Acquisition Corp.*, Civ. A. No. 12-10085-RWZ, 2014 WL 1431124 (D. Mass. Apr. 14, 2014), a plaintiff sought not only items previously produced in other litigations but also items produced to "any congressional body, regulatory agency, law enforcement agency or person." *Id.* at *2. The court noted that the plaintiff's request called for "massive document productions with <u>tens of millions of documents</u>" which had been "produced by different law firms and vendors in different forms and are housed on different discovery systems." *Id.* (emphasis added). The court further noted that "[g]overnment investigations also may be much broader than the limited subject matter of a lawsuit." *Id.* Accordingly, in view of the defendants' offer "to produce over 50 deposition transcripts containing testimony from 22 custodians and 30(b)(6) witnesses" and "to run agreed-upon search terms over their productions" to government investigators, the court declined to require further production. *Id.* Here, ZeniMax's request is narrower by orders of magnitude, and does not seek any government investigatory material. That notwithstanding, Defendants have offered to produce nothing.

- *Chen v. Ampco System Parking*, No. 08-CV-0422-BEN (JMA), 2009 WL 2496729 (S.D. Cal. Aug. 14, 2009) was a Fair Labor Standards Act ("FLSA") case in which the plaintiff's entitlement to discovery was limited prior to certification. No such limitation is applicable here. *Id.* at *2. Nevertheless, the court required production of certain deposition transcripts from other actions. Here, Defendants insist that they should be permitted to withhold all the prior testimony of their personnel from production.

- In *In re Pabst Licensing GmbH Patent Litig.*, No. CIV. A. 99-MD-1298, 2001 WL 797315 (E.D. La. July 12, 2001), the plaintiff sought information from 18 other actions but had "not explained how the materials generated in these other lawsuits are relevant or reasonably calculated to lead to the discovery of information" in the case at issue. *Id.* at *20. Here, ZeniMax's Motion explained why it was likely that materials from the *Oculu* and *Total Recall* cases would be relevant. The *Pabst* court further noted that "all or most of the requested materials are probably available to [plaintiff] by inspection of the public records." *Id.* Defendants have not made any such showing here, and indeed ZeniMax's Motion expressly states that ZeniMax is not seeking publicly available material.

- In *King County v. Merrill Lynch & Co., Inc.*, No. C10-1156-RSM, 2011 WL 3438491 (W.D. Wash. 2011), a plaintiff asserting claims based on particular types of investments sought "files" that were provided to government investigators — <u>not</u> deposition testimony or documents produced in a civil litigation — in investigations that related to entire classes of investments. The court denied the plaintiff's request to compel production of all those investigative files, but acknowledged that "documents that relate to Defendants' knowledge about problems with [the investments purchased by the plaintiff] are relevant to Plaintiffs' claims." *Id.* at *3. Here,

3

ZeniMax has endeavored to tailor its requests as narrowly as it is able to avoid burdening Defendants or third parties so that it may obtain the material relevant to its claims in this action.

\* \* \*

Accordingly, for the reasons stated herein and in its Motion, ZeniMax respectfully requests that this Court enter an Order, substantially in the form submitted with its Motion (Dkt. No. 175-1), directing Defendants to produce forthwith all documents responsive to Requests No. 80 and 81 in Plaintiffs' Third Set of Requests for Production.

Dated: July 23, 2015

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

Respectfully submitted,

*s/ Phillip B. Philbin*
PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

4

5

## **CERTIFICATE OF SERVICE**

   On July 23, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: July 23, 2015            *s/ Phillip B. Philbin*
                     Phillip B. Philbin