IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO
COMPEL THE PRODUCTION OF DOCUMENTS AND
<u>SUPPLEMENTAL INTERROGATORY RESPONSE</u>**

Defendants' Motion to Compel ("Motion") (Dkt. No. 182) seeks a broad production of financial documents from Plaintiffs ZeniMax Media Inc. ("ZeniMax") and id Software LLC ("id Software"), as well as a broad range of documents related to ZeniMax's acquisition of id Software. The Motion also seeks a further response to Defendants' interrogatory concerning Plaintiffs' requests for relief. But Plaintiffs have met their discovery obligations in those respects for (at least) the following reasons:

- *First*, Plaintiffs have committed to Defendants—including during the parties' conference immediately prior to this Motion—that Plaintiffs would be producing all documents reasonably required for a damages analysis, including Plaintiffs' financial statements and cost center and project reports from 2011 to the present. Plaintiffs have further committed to produce all acquisition documents that concern the intellectual property assets transferred from id Software to ZeniMax. Rather than review Plaintiffs' forthcoming production of financial and acquisition documents in order to narrow any issues requiring this Court's attention, Defendants prematurely filed this Motion.

1

- *Second*, the expansive document requests that Defendants seek to enforce are grossly overbroad and unduly burdensome, and seek documents not remotely relevant to any damages analysis. Plaintiffs should not be not obligated to produce <u>all</u> financial statements and budgets without limitation as to time frame, subject matter or document custodian. Likewise, Plaintiffs should not be obligated to produce <u>all</u> documents related to ZeniMax's acquisition of id Software when only a small fraction of those documents could have any conceivable nexus to this action. Plaintiffs have nevertheless agreed to produce a reasonable subset of documents responsive to those requests, as further discussed below.

- *Third*, Defendants are not entitled to demand a comprehensive expert report on damages calculations through their interrogatories when the Court has specifically ordered a date for disclosure of expert reports. In response to Facebook's Interrogatory No. 20, Plaintiffs have identified the relief they request in this action, including by describing Plaintiff's damages theories, and have further committed to produce further information regarding their calculation of damages in connection with expert disclosures (which are presently due by December 1, 2015). Plaintiffs have met their discovery obligation by doing so.

Defendants' Motion should therefore be denied.

## PERTINENT FACTS

1. On **July 11, 2014**, Defendants served their first set of requests for production. Defendants' Request No. 31 broadly sought "[a]ll documents and things concerning any alleged . . . damages suffered by [Plaintiffs]." (App'x Ex. 1 at 8 (Defendants' First Set of Requests for Production) (emphasis added).) Defendants' Request No. 101, meanwhile, requested "[a]ll documents and things concerning [ZeniMax's] acquisition of id Software." (*Id.* at 9 (emphasis added).)

2. On **August 11, 2014**, Plaintiffs responded to Defendants' first document requests, and objected to Request Nos. 31 and 101. (App'x Ex. 2 at 18, 19 (Plaintiffs' Responses to Defendants' First Set of Requests for Production).) Notwithstanding these objections, Plaintiffs offered to "produce responsive documents sufficient to identify the damages suffered" and "documents sufficient to identify the intellectual property acquired from id Software" in response to Request Nos. 31 and 101, respectively. (*Id.*)

3.      On **March 3, 2015**, Defendants served a second set of requests for production. Defendants' Request Nos. 136, 138, and 139 sought additional broad categories of financial documents from Plaintiffs. (App'x Ex. 3 at 29 (Defendants' Second Set of Requests for Production).) Request Nos. 136 and 138, for example, sought "[a]ll documents concerning any internal and external evaluations . . . [of] ZeniMax" and "[a]ll documents concerning internal/external . . . valuations . . . of Oculus VR," respectively. (*Id.* (emphasis added).) Request No. 139, meanwhile, demanded "[a]ll documents concerning any . . . contributions . . . [to] Oculus VR." (*Id.* (emphasis added).) In addition, Defendants' second requests included Request No. 118, which again sought "[a]ll documents related to ZeniMax's acquisition of id Software." (*Id.* at 28 (emphasis added).)

4.      Also on **March 3, 2015**, Facebook, Inc. ("Facebook") served its first set of interrogatories. Facebook's Interrogatory No. 20 simply asked Plaintiffs to "[d]escribe all of the relief you seek in this action." (App'x Ex. 4 at 39 (Facebook's First Set of Interrogatories).)

5.      On **April 2, 2015**, Plaintiffs responded to Facebook's first set of interrogatories. In response to Facebook's Interrogatory No. 20, Plaintiffs objected that this "[i]nterrogatory [w]as premature, including because . . . the parties have not yet . . . exchanged expert reports." (App'x Ex. 5 at 47 (Plaintiffs' Responses to Facebook's First Set of Interrogatories).) Nonetheless, Plaintiffs described the relief that they sought by identifying thirteen categories of damages, including actual damages, restitution, and unjust enrichment. (*See id.* at 47-48.)

6.      Also on **April 2, 2015**, Plaintiffs responded to Defendants' second set of requests for production. Plaintiffs once again objected to each Request on the grounds that they were not limited by time or document custodian, and thus overly broad and unreasonably burdensome. (App'x Ex. 6 at 57-60 (Plaintiffs' Responses to Defendants' Second Set of Requests for

Production).) Nevertheless, in response to Request Nos. 136, 138 and 139, Plaintiffs committed to "produce responsive documents sufficient to identify the damages suffered." (*Id.* at 58-60.) Plaintiffs also reiterated that they had committed to "produce responsive documents sufficient to identify the intellectual property acquired from id Software" in response to Request No. 118. (*Id.* at 57.)

7. On **April 17, 2015**, Defendants issued a third set of requests for production. Defendants' Request Nos. 160-162 focused on id Software, and sought "[a]ll . . . financial statements, including without limitation income statement[s], balance sheets, statements of cash flows, and any footnotes thereto," "[a]ll documents concerning [Plaintiffs'] income statements and balance sheets (at the lowest account level possible[)]" and "[a]ll documents concerning [Plaintiffs'] budgets and/or projections," respectively. (App'x Ex. 7 at 67 (Defendants' Third Set of Requests for Production) (emphasis added).) Defendants' Request No. 163 and 164 further demanded that Plaintiffs produce additional documents related to acquisition of id Software, including "[a]ll documents concerning [ZeniMax's] purchase price allocation" and "[a]ll [d]ocuments concerning any . . . valuations" related to the acquisition. (*Id.* at 68 (emphasis added).)

8. On **May 18, 2015**, Plaintiffs responded to Defendants' third document requests. Plaintiffs again objected to ZeniMax's Request Nos. 160-162 as overly broad and unduly burdensome, but committed to produce "cost center and project reports for id Software from 2011 to the present." (App'x Ex. 8 at 75-77 (Plaintiffs' Responses to Defendants' Third Set of Requests for Production).)

9. On **May 22, 2015**, Plaintiffs wrote a letter to Defendants responding to their purported complaints about Plaintiffs' discovery responses. Plaintiffs noted that they expected to

4

supplement their response to Interrogatory No. 20 through their expert reports. (App'x Ex. 9 at 85 (letter from P. Anthony Sammi to M. Rhodes).) Plaintiffs further noted that their responses to document requests were entirely reasonable responses to overbroad and unduly burdensome demands that Defendants had declined to narrow. (*Id.* at 83-84.) Plaintiffs further pointed out that documents unrelated to the transfer of intellectual property during ZeniMax's acquisition of id Software were irrelevant to this action. (*Id.* at 84.)

10. On **May 28, 2015**, the parties held a discovery conference to discuss outstanding discovery issues. Without narrowing their requests, Defendants followed that call by asking whether Plaintiffs would amend their responses to Defendants' requests for financial documents (Request Nos. 136, 138 and 139) and documents related to ZeniMax's acquisition of id Software (Request Nos. 101 and 118). (App'x Ex. 10 at 88 (email from M. Caplan to K. Hemr).)

11. On **June 12, 2015**, Plaintiffs responded to Defendants' request for amendment by again stating that the identified requests were overly broad and unduly burdensome, but committing to produce the financial and acquisition documents detailed in their responses. (*See* App'x Ex. 11 at 90-91 (letter from K. Hemr to M. Rhodes and R. Smith).)

12. On **July 17, 2015**, after nearly a month without a response to Plaintiffs' June 12, 2015 letter, Defendants suddenly notified Plaintiffs that they were moving to compel production of all documents responsive to Defendants' Request Nos. 31, 101, 118, 136, 138, 139, and 160-164, as well as a further response to Facebook's Interrogatory No. 20.

## ARGUMENT

I.  **Defendants' Requests For Financial Documents Are Grossly Overbroad, And Plaintiffs Have Committed To Produce All Documents Reasonably Necessary To Any Potential Damages Analysis**
    (*Contra* **Argument §§ A, B (Request Nos. 31, 136, 138, 139, 160-162**))[1]

Defendants' Request No. 31 broadly seeks <u>all</u> documents concerning any harm or damages suffered by Plaintiffs. (App'x Ex. 1 at 8.) Defendants' Request Nos. 136, 138, and 139 further seek <u>all</u> documents concerning Plaintiffs' contributions to Oculus and their valuations of Oculus or ZeniMax. (App'x Ex. 3 at 29.) Defendants' Request Nos. 160-162, meanwhile, seeks <u>all</u> financial statements, budgets, and projections for id Software. (App'x Ex. 7 at 67.) Those requests are plainly overbroad, as they are not limited by date or subject matter, and as formulated "would require Plaintiffs to conduct an unreasonably burdensome search into . . . [the] electronic mail[] of every current and past employee or Plaintiffs."[2] (*See, e.g.*, App'x Ex. 8 at 76.)

Notwithstanding the overbreadth of those requests, Plaintiffs have committed in good faith to produce all "documents sufficient to identify the damages suffered by Plaintiffs" in response to Request Nos. 31, 136, 138 and 139. (App'x Ex. 2 at 18; App'x Ex. 6 at 58-60.) Plaintiffs have also committed to produce cost center and project reports from id Software during the operative time period (2011-present) in response to Request Nos. 160-162. (App'x Ex. 8 at 75-77.) Contrary to Defendants' suggestion, Plaintiffs' responses to those document requests do

---

[1] Defendants' Argument § B, which concerns financial documents, also includes Request No. 163. As this Request concerns ZeniMax's acquisition of id Software, it is discussed in Plaintiffs' response to Argument § C, below.

[2] *See* Fed. R. Civ. P. 26(b)(2)(B) ("A party need not provide discovery of electronically stored information from sources that the party identified as not reasonably accessible because of undue burden.")

not comprise an attempt to "improperly exclude documents that undermine Plaintiffs' damages analysis." (Dkt. No. 182 at 5.) Rather, Plaintiffs intend to produce — and have committed to produce — the financial documents in their possession that are reasonably necessary for Defendants to understand and evaluate Plaintiffs' damages claim, and to formulate their own theories of damage if they choose to do so.

Plaintiffs are currently preparing a production of documents responsive to Requests Nos. 31, 136, 138, 139, 160-162 within the scope of their committed production, and expect to make that production shortly. Defendants' Motion to compel the production of all documents responsive to their Request Nos. 31, 136, 138, 139, 160-162 should be denied.

## II. Defendants' Request For Acquisition Documents Is Overbroad, And Plaintiffs Have Already Committed To Produce All Documents That Defendants Could Reasonably Require
(*Contra* Argument § C (Request Nos. 101, 118, 163, 164))

Defendants' Request Nos. 101 and 118 seek all documents concerning ZeniMax's acquisition of id Software. (App'x Ex. 1 at 9; App'x Ex. 3 at 28.) Defendants' Request Nos. 163 and 164 further seek all of ZeniMax's financial analyses of id Software prior to the acquisition. (App'x Ex. 7 at 68.) These unbounded requests seek documents with no potential relevance to this intellectual property dispute, and thereby seek to impose an undue production burden on Plaintiffs. Plaintiffs have offered to produce those "documents sufficient to identify the intellectual property acquired from id Software" in response to Request Nos. 101 and 118. (App'x Ex. 2 at 19; *see also* App'x Ex. 6 at 57.) That production will be sufficient to satisfy Defendants' purported purpose of learning about id Software's virtual reality research and the transfer of those technologies to ZeniMax. Any broader demand for documents — such Request Nos. 163 and 164's demand for all financial analyses of id Software (*see* App'x Ex. 7 at 68) — bear no plausible nexus to this action. Plaintiffs are at a loss to understand how Defendants'

7

request for <u>all</u> acquisition documents, including any potential financial analyses of id Software made prior to the acquisition, could have any reasonable purpose.

Plaintiffs are currently preparing documents responsive to Requests Nos. 101 and 118 for production within the scope of their committed production, and expect to make that production shortly. Defendants' Motion to compel <u>all</u> documents responsive to Request Nos. 101, 118, 163 and 164 should be denied.

### III. Plaintiffs Have Described Their Requested Relief As Facebook's Interrogatory Demands
(*Contra* Argument § D (Facebook's Interrogatory No. 20))

Facebook's Interrogatory No. 20 simply asked Plaintiffs to "[d]escribe all of the relief you seek in this action." (App'x Ex. 4 at 39.) In response, Plaintiffs have provided Defendants notice of their damages theories, and listed thirteen categories of relief. (App'x Ex. 5 at 47-48.) They have also committed to supplement that response after Plaintiffs serve their expert report on damages. (*Id.*) That is a full and complete response to Defendants' Interrogatory No. 20 as it is stated.

Defendants' Motion complains, however, that Defendants are purportedly "[a]t the very least" also due the theories underlying Plaintiffs' damages claim. (*See* Dkt. No. 182 at 9.) To the extent Defendants demand that Plaintiffs to create a *de facto* expert report in an interrogatory response, and to do so approximately <u>four months</u> before the Court-ordered date for opening expert reports, it is improper. Defendants should not be permitted to circumvent the expert disclosure date ordered by the Court in this manner. Defendants' Motion to compel a further response to Interrogatory No. 20 should therefore be denied.

8

## CONCLUSION

Plaintiffs have committed to produce all financial documents reasonably necessary to the parties' respective damages analyses in this action. Defendants' demand for a far broader production would include vast numbers of irrelevant documents and would be unduly burdensome. Accordingly, Defendants' Motion should be denied.

Dated: August 7, 2015

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
 **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

Respectfully submitted,

*s/ Phillip B. Philbin*
PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

## **CERTIFICATE OF SERVICE**

      On August 7, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: August 7, 2015                            *s/ Phillip B. Philbin*
                                                     Phillip B. Philbin