# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZeniMax MEDIA INC. and id Software LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | NO. 3:14-01849-P |
| | ) | |
| v. | ) | |
| | ) | |
| Oculus VR, INC. and PALMER Luckey, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| | ) | |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFFS (REQUESTS FOR PRODUCTION NOS. 1-110)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, defendants Oculus VR, Inc.

("Oculus VR") and Palmer Luckey ("Luckey") (collectively, "Defendants") hereby request that

plaintiffs ZeniMax Media Inc. ("ZeniMax") and id Software LLC ("id Software") (collectively,

"Plaintiffs") produce the documents and things requested below for inspection and copying

within thirty days at the Office of Bingham McCutchen LLP, Three Embarcadero Center, San

Francisco, CA 94111-4067.

**DEFINITIONS**

1.    The terms "ZeniMax," "Plaintiffs," "you," and "your" shall mean and include

plaintiff ZeniMax Media Inc., and where applicable, its officers, directors, current and former

employees, partners, corporate parent, subsidiaries (including but not limited to id Software

LLC), or affiliates and all those persons acting on its behalf.

2.    The term "id Software" shall mean and include plaintiff id Software LLC, and

where applicable, its officers, directors, current and former employees, partners, corporate parent,

subsidiaries, or affiliates and all those persons acting on its behalf.

3.     The terms "Oculus VR" shall mean and include defendant Oculus VR, Inc., and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all of those persons acting on its behalf.

4.     The term "Luckey" shall mean defendant Palmer Luckey.

5.     The term "Defendants" shall mean "Oculus VR" and "Luckey"

6.     The term "Third Party" shall mean any person other than Plaintiffs and Defendants.

7.     The term "Carmack" shall mean John Carmack.

8.     The term "CES 2013" shall mean the International Consumer Electronics Show held in Las Vegas, Nevada under that name in January 2013.

9.     The term "Complaint" shall mean the Complaint Plaintiffs filed in the above-captioned matter on May 21, 2014.

10.    The term "E3 2012" shall mean the Electronic Entertainment Expo industry convention held in Los Angeles, California under that name in June 2012.

11.    The term "eMagin" shall mean eMagin Corp., and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all of those persons acting on its behalf.

12.    The term "Gamescom 2012" shall mean the video game trade fair held in Cologne, Germany under that name in August 2012.

13.    The terms "HMD" shall mean head-mounted display.

14.    The term "Hillcrest Labs" shall mean Hillcrest Labs, Inc., and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all of those persons acting on its behalf.

2

15.     The term "Intel" shall mean Intel Corporation, and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all of those persons acting on its behalf.

16.     The term "NVIDIA" shall mean NVIDIA Corporation, and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all of those persons acting on its behalf.

17.     The term "Oculus DK1" shall mean the first development kit sold by Oculus VR, including without limitation, all prototypes, successors, and components.

18.     The term "Oculus DK2" shall mean the second development kit sold by Oculus VR, including without limitation, all prototypes, successors, and components.

19.     The term "PaxPrime 2012" shall mean the Penny Arcade Expo held in Seattle, Washington under that name on or about August 31 to September 2, 2012.

20.     The term "QuakeCon 2012" shall mean the computer game convention sponsored by Plaintiffs and held in Dallas, Texas under that name in August 2012.

21.     The term "Rift" shall mean the Oculus Rift HMD, including without limitation, all prototypes, successors, and components, Oculus DK1, and Oculus DK2, whether or not altered or modified.

22.     The term "SDK" shall mean the Oculus software development kit, including without limitation, all versions of the Oculus software development kit, whether or not released to Plaintiffs or any Third Parties.

23.     The term "Sony" shall mean Sony Corporation, and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all of those persons acting on its behalf.

3

24.     The term "Source Code" shall mean computer code and related information, including without limitation, computer source code, object code, coding comments and other documents that describe encoding or decoding algorithms used in computer source code, comments and revision histories associated with computer source code, and formulas, engineering specifications or schematics that define or otherwise describe the algorithms or structure of software or hardware designs.

25.     The term "Unite 2012" shall mean the Unity Technologies Unite developer conference held in Amsterdam, Netherlands under that name in August 2012.

26.     The term "Virtual Realities" shall mean Virtual Realities Ltd., and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all of those persons acting on its behalf.

27.     The term "communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

28.     The term "concerning" shall mean relating to, referring to, describing, evidencing, constituting, or being in any other way relevant to the particular subject matter identified.

29.     The term "document" is defined to be synonymous in meaning and equal is scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

30.     The term "things" shall mean any tangible item, including, without limitation, models, prototypes, and samples of any composition, device, or apparatus.

31.     The terms "person" and "persons" shall mean any natural person or any business, legal, or governmental entity or association.

4

32.     The term "related to" shall be understood to be synonymous with "concerning."

33.     The following rules of construction shall apply to all Requests as necessary to bring within the scope of discovery Request all responses that might otherwise be construed to be outside of its scope:

      a.    The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request, definition, or instruction more inclusive;

      b.    The terms "any" and each" shall be construed to include and encompass "all";

      c.    The term "including" means including but not limited to;

      d.    Use of the word "the" shall not be construed as limiting the scope of any request;

      e.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in context.

### INSTRUCTIONS

A.     Documents shall be produced either as kept in the usual course of business or shall be organized and labeled to correspond with the number of each request to which a produced document is responsive.  If you choose to produce documents as they are as kept in the usual course of business, the documents are to be produced in the boxes, file folders, bindings, and other containers in which the documents are found.  The titles, labels, and other description on the boxes, file folders, bindings, and other containers are to be left intact.

B.     If you claim any form of privilege or discover protection as a ground for not producing or for redacting any document, provide the following information for each document withheld or redacted: (1) the document's preparation date and the date appearing on the document; (2) the name, present and last known home and business addresses, the telephone

5

numbers, the title (and position), and the occupation of those individuals who prepared, produced,

and reproduced, and who were the recipients of said document; (3) the number of pages withheld;

and (4) a description sufficient to identify the document without revealing the information for

which the privilege is claimed, including the general subject matter and character of the

document (e.g., letter, memorandum, notes).

C.      If only a portion of a responsive document is privileged or otherwise protected

against disclosure, you must produce the responsive non-privileged portion of the document in

redacted form, provided that the redacted material is identified and the basis for the claim of

privilege stated as provided in instruction B above.

D.      Each requested document is to be produced in its entirety without deletion and

excision (except as qualified by instructions B and C above), regardless of whether you consider

the entire document to be relevant or responsive to these Requests for Production.

E.      If you have no documents responsive to a particular request in your possession,

custody or control, please so state in your written response to the particular request.

F.      For those produced documents that are not in the English language, please

produce English translations thereof.

G.      Pursuant to Federal Rule of Civil Procedure Rule 26(e), your responses to the

following Requests for Production are to be promptly supplemented to include any subsequently

acquired documents and information.

### REQUESTS FOR PRODUCTION OF DOCUMENTS



6

**REQUEST FOR PRODUCTION NO. 31:**

All documents and things concerning any alleged harm or damages suffered by you from

any of the conduct alleged in the Complaint.



12



**REQUEST FOR PRODUCTION NO. 101:**

All documents and things concerning your acquisition of id Software, including without limitation all communications, meeting notes, projections models, valuations, memoranda, correspondence, agreements, proposals and presentations concerning all id Software "intellectual property and franchise assets" you claim were acquired in paragraph 21 of the Complaint.



24

Dated:  July 11, 2014

Respectfully submitted,

**Oculus VR, INC. and PALMER Luckey,**

By Their Attorneys,


/s/ Joshua M. Dalton

E. Leon Carter
Texas Bar No. 03914300
lcarter@carterscholer.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterscholer.com
**CARTER SCHOLER**
Campbell Centre II
8150 N. Central Expressway, 5th Floor
Dallas, Texas 75206
T: 214.550.8188
F: 214.550.8185

Geoffrey M. Howard (*pro hac vice*)
geoff.howard@bingham.com
John A. Polito (*pro hac vice*)
john.polito@bingham.com
Lucy Wang (*pro hac vice*)
lucy.wang@bingham.com
**BINGHAM MCCUTCHEN LLP**
Three Embarcadero Center
San Francisco, California  94111-4067
T: 415.393.2000
F: 415.393.2286

Joshua M. Dalton (*pro hac vice*)
josh.dalton@bingham.com
**BINGHAM MCCUTCHEN LLP**
One Federal Street
Boston, MA  02110-1726
T: 617.951.8000
F: 617.951.8736

## CERTIFICATE OF SERVICE

I, Joshua M. Dalton, hereby certify that I caused a true and correct copy of the foregoing Defendants' First Set of Requests for Production of Documents and Things to Plaintiffs to be sent by e-mail delivery to counsel for Plaintiffs on July 11, 2014 at phillip.philbin@haynesboone.com, michael.karson@haynesboone.com, and dlpzenimax@skadden.com.

/s/ Joshua M. Dalton
Joshua M. Dalton

27

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | § § § | |
| Plaintiffs, | § § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | § § | |
| OCULUS VR, INC. and PALMER LUCKEY, | § § § | |
| Defendants. | § § | |

**ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS TO PLAINTIFFS**

Pursuant to the Federal Rules of Civil Procedure, ZeniMax Media Inc. ("ZeniMax") and

id Software LLC ("id Software") (collectively, "Plaintiffs") hereby serve these Responses and

Objections to Defendants' First Set of Requests for Production of Documents and Things to

Plaintiffs.

**GENERAL RESPONSES AND OBJECTIONS**

Plaintiffs assert the following General Objections. Each individual response to a request

is subject to, and limited in accordance with, the following General Objections, which are

incorporated as if fully set forth therein. The following General Objections are not waived, or in

any way limited by, the Specific Responses and Objections. Although Specific Objections are

also interposed in response to individual requests, Plaintiffs' failure to repeat any part of its

General Objections shall not be construed as a waiver of its objections.

1.    The responses set forth below are for the purposes of discovery only, and

Plaintiffs expressly reserve any and all objections they may have to the relevance, competence,

materiality, admissibility, or use at deposition, hearing or trial of any information stated,

produced, identified, or referred to herein. Plaintiffs also expressly reserve their right to rely upon additional documents or information not included in the Specific Responses at any later time including at deposition, hearing or trial.

2.      An objection to a specific request or a willingness to provide a response does not imply, and should not be construed as an acknowledgement, that any such records actually are available or exist.

3.      Plaintiffs object to the requests, definitions, and instructions to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for District Judge Jorge A. Solis, or any other applicable law or rule.

4.      Plaintiffs object to the requests, definitions, and instructions to the extent that they are vague, ambiguous, non-specific, or confusing and thus not susceptible to a reasoned interpretation or response.

5.      Plaintiffs object to the requests, definitions, and instructions to the extent that they seek information that is not relevant to the claims or defenses of either party, and thus not reasonably calculated to lead to the discovery of admissible evidence.

6.      Plaintiffs object to the requests, definitions, and instructions to the extent that they are duplicative, cumulative, and/or seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

7.      Plaintiffs object to the requests, definitions, and instructions to the extent they are overly broad, overly expansive, oppressive, and/or unduly burdensome and would impose upon Plaintiffs an unreasonable burden of inquiry, or to the extent they seek information not within

Plaintiffs' possession, custody or control. Plaintiffs also object to the requests, definitions, and instructions as unduly burdensome to the extent that the information requested is within the knowledge of Defendants, can be determined by referring to documents within the possession, custody or control of Defendants, is within the public domain, or is otherwise more readily or equally available to Defendants and thus more conveniently obtained by Defendants.

8.      Plaintiffs object to the requests, definitions, and instructions to the extent they seek confidential and proprietary information, including but not limited to trade secrets, source code, and competitively sensitive business information, particularly where the marginal benefits of producing such information are outweighed by the burden of producing such highly sensitive materials. Plaintiffs further object to the requests to the extent they seek confidential and proprietary information absent an agreed-upon Protective Order.

9.      Plaintiffs object to the definition of "ZeniMax," "Plaintiffs," "you," and "your" in definition No. 1 and "id Software" in definition No. 2 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence. For purposes of answering these requests, Plaintiffs use the term "ZeniMax" to mean ZeniMax Media Inc., "id Software" to mean id Software LLC, and "Plaintiffs" to mean both ZeniMax Media Inc. and id Software LLC, only.

10.      Plaintiffs object to the requests, definitions, and instructions to the extent they call for production of documents dated prior to January 1, 2011. Such requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation. Unless otherwise noted, Plaintiffs will produce responsive documents dated on or after January 1, 2011.

3

11.     Plaintiffs object to the instructions purporting to describe the manner in which Plaintiffs are to produce documents and things. Plaintiffs will produce documents, including electronically stored information, subject to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for District Judge Jorge A. Solis, the Parties' Joint Conference Report, and any joint discovery agreements that may be executed between the Parties.

12.     Plaintiffs object to the requests, definitions, and instructions to the extent that they call for the production of information or documents subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure. Plaintiffs further object to instructions B and C purporting to describe the manner in which Plaintiffs are to identify documents for which privilege and immunity is claimed. Plaintiffs will describe privileged documents in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for District Judge Jorge A. Solis, and any joint discovery agreements between the Parties. Nothing contained in these responses is intended to be nor should be considered as a waiver of any attorney-client privilege, attorney work-product protection, or any other applicable evidentiary privilege or immunity. Moreover, the inadvertent production of any response or document subject to such privileges or immunities is not intended to relinquish any privilege or immunity and shall not be deemed to constitute a waiver of any applicable privilege or immunity.

13.     Plaintiffs object to Defendants' demand to produce documents and things within thirty (30) days of service of these requests. Such a demand is unreasonable given the volume and scope of Defendants' requests for which Plaintiffs must identify, collect, review, and produce

4

responsive documents.  Plaintiffs will timely produce, on a rolling basis, responsive, relevant, and non-privileged documents and things to the extent that they exist and can be identified after a reasonable, good faith search.  Plaintiffs will produce documents and things in a manner that complies with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, and the Requirements for District Judge Jorge A. Solis.

14.    The responses set forth below are based upon Plaintiffs' interpretation of the language used in the requests, definitions, and instructions.  Plaintiffs reserve their right to amend or to supplement their responses to the requests in the event Defendants assert, or the Court adopts, an interpretation that differs from Plaintiffs' interpretation.

15.    The responses and objections herein are based on Plaintiffs' present knowledge, information and belief.  Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiffs reserve the right to amend, revise, correct or clarify any of the responses and/or objections herein, and indeed Plaintiffs expect to amend and revise these responses as discovery proceeds in this action.

Each of the foregoing General Responses and Objections are incorporated by reference into each and every specific response set forth below. Subject to the General Responses and Objections, and without waiver, modification or limitation thereof, Plaintiffs' Specific Responses and Objections to the request are set forth below.



**REQUEST FOR PRODUCTION NO. 31:**

All documents and things concerning any alleged harm or damages suffered by you from any of the conduct alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.

Plaintiffs object to this request on the ground that it seeks the production of documents protected

by attorney-client privilege, the work product doctrine, third-party privilege or other applicable

privilege or immunity.  Plaintiffs also object to this request on the ground that it is premature.

Fact discovery has just begun and expert discovery has yet to begin.  More importantly, the

Parties have not yet designated experts.  Plaintiffs further object to this request on the ground

that it calls for the production of confidential and/or trade secret information.  Plaintiffs will

produce confidential and/or trade secret information once a Protective Order is in place.

Subject to a Protective Order entered in the case, Plaintiffs will produce responsive

documents sufficient to identify the damages suffered by Plaintiffs to the extent such documents

exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

34



## REQUEST FOR PRODUCTION NO. 101:

All documents and things concerning your acquisition of id Software, including without limitation all communications, meeting notes, projections models, valuations, memoranda, correspondence, agreements, proposals and presentations concerning all id Software "intellectual property and franchise assets" you claim were acquired in paragraph 21 of the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs also object to this request on the ground that it seeks legal conclusions. Plaintiffs further object to this request on the ground that it calls for the production of confidential and/or trade secret information. Plaintiffs will produce confidential and/or trade secret information once a Protective Order is in place.

Subject to and without waiver of General and Specific Objections, and subject to any third-party confidentiality agreements and a Protective Order entered in the case, Plaintiffs will produce documents sufficient to identify the intellectual property acquired from id Software as referenced in paragraph 21 of the Complaint, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.



Dated: August 11, 2014

Respectfully submitted,

_____

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
   **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

100

## CERTIFICATE OF SERVICE

I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *ZeniMax Media Inc. and id Software LLC's Responses and Objections to Defendants' First Set of Requests for Production of Documents and Things to Plaintiffs* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and oculus-zenimax@bingham.com.

Dated: August 11, 2014

James Y. Pak

101

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC,<br><br>                              Plaintiffs,<br><br>            v.<br><br>OCULUS VR, LLC,  PALMER LUCKEY, and<br>FACEBOOK, INC.,<br><br>                              Defendants. | CIVIL ACTION<br>NO. 3:14-01849-P<br><br><br>JURY TRIAL DEMANDED |

### DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS (REQUESTS FOR PRODUCTION NOS. 111-159)

Pursuant to Federal Rules of Civil Procedure 26 and 34, defendants Oculus VR, LLC, Palmer Luckey and Facebook, Inc. hereby request that plaintiffs ZeniMax Media Inc. and id Software LLC produce the documents and things requested below for inspection and copying within thirty days at Cooley LLP, 101 California Street, 5th Floor, San Francisco, CA 94111-5800.

### DEFINITIONS

1.      The term "ZeniMax" shall mean and include plaintiff ZeniMax Media Inc., and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries (including but not limited to id Software LLC), or affiliates and all those persons acting on its behalf.

2.      The term "id Software" shall mean and include plaintiff id Software LLC, and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all those persons acting on its behalf.

3.      The term "Plaintiffs" shall mean "ZeniMax" and "id Software."

4.    The terms "you" and "your" shall refer to Plaintiffs.

5.    The term "Oculus VR" shall mean and include defendant Oculus VR, LLC, its corporate predecessor Oculus VR, Inc., and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all of those persons acting on its behalf.

6.    The term "Facebook" shall mean defendant Facebook, Inc.

7.    The term "Luckey" shall mean defendant Palmer Luckey.

8.    The term "Defendants" shall mean "Oculus VR," "Facebook," and "Luckey."

9.    The term "Carmack" shall mean John Carmack.

10.    The term "Complaint" shall mean the Amended Complaint Plaintiffs filed in the above-captioned matter on August 28, 2014.

11.    The term "Rift" shall mean the Oculus Rift head-mounted display, including without limitation, all prototypes, successors, and components, Oculus DK1, and Oculus DK2, whether or not altered or modified.

12.    The term "Source Code" shall mean computer code and related information, including without limitation, computer source code, object code, coding comments and other documents that describe encoding or decoding algorithms used in computer source code, comments and revision histories associated with computer source code, and formulas, engineering specifications or schematics that define or otherwise describe the algorithms or structure of software or hardware designs.

13.    The term "communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2

14.     The term "concerning" shall mean relating to, referring to, describing, evidencing, constituting, or being in any other way relevant to the particular subject matter identified.

15.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

16.     The term "things" shall mean any tangible item, including, without limitation, models, prototypes, and samples of any composition, device, or apparatus.

17.     The terms "person" and "persons" shall mean any natural person or any business, legal, or governmental entity or association.

18.     The term "related to" shall be understood to be synonymous with "concerning."

19.     The following rules of construction shall apply to all Requests as necessary to bring within the scope of discovery all responses that might otherwise be construed to be outside of its scope:

   a.     The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request, definition, or instruction more inclusive;

   b.     The terms "any" and each" shall be construed to include and encompass "all";

   c.     The term "including" means including but not limited to;

   d.     Use of the word "the" shall not be construed as limiting the scope of any request;

   e.     The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in context.

3

## INSTRUCTIONS

A.      Documents shall be produced either as kept in the usual course of business or shall be organized and labeled to correspond with the number of each request to which a produced document is responsive.  If you choose to produce documents as they are as kept in the usual course of business, the documents are to be produced in the boxes, file folders, bindings, and other containers in which the documents are found.  The titles, labels, and other description on the boxes, file folders, bindings, and other containers are to be left intact.

B.      If you claim any form of privilege or discovery protection as a ground for not producing or for redacting any document, provide the following information for each document withheld or redacted: (1) the document's preparation date and the date appearing on the document; (2) the name, present and last known home and business addresses, the telephone numbers, the title (and position), and the occupation of those individuals who prepared, produced, and reproduced, and who were the recipients of said document; (3) the number of pages withheld; and (4) a description sufficient to identify the document without revealing the information for which the privilege is claimed, including the general subject matter and character of the document (e.g., letter, memorandum, notes).

C.      If only a portion of a responsive document is privileged or otherwise protected against disclosure, you must produce the responsive non-privileged portion of the document in redacted form, provided that the redacted material is identified and the basis for the claim of privilege stated as provided in instruction B above.

D.      Each requested document is to be produced in its entirety without deletion and excision (except as qualified by instructions B and C above), regardless of whether you consider the entire document to be relevant or responsive to these Requests for Production.

4

E.      If you have no documents responsive to a particular request in your possession, custody or control, please so state in your written response to the particular request.

F.      For those produced documents that are not in the English language, please produce English translations thereof.

G.      Pursuant to Federal Rule of Civil Procedure Rule 26(e), your responses to the following Requests for Production are to be promptly supplemented to include any subsequently acquired documents and information.

## REQUESTS FOR PRODUCTION OF DOCUMENTS



5



**REQUEST FOR PRODUCTION NO. 118:**

All documents related to ZeniMax's acquisition of id Software, including without limitation the purchase agreement (or similar document) and any due diligence documents or memoranda.



6

**REQUEST FOR PRODUCTION NO. 136:**

All documents concerning any internal and external valuations, goodwill impairment analyses and/or intangible asset valuation analyses for ZeniMax and all other reporting units that utilize virtual reality technology, if any.



**REQUEST FOR PRODUCTION NO. 138:**

All documents concerning internal/external calculations, valuations, or analyses of Oculus VR that were performed by or on behalf of you and any of your related or affiliated entities.

**REQUEST FOR PRODUCTION NO. 139:**

All documents concerning any calculations and support of value of any contributions allegedly made by you for the benefit of Oculus VR.



9

Dated:  March 3, 2015

Respectfully submitted,

**OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.,**

By Their Attorneys,

E. Leon Carter
Texas Bar No. 03914300
lcarter@carterscholer.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterscholer.com
**CARTER SCHOLER**
Campbell Centre II
8150 N. Central Expressway, 5th Floor
Dallas, Texas 75206
T: 214.550.8188
F: 214.550.8185

Michael G. Rhodes (*pro hac vice*)
rhodesmg@cooley.com
**COOLEY LLP**
101 California Street, 5th Floor
San Francisco, California 94111
T: 415.693.2000
F: 415.693.2222

Heidi Keefe (*pro hac vice*)
hkeefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, California 94304
T: 650.843.5000
F: 650.849.7400

Stephen R. Smith (*pro hac vice*)
Stephen.smith@cooley.com
**COOLEY LLP**
1299 Pennsylvania Ave, NW, Suite 700
Washington, DC 20004
T: 202.842.2400
F: 202.842.7899

John A. Polito (*pro hac vice*)
john.polito@bingham.com
Lucy Wang (*pro hac vice*)
lucy.wang@bingham.com
**MORGAN, LEWIS & BOCKIUS LLP**
Three Embarcadero Center
San Francisco, California  94111-4067
T: 415.393.2000
F: 415.393.2286

Joshua M. Dalton (*pro hac vice*)
josh.dalton@bingham.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110-1726
T: 617.951.8000
F: 617.951.8736

14

## CERTIFICATE OF SERVICE

I, Matthew D. Caplan, hereby certify that I caused a true and correct copy of the foregoing Defendants' Second Set of Requests for Production of Documents and Things to Plaintiffs to be sent by e-mail delivery to counsel for Plaintiffs on March 3, 2015 at phillip.philbin@haynesboone.com, michael.karson@haynesboone.com, and dlpzenimax@skadden.com.



114214109

15

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | NO. 3:14-01849-P |
| v. | ) | |
| | ) | |
| OCULUS VR, LLC, PALMER LUCKEY, and | ) | |
| FACEBOOK, INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS
(INTERROGATORIES NOS. 1-21)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, defendant Facebook, Inc. hereby

requests that plaintiffs ZeniMax Media Inc. and id Software LLC respond to the following

Interrogatories, separately and fully, under oath and in writing within thirty days after service of

these Interrogatories.

**DEFINITIONS AND INSTRUCTIONS**

1.      The term "ZeniMax" shall mean and include plaintiff ZeniMax Media Inc., and

where applicable, its officers, directors, current and former employees, partners, corporate parent,

subsidiaries (including but not limited to id Software LLC), or affiliates and all those persons

acting on its behalf.

2.      The term "id Software" shall mean and include plaintiff id Software LLC, and

where applicable, its officers, directors, current and former employees, partners, corporate parent,

subsidiaries, or affiliates and all those persons acting on its behalf.

3.      The term "Plaintiffs" shall mean "ZeniMax" and "id Software."

4.      The terms "you" and "your" shall refer to Plaintiffs.

5.      The term "Oculus VR" shall mean and include defendant Oculus VR, LLC, its corporate predecessor Oculus VR, Inc., and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all of those persons acting on its behalf.

6.      The term "Facebook" shall mean defendant Facebook, Inc.

7.      The term "Luckey" shall mean defendant Palmer Luckey.

8.      The term "Defendants" shall mean "Oculus VR," "Facebook" and "Luckey."

9.      The term "Complaint" shall mean the Amended Complaint Plaintiffs filed in the above-captioned matter on August 28, 2014.

10.     The term "concerning" shall mean relating to, referring to, describing, evidencing, constituting, or being in any other way relevant to the particular subject matter identified.

11.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

12.     The terms "person" and "persons" shall mean any natural person or any business, legal, or governmental entity or association.

13.     The term "related to" shall be understood to be synonymous with "concerning."

14.     The following rules of construction shall apply to all interrogatories as necessary to bring within the scope of discovery interrogatories all responses that might otherwise be construed to be outside of its scope:

2

a.  The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request, definition, or instruction more inclusive;

b.  The terms "any" and each" shall be construed to include and encompass "all";

c.  The term "including" means including but not limited to;

d.  Use of the word "the" shall not be construed as limiting the scope of any request;

e.  The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in context.

15.  The words "identify", "identifying", "identity" or "identification" shall mean and include:

a.  When used in reference to a document:

i.  to describe the date it was prepared or created, the identity of its author or originator, the type of document (e.g., letter, telegram, chart, photograph, sound recording, etc.), the identity of its recipient or addressee, its present location, the identity of its present custodian(s), and the Bates stamp number or other reference number, if such document has been produced in response to Defendants' First Request For Production of Documents and Things or in response to any subsequent Requests For Production of Documents and Things by Defendants, or in lieu of providing the requested information about the identity of the document, to

3

the extent that the document itself contains the requested

information, you may attach the document to your answers; and

ii. if the document has been destroyed or is otherwise no longer in

existence or cannot be found, the reason why such document no

longer exists, the identity of the person(s) responsible for the

destruction or loss of the document, and the identity of its last

known custodian(s).

b. When used in reference to a natural person:

i. state such person's name;

ii. state such person's present residential address and telephone

number (or if not known or ascertainable, the last known address

indicating that it is the last known address);

iii. state such person's present place of business and present business

address and telephone number (or if not known or ascertainable,

the last known place of business and business address indicating

that it is the last known place of business and business address);

and

iv. state such person's job title and employer (or if not known or

ascertainable, the last known employer indicating that it is the last

known employer).

c. When used with reference to any person other than a natural person:

i. state its full name;

4

    ii.  state the address and telephone number of its principal place of business;

    iii.  state the jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation;

    iv.  identify all individuals who acted and/or who authorized another to act on its behalf in connection with the matters referred to;

    v.  in the case of a corporation, identify its directors and principal officers; and

    vi.  in the case of an entity other than a corporation, identify its partners, principals and all individuals who acted or who authorized another to act on its behalf in connection with the matters referred to.

  d.  When used with reference to a communication:

    i.  state whether the communication was written or oral;

    ii.  state the date of the communication;

    iii.  identify the parties to the communication;

    iv.  describe in as much detail as possible the substance of the communication; and

    v.  identify all documents which refer to, evidence, describe or constitute the communication.

16.    All interrogatories must be answered fully, completely and in writing, and signed by someone with authority to make binding judicial admissions on behalf of Plaintiffs.  In the event that any interrogatory cannot be answered fully after the exercise of reasonable diligence,

5

you shall furnish as complete an answer as you can, and shall explain in detail the reasons why you cannot give a full answer, including a statement as to what is needed in order that you may be in a position to answer the interrogatory fully.

17.    These interrogatories shall be deemed continuing so as to require prompt, further supplementation (without further request by Defendants or their attorneys) if you obtain additional information responsive to the request at any time prior to trial herein.

18.    If you withhold any information covered by these interrogatories under a claim of privilege (including attorney work-product), furnish a list specifying (a) the nature of the privilege claimed, and, if the privilege is being asserted in connection with state law, the state's privilege rule being invoked; (b) the identity of the person making the communication; (c) the identity of each person present while the communication was made; (d) the date and place of the communication; (e) the subject matter of the communication; and (f) the interrogatory to which the withheld information is responsive.

## INTERROGATORIES



6



**INTERROGATORY NO. 20:**

Describe all of the relief you seek in this action.

/ / /

/ / /

9

Dated: March 3, 2015

Respectfully submitted,

**FACEBOOK, INC.,**

By Its Attorneys,

E. Leon Carter
Texas Bar No. 03914300
lcarter@carterscholer.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterscholer.com
**CARTER SCHOLER**
Campbell Centre II
8150 N. Central Expressway, 5th Floor
Dallas, Texas 75206
T: 214.550.8188
F: 214.550.8185

Michael G. Rhodes (*pro hac vice*)
rhodesmg@cooley.com
**COOLEY LLP**
101 California Street, 5th Floor
San Francisco, California 94111
T: 415.693.2000
F: 415.693.2222

Heidi Keefe (*pro hac vice*)
hkeefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, California 94304
T: 650.843.5000
F: 650.849.7400

Stephen R. Smith (*pro hac vice*)
Stephen.smith@cooley.com
**COOLEY LLP**
1299 Pennsylvania Ave, NW, Suite 700
Washington, DC 20004
T: 202.842.2400
F: 202.842.7899

John A. Polito (*pro hac vice*)
john.polito@bingham.com
Lucy Wang (*pro hac vice*)
lucy.wang@bingham.com
**MORGAN, LEWIS & BOCKIUS LLP**
Three Embarcadero Center
San Francisco, California  94111-4067
T: 415.393.2000
F: 415.393.2286

Joshua M. Dalton (*pro hac vice*)
josh.dalton@bingham.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110-1726
T: 617.951.8000
F: 617.951.8736

10

## CERTIFICATE OF SERVICE

I, Matthew D. Caplan, hereby certify that I caused a true and correct copy of the

foregoing Facebook, Inc.'s First Set of Interrogatories to Plaintiffs to be sent by e-mail delivery

to counsel for Plaintiffs on March 3, 2015 at phillip.philbin@haynesboone.com,

michael.karson@haynesboone.com, and dlpzenimax@skadden.com.



114214055

11

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ZENIMAX MEDIA INC. and
ID SOFTWARE LLC,                         §
                                         §
                                         §
              Plaintiffs,                §
                                         §     **CIVIL CASE NO. 3:14-cv-01849-P**
     v.                                  §
                                         §
OCULUS VR, LLC                           §
PALMER LUCKEY,                           §
and FACEBOOK, INC.                       §
                                         §
              Defendants.                §



## ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S RESPONSES AND OBJECTIONS TO FACEBOOK INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

Pursuant to the Federal Rules of Civil Procedure, ZeniMax Media Inc. ("ZeniMax") and id Software LLC ("id Software") (collectively, "Plaintiffs") hereby serve these Responses and Objections to Facebook Inc.'s ("Facebook") (together with Oculus VR, LLC ("Oculus") and Palmer Luckey, "Defendants") First Set of Interrogatories to Plaintiffs.

## GENERAL RESPONSES AND OBJECTIONS

Plaintiffs assert the following General Objections. Each individual Response to the Interrogatories is subject to, and limited in accordance with, the following General Objections, which are incorporated as if fully set forth therein. The following General Objections are not waived, or in any way limited by, the Specific Responses and Objections. Although Specific Objections are also interposed in response to individual Interrogatories, Plaintiffs' failure to repeat any part of their General Objections shall not be construed as a waiver of those objections.

1.     The Responses set forth below are for the purposes of discovery only, and Plaintiffs expressly reserve any and all objections they may have to the relevance, competence, materiality, admissibility or use at deposition, hearing or trial of any information stated, produced, identified or referred to herein. Plaintiffs also expressly reserve their right to rely, at any later time including at deposition, hearing or trial, upon additional documents or information not included in the Specific Responses.

2.     An objection to a specific Interrogatory or a willingness to provide a Response does not imply, and should not be construed as an acknowledgement, that complete answers to that Interrogatory are available or exist.

1

3.     Plaintiffs object to the Interrogatories, and the Definitions and Instructions, to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis or any other applicable law or rule.

4.     Plaintiffs object to the Interrogatories as premature, including because Defendants have delayed fact discovery by refusing to timely produce relevant documents, and because the parties have not yet designated experts or exchanged expert reports.  Moreover, Plaintiffs object to any contention Interrogatories as premature to the extent they seek responses prior to the close of discovery. *See* Fed. R. Civ. P. 33(a).

5.     Plaintiffs object to the Interrogatories, and the Definitions and Instructions, to the extent that they are vague, ambiguous, non-specific or confusing, and thus not susceptible to a reasoned interpretation or response.

6.     Plaintiffs object to the Interrogatories, and the Definitions and Instructions, to the extent that they seek information that is not relevant to the claims or defenses of either party, and thus not reasonably calculated to lead to the discovery of admissible evidence.

7.     Plaintiffs object to the Interrogatories, and the Definitions and Instructions, to the extent that they are duplicative, cumulative, and/or seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome and/or less expensive.

8.     Plaintiffs object to the Interrogatories as overbroad and unduly burdensome because Defendants, and not Plaintiffs, employ the majority of persons with knowledge of topics referenced in the Interrogatories, are in possession of the majority of documents relevant to the Interrogatories, and are in the best position to know the answers to the Interrogatories.

9.     Plaintiffs object to Interrogatories, and the Definitions and Instructions, to the extent they are overly broad, overly expansive, oppressive and/or unduly burdensome and would impose upon Plaintiffs an unreasonable burden of inquiry, or to the extent they seek information not within Plaintiffs' possession, custody or control.  Plaintiffs also object to the Interrogatories, and the Definitions and Instructions, as unduly burdensome to the extent that the information requested is within the knowledge of Defendants, can be determined by referring to documents within the possession, custody or control of Defendants, is within the public domain or is otherwise more readily or equally available to Defendants and thus more conveniently obtained by Defendants.

10.     Plaintiffs object to the Interrogatories, and the Definitions and Instructions, as unduly burdensome to the extent they seek information that can be found in Plaintiffs' Complaint, document productions, expert reports, and Court filings.  Plaintiffs' further object to those Interrogatories asking them to "state all facts" as improper contention interrogatories. *See Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *16 (N.D. Ind. May 13, 2009) ("Gregg's interrogatory encompasses virtually every factual basis for all of the Defendants' contentions. To respond would be an unduly burdensome task ... ") (citation

2

omitted); *see also Alexander v. Hartford Life & Accident Ins. Co.,* No. 3-07-CV-1486-M, 2008 U.S. Dist. LEXIS 27210, at *10-13 (N.D. Tex. Apr. 3, 2008) (rev'd on other grounds) (only requiring a party to "generally explain" its factual bases in response to a contention interrogatory). Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. For this reason, Plaintiffs note that all citations provided in these Responses are provided by way of example only, and should not be construed as limiting in any manner. Plaintiffs explicitly reserve the right to rely on additional documents not cited in these Responses during the course of this litigation.

11.    The Responses set forth below are based upon Plaintiffs' interpretation of the language used in the Interrogatories and in the Definitions and Instructions. Plaintiffs reserve their right to amend or to supplement their Responses to the Interrogatories in the event Facebook or Defendants assert, or the Court adopts, an interpretation that differs from Plaintiffs' interpretation.

12.    Plaintiffs object to Facebook's definition of "ZeniMax," id Software," "Plaintiffs," "you," and "your" in Definition Nos. 1-4 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence. For purposes of answering these Interrogatories, Plaintiffs use the term "ZeniMax" to mean ZeniMax Media Inc., "id Software" to mean id Software LLC, and "Plaintiffs" to mean both ZeniMax Media Inc. and id Software LLC, only.

13.    Plaintiffs object to Facebook's definition of "concerning," "document," "person," "persons," and "related to" in Definition Nos. 10-13 and "identify," "identifying," "identity," or "identification" in Definition No. 15 as unduly burdensome, potentially beyond the discovery obligations set forth in the Federal Rules of Civil Procedure, and not reasonably calculated to lead to the discovery of admissible evidence. For the purposes of answering these Interrogatories, Plaintiffs use and interpret the above-referenced terms according to their plain meaning and common sense usage.

14.    Plaintiffs object to Interrogatories, and the Definitions and Instructions, to the extent that they call for the production of information or documents subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine or any other applicable evidentiary privilege or immunity from disclosure. Nothing contained in these Responses is intended to be nor should be considered as a waiver of any attorney-client privilege, work-product protection or any other applicable evidentiary privilege or immunity. The inadvertent production of any response or document subject to such privileges or immunities is not intended to relinquish any privilege or immunity and shall not be deemed to constitute a waiver of any applicable privilege or immunity.

15.    The Responses and Objections herein are based on Plaintiffs' present knowledge, information and belief. Defendants have delayed the production of relevant documents for more than eight (8) months, and have yet to produce any source code. Moreover, Defendants made their first document production of material size shortly before the due date of these Responses. Plaintiffs therefore reserve all their rights to amend, revise, correct or clarify these Responses pursuant to Federal Rule of Civil Procedure 26(e).

3

Each of the foregoing General Responses and Objections are incorporated by reference into each and every Specific Response set forth below. Subject to the General Responses and Objections, and without waiver, modification or limitation thereof, Plaintiffs' Specific Responses and Objections to the Interrogatories are set forth below.

4

**INTERROGATORY NO. 20:**

Describe all of the relief you seek in this action.

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or any other applicable evidentiary privilege or immunity. Plaintiffs further object to this Interrogatory as duplicative of Defendants' Interrogatory No. 8.

Plaintiffs object to this Interrogatory as premature, including because Defendants have delayed production of relevant documents in this litigation, and because fact discovery is ongoing and the parties have not yet designated experts or exchanged expert reports.

Subject to and without waiving the foregoing General and Specific Objections, upon information and belief, Plaintiffs state in response to Interrogatory No. 20 as follows:

*(The following Response has been verified on behalf of Plaintiffs by an authorized representative of Plaintiffs, whose signed verification is attached to these Responses and Objections.)*

Plaintiffs seek "relief ... in this action" that will fairly and fully compensate it for Defendants' misconduct, and request at least the following categories of relief, in an amount to be proven at trial:

1.  Actual Damages;

2.  Restitution;

3.  Disgorgement;

4.  Unjust Enrichment;

5.  Equitable Relief;

6.  Injunctive Relief;

7.  Punitive and Exemplary Damages;

8.  Statutory Damages under 17 U.S.C. § 101 et seq.;

9.  Enhanced Damages;

10.  Prejudgment and Post-Judgment Interest;

11.     Court Costs;

12.     Attorney Fees; and

13.     All other relief to which ZeniMax is entitled.

*(End of verified Response.)*

        In addition to the verified Response above, Plaintiffs refer Defendants to the Plaintiffs' Complaint, Court filings, and Plaintiffs' expert reports that will be served in accordance with the scheduling order entered in this case, for further information relevant to this Interrogatory. Moreover, Plaintiffs anticipate that additional discovery will enable Plaintiffs to further ascertain the harm to and relief sought by Plaintiffs. Plaintiffs therefore specifically reserve their right to further supplement or amend the foregoing Response as discovery proceeds in this case.

Dated: April 2, 2015

Respectfully submitted,

_____

**PHILLIP B. PHILBIN**
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**MICHAEL D. KARSON**
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

**P. ANTHONY SAMMI**
E-mail: Anthony.Sammi@skadden.com
**KURT WM. HEMR**
E-mail: Kurt.Hemr@skadden.com
**JAMES Y. PAK**
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
**KRISTEN VOORHEES**
E-mail: Kristen.Voorhees@skadden.com
**DEVIN A. KOTHARI**
E-mail: Devin.Kothari@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
**MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

### CERTIFICATE OF SERVICE

I, Kristen Voorhees, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *ZeniMax Media Inc. and id Software LLC's Responses and Objections to Facebook Inc.'s First Set of Interrogatories to Plaintiffs* to be served on Defendants by electronic mail to the following addresses: lcarter@carterscholer.com, lstahl@carterscholer.com, and FacebookOculusZenimaxMediaInc@cooley.com.

Dated: April 2, 2015

Kristen Voorhees

## VERIFICATION

I, James L. Leder, state under penalty of perjury that I have read the foregoing *ZeniMax Media Inc. and id Software LLC's Responses and Objections to Facebook Inc.'s First Set of Interrogatories to Plaintiffs* (Nos. 1-21), and that based upon matters within my personal knowledge and upon information that has been assembled and provided to me, the foregoing responses are correct, to the best of my knowledge and belief.

Dated: April 2, 2015

James L. Leder
Chief Operating Officer, ZeniMax Media Inc.

on behalf of Plaintiffs
ZeniMax Media Inc. and id Software LLC

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| OCULUS VR, LLC PALMER LUCKEY, and FACEBOOK, INC. | § § § § | |
| Defendants. | § § | |

## ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS

Pursuant to the Federal Rules of Civil Procedure, ZeniMax Media Inc. and id Software LLC (collectively, "Plaintiffs") hereby serve these Responses and Objections to Defendants' Second Set of Requests for Production of Documents and Things to Plaintiffs.

## GENERAL RESPONSES AND OBJECTIONS

Plaintiffs assert the following General Objections. Each Specific Response to a Request is subject to, and limited in accordance with, the following General Objections, which are incorporated as if fully set forth therein. The following General Objections are not waived, or in any way limited by, the Specific Responses and Objections. Although Specific Objections are also interposed in response to individual Requests, Plaintiffs' failure to repeat any part of its General Objections shall not be construed as a waiver of its objections.

1.      The Specific Responses set forth below are for the purposes of discovery only, and Plaintiffs expressly reserve any and all objections they may have to the relevance, competence, materiality, admissibility, or use at deposition, hearing or trial of any information stated, produced, identified, or referred to herein. Plaintiffs also expressly reserve their right to rely upon additional documents or information not included in the Specific Responses at any later time including at deposition, hearing or trial.

2.      An objection to a specific Request or a willingness to provide a Specific Response does not imply, and should not be construed as an acknowledgement, that any such records are actually available or exist.

3.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, or any other applicable law or rule.

4.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they are vague, ambiguous, non-specific, or confusing and thus not susceptible to a reasoned interpretation or response.

5.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they seek information that is not relevant to the claims or defenses of either party, and thus not reasonably calculated to lead to the discovery of admissible evidence.

6.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they are duplicative, cumulative, and/or seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

7.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent they are overly broad, overly expansive, oppressive, and/or unduly burdensome and would impose upon Plaintiffs an unreasonable burden of inquiry, or to the extent they seek information not within Plaintiffs' possession, custody or control.   Plaintiffs also object to the Requests, Definitions, and Instructions as unduly burdensome to the extent that the information requested is within the knowledge of Defendants, can be determined by referring to documents within the possession, custody or control of Defendants, is within the public domain, or is otherwise more readily or equally available to Defendants and thus more conveniently obtained by Defendants.

8.      Plaintiffs object to the definition of "ZeniMax," "id Software," "Plaintiffs," "you," and "your" in Definition Nos. 1-4 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence.  For purposes of answering these Requests, Plaintiffs use the term "ZeniMax" to mean ZeniMax Media Inc., "id Software" to mean id Software LLC, and "Plaintiffs" to mean both ZeniMax Media Inc. and id Software LLC, only.

9.      Plaintiffs object to Defendant's definition of "communication," "concerning," "document," "things," "person," "persons," and "related to" in Definition Nos. 13-18 as unduly burdensome, potentially beyond the discovery obligations set forth in the Federal Rules of Civil Procedure, and not reasonably calculated to lead to the discovery of admissible evidence.  For the purposes of answering these Interrogatories, Plaintiffs use and interpret the above-referenced terms according to their plain meaning and common sense usage.

10.     Plaintiffs object to the Requests, Definitions, and Instructions to the extent they call for production of documents dated prior to January 1, 2011.  Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.  Unless otherwise noted, Plaintiffs will produce responsive documents dated on or after January 1, 2011.

2

11.     Plaintiffs object to the Instructions purporting to describe the manner in which Plaintiffs are to produce documents and things. Plaintiffs will produce documents, including electronically stored information, subject to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, the parties' Joint Conference Report, and any joint discovery agreements that may be executed between the parties.

12.     Plaintiffs object to the Requests, Definitions, and Instructions to the extent they seek information or the production of documents subject to any confidentiality or non-disclosure agreements with third parties. Plaintiffs also object to the Requests, Definitions, and Instructions to the extent that they require Plaintiffs to breach any confidentiality or non-disclosure obligations to third parties.

13.     Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they call for the production of information or documents subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure. Plaintiffs further object to Instructions B and C purporting to describe the manner in which Plaintiffs are to identify documents for which privilege and immunity are claimed. Plaintiffs will describe privileged documents in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, the parties' Joint Conference Report, the parties' letters negotiating privilege log parameters dated September 3, September 9, September 10, September 16, and September 17, 2014, and any joint discovery agreements between the parties. Nothing contained in these Responses is intended to be nor should be considered as a waiver of any attorney-client privilege, attorney work-product protection, or any other applicable evidentiary privilege or immunity. Moreover, the inadvertent production of any Response or document subject to such privileges or immunities is not intended to relinquish any privilege or immunity and shall not be deemed to constitute a waiver of any applicable privilege or immunity.

14.     Plaintiffs object to Defendants' demand to produce documents and things within thirty (30) days of service of these Requests. Such a demand is unreasonable given the volume and scope of Defendants' Requests for which Plaintiffs must identify, collect, review, and produce responsive documents. Plaintiffs will timely produce, on a rolling basis, responsive, relevant, and non-privileged documents and things to the extent that they exist and can be identified after a reasonable, good faith search.

15.     The Responses set forth below are based upon Plaintiffs' interpretation of the language used in the Requests, Definitions, and Instructions. Plaintiffs reserve their right to amend or to supplement their Responses to the Requests in the event Defendants assert, or the Court adopts, an interpretation that differs from Plaintiffs' interpretation.

16.     The Responses and Objections herein are based on Plaintiffs' present knowledge, information and belief. Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiffs reserve the right to amend, revise, correct or clarify any of the Responses and/or Objections herein.

3

Each of the foregoing General Responses and Objections are incorporated by reference into each and every Specific Response set forth below. Subject to the General Responses and Objections, and without waiver, modification or limitation thereof, Plaintiffs' Specific Responses and Objections to the Requests are set forth below.

4

**REQUEST FOR PRODUCTION NO. 118:**

All documents related to ZeniMax's acquisition of id Software, including without limitation the purchase agreement (or similar document) and any due diligence documents or memoranda.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 101.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is premature, including because fact discovery is ongoing.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the intellectual property acquired from id Software, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

12

## REQUEST FOR PRODUCTION NO. 136:

All documents concerning any internal and external valuations, goodwill impairment analyses and/or intangible asset valuation analyses for ZeniMax and all other reporting units that utilize virtual reality technology, if any.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 136:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 31.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the damages suffered by Plaintiffs in this case to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 138:**

All documents concerning internal/external calculations, valuations, or analyses of Oculus VR that were performed by or on behalf of you and any of your related or affiliated entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 31.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the damages suffered by Plaintiffs in this case to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 139:**

All documents concerning any calculations and support of value of any contributions allegedly made by you for the benefit of Oculus VR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request No. 31.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is premature. Fact discovery is ongoing and the parties have not yet designated experts or served expert reports. Plaintiffs further object to this Request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "support of value of any contributions."

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the damages suffered by Plaintiffs in this case to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

33

Dated: April 2, 2015

Respectfully submitted,

_____

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
    **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

54

## CERTIFICATE OF SERVICE

I, Kristen Voorhees, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *ZeniMax Media Inc. and id Software LLC's Responses and Objections to Defendants' Second Set of Requests for Production of Documents and Things to Plaintiffs* to be served on Defendants by electronic mail to the following addresses: FacebookOculusZenimaxMediaInc@cooley.com, lcarter@carterscholer.com, and lstahl@carterscholer.com.

Dated: April 2, 2015

Kristen Voorhees

55

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | NO. 3:14-01849-P |
| v. | ) | |
| | ) | |
| OCULUS VR, LLC,  PALMER LUCKEY, and | ) | |
| FACEBOOK, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS (REQUESTS FOR PRODUCTION NOS. 160-165)

Pursuant to Federal Rules of Civil Procedure 26 and 34, defendants Oculus VR, LLC, Palmer Luckey and Facebook, Inc. hereby request that plaintiffs ZeniMax Media Inc. and id Software LLC produce the documents and things requested below for inspection and copying within thirty days at Cooley LLP, 101 California Street, 5th Floor, San Francisco, CA 94111-5800.

## DEFINITIONS

1.     The term "ZeniMax" shall mean and include plaintiff ZeniMax Media Inc., and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries (including but not limited to id Software LLC), or affiliates and all those persons acting on its behalf.

2.     The term "id Software" shall mean and include plaintiff id Software LLC, and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all those persons acting on its behalf.

3.     The term "Plaintiffs" shall mean "ZeniMax" and "id Software."

4.      The terms "you" and "your" shall refer to Plaintiffs.

5.      The term "Carmack" shall mean John Carmack.

6.      The term "concerning" shall mean relating to, referring to, describing, evidencing, constituting, or being in any other way relevant to the particular subject matter identified.

7.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

8.      The term "things" shall mean any tangible item, including, without limitation, models, prototypes, and samples of any composition, device, or apparatus.

9.      The terms "person" and "persons" shall mean any natural person or any business, legal, or governmental entity or association.

10.     The term "related to" shall be understood to be synonymous with "concerning."

11.     The following rules of construction shall apply to all Requests as necessary to bring within the scope of discovery all responses that might otherwise be construed to be outside of its scope:

a.      The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request, definition, or instruction more inclusive;

b.      The terms "any" and each" shall be construed to include and encompass "all";

c.      The term "including" means including but not limited to;

d.      Use of the word "the" shall not be construed as limiting the scope of any request;

2

e.   The use of the singular shall be deemed to include the plural, and the use

of one gender shall include the other as are appropriate in context.

## INSTRUCTIONS

A.   Documents shall be produced either as kept in the usual course of business or

shall be organized and labeled to correspond with the number of each request to which a

produced document is responsive.  If you choose to produce documents as they are as kept in the

usual course of business, the documents are to be produced in the boxes, file folders, bindings,

and other containers in which the documents are found.  The titles, labels, and other description

on the boxes, file folders, bindings, and other containers are to be left intact.

B.   If you claim any form of privilege or discovery protection as a ground for not

producing or for redacting any document, provide the following information for each document

withheld or redacted: (1) the document's preparation date and the date appearing on the

document; (2) the name, present and last known home and business addresses, the telephone

numbers, the title (and position), and the occupation of those individuals who prepared, produced,

and reproduced, and who were the recipients of said document; (3) the number of pages withheld;

and (4) a description sufficient to identify the document without revealing the information for

which the privilege is claimed, including the general subject matter and character of the

document (e.g., letter, memorandum, notes).

C.   If only a portion of a responsive document is privileged or otherwise protected

against disclosure, you must produce the responsive non-privileged portion of the document in

redacted form, provided that the redacted material is identified and the basis for the claim of

privilege stated as provided in instruction B above.

3

D.      Each requested document is to be produced in its entirety without deletion and

excision (except as qualified by instructions B and C above), regardless of whether you consider

the entire document to be relevant or responsive to these Requests for Production.

E.      If you have no documents responsive to a particular request in your possession,

custody or control, please so state in your written response to the particular request.

F.      For those produced documents that are not in the English language, please

produce English translations thereof.

G.      Pursuant to Federal Rule of Civil Procedure Rule 26(e), your responses to the

following Requests for Production are to be promptly supplemented to include any subsequently

acquired documents and information.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 160:

All documents concerning your audited, reviewed, examined or compiled financial

statements, including without limitation income statement, balance sheets, statements of cash

flows, and any footnotes thereto, for id Software from 2006 to present.

### REQUEST FOR PRODUCTION NO. 161:

All documents concerning your income statements and balance sheets (at the lowest

account level possible as contained in the company's general ledger) for id Software from 2006

to present.

### REQUEST FOR PRODUCTION NO. 162:

All documents concerning your budgets and/or projections of revenue and profits for id

Software from 2006 to present.

4

**REQUEST FOR PRODUCTION NO. 163:**

All documents concerning your purchase price allocation and/or intangible asset valuations (e.g. FASB 141-R/ASC 805 fair value of tangible and intangible assets), including without limitation any calculations and/or valuations of the purchase consideration (e.g., Fair Value of any contingent earn-outs, stock consideration, etc.) associated with ZeniMax's acquisition of id Software.

**REQUEST FOR PRODUCTION NO. 164:**

All Documents concerning any internal or external ZeniMax analyses/valuations related to its acquisition of id Software.



/ / /

Dated:  April 17, 2015

Respectfully submitted,

**OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.,**

By Their Attorneys,

_(signature)_

Michael G. Rhodes (*pro hac vice*)
rhodesmg@cooley.com
**COOLEY LLP**
101 California Street, 5th Floor
San Francisco, California 94111
T: 415.693.2000
F: 415.693.2222

Heidi Keefe (*pro hac vice*)
hkeefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, California 94304
T: 650.843.5000
F: 650.849.7400

6

## CERTIFICATE OF SERVICE

I, Matthew D. Caplan, hereby certify that I caused a true and correct copy of the

foregoing **DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION**

**OF DOCUMENTS AND THINGS TO PLAINTIFFS** to be sent by e-mail delivery to

counsel for Plaintiffs on April 17, 2015 at phillip.philbin@haynesboone.com,

michael.karson@haynesboone.com, and dlpzenimax@skadden.com.

115879056

7

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL CASE NO. 3:14-cv-01849-P |
| OCULUS VR, LLC and PALMER LUCKEY, | § § § | |
| Defendants. | § § | |

**ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS**

Pursuant to the Federal Rules of Civil Procedure, ZeniMax Media Inc. and id Software LLC (collectively, "Plaintiffs") hereby serve these Responses and Objections to Defendants' Third Set of Requests for Production of Documents and Things to Plaintiffs.

## GENERAL RESPONSES AND OBJECTIONS

Plaintiffs assert the following General Objections. Each Specific Response to a Request is subject to, and limited in accordance with, the following General Objections, which are incorporated as if fully set forth therein. The following General Objections are not waived, or in any way limited by, the Specific Responses and Objections. Although Specific Objections are also interposed in response to individual Requests, Plaintiffs' failure to repeat any part of its General Objections shall not be construed as a waiver of its objections.

**1.    Plaintiffs object to Defendants' propounding these Requests at the same time that Defendants are willfully and in bad faith refusing to cooperate with discovery in this action, including by intentionally withholding key documents and source code from production, and by engaging in intentional conduct designed to deceive Plaintiffs, as more fully set forth in Plaintiffs' filings in support of their pending motion to compel. (*See* Dkt. No. 121, 147.) Accordingly, to the extent that Specific Responses set forth below anticipate Plaintiffs' production of responsive documents, such production will not be provided until Defendants tangibly demonstrate a commitment to cooperating in good faith with discovery in this action.**

2.    The Specific Responses set forth below are for the purposes of discovery only, and Plaintiffs expressly reserve any and all objections they may have to the relevance, competence, materiality, admissibility, or use at deposition, hearing or trial of any information stated, produced, identified, or referred to herein. Plaintiffs also expressly reserve their right to

rely upon additional documents or information not included in the Specific Responses at any later time including at deposition, hearing or trial.

3.      An objection to a Specific Request or a willingness to provide a Specific Response does not imply, and should not be construed as an acknowledgement, that any such records are actually available or exist.

4.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, or any other applicable law or rule.

5.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they are vague, ambiguous, non-specific, or confusing and thus not susceptible to a reasoned interpretation or response.

6.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they seek information that is not relevant to the claims or defenses of either party, and thus not reasonably calculated to lead to the discovery of admissible evidence.

7.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they are duplicative, cumulative, and/or seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

8.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent they are overly broad, overly expansive, oppressive, and/or unduly burdensome and would impose upon Plaintiffs an unreasonable burden of inquiry, or to the extent they seek information not within Plaintiffs' possession, custody or control.   Plaintiffs also object to the Requests, Definitions, and Instructions as unduly burdensome to the extent that the information requested is within the knowledge of Defendants, can be determined by referring to documents within the possession, custody or control of Defendants, is within the public domain, or is otherwise more readily or equally available to Defendants and thus more conveniently obtained by Defendants.

9.      Plaintiffs object to the definition of "ZeniMax," "id Software," "Plaintiffs," "you," and "your" in Definition Nos. 1-4 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence.  For purposes of answering these Requests, Plaintiffs use the term "ZeniMax" to mean ZeniMax Media Inc., "id Software" to mean id Software LLC, and "Plaintiffs" to mean both ZeniMax Media Inc. and id Software LLC, only.

10.      Plaintiffs object to the definition of "concerning," "document," "things," "person," "persons," and "related to" in Definition Nos. 6-10 as unduly burdensome, potentially beyond the discovery obligations set forth in the Federal Rules of Civil Procedure, and not reasonably calculated to lead to the discovery of admissible evidence.  For the purposes of answering these

2

Requests, Plaintiffs use and interpret the above-referenced terms according to their plain meaning and common sense usage.

11.    Plaintiffs object to the Requests, Definitions, and Instructions to the extent they call for production of documents dated prior to January 1, 2011.  Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.  Unless otherwise noted, Plaintiffs will produce responsive documents dated on or after January 1, 2011.

12.    Plaintiffs object to the Instructions purporting to describe the manner in which Plaintiffs are to produce documents and things.  Plaintiffs will produce documents, including electronically stored information, subject to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, any confidentiality or non-disclosure agreements with third parties, the parties' Joint Conference Report, and any joint discovery agreements that may be executed between the parties.

13.    Plaintiffs object to the Requests, Definitions, and Instructions to the extent they seek information or the production of documents subject to any confidentiality or non-disclosure agreements with third parties.  Plaintiffs also object to the Requests, Definitions, and Instructions to the extent that they require Plaintiffs to breach any confidentiality or non-disclosure obligations to third parties.

14.    Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they call for the production of information or documents subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure.  Plaintiffs further object to Instructions B and C purporting to describe the manner in which Plaintiffs are to identify documents for which privilege and immunity is claimed.  Plaintiffs will describe privileged documents in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, the parties' Joint Conference Report, the parties' letters negotiating privilege log parameters dated September 3, September 9, September 10, September 16, and September 17, 2014, and any joint discovery agreements between the parties.  Nothing contained in these Responses is intended to be nor should be considered as a waiver of any attorney-client privilege, attorney work-product protection, or any other applicable evidentiary privilege or immunity.  Moreover, the inadvertent production of any Response or document subject to such privileges or immunities is not intended to relinquish any privilege or immunity and shall not be deemed to constitute a waiver of any applicable privilege or immunity.

15.    Plaintiffs object to Defendants' demand to produce documents and things within thirty (30) days of service of these Requests.  Such a demand is unreasonable given the volume and scope of Defendants' Requests for which Plaintiffs must identify, collect, review, and produce responsive documents.  Subject to General Objection No. 1, Plaintiffs will timely produce, on a rolling basis, responsive, relevant, and non-privileged documents and things to the extent that they exist and can be identified after a reasonable, good faith search.

16.     The Responses set forth below are based upon Plaintiffs' interpretation of the language used in the Requests, Definitions, and Instructions.  Plaintiffs reserve their right to amend or to supplement their Responses to the Requests in the event Defendants assert, or the Court adopts, an interpretation that differs from Plaintiffs' interpretation.

17.     The Responses and Objections herein are based on Plaintiffs' present knowledge, information and belief.  Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiffs reserve the right to amend, revise, correct or clarify any of the Responses and/or Objections herein.

Each of the foregoing General Responses and Objections are incorporated by reference into each and every Specific Response set forth below.  Subject to the General Responses and Objections, and without waiver, modification or limitation thereof, Plaintiffs' Specific Responses and Objections to the Requests are set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 160:**

All documents concerning your audited, reviewed, examined or compiled financial statements, including without limitation income statement, balance sheets, statements of cash flows, and any footnotes thereto, for id Software from 2006 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.  Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 97 and 161.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."   To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.  Plaintiffs also object to this Request to the extent it calls for the production of documents dated prior to January 1, 2011.  Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce their cost center and project reports for id Software from 2011 to the present, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 161:**

All documents concerning your income statements and balance sheets (at the lowest account level possible as contained in the company's general ledger) for id Software from 2006 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 97 and 160.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request to the extent it calls for the production of documents dated prior to January 1, 2011. Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce their cost center and project reports for id Software from 2011 to the present, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 162:**

All documents concerning your budgets and/or projections of revenue and profits for id Software from 2006 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request to the extent it calls for the production of documents dated prior to January 1, 2011. Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will produce their cost center and project reports for id Software from 2011 to the present, to the extent such documents exist, are not privileged, are in Plaintiffs' possession, custody, or control, and can be located after reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 163:**

All documents concerning your purchase price allocation and/or intangible asset valuations (e.g. FASB 141-R/ASC 805 fair value of tangible and intangible assets), including without limitation any calculations and/or valuations of the purchase consideration (e.g., Fair Value of any contingent earn-outs, stock consideration, etc.) associated with ZeniMax's acquisition of id Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 101 and 164.

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents." To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request on the ground that it is vague and ambiguous, as it is unclear what is meant by the undefined phrase "Fair Value."

Plaintiffs object to this Request on the ground that it is not relevant to the extent it seeks documents that are beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence. By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its Request.

**REQUEST FOR PRODUCTION NO. 164:**

All Documents concerning any internal or external ZeniMax analyses/valuations related to its acquisition of id Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Request on the ground that it is duplicative of Request Nos. 101 and 163.

6

Plaintiffs object to this Request on the ground that it is overly broad as to its request for "[a]ll documents."   To respond to this Request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs.

Plaintiffs object to this Request on the ground that it is not relevant to the extent it seeks documents that are beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.   Plaintiffs also object to this Request on the ground that it assumes the truth of facts not in evidence.   By responding to this Request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its Request.



7

Dated: May 18, 2015

Respectfully submitted,

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
    **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

## CERTIFICATE OF SERVICE

I, Kristen Voorhees, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *ZeniMax Media Inc. and id Software LLC's Responses and Objections to Defendants' Third Set of Requests for Production of Documents and Things to Plaintiffs* to be served on Defendants by electronic mail to the following addresses: FacebookOculusZenimaxMediaInc@cooley.com and rsmith@lynnllp.com.

Dated: May 18, 2015

Kristen Voorhees

10

# EXHIBIT 9

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

DIRECT DIAL
(212) 735-2307
DIRECT FAX
(917) 777-2307
EMAIL ADDRESS
ANTHONY.SAMMI@SKADDEN.COM

May 22, 2015

VIA ELECTRONIC MAIL

Michael G. Rhodes
Cooley LLP
101 California Street, Fifth Floor
San Francisco, California 94111-5800
rhodesmg@cooley.com

  RE: <u>Defendants' May 12, 2015 Letter Re: Plaintiffs' Discovery Request Responses</u>
     <u>*ZeniMax Media Inc. et al. v. Oculus VR, LLC et al.*, No. 3:14-cv-01849</u>

Dear Mike:

  I write in response to your letter of May 12, 2015 regarding Plaintiffs' responses to Defendants' Second Requests for Production and Facebook's First Interrogatories.

  As a preliminary matter, Plaintiffs note that they have provided timely, detailed and comprehensive responses to Defendants' discovery requests throughout this litigation. By contrast, Defendants have repeatedly refused to provide full and complete responses to Plaintiffs' requests.[1] Accordingly, while Plaintiffs are prepared to meet and confer regarding written discovery, any such meet and confer must also include discussion of the deficiencies in Defendants' responses. Plaintiffs' response to your May 12 letter follows.

**<u>Objections to Defendants' Discovery Requests</u>**



---

[1] Defendants have also refused to participate in document discovery. As of the date of this letter, Defendants have just begun to produce source code (*see* Dkt. No. 156 (seeking costs)), and have repeatedly shown that they will produce documents only when under threat of a motion to compel (*see, e.g.*, Dkt. No. 121).

Michael G. Rhodes
May 22, 2015
Page 2



### 2.   Requests for Any and All Documents
(Item I.1.b.)

Numerous discovery requests issued by Defendants seek "any" and "all" facts or documents from Plaintiffs, without attempting to identify which party is in a better position to provide the requested information, or attempting to narrow the requests to a specific time period, subject matter, or set of personnel.[2]   Plaintiffs have every right to object to these requests and interrogatories as overbroad and unduly burdensome. *EEOC v. Signal Int'l, LLC*, Civ. No. 12-557, 2014 U.S. Dist. LEXIS 55026, at *8 (E.D. La. Apr. 21, 2014) (finding a request for "all documents" "overbroad and unduly burdensome"); *Gregg v. Local 305 IBEW*, No. 1:08-CV-160, 2009 U.S. Dist. LEXIS 40761, at *16 (N.D. Ind. May 13, 2009) (finding that interrogatories seeking all facts can be "unduly burdensome").[3]

Notwithstanding their continuing objections, Plaintiffs have produced documents and provided information responsive to a reasonable interpretation of Defendants' requests. Plaintiffs will continue to make additional rolling productions as discovery proceeds, and expect that they will be able to further supplement their interrogatory responses once Defendants begin substantive participation in discovery.

## Responses to Defendants' Second Requests for Production

### 1.   Documents Sufficient to Identify Particular Persons or Things

As noted in my letter of March 6, 2015, Plaintiffs have reasonably limited their response to certain overbroad and unduly burdensome requests by agreeing to produce documents sufficient to identify the persons or things that fall into the particular category of information being requested.   This is an entirely appropriate response to otherwise objectionable requests. Plaintiffs further respond as follows:

---

[2]   As one example, Defendants' Request for Production No. 116 seeks, without limitation, "[a]ll communications" between Plaintiffs and "any of [Plaintiffs'] current or former employees and agents concerning any research and development related to virtual reality."

[3]   The cases cited by Defendants are not to the contrary. For example, *Wright v. Weaver* counsels that requests for "all documents" are improper where, as here, they are without limit or "too broad." 2009 U.S. Dist. LEXIS 117918, at *11 (E.D. Tex. Dec. 17, 2009). Moreover, Defendants' citation to *Abraham v. Alpha Chi Omega* is distinguishable:  it does not discuss interrogatories that seek "all facts," instead noting only that requests for "individuals" are permissible when "limited [as] to the time frame." 271 F.R.D. 556, 560 (N.D. Tex. 2010). Facebook's contention interrogatories are not so limited.

Michael G. Rhodes
May 22, 2015
Page 3



**(b)**     <u>**Documents Regarding the Acquisition of id Software**</u>
           (Item I.2.b.)

      Plaintiffs stand by their response to Request No. 118, which would provide documents sufficient to identify the virtual reality-related intellectual property and inventions transferred from id Software to ZeniMax, as requested by Defendants' May 12 letter. Other detail on ZeniMax's acquisition of id Software is not relevant here.

**(c)**     <u>**Documents Regarding Damages**</u>
           (Item I.2.f.)

      In response to Request Nos. 136, 138, and 139, and based on the clarification provided by Defendants, Plaintiffs now understand that Defendants seek those documents used by Plaintiffs to assess damages in this matter. Plaintiffs agree to produce the documents sought by these Requests to the extent they are relied upon in their damages analysis.



Michael G. Rhodes
May 22, 2015
Page 6



4.   **Relief Sought by Plaintiffs**
     (Item I.3.f.)

Plaintiffs stand by their response to Interrogatory No. 20.  In that response, Plaintiffs have described the myriad harms suffered by Plaintiffs as a result of Defendants' wrongful conduct.  Given that Defendants have thus far failed to provide substantive financial and investment documents or provide detail on their plan to monetize the Rift headset and platform, requesting further detail on this Interrogatory is premature.  Plaintiffs expect to supplement this Interrogatory as the case proceeds, including through Plaintiffs' expert reports.

*     *     *

Plaintiffs trust that this letter sufficiently addresses Defendants' expressed concerns about Plaintiffs' discovery responses.  However, if you would like to meet and confer on any of these topics, we are available to discuss at a mutually convenient time next week.  At such discussion, please be prepared to discuss the deficiencies in Defendants' discovery request responses.

Very truly yours,

P. Anthony Sammi

# EXHIBIT 10

| From: | Caplan, Matthew D. [mcaplan@cooley.com] |
|---|---|
| To: | Stameshkin, Liz; Richard Smith; Hemr, Kurt Wm. (BOS); z/Facebook-Oculus/Zenimax Media Inc |
| Subject: | RE: Conference Call |
| Date: | 6/3/2015 1:49:30 PM |
| CC: | Project ZeniMax IP DL; phillip.philbin@haynesboone.com; 'michael.karson@haynesboone.com' |
| BCC: | |

**Message:**
Kurt,

Following up on our call last week, we believe plaintiffs' decision to limit their document production to documents "sufficient to identify" requested information rather than producing responsive, non-privileged documents in response to defendants' requests for production numbers 38, 53, 57, 59, 60, 97, 101, 111-114, 118, 123, 124, 136, 138, and 139 is improper.  Each response is discussed below.  Please let us know whether you will supplement your responses to these requests and your document production.





**RFPs 101 and 118**

- Instead of agreeing to produce documents related to ZeniMax's acquisition of id, Plaintiffs only agree to produce documents, "sufficient to identify the intellectual property acquired by id Software."

- Defendants are entitled to other relevant information related to the id acquisition, including without limitation the purchase agreement, financial information, and due diligence. Responsive documents are related to Plaintiffs' investment in virtual reality, or lack thereof, and potential damages.

**RFPs 136, 138, 139**

- The requests ask for information related to Plaintiffs' potential damages. Plaintiffs' responses are improperly limited to "documents sufficient to identify the damages suffered by Plaintiffs."

- Defendants are entitled to a broader range of documents than the documents Plaintiffs identify as being sufficient to identify their alleged damages. Such a formulation would exclude the production of documents which do not support Plaintiffs self-identified damages theories or calculations. These requests are tailored to request, among other things, documents related to Plaintiffs own analysis of their alleged contributions to virtual reality, and Oculus, as well as Plaintiffs' own views of Oculus prior to this litigation. This information is discoverable, and Plaintiffs' production should not be limited to Plaintiffs' own theories of damages and supporting documents, if any.

Please let us know if you would like to discuss any of this further.

Best,

Matt

**Matt Caplan**
Cooley LLP
101 California Street • 5th Floor
San Francisco, CA  94111-5800
Direct: +1 415 693 2164 • Fax: +1 415 693 2222 • Cell: +1 310 528 1361
Bio: www.cooley.com/mcaplan • Practice: www.cooley.com/litigation



# EXHIBIT 11

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735-2834
DIRECT FAX
(917) 777-2834
EMAIL ADDRESS
KURT.HEMR@SKADDEN.COM

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D C
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

June 12, 2015

VIA ELECTRONIC MAIL

Michael G. Rhodes
Cooley LLP
101 California Street, Fifth Floor
San Francisco, California  94111-5800
rhodesmg@cooley.com

Richard A. Smith
Lynn Tillotson Pinker & Cox, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
rsmith@lynnllp.com

RE:  Plaintiffs' Responses To Defendants' Requests For Documents
     *ZeniMax Media Inc. et al. v. Oculus VR, LLC et al.*, No. 3:14-cv-01849

Gentlemen:

Please find enclosed herewith (i) ZeniMax Media Inc. And id Software LLC's First Amended And Superseding Responses And Objections To Defendants' First Set Of Requests For Production Of Documents And Things To Plaintiffs, and (ii) ZeniMax Media Inc. And id Software LLC's First Amended And Superseding Responses And Objections To Defendants' Second Set Of Requests For Production Of Documents And Things To Plaintiffs.

By way of background:  on May 12, 2015, we received from Defendants a letter addressing purported deficiencies in Plaintiffs' responses to Defendants' Second Set of Requests for Production.  Plaintiffs responded to these concerns in our letter of May 22, 2015, and we discussed those responses with you and your colleagues in a discovery conference call on May 28, 2015.  On June 3, 2015, Defendants further objected to certain of Plaintiffs' document request responses by which Plaintiffs committed to provide documents that would be sufficient to identify particular information sought by Defendants.

At Defendants' request, we have reviewed the particular responses by Plaintiffs to which Defendants objected in their May 12 letter.  Plaintiffs have now amended their responses to Request Nos. 125 (referenced in your May 12 letter under Item I.2.d.), 135 (Item I.2.e.), and 154-157 (Items I.2.h., 1.2.i.).  With regard

Michael G. Rhodes
Richard A. Smith
June 12, 2015
Page 2

to other responses as to which Defendants raised concerns, we direct Defendants to Plaintiffs' May 22, 2015 letter, a copy of which is enclosed.

With regard to Defendants' June 3 email, Plaintiffs have amended their responses to Defendants' Request Nos. 53, 57, 59, 60, 111, 112, 114, 123, and 124. With regard to other responses identified in Defendants' June 3 email, Plaintiffs believe their commitment to produce documents sufficient to identify the information being requested is a reasonable and appropriate response to Defendants' requests.

If you have further concerns we can arrange a time to discuss.

Very truly yours,

Kurt Wm. Hemr

Enclosures

cc:      All counsel of record (by e-mail)