## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC <br><br> Plaintiffs, <br><br> v. <br><br> OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC., <br><br> Defendants. | Case No.:  3:14-cv-01849-P |

## <u>DECLARATION OF RICHARD SMITH</u>

I, Richard Smith, declare as follows

1.       My name is Richard Smith.  I am over the age of 21 and am fully competent to make this Declaration.  The facts stated in this Declaration are true and correct and within my personal knowledge.

2.       I am counsel of record for the Defendants in the above-captioned matter.

3.       On the evening of July 16, 2015, I received an email on my mobile phone from Devin Kothari, counsel for Plaintiffs in this matter.  A true and correct copy of that email and the letter it transmitted (redacted in one footnote to obscure a description of Facebook, Inc.'s source code) are attached hereto as <u>Exhibit A</u>.  The time-stamp on the transmittal email indicates that it arrived after-hours, at 8:09 pm.[1]  The email indicates that Mr. Kothari addressed it to Michael Rhodes and Heidi Keefe of Cooley LLP, and also to me.  Notably, the transmittal email was not addressed to the full distribution group email (<u>FacebookOculusZenimaxMediaInc@cooley.com</u>) that counsel for Plaintiffs had previously been using for transmitting items of correspondence to

---

[1] All the time-stamps on my emails are in the Central time zone, which is one hour behind the Eastern time zone of lead counsel for Defendants, as well as two hours ahead of the Pacific  time zone for Defendants' lead counsel.

counsel at the Cooley law firm.  I did not recognize that counsel for Defendants had omitted the larger group as recipients of Exhibit A.

4.      Also on the evening of July 16, I received two additional emails on my mobile phone from Mr. Kothari, both of which transmitted additional letters directed to counsel for Defendants.  True and correct copies of those transmittal emails (omitting their attached letters, which are not germane to the present motion) are attached hereto as Exhibit B (time-stamped at 8:32 pm) and Exhibit C (8:44 pm).  Both of those transmittal messages were emailed to the group address FacebookOculusZenimaxMediaInc@cooley.com.

5.      On July 23, 2015, I received a follow-up email from Mr. Kothari, in which he stated that Plaintiffs "will be seeking relief later today" due to Defendants' failure to respond to the email and letter contained in Exhibit A.   A true and correct copy of that email, time-stamped at 3:02 pm, is attached hereto as Exhibit D.  Like its predecessor, this email was not sent to the group address FacebookOculusZenimaxMediaInc@cooley.com.

6.      Counsel for Defendants soon recognized that a response had not been prepared because Plaintiffs did not include the members of the defense group who would have been responsible for investigating the matters asserted in Exhibit A and drafting the response.  As soon as that omission was recognized, I personally telephoned Plaintiffs' local counsel and left a voicemail to explain what had happened.  Immediately after leaving that voicemail, I also wrote to that same local counsel by email, for the same purpose.  A true and correct copy of my email to Plaintiffs' local counsel (omitting the attachment, which was a duplicate copy of Exhibit A) is attached hereto as Exhibit E.  Shortly thereafter, an ECF notice arrived in my email, indicating that Plaintiffs had filed their motion to compel (Doc. 186).

7.      On August 12, 2015, counsel for the parties participated in a conference call to

**DECLARATION OF RICHARD SMITH**                                                                **Page 2**

Defs.' Appendix to Opp. to Their Mtn to (a) Overrule Limitations and (b) Compel Prod.  -  2

discuss various matters related to discovery.   Counsel discussed the matters presented in Plaintiffs' motion to compel (Doc. 186), but were unable to reach agreement on the proper scope of Plaintiffs' document requests.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNED on the 13th day of August, 2015.

_____

Richard A. Smith

4815-3662-9798, v.  1

**DECLARATION OF RICHARD SMITH**                                                                                     **Page 3**

Defs.' Appendix to Opp. to Their Mtn to (a) Overrule Limitations and (b) Compel Prod.  -  3

## Ivy Sweeney

| | |
|---|---|
| **From:** | Kothari, Devin A <Devin.Kothari@skadden.com> |
| **Sent:** | Thursday, July 16, 2015 8:09 PM |
| **To:** | RHODESMG@cooley.com; hkeefe@cooley.com; Richard Smith |
| **Cc:** | DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; Michael.Karson@haynesboone.com |
| **Subject:** | ZeniMax Media Inc. et al. v. Oculus VR, LLC et al., No. 3:14-cv-01849 [Facebook's Refusal to Participate in Discovery] |
| **Attachments:** | K Hemr Letter to Defts' Counsel re Facebook's Refusal to Participate in Discovery.pdf |

Counsel,

Please refer to the attached letter.

Regards,

**Devin A. Kothari**
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Times Square | New York | 10036-6522
T: 212.735.2932 | F: 917.777.2932
devin.kothari@skadden.com
Please consider the environment before printing this email.


---------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================================

# EXHIBIT A



1

Defs.' Appendix to Opp. to Their Mtn to (a) Overrule Limitations and (b) Compel Prod. - 4

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
(212) 735-2834
DIRECT FAX
(917) 777-2834
EMAIL ADDRESS
KURT.HEMR@SKADDEN.COM

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

July 16, 2015

VIA ELECTRONIC MAIL

Michael G. Rhodes
Cooley LLP
101 California Street, Fifth Floor
San Francisco, California  94111
rhodesmg@cooley.com

Heidi L. Keefe
Cooley LLP
3175 Hanover Street
Palo Alto, California  94304
hkeefe@cooley.com

Richard A. Smith
Lynn Tillotson Pinker & Cox, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
rsmith@lynnllp.com

RE:   Facebook's Objections to its Own Participation in Discovery
         *ZeniMax Media Inc. et al. v. Oculus VR, LLC et al.*, No. 3:14-cv-01849

Dear Counsel:

I write regarding Facebook's refusal to produce key virtual reality source code and documents. Notwithstanding numerous letters and teleconferences between the parties on this subject, Defendants have continued to thwart Plaintiffs' efforts to review and analyze that material. Facebook's unilateral self-exclusion from discovery cannot continue. Accordingly, this letter is intended to finally determine whether Facebook will agree to resolve this issue short of our filing a motion to compel on that subject.

**Defendants' Refusal to Produce Facebook's Virtual Reality Source Code**
*(Supplemental Responses to First Requests, Nos. 5, 28, and 29)*

In Plaintiffs' First Requests Nos. 5, 28, and 29, Plaintiffs seek source code associated with Facebook's virtual reality-related products, including any comments or revisions made thereto.  In April of this year, Facebook responded to those requests by asserting that pursuant to "the parties' [purported] current agreement . . . source code of Facebook is not being sought by this or any other document request at the present time."  No such agreement existed.  Then, Facebook's counsel stated that "Facebook does not separately (apart from Oculus) have any

Michael G. Rhodes
Heidi L. Keefe
Richard A. Smith
July 16, 2015
Page 2

VR <u>rendering</u> source code." Plaintiffs, however, had not limited their requests to virtual reality rendering code. After Defendants had finally provided a list of categories of Facebook code relating to Oculus and virtual reality, and Plaintiffs thereafter provided a narrow request for specific categories of that code,[1] Defendants responded by stating that Defendants "do not believe" that Facebook source code "is relevant to Plaintiffs' claims in this matter" and demanded that Plaintiffs specifically identify the trade secrets to which this code relates. We cannot do so if we are not permitted to analyze that code, and in any event it is not Facebook's role to adjudicate unilaterally whether evidence may be relevant to this action.

Please confirm by the close of business on Tuesday, July 21, 2015 that Facebook will produce the requested categories of source code. If not, we will move to compel its production.

### Defendants' Refusal to Produce Facebook's Virtual Reality Documents
*(Supplemental Responses to First and Second Requests, General Objection No. 11 and Nos. 8, 20, 21, 23, 26, 27, 30, 31, 46-51, 69, 71; Response to Third Requests, Nos. 82, 83, 86)*[2]

On March 25, 2014, Facebook announced its acquisition of Oculus. That same day, Facebook's Chief Executive Officer, Mark Zuckerberg, stated that Oculus would be fully integrated into Facebook, and used for the benefit of Facebook's advertising and social networking functions. (*See* Dkt. No. 38 ¶¶ 114-115.) On August 28, 2014, after the close of the Facebook-Oculus merger, Plaintiffs therefore amended their complaint to add Facebook as a Defendant, and shortly thereafter served requests for production seeking documents and source code relevant to Facebook's involvement in virtual reality. Although nearly a full year has passed since the issuance of these requests, Plaintiffs have yet to receive satisfactory responses from Facebook. Indeed, both Defendants' Supplemental Responses to Plaintiffs' First and Second Requests and Defendants' Responses to Plaintiffs' Third Requests indicate that Facebook is actively seeking to shield itself from discovery by refusing to produce its virtual reality documents. That is improper.

In particular, Facebook's refusal to provide details on its virtual reality products or services is untenable. Plaintiffs' Request Nos. 20, 21, 27, 30 and 31 seek technical details about Facebook's virtual reality products and services. Plaintiffs' Request Nos. 8, 23, 26, 69,

---

[2]  Facebook's refusal to produce documents in response to Plaintiffs' Third Requests was previously addressed in my letter to Defendants' counsel on June 24, 2015. On June 30, 2015, Facebook responded to this letter by indicating that it would produce information about *Oculus's products* in Facebook's possession, custody, or control, thereby continuing the practice of excluding Facebook's virtual reality documents from discovery.

Michael G. Rhodes
Heidi L. Keefe
Richard A. Smith
July 16, 2015
Page 3

71, 82 and 83 seek marketing, partnership, licensing, and intellectual property documents concerning Facebook's virtual reality offerings. Plaintiffs' Request Nos. 46-51 and 86 seek business and financial documents regarding the same. In response to each of these Requests, Defendants respond that they will only produce documents concerning the products of Defendants Oculus and Luckey, and not regarding Facebook's virtual reality offerings.

Defendant Facebook cannot continue to tout its involvement in virtual reality and then withhold its own virtual reality documents from production. Please confirm by the close of business on Tuesday, July 21, 2015 that you will withdraw your General Objection No. 11, amend your responses to the Requests cited above, and make an appropriate production. If you do not, we will move to compel.

Very truly yours,

Kurt Wm. Hemr

**Ivy Sweeney**

| | |
|---|---|
| **From:** | Kothari, Devin A <Devin.Kothari@skadden.com> |
| **Sent:** | Thursday, July 16, 2015 8:32 PM |
| **To:** | lstameshkin@cooley.com; 'kquerubin@cooley.com'; Richard Smith; FacebookOculusZenimaxMediaInc@cooley.com |
| **Cc:** | DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; Michael.Karson@haynesboone.com |
| **Subject:** | ZeniMax Media Inc. et al. v. Oculus VR, LLC et al., No. 3:14-cv-01849 [Deficiencies in Defendants' Privilege Logs] |
| **Attachments:** | K Hemr Letter to Defts' Counsel re Defts' Privilege and Redaction Logs.pdf |

Counsel,

Please refer to the attached letter.

Regards,

**Devin A. Kothari**
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Times Square | New York | 10036-6522
T: 212.735.2932 | F: 917.777.2932
devin.kothari@skadden.com
🌱 Please consider the environment before printing this email.

-------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==========================================================================================

# EXHIBIT B

1

Defs.' Appendix to Opp. to Their Mtn to (a) Overrule Limitations and (b) Compel Prod.  -  8

## Ivy Sweeney

| | |
|---|---|
| **From:** | Kothari, Devin A <Devin.Kothari@skadden.com> |
| **Sent:** | Thursday, July 16, 2015 8:42 PM |
| **To:** | RHODESMG@cooley.com; Richard Smith; FacebookOculusZenimaxMediaInc@cooley.com |
| **Cc:** | DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; Michael.Karson@haynesboone.com |
| **Subject:** | RE: Zenimax Media v. Oculus:  Defs. Supplemental Response |
| **Attachments:** | K Hemr Letter to Defts' Counsel re Defts' Suppl ROG Responses.pdf |

Counsel,

Please refer to the attached letter.

Regards,

Devin A. Kothari
Skadden, Arps, Slate, Meagher & Flom LLP Four Times Square | New York | 10036-6522
T: 212.735.2932 | F: 917.777.2932
devin.kothari@skadden.com
P Please consider the environment before printing this email.


-----Original Message-----
From: McIntosh, Jocelyn [mailto:jmcintosh@cooley.com]
Sent: Friday, July 10, 2015 8:52 PM
To: phillip.philbin@haynesboone.com; michael.karson@haynesboone.com; Project ZeniMax IP DL
Cc: z/Facebook-Oculus/Zenimax Media Inc; 'rsmith@lynnllp.com'
Subject: Zenimax Media v. Oculus: Defs. Supplemental Response

Counsel -- Attached please find Defendants Oculus VR, LLC and Palmer Luckey 's Supplemental Responses and
Objections  to Plaintiffs Zenimax Media Inc. and ID Software LLC's First and Second Set of Interrogatories.

Jocelyn McIntosh
Assistant to
Heidi Keefe and Elizabeth Stameshkin
_____
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304
mcintoshjc@cooley.com <mailto:mcintoshjc@cooley.com>
(650)843-5669
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged
information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended
recipient, please contact the sender by reply email and destroy all copies of the original message.  If you are the
intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the
sender's Email System Administrator.

# EXHIBIT C



_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.


-------------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

**Ivy Sweeney**

| | |
|---|---|
| **From:** | Kothari, Devin A <Devin.Kothari@skadden.com> |
| **Sent:** | Thursday, July 23, 2015 3:02 PM |
| **To:** | 'RHODESMG@cooley.com'; 'hkeefe@cooley.com'; Richard Smith |
| **Cc:** | DLPZENIMAX@skadden.com; phillip.philbin@haynesboone.com; 'Michael.Karson@haynesboone.com' |
| **Subject:** | RE: ZeniMax Media Inc. et al. v. Oculus VR, LLC et al., No. 3:14-cv-01849 [Facebook's Refusal to Participate in Discovery] |

Counsel,

I write regarding the letter referenced below.  We requested a response from Defendants by the close of business on July 21, 2015.  That date has come and gone without any response from Defendants.  Given the amount of time and effort spent discussing this issue over the past few months, we believe our meet and confer obligations have been satisfied.  We will be seeking relief later today.

Regards,

**Devin A. Kothari**
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Times Square | New York | 10036-6522
T: 212.735.2932 | F: 917.777.2932
devin.kothari@skadden.com
 Please consider the environment before printing this email.

---

**From:** Kothari, Devin A (NYC)
**Sent:** Thursday, July 16, 2015 9:09 PM
**To:** RHODESMG@cooley.com; hkeefe@cooley.com; rsmith@lynnllp.com
**Cc:** Project ZeniMax IP DL; phillip.philbin@haynesboone.com; Michael.Karson@haynesboone.com
**Subject:** ZeniMax Media Inc. et al. v. Oculus VR, LLC et al., No. 3:14-cv-01849 [Facebook's Refusal to Participate in Discovery]

Counsel,

Please refer to the attached letter.

Regards,

**Devin A. Kothari**
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Times Square | New York | 10036-6522
T: 212.735.2932 | F: 917.777.2932
devin.kothari@skadden.com
 Please consider the environment before printing this email.

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000

1


EXHIBIT D

and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

**Ivy Sweeney**

---

| | |
|---|---|
| **From:** | Richard Smith |
| **Sent:** | Thursday, July 23, 2015 6:03 PM |
| **To:** | phillip.philbin@haynesboone.com |
| **Subject:** | Facebook letter |
| **Attachments:** | ZeniMax Media Inc. et al. v. Oculus VR, LLC et al., No. 3:14-cv-01849 [Facebook's Refusal to Participate in Discovery] |

I just left you a voicemail about this, but the email containing the letter that Devin Kothari is complaining about was not sent to the full distribution list – it was only directed to me, Mike Rhodes, and Heidi Keefe. (The original email is attached.) As a result, it didn't make it to the folks who actually have to put together the response and get it calendared. So there wasn't any intent to ignore it, and I expect we can get you a response to the issues raised in the next couple days. If you can get the Skadden folks to stand down in the meantime, that would be greatly appreciated.

**Richard Smith  |**  Partner
**Lynn**Tillotson**Pinker**Cox
Direct 214 981 3824
Fax    214 981 3839
rsmith@lynnllp.com

2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
600commerce.com

# EXHIBIT E

1

Defs.' Appendix to Opp. to Their Mtn to (a) Overrule Limitations and (b) Compel Prod.  -  13

## Ivy Sweeney

| | |
|---|---|
| **From:** | ecf_txnd@txnd.uscourts.gov |
| **Sent:** | Thursday, July 23, 2015 6:08 PM |
| **To:** | Courtmail@txnd.uscourts.gov |
| **Subject:** | Activity in Case 3:14-cv-01849-P Zenimax Media Inc et al v. Oculus VR Inc et al Motion to Compel |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.

### U.S. District Court

### Northern District of Texas

### Notice of Electronic Filing

The following transaction was entered by Philbin, Phillip on 7/23/2015 at 6:08 PM CDT and filed on 7/23/2015

| | |
|---|---|
| **Case Name:** | Zenimax Media Inc et al v. Oculus VR Inc et al |
| **Case Number:** | 3:14-cv-01849-P |
| **Filer:** | ID Software LLC |
| | Zenimax Media Inc |
| **Document Number:** | 186 |

**Docket Text:**
**MOTION to Compel *Plaintiffs' Motion (A) to Overrule Limitations on Defendant Facebook, Inc.'s Responses to Requests for Production and (B) to Compel Production of Documents and Source Code Withheld on that Basis* filed by ID Software LLC, Zenimax Media Inc with Brief/Memorandum in Support. (Attachments: # (1) Proposed Order) (Philbin, Phillip)**

**3:14-cv-01849-P Notice has been electronically mailed to:**

Devin A Kothari      devin.kothari@skadden.com

Elizabeth Lee Stameshkin      lstameshkin@cooley.com

# EXHIBIT F

Elizabeth Y Ryan     emcelroy@lynnllp.com, asandefur@lynnllp.com

Heidi Keefe     hkeefe@cooley.com, jmcintosh@cooley.com, jwoodring@cooley.com, lstameshkin@cooley.com, mcaplan@cooley.com

James Y Pak     james.pak@skadden.com

John A Polito     john.polito@morganlewis.com

Joseph B Woodring     jwoodring@cooley.com, jderosier@cooley.com

Kristen Voorhees     kristen.voorhees@skadden.com

Kurt Wm Hemr     kurt.hemr@skadden.com, mlcbos@skadden.com, tholden@skadden.com

Lucy Wang     lucy.wang@morganlewis.com

Mark Randolph Weinstein     mweinstein@cooley.com, patricia.russell@cooley.com

Matthew D Caplan     mcaplan@cooley.com, smartinez@cooley.com

Michael Daley Karson     michael.karson@haynesboone.com, gina.ortega@haynesboone.com

Michael G Rhodes     rhodesmg@cooley.com, pmoyes@cooley.com, rlopez@cooley.com

P Anthony Sammi     anthony.sammi@skadden.com, duoak.lee-donkin@skadden.com, james.pak@skadden.com, kristen.voorhees@skadden.com

Phillip Brett Philbin     phillip.philbin@haynesboone.com, gina.ortega@haynesboone.com

Richard A Smith     rsmith@lynnllp.com, courtfilinginbox@lynnllp.com, ipatrick@lynnllp.com

Stephen R Smith     stephen.smith@cooley.com, lwilliams@cooley.com, mviguie@cooley.com

**3:14-cv-01849-P The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will serve notice of court Orders and Judgments by mail as required by the federal rules. An attorney/pro se litigant is cautioned to carefully follow the federal rules (see FedRCivP 5) with regard to service of any document the attorney/pro se litigant has filed with the court. The clerk's office will not serve paper documents on behalf of an attorney/pro se litigant.**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=7/23/2015] [FileNumber=8598545-0
] [e30bd0f643bd2e833714662055efbeb0826f64504d47f9a3c2dff1fff66f51b2453
4bf6e62ffe12b3776be8fee3246db9fce428c39e847f62f74291d28521773]]
**Document description:**Proposed Order
**Original filename:**n/a

2

Defs.' Appendix to Opp. to Their Mtn to (a) Overrule Limitations and (b) Compel Prod.  -  15

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=7/23/2015] [FileNumber=8598545-1
] [9b968bd7a9970f041a78b258964948e7f6cb0e38c2ddd8f0a614747b2336b2bcada
a2fa5dc286a72c1863ab3f9b6d0aadcdc3631ce892afd9315f4971c55dbad]]

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2307
DIRECT FAX
(917) 777-2307
EMAIL ADDRESS
ANTHONY.SAMMI@SKADDEN.COM

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

September 3, 2014

VIA ELECTRONIC MAIL

Geoffrey Howard
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, California 94111
geoff.howard@bingham.com

RE:  First Set of Requests for Production to Facebook, Inc.
     *ZeniMax Media Inc. et al. v. Oculus VR, LLC et al.*, No. 3:14-cv-01849

Dear Geoff:

In view of the fact that Facebook, Inc. ("Facebook") was added as a defendant in this action on August 28, 2014, Plaintiffs ZeniMax Media Inc. and id Software LLC hereby propound their First Set Of Requests For Production And Inspection, which were served on Defendants Oculus and Palmer Luckey on July 9, 2014, to Defendant Facebook. Please serve Facebook's responses and objections to those Requests within the time provided by the Rules.

This letter and the enclosed Requests are directed to you based on our understanding that you and your firm are representing Facebook in this action, even though you have not yet entered your appearance on behalf of Facebook. In that regard, please be advised that Plaintiffs would assent to the Court's extending the scope of your and your colleagues' pro hac vice admission in this action to include that additional representation. If, however, Facebook is represented by other counsel in this action, please inform us of the identity of that counsel, so that we may either serve that counsel or make arrangements for service on Facebook itself. If you are representing Facebook, please confirm that Facebook agrees to service by e-mail in this action on the terms previously agreed to by the other parties.

Very truly yours,

P. Anthony Sammi

**EXHIBIT G**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | CIVIL CASE NO. 3:14-cv-01849-P |
| OCULUS VR, INC. and<br>PALMER LUCKEY, | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

**ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S FIRST SET OF REQUESTS FOR
PRODUCTION AND INSPECTION TO OCULUS VR, INC. AND PALMER LUCKEY**

Pursuant to Federal Rules of Civil Procedure 26 and 34, ZeniMax Media Inc. and id Software LLC, by and through their attorneys, hereby direct the following Requests for Production to Oculus VR, Inc. and Palmer Luckey. Plaintiffs request that Defendants produce or make the requested documents and things available for inspection and/or copying in accordance with the Definitions and Instructions set forth below, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, within 30 days after service hereof.

## REQUESTS FOR INSPECTION

**REQUEST FOR INSPECTION NO. 1:**

All iterations of the Oculus Rift and its Software Development Kit in an operable condition, including but not limited to those versions or iterations created prior to April 2012, whether consumer-facing or otherwise.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Communications between Plaintiffs and Palmer Luckey and/or Oculus from January 1, 2012 to the present, whether by e-mail, private messaging or forum posts, exchange of media, or file transfer protocol (including by way of example only the Communications referenced in ¶¶ 43, 44, 49, 70, 74, 75, 84, 85, 86, and 89 of the Complaint), and all Documents incorporating or referencing those Communications, including but not limited to e-mail chains forwarding those Communications in whole or in part or commenting on those Communications.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications involving John Carmack from January 1, 2012 to the present, whether by e-mail, private messaging or forum posts, exchange of media, or file transfer protocol (including by way of example only the Communications referenced in ¶¶ 43, 44, 49, 84, 85, 86, and 89 of the Complaint), and all Documents incorporating or referencing those Communications, including but not limited to e-mail chains forwarding those Communications in whole or in part or commenting on those Communications.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all Documents or Communications concerning the Non-Disclosure Agreement referenced in ¶¶ 32-36 of the Complaint, including but not limited to the Non-Disclosure Agreement itself.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all Documents referring to negotiations between the Parties for an equity stake in Oculus, as referenced in ¶¶ 73-91 of the Complaint, including but not limited to any and all Documents concerning each offer and counteroffer, Defendants' impressions and evaluations of each offer, and Oculus's negotiation strategy.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all versions of Source Code, including but not limited to object code, associated with each of Defendants' Products, including but not limited to the Oculus Rift, whether that Source Code is contained in electronic work directories (including, without limitation, the work directories of each of Plaintiffs' Former Employees), shared drives, common directories, or libraries.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents relating to or evidencing Communications between Palmer Luckey and/or Oculus and Facebook, including but not limited to any Communications, term sheets, agreements, documents in a "data room," or other deal documents generated by Palmer Luckey, Oculus, or Facebook in reference to the proposed acquisition announced on March 25, 2014 and discussed in ¶ 101 of the Complaint.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not requested by the prior Requests contained herein, any and all Documents in Plaintiffs' control or possession that originated at ZeniMax or id, or are derived from Documents that originated at ZeniMax or id, including by way of example only the Documents discussed in ¶¶ 43 and 44 of the Complaint.

2

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning any representations made by Palmer Luckey or Oculus to any party regarding Defendants' ownership of any intellectual property, including, by way of example, the ownership and/or licensing discussed at Page 5 of the Answer, and further including but not limited to any such representations made by Palmer Luckey and Oculus to Facebook.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents or Communications relating to requests for technology, advice, information or assistance from either Plaintiff or their current or former employees for the development of the Oculus Rift or otherwise.

**REQUEST FOR PRODUCTION NO. 10:**

To the extent not requested by the prior Requests contained herein, any and all Communications between either or both Defendants and any of Christian Antkow, John Carmack, Katherine Kang, Matthew Hooper, Gloria Kennickell, Jason D. Kim, Jan Paul Van Waveren, Jonathan E. Wright, or other of Plaintiffs' Former Employees prior to such Person's respective first day of employment with Oculus.

**REQUEST FOR PRODUCTION NO. 11:**

To the extent not requested by the prior Requests contained herein, any and all Documents and Communications reflecting or referring to materials that are, or that Plaintiffs have asserted are, Plaintiffs' Confidential Information, Copyrighted Materials, or Trademarked Materials, including Documents and Communications regarding the use or disclosure of such materials in the development or marketing of Defendants' Products.

**Requests Concerning Oculus's Structure And Management**

**REQUEST FOR PRODUCTION NO. 12:**

Any and all Documents sufficient to identify and reflect Oculus's organizational structure, including but not limited to company directories, and the identification of Oculus's corporate and/or business departments, whether formally or informally delineated, Oculus's total number of employees, and each employee's title, job description, and reporting chain.

**REQUEST FOR PRODUCTION NO. 13:**

All corporate Documents of or relating to Oculus, including but not limited to articles of incorporation and all amendments thereto, by-laws, corporate resolutions, minutes of shareholders' meetings, minutes of directors' meetings, slide or presentation decks prepared for directors' meetings, "board packets," binders prepared for directors' meetings, written consents of officers and directors, and any agreements between and among investors, shareholders,

directors and/or third parties.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all Documents concerning meetings of Oculus's board of directors, executives or management team at which ZeniMax, id, or any of Plaintiffs' past or present employees or consultants were discussed.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents that identify those Persons or entities that own or possess, or will own or possess, an ownership or proprietary interest in Oculus or Oculus's Products, including but not limited to the Oculus Rift.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all Documents referring to negotiations between Defendants and third parties for an equity stake in Oculus or Defendants' Products, as referenced in ¶¶ 73-91 of the Complaint, including but not limited to any and all Documents concerning each offer and counteroffer, Defendants' impressions and evaluations of each offer, and Oculus's negotiation strategy.

**REQUEST FOR PRODUCTION NO. 17:**

All investment memoranda, proposals, or other Documents relating or referring to Oculus's business and/or valuation.

**REQUEST FOR PRODUCTION NO. 18:**

All federal or state tax returns filed by or on behalf of Palmer Luckey or Oculus.

**REQUEST FOR PRODUCTION NO. 19:**

All quarterly or annual financial statements of Oculus.

### Requests Concerning Defendants' Products

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to identify each and every Product of Defendants, including but not limited to the Oculus Rift, specifically the dates of conception and reduction of practice for each Product, and the names and roles of any Oculus Employees involved in the development of each Product.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all manuals, instructions and instructional material, design drawings or renderings, and technical Documents or Communications relating to Defendants' Products,

4

including but not limited to the Oculus Rift.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all Documents concerning any problems, complaints or issues (*e.g.*, bugs, missing features, missed deadlines, or product failures) with Defendants' Products, including, but not limited to concerns communicated by Plaintiffs, John Carmack, media, developers, customers, or other third parties.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all Documents and Communications concerning the marketing or publicity for each version of each of Defendants' Products, including but not limited to press releases, product launch announcements, fact sheets, presentations, fundraising materials, sales literature, brochures, catalogs, trade letters, press releases, audio or video files, materials posted on internet websites and message boards, information prepared for electronics or gaming shows and conventions, and other marketing materials.

**REQUEST FOR PRODUCTION NO. 24:**

To the extent not requested by the prior Requests contained herein, any and all Documents and Communications relating to Defendants' involvement with demonstrations, booths, presentations, and panels at electronics or gaming shows or conferences, including any Documents identifying attendees at each electronics or gaming show or conference.

**REQUEST FOR PRODUCTION NO. 25:**

To the extent not requested by the prior Requests contained herein, any and all Communications regarding joint displays or demonstrations of Defendants' Products, including but not limited to the Oculus Rift, with ZeniMax or id.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all documents regarding any patent applications filed by any of Oculus's employees or Palmer Luckey.

**REQUEST FOR PRODUCTION NO. 27:**

To the extent not requested by the prior Requests contained herein, any and all Communications relating to Defendants' products.

<h3 style="text-align:center">Requests Concerning Source Code</h3>

**REQUEST FOR PRODUCTION NO. 28:**

Any and all versions of Source Code, including but not limited to source code comments

(*i.e.*, the narratives that programmers write to assist others analyzing code) and object code, for each of Defendants' Products, including, but not limited to the Oculus Rift.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents that reflect current or past revisions or additions to any and all versions of the Source Code for each of Defendants' Products, including but not limited to the Oculus Rift, specifically those Documents that reflect the author of each revision or addition and the date on which each revision or addition was made.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all Documents and Communications concerning any similarities or differences between the Parties' Source Code or software products, including, without limitation, any Documents and Communications regarding the testing thereof.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all Documents concerning the destruction or loss of any Source Code or object code for any of Defendants' Products.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all Documents regarding the reimplementation or modification by John Carmack or any other Oculus employee of any Source Code provided by Plaintiffs to Defendants at any time.

**Requests Concerning Former ZeniMax Employees**

**REQUEST FOR PRODUCTION NO. 33:**

Any and all Communications between Palmer Luckey and/or Oculus and John Carmack regarding or relating in any way to ZeniMax, id, or the work John Carmack performed for Plaintiffs at any time.

**REQUEST FOR PRODUCTION NO. 34:**

Any Documents relating to patents for technology of Oculus, including, without limitation, communications with John Carmack and Documents relating to the White Paper of John Carmack discussed in ¶ 30 of the Complaint.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents relating to John Carmack's employment with Oculus, including compensation and equity ownership.

6

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to identify each of Plaintiffs' Former Employees and the job responsibilities for each of Plaintiffs' Former Employees with Oculus, including with respect to each of Defendants' Products, including but not limited to the Oculus Rift.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all Documents and Communications referring to or relating to the departure of, or the recruitment, solicitation, interviewing, consideration for hire, or hiring of Plaintiffs' Former Employees.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all Documents and Communications referring to or relating to any employment, confidentiality, non-compete, or non-disclosure agreements between ZeniMax and/or id and Plaintiffs' Former Employees.

**REQUEST FOR PRODUCTION NO. 39:**

Oculus's employee or personnel file for each of Plaintiffs' Former Employees, including any employment, confidentiality, non-compete, or non-disclosure agreements between Oculus and Plaintiffs' Former Employees.

**REQUEST FOR PRODUCTION NO. 40:**

Any and all Documents and Communications reflecting the steps Oculus has taken, or plans to take, regardless of the degree of certainty, to ensure that Oculus and its employees will not be in violation of the NDA and/or any employment, confidentiality, non-compete, or non-disclosure agreement between ZeniMax and/or id and Plaintiffs' Former Employees.

### Requests Related To Plaintiffs' Proprietary Materials

**REQUEST FOR PRODUCTION NO. 41:**

All Documents that identify and describe those Persons or entities that have or have had access to Defendants' Products, including but not limited to suppliers, vendors, visitors to Defendants' facilities and displays or demonstrations at electronics or gaming shows or conventions, technicians, partners, consultants, and customers.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents that constitute, refer to, relate to, or concern in any way any efforts or attempts by Palmer Luckey or Oculus to obtain, use or utilize information, technology or know-how of ZeniMax or id.

7

**REQUEST FOR PRODUCTION NO. 43:**

Any and all Documents concerning any investigation into whether Defendants possess or have used or disclosed materials that are, or that Plaintiffs have asserted are, Plaintiffs' Confidential Information, Copyrighted Materials, or Trademarked Materials.

### Requests Related To Financial And Market Information

**REQUEST FOR PRODUCTION NO. 44:**

Any and all competitive analyses of ZeniMax, id or the virtual reality market.

**REQUEST FOR PRODUCTION NO. 45:**

Documents sufficient to identify each version or iteration of Oculus's agreements or contracts with its past, present, or potential suppliers, contractors, and customers.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all Documents and Communications related to Oculus's sale or licensing of, or attempted or potential sale or licensing of, any of Defendants' Products, including but not limited to Documents and Communications related to discussions, terms, proposals, arrangements for compensation, and/or agreements between Oculus and any of Epic, Valve, NVidia, Hewlett-Packard, or Dell regarding actual or potential sale or licensing of any Oculus product, and further including any Documents and Communications related to discussions, terms, proposals, arrangements for  compensation, and/or agreements between Oculus and Sony regarding actual or potential sale or licensing of any Oculus product as reported in the press in June 2014 (for example, in an article titled "Oculus VR Looking for Help to Build its Headsets" on Gamespot.com, dated June 26, 2014).

**REQUEST FOR PRODUCTION NO. 47:**

Any and all Documents concerning business plans, forecasts, financial statements or analyses, or projections concerning Oculus and Defendants' Products, including but not limited to the Oculus Rift.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to determine Oculus's total profits and revenue, and profits and revenue derived from each of Defendants' Products, including but not limited to the Oculus Rift, for each fiscal year and quarter from Oculus's inception to the present.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to identify costs incurred by Defendants to develop their Products, including but not limited to the Oculus Rift.

**REQUEST FOR PRODUCTION NO. 50:**

Any and all Documents relating to pricing or pricing plans for Defendants' Products, including but not limited to the Oculus Rift.

**REQUEST FOR PRODUCTION NO. 51:**

Any and all Documents that relate to the commercial viability of Defendants' Products, including but not limited to the Oculus Rift.

### Other Requests

**REQUEST FOR PRODUCTION NO. 52:**

Any and all Documents or Communications relating to the affirmative defenses alleged by Defendants in this Action.

**REQUEST FOR PRODUCTION NO. 53:**

Any and all Documents and Communications that you identify, reference, use, or rely upon in responding to Plaintiffs' First Set of Interrogatories to Defendants.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents considered or relied upon by a Person with whom you will call to provide expert testimony in this Action.

**REQUEST FOR PRODUCTION NO. 55:**

All reports, opinions, and curriculum vitae of any Person(s) whom you expect to present at trial as an expert witness.

**REQUEST FOR PRODUCTION NO. 56:**

To the extent not requested by the prior Requests contained herein, all Documents Oculus will, or anticipates that it will, rely upon at trial in this Action, without regard to the date of such Documents.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to identify and reflect Oculus's Document preservation policies and/or practices, including but not limited to its policies and/or practices in relation to preservation of e-mail and electronically stored Documents and Communications.

## DEFINITIONS

1.      As used herein, "Plaintiffs" refers to ZeniMax Media Inc. ("ZeniMax"), id Software LLC ("id"), or both, as appropriate to the Request.

2.      As used herein, "Defendants" refers to Palmer Luckey, Oculus VR, Inc. and its corporate predecessors, including Oculus LLC ("Oculus"), or both, as appropriate to the Request.

3.      As used herein, "Party" refers to Plaintiffs or Defendants, and "Parties" refers to both Plaintiffs and Defendants.

4.      As used herein, the terms Plaintiffs or Defendants, as well as a Party's full or abbreviated name, or a pronoun referring to a Party (*e.g.*, "you" or "your"), means the Party and, where applicable at the relevant time, its agents, representatives, members, officers, directors, employees, consultants, partners, corporate parents, subsidiaries, attorneys, superiors, principals, or affiliates.

5.      As used herein, the term "Action" refers to *ZeniMax Media Inc. et al v. Oculus VR, Inc. et al*, Case No. 3:14-cv-01849-P (N.D. Tex.).

6.      As used herein, the term "Complaint" refers to Plaintiffs' Complaint filed in this Action, Docket No. 1.

7.      As used herein, the term the "Answer" refers to Defendants' Answer and Affirmative Defenses filed in this Action, Docket No. 26.

8.      As used herein, the term "Facebook" refers to Facebook, Inc.

9.      As used herein, the term "Plaintiffs' Former Employees" refers to any former employees of Plaintiffs that were or are employed by Defendants, including but not limited to Christian Antkow, John Carmack, Matthew Hooper, Gloria Kennickell, Jason D. Kim, Jan Paul van Waveren, and Jonathan E. Wright.

10.      As used herein, the terms "Defendants' Product(s)" or "Product(s) of Defendants" refers to all versions and iterations of Defendants' devices, programs, hardware, software, and other technologies and projects, regardless of whether the aforementioned were previously developed, are in development, or are planned for development, and regardless of whether the aforementioned were released to the public or offered for sale. The terms Defendants' Product(s) or Product(s) of Defendants include, but are not limited to, Defendants' Oculus Rift virtual reality headset ("Oculus Rift"), including any consumer-facing version of the Oculus Rift, and the Oculus Rift's Software Development Kit.

11.      As used herein, the term "Confidential Information" refers to proprietary or commercially-sensitive information, or other information that qualifies for protection under Federal Rule of Civil Procedure 26(c), including, without limitation: (i) Source Code; (ii) trade secrets, including "negative trade secrets"; (iii) technical and customer information, including

know-how and proprietary data, schematics, communications, and other technical work product; (iv) information related to unreleased products and processes in development; (v) damages-related information, including but not limited to financial, business, or marketing plans, projections, forecasts, strategies or analyses, and sales, cost, profit, pricing or margin information; and (vi) confidential regulatory materials.

12.     As used herein, the term "Source Code" refers to computer code and related information, including, without limitation: (i) computer source code; (ii) object code, (iii) coding comments and other Documents that describe encoding or decoding algorithms used in computer source code; (iv) comments and revision histories associated with computer code; and (v) formulas, engineering specifications or schematics that define or otherwise describe the algorithms or structure of software or hardware designs.

13.     As used herein, the term "Copyrighted Materials" includes, without limitation, Plaintiffs' copyrights in the: (i) "*Doom 3: BFG Edition*" computer program, (ii) ZeniMax VR Testbed Code; and (iii) ZeniMax VR Implementation Code.

14.     As used herein, the term "Trademarked Materials" includes, without limitation, the following U.S. Trademark Registrations by Plaintiffs: (i) No. 2,050,083 for "DOOM"; (ii) No. 2,928,605 for "DOOM 3"; (iii) No. 2,303,100 for "DOOM II" and design; (iv) No. 2,165,125 for "ID"; (v) No. 3,923,244 for "RAGE"; (vii) No. 4,198,972 for "RAGE" and design; (viii) No. 4,094,299 for "RAGE" and design; (ix) No. 3,972,050 for "RAGE" and design; (x) No. 4,080,839 for "SKYRIM"; (xi) No. 4,097,150 for "SKYRIM"; and (xii) No. 4,280,859 for "SKYRIM".

15.     As used herein, the term "Person" shall be construed to include, in addition to the natural person, any and all other legal entities.

16.     As used herein, references to any legal entity shall include, in addition to the entity, any agent, representative, officer, member, director, employee, consultant, partner, corporate parent, subsidiary, attorney, superior, principal, or affiliate thereof.

17.     As used herein, the terms "Communication(s)" means any contact or the transmittal of any information in the form of facts, ideas, inquiries, or otherwise, whether formal or informal, oral or documentary, electronic or in writing, by video, telephone, or in any other form.  Communication(s) include but are not limited to messages, e-mail, facsimiles, file transfers, message board posts and private messages, internet communications, internal or external memoranda, notes, meetings, calls, audio or visual messages or recordings, and cellular telephone messaging.

18.     As used herein, the term "Document(s)" is used in its broadest sense and includes, without limitation, original and all non-identical copies (including drafts and those with any notations) of all documents, writings, recordings, and photographs of the type designated in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001.  The term Document(s) encompasses materials in digital form, including, without limitation, e-mail, electronically stored documents, and other records on any device such as desktop or laptop

11

computer, portable hard-drive or thumb-drive, mobile phone, or smart phone (*e.g.*, Blackberry or iPhone). The term Document(s) includes, but is not limited to, any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, annual report, financing statement, audit report, tax return, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, and data sheet, however produced. For the purposes of these Requests, Document shall be construed to also include "things" (*i.e.*, any physical object).

19.     As used herein, the term "evidencing" means tending to show, in any probative manner, the existence or nonexistence of any matter.

20.     As used herein, the terms "concern(s)" or "concerning" mean in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, constituting, containing, pertaining to, relevant to, material to, affecting, considering, embodying, concerning, showing, comprising, reflecting, identifying, stating, dealing with, commenting on, responding to, describing, involving, discussing, recording, supporting, or negating a given subject matter.

21.     As used herein, the term "identify" shall mean, when used with reference to:

(a)     <u>Person or Persons</u>. His or her full name, present or last known employer, job title, present or last known residence addresses and telephone numbers, and present or last known business addresses and telephone numbers;

(b)     <u>Business Entity</u>. The full name and address of the entity and the names and positions of the individual or individuals connected with such entity who have knowledge of the information requested;

(c)     <u>Oral or Written Communications or Documents</u>. The type of Communication or Document (*e.g.*, letter, memorandum, report, notes, etc.), its date, author(s) or originator(s), addressee(s), the organization, if any, with which the addressee(s) are or were connected, all individuals who received copies of the Document, the identity of Persons known or presumed by you to have present possession, custody or control of the Document, a detailed description of the substance of the Document or Communication, and the Bates numbers or other label(s) associated with the Document. Any request to identify Communications or Documents should also provide the present location of the Document and each known copy thereof, including the title, index number and location, if any, of the file in which the Document is kept by Defendants or the file from which such Document was removed, and identify of all Persons responsible for the filing or other disposition of the Document.

(d)     <u>Product</u>. The name, version, release, number, designation, trademark or any other designation customarily used by the Party concerned to designate such product. Any request to identify the product shall also include dates of conception, reduction to practice, and first sale, and a list of all employees who have worked on that product, and their roles in the creation, development, production or other activity related to the product.

22.     As used herein, the terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

23.     As used herein, the term "any" or "each" shall be construed to include "all."

24.     As used herein, the use of the term "the" shall not be construed as limiting the scope of any Request.

25.     As used herein, the term "including" shall not be construed as limiting any Request, and shall mean "including, but not limited to."

26.     As used herein, the singular also includes the plural, and vice-versa.

## INSTRUCTIONS

The following instructions apply:

1.     Answer each Request separately by listing the responsive Documents and by describing them as defined below.  All Documents shall be: (i) organized and designated to correspond to the categories in these Requests or, if not, (ii) produced as they are maintained in the normal course of business, and in either case: (a) all associated file labels, file headings, and file folders shall be produced together with the responsive Documents and each file shall be identified as to its owner or custodian; (b) all Documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies (but Plaintiffs reserve the right to inspect the originals); and (c) each page shall be given a discrete production number and produced in Bates-numbered form.

2.     Documents stored electronically must be produced in the form or forms in which they are ordinarily maintained. Producing electronic Documents in the "form or forms in which they are ordinarily maintained" does not include printing those Documents and scanning them in a PDF format.

3.     All Source Code must be produced in native format.

4.     These Requests call for Documents that are known or available to Defendants, or in the possession, custody, or control of Defendants, including all Documents known or available to attorneys, agents, representatives, investigators, or any other Person acting on behalf of Defendants or under the direction or control of Defendants, its attorneys, agents, representatives, or investigators.

5.     Possession, custody and control does not require that you have actual physical possession; instead, if you have physical control or a superior right to compel production from another, the requested Document must be produced.

6.     In the event that multiple copies of a Document exist, produce every copy on which any notations or markings of any sort not appearing on any other copies exist.

13

7.     If any of the Documents cannot be produced in full, you are requested to produce them to the fullest extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge or belief you have concerning the unproduced portion.

8.     If you or your attorneys know of the existence, past or present, of any Document described in any of these Requests, but such Document is not presently in your possession, custody, or control or in the possession, custody or control of your agents, representatives, or attorneys, you shall so state in response to the Request.  For any such Documents, provide the disposition of each such Document, including the date of, method of and reasons for such disposition, and the name and address, if known, of any Person who has seen the Document or who now has custody, control or possession thereof.   If such Document no longer exists, state when, how, and why such Document ceased to exist.

9.     If in answering these Requests you claim any ambiguity in either a Request or a definition or instruction applicable thereto, identify in your response the language you consider ambiguous and state the interpretation you are using in responding.

10.     If you object to any Request or part thereof, produce all relevant Documents to which your objection does not apply.

11.     If any Documents are withheld under a claim of privilege, produce all relevant Documents to which your claim of privilege does not apply, and also state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid. For allegedly privileged Documents, include: (i) any privilege or immunity from discovery asserted; (ii) the nature of the Document (letter, memorandum, notes, etc.); (iii) the author; (iv) the addressee, including recipients of copies; (v) the date; (vii) each and every Person who has seen such Document or a portion of such Document; (viii) the subject matter and general nature of the information; and (ix) all other facts which are alleged to support the assertion of privilege or immunity.

12.     These Requests are intended as continuing, requiring you to supplement your production of Documents pursuant to Federal Rules of Civil Procedure 26 and 34.

14

Dated: July 9, 2014

s/ P. Anthony Sammi

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
    **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*

15

### CERTIFICATE OF SERVICE

I, James Y. Pak, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing ZeniMax Media Inc. and id Software LLC's First Set of Requests for Production to Oculus VR, Inc. and Palmer Luckey to be sent by hand delivery to counsel for Defendants.

Dated: July 9, 2014        <u>s/ James Y. Pak</u>