**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.,<br><br>Defendants. | Case No.: 3:14-cv-01849-P |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL INTERROGATORY RESPONSES (ECF NO. 182)**

Plaintiffs ZeniMax Media Inc. ("ZeniMax") and id Software LLC's ("id Software" and, collectively, "Plaintiffs") opposition to Defendants Oculus VR, LLC ("Oculus"), Palmer Luckey and Facebook, Inc.'s ("Facebook" And, Collectively, "Defendants") motion to compel the production of documents and supplemental interrogatory responses (ECF No. 182) underscores the deficiencies in Plaintiff's document production and discovery responses. In opposition to Defendants' motion to compel, Plaintiffs invent a new discovery standard and claim they have fulfilled their discovery obligations because they apparently believe that they have met their self-created standard.

Plaintiffs argue that the Court should deny the motion to compel because they have selected and chosen to produce documents they believe are "necessary to the parties' respective damages analyses." ECF No. 193 "Opp'n" at 9. That, however, is not the law. Plaintiffs have not included a single citation to any authority to support their position—not one case, not one statute, not a single rule or regulation. "Reasonably required for a damages analysis" is not the

scope of damages discovery in this case, or any other. Opp'n at 1. Under the Federal Rules of Civil Procedure, Defendants are entitled to conduct "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Here, Defendants have demonstrated that the requested documents, namely certain financial documents and documents related to ZeniMax's acquisition of id Software, should be produced so that Defendants' can conduct *their own* analysis of Plaintiffs' purported damages without respect to what Plaintiffs think is "necessary" to conduct "a" defense of this action. Plaintiffs' improper decision to limit the scope of their document production is magnified by the fact that they have refused to describe the relief they seek with any particularity. This leaves Defendants guessing as to what Plaintiffs' damages theories actually are. Consequently, Defendants are forced to conduct broad discovery into all possible aspects of Plaintiffs' damages. Plaintiffs thus far have only provided categories of potential relief sought, providing no more detail than "actual damages" and "equitable relief." *See* App. at 179-80. As a result, Defendants are entitled to—and must—seek discovery regarding every damages theory Plaintiffs might raise.

The Court should not permit Plaintiffs to limit their document production and discovery responses to items they have unilaterally decided are "reasonably necessary to the parties' respective damages analyses." Opp'n at 9. Plaintiffs' interpretation of the law and their discovery obligations would allow parties to refuse to produce documents which undermine their theories of the case, contradict their allegations, or that do not support their damages calculations. Accordingly, the Court should order Plaintiffs to produce all non-privileged documents that are responsive to Defendants requests for production as discussed below and in Defendants' opening brief, and order Plaintiffs to more specifically state the relief they seek in

this action in accordance with Facebook's interrogatories and Federal Rule of Civil Procedure 26.

## ARGUMENT

A.  **Plaintiffs' Recent Document Production Does Not Moot This Motion**

In their Opposition, Plaintiffs claim that they "are currently preparing a production of documents responsive to Requests Nos. 31, 136, 138, 139, 160-162 within the scope of their committed production, and expect to make that production shortly. Defendants' Motion to compel the production of all documents responsive to their Request Nos. 31, 136, 138, 139, 160-162 should be denied." Opp'n at 7. Plaintiffs make a similar assertion with respect to requests for production numbered 101 and 118, but stand by their objections to requests 163 and 164, refusing to produce any documents responsive to those requests. *Id.* at 7-8. The referenced production, however, falls well short of meeting Plaintiffs' discovery obligations in this case. First and foremost, the production is limited by the very objections Defendants are challenging in this Motion: Plaintiffs' attempt to limit their production to documents that "are relied upon in [Plaintiffs'] damages analysis," and "documents sufficient to identify the damages suffered by Plaintiffs." *See* App. at 218, 319, 416, 418, 419, 471, 473, 474, 500-01, 510-12, 528. These improper objections not only make Plaintiffs the sole arbiters of what is or is not relevant to damages calculations, but they limit Plaintiffs' production to documents that *support* Plaintiffs' theories. Plaintiffs also compound these errors by refusing to produce relevant documents responsive to certain requests.

Specifically, Plaintiffs have produced no documents responsive to requests 138, 139, 160, and 162 through 164, which seek documents related to the value of Plaintiffs' purported "years" of virtual reality research and development (including id Software's audited financial statements, Plaintiffs' budgets or projections for id Software, a purchase price allocation for ZeniMax's acquisition of id Software, and ZeniMax's valuation of id Software), Plaintiffs' belief that they

made valuable contributions to Oculus and its products, and Plaintiff's valuations of Oculus.[1]  *Id.* The withholding of these documents is improper, and Defendants are entitled to their discovery. *See HomeVestors of Am., Inc. v. LeGate*, No. 3:12-CV-01850-P, 2013 WL 3348948, at *2-3 (N.D. Tex. July 3, 2013) (ordering compliance with a request for production of "all documents sufficient to show Your revenues, expenses, net worth, and profits from 2006 to present, including but not limited to financial statements, profit and loss statements, accounting statements, and tax returns" because those documents were necessary for damages analysis); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 927946, at *3 (E.D. La. Apr. 3, 2008) (ordering parties to produce valuations and calculations, such as real estate appraisals and calculations of grant and insurance recoveries, "principally because they are relevant to damages and/or the setoff defense, which itself is a damages defense.").

The requested documents are relevant because Plaintiffs have put their alleged "years" of virtual reality research and development at issue, and these requests go to the historical value of their purported virtual reality work, if any.  *See* ECF No. 1 at ¶¶ 1, 4, 24, 30, 31, 155; ECF No. 38 at ¶¶ 1, 4, 26, 32, 33, 179.  Defendants are also entitled to know whether Plaintiffs prepared or have in their possession any valuations of Oculus, as well as any documents concerning the value of any of Plaintiffs' purported contributions to Oculus and its products.  At a minimum, Plaintiffs should be ordered to produce the following categories of documents, or confirm that none exist:

- All documents and things concerning any alleged harm or damages Plaintiffs claim to have suffered as a result of the conduct alleged in the operative Complaint (because Plaintiffs' production is improperly limited as discussed above) (RFP No. 31);

---

[1] Defendants do, however, withdraw the Motion with respect to requests for production 118 and 136 as Plaintiffs have made a sufficient production of documents with respect to the purchase agreement for ZeniMax's acquisition of id Software, and ZeniMax's internal and external valuations, goodwill impairment analyses and intangible asset valuation analyses.

- Any valuations of Oculus and related documents (as Plaintiffs have produced none) (RFP No. 138);

- Documents concerning any calculations and support of value of any contributions allegedly made by Plaintiffs for the benefit of Oculus (as Plaintiffs have produced none) (RFP No. 139);

- Audited financial statements for id Software from 2006 to the present and financial documents related to id Software and ZeniMax's acquisition of id Software (as Plaintiffs have only provided unaudited statements for 2008 and part of 2009). These documents are discoverable because they may provide internal valuations of the intangible assets at issue, or confirm the lack of value placed on those alleged assets (RFP Nos. 101, 160, 161, 162);

- Documents concerning ZeniMax's purchase price allocation and/or intangible asset valuations for ZeniMax's acquisition of id Software (as Plaintiffs have produced no responsive documents). Such documents are necessary to determine the value (if any) of any of the intangible assets at issue and ZeniMax's method for calculating the value for intangibles (RFP No. 163); and

- ZeniMax's valuations of id Software (as Plaintiffs have produced none) (RFP No. 164).[2]

**B.     Plaintiffs Must Specifically State the Relief they Seek (Facebook Interrogatory 20)**

Defendants are not seeking a "*de facto* expert report in an interrogatory response." Opp'n at 8. Rather, Defendants would like to know the theories underlying the bare legal and equitable remedies listed in Plaintiffs' Amended Complaint and their current interrogatory response (which are identical). *Compare* ECF No. 38 at 52 *with* App. at 179-80. This comports with Plaintiffs' initial disclosure requirement under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), which requires all plaintiffs to provide "a computation of each category of damages claimed by the disclosing party." While Plaintiffs may need expert testimony to complete an exact computation of their damages, the theory underlying the calculation should be disclosed at this point. For example, Plaintiffs seek "actual damages," but have refused to state

---

[2] To the extent other categories of documents responsive to the requests at issue in this Motion are later deemed to be necessary as discovery proceeds, Defendants reserve all rights to seek relief at such time.

what theories they intend to use to calculate their supposed "actual damages." Likewise, Plaintiffs request "equitable relief" and "injunctive relief" but refuse to state what injunction they would like the Court to enter, or the form of equitable relief sought. At this stage in the litigation, Plaintiffs should be compelled to provide more than a laundry list of potential remedies to Defendants. Accordingly, Defendants reiterate their request for Plaintiffs to, at a minimum, set forth their theories for computing "actual damages," "restitution," "disgorgement," "exemplary damages," "statutory damages," and "enhanced damages," as well as describing the equitable and injunctive relief they seek. App. at 179-80.

## CONCLUSION

For the foregoing reasons and those in Defendants' opening brief, the Court should order Plaintiffs to produce all non-privileged documents responsive to Defendants' requests related to Plaintiffs' virtual-reality research and development, purported damages, including those Defendants need to conduct an analysis of potential damages, and additional documents related to ZeniMax's acquisition of id Software. Additionally, the Court should require Plaintiffs to provide a supplemental response to Facebook's interrogatory number 20, specifically stating the relief they seek.

Date:  August 21, 2015

Respectfully submitted,

*/s/ Heidi L. Keefe*

Richard A. Smith
Texas Bar No. 24027990
rsmith@lynnllp.com
Elizabeth Y. Ryan
Texas Bar No. 24067758
eryan@lynnllp.com
**LYNN TILLOTSON PINKER & COX LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Phone: (214) 981-3800
Fax: (214) 981-3839

Michael G. Rhodes (*pro hac vice*)
mrhodes@cooley.com
**COOLEY LLP**
101 California St., 5th Floor
San Francisco, California  94111
Phone:  (415) 693-2000

Heidi L. Keefe (*pro hac vice*)
hleefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Phone:  (650) 843-5000

**CERTIFICATE OF SERVICE**

On August 21, 2015, 2015, I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  I hereby certify that I have served all counsel who are deemed to have consented to electronic service or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

            */s/ Heidi L. Keefe*
              Heidi L. Keefe