IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | NO. 3:14-01849-P |
| v. | ) | |
| | ) | |
| OCULUS VR, LLC, PALMER LUCKEY, | ) | |
| and FACEBOOK, INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |
| | ) | |

## FACEBOOK INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Facebook, Inc. ("Facebook") hereby files its answer and affirmative defenses to the Amended Complaint filed on August 28, 2014, by Plaintiffs ZeniMax Media Inc. ("ZeniMax") and id Software LLC ("id"). Each of the paragraphs below corresponds to the same-numbered paragraphs in the Amended Complaint. Facebook's responses to the factual allegations in the Amended Complaint reflect the knowledge, information, and belief formed after an inquiry reasonable under the circumstances as of the date of this Answer. Facebook denies all allegations in the Amended Complaint whether express or implied, that are not specifically admitted below. Facebook further denies that Plaintiffs are entitled to the relief requested in the Amended Complaint, or to any other relief.

## NATURE OF THE ACTION

1.      Responding to paragraph 1 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook. For those allegations set forth in this paragraph that are not against Facebook, no response is required. Facebook denies such allegations to the extent a response is required.

## PRELIMINARY STATEMENT

2.      Responding to paragraph 2 of the Amended Complaint, Facebook generally admits the allegations set forth in this paragraph, except that Facebook denies that virtual reality ("VR") head-mounted displays ("HMDs") are a "recent" development.

3.      Responding to paragraph 3 of the Amended Complaint, Facebook admits the allegations set forth in this paragraph.

4.      Responding to paragraph 4 of the Amended Complaint, Facebook admits that John Carmack ("Carmack") was Technical Director for id Software in 2011 and 2012 and that Carmack conducted work related to virtual reality while at id Software.   Facebook lacks sufficient information to form a belief as to the truth of all other allegations recited in this paragraph, and on that basis denies them.

5.      Responding to paragraph 5 of the Amended Complaint, Facebook admits that in April 2012, Carmack initiated correspondence with Palmer Luckey ("Luckey"), that Luckey was working on a virtual reality headset called the "Rift" that included a display with a wide field of view, and that Luckey was college-aged and living in southern California.   Facebook further admits that Carmack believed that a wide field of view may be helpful in creating an immersive virtual reality experience, but lack sufficient information to form a belief as to the truth of whether such belief came from Carmack's work at ZeniMax.   Facebook denies the remaining allegations set forth in this paragraph.

6.      Responding to paragraph 6 of the Amended Complaint, Facebook admits that, in response to Carmack's request, Luckey sent him a Rift prototype.   Facebook further admits that, after receiving the Rift prototype, Carmack hot glued a motion sensor that he had previously purchased from Hillcrest Labs ("Hillcrest"), a third party, and had used with other VR HMDs, placed tape on the outside edges of the lenses, attached a strap, and plugged the headset in to an external power source (as specified, the "E3 Demo Unit").   Facebook admits that Carmack also adapted videogame demonstration software that he had previously developed for use with other

VR HMDs to work with the E3 Demo Unit.  Facebook denies the remaining allegations set forth in this paragraph.

7.      Responding to paragraph 7 of the Amended Complaint, Facebook admits that Carmack gave demonstrations at E3 2012 using the E3 Demo Unit.  Facebook lacks sufficient information to form a belief as to the truth of those additional allegations recited in this paragraph that implicate the actions of ZeniMax and/or ZeniMax employees, and on that basis denies them.  Facebook denies the remaining allegations set forth in this paragraph.

8.      Responding to paragraph 8 of the Amended Complaint, Facebook admits that in June 2012, Luckey registered Oculus LLC as a California entity.  Facebook denies the remaining allegations set forth in this paragraph.

9.      Responding to paragraph 9 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph.

10.     Responding to paragraph 10 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph.

11.     Responding to paragraph 11 of the Amended Complaint, Facebook admits that Oculus and ZeniMax entered into discussions regarding a potential business arrangement between ZeniMax and Oculus, and that ZeniMax did not enter into any agreement regarding such business arrangement with Oculus.  Facebook denies the remaining allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

12.     Responding to paragraph 12 of the Amended Complaint, Facebook admits that on March 25, 2014, Facebook announced that it would acquire Oculus for approximately $2 billion in cash and stock.  Facebook denies the remaining allegations set forth in this paragraph.

13.     Responding to paragraph 13 of the Amended Complaint, Facebook admits that Plaintiffs commenced this action on May 21, 2014.  Facebook admits that ZeniMax's filing of

this action was covered by the *New York Times*, the *Wall Street Journal*, and *USA Today*. Facebook denies the remaining allegations set forth in this paragraph.

14.      Responding to paragraph 14 of the Amended Complaint, Facebook admits that Facebook closed its acquisition of Oculus in July of 2014.  Facebook denies the remaining allegations set forth in this paragraph.

## PARTIES

15.      Responding to paragraph 15 of the Amended Complaint, on information and belief, Facebook admits the allegations set forth in this paragraph.

16.      Responding to paragraph 16 of the Amended Complaint, on information and belief, Facebook admits the allegations set forth in this paragraph.

17.      Responding to paragraph 17 of the Amended Complaint, Facebook admits that Oculus VR, LLC is the corporate successor of Oculus VR, Inc., a Delaware corporation, and of that corporation's predecessors, Oculus VR, Inc., a California corporation, and Oculus LLC, a California limited liability company.  Facebook admits the remaining allegations in this paragraph.

18.      Responding to paragraph 18 of the Amended Complaint, Facebook admits that Luckey is one of the founders of Oculus, that Luckey may be served with process at Oculus, and that Luckey resides at the address listed in this paragraph.  Facebook denies the remaining allegations set forth in this paragraph.

19.      Responding to paragraph 19 of the Amended Complaint, Facebook admits the allegations set forth in this paragraph.

## JURISDICTION AND VENUE

20.      Responding to paragraph 20 of the Amended Complaint, the allegations in this paragraph state a legal conclusion to which no response is required.  Facebook denies the allegations to the extent a response is required.

21.      Responding to paragraph 21 of the Amended Complaint, the allegations in this paragraph state a legal conclusion to which no response is required.  Facebook denies the

allegations to the extent a response is required as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

## FACTS

22.      Responding to paragraph 22 of the Amended Complaint, Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

23.      Responding to paragraph 23 of the Amended Complaint, Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

24.      Responding to paragraph 24 of the Amended Complaint, Facebook admits that Carmack was one of id Software's founders, that Carmack was id Software's Technical Director in 2009, and that Carmack entered into an employment agreement with ZeniMax.  Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph, and on that basis denies them.

25.      Responding to paragraph 25 of the Amended Complaint, Facebook admits that Carmack entered into an employment agreement with ZeniMax.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the employment agreement, Facebook refers the Court to the contents of that document.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the employment agreement, Facebook denies every such allegation.  Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph, and on that basis denies them.

26.      Responding to paragraph 26 of the Amended Complaint, Facebook admits that Carmack was interviewed on video at the E3 2012 convention.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this interview and/or video, Facebook refers the Court to the contents of the interview and/or video.  To the

extent the allegations set forth in this paragraph differ in any way from the contents of the interview and/or video, Facebook denies every such allegation.  Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph, and on that basis denies them.

28.     Responding to paragraph 27 of the Amended Complaint, Facebook admits that in late 2011, Carmack began testing videogame software with various off-the-shelf HMDs. Facebook admits that "latency" is a broad term that can refer to the delay between a user's movement and the corresponding change in the displayed image on a VR HMD.  Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph, and on that basis denies them.

28.     Responding to paragraph 28 of the Amended Complaint, Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph that implicate the actions of ZeniMax and/or ZeniMax employees, and on that basis denies them. Facebook denies the remaining allegations set forth in this paragraph.

29.     Responding to paragraph 29 of the Amended Complaint, on information and belief, Facebook admits that ZeniMax planned to demonstrate *DOOM 3: BFG Edition* using one or more third party VR HMDs at the E3 Convention in June 2012 and that id Software posted a photograph via Twitter on or about March 7, 2012.  Facebook lacks sufficient information to form a belief as to the truth of those allegations recited in this paragraph that implicate the actions of ZeniMax and/or ZeniMax employees, and on that basis denies them.  Facebook denies the remaining allegations set forth in this paragraph.

30.     Responding to paragraph 30 of the Amended Complaint, Facebook admits that Luckey was college-aged in April 2012, that in April 2012, Carmack learned that Luckey had developed multiple prototype VR HMDs and that Carmack requested that Luckey send him a prototype device.  Facebook admits that, in response to Carmack's request, Luckey sent a Rift prototype.  Facebook denies the remaining allegations set forth in this paragraph.

31.     Responding to paragraph 31 of the Amended Complaint, Facebook admits that Carmack evaluated and analyzed the Rift prototype. Facebook further admits that, after receiving the Rift prototype, Carmack hot glued a motion sensor that he had previously purchased from Hillcrest, placed tape on the outside edges of the lenses, attached a strap, and plugged the headset in to an external power source.  Facebook denies the remaining allegations set forth in this paragraph.

32.     Responding to paragraph 32 of the Amended Complaint, Facebook admits that after receiving the Rift prototype, Carmack hot glued a motion sensor that he had previously purchased from Hillcrest, placed tape on the outside edges of the lenses, attached a strap, and plugged the headset in to an external power source.  Facebook further admits that Carmack was interviewed at the 2012 E3 Convention and that Carmack published a white paper in 2013 with ZeniMax's permission.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this interview and/or white paper, Facebook refers the Court to the contents of that interview and/or white paper.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the interview and/or white paper, Facebook denies every such allegation.  Facebook lacks sufficient information to form a belief as to the truth of those allegations recited in this paragraph that implicate the actions of ZeniMax and/or ZeniMax employees, and on that basis denies them.  Facebook denies the remaining allegations set forth in this paragraph.

33.     Responding to paragraph 33 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph.

34.     Responding to paragraph 34 of the Amended Complaint, Facebook admits that Luckey, in his individual capacity and before Oculus was formed as a company, signed a document that ZeniMax refers to as the "Non-Disclosure Agreement," but Facebook denies that the document is a valid and enforceable agreement. To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this document, Facebook refers the Court to the contents of that document.  To the extent the allegations set forth in this

paragraph differ in any way from the contents of the document, Facebook denies every such allegation. Facebook denies the remaining allegations set forth in this paragraph.

35.     Responding to paragraph 35 of the Amended Complaint, Facebook admits that Luckey, in his individual capacity and before Oculus was formed as a company, signed a document that ZeniMax refers to as the "Non-Disclosure Agreement," but Facebook denies that the document is a valid and enforceable agreement. To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this document, Facebook refers the Court to the contents of that document.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the document, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

36.     Responding to paragraph 36 of the Amended Complaint, Facebook admits that Luckey, in his individual capacity and before Oculus was formed as a company, signed a document that ZeniMax refers to as the "Non-Disclosure Agreement," but Facebook denies that the document is a valid and enforceable agreement. To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this document, Facebook refers the Court to the contents of that document.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the document, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

37.     Responding to paragraph 37 of the Amended Complaint, Facebook admits that Luckey, in his individual capacity and before Oculus was formed as a company, signed a document that ZeniMax refers to as the "Non-Disclosure Agreement," but Facebook denies that the document is a valid and enforceable agreement. To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this document, Facebook refers the Court to the contents of that document.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the document, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

38.     Responding to paragraph 38 of the Amended Complaint, Facebook admits that Luckey, in his individual capacity and before Oculus was formed as a company, signed a document that ZeniMax refers to as the "Non-Disclosure Agreement," but Facebook denies that the document is a valid and enforceable agreement. To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this document, Facebook refers the Court to the contents of that document.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the document, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

39.     Responding to paragraph 39 of the Amended Complaint, Facebook admits that Carmack sent Luckey an email on May 25, 2012.   To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of that email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation. Facebook denies the remaining allegations set forth in this paragraph.

40.     Responding to paragraph 40 of the Amended Complaint, Facebook admits that, shortly before the E3 Convention, Carmack demonstrated *DOOM 3: BFG Edition* using the E3 Demo Unit to an online news publisher, *The Verge*, that the demonstration took place in Carmack's id Software office in Texas, and that *The Verge* published an online video about *DOOM 3: BFG Edition*, which included a demonstration of the videogame on the E3 Demo Unit.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this video, Facebook refers the Court to the contents of that video. To the extent the allegations set forth in this paragraph differ in any way from the contents of the video, Facebook denies every such allegation.  Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph, and on that basis denies them.

41.     Responding to paragraph 41 of the Amended Complaint, Facebook admits that, on May 30, 2012, *The Verge* published an article and video.  To the extent that the allegations set

forth in this paragraph purport to summarize or characterize the contents of this video and/or article, Facebook refers the Court to the contents of that video and/or article. To the extent the allegations set forth in this paragraph differ in any way from the contents of the video and/or article, Facebook denies every such allegation. Facebook denies the remaining allegations set forth in this paragraph.

42.     Responding to paragraph 42 of the Amended Complaint, Facebook admits that at the E3 Convention held in Los Angeles from June 5-7, 2012, Carmack conducted demonstrations of *DOOM 3: BFG Edition* using the E3 Demo Unit and that demonstrations of *DOOM 3: BFG Edition* using the E3 Demo Unit garnered publicity. Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph, and on that basis denies them.

43.     Responding to paragraph 43 of the Amended Complaint, Facebook admits that Carmack conducted demonstrations of *DOOM 3: BFG Edition* using the E3 Demo Unit for a second day. Facebook admits that Carmack posted a message on a forum at www.mtbs3d.com on June 7, 2012. To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this message, Facebook refers the Court to the contents of that message. To the extent the allegations set forth in this paragraph differ in any way from the contents of the message, Facebook denies every such allegation. Facebook denies the remaining allegations set forth in this paragraph.

44.     Responding to paragraph 44 of the Amended Complaint, Facebook admits that in June 2012, Luckey registered Oculus LLC as a California entity. Facebook denies the remaining allegations set forth in this paragraph.

45.     Responding to paragraph 45 of the Amended Complaint, Facebook admits that Carmack set up a file transfer protocol ("FTP") arrangement.   To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of an email sent on June 11, 2012 by John Carmack, Facebook refers the Court to the contents of that email. To the extent the allegations set forth in this paragraph differ in any way from the contents of the email,

Facebook denies every such allegation.   Facebook denies the remaining allegations set forth in this paragraph.

46.     Responding to paragraph 46 of the Amended Complaint, Facebook admits that Carmack emailed Luckey on June 15, 2012.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of that email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation. Facebook denies the remaining allegations set forth in this paragraph.

47.     Responding to paragraph 47 of the Amended Complaint, Facebook admits that with ZeniMax's permission, Luckey used demonstrations provided by Carmack to demonstrate prototypes of the Rift.  Facebook denies the remaining allegations set forth in this paragraph.

48.     Responding to paragraph 48 of the Amended Complaint, Facebook admits that Carmack sent Luckey a sensor that, on information and belief, was obtained from a third party. Facebook denies the remaining allegations set forth in this paragraph.

49.     Responding to paragraph 49 of the Amended Complaint, Facebook admits that Luckey emailed Carmack in June 2012.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of the emails, Facebook refers the Court to the contents of the emails.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the emails, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

50.     Responding to paragraph 50 of the Amended Complaint, Facebook admits that, in April 2012, Luckey announced his intention to offer the Rift via a Kickstarter campaign. Facebook further admits that Oculus planned to create a video demonstrating the intended capabilities of the Rift.  Facebook denies the remaining allegations set forth in this paragraph.

51.     Responding to paragraph 51 of the Amended Complaint, Facebook admits that Luckey sent an email to Carmack on June 20, 2012.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers

the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation. Facebook denies the remaining allegations set forth in this paragraph.

52.     Responding to paragraph 52 of the Amended Complaint, Facebook admits that, on June 20, 2012, Todd Hollenshead ("Hollenshead") sent an email to Luckey.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

53.     Responding to paragraph 53 of the Amended Complaint, Facebook admits that on June 23, 2012, Luckey responded to Hollenshead's June 20 email.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

54.     Responding to paragraph 54 of the Amended Complaint, Facebook admits that Luckey emailed Carmack on July 8, 2012.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of the email, Facebook refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

55.     Responding to paragraph 55 of the Amended Complaint, Facebook admits that Hollenshead emailed Luckey on July 13, 2012.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of the email, Facebook refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ

in any way from the contents of the email, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

56.     Responding to paragraph 56 of the Amended Complaint, Facebook admits that Carmack emailed Luckey on July 17, 2012.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.  Facebook admits that Luckey emailed Carmack on July 19, 2012.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email.   To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

57.     Responding to paragraph 57 of the Amended Complaint, Facebook admits that Luckey sent Carmack an email on July 21, 2012.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

58.     Responding to paragraph 58 of the Amended Complaint, Facebook admits that Luckey sent Carmack an email on July 25, 2012.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.  Facebook admits that Carmack forwarded Luckey a link to Hillcrest's FTP site for downloading Hillcrest firmware, but did not download the firmware from that link.  Facebook admits that Luckey used firmware provided by Hillcrest in demonstrations, but did not obtain it via the FTP link sent by Carmack.  Facebook denies the remaining allegations set forth in this paragraph.

59.     Responding to paragraph 59 of the Amended Complaint, Facebook admits that Luckey sent Carmack an email on July 26, 2012.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation. Facebook admits that Carmack did not provide any video footage for the Kickstarter video. Facebook denies the remaining allegations set forth in this paragraph.

60.     Responding to paragraph 60 of the Amended Complaint, Facebook admits that Carmack emailed Luckey on July 27, 2012.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

61.     Responding to paragraph 61 of the Amended Complaint, Facebook admits that Luckey and Carmack exchanged emails on July 28, 2012.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of these emails, Facebook refers the Court to the contents of the emails.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the emails, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

62.     Responding to paragraph 62 of the Amended Complaint, Facebook admits that on August 1, 2012, Luckey launched the Oculus Kickstarter campaign, that the funding target was $250,000, and that the Kickstarter page featured a five-minute video.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this video, Facebook refers the Court to the contents of the video.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the video, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

63.     Responding to paragraph 63 of the Amended Complaint, Facebook admits that Oculus used publicly available footage of Carmack discussing the Rift, that Oculus announced that certain contributors to the Kickstarter campaign would receive a copy of *DOOM 3: BFG Edition*, and that the Kickstarter campaign featured a video. To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this video, Facebook refers the Court to the contents of the video.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the video, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

64.     Responding to paragraph 64 of the Amended Complaint, Facebook admits that the Kickstarter campaign featured a video. To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this video, Facebook refers the Court to the contents of the video.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the video, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

65.     Responding to paragraph 65 of the Amended Complaint, Facebook admits that the Kickstarter project reached $250,000 in funding four hours after the project launched and that the project ultimately raised $2.44 million in funding from nearly 10,000 contributors.  Facebook denies the remaining allegations set forth in this paragraph.

66.     Responding to paragraph 66 of the Amended Complaint, Facebook admits that during the summer of 2012, with ZeniMax's permission, Oculus used certain demonstration software provided by Carmack for demonstrations of various Rift prototypes, that Brendan Iribe Trexler ("Iribe") had a meeting with Luckey in a Long Beach, California hotel room in the summer of 2012 and viewed a demonstration of a view of the game "RAGE," that RAGE is a videogame developed and owned by ZeniMax, and that Iribe became a co-founding member of Oculus.  Facebook denies the remaining allegations set forth in this paragraph.

67.     Responding to paragraph 67 of the Amended Complaint, Facebook admits that in August 2012, Oculus had booth space at QuakeCon and demonstrated various Rift prototypes in

addition to the E3 Demo Unit.   Facebook denies the remaining allegations set forth in this paragraph.

68.   Responding to paragraph 68 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph.

69.   Responding to paragraph 69 of the Amended Complaint, Facebook admits that on August 5, 2012, Luckey appeared on a panel at QuakeCon and that the panel was recorded on video.   To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this video, Facebook refers the Court to the contents of the video. To the extent the allegations set forth in this paragraph differ in any way from the contents of the video, Facebook denies every such allegation.   Facebook denies the remaining allegations set forth in this paragraph.

70.   Responding to paragraph 70 of the Amended Complaint, Facebook admits that on August 4, 2012, Nate Mitchell ("Mitchell") sent an email to Tracey Thompson ("Thompson") and Hollenshead.   To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email.   To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.   Facebook admits that employees and/or officers of ZeniMax met with Mitchell and Luckey, and ZeniMax expressed an interest in working with Oculus in the future.   Facebook denies the remaining allegations set forth in this paragraph.

71.   Responding to paragraph 71 of the Amended Complaint, Facebook admits that Oculus and ZeniMax discussed showing *DOOM 3: BFG Edition* at upcoming conventions, that ZeniMax provided Oculus with an executable version of *DOOM 3: BFG Edition* to use for upcoming demonstrations on the Rift, and that ZeniMax requested a schedule of anticipated demonstrations.   Facebook denies the remaining allegations set forth in this paragraph.

72.   Responding to paragraph 72 of the Amended Complaint, Facebook admits that, on August 7, 2012, Iribe sent an email to Hollenshead.   To the extent that the allegations set forth

in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation. Facebook denies the remaining allegations set forth in this paragraph.

73.     Responding to paragraph 73 of the Amended Complaint, Facebook admits that, on August 10, 2012, ZeniMax reiterated its interest in working with Oculus in the future. Facebook denies the remaining allegations set forth in this paragraph.

74.     Responding to paragraph 74 of the Amended Complaint, Facebook admits that, on August 16, 2012, Hollenshead sent an email to Mitchell.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

75.     Responding to paragraph 75 of the Amended Complaint, Facebook admits that on August 22, 2012, Mitchell sent an email to Hollenshead.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

76.     Responding to paragraph 76 of the Amended Complaint, Facebook admits that on August 22, 2012, Hollenshead sent an email to Mitchell.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

77.     Responding to paragraph 77 of the Amended Complaint, Facebook admits that on August 22, 2012, Iribe sent an email to Hollenshead.  To the extent that the allegations set forth

in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email. To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation. Facebook denies the remaining allegations set forth in this paragraph.

78. Responding to paragraph 78 of the Amended Complaint, Facebook admits that on September 10, 2012, Oculus sent ZeniMax a proposal. To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this proposal, Facebook refers the Court to the contents of the proposal. To the extent the allegations set forth in this paragraph differ in any way from the contents of the proposal, Facebook denies every such allegation. Facebook denies the remaining allegations set forth in this paragraph.

79. Responding to paragraph 79 of the Amended Complaint, Facebook admits that on September 10, 2012, Oculus sent ZeniMax a proposal. To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this proposal, Facebook refers the Court to the contents of the proposal. To the extent the allegations set forth in this paragraph differ in any way from the contents of the proposal, Facebook denies every such allegation. Facebook denies the remaining allegations set forth in this paragraph.

80. Responding to paragraph 80 of the Amended Complaint, Facebook admits that on September 10, 2012, Oculus sent ZeniMax a proposal. To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this proposal, Facebook refers the Court to the contents of the proposal. To the extent the allegations set forth in this paragraph differ in any way from the contents of the proposal, Facebook denies every such allegation. Facebook denies the remaining allegations set forth in this paragraph.

81. Responding to paragraph 81 of the Amended Complaint, Facebook admits that on September 10, 2012, Oculus sent ZeniMax a proposal. To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this proposal, Facebook refers the Court to the contents of the proposal. To the extent the allegations set forth in this

paragraph differ in any way from the contents of the proposal, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

82.     Responding to paragraph 82 of the Amended Complaint, Facebook admits that on September 27, 2012, Oculus sent an investor prospectus to ZeniMax.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this prospectus, Facebook refers the Court to the contents of the prospectus.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the prospectus, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

83.     Responding to paragraph 83 of the Amended Complaint, Facebook admits that, on September 27, 2012, Oculus sent an investor prospectus to ZeniMax.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this prospectus, Facebook refers the Court to the contents of the prospectus.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the prospectus, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

84.     Responding to paragraph 84 of the Amended Complaint, Facebook admits that, on October 19, 2012, ZeniMax sent a proposal to Oculus.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this proposal, Facebook refers the Court to the contents of the proposal.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the proposal, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

85.     Responding to paragraph 85 of the Amended Complaint, Facebook admits the allegations set forth in this paragraph.

86.     Responding to paragraph 86 of the Amended Complaint, Facebook admits that, on November 22, 2012, Jack McCauley emailed Carmack.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook

refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

87.     Responding to paragraph 87 of the Amended Complaint, Facebook admits that on November 26, 2012, Iribe emailed Carmack.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

88.     Responding to paragraph 88 of the Amended Complaint, Facebook admits that on November 27, 2012, Michael Antonov emailed Iribe, copying Carmack.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

89.     Responding to paragraph 89 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph.

90.     Responding to paragraph 90 of the Amended Complaint, Facebook admits that on December 11, 2012, Oculus sent a second proposal and revised investor prospectus to ZeniMax.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this proposal and revised investor prospectus, Facebook refers the Court to the contents of these documents.  To the extent the allegations set forth in this paragraph differ in any way from the contents of these documents, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

91.     Responding to paragraph 91 of the Amended Complaint, Facebook admits that, on December 29, 2012, Iribe emailed Carmack.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this email, Facebook refers the

Court to the contents of the email.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the email, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

92.     Responding to paragraph 92 of the Amended Complaint, Facebook admits that, in mid-January 2013, Oculus demonstrated Rift prototypes at the Consumer Electronics Show ("CES") industry convention.   Facebook denies the remaining allegations set forth in this paragraph.

93.     Responding to paragraph 93 of the Amended Complaint, Facebook admits that by January 22, 2013, Oculus had begun further efforts to obtain financing and had invited ZeniMax to invest in Oculus.  Facebook admits that ZeniMax did not enter into any agreement to invest in Oculus.  Facebook denies the remaining allegations set forth in this paragraph.

94.     Responding to paragraph 94 of the Amended Complaint, on information and belief, Facebook admits that ZeniMax instructed Carmack to cease all work related to VR. Facebook denies the remaining allegations set forth in this paragraph.

95.     Responding to paragraph 95 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph.

96.     Responding to paragraph 96 of the Amended Complaint, on information and belief, Facebook admits that Carmack's employment contract with ZeniMax expired in June 2013, that Carmack did not renew his employment at id Software, and that Carmack worked in the summer of 2013 as a part-time technical advisor for id Software.   Facebook denies the remaining allegations set forth in this paragraph.

97.     Responding to paragraph 97 of the Amended Complaint, Facebook admits that in August 2013, Oculus announced in a press release that Carmack had joined Oculus as its Chief Technical Officer.   To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this press release, Facebook refers the Court to the contents of the press release.   To the extent the allegations set forth in this paragraph differ in

any way from the contents of the press release, Facebook denies every such allegation. Facebook denies the remaining allegations set forth in this paragraph.

98.     Responding to paragraph 98 of the Amended Complaint, Facebook admits that Luckey and Mitchell were interviewed on video at Gamescom 2013.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this video, Facebook refers the Court to the contents of the video.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the video, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

99.     Responding to paragraph 99 of the Amended Complaint, on information and belief, Facebook admits that on February 17, 2014, multiple ZeniMax employees resigned from ZeniMax. Facebook admits that five former ZeniMax employees joined Oculus shortly after February 17, 2014.  Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph and on that basis denies them.

100.     Responding to paragraph 100 of the Amended Complaint, on information and belief, Facebook admits that, on February 17, 2014, multiple ZeniMax employees resigned from ZeniMax.  Facebook admits that five former ZeniMax employees joined Oculus shortly after February 17, 2014.  Facebook denies the remaining allegations set forth in this paragraph.

101.     Responding to paragraph 101 of the Amended Complaint, Facebook admits that on February 20, 2014, ZeniMax sent letters to Carmack and Oculus.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of these letters, Facebook refers the Court to the contents of the letters.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the letters, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

102.     Responding to paragraph 102 of the Amended Complaint, Facebook admits that Oculus has hired several former ZeniMax employees to date.  Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph and on that basis denies them.

103.     Responding to paragraph 103 of the Amended Complaint, Facebook admits that, on March 25, 2014, Facebook announced a proposed acquisition of Oculus for approximately $2 billion in cash and stock, that following the Facebook announcement, counsel for ZeniMax sent a letter to Oculus demanding compensation for ZeniMax's supposed contribution to the success of Oculus, and that Oculus's counsel responded, indicating that Oculus was investigating the allegations.   Facebook denies the remaining allegations set forth in this paragraph.

104.     Responding to paragraph 104 of the Amended Complaint, Facebook admits that on May 5, 2014, Oculus issued a press release.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this press release, Facebook refers the Court to the contents of the press release.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the press release, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

105.     Responding to paragraph 105 of the Amended Complaint, Facebook admits that on April 19, 2014, John Carmack posted a message on Twitter.com.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this post, Facebook refers the Court to the contents of the post.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the post, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

106.     Responding to paragraph 106 of the Amended Complaint, Facebook admits that on April 19, 2014, John Carmack posted a message on Twitter.com.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of this post, Facebook refers the Court to the contents of the post.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the post, Facebook denies every such allegation.  Facebook lacks sufficient information to form a belief as to the truth as to whether Carmack was referring to id Software and on that basis denies this allegation.  Facebook denies the remaining allegations set forth in this paragraph.

107.    Responding to paragraph 107 of the Amended Complaint, Facebook admits that Oculus and Facebook entered into an Amended and Restated Agreement and Plan of Merger with Facebook ("Merger Agreement").   To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of the Merger Agreement, Facebook refers the Court to the contents of the Merger Agreement.   To the extent the allegations set forth in this paragraph differ in any way from the contents of the Merger Agreement, Facebook denies every such allegation.   Facebook denies the remaining allegations set forth in this paragraph.

108.    Responding to paragraph 108 of the Amended Complaint, Facebook admits that Oculus and Facebook entered into the Merger Agreement.   To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of the Merger Agreement, Facebook refers the Court to the contents of the Merger Agreement.   To the extent the allegations set forth in this paragraph differ in any way from the contents of the Merger Agreement, Facebook denies every such allegation.   Facebook denies the remaining allegations set forth in this paragraph.

109.    Responding to paragraph 109 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.   For those allegations set forth in this paragraph that are not against Facebook, no response is required.   Facebook denies such allegations to the extent a response is required.

110.    Responding to paragraph 110 of the Amended Complaint, Facebook admits that Oculus and Facebook entered into the Merger Agreement.   To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of the Merger Agreement, Facebook refers the Court to the contents of the Merger Agreement.   To the extent the allegations set forth in this paragraph differ in any way from the contents of the Merger Agreement, Facebook denies every such allegation.   Facebook denies the remaining allegations set forth in this paragraph.

111.    Responding to paragraph 111 of the Amended Complaint, Facebook admits that ZeniMax commenced this action on May 21, 2014.   Facebook admits that the filing of this action

was covered by the *New York Times*, *Wall Street Journal*, *USA Today*, and in other press outlets. Facebook denies the remaining allegations set forth in this paragraph.

112.   Responding to paragraph 112 of the Amended Complaint, Facebook admits that in July of 2014, Facebook closed on its acquisition of Oculus, and became the sole owner of Oculus and that Facebook was aware of this action at the time this acquisition of Oculus closed.  Facebook denies the remaining allegations set forth in this paragraph

113.   Responding to paragraph 113 of the Amended Complaint, Facebook admits the allegations set forth in this paragraph.

114.   Responding to paragraph 114 of the Amended Complaint, Facebook admits that it held an investor call on March 25, 2014.  To the extent that the allegations set forth in this paragraph purport to summarize or characterize the contents of the transcript of that investor call, Facebook refers the Court to the contents of the transcript.  To the extent the allegations set forth in this paragraph differ in any way from the contents of the transcript, Facebook denies every such allegation.  Facebook denies the remaining allegations set forth in this paragraph.

115.   Responding to paragraph 115 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

## COUNTS

### COUNT 1 -- Common Law Misappropriation of Trade Secrets
### (Against All Defendants)

116.   Responding to paragraph 116 of the Amended Complaint, Facebook repeats and incorporates by reference its responses to Paragraphs 1-115.

117.   Responding to paragraph 117 of the Amended Complaint, Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph and on that basis denies them.

118.     Responding to paragraph 118 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph.

119.     Responding to paragraph 119 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph.

120.     Responding to paragraph 120 of the Amended Complaint, Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph that implicate the actions of ZeniMax and/or ZeniMax employees, and on that basis denies them. Facebook denies the remaining allegations set forth in this paragraph as they relate to Facebook. For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

121.     Responding to paragraph 121 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

122.     Responding to paragraph 122 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

123.     Responding to paragraph 123 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

124.     Responding to paragraph 124 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

125.    Responding to paragraph 125 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

126.    Responding to paragraph 126 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

127.    Responding to paragraph 127 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph.

128.    Responding to paragraph 128 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

129.    Responding to paragraph 129 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

130.    Responding to paragraph 130 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

### COUNT 2 -- Copyright Infringement
**(Against All Defendants)**

131.    Responding to paragraph 131 of the Amended Complaint, Facebook repeats and incorporates by reference its responses to Paragraphs 1-130.

132. Responding to paragraph 132 of the Amended Complaint, Facebook admits that a copy of certificate of copyright registration bearing Registration No. PA0001851913 is attached as Exhibit 1 to the Amended Complaint. Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph and on that basis denies them.

133. Responding to paragraph 133 of the Amended Complaint, Facebook admits that copies of U.S. Copyright Office Registration Nos. TXu 1-897-004 and TXu 1-897-005 are attached as Exhibits 2 and 3 to the Amended Complaint, respectively. Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph and on that basis denies them.

134. Responding to paragraph 134 of the Amended Complaint, Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph and on that basis denies them.

135. Responding to paragraph 135 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook. For those allegations set forth in this paragraph that are not against Facebook, no response is required. Facebook denies such allegations to the extent a response is required.

136. Responding to paragraph 136 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook. For those allegations set forth in this paragraph that are not against Facebook, no response is required. Facebook denies such allegations to the extent a response is required.

137. Responding to paragraph 137 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook. For those allegations set forth in this paragraph that are not against Facebook, no response is required. Facebook denies such allegations to the extent a response is required.

138. Responding to paragraph 138 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook. For those allegations set forth

in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

139.    Responding to paragraph 139 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph.

140.    Responding to paragraph 140 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

141.    Responding to paragraph 141 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

**COUNT 3 -- Breach of Contract**
**(Against Oculus and Luckey)**

142.    Responding to paragraph 142 of the Amended Complaint, Facebook repeats and incorporates by reference its responses to Paragraphs 1-141.

143.    Responding to paragraph 143 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.  Facebook denies the allegations to the extent a response is required.

144.    Responding to paragraph 144 of the Amended Complaint, The allegations set forth in this paragraph are not against Facebook and, as such, no response is required.  Facebook denies the allegations to the extent a response is required.

145.    Responding to paragraph 145 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.  Facebook denies the allegations to the extent a response is required.

146.     Responding to paragraph 146 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.  Facebook denies the allegations to the extent a response is required.

147.     Responding to paragraph 147 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.  Facebook denies the allegations to the extent a response is required.

148.     Responding to paragraph 148 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.  Facebook denies the allegations to the extent a response is required.

149.     Responding to paragraph 149 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.  Facebook denies the allegations to the extent a response is required.

150.     Responding to paragraph 150 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

151.     Responding to paragraph 151 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.  Facebook denies the allegations to the extent a response is required.

152.     Responding to paragraph 152 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.  Facebook denies the allegations to the extent a response is required.

## COUNT 4 – Tortious Interference with Contract
### (Against Facebook)

153.     Responding to paragraph 153 of the Amended Complaint, Facebook repeats and incorporates by reference its responses to Paragraphs 1-152.

154.     Responding to paragraph 154 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

155.     Responding to paragraph 155 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

156.     Responding to paragraph 156 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

157.     Responding to paragraph 157 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

158.     Responding to paragraph 158 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph.

159.     Responding to paragraph 159 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph.

160.     Responding to paragraph 160 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph.

### COUNT 5 -- Unfair Competition
### (Against Oculus and Facebook)

161.     Responding to paragraph 161 of the Amended Complaint, Facebook repeats and incorporates by reference its responses to Paragraphs 1-160.

162.    Responding to paragraph 162 of the Amended Complaint, Facebook lacks sufficient information to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the allegations set forth in this paragraph.

163.    Responding to paragraph 163 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

164.    Responding to paragraph 164 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

165.    Responding to paragraph 165 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

166.    Responding to paragraph 166 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph.

167.    Responding to paragraph 167 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

168.    Responding to paragraph 168 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

169.    Responding to paragraph 169 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth

in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

170.    Responding to paragraph 170 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.  Facebook denies the allegations to the extent a response is required.

171.    Responding to paragraph 171 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.  Facebook denies the allegations to the extent a response is required.

172.    Responding to paragraph 172 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

173.    Responding to paragraph 173 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

### COUNT 6 -- Unjust Enrichment
#### (Against All Defendants)

174.    Responding to paragraph 174 of the Amended Complaint, Facebook repeats and incorporates by reference its responses to Paragraphs 1-173.

175.    Responding to paragraph 175 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

176.    Responding to paragraph 176 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth

in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

177.    Responding to paragraph 177 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

178.    Responding to paragraph 178 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

179.    Responding to paragraph 179 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

180.    Responding to paragraph 180 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

181.    Responding to paragraph 181 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph.

182.    Responding to paragraph 182 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

183.    Responding to paragraph 183 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth

in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

184.    Responding to paragraph 184 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

**COUNT 7 -- Trademark Infringement**
**(Against Oculus and Luckey)**

185.    Responding to paragraph 185 of the Amended Complaint, Facebook repeats and incorporates by reference its responses to Paragraphs 1-184.

186.    Responding to paragraph 186 of the Amended Complaint, Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph and on that basis denies them.

187.    Responding to paragraph 187 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

188.    Responding to paragraph 188 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.  Facebook denies the allegations to the extent a response is required.

189.    Responding to paragraph 189 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.  Facebook denies the allegations to the extent a response is required.

190.    Responding to paragraph 190 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.  Facebook denies the allegations to the extent a response is required.

191.    Responding to paragraph 191 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.   Facebook denies the allegations to the extent a response is required.

### COUNT 8 -- False Designation
#### (Against Oculus and Luckey)

192.    Responding to paragraph 192 of the Amended Complaint, Facebook repeats and incorporates by reference its responses to Paragraphs 1-191.

193.    Responding to paragraph 193 of the Amended Complaint, Facebook denies the allegations set forth in this paragraph as they relate to Facebook.  For those allegations set forth in this paragraph that are not against Facebook, no response is required.  Facebook denies such allegations to the extent a response is required.

194.    Responding to paragraph 194 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.   Facebook denies the allegations to the extent a response is required.

195.    Responding to paragraph 195 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.   Facebook denies the allegations to the extent a response is required.

196.    Responding to paragraph 196 of the Amended Complaint, the allegations set forth in this paragraph are not against Facebook and, as such, no response is required.   Facebook denies the allegations to the extent a response is required.

### PLAINTIFFS' PRAYER FOR RELIEF

Facebook denies that Plaintiffs are entitled to any of the grounds for relief set forth in the Amended Complaint.  Facebook denies that Plaintiffs are entitled to any relief.

### FACEBOOK'S AFFIRMATIVE DEFENSES

Without assuming the burden of proof, Facebook pleads the following affirmative defenses, other matters of avoidance, or other bars to Plaintiffs' claims.

### First Affirmative Defense

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred by the doctrines of acquiescence, laches, equitable estoppel, waiver and/or unclean hands.  ZeniMax has engaged in misleading conduct based upon which Facebook reasonably inferred that ZeniMax was making no claim to Defendants' technology or otherwise asserting any intellectual property rights.  Further, to the extent ZeniMax believed that it owned Defendants' technology or that Defendants were infringing ZeniMax's intellectual property rights, ZeniMax has known of those claims and engaged in conduct inconsistent with those rights and/or inexcusably delayed asserting such rights to the prejudice of Facebook, with such prejudice including among other things the significant investment Facebook has made in Oculus's technology, brand and associated goodwill.  Lastly, ZeniMax's conduct has been misleading, unconscientious, unjust, and marked by a want of good faith.  Permitting ZeniMax to pursue its claims would cause significant harm to Facebook.

### Third Affirmative Defense

Plaintiffs' claims are barred because Defendants' use of the works at issue was pursuant to a license, express or implied, or was otherwise pursuant to Plaintiffs' express, implied, or ostensible permission.

### Fourth Affirmative Defense

Federal law preempts some or all of Plaintiffs' claims asserted under state law.

### Fifth Affirmative Defense

Plaintiffs' misappropriation-based claims are barred because Plaintiffs' purported trade secrets were readily ascertainable by proper means.

### Sixth Affirmative Defense

Plaintiffs' contract-based claims are barred because there was no meeting of the minds with respect to the NDA sufficient to form a valid contract.

### Seventh Affirmative Defense

Plaintiffs' contract-based claims are barred as a result of the specific language of the NDA.

### Eighth Affirmative Defense

Plaintiffs' contract-based claims are barred by failure or lack of consideration.

### Ninth Affirmative Defense

Plaintiffs' contract-based claims are barred by Plaintiffs' failure of performance.

### Tenth Affirmative Defense

Plaintiffs' contract-based claims are barred by lack of privity of contract.

### Eleventh Affirmative Defense

Plaintiffs' prayer for statutory damages and attorney's fees under the Copyright Act is barred to the extent the copyrights in issue do not meet the registration requirements of the Copyright Act, including 17 U.S.C. § 412(2).

### Twelfth Affirmative Defense

Plaintiffs have suffered no damages.

### Thirteenth Affirmative Defense

If Plaintiffs suffered any injury or damages as alleged in the Amended Complaint, which is expressly denied, then said damages or injuries resulted from Plaintiffs' own acts and/or omissions.

### Fourteenth Affirmative Defense

To the extent any damages were suffered by Plaintiffs, which is expressly denied, any such damages were the result of the negligence, carelessness, acts, omissions, fault or breaches of contract or obligations of persons other than Facebook, including Plaintiffs, over whom Facebook has no control, and, accordingly, such acts bar any recovery against Facebook in whole or in part.

### Fifteenth Affirmative Defense

Plaintiffs have failed to act reasonably to mitigate the damages alleged in the Amended Complaint.

## Additional Affirmative Defenses

Facebook specifically reserves the right to assert such other and further affirmative defenses as are revealed in the course of discovery.

## DEMAND FOR JURY TRIAL

Facebook hereby demands a jury trial on all issues and claims so triable.

Dated:  August 24, 2015

Michael G. Rhodes (*pro hac vice*)
mrhodes@cooley.com
**COOLEY LLP**
101 California St., 5th Floor
San Francisco, California  94111
Tel:  (415) 693-2000

Heidi L. Keefe (*pro hac vice*)
hkeefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Phone:  (650) 843-5000

Respectfully submitted,

*/s/ Heidi L. Keefe*

Richard A. Smith
Texas Bar No. 24027990
Email:  rsmith@lynnllp.com
Elizabeth Y. Ryan
Texas Bar No. 24067758
Email:  eryan@lynnllp.com
**LYNN TILLOTSON PINKER & COX LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
Phone:  (214) 981-3800
Fax:  (214) 981-3839

*Attorneys for Defendant*
Facebook, Inc.

### CERTIFICATE OF SERVICE

On August 24, 2015, I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  I hereby certify that I have served all counsel who are deemed to have consented to electronic service or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Heidi L. Keefe*
Heidi L. Keefe