IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and <br> ID SOFTWARE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> OCULUS VR, LLC, <br> PALMER LUCKEY, <br> and FACEBOOK, INC. <br><br> Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. 3:14-cv-01849-P |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION (A) TO OVERRULE LIMITATIONS ON DEFENDANT FACEBOOK, INC.'S RESPONSES TO REQUESTS FOR PRODUCTION AND (B) TO COMPEL PRODUCTION OF DOCUMENTS AND SOURCE CODE WITHHELD ON THAT BASIS**

On March 25, 2014, Facebook, Inc. ("Facebook") announced its acquisition of Oculus VR ("Oculus"). (Dkt. No. 38 ¶ 103.) That same day, Facebook's Chief Executive Officer, Mark Zuckerberg, informed investors that Facebook intended to utilize Oculus's virtual reality technology for the benefit of its core business of social networking and advertising. (*Id.* ¶¶ 114-15.) Plaintiffs soon thereafter amended their complaint to allege claims against Facebook based on, among other things, Facebook's stated intent to build virtual reality products and services from Plaintiffs' intellectual property. (*Id.* ¶¶ 116-141, 153-184.) The Court recently denied Facebook's motion to dismiss, ruling that each of these claims may move forward. (*See* Dkt. No. 197.) There is now no reason why Facebook should not be subject to full discovery.[1]

---

[1] Indeed, as noted in Plaintiffs' Motion (Dkt. No 186 at 1-2), Facebook was obligated to proceed with discovery well before the Court's order denying its motion to dismiss.

Accordingly, for nearly a year, Plaintiffs have specifically sought (i) source code associated with Facebook's virtual-reality products and services, and (ii) documents concerning the development, operation, marketing, and financial health of those offerings.  (*See* Dkt. No. 186 at 2, 5.)  Though Facebook and its counsel have repeatedly affirmed that such documents and source code exist (*see, e.g.*, Dkt. No. 187-1, App'x 1 at 2), they have advanced one excuse after another to obstruct that production.  (*See* Dkt. No. 186 at 2-4 & n.2 (listing at least <u>four</u> different reasons for Facebook's failure to produce).)  Defendants' Opposition (Dkt. No. 199) to Plaintiffs' Motion (Dkt. No. 186) only contains further excuses for that failure to produce.  As detailed *infra*, each of these excuses is without merit.  Plaintiffs therefore respectfully request that their Motion to compel Facebook virtual reality source code and documents be granted.

## **ARGUMENT**

Plaintiffs reply to Defendants' Opposition as follows:

1.  Defendants assert that Plaintiffs cannot seek the details of "all work that could conceivably relate in any way to 'virtual reality' . . . at Facebook" because Plaintiffs "did not invent 'virtual reality,' a field that has been around since the 1950s." (Dkt. No. 199 at 1.)  But Plaintiffs have never contended that they invented virtual reality.  Nor has Facebook been "around since the 1950s":  it was founded in 2004, and apparently had no virtual reality business until its acquisition of Oculus in 2014.  Plaintiffs have every right to inquire into Facebook's efforts to build upon and profit from the technology misappropriated by its co-Defendants, particularly as the majority of relevant documents and code are less than a year old.

2.  Defendants argue that Plaintiffs' document requests are overbroad and seek materials not relevant to the case in order to mold the litigation "'around whatever [Plaintiffs'] find.'"  (Dkt. No. 199 at 2-3, 5.)  As an initial matter, this Court has noted that the "threshold for

relevance in discovery . . . [is] low." *See United States ex rel. Becker v. Tools & Metals, Inc.*, No. 3:05–cv–627–L, 2011 WL 856928, at *2 (N.D. Tex. Mar. 11, 2011) (Lindsay, J.).  In addition, Plaintiffs are plainly not engaged in a fishing expedition.  Both Defendants and their counsel have admitted that Facebook is in possession of documents and source code connected to Oculus's virtual reality offerings.  (*See* Dkt. No. 38 ¶¶ 114-15; *see also* Dkt. No. 187-1, App'x 1 at 2.)  Plaintiffs only seek the materials that Defendants have themselves put into controversy.

3. Defendants further argue that Plaintiffs' requests are improper because they seek "the entirety of Facebook's source code — including the source code underlying its core social networking products which are unrelated to virtual reality." (Dkt. No. 199 at 3.) *Not so.* The protective order entered in this case acknowledges that Plaintiffs are not presently seeking any "non-virtual reality Facebook source code." (Dkt. No. 107 at 13 n.1.) Plaintiffs' Motion is narrowly tailored to virtual reality source code and documents, and seeks only a subset of the Facebook virtual reality code Defendants' counsel have admitted exists. (*See* Dkt. No. 186 at 3.) That information should be produced without delay.

4. Defendants assert that Plaintiffs are required to tie their document requests to specific misappropriated trade secrets before this information will be produced. (*See generally* Dkt. No. 199.) But Plaintiffs cannot identify the specific trade secrets misappropriated by Oculus and Luckey that that Facebook has in turn misappropriated unless Facebook produces its virtual reality documents and source code for review.[2] In any event, Plaintiffs' claims against

---

[2] Defendants argue that "[h]ad Plaintiffs analyzed their claims against the identified Facebook code [and documents], Plaintiffs would have been unable to make any connection between them." (Dkt. No. 199 at 6.) But, as Defendants have noted elsewhere, the party from whom discovery is requested cannot be the sole arbiter of what evidence is relevant.  It is therefore entirely inappropriate for Facebook to withhold virtual reality documents and source code because it feels that those items "ha[ve] no relation to Plaintiffs' claims." (*Id.*)  That is for the parties to litigate, and the Court to decide.

3

Facebook are not limited to trade secret misappropriation. Plaintiffs have also advanced independent claims of copyright infringement, tortious interference, unfair competition and unjust enrichment against Facebook. (Dkt. No. 38 ¶¶ 131-141, 153-184.) These claims require an understanding of how Facebook exploited its subsidiary Oculus's use of Plaintiffs' technology, and how Facebook's virtual reality products were developed, operated, marketed and monetized. Plaintiffs therefore ask the Court to reject Defendants' inappropriate attempts at burden shifting, and request the production of Facebook virtual reality documents and source code forthwith.

5.   Finally, Defendants complain that Plaintiffs purportedly did not fully confer with them prior to filing their Motion. (*See* Dkt. No. 199 at 4-5.) In fact, Plaintiffs amply satisfied their obligations under the Local Rules. *See* N.D. Tex. L.R. 7.1. Plaintiffs conferred with Defendants on the topics discussed in its Motion on at least six different instances by email, letter correspondence, and telephone between the beginning of April and the end of July. (*See* Dkt. No. 187-1; *see also* Dkt. Nos. 199-200.) In those discussions, Plaintiffs repeatedly sought a narrow subset of the Facebook virtual reality source code connected to Oculus, but were refused. (*See* Dkt. No. 186 at 2-4 & n.2.) Plaintiffs also repeatedly conferred with Defendants concerning on Facebook's refusal to produce its virtual reality documents. In correspondence between the parties on June 24, June 30, and July 16, 2015, Plaintiffs again raised Defendants' failure to produce Facebook virtual reality documents, and Defendants responded that they would only produce virtual reality documents of Oculus and Luckey. (*Id.* at 4-6.)

After more than three months of delay by Defendants, on July 16, Plaintiffs sent a request for a conference in the hope of finally resolving or narrowing the issues presented here. This letter, which was sent to <u>all</u> lead counsel in this action, attempted to convene the principal counsel for each party for an immediate conference on Facebook's refusal to participate

4

discovery. Having received no response a week later, and faced with a rapidly advancing case schedule, Plaintiffs rightly felt that the parties were at an impasse and sought relief from the Court.

In any event, subsequent events made clear that Plaintiffs were correct in seeking that relief. In a telephone call on August 12, Defendants again reiterated that they would not produce any Facebook virtual reality documents unless Plaintiffs tied their document requests to specific trade secrets (or otherwise narrowed their requests in unspecified ways). For the reasons discussed above, that request is inappropriate.

## **CONCLUSION**

Accordingly, Plaintiffs respectfully request that this Court enter an Order, substantially in the form attached to its Motion (Dkt. No. 186-1), overruling Defendants' objections to Plaintiffs' requests for Facebook virtual reality source code and documents, and compelling the production of documents and source code without delay.

Case 3:14-cv-01849-P   Document 204   Filed 08/27/15   Page 6 of 7   PageID 6183

Dated: August 27, 2015

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
 **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

Respectfully submitted,

*s/ Phillip B. Philbin*
PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*
6

**CERTIFICATE OF SERVICE**

      On August 27, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: August 27, 2015                                 *s/ Phillip B. Philbin*
                                                                                      Phillip B. Philbin