IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>   Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

## JOINT MOTION TO AMEND SCHEDULING ORDER

The parties to this action hereby move this Court to amend its Second Amended Scheduling Order dated July 17, 2015 (Dkt. No. 181). The amended Scheduling Order proposed by this Motion would adjust the current schedule in light of the progress of discovery to date with the aim of avoiding any further amendment of the pre-trial schedule in this action.

In support of this Motion, the parties state that there is good cause for amendment of the scheduling order, and further state as follows:

1. The Court entered the Second Amended Scheduling Order following these initial proceedings in this case:

   (i) On *May 21, 2014*, Plaintiffs ZeniMax Media Inc. and id Software LLC (collectively, "ZeniMax") commenced this action. (Dkt. No. 1.)

   (ii) On *June 25, 2014*, Defendants Palmer Luckey and Oculus VR, Inc. — the corporate predecessor of the present Defendant Oculus VR, LLC — answered ZeniMax's initial complaint. (Dkt. No. 26.)

   (iii) On *June 26, 2014*, this Court entered an Order requiring that the parties' counsel confer and submit a proposed pre-trial schedule. (Dkt. No. 29.)

(iv) On *August 7, 2014*, the Court entered a Scheduling Order. (Dkt. No. 34.)

(v) On *August 28, 2014*, ZeniMax filed its Amended Complaint adding Defendant Facebook, Inc. as a party. (Dkt. No. 38.)

(vi) On *September 19, 2014*, Defendants moved to dismiss certain claims in the Amended Complaint, and thereafter moved to stay discovery. (Dkt. Nos. 45, 47, 55.)

(vii) On *January 26, 2015* and *February 13, 2015*, respectively, Magistrate Judge Stickney denied Defendants' motion to stay discovery, but also required ZeniMax to provide further identification of its trade secrets. (Dkt. Nos. 103, 109.) ZeniMax promptly provided that further identification. (Dkt. No. 113-1.)

(viii) On *April 23, 2015*, on ZeniMax's motion, this Court entered an Amended Scheduling Order taking into account that interruption in discovery. (Dkt. No. 134.)

(ix) Following the Court's entry of that Amended Scheduling Order, there was an unexpected two-month delay in the parties' initial exchange of source code.

(x) Accordingly, on *July 17, 2015*, on ZeniMax's unopposed motion, the Court entered a Second Amended Scheduling Order. (Dkt. No. 181.)

2. Following this Court's entry of that Second Amended Scheduling Order, the following significant developments occurred:

(i) On *July 27, 2015* and *August 10, 2015*, this Court denied Defendants' motions to dismiss the Amended Complaint. (Dkt. Nos. 190, 195.)

(ii) On *August 10, 2015* and *August 24, 2015*, Defendants filed answers to ZeniMax's Amended Complaint. (Dkt. Nos. 195, 196, 203.)

(iii) Thereafter, Defendants served responses to ZeniMax's contention interrogatories regarding Defendants' affirmative defenses asserted in their respective answers to ZeniMax's Amended Complaint, and the parties have served supplemental responses to other written discovery.

(iv) The parties are in the process of completing their respective productions of source code, which were considerably larger than the parties had originally anticipated, and which now total many terabytes of code. The parties are also in the process of completing their respective document productions, and have produced additional hundreds of thousands of pages of documents.

(v) The parties engaged in productive discussions regarding certain outstanding discovery motions. Certain of those motions have already been withdrawn, and further discussions may permit other discovery motions to be withdrawn as well.

(*See, e.g.*, Dkt. No. 217 (withdrawing Dkt. No. 156 (Plaintiffs' Motion for Payment of Expenses and Other Relief)).)

(vi) The parties are in the process of scheduling initial depositions in this action commencing in early November.

3. The parties are working diligently and cooperatively to complete discovery and to proceed to dispositive motion practice and trial if necessary.

4. The present Scheduling Order requires Plaintiffs to provide their initial expert disclosure by December 1, 2015. (Dkt. No. 181 ¶ 5.) The present schedule does not provide sufficient time for ZeniMax to depose Defendants' personnel so that ZeniMax's experts may perform their own analysis of documents and testimony provided by Defendants and their personnel. In addition, given the complexity of the technology involved in this case and the fact that the parties have identified numerous technical experts who may provide expert reports, the current schedule also does not provide sufficient time to analyze expert reports, depose expert report witnesses, and draft rebuttal expert reports. The amended schedule proposed by this Motion will permit all that analytical work to proceed to completion in a timely fashion.

5. In the interest of efficiently completing deposition discovery in this action, the parties stand ready to present oral argument on any or all of the following pending motions or to otherwise assist the Court in its resolution of those motions:

(i) Defendants' Motion to Permit Additional Persons to Access Protected Materials (Dkt. No. 145, filed May 6, 2015);

(ii) Defendants' Motion to Compel the Production of Documents and Supplemental Interrogatory Response (Dkt. No. 182, filed July 17, 2015);

(iii) ZeniMax's Motion (A) to Overrule Limitations on Defendant Facebook, Inc.'s Responses to Requests for Production and (B) to Compel Production of Documents and Source Code Withheld on that Basis (Dkt. No. 186, filed July 23, 2015);

(iv) Defendants' Motion to Compel Supplemental Interrogatory Responses (Dkt. No. 208-1, filed September 23, 2015); and

    (v)    Plaintiffs' Motion to Deny Disclosure of Confidential Information to Garry E. Kitchen Pursuant to the Protective Order and to Enter a Protective Order Barring Kitchen from Working as an Expert Consultant in this Matter (Dkt. No. 209-1, filed September 24, 2015).

The parties plan to separately apprise Magistrate Judge Stickney of their willingness to present oral argument or otherwise aid the Court in resolving these motions.

## **CONCLUSION**

For the foregoing reasons, the parties respectfully request that this Court enter an Order, substantially in the form submitted herewith, amending the Scheduling Order in this action.

Dated: October 5, 2015

*s/Richard A. Smith*
RICHARD A. SMITH
Texas Bar No. 24027990
E-mail: rsmith@lynnllp.com
ELIZABETH Y. RYAN
Texas Bar No. 24067758
E-mail: eryan@lynnllp.com
**LYNN TILLOTSON PINKER & COX LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Phone: (214) 981-3800
Fax: (214) 981-3839

MICHAEL G. RHODES (*pro hac vice*)
E-mail: mrhodes@cooley.com
**COOLEY LLP**
101 California St., 5th Floor
San Francisco, California 94111
Phone: (415) 693-2000

HEIDI L. KEEFE (*pro hac vice*)
E-mail: hleefe@cooley.com
MARK R. WEINSTEIN (*pro hac vice*)
E-mail: mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Phone: (650) 843-5000

*Attorneys for Defendants Oculus VR, LLC,*
*Palmer Luckey, and Facebook, Inc.*

Respectfully submitted,

*s/ Phillip B. Philbin*
PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
   **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

## **CERTIFICATE OF CONFERENCE**

      I, Kurt Wm. Hemr, the undersigned counsel for Plaintiffs, conferred with counsel for Defendants regarding the relief requested by this Motion, who advised that Defendants join in the request for relief presented by this Motion.

Dated: October 5, 2015                      *s/ Kurt Wm. Hemr*
                                               Kurt Wm. Hemr

## **CERTIFICATE OF SERVICE**

      On October 5, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: October 5, 2015                          *s/ Phillip B. Philbin*
                                                                 Phillip B. Philbin