UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA, INC. and<br>ID SOFTWARE, LLC,<br>    Plaintiffs,<br><br>v.<br><br>OCULUS VR, INC., et al.,<br>    Defendants. | §<br>§<br>§<br>§<br>§   No. 3:14-CV-1849-P (BF)<br>§<br>§<br>§ |

# ORDER

Before the Court is Defendants' Motion to Permit Additional Persons to Access Protected Materials [D.E. 145] referred to United States Magistrate Judge Paul D. Stickney. *See* Electronic Order Referring Mot. [D.E. 146]. In this motion, Defendants seek a Court order permitting Defendant Palmer Luckey, Defendants' in-house counsel, and other personnel of Defendants access to Plaintiffs' Further Identification of Misappropriated Trade Secrets [D.E. 113-1]. Defendants contend that due to the present designation of this information as "Highly Confidential - for Outside Counsel Only," Plaintiffs have effectively prevented the individuals who allegedly misappropriated their trade secrets from learning how they describe those alleged trade secrets. *See* Mot. [D.E. 145 at 3]. Therefore, Defendants argue that it is essential for these personnel and their in-house counsel to be able to access the contents of the information at issue so that Defendants can prepare their defense. *See id.* [D.E. 145 at 3]. Furthermore, Defendants contend that all of the individuals for whom Defendants are seeking to expand access to have personal knowledge of the alleged trade secrets or have access to the underlying documents that contain the alleged trade secrets. *See id.* [D.E. 145 at 5]. Defendants argue that allowing those individuals to have access to this information will not disclose any claimed trade secret that they already do not have access to, but will merely

allow essential personnel to learn how those materials are alleged to be trade secrets and how those actors allegedly misappropriated them. *See id.* [D.E. 145 at 5].

In Plaintiffs' Opposition to Defendants' Motion to Permit Additional Persons to Access Protected Materials, Plaintiffs argue that Defendants should have raised this issue two months prior when they were agreeing to the terms of the Protective Order. *See* Opp'n [D.E. 161 at 2]. Plaintiffs argue that the fact Defendants waited more than two months to seek further access demonstrates that Defendants do not need the broader access. *See id.* [D.E. 161 at 3]. Furthermore, Plaintiffs point out that Facebook, Inc. has approximately 100 in-house counsel and argue that the further dissemination of the information to that many additional people would be inappropriate and would jeopardize the secrecy of Plaintiffs' confidential information. *See id.* [D.E. 161 at 3].

Upon consideration, Defendants' Motion to Permit Additional Persons to Access Protected Materials [D.E. 145] is GRANTED in part. The Court finds that the further dissemination of the information at issue to the following individuals is necessary for Defendants to prepare their defense and orders that further access be given to the following individuals only:

(1) Defendant Palmer Luckey - the co-founder of Oculus VR, LLC;

(2) John Carmack - Oculus' Chief Technology Officer;

(3) Jack McCauley - Oculus' former Chief Engineer;

(4) Nirav Patel - an Oculus engineer;

(5) Brendan Iribe - Oculus' CEO;

(6) Nate Mitchell - Oculus' Vice President of Product; and

(7) Michael Antonov - Oculus' Chief Software Architect.

With respect to Defendants' request for further dissemination of the information to their in-

house counsel, Defendants are hereby ordered to submit the names of the attorneys "to whom disclosure is reasonably necessary for this Litigation" to allow the Court and the Plaintiffs to know which in-house counsel Defendants are seeking access for. *See* Reply [D.E. 171 at 5]. Further, with respect to each named attorney, Defendants shall explain why disclosure to that attorney is "reasonably necessary" for this litigation. The Court will issue an order ruling on Defendants' request for access for their in-house counsel after the Court receives this additional information from Defendants.

    **SO ORDERED**, October 9, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE