**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.,<br><br>Defendants. | Case No.: 3:14-cv-01849-P |

## DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL INTERROGATORY RESPONSES REGARDING PLAINTIFFS' ALLEGED DAMAGES

This Motion follows similar motions defendants Oculus VR, LLC ("Oculus"), Palmer Luckey and Facebook, Inc. ("Facebook" and, collectively, "Defendants") have been forced to file because plaintiffs ZeniMax Media Inc. ("ZeniMax") and id Software LLC ("id Software" and, collectively, "Plaintiffs") continue to refuse to provide documents or information related to their alleged damages, including, without limitation, documents reflecting the historical value of their purported virtual-reality research and development, certain audited financial statements, valuations of their supposed virtual-reality technology, budgets, strategic plans, and licensing information. All of the requested information is necessary for Defendants to analyze and refute Plaintiffs' alleged damages.

Instead of producing relevant documents responsive to Defendants' requests for production regarding their purported damages, Plaintiffs unilaterally attempt to limit their responses to the requests at issue to "their cost center and project reports for id Software from 2011 to the present and documents sufficient to identify the damages suffered by Plaintiffs," and

licensing information related to "the general categories of use for" certain of Plaintiffs' alleged trademark registrations. The Federal Rules entitle Defendants to broader discovery than this. If Plaintiffs are permitted to limit their production to include only those documents they like, it would impermissibly exclude materials that undermine their theories of the case, contradict their allegations, or that do not support their damages calculations—precisely what discovery is designed to avoid. Consequently, the Court should order Plaintiffs to produce all non-privileged documents that are responsive to Defendants requests for production as discussed below.

Plaintiffs have also failed to fully respond to four interrogatories propounded by Facebook. These interrogatories relate to licensing fees Plaintiffs have paid or received for use of the trademarks and copyrights at issue, as well as similar intellectual property, which is necessary to conduct an analysis of Plaintiffs' alleged damages. The Court should, accordingly, require Plaintiffs to provide supplemental responses to these four interrogatories.

## FACTUAL BACKGROUND

Plaintiffs allege that they "provided Palmer Luckey and Oculus VR, LLC with access to intellectual property developed by ZeniMax after years of research and investment….Defendants have wrongfully taken that ZeniMax intellectual property and commercially exploited it for their own gain….By this action, ZeniMax seeks damages that will fairly and fully compensate it for Defendants' infringement and misappropriation." ECF No. 38 at ¶ 1. Plaintiffs go on to claim that "[f]or many years, ZeniMax invested tens of millions of dollars in research and development, including research into virtual reality and immersive technologies," and they claim that this research "dat[ed] back to the 1990s." *Id.* at ¶¶ 4, 26. Plaintiffs also claim that Defendants have infringed on certain copyrights and trademarks. *Id.* at ¶¶ 131-141, 185-196. Defendants dispute these allegations, and believe instead that Plaintiffs have invested little to

nothing in virtual reality technology. Based on Plaintiffs' allegations, Defendants served discovery requests in an attempt to discern Plaintiffs' alleged damages based on their purported investment in virtual reality. Plaintiffs refused to fully respond. These deficient responses are the subject of pending motions to compel. *See* ECF Nos. 182, 211. Since then, Defendants served additional requests focused on certain documents and information necessary to analyze Plaintiffs' claimed damages, and Plaintiffs continue to refuse to produce relevant documents and information. App. Exs. 1-2.

After receiving Plaintiffs' deficient responses, Defendants met and conferred with Plaintiffs regarding the substance of the responses in writing and telephonically. App. Exs. 3-5. Plaintiffs, however, have refused to provide documents and information probative of their alleged damages, including documents and information necessary for Defendants to analyze Plaintiffs' potential damages, including with respect to the trademark and copyright claims. App. Exs. 1-2. Plaintiffs have instead produced only a limited set of financial documents, primarily an intangible asset valuation that was prepared in connection with ZeniMax's acquisition of id Software, but have refused to produce many more key documents, including monthly financial statements, audited financial statements, valuations, budgets, strategic plans, and documents and information related to licensing fees paid or received by Plaintiffs. The refusal to produce these documents improperly denies Defendants the ability to contest Plaintiffs' claimed damages, and the Court should therefore compel Plaintiffs to fully and completely respond to Defendants' requests.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b) permits parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." *See also Faglie v.*

*Meritage Homes of Texas, LLC*, No. 3:12-CV-966-D BF, 2013 WL 1608727, at *1 (N.D. Tex. Apr. 15, 2013). In this context, "relevancy" is broadly construed and includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Thomason v. Metro. Life Ins. Co.*, No. 3:14-CV-00086-P-BF, 2015 WL 1914557, at *1 (N.D. Tex. Apr. 27, 2015) (citing *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)). If a party fails to cooperate in discovery, any other party may move to compel the discovery responses. Fed. R. Civ. P. 37(a)(3). When the moving party establishes that the documents and information sought are within the permissible scope of discovery, "the burden shifts to the nonmovant to show why the discovery is irrelevant, overly broad, unduly burdensome, or should not be permitted." *Faglie*, 2013 WL 1608727, at *1. Here, the Court should compel Plaintiffs to produce the requested documents and provide further interrogatory responses because they are relevant to the claims and defenses at issue.

## ARGUMENT

The Court should compel Plaintiffs to produce financial documents and information necessary to analyze Plaintiffs' purported damages. Defendants have requested that Plaintiffs produce certain documents and information related to Plaintiffs' alleged damages, in particular:

- **Request No. 168:** All Documents reflecting Plaintiffs' audited, reviewed, examined or compiled financial statements, balance sheets, statements of cash flows, and any footnotes thereto from 2006 to the present.

- **Request No. 169:** All Documents reflecting any valuations of Plaintiffs from 2006 to the present.

- **Request No. 171:** All competitive analyses, budgets, or strategic plans for ZeniMax and id Software from 2006 to the present.

- **Request No. 173**: All Documents concerning any instance in which Plaintiffs have obtained access to the source code of any video game or other product not produced by Plaintiffs.

4

- **Request No. 174**: All Documents concerning any instance in which Plaintiffs have allowed someone to use any of Plaintiffs' trademarks.

Defendants have also propounded the following interrogatories, which seek discovery regarding Plaintiffs' financial treatment of intellectual property:

- **Interrogatory No. 22**: Identify every instance in which Plaintiffs have allowed someone to use, view or copy any of Plaintiffs' copyrighted material, aside from buyers of any of Plaintiffs' computer programs, including their name, what they were permitted to use, view or copy, and any compensation Plaintiffs received as a result of the use, viewing or copying.

- **Interrogatory No. 23**: Identify every instance in which Plaintiffs have licensed or obtained access to copyrighted material from someone, including their name, the material licensed or accessed, and any fee or other consideration Plaintiffs paid for the access or license.

- **Interrogatory No. 24:** Identify every instance in which Plaintiffs have allowed someone to use any of Plaintiffs' trademarks, including their name, the trademark used, and any compensation Plaintiffs received as a result of the use.

- **Interrogatory No. 25:** Identify every instance in which Plaintiffs have licensed or used someone's trademark, including their name, the trademark, and any fee or other consideration Plaintiffs paid for the use.

In response to these requests, Plaintiffs stated only that they would "produce their cost center and project reports for id Software from 2011 to the present and documents sufficient to identify the damages suffered by Plaintiffs" (RFP No. 168), and "documents sufficient to identify the general categories of use for" certain of Plaintiffs' trademarks (RFP No. 174), but flat out refused to produce documents or provide any information in response to any of the other requests. App. Exs. 1-2. Defendants, however, are entitled to a broader range of documents and information, including information that rebuts Plaintiffs' claims of damages.

A. <u>The Court Should Compel Plaintiffs to Produce Documents Related to Plaintiffs' Alleged Damages (RFPs 168, 169, 171)</u>

Plaintiffs' responses improperly make Plaintiffs the sole arbiters of how damages should

5

be calculated and what documents are relevant to that calculation as the response excludes the production of documents which do not support Plaintiffs' self-identified damages theories or calculations. The scope of discovery, however, is much broader than documents Plaintiffs rely upon in their own damages analysis. Fed. R. Civ. Proc. 26(b). If Plaintiffs are permitted to limit their production to this narrow category, it would improperly exclude documents that undermine Plaintiffs' damages analysis—precisely the type of information that is required to be produced in discovery. *Id.*

Defendants are entitled to a broad range of financial documents, including without limitation documents reflecting Plaintiffs' commitment (or lack thereof) to virtual reality, and any valuations of virtual-reality technology. *HomeVestors of Am., Inc. v. LeGate*, No. 3:12-CV-01850-P, 2013 WL 3348948, at *3 (N.D. Tex. July 3, 2013) (ordering compliance with a request for production of "all documents sufficient to show Your revenues, expenses, net worth, and profits from 2006 to present, including but not limited to financial statements, profit and loss statements, accounting statements, and tax returns" because those documents were necessary for damages analysis); *In re Katrina Canal Breaches Consol. Litig.*, No. CIV.A. 05-4182K2, 2008 WL 927946, at *3 (E.D. La. Apr. 3, 2008) (ordering parties to produce valuations and calculations, such as real estate appraisals and calculations of grant and insurance recoveries, "principally because they are relevant to damages and/or the setoff defense, which itself is a damages defense."). Like the requests plaintiffs were required to respond to in *HomeVestors* and *In re Katrina*, Defendants' requests are tailored to obtain information relevant to the alleged damages in this case, including documents related to Plaintiffs' own analysis of the technology at issue, as well as any third-party valuations that may exist. Despite this, Plaintiffs have repeatedly refused to provide Defendants with financial information and valuations critical to

Defendants' analysis of Plaintiffs' claimed damages in this action. This information is discoverable, and Plaintiffs' production should not be limited to Plaintiffs' own theories of damages and supporting documents. The documents requested here are relevant because they relate to the value, or lack thereof, Plaintiffs (or others assessing Plaintiffs' business) have placed on the technology at issue in this case. Accordingly, the Court should compel Plaintiffs to make a full production of all non-privileged documents that are responsive to Defendants' requests for production 168, 169, and 171.

**B.     The Court Should Compel Plaintiffs to Produce Documents and Information Necessary to Analyze Plaintiffs' Alleged Trade Secret, Trademark, and Copyright Damages (RFPs 173, 174, and Interrogatories 22-25)**

Requests for production numbers 173 and 174, and Facebook's interrogatories 22 through 25 seek documentation and information regarding licenses for the trademarks and copyrights at issue, as well as for similar intellectual property. Specifically, Defendants are seeking information related to the consideration Plaintiffs have paid or received for such licenses. Defendants are seeking this information because it is relevant to certain potential damages calculations in this case that require considering "prices paid by licensees in the past" for the same or similar technology. *Carbo Ceramics, Inc. v. Keefe*, 166 Fed. Appx. 714, 722-24 (5th Cir. 2006); *see also Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087-88 (9th Cir. 2014); *Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.*, 597 F.2d 71, 76 (5th Cir. 1979). Accordingly, these documents and information sought are related to potential damages calculations, and are subject to discovery.[1]

---

[1] As an alternative to producing the requested documents and information, Plaintiffs could disclaim any damages theory based on a reasonable royalty or hypothetical license fee. Defendants are currently forced to seek this information, however, because Plaintiffs have refused to respond to discovery requests asking Plaintiffs to state the relief they are seeking in this action. *See* ECF No. 182, 211.

**CONCLUSION**

For the foregoing reasons, the Court should order Plaintiffs to produce all non-privileged documents responsive to Defendants' requests for production numbered 168, 169, 171, 173, and 174, and to provide supplemental responses to Facebook's interrogatories numbered 22 through 25 because these documents and responses are critical to Defendants' analysis of Plaintiffs' purported damages.

| | |
|---|---|
| Date: October 16, 2015 | Respectfully submitted, |

*/s/ Heidi L. Keefe*

Richard A. Smith
Texas Bar No. 24027990
rsmith@lynnllp.com
Elizabeth Y. Ryan
Texas Bar No. 24067758
eryan@lynnllp.com
**LYNN TILLOTSON PINKER & COX LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Phone: (214) 981-3800
Fax: (214) 981-3839

Michael G. Rhodes (*pro hac vice*)
mrhodes@cooley.com
**COOLEY LLP**
101 California St., 5th Floor
San Francisco, California 94111
Phone: (415) 693-2000

Heidi L. Keefe (*pro hac vice*)
hleefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Phone: (650) 843-5000

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 16, 2015, I conferred with counsel of record for Plaintiffs in this matter, and that counsel for Plaintiffs stated they were opposed to the relief requested herein.

>    */s/ Richard A. Smith*
>    Richard A. Smith

9

**CERTIFICATE OF SERVICE**

On October 16, 2015, I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  I hereby certify that I have served all counsel who are deemed to have consented to electronic service or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

                                        */s/ Heidi L. Keefe*
                                        Heidi L. Keefe

122082233