UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA, INC. and § <br> ID SOFTWARE, LLC, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> OCULUS VR, LLC, et al., § <br>     Defendants. § | No. 3:14-CV-1849-P (BF) |

## ORDER

Before the Court is Defendants Oculus VR, LLC, Palmer Luckey, and Facebook, Inc.'s ("Defendants") Motion to Permit Additional Persons to Access Protected Materials [D.E. 145] referred to United States Magistrate Judge Paul D. Stickney. *See* Electronic Order Referring Mot. [D.E. 146]. In this motion, Defendants sought an order permitting Defendant Palmer Luckey, Defendants' in-house counsel, and other personnel of Defendants access to Plaintiffs Zenimax Media, Inc. and ID Software, LLC's ("Plaintiffs") Further Identification of Misappropriated Trade Secrets [D.E. 113-1]. On October 9, 2015, the Court entered an order granting in part Defendants' motion permitting access for the following individuals only: (1) Defendant Palmer Luckey - the co-founder of Oculus VR, LLC; (2) John Carmack - Oculus' Chief Technology Officer; (3) Jack McCauley - Oculus' former Chief Engineer; (4) Nirav Patel - an Oculus engineer; (5) Brendan Iribe - Oculus' CEO; (6) Nate Mitchell - Oculus' Vice President of Product; and (7) Michael Antonov - Oculus' Chief Software Architect. *See* Order [D.E. 222 at 2]. With respect to Defendants' request for access for their in-house counsel, Defendants were ordered to submit to the Court the names of the attorneys "to whom disclosure is reasonably necessary for this Litigation" and to explain why disclosure to a particular attorney is "reasonably necessary" for this litigation. *See* Reply [D.E. 171

at 5]; Order [D.E. 222 at 3].

On October 20, 2015, Defendants filed Notice Regarding In-House Counsel [D.E. 232]. In this notice, Defendants seek access to Plaintiffs' Further Identification of Misappropriated Trade Secrets [D.E. 113-1] for Christen Dubois, Defendant Facebook, Inc.'s Director and Associate General Counsel, IP. *See* Notice [D.E. 232 at 1]. Defendants explain that Ms. Dubois bears direct responsibility for the daily oversight of this litigation, including evaluating the merits of Plaintiffs' claims and the activities of outside counsel. *See id.* [D.E. 232 at 1]. Further, Defendants state that Ms. Dubois will execute the Undertaking required by the Court's Protective Order [D.E. 107] which obligates her to comply with protections for the information at issue and subjects her to the authority of this Court. *See* Notice [D.E. 232 at 2]. Upon consideration of Defendants' Notice Regarding In-House Counsel [D.E. 232], the Court finds that Ms. Dubois shall be permitted access to Plaintiffs' Further Identification of Misappropriated Trade Secrets [D.E. 113-1]. Therefore, Defendants' Motion to Permit Additional Persons to Access Protected Materials [D.E. 145] is GRANTED with respect to Defendants' request for access for Ms. Dubois.

**SO ORDERED**, October 22, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE