UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA, INC. and § <br> ID SOFTWARE, LLC, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> OCULUS VR, LLC, et al., § <br>     Defendants. § | No. 3:14-CV-1849-P (BF) |

### ORDER

Before the Court is the plaintiffs Zenimax Media, Inc. and ID Software, LLC's ("Plaintiffs") Motion to Compel Production of Documents and Testimony from Other Pending Litigations [D.E. 175] ("Motion to Compel") referred to United States Magistrate Judge Paul D. Stickney. *See* Electronic Order Referring Mot. [D.E. 177]. In this motion, Plaintiffs seek court filings and discovery materials produced by the defendants Oculus VR, LLC, Palmer Lucky, and Facebook, Inc. ("Defendants") in other pending actions as requested in Plaintiffs' Third Set of Requests for Production Nos. 80 and 81. *See* Pls.' Mot. to Compel [D.E. 175 at 1]; Pls.' App. [D.E. 176-1 at 65-66]. The requests for production at issue state the following:

REQUEST FOR PRODUCTION NO. 80:

To the extent not requested by prior Requests in this Action, all non-privileged Documents or Communications concerning the *Oculu* Litigation, including but not limited to (i) all Documents produced by Oculus and/or Palmer Luckey in the *Oculu* Litigation, and all privilege and/or redactions logs produced by Oculus and/or Palmer Luckey in the *Oculu* Litigation; (ii) all written objections and/or responses to requests for documents, interrogatories, requests for admission, and/or subpoenas *duces tecum* served by Oculus and/or Palmer Luckey in the *Oculu* Litigation; (iii) all transcripts of any deposition of any officer, director, employee or agent of Oculus and/or Palmer Luckey in the *Oculu* Litigation, including any exhibits to such depositions and any audio or audiovisual recordings of such depositions; (iv) all Documents filed by Oculus with the court in the *Oculu* Litigation; and (v) all transcripts of any conference, hearing, argument or trial in the *Oculu* Litigation.

REQUEST FOR PRODUCTION NO. 81:

To the extent not requested by Request No. 80 or by other prior Requests in this Action, (i) all written objections and/or responses to requests for documents, interrogatories, requests for admission, and/or subpoenas *duces tecum* served by Oculus and/or Palmer Luckey in any litigation to which Oculus and/or Palmer Luckey is a party that concerns either the business of Oculus or virtual reality; (ii) all transcripts of any deposition of any officer, director, employee or agent of Oculus and/or Palmer Luckey in any litigation to which Oculus and/or Palmer Luckey is a party that concerns either the business of Oculus or virtual reality, including any exhibits to such depositions and any audio or audiovisual recordings of such depositions; and (iii) all transcripts of any conference, hearing, argument, or trial in any litigation to which Oculus and/or Palmer Luckey is a party that concerns either the business of Oculus or virtual reality.

*See* Pls.' App. [D.E. 176-1 at 65-66].

Plaintiffs contend that the sought materials, which relate to the formation of the defendant Oculus, VR, LLC ("Oculus") and Oculus's use of intellectual property, among other issues, are of critical concern in this action. *See* Mot. to Compel [D.E. 175 at 1]. Further, Plaintiffs argue that production of those materials would not burden Defendants because Defendants' counsel in the present action represents Oculus in the other cases from which Plaintiffs seek documents from. *See id.* [D.E. 175 at 1]. Defendants argue that Plaintiffs have made no effort to tailor their requests to the issues in this case, and that the requests are over-broad and seek irrelevant information. *See* Defs.' Resp. [D.E. 185 at 1]. Defendants contend that Plaintiffs seek nearly all documents and discovery from a trademark case filed against Oculus, another more recent case filed against Oculus and Palmer Luckey which is premised on an alleged agreement between Mr. Luckey and an individual named Thomas Seidl, as well as from other unnamed lawsuits. *See id.* [D.E. 185]. In their Reply, Plaintiffs contend that (1) the documents sought from the other actions directly concern the corporate formation of Oculus and Oculus's use and development of intellectual property, issues that are also

at the center of this case; (2) there would be virtually no burden on Defendants to produce the materials requested because they are already gathered in defense counsel's office; (3) Plaintiffs limit the production to non-privileged materials and avoid including documents provided by anyone other than Defendants; (4) Plaintiffs do not seek publicly available materials; and (5) the threshold for relevance in discovery is extremely low. *See* Pls.' Reply [D.E. 188 at 1, 3].

Upon consideration, Plaintiffs' Motion to Compel [D.E. 175] is DENIED in part without prejudice and GRANTED in part. Plaintiffs' motion is granted with respect to the documents sought from *Oculu, LLC v. Oculus VR, Inc.*, No. 8:14-CV-196 (C.D. Cal. 2014) regarding the corporate formation of Oculus and Oculus's market presence, and the documents sought from *Total Recall Technologies v. Oculus VR, Inc.*, No. 3:15-CV-2281 (N.D. Cal. 2015) involving Oculus's use and development of intellectual property. *See* Pls.' Mot. [D.E. 175 at 2-3]. Defendants shall produce those documents within two weeks of the entry of this Order. Plaintiffs' remaining requests are denied without prejudice to refiling should Defendants refuse to produce the information once those requests have been tailored to the issues pending in this case that is more detailed than the mere position that Defendants may have made a statement or taken a position in those cases that are contrary to those made or taken in this case. *See* Pls.' Ex. [D.E. 176-1 at 103]. While the Court agrees with Plaintiffs that the threshold for relevance in discovery is low, Plaintiffs' requests must still appear relevant to the subject matter in this case. *See Arters v. Univision Radio Broadcasting TX, LP*, No. 3:07-CV-957-D, 2009 WL 1313285, at *3 (N.D. Tex. May 12, 2009) ("[C]ourts should not allow parties to 'roam in the shadow zones of relevancy to explore matter which does not presently appear germane on the theory that it might conceivably become so.' . . . '[A] trial court retains discretion to determine that a discovery request is too broad and oppressive.'" (quoting *Boyd*

*v. Am. Airlines, Inc.*, No. 3:01-CV-2230-D, 2002 WL 32360294, at *1 (N.D. Tex. Oct. 17, 2002);

*Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978))).

**SO ORDERED**, October 22, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE