UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ZENIMAX MEDIA, INC. and § 
ID SOFTWARE, LLC, § 
    Plaintiffs, § 
  § 
v. § No. 3:14-CV-1849-P (BF)
  § 
OCULUS VR, LLC, et al., § 
    Defendants. § 

# ORDER

Before the Court is the defendants Oculus VR, LLC ("Oculus"), Palmer Lucky, and Facebook, Inc.'s ("Defendants") Motion to Compel the Production of Documents and Supplemental Interrogatory Response [D.E. 182] ("Motion to Compel") referred to United States Magistrate Judge Paul D. Stickney. *See* Electronic Order Referring Mot. [D.E. 184]. Upon consideration, Defendants' Motion to Compel [D.E. 182] is **GRANTED in part and DENIED in part.**

### A. Documents Related to Alleged Damages

- **Request No. 31:** All documents and things concerning any alleged harm or damages suffered by you from any of the conduct alleged in the Complaint.

- **Request No. 139:** All documents concerning any calculations and support of value of any contributions allegedly made by you for the benefit of Oculus VR.

Defendants state that the plaintiffs Zenimax Media, Inc. ("Zenimax") and id Software, LLC ("id Software") (collectively, "Plaintiffs") improperly limit their production to "documents sufficient to identify the damages suffered by Plaintiffs." *See* Mot. to Compel [D.E. 182 at 4]; App. [D.E. 183-1 at 34, 135, 235; D.E. 183-3 at 88]. Defendants argue that Plaintiffs improperly make themselves the sole arbiters of how damages should be calculated and what documents are relevant to those calculations, because Plaintiffs exclude documents that do not support Plaintiffs' self-identified

damages theories or calculations. *See* Mot. to Compel [D.E. 182 at 4-5]. Plaintiffs argue in their opposition that Defendants' requests are plainly over-broad, because they are not limited by date or subject matter and requires Plaintiffs to conduct an unreasonably burdensome search into the electronic mail of all of Plaintiffs' current and past employees. *See* Pls.' Opp'n [D.E. 193 at 6]. Therefore, Plaintiffs contend that they have committed to producing the financial documents that are reasonably necessary for Defendants to understand and evaluate Plaintiffs' damages claim and to formulate their own theories of damages. *See id.* [D.E. 193 at 7].

The Court finds that Request Nos. 31 and 139 are relevant to Plaintiffs' claims, and that Plaintiffs have not shown that these requests are overly burdensome. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) ("A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive. . . . This requires the party resisting discovery to show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. . . . Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate.") (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484-86 (5th Cir. 1990); *S.E.C. v. Brady*, 238 F.R.D. 429, 437-38 (N.D. Tex. 2006)*; Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005))). **Therefore, Defendants' Motion to Compel [D.E. 182] is GRANTED with respect to Request Nos. 31 and 139.** Plaintiffs shall produce the responsive documents for Request Nos. 31, and 139 or confirm that responsive documents do not exist **within four weeks of the entry of this Order.**

**B. Financial Documents Regarding Purported Damages**[1]

- **Request No. 138:** All documents concerning internal/external calculations, valuations, or analyses of Oculus VR that were performed by or on behalf of you and any of your related or affiliated entities.

- **Request No. 160:** All documents concerning your audited, reviewed, examined, or compiled financial statements, including without limitation income statement, balance sheets, statements of cash flows, and any footnotes thereto, for id Software from 2006 to present.

- **Request No. 161:** All documents concerning your income statements and balance sheets (at the lowest account level possible as contained in the company's general ledger) for id Software from 2006 to present.

- **Request No. 162:** All documents concerning your budgets and/or projections of revenue and profits for id Software from 2006 to present.

- **Request No. 163:** All documents concerning your purchase price allocation and/or intangible asset valuations (e.g. FASB 141-R/ASC 805 fair value of tangible and intangible assets), including without limitation any calculations and/or valuations of the purchase consideration (e.g., Fair Value of any contingent earn-outs, stock consideration, etc.) associated with ZeniMax's acquisition of id Software.

Defendants argue that these requests are tailored to obtain documents related to Plaintiffs' analysis of their alleged contribution to virtual reality and Oculus, and Plaintiffs' views of Oculus prior to this litigation. *See* Mot. to Compel [D.E. 182 at 6]. These documents are relevant to Plaintiffs' claims, because Plaintiffs allege that Defendants benefitted from Zenimax's virtual reality research, which included the acquisition of id Software. *See* Am. Compl. [D.E. 38 at 8, 39-49]. Plaintiffs have not shown that these requests are overly burdensome. *See* Pls.' Opp'n [D.E. 193 at 6-7]. With respect to Request Nos. 160-162, Plaintiffs contend that they have committed to producing documents for the operative time period, 2011 to present. *See id.* [D.E. 193 at 6].

---

1. Defendants state in their Reply that they withdraw their Motion to Compel with respect to Request No. 136, because Plaintiffs have made a sufficient production with respect to this request. *See* Defs.' Reply [D.E. 202 at 4 n.1].

Defendants do not explain in their Reply why they seek financial documents from 2006 with respect to id Software when Plaintiffs acquired id Software on June 23, 2009. *See* Am. Compl. [D.E. 38 at 8]; Reply [D.E. 202]. Therefore, the Court is not made aware of Defendants' basis of relevance for the financial documents for the years 2006, 2007, and 2008. In consideration of the foregoing, **Defendants' Motion to Compel [D.E. 182] is GRANTED with respect to Request Nos. 138 and 163 and GRANTED in part with respect to Request Nos. 160, 161, and 162.** Plaintiffs shall produce responsive documents with respect to Request Nos. 160, 161, and 162 for the years 2009 to present. Plaintiffs shall produce the responsive documents for Request Nos. 138, 160, 161, 162, and 163 or confirm that responsive documents do not exist **within four weeks of the entry of this Order.**

### C. Documents Related to ZeniMax's Acquisition of id Software[2]

- **Request No. 101:** All documents and things concerning your acquisition of id Software, including without limitation all communications, meeting notes, projections models, valuations, memoranda, correspondence, agreements, proposals, and presentations concerning all id Software "intellectual property and franchise assets" you claim were acquired in paragraph 21 of the Complaint.

- **Request No. 164:** All Documents concerning any internal or external ZeniMax analyses/valuations related to its acquisition of id Software.

Defendants argue that because Plaintiffs have put ZeniMax's acquisition of id Software and id Software's virtual reality research and technology at issue, Defendants are entitled to make these requests to learn more about the acquisition and the value of any virtual reality technology at the time of the acquisition. *See* Mot. to Compel [D.E. 182 at 8]. Plaintiffs argue that these "unbounded"

---

2. Defendants also state in their Reply that they withdraw their Motion to Compel with respect to Request No. 118, because Plaintiffs have made a sufficient production with respect to this request. *See* Defs.' Reply [D.E. 202 at 4 n.1].

requests seek documents with no potential relevance to this case and impose an undue production burden on Plaintiffs. *See* Pls.' Opp'n [D.E. 193 at 7]. Further, Plaintiffs contend that they have offered to produce documents that are "sufficient to identify the intellectual property acquired from id Software . . . ." *See id.* [D.E. 193 at 7]. As Defendants contend, because Plaintiffs claim that ZeniMax acquired id Software as a part of its investment in virtual reality, Plaintiff's have put the acquisition at issue in this case. *See* Def.'s Mot. to Compel [D.E. 182 at 8]. Therefore, the documents requested in these requests are relevant. However, Plaintiffs have not shown that the requests are overly burdensome. Plaintiffs shall produce the responsive documents for Request Nos. 101 and 164 or confirm that responsive documents do not exist **within four weeks of the entry of this Order.**

**D. Interrogatory No. 20: Describe all of the relief you seek in this action.**

With respect to this interrogatory, Defendants contend that they are entitled to specific details which include "a computation of each category of damages claims" as required by Federal Rule of Civil Procedure ("Rule") 26(a)(1)(A)(iii). *See* Defs.' Mot. to Compel [D.E. 182 at 9]. Plaintiffs argue that they satisfied Interrogatory No. 20, because they provided Defendants notice of their damages theories and listed 13 categories of relief. *See* Pls.' Opp'n [D.E. 193 at 8]. Plaintiffs argue that the request for the computations is premature, because it is made before the Court-ordered date for opening expert reports. *See id.* [D.E. 193 at 8]. Defendants state in their Reply that they are not seeking a "*de facto* expert report in an interrogatory response," but that they are seeking the theories underlying the bare legal and equitable remedies listed in Plaintiff's Amended Complaint and their current interrogatory response. *See* Reply [D.E. 202 at 5].

Because Defendants did not specify that they sought a computation of each category of damages claims in this interrogatory, the Court finds that Plaintiffs have complied with the request

with their response. However, Rule 26(a)(1)(A)(iii) requires the following: "Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: . . . a computation of each category of damages claimed by the disclosing party-who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . ." FED. R. CIV. P. 26(a)(1)(A)(iii). Therefore, **Plaintiffs are hereby ordered to comply with Rule 26(a)(1)(A)(iii) within four weeks of the entry of this Order and supplement their response once expert report deadlines have been reached.**

    **SO ORDERED**, October 26, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE