**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC<br><br>       Plaintiffs,<br><br>   v.<br><br>OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.,<br><br>       Defendants. | Case No.:  3:14-cv-01849-P |

<u>**DEFENDANTS OCULUS VR, LLC, PALMER LUCKEY, AND FACEBOOK, INC.'S MOTION FOR PROTECTIVE ORDER PROHIBITING PLAINTIFFS FROM UNILATERALLY SETTING DATES AND TIMES FOR DEPOSITIONS**</u>

Plaintiffs ZeniMax Media Inc. and id Software LLC ("id Software" and, collectively, "Plaintiffs") should not be permitted to unilaterally select deposition dates for witnesses in this case.  Plaintiffs' counsel recently noticed 13 depositions, and, in doing so, unilaterally selected the dates for those depositions.  Defendants Oculus VR, LLC ("Oculus"), Facebook, Inc. ("Facebook"), and Palmer Luckey (collectively, Defendants") have been able to confirm six of the 13 depositions with Plaintiffs on or near the requested dates, have offered dates for two of the depositions on or near the requested dates, and are committed to finding mutually-convenient dates for the other deponents, save for Facebook's CEO, Mark Zuckerberg.  Despite this, Plaintiffs are insisting on moving forward with six of the unconfirmed depositions on the dates included in Plaintiffs' deposition notices even though the dates selected by Plaintiffs' counsel are inconvenient for the witnesses and their counsel.  Additionally, Plaintiffs have refused to confirm one deposition on the date included in the notice even though the witness is available.

This District has made clear that "[w]hen scheduling hearings and depositions, lawyers should communicate with the opposing counsel in an attempt to schedule them at a mutually agreeable time." *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 293 (N.D. Tex. 1988) (citing Excerpts from the Dallas Bar Association Guidelines of Professional Courtesy, Rule 3(a)(1)). Plaintiffs' counsel are disregarding not only this Court's rules, but also the witnesses' schedules. The Court should not tolerate this behavior and should require Plaintiffs to schedule depositions for dates on which the witnesses they seek to depose (and their counsel) are actually available.

## FACTUAL BACKGROUND

In August, Plaintiffs' counsel requested that the parties exchange lists of the individuals that they would like to depose, and asked Defendants to exchange lists of their respective proposed Rule 30(b)(6) deposition topics on September 3, 2015. Declaration of Richard A. Smith at ¶ 3. The parties exchanged the lists of potential deponents as planned, but Plaintiffs did not provide their Rule 30(b)(6) deposition topics until October 26, despite the fact that Defendants served their 30(b)(6) topics as scheduled on September 3. *Id.*

As part of this process, Plaintiffs have indicated that they would like to depose about twenty-six individual witnesses who are affiliated with Defendants, including some of the most high-ranking officers of each entity defendant. *Id.* at ¶ 4. In an attempt to get deposition discovery started, Defendants provided available dates in early October for the first two witnesses that Plaintiffs requested, but Plaintiffs decided not to move forward with the depositions at that time. *Id.* Then, on October 14, Plaintiffs noticed 13 of the depositions they seek to take, without first conferring as to the availability of the witnesses and counsel. *Id.* at ¶ 5. In doing so, Plaintiffs unilaterally selected the dates and times for all 13 of the depositions,

and are insisting on moving forward with some of the depositions on the noticed dates even though the dates do not work for the witnesses and/or counsel, and the discovery cutoff is not until June 2016.  *Id.* at ¶ 5; Ex. A.  The depositions plaintiffs noticed on October 14 include:

- Palmer Luckey, Oculus's founder, for December 16;

- Mark Zuckerberg, Facebook's CEO, for December 18;

- Brendan Iribe, Oculus's CEO, for November 23;

- John Carmack, one of id Software's co-founders, and now Oculus's Chief Technology Officer, for December 20;

- Laird Malamed, Oculus's Chief Operating Officer, for November 18;

- Amin Zoufonoun, Facebook's Vice President of Corporate Development, for December 9;

- Nirav Patel, an Oculus senior engineer, for December 11;

- Brendan Marten, Oculus's Finance Director, for December 2;

- Matthew Hooper, Oculus's Director of Development, for November 6;

- Katherine Anna Kang, John Carmack's wife, for November 13;

- Lee Cooper, an Oculus  senior engineer, for November 16;

- Brant Lewis, an Oculus software developer, for December 4; and

- Peter Giokaris, an Oculus senior engineer, for December 7.

*Id.* at ¶ 6.

Defendants are, and have been, diligent in working to provide deposition dates for the requested witnesses.  *Id.* at ¶ 7.  In fact, Defendants have offered witnesses on or near the noticed dates for eight of the 13 witnesses, including for John Carmack, and Plaintiffs have agreed to proceed with six of those depositions (Messrs. Carmack, Hooper, Cooper, Giokaris, Marten, and

Ms. Kang).  *Id.*  Defendants have informed Plaintiffs that Mr. Patel is available on the noticed

date and have provided a date for Mr. Zoufonoun's deposition, but Plaintiffs have not confirmed

their own availability for either deposition.    *Id.*   The noticed dates for the five remaining

witnesses, Messrs. Luckey, Zuckerberg, Iribe, Malamed, and Lewis, are inconvenient for the

witnesses and their counsel, but Defendants are committed to finding mutually-convenient dates

for the depositions, save for Mr. Zuckerberg's. [1]  *Id.*   Nonetheless, Plaintiffs have insisted that

these depositions must go forward on the noticed dates.  *Id.* at Ex. A.  Consequently, Defendants

now seek a protective order barring Plaintiffs from proceeding with the depositions of Palmer

Luckey, Mark Zuckerberg, Brendan Iribe, Laird Malamed, Amin Zoufonoun, and Brant Lewis

because the dates unilaterally selected by Plaintiffs are not convenient for the witnesses and/or

counsel.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

or expense.  *See* Fed. R. Civ. P. 26(c)(1).  The Court has broad discretion in determining whether

to grant a motion for a protective order.  *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th

Cir. 1985).  "The trial court is in the best position to weigh fairly the competing needs and

interests of parties affected by discovery," *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36

(1984); *see also Longoria v. Cty. of Dallas*, No. 3:14-cv-3111-L, 2015 U.S. Dist. LEXIS 79514,

at *4-5 (N.D. Tex. June 19, 2015).

---

[1] The parties have met and conferred regarding the necessity of taking Mr. Zuckerberg's
deposition, but have been unable to come to an agreement.  As a result, Defendants will soon be
filing an apex motion seeking to preclude Plaintiffs from deposing Mr. Zuckerberg.  In any
event, Mr. Zuckerberg is not available on December 18, which Plaintiffs have now agreed to as
the date for Mr. Carmack's deposition.

Additionally, *Dondi* sets the standard for attorney conduct in the Northern District of Texas. In particular, with respect to deposition scheduling:

> (a) Lawyers should make reasonable efforts to conduct all discovery by agreement.
>
> (b) A lawyer should not use any form of discovery, or the scheduling of discovery, as a means of harassing opposing counsel or his client.
>
> …
>
> 2. Scheduling Lawyers should, when practical, consult with opposing counsel before scheduling hearings and depositions in a good faith attempt to avoid scheduling conflicts."

*Dondi*, 121 F.R.D. at 293. If Plaintiffs' counsel do not comport with the standards of conduct set forth in *Dondi*, this Court has a wide range of remedies available to it: "[m]alfeasant counsel can expect instead that their conduct will prompt an appropriate response from the court, including the range of sanctions the Fifth Circuit suggests in the Rule 11 context: a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances." *Id.* at 288 (internal quotation marks omitted).

## ARGUMENT

The Court should issue a protective order prohibiting Plaintiffs from unilaterally imposing deposition dates for Laird Malamed, Brant Lewis, Brendan Iribe, Palmer Luckey, Amin Zoufonoun, and Mark Zuckerberg. This Court made clear in *Dondi* that "[l]awyers should, when practical, consult with opposing counsel before scheduling hearings and depositions in a good faith attempt to avoid scheduling conflicts." *Dondi*, 121 F.R.D. at 293. Plaintiffs failed to confer with Defendants to avoid scheduling conflicts for these witnesses and counsel by insisting that the depositions move forward as noticed even though the dates chosen

by Plaintiffs' counsel are inconvenient for the witnesses and counsel.  Plaintiffs have no good reason to insist that these depositions go forward in the midst of the holidays, on dates they have been told are inconvenient or even on dates in which they have been told the witnesses are unavailable, when discovery does not close for over seven months and the trial is not set to begin for nearly a year.   (ECF No. 220).

This harassing conduct warrants the issuance of a protective order preventing Plaintiffs from unilaterally selecting deposition dates for, in the least, Laird Malamed, Brant Lewis, Brendan Iribe, Palmer Luckey, Amin Zoufonoun, and Mark Zuckerberg (subject to the resolution of the apex motion Defendants are filing), if not every witness in this case going forward. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990) ("Good cause" exists when justice requires the protection of "a party or person from any annoyance, embarrassment, oppression, or undue burden or expense." (quoting FED. R. CIV. P. 26(c))).

## CONCLUSION

For the foregoing reasons, the Court should issue a protective order barring Plaintiffs from deposing Laird Malamed, Brant Lewis, Brendan Iribe, Palmer Luckey, Amin Zoufonoun, and Mark Zuckerberg (subject to the resolution of the apex motion Defendants are filing) on the dates included in Plaintiffs' deposition notices, and require Plaintiffs to notice future depositions only after conferring with Defendants to determine dates that these witnesses and counsel are actually available for deposition.

Dated:  October 28, 2015

Michael G. Rhodes (*pro hac vice*)
mrhodes@cooley.com
**COOLEY LLP**
101 California St., 5th Floor
San Francisco, California  94111
Tel:  (415) 693-2000

Heidi L. Keefe (*pro hac vice*)
hleefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
Elizabeth L. Stameshkin (*pro hac vice*)
lstameshkin@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Phone:  (650) 843-5000

Respectfully submitted,


*/s/ Richard A. Smith*

Richard A. Smith
Texas Bar No. 24027990
Email:  rsmith@lynnllp.com
Elizabeth Y. Ryan
Texas Bar No. 24067758
Email:  eryan@lynnllp.com
**LYNN TILLOTSON PINKER & COX LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
Phone:  (214) 981-3800
Fax:  (214) 981-3839

*Attorneys for Defendants*
*Oculus VR, LLC, Palmer Luckey and Facebook,*
*Inc.*

7

### CERTIFICATE OF CONFERENCE

I hereby certify that on October 26, 2015, counsel for Defendants conferred with counsel of record for Plaintiffs in this matter, and that counsel for Plaintiffs stated they were opposed to the relief requested herein.

*/s/ Richard A. Smith*
Richard A. Smith

## CERTIFICATE OF SERVICE

On October 28, 2015, I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  I hereby certify that I have served all counsel who are deemed to have consented to electronic service or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Richard A. Smith*
Richard A. Smith

NITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.,<br><br>Defendants. | Case No.:  3:14-cv-01849-P |

## DECLARATION OF RICHARD A. SMITH IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

I, Richard Smith, declare as follows:

1.      I am a partner at the law firm Lynn, Tillotson, Pinker & Cox LLP, counsel of record for defendants Oculus VR LLC, Palmer Luckey, and Facebook, Inc. (collectively, the "Defendants") in the above-captioned case.  I make this declaration in support of Defendants' Motion for Protective Order.

2.      I have personal knowledge of the facts recited in this declaration and, if called as a witness, could and would testify competently to them.

3.      In August, counsel for Plaintiffs ZeniMax Media Inc. and id Software LLC (collectively, "Plaintiffs") requested that the parties exchange lists of the individuals that they would like to depose, and agreed with Defendants to exchange lists of their respective Rule 30(b)(6) deposition topics on September 3, 2015.  The parties exchanged the lists of potential deponents, but Plaintiffs did not provide their Rule 30(b)(6) deposition topics until October 26 despite the fact that Defendants served their 30(b)(6) topics as scheduled on September 3.

2

4.     Plaintiffs have indicated that they would like to depose about twenty-six individual witnesses who are affiliated with Defendants, including some of the most high-ranking officers of each entity defendant.  Defendants provided available dates in early October for the first two witnesses that Plaintiffs requested, but Plaintiffs decided not to move forward with the depositions at that time.

5.     Then, on October 14, Plaintiffs noticed 13 of the depositions they seek to take, without first conferring as to the availability of the witnesses and counsel.  In doing so, Plaintiffs unilaterally selected the dates and times for all 13 of the depositions, and are insisting on moving forward with some of the depositions on the noticed dates even though the witnesses or counsel are not available or the date is inconvenient, and the discovery cutoff is not until June 2016.  P. Anthony Sammi, counsel for Plaintiffs, sent an email confirming this position on October 26, 2015, a true and correct copy of which is attached hereto as Exhibit A.

6.     The depositions plaintiffs noticed on October 14 include:

- Palmer Luckey, Oculus's founder, for December 16;

- Mark Zuckerberg, Facebook's CEO, for December 18;

- Brendan Iribe, Oculus's CEO, for November 23;

- John Carmack, one of id Software's co-founders, and now Oculus's Chief Technology Officer, for December 20;

- Laird Malamed, Oculus's Chief Operating Officer, for November 18;

- Amin Zoufonoun, Facebook's Vice President of Corporate Development, for December 9;

- Nirav Patel, an Oculus senior engineer, for December 11;

- Brendan Marten, Oculus's Finance Director, for December 2;

3

- Matthew Hooper, Oculus's Director of Development, for November 6;

- Katherine Anna Kang, John Carmack's wife, for November 13;

- Lee Cooper, an Oculus senior engineer, for November 16;

- Brant Lewis, an Oculus software developer, for December 4; and

- Peter Giokaris, an Oculus senior engineer, for December 7.

7.      Defendants have offered witnesses on or near the noticed dates for eight of the 13 witnesses, including for John Carmack, and Plaintiffs have agreed to proceed with six of those depositions.  Plaintiffs have not yet confirmed their own availability for Defendants' proposed dates for the other two deponents, Mr. Patel and Mr. Zoufonoun, even though the date for Mr. Patel is the same date Plaintiffs requested in their notice of Mr. Patel's deposition on October 14. The five remaining witnesses, Messrs. Luckey, Zuckerberg, Iribe, Malamed, and Lewis, or counsel are either not available on the dates noticed by Plaintiffs or the noticed dates are inconvenient.  Nonetheless, Defendants are committed to finding mutually-convenient dates for the depositions, save for Mr. Zuckerberg's (who will be the subject of an apex motion that Defendants intend to file shortly).


I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 28, 2015 in Dallas, Texas.


    */s/ Richard Smith*
Richard Smith

4

**Caplan, Matthew D.**

| | |
|---|---|
| **From:** | Sammi, P. Anthony <Anthony.Sammi@skadden.com> |
| **Sent:** | Monday, October 26, 2015 1:48 PM |
| **To:** | Rhodes, Michael |
| **Cc:** | Richard Smith; DLPZENIMAX@skadden.com; z/Facebook-Oculus/Zenimax Media Inc; phillip.philbin@haynesboone.com; Karson, Michael <Michael.Karson@haynesboone.com> (Michael.Karson@haynesboone.com) |
| **Subject:** | RE: Depo Scheduling |

Mike,

I follow-up on my email to you of last Friday, which is in the e-mail string below.

**Plaintiffs' Rule 30(b)(6) Deposition Notices**:

I have today issued under separate cover Plaintiffs' Rule 30(b)(6) deposition notices for Oculus and Facebook.

**Confirmation of Certain Deposition Dates**:

Please confirm the below as soon as possible – some dates have been modified slightly based upon your return proposals to our original notices and/or for logistics or travel.  Where that is the case, I have indicated as such:

Nov. 9 – Shoemate (TX)
Nov. 10 – Casey (TX) (originally noticed for 11/12, but changed due to your Hooper counter-proposal)
Nov. 11 – Wilson (TX)
Nov. 12 – Hooper (TX) (we accept your proposed date)
Nov. 13 – Musick (TX) (originally noticed for 11/12, but changed due to your Hooper counter-proposal)
Nov. 16 – Cooper (CA)
Nov. 18 – Voss (CA) (originally noticed for 11/19, but moved one day for logistics)
Nov. 20 – Kang (TX) (we accept your proposed date)
Dec. 1 – Martin (CA) (originally noticed for 12/2, but moved one day for logistics)
Dec. 8 – Giokaris (CA) (we accept your proposed date)
Dec. 18 – Carmack (TX) (we accept your proposed date)

**Outstanding Deposition Notices**:

  There are several other critical witnesses that Plaintiffs have noticed.  Defendants have refused to agree to produce these witnesses on their notice dates <u>and</u> have not provided any alternative dates.  As mentioned in my email below, that tactic is unworkable given the current case schedule that Plaintiffs have every intention of retaining.  ==In the event Defendants do not provide alternate dates by tomorrow, we will stand on our notices and appear for deposition on the dates identified.==  Outstanding notices that were served almost two weeks ago and for which Defendants have given no alternate dates are listed below:

Laird Malamed (noticed for Nov. 18 – Defendants mentioned that they will present Malamed during the weeks of Dec. 14 or Dec. 21, please provide a firm date)
Brendan Iribe (noticed for Nov. 23 – Defendants refuse date but have provided no alternative)
Brant Lewis (noticed for Dec. 4 – Defendants refuse date but have provided no alternative)
Amin Zoufonoun (noticed for Dec. 9 – Defendants refuse date but have provided no alternative)
Nirav Patel (noticed for Dec. 11 – Defendants refuse date but have provided no alternative)
Palmer Luckey (noticed for Dec. 16 – Defendants refuse date but have provided no alternative)



EXHIBIT
**A**
**Page 013**

**Deposition of Mark Zuckerberg**:

 We have noticed Mr. Zuckerberg's deposition for Dec. 18.  You have indicated that you will move on apex grounds to prevent that deposition from occurring, and you have thus refused that date and have offered no alternative dates.  You have no good faith basis for opposing this deposition on apex grounds:  if it had been, for example, a vice president of Facebook who had trialed and tested the prototype Rift and made the decision to acquire Oculus, we would be asking for that person's deposition, but the undisputed fact is that Mr. Zuckerberg was personally and instrumentally involved.  Plaintiffs therefore require Mr. Zuckerberg's deposition.

You have further indicated that Mr. Zuckerberg is having a child in the month of December.  While we will of course seek to accommodate Mr. Zuckerberg's personal schedule, in the absence of any proposal from you, Plaintiffs stand on his notice as served.

 I look forward to hearing from you on the above.

Regards,
Tony

-----Original Message-----
From: Sammi, P. Anthony (NYC)
Sent: Friday, October 23, 2015 4:29 PM
To: 'Rhodes, Michael'
Cc: Richard Smith; Project ZeniMax IP DL; z/Facebook-Oculus/Zenimax Media Inc; phillip.philbin@haynesboone.com;
Karson, Michael <Michael.Karson@haynesboone.com> (Michael.Karson@haynesboone.com)
Subject: RE: Depo Scheduling

Mike,

 As I've said before and we all know, the parties have as many as 40-50 depositions to complete in the next few months, and we have been attempting to get deposition dates from you since June of this year.  We have made progress on locking down dates (to be confirmed shortly) for some witnesses on both sides, but, given the number of outstanding notices and existing discovery deadlines, this process cannot continue at this pace.  We're always willing to work with you to schedule any of the depositions in a way that is convenient for the parties, but responses that several critical witnesses are not available (weeks and months out, absent explanation) and without providing any alternative dates is not workable.  Absent getting alternate dates in short order for our deposition notices, we will be forced to stand on our notices and expect the depositions to proceed as noticed.  Please let me know when we can expect confirmations and/or alternate dates.  If you feel you must move the Court, please also include this communication.

As to the other issues you raised:  we plan on serving 30(b)(6) notices on Monday of next week.  You will also get our objections to your 30(b)(6) topics concurrently or shortly thereafter.

From our last call, for existing depo date proposals from both sides, we expect to confirm or propose alternates on Monday.

T.

-----Original Message-----
From: Rhodes, Michael [mailto:RHODESMG@cooley.com]
Sent: Friday, October 23, 2015 11:53 AM
To: Sammi, P. Anthony (NYC)
Cc: Richard Smith; Project ZeniMax IP DL; z/Facebook-Oculus/Zenimax Media Inc; phillip.philbin@haynesboone.com;
Karson, Michael <Michael.Karson@haynesboone.com> (Michael.Karson@haynesboone.com)

2

Subject: Re: Depo Scheduling


Michael Rhodes
Cooley LLP/San Francisco
rhodesmg@cooley.com<mailto:rhodesmg@cooley.com>
(858-205-3734)

Tony, we do not have yet alternative dates for these folks, nor are they available on the dates noticed.  We are working on getting dates for them and will advise you when we have dates to propose.  I assume you are not standing on your notices but if you are please let us know today so we can advise the court and protect our record.
In the meantime, please advise as to your confirmation on the dates we discussed on Wednesday so we may advise our witnesses and arrange our own scheduling for the same and please further advise us on whether you will be sending a 30(b)(6) notice as we discussed on Wednesday (you indicated we would receive it "very soon") and, if not, when you or Phil would be available to have a call with the Magistrate as suggested in Richard's letter.
Note I am out of the office today and Richard's office is closed due to a utility failure and thus we will be difficult to reach today.
Best,
Mike


On Oct 23, 2015, at 8:37 AM, Sammi, P. Anthony
<Anthony.Sammi@skadden.com<mailto:Anthony.Sammi@skadden.com>> wrote:

Mike, Richard,

  I received Richard's letter yesterday on depo logistics, we'll respond shortly on that.  As we look to lock in dates, you were waiting to hear back from Luckey, Iribe, Lewis, Patel, and Zoufounan – pls confirm their availability on our notice dates.  Have you been able to confirm Malamed during the week of 12/14?  Thanks.


T.


P. Anthony Sammi
Partner
Skadden, Arps, Slate, Meagher & Flom LLP Four Times Square | New York | 10036-6522
T: 212.735.2307 | F: 917.777.2307
anthony.sammi@skadden.com<mailto:anthony.sammi@skadden.com>

------------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==========================================================================

3

_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.


---------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=================================================================================

4