IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants should never have burdened this Court with their Motion for Protective Order (Dkt. No. 237 ("Motion")), and the Court should grant Defendants no relief on it now. Defendants have placed an <u>incomplete</u> record of the discussions between the parties before the Court, which this Opposition will endeavor to correct. The completed record demonstrates that Plaintiffs ZeniMax Media Inc. and id Software LLC (collectively, "ZeniMax") have made earnest efforts to work toward mutually convenient dates for the depositions of Defendants' officers and employees, and that ZeniMax does not propose to "unilaterally" set dates for those depositions.

**1.    ZeniMax's Counsel Have Diligently Conferred With Defendants' Counsel To Set Mutually Convenient Dates For Depositions**

As the Court is well aware, the pre-trial schedule in this action has been extended twice: once by reason of Defendants' prolonged refusal to proceed with discovery during the pendency of motions to dismiss (*see* Dkt. No. 134; *see also* Dkt. Nos. 45, 47 (motions to dismiss), 55

1

(motion to stay discovery)), and a second time to accommodate completion of document and source code production (Dkt. No. 220). ZeniMax does not wish for any further extension of the schedule, and indeed is eager to complete fact discovery in this action so that it can present its claims at trial. To that end, ZeniMax's counsel has conferred with Defendants' counsel on numerous occasions via telephone and e-mail — often, on several occasions in a single day — with the intention of setting dates for the depositions of critical witnesses on dates mutually convenient to the witnesses and counsel.

The partial record placed before the Court by Defendants (Mot. Ex. A) does not reflect the breadth of ZeniMax's efforts to confer regarding mutually convenient dates. The complete record demonstrates that ZeniMax commenced efforts to arrange a mutually agreeable deposition schedule four months ago, in July 2015. (*See* App'x Ex. 1 at 2-4 (Letter from K. Hemr (dated July 8, 2015)).) For purposes of this Motion, however, the critical facts are as follows:

(i) On **October 14, 2015**, in anticipation of a conference call scheduled for the following day with Defendants' counsel regarding deposition scheduling, ZeniMax's counsel sent a calendar listing proposed deposition dates with attendant notices for various witnesses, including (among others) the six witnesses who are the subject of this Motion.[1] (*See generally* App'x Ex. 2 (cover e-mail and notices).)

(ii) Nine days later, on Friday, **October 23, 2015**, ZeniMax's counsel e-mailed Defendants' counsel noting that ZeniMax was still awaiting proposed deposition dates for those six witnesses. Defendants' counsel stated that "we do not yet have alternative dates for those folks." ZeniMax's counsel replied by politely reiterating ZeniMax's need for proposed dates for those witnesses. (*See* Mot. Ex. A.)

(iii) On the following Monday, **October 26, 2015**, having heard nothing further from Defendants' counsel, ZeniMax's counsel sent another e-mail summarizing out the parties' progress on deposition scheduling to date and noting the need for proposed dates for the remaining six witnesses. (*See* Mot. Ex. A.)

---

[1] *I.e.*, Laird Malamed, Brant Lewis, Brendan Iribe, Palmer Luckey, Amin Zoufonoun, and Mark Zuckerberg.

*[The following events were **not** included in the record Defendants provided to the Court.]*

(iv)   The next day, **October 27, 2015**, Defendants' counsel responded to that e-mail without proposing any dates for those six witnesses, but instead informed ZeniMax that Defendants intended to move for a protective order.  (*See* App'x Ex. 3 at 51 (continuation of e-mail correspondence presented in incomplete form by Mot. Ex. A).)

(v)   Presented with this baffling response, ZeniMax's counsel asked, "why not simply provide dates so that we can avoid motion practice?"  (*Id.* at 50.)

(vi)   Defendants' counsel replied that "folks are busy and sometimes I can't promise you a date certain at the drop of a hat" — notwithstanding that by this point ZeniMax had been seeking proposed dates for those witnesses for weeks.  (*Id.* at 49-50.)

(vii)   Defendants' counsel further stated that "[t]he discovery cut off is not until the middle of next year" (*id.*) — even though Defendants are well aware that the pre-trial schedule obligates ZeniMax to make certain expert disclosures by March 15, 2016, and that ZeniMax is therefore obliged to develop an evidentiary record in advance of that date so that its experts may consider that record when formulating their opinions.  (*See* Dkt. No. 220 ¶ 6.)

(vii)   ZeniMax's counsel responded by asking when Defendants would be providing proposed dates for the depositions of those six witnesses:



(*Id.* at 49 (emphasis added).)

(viii) On the morning **October 28, 2015**, without responding further, Defendants filed this Motion.

That record demonstrates that ZeniMax has never sought to "unilaterally" set dates for any of these depositions. Instead, ZeniMax has worked in earnest toward setting mutually convenient dates for the witnesses and all counsel. Defendants' precipitous filing of this Motion was <u>not</u> prompted by ZeniMax's conduct, but rather by Defendants' own refusal to cooperate in scheduling the depositions of those six witnesses by taking the <u>minimal</u> step of proposing alternative dates for their depositions.

Notwithstanding all that, ZeniMax has continued to make efforts to confer with Defendants regarding scheduling of the depositions of those six witnesses:

- With respect to Amin Zoufonoun, Defendants have proposed a date for this deposition and ZeniMax has agreed to that date.

- Following this Court's Order requesting that the parties' work together to schedule depositions (Dkt. No. 244), Defendants have proposed a date for the deposition of Brant Lewis. Although his deposition may not go forward on that date, ZeniMax believes the parties will be able to come to an agreement on a date for Mr. Lewis's deposition.

- Also following this Court's Order requesting that the parties' work together to schedule depositions (*see id.*), Defendants have proposed a February 4, 2016 date for the deposition of Brendan Iribe, *i.e.*, nearly <u>three months</u> from today. ZeniMax has reasonably asked whether Mr. Iribe can appear sooner for deposition. (*See* App'x Ex. 4 at 57 (email seeking clarity as to Mr. Iribe's availability for deposition).)

Yet, all these weeks later, Defendants have proposed <u>no</u> alternative dates for the depositions of Palmer Luckey (who is a named Defendant in this action) or Laird Malamed, and have stated that <u>no</u> date will be proposed for the deposition of Mark Zuckerberg. Under these circumstances, Defendants are not entitled to any relief on their Motion. The Court should direct Defendants to either present their witnesses as noticed, or cooperate in scheduling mutually convenient alternative dates for depositions on a reasonable schedule.

4

**2.     The Court Should Reject Defendants' Proposal To Exempt Facebook's CEO Mark Zuckerberg From Appearing For A Deposition**

Defendants have expressed their intention to file — but have not filed — an "apex motion" seeking a protective order precluding ZeniMax from deposing Mark Zuckerberg, the Chief Executive Officer ("CEO") of Defendant Facebook, Inc.   (Dkt. No. 237 at 4 n.1.) Defendants have no good faith basis for seeking such an order, and the Court should not entertain it.

This is <u>not</u> a case in which one party is seeking to harass an adversary by deposing an executive of the adversary who has no percipient knowledge of the facts of the case.  Rather, it is beyond dispute that Mr. Zuckerberg <u>personally</u> communicated with Oculus's CEO Brendan Iribe regarding Facebook's acquisition of Oculus, and that Mr. Zuckerberg <u>personally</u> tested a prototype of the Rift virtual reality headset prior to deciding whether to proceed with Facebook's multi-billion-dollar acquisition of Oculus.[2]   Indeed, it is a matter of public record that Facebook's board of directors has invested Mr. Zuckerberg with considerable personal authority to make independent decisions regarding significant acquisitions by Facebook.[3]

Accordingly, ZeniMax reasonably requires Mr. Zuckerberg's deposition to demonstrate that his personal decision to acquire Oculus, as well as his personal valuation of Oculus,

---

[2]  (*See generally* App'x Ex. 5 (Steven Tweedie, *Oculus CEO Reveals How He Convinced Mark Zuckerberg to Try the Rift*, Business Insider, December 30, 2014).)

[3]  (*See generally* App'x Ex. 6 (Shayndi Raice et al., *In Facebook Deal, Board Was All But Out of the Picture*, Wall Street Journal, April 18, 2012); *see also*  App'x Ex. 7 at 74 (Facebook, Inc., 2015 Form 10-K ("Mr. Zuckerberg has the ability to control … major strategic investments of our company as a result of his position as our CEO and his ability to control the election or replacement of our directors.")).)  To be sure, ZeniMax is <u>not</u> presenting the fact that Facebook's board has authorized Mr. Zuckerberg to make such decisions himself as a criticism of that company's corporate governance.  It is offered only to explain why, under the particular facts of <u>this</u> action, the testimony of some more junior representative of the company cannot serve as a substitute for the testimony of a CEO who personally reviewed the relevant technology and made the relevant acquisition decision.

depended on features of the Rift headset that were based on misappropriated ZeniMax technology. Those facts are essential to ZeniMax's proof of liability and damages on its claims.

Courts in this District have refused to enter protective orders shielding an executive from deposition where the record shows that the executive was personally involved in the facts in dispute in the action:

- In *Kimberly-Clark Corp. v. Continental Casualty Co.*, Civil Action No. 3:05-CV-0475-D, 2006 WL 3436064 (N.D. Tex. Nov. 29, 2006), Judge Fitzwater declined to quash a notice of deposition for the chairman and CEO of the plaintiff corporation, observing that "in this case Continental has shown that [the CEO] has personal involvement in a multimillion insurance dispute that requires his testimony." *Id.* at *4.

- In *Simms v. National Football League*, Civil Action No. 3:11-CV-0248-M-BK, 2013 WL 9792709 (N.D. Tex. July 10, 2013), Magistrate Judge Toliver granted a plaintiff's motion to compel the deposition of the commissioner of the defendant sports league, having concluded that that witness "possesses firsthand knowledge of relevant information regarding the events giving rise to Plaintiffs' causes of action for breach of contract and fraudulent inducement." *Id.* at *3.

- Recently, in *Gaedeke Holdings VII, Ltd. v. Mills*, No. 3:15-mc-36-D-BN, 2015 WL 3539658 (N.D. Tex. June 5, 2005), Magistrate Judge Horan declined to quash a notice of deposition for the plaintiffs' CEO, concluding that the CEO "has personal knowledge of facts relevant to the issue of damages," and "had personal involvement in conduct that is relevant to the issue of damages." *Id.* at *4 (citing *Kimberly-Clark* and *Simms*).

ZeniMax is certainly prepared to discuss with Defendants the time and place of Mr. Zuckerberg's deposition to avoid any inconvenience to him. (Indeed, ZeniMax would expect the same courtesy from Defendants insofar as they have proposed to take the deposition of ZeniMax's CEO.) But Defendants cannot fairly demand that Mr. Zuckerberg be entirely exempted from the obligation to appear for a deposition in the ordinary course to testify regarding his personal knowledge of material facts in dispute.

## **CONCLUSION**

For all of the foregoing reasons, Defendants' Motion should be denied.

Dated: November 5, 2015          Respectfully submitted,

*s/ Phillip B. Philbin*

| | |
|---|---|
| P. ANTHONY SAMMI | PHILLIP B. PHILBIN |
| E-mail: Anthony.Sammi@skadden.com | Texas State Bar No. 15909020 |
| KURT WM. HEMR | E-mail: phillip.philbin@haynesboone.com |
| E-mail: Kurt.Hemr@skadden.com | MICHAEL D. KARSON |
| JAMES Y. PAK | Texas State Bar No. 24090198 |
| Texas State Bar No. 24086376 | E-mail: michael.karson@haynesboone.com |
| E-mail: James.Pak@skadden.com | **HAYNES AND BOONE LLP** |
| KRISTEN VOORHEES | 2323 Victory Avenue, Suite 700 |
| E-mail: Kristen.Voorhees@skadden.com | Dallas, Texas 75219 |
| DEVIN A. KOTHARI | Telephone No.: 214-651-5000 |
| E-mail: Devin.Kothari@skadden.com | Facsimile No.: 214-651-5940 |
| (the foregoing attorneys admitted *pro hac vice*) | |
| **SKADDEN, ARPS, SLATE,** | |
|    **MEAGHER & FLOM LLP** | |
| Four Times Square | |
| New York, New York 10036 | |
| Telephone No.: 212-735-3000 | *Attorneys for Plaintiffs* |
| Facsimile No.: 212-735-2000 | *ZeniMax Media Inc. and id Software LLC* |

## **CERTIFICATE OF SERVICE**

      On November 5, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: November 5, 2015                      *s/ Phillip B. Philbin*
                                                      Phillip B. Philbin