NOV - 3 2015

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA, INC. and | § | |
| ID SOFTWARE, LLC, | § | |
| Plaintiffs, | § | |
| v. | § | No. 3:14-CV-1849-P (BF) |
| OCULUS VR, LLC, et al., | § | |
| Defendants. | § | |

## ORDER

Before the Court is the plaintiffs Zenimax Media, Inc. ("Zenimax") and id Software, LLC's ("id Software") (collectively, "Plaintiffs") Motion (A) to Overrule Limitations on Defendant Facebook, Inc.'s Responses to Requests for Production and (B) to Compel Production of Documents and Source Code Withheld on That Basis [D.E. 186] ("Motion to Compel") referred to United States Magistrate Judge Paul D. Stickney. *See* Electronic Order Referring Mot. [D.E. 189]. Upon consideration, Plaintiffs' Motion to Compel [D.E. 186] is GRANTED.

Plaintiffs seek to compel from the defendant Facebook, Inc. ("Facebook") documents regarding the following: (i) technical details concerning Facebook's virtual reality products; (ii) Facebook's marketing, licensing and intellectual property documents concerning virtual reality; and (iii) Facebook's financial and business documents regarding its virtual reality enterprises. *See* Pls.' Mot. to Compel [D.E. 186 at 5]. Plaintiffs argue that they seek information that is commonly discoverable in intellectual property disputes and that their requests are limited to Facebook's virtual reality offerings created after the defendants Oculus VR, LLC ("Oculus") and Palmer Luckey ("Luckey") allegedly misappropriated Zenimax's intellectual property. *See id.* [D.E. 186 at 5].

The defendants Oculus, Luckey and Facebook (collectively, "Defendants") argue in their response that Plaintiffs' requests "could encompass the entirety of Facebook's source code -

including the source code underlying its core social networking products which are unrelated to virtual reality." See Defs.' Resp. [D.E. 199 at 3]. Defendants further contend that they agreed to produce Oculus and Luckey's source code and documents relating to the Oculus Rift and its SDK and to meet and confer with Plaintiffs regarding the relevancy of Plaintiffs' requests to Facebook. See id. [D.E. 199 at 3-4]. Defendants state that they produced terabytes of source code and hundreds of thousands of pages of documents that relate to the product actually named in Plaintiffs' requests. See id. [D.E. 199 at 4]. Defendants state that they listed each of the types of source code in Facebook's possession that could be related to "virtual reality," and asked Plaintiffs to specifically identify which trade secrets any of the source code related to. See id. [D.E. 199 at 4]. Defendants contend that Plaintiffs did not respond for over a month, sent a letter on July 16, 2015 to a subset of defense counsel that did not address Defendants' request to link Facebook's source code to alleged trade secrets, and sent an ultimatum e-mail to to the same subset of defense counsel hours before filing their Motion to Compel. See id. [D.E. 199 at 4].

In their reply, Plaintiffs argue that they are not seeking any "non-virtual reality Facebook source code" and that they only seek "a subset of the Facebook virtual reality code Defendants' counsel have admitted exists." Pls.' Reply [D.E. 204 at 3]. Plaintiffs further contend that while Defendants seek to have Plaintiffs tie their document requests to specific misappropriated trade secrets, Plaintiffs cannot identify the specific trade secrets misappropriated until Facebook produces virtual reality documents and source code for Plaintiffs' review. Id. [D.E. 204 at 3]. Plaintiffs point out that as Defendants argued in a previous motion, the responding party cannot be the sole arbiter of what evidence is relevant. See Pls.' Reply [D.E. 204 at 3 n.2]; Defs.' Mot. to Compel [D.E. 182 at 4-5].

In consideration of the foregoing, Plaintiffs' requests for the following information is granted: (i) technical details concerning Facebook's virtual reality products; (ii) Facebook's marketing, licensing and intellectual property documents concerning virtual reality; and (iii) Facebook's financial and business documents regarding its virtual reality enterprises - limited by Facebook's virtual reality offerings created after Oculus and Luckey allegedly misappropriated Zenimax's intellectual property and the subset of Facebook virtual reality code defense counsel admitted exists. The information Plaintiffs seek here is relevant because, as quoted by Plaintiffs in their Amended Complaint, Facebook made statements on March 25, 2014 that could be construed as representing an intent to incorporate Oculus virtual reality technology into Facebook. *See* Am. Compl. [D.E. 38 at 37] ("In terms of our own business model, we're clearly not a hardware company. We're not going to try to make a profit off of the devices long term. We view this as a software and services thing, where if we can make it so that this becomes a network where people can be communicating and buying things and virtual goods and there might be advertising in the world, but we need to figure that out down the line. Then I think that's probably where the business will come from, if I had to say."). Defendants shall comply with Plaintiffs' requests within two weeks of the entry of this Order unless the parties come to an agreement regarding a different due date for the information requested.

**SO ORDERED**, November 3, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE