IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>        Plaintiffs,<br><br>  v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL THE
PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL INTERROGATORY
RESPONSES REGARDING PLAINTIFFS' ALLEGED DAMAGES**

Defendants' Motion to Compel the Production of Documents and Supplemental Interrogatory Responses (Dkt. No. 225 ("Motion")) is the most recent example in what is now a familiar pattern. Throughout this litigation, Defendants have issued overbroad and vexatious discovery requests, feigned surprise when Plaintiffs properly interposed objections, and then burdened the Court with motion practice without making any reasonable effort to narrow or tailor their requests.

The document requests and interrogatories that this Motion seeks to put at issue here are irrelevant, overbroad and unduly burdensome. Notwithstanding Defendants' inappropriate discovery requests, however, Plaintiffs have provided responses and produced documents to the extent possible, and further given detailed bases for their objections. Defendants cannot expect more from Plaintiffs at this stage of discovery, particularly given that deposition discovery is just commencing, and fact discovery closes more than seven months from today, on June 13, 2016.

1

In addition, Plaintiffs submit that portions of Defendants' Motion are substantially moot. In response to this Court's order on a related motion to compel (Dkt. No. 235 ("Order")), Plaintiffs intend to produce financial documents, documents concerning ZeniMax's acquisition of id Software, and documents concerning damages by November 24, 2015.  These documents should be sufficient for Defendants to perform their damages analysis.  Defendants' Motion should thus be denied.

## **PERTINENT FACTS**

1. On **July 22, 2015**, Facebook served its Second Set of Interrogatories to Plaintiffs. Facebook's Interrogatory Nos. 22-25, which concern copyrighted and trademarked materials, are at issue here:

- Interrogatory No. 22: "Identify every instance in which Plaintiffs have allowed someone to use, view or copy any of Plaintiffs' copyrighted material, aside from buyers of any of Plaintiffs' computer programs, including their name, what they were permitted to use, view or copy, and any compensation Plaintiffs received as a result of the use, viewing or copying."  (App'x Ex. 1 at 6 (emphasis added).)

- Interrogatory No. 23: "Identify every instance in which Plaintiffs have licensed or obtained access to copyrighted material from someone, including their name, the material licensed or accessed, and any fee or other consideration Plaintiffs paid for the access." (*Id.* at 7 (emphasis added).)

- Interrogatory No. 24: "Identify every instance in which Plaintiffs have allowed someone to use any of Plaintiffs' trademarks, including their name, the trademark used, and any compensation Plaintiffs received as a result of the use." (*Id.* (emphasis added).)

- Interrogatory No. 25: "Identify every instance in which Plaintiffs have licensed or used someone's trademark, including their name, the trademark, and any fee or other consideration Plaintiffs paid for the use."  (*Id.* (emphasis added).)

2. Also on **July 22, 2015**, Defendants also served their Fourth Set of Requests for Production to Plaintiffs.  The Requests at issue here include Request Nos. 168, 169 and 171, which concern financial documents, and Request Nos. 173 and 174 which concern trademarked and copyrighted materials:

- Request No. 168: "<u>All</u> Documents reflecting Plaintiffs' audited, reviewed, examined or compiled financial statements, including without limitation income statements, balance sheets, statements of cash flows, and any footnotes thereto <u>from 2006 to present</u>."  (App'x Ex. 2 at 13 (emphasis added).)

- Request No. 169: "<u>All</u> Documents reflecting <u>any</u> valuations of Plaintiffs <u>from 2006 to the present</u>."  (*Id.* (emphasis added).)

- Request No. 171: "<u>All</u> competitive analyses, budgets, or strategic plans for ZeniMax and id Software <u>from 2006 to the present</u>."  (*Id.* at 14 (emphasis added).)

- Request No. 173: "<u>All</u> Documents concerning <u>any</u> instance in which Plaintiffs have obtained access to the source code of <u>any</u> video game or other product not produced by Plaintiffs."  (*Id.* (emphasis added).)

- Request No. 174: "<u>All</u> Documents concerning <u>any</u> instance in which Plaintiffs have allowed someone to use <u>any</u> of Plaintiffs' trademarks."  (*Id.* (emphasis added).)

3. On **August 21, 2015**, Plaintiffs responded to Facebook's Second Set of Interrogatories. (App'x Ex. 3.)  Plaintiffs reasonably objected to each of Interrogatory Nos. 22-25 on the grounds that those interrogatories were irrelevant, overbroad, unduly burdensome, and not limited to the litigation, and provided the specific bases for their objections.  Specifically, Defendants noted that Plaintiffs were media companies with copyrights and trademarks across every aspect of their business, and that it was unreasonable to expect Plaintiffs to provide a complete cataloguing of copyrighted or trademarked materials.  (*Id.* at 21-25.)[1]

4. On **August 21, 2014**, Plaintiffs also responded to Defendants' Fourth Set of Requests for Production, and objected to the Requests in question on many of the same, pertinent grounds.  (App'x Ex. 4.)  Plaintiffs reasonably objected to each of the Requests at issue because they were irrelevant, not limited in time, overbroad, and premature, and provided the basis for their objections.  (*Id.* at 33-37.)  Plaintiffs also objected to those Requests seeking copyrighted and trademarked materials as vague, ambiguous and overbroad.  (*Id.* at 35-37.)  Notwithstanding

---

[1] In addition, Plaintiffs objected to these Interrogatories on the grounds that they were premature, including because deposition discovery has yet to commence, "fact discovery is ongoing and the parties have not yet . . . exchanged expert reports." (*See, e.g., id.* at 23.)

3

these objections, however, Plaintiffs offered to produce "responsive documents sufficient to identify the general categories of use" for various of Plaintiffs' trademark registrations (including DOOM, DOOM 3, DOOM II, ID, RAGE, and SKYRIM), *i.e.*, the registrations at issue in this litigation. (*Id.* at 36-37.)

5. On **September 9, 2015**, Matthew Caplan, counsel for Defendants, sent a letter to P. Anthony Sammi, counsel for Plaintiffs, regarding pending discovery issues. (App'x Ex. 5.) Without specifically addressing Plaintiffs' objections, explaining the rationale for Defendants' requests, or otherwise narrowing the documents or information sought, this letter again demanded the production of documents and supplemental responses to Defendants' interrogatories. (*Id.*)

6. On **September 21, 2015** and **September 29, 2015**, the parties held teleconferences to discuss outstanding discovery issues. During those calls, Plaintiffs explained that Defendants' requests were overbroad, unduly burdensome and premature. Defendants, however, refused narrow their requests. This motion practice followed.

7. On **October 26, 2015**, this Court entered an Order on Defendants' related Motion to Compel the Production of Documents and Supplemental Interrogatory Response (Dkt. No. 235). That Order, which concerned requests substantially similar to Request Nos. 168, 169 and 171, directed that Plaintiffs produce certain financial documents, documents concerning Plaintiffs' damages, and documents concerning ZeniMax's acquisition of id Software. Plaintiffs will of course comply with the Court's Order.

**ARGUMENT**

I. **Defendants' Document Requests and Interrogatories Regarding Copyrighted and Trademarked Materials Are Harassing and Improper (Request Nos. 173, 174; Interrogatory Nos. 22-25)**

   A. **Defendants' Document Request Nos. 173 and 174 are Overbroad and Irrelevant, and Would Result in an Undue Burden on Plaintiffs**

Defendants' Request No. 173 seeks <u>all</u> documents concerning <u>every instance</u> in which Plaintiffs accessed <u>any</u> type of source code not produced by them. (App'x Ex. 2 at 14.) Defendants' Request No. 174, meanwhile, seeks <u>all</u> documents concerning <u>every instance</u> in which Plaintiffs allowed someone to use <u>any</u> of Plaintiffs' trademarks. (*Id.*) Plaintiffs are media companies that engage in significant technology licensing and enter into numerous agreements involving source code, including the licensing of video game and other source code irrelevant to this litigation. As a media company, Plaintiffs also have a large number of trademarks, and have formed numerous marketing, media, publicity and other partnerships involving trademarks irrelevant to this litigation. Defendants' unbounded requests therefore sweep in enormous swaths of documents with no claimed relevance to this case. Those requests therefore impose an undue burden on Plaintiffs. *See* Fed. R. Civ. P. 26(b)(1).

Indeed, Plaintiffs are at a loss to understand how Defendants' request for <u>all</u> documents concerning <u>every instance</u>—regardless of time frame or subject matter—that that Plaintiffs accessed source code or allowed another entity to use their trademarks could have any bearing on this litigation. Even if "prices paid by licensees in the past" (Motion at 7) are relevant to damages analysis (which Plaintiffs deny), disclosing <u>every instance</u> of such licensing, without limitation, introduces a burden and expense on Plaintiffs that outweighs its likely benefit to Defendants. *See Bouaziz v. AZT Corp.*, No. 3-10-CV-0053-B, 2010 WL 5300838, at *2 (N.D. Tex. Dec. 23, 2010). Nonetheless, in an attempt to provide those documents relevant to the

5

litigation, Plaintiffs have offered to produce "responsive documents sufficient to identify the general categories of use" of several of their trademarks relevant to this litigation. (App'x Ex. 4 at 36-37). That offer was refused. Defendants' Motion to compel documents responsive to Request Nos. 173 and 174 should be denied.

### B.   Defendants' Interrogatory Nos. 22-25 Are Grossly Overbroad And Irrelevant To Any Potential Damages Analysis

Defendants' Interrogatory Nos. 22-25 seek information regarding <u>every instance</u> in which Plaintiffs either: (i) allowed someone to use <u>any</u> of their copyrighted material, (ii) licensed or obtained access to <u>any</u> copyrighted material from another, (iii) allowed someone to use <u>any</u> of their trademarks, or (iv) licensed or used <u>any</u> trademark of another. (App'x Ex. 1 at 6-7.) These interrogatories are <u>not</u> even limited to the copyrighted and trademarked materials at issue in the litigation. Nor are these interrogatories limited as to time, general subject matter, or in any other reasonable fashion. As such, they are wholly inappropriate, and incapable of a reasoned response.

More specifically, Plaintiffs are world-wide developers and publishers of video games. (*See* Dkt. No. 38 ¶ 22.) As such, Plaintiffs have copyrights in virtually every aspect of their business and in many geographic locations across the globe. These copyrighted materials include, but are not limited to, software, pictures, graphics, videos, music, sound recordings, advertising and marketing materials, and documents such as manuals, instructions, sales materials, contracts and licenses. By refusing to submit a narrowing definition of "Plaintiffs' copyrighted material[s]," Defendants have purposefully sought information about a variety of Plaintiffs' copyrighted materials not at issue in this litigation, and imposed a burden on Plaintiffs that outweighs any potential benefit to Defendants. *See* Fed. R. Civ. P. 26(b)(1).

In addition, as leading game developers and publishers with world-wide operations, Plaintiffs have entered into numerous agreements regarding their copyrighted materials and trademarks. They have also displayed certain items containing or consisting of Plaintiffs' copyrighted materials and trademarks, *e.g.*, Plaintiffs' video games and marketing materials, at gaming shows, conferences, and other displays. Asking Plaintiffs to identify every use, viewing, or copying for each of its copyrighted materials or trademarks is harassing and improper. *See* Fed. R. Civ. P. 26(g)(1)(B)(ii).

In response to Plaintiffs' objections, Defendants' claim that their requests relate to "the trademark and copyrights at issue, as well as similar intellectual property." (Motion at 2.) This is plainly false. Defendants had every opportunity to limit their requests to the trademark and copyrights at issue in this case both when issuing their requests and in the parties' discussions thereafter. They have refused to do so, and instead insisted on information regarding all of Plaintiffs' copyrighted and trademarked materials, and any use by Plaintiffs of the copyrighted and trademarked materials of others. Defendants motion to compel supplemental responses to Interrogatory Nos. 22-25 should be denied.

## II. Plaintiffs Have Committed to Produce the Requested Financial Documents, Rendering Defendants' Motion as to these Requests Moot (Request Nos. 168, 169, and 171)

Defendants' Request No. 168 seeks all documents reflecting Plaintiffs' financial statements from 2006 to the present. (App'x Ex. 2 at 13.) Defendants' Request Nos. 169 and 171 further seek all documents concerning valuations of Plaintiffs and all competitive analyses, budgets, or strategic plans from 2006 to the present. (*Id.* at 13-14.) These requests are substantially similar to Request Nos. 160 and 161 (concerning financial statements), Request No. 162 (concerning budgets) and Request No. 164 (concerning valuations), which were at issue in a

7

related motion to compel previously filed by Defendants. (*See* Dkt. No. 182.) On October 26, 2015, the Court ruled on Defendants' prior motion to compel and ordered Plaintiffs to produce documents in response to Request Nos. 160-162 and 164. Specifically, the Court ordered Plaintiffs to produce financial statements and budgets from 2009 to the present and any valuations of id Software. (*See* Dkt. No. 235.) Plaintiffs have already produced a number of financial statements and other documents relevant to these requests, and intend to produce, after reasonable search, further documents in response to the Court's Order by November 24, 2015. The portion of Defendants' Motion directed towards 168 and 169 are therefore moot and should be denied.

## **CONCLUSION**

Plaintiffs have committed to produce an array of financial documents requested by Defendants in this litigation. Defendants' demand for a far broader production would include vast numbers of irrelevant documents not subject to discovery and would be unduly burdensome. Accordingly, Defendants' Motion should be denied.

Dated: November 6, 2015

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

Respectfully submitted,

*s/ Phillip B. Philbin*
PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940


*Attorneys for Plaintiffs
ZeniMax Media Inc. and id Software LLC*

## **CERTIFICATE OF SERVICE**

  On November 6, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: November 6, 2015        *s/ Phillip B. Philbin*
                Phillip B. Philbin