# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC,  ) | |
| ) | |
| Plaintiffs,  ) | CIVIL ACTION |
| ) | NO. 3:14-01849-P |
| v.  ) | |
| ) | |
| OCULUS VR, LLC, PALMER LUCKEY, and  ) | |
| FACEBOOK, INC.  ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants.  ) | |

**FACEBOOK, INC.'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS
(INTERROGATORIES NOS. 22-25)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, defendant Facebook, Inc. hereby requests that plaintiffs ZeniMax Media Inc. and id Software LLC respond to the following Interrogatories, separately and fully, under oath and in writing within thirty days after service of these Interrogatories.

**DEFINITIONS AND INSTRUCTIONS**

1.      The term "ZeniMax" shall mean and include plaintiff ZeniMax Media Inc., and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries (including but not limited to id Software LLC), or affiliates and all those persons acting on its behalf.

2.      The term "Plaintiffs" shall mean "ZeniMax" and "id Software."

3.      The terms "you" and "your" shall refer to Plaintiffs.

4.      The term "Amended Complaint" shall mean the Amended Complaint you filed on August 28, 2014 in this lawsuit.

5.      The terms "person" and "persons" shall mean any natural person or any business, legal, or governmental entity or association.

6.      The following rules of construction shall apply to all interrogatories as necessary to bring within the scope of discovery interrogatories all responses that might otherwise be construed to be outside of its scope:

a.      The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request, definition, or instruction more inclusive;

b.      The terms "any" and each" shall be construed to include and encompass "all";

c.      The term "including" means including but not limited to;

d.      Use of the word "the" shall not be construed as limiting the scope of any request;

e.      The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in context.

7.      The words "identify", "identifying", "identity" or "identification" shall mean and include:

a.      When used in reference to a document:

i.      to describe the date it was prepared or created, the identity of its author or originator, the type of document (e.g., letter, telegram, chart, photograph, sound recording, etc.), the identity of its recipient or addressee, its present location, the identity of its present custodian(s), and the Bates stamp number or other reference number, if such document has been produced in response

2

to Defendants' First Request For Production of Documents and Things or in response to any subsequent Requests For Production of Documents and Things by Defendants, or in lieu of providing the requested information about the identity of the document, to the extent that the document itself contains the requested information, you may attach the document to your answers; and

ii.  if the document has been destroyed or is otherwise no longer in existence or cannot be found, the reason why such document no longer exists, the identity of the person(s) responsible for the destruction or loss of the document, and the identity of its last known custodian(s).

b.  When used in reference to a natural person:

i.  state such person's name;

ii.  state such person's present residential address and telephone number (or if not known or ascertainable, the last known address indicating that it is the last known address);

iii.  state such person's present place of business and present business address and telephone number (or if not known or ascertainable, the last known place of business and business address indicating that it is the last known place of business and business address); and

3

        iv.  state such person's job title and employer (or if not known or ascertainable, the last known employer indicating that it is the last known employer).

c.     When used with reference to any person other than a natural person:

        i.  state its full name;

        ii.  state the address and telephone number of its principal place of business;

        iii.  state the jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation;

        iv.  identify all individuals who acted and/or who authorized another to act on its behalf in connection with the matters referred to;

        v.  in the case of a corporation, identify its directors and principal officers; and

        vi.  in the case of an entity other than a corporation, identify its partners, principals and all individuals who acted or who authorized another to act on its behalf in connection with the matters referred to.

d.     When used with reference to a communication:

        i.  state whether the communication was written or oral;

        ii.  state the date of the communication;

        iii.  identify the parties to the communication;

        iv.  describe in as much detail as possible the substance of the communication; and

4

    v. identify all documents which refer to, evidence, describe or

     constitute the communication.

8. All interrogatories must be answered fully, completely and in writing, and signed by someone with authority to make binding judicial admissions on behalf of Plaintiffs.  In the event that any interrogatory cannot be answered fully after the exercise of reasonable diligence, you shall furnish as complete an answer as you can, and shall explain in detail the reasons why you cannot give a full answer, including a statement as to what is needed in order that you may be in a position to answer the interrogatory fully.

9. These interrogatories shall be deemed continuing so as to require prompt, further supplementation (without further request by Defendants or their attorneys) if you obtain additional information responsive to the request at any time prior to trial herein.

10. If you withhold any information covered by these interrogatories under a claim of privilege (including attorney work-product), furnish a list specifying (a) the nature of the privilege claimed, and, if the privilege is being asserted in connection with state law, the state's privilege rule being invoked; (b) the identity of the person making the communication; (c) the identity of each person present while the communication was made; (d) the date and place of the communication; (e) the subject matter of the communication; and (f) the interrogatory to which the withheld information is responsive.

## INTERROGATORIES

**INTERROGATORY NO. 22:**

 Identify every instance in which Plaintiffs have allowed someone to use, view or copy any of Plaintiffs' copyrighted material, aside from buyers of any of Plaintiffs' computer programs, including their name, what they were permitted to use, view or copy, and any compensation Plaintiffs received as a result of the use, viewing or copying.

5

**INTERROGATORY NO. 23:**

Identify every instance in which Plaintiffs have licensed or obtained access to copyrighted material from someone, including their name, the material licensed or accessed, and any fee or other consideration Plaintiffs paid for the access or license.

**INTERROGATORY NO. 24:**

Identify every instance in which Plaintiffs have allowed someone to use any of Plaintiffs' trademarks, including their name, the trademark used, and any compensation Plaintiffs received as a result of the use.

**INTERROGATORY NO. 25:**

Identify every instance in which Plaintiffs have licensed or used someone's trademark, including their name, the trademark, and any fee or other consideration Plaintiffs paid for the use.

Dated: July 22, 2015

**FACEBOOK, INC.,**

By Its Attorneys,

*Matthew D. Caplan / w/ permission on*

Michael G. Rhodes (*pro hac vice*)
rhodesmg@cooley.com
**COOLEY LLP**
101 California Street, 5th Floor
San Francisco, California 94111
T: 415.693.2000
F: 415.693.2222

Heidi Keefe (*pro hac vice*)
hkeefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, California 94304
T: 650.843.5000
F: 650.849.7400

6

## CERTIFICATE OF SERVICE

I, Matthew D. Caplan, hereby certify that I caused a true and correct copy of the foregoing Facebook, Inc.'s Second Set of Interrogatories to Plaintiffs to be sent by e-mail delivery to counsel for Plaintiffs on July 22, 2015 at phillip.philbin@haynesboone.com, michael.karson@haynesboone.com, and dlpzenimax@skadden.com.

_Matthew D. Caplan_ /w/ permission, Sm

119002224

7

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 3:14-01849-P |
| v. | ) ) | |
| OCULUS VR, LLC,  PALMER LUCKEY, and FACEBOOK, INC., | ) ) ) ) | |
| Defendants. | ) ) | JURY TRIAL DEMANDED |

**DEFENDANTS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS (REQUESTS FOR PRODUCTION NOS. 168-174)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, defendants Oculus VR, LLC, Palmer Luckey and Facebook, Inc. hereby request that plaintiffs ZeniMax Media Inc. and id Software LLC produce the documents and things requested below for inspection and copying within thirty days at Cooley LLP, 101 California Street, 5th Floor, San Francisco, CA 94111-5800.

**DEFINITIONS**

1.      The term "ZeniMax" shall mean and include plaintiff ZeniMax Media Inc., and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries (including but not limited to id Software LLC), or affiliates and all those persons acting on its behalf.

2.      The term "id Software" shall mean and include plaintiff id Software LLC, and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all those persons acting on its behalf.

3.      The term "Plaintiffs" shall mean "ZeniMax" and "id Software."

4.      The term "Oculus VR" shall mean and include defendant Oculus VR, LLC, its corporate predecessor Oculus VR, Inc., and, where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all those persons acting on its behalf.

5.      The terms "you" and "your" shall refer to Plaintiffs.

6.      The term "Amended Complaint" shall mean the Amended Complaint you filed on August 28, 2014 in this lawsuit.

7.      The term "concerning" shall mean relating to, referring to, describing, evidencing, constituting, or being in any other way relevant to the particular subject matter identified.

8.      The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

9.      The term "things" shall mean any tangible item, including, without limitation, models, prototypes, and samples of any composition, device, or apparatus.

10.      The terms "person" and "persons" shall mean any natural person or any business, legal, or governmental entity or association.

11.      The term "related to" shall be understood to be synonymous with "concerning."

12.      The following rules of construction shall apply to all Requests as necessary to bring within the scope of discovery all responses that might otherwise be construed to be outside of its scope:

> a.      The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request, definition, or instruction more inclusive;

2

b.      The terms "any" and each" shall be construed to include and encompass "all";

c.      The term "including" means including but not limited to;

d.      Use of the word "the" shall not be construed as limiting the scope of any request;

e.      The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in context.

## INSTRUCTIONS

A.      Documents shall be produced either as kept in the usual course of business or shall be organized and labeled to correspond with the number of each request to which a produced document is responsive.  If you choose to produce documents as they are as kept in the usual course of business, the documents are to be produced in the boxes, file folders, bindings, and other containers in which the documents are found.  The titles, labels, and other description on the boxes, file folders, bindings, and other containers are to be left intact.

B.      If you claim any form of privilege or discovery protection as a ground for not producing or for redacting any document, provide the following information for each document withheld or redacted: (1) the document's preparation date and the date appearing on the document; (2) the name, present and last known home and business addresses, the telephone numbers, the title (and position), and the occupation of those individuals who prepared, produced, and reproduced, and who were the recipients of said document; (3) the number of pages withheld; and (4) a description sufficient to identify the document without revealing the information for which the privilege is claimed, including the general subject matter and character of the document (e.g., letter, memorandum, notes).

3

C.      If only a portion of a responsive document is privileged or otherwise protected against disclosure, you must produce the responsive non-privileged portion of the document in redacted form, provided that the redacted material is identified and the basis for the claim of privilege stated as provided in instruction B above.

D.      Each requested document is to be produced in its entirety without deletion and excision (except as qualified by instructions B and C above), regardless of whether you consider the entire document to be relevant or responsive to these Requests for Production.

E.      If you have no documents responsive to a particular request in your possession, custody or control, please so state in your written response to the particular request.

F.      For those produced documents that are not in the English language, please produce English translations thereof.

G.      Pursuant to Federal Rule of Civil Procedure Rule 26(e), your responses to the following Requests for Production are to be promptly supplemented to include any subsequently acquired documents and information.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 168:**

All Documents reflecting Plaintiffs' audited, reviewed, examined or compiled financial statements, including without limitation income statements, balance sheets, statements of cash flows, and any footnotes thereto from 2006 to present.

**REQUEST FOR PRODUCTION NO. 169:**

All Documents reflecting any valuations of Plaintiffs from 2006 to the present.

**REQUEST FOR PRODUCTION NO. 170:**

All Documents concerning any valuations of Oculus VR.

4

**REQUEST FOR PRODUCTION NO. 171**:

All competitive analyses, budgets, or strategic plans for ZeniMax and id Software from 2006 to the present.

**REQUEST FOR PRODUCTION NO. 172:**

All Documents concerning any instance in which Plaintiffs have allowed someone to use, view or copy the allegedly copyrighted material at issue in the Amended Complaint, aside from buyers of the "*DOOM 3: BFG Edition*" computer program.

**REQUEST FOR PRODUCTION NO. 173:**

All Documents concerning any instance in which Plaintiffs have obtained access to the source code of any video game or other product not produced by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 174:**

All Documents concerning any instance in which Plaintiffs have allowed someone to use any of Plaintiffs' trademarks.

5

Dated:  July 22, 2015

**OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.,**

By Their Attorneys,

_____

Michael G. Rhodes (*pro hac vice*)
rhodesmg@cooley.com
**COOLEY LLP**
101 California Street, 5th Floor
San Francisco, California 94111
T: 415.693.2000
F: 415.693.2222

Heidi Keefe (*pro hac vice*)
hkeefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, California 94304
T: 650.843.5000
F: 650.849.7400

6

## CERTIFICATE OF SERVICE

I, Matthew D. Caplan, hereby certify that I caused a true and correct copy of the foregoing **DEFENDANTS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS** to be sent by e-mail delivery to counsel for Plaintiffs on July 22, 2015 at phillip.philbin@haynesboone.com, michael.karson@haynesboone.com, and dlpzenimax@skadden.com.

_Matthew D. Caplan / w/ permission SLe_

119001772

7

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | §<br>§ | |
| OCULUS VR, LLC<br>PALMER LUCKEY,<br>and FACEBOOK, INC. | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

## ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S
## RESPONSES AND OBJECTIONS TO FACEBOOK INC.'S
## SECOND SET OF INTERROGATORIES TO PLAINTIFFS

Pursuant to the Federal Rules of Civil Procedure, ZeniMax Media Inc. ("ZeniMax") and id Software LLC ("id Software") (collectively, "Plaintiffs") hereby serve these Responses and Objections to Facebook Inc.'s ("Facebook") (together with Oculus VR, LLC ("Oculus") and Palmer Luckey, "Defendants") Second Set of Interrogatories to Plaintiffs.

## GENERAL RESPONSES AND OBJECTIONS

Plaintiffs assert the following General Objections. Each individual Response to the Interrogatories is subject to, and limited in accordance with, the following General Objections, which are incorporated as if fully set forth therein. The following General Objections are not waived, or in any way limited by, the Specific Responses and Objections. Although Specific Objections are also interposed in response to individual Interrogatories, Plaintiffs' failure to repeat any part of their General Objections shall not be construed as a waiver of those objections.

1.     The Responses set forth below are for the purposes of discovery only, and Plaintiffs expressly reserve any and all objections they may have to the relevance, competence, materiality, admissibility or use at deposition, hearing or trial of any information stated, produced, identified or referred to herein. Plaintiffs also expressly reserve their right to rely, at any later time including at deposition, hearing or trial, upon additional documents or information not included in the Specific Responses.

2.      An objection to a specific Interrogatory or a willingness to provide a Response does not imply, and should not be construed as an acknowledgement, that complete answers to that Interrogatory are available or exist.

3.      Plaintiffs object to the Interrogatories, and the Definitions and Instructions, to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis or any other applicable law or rule.

4.      Plaintiffs object to the Interrogatories as premature, including because fact discovery is ongoing and because the parties have not yet designated experts or exchanged expert reports.

5.      Plaintiffs object to the Interrogatories, and the Definitions and Instructions, to the extent that they are vague, ambiguous, non-specific or confusing, and thus not susceptible to a reasoned interpretation or response.

6.      Plaintiffs object to the Interrogatories, and the Definitions and Instructions, to the extent that they seek information that is not relevant to the claims or defenses of either party, and thus not reasonably calculated to lead to the discovery of admissible evidence.

7.      Plaintiffs object to the Interrogatories, and the Definitions and Instructions, to the extent that they are duplicative, cumulative, and/or seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome and/or less expensive.

8.      Plaintiffs object to the Interrogatories as overbroad and unduly burdensome because Defendants, and not Plaintiffs, employ persons with knowledge of topics referenced in the Interrogatories and are in possession of documents relevant to the Interrogatories.

9.      Plaintiffs object to the Interrogatories, and the Definitions and Instructions, to the extent they are overly broad, overly expansive, oppressive and/or unduly burdensome and would impose upon Plaintiffs an unreasonable burden of inquiry, or to the extent they seek information not within Plaintiffs' possession, custody or control.  Plaintiffs also object to the Interrogatories, and the Definitions and Instructions, as unduly burdensome to the extent that the information requested is within the knowledge of Defendants, can be determined by referring to documents within the possession, custody or control of Defendants, is within the public domain or is otherwise more readily or equally available to Defendants and thus more conveniently obtained by Defendants.

10.     Plaintiffs object to the Interrogatories, and the Definitions and Instructions, as unduly burdensome to the extent they seek information that can be found in Plaintiffs' Complaint, document productions, expert reports, and Court filings.  Plaintiffs are under no obligation to marshal facts for Defendants in this litigation.  Citations provided in these Responses may be provided by way of example only, and should not be construed as limiting in

any manner.  Plaintiffs explicitly reserve the right to rely on additional documents not cited in these Responses during the course of this litigation.

11.     The Responses set forth below are based upon Plaintiffs' interpretation of the language used in the Interrogatories and in the Definitions and Instructions.  Plaintiffs reserve their right to amend or to supplement their Responses to the Interrogatories in the event Facebook or Defendants assert, or the Court adopts, an interpretation that differs from Plaintiffs' interpretation.

12.     Plaintiffs object to Facebook's definition of "ZeniMax," "id Software," "Plaintiffs," "you," and "your" in Definition Nos. 1-3 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence.  For purposes of answering these Interrogatories, Plaintiffs use the term "ZeniMax" to mean ZeniMax Media Inc., "id Software" to mean id Software LLC, and "Plaintiffs" to mean both ZeniMax Media Inc. and id Software LLC, only.

13.     Plaintiffs object to Facebook's definition of "identify," "identifying," "identity," or "identification" in Definition No. 7 as unduly burdensome, potentially beyond the discovery obligations set forth in the Federal Rules of Civil Procedure, and not reasonably calculated to lead to the discovery of admissible evidence.  For the purposes of answering these Interrogatories, Plaintiffs use and interpret the above-referenced terms according to their plain meaning and common sense usage.

14.     Plaintiffs object to the Interrogatories, and the Definitions and Instructions, to the extent that they call for the production of information or documents subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine or any other applicable evidentiary privilege or immunity from disclosure.  Nothing contained in these Responses is intended to be nor should be considered as a waiver of any attorney-client privilege, work-product protection or any other applicable evidentiary privilege or immunity. The inadvertent production of any response or document subject to such privileges or immunities is not intended to relinquish any privilege or immunity and shall not be deemed to constitute a waiver of any applicable privilege or immunity.

15.     The Responses and Objections herein are based on Plaintiffs' present knowledge, information and belief.  Plaintiffs reserve all their rights to amend, revise, correct or clarify these Responses pursuant to Federal Rule of Civil Procedure 26(e).

Each of the foregoing General Responses and Objections are incorporated by reference into each and every Specific Response set forth below. Subject to the General Responses and Objections, and without waiver, modification or limitation thereof, Plaintiffs' Specific Responses and Objections to the Interrogatories are set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS

## INTERROGATORY NO. 22:

Identify every instance in which Plaintiffs have allowed someone to use, view or copy any of Plaintiffs' copyrighted material, aside from buyers of any of Plaintiffs' computer programs, including their name, what they were permitted to use, view or copy, and any compensation Plaintiffs received as a result of the use, viewing or copying.

## RESPONSE TO INTERROGATORY NO. 22:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or any other applicable evidentiary privilege or immunity.  Plaintiffs further object to this Interrogatory as irrelevant because it seeks information not put into controversy by either party in this litigation.

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly with respect to the request for "every instance in which Plaintiffs have allowed someone to use, view or copy any of Plaintiffs' copyrighted material." As a leading game developer and publisher with world-wide operations, Plaintiffs have entered into numerous agreements regarding their copyrighted materials.  They have also displayed certain items containing or consisting of Plaintiffs' copyrighted materials, *e.g.*, Plaintiffs' video games, at gaming shows and conferences.  Asking Plaintiffs to identify every use, viewing, or copying for each of its copyrighted materials is harassing and improper. *See* Fed. R. Civ. P. 26(g)(1)(B)(ii).

Plaintiffs also object to this Interrogatory as vague, ambiguous, and overbroad with respect to the phrase "any of Plaintiffs' copyrighted material."  Plaintiffs are world-wide developers and publishers of "AAA" video games. (*See* Dkt. No. 38 ¶ 22.)  As such, Plaintiffs have copyrights in virtually every aspect of their business, and in many geographic locations across the globe.  These copyrighted materials include but are not limited to software, pictures, graphics, videos, music, sound recordings, advertising and marketing materials, and documents such as manuals, instructions, sales materials, contracts and licenses.  By refusing to submit a narrowing definition of "Plaintiffs' copyrighted material[s]," Defendants have purposefully sought information about a variety of Plaintiffs' copyrighted materials not at issue in this litigation, and imposed a burden on Plaintiffs that outweighs any potential benefit to Defendants. *See* Fed. R. Civ. P. 26(b)(1).

Plaintiffs further object to this Interrogatory as vague, ambiguous, and overbroad with respect to the specific requests concerning Plaintiffs' copyrighted material.  For example, Defendants have made no effort to narrow the definition of "someone," and failed to specify whether that term includes persons within Plaintiffs, persons within Plaintiffs and their affiliates, Defendants, third parties, or some combination of these.  It similarly has not specified whether "compensation" is limited to monetary remuneration, or monetary and non-monetary considerations.  Likewise, Defendants have refused to specify the meaning of "permitted," "use[d]," "view[ed]," or "cop[ied]." By issuing an Interrogatory with such vague and ambiguous

language, Defendants have once again imposed an undue burden on Plaintiffs that outweighs any potential benefit to Defendants.  *See id.*

In addition, Plaintiffs object to this Interrogatory as overbroad and unduly burdensome because Defendants, including Plaintiffs' former employees now working for Defendants, may be aware of "instance[s] in which Plaintiffs have allowed someone to use, view or copy any of Plaintiffs' copyrighted material," and may have documents concerning the same.  Plaintiffs also object to this Interrogatory as premature, including because fact discovery is ongoing and the parties have not yet designated experts or exchanged expert reports.

## INTERROGATORY NO. 23:

Identify every instance in which Plaintiffs have licensed or obtained access to copyrighted material from someone, including their name, the material licensed or accessed, and any fee or other consideration Plaintiff's paid for the access or license.

## RESPONSE TO INTERROGATORY NO. 23:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or any other applicable evidentiary privilege or immunity.  Plaintiffs further object to this Interrogatory as irrelevant because it seeks information not put into controversy by either party in this litigation.

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly with respect to the request for "every instance in which Plaintiffs have licensed or obtained access to copyrighted material from someone."  As a leading game developer and publisher with world-wide operations, Plaintiffs have entered into numerous licenses and other agreements regarding copyrighted materials.  Asking Plaintiffs to identify every instance where they have expressly or impliedly licensed or obtained access to the copyrighted materials of another is harassing and improper.  *See* Fed. R. Civ. P. 26(g)(1)(B)(ii).

Plaintiffs also object to this Interrogatory as vague, ambiguous, and overbroad with respect to the phrase "copyrighted material from someone."  Plaintiffs are world-wide developers and publishers of "AAA" video games.  (*See* Dkt. No. 38 ¶ 22.)  As such, Plaintiffs utilize the copyrights of others with permission in a number of instances, including but not limited to in software, graphics, videos, sound recordings and marketing and advertising information.  By refusing to submit a narrowing definition of the relevant "copyrighted materials," Defendants have purposefully sought information about a variety of copyrighted materials not at issue in this litigation, and imposed a burden on Plaintiffs that outweighs any potential benefit to Defendants. *See* Fed. R. Civ. P. 26(b)(1).

Plaintiffs further object to this Interrogatory as vague, ambiguous, and overbroad with respect to the specific requests concerning copyrighted material.  For example, Defendants have made no effort to narrow the definition of "someone," and failed to specify whether that term includes Defendants, third parties, persons who have created a specific type of copyrightable

material, or some combination of these.  It similarly has not specified the meaning of "access."  By issuing an Interrogatory with such vague and ambiguous language, Defendants have once again imposed an undue burden on Plaintiffs that outweighs any potential benefit to Defendants.  *See id.*

In addition, Plaintiffs object to this Interrogatory as overbroad and unduly burdensome because Defendants, including Plaintiffs' former employees now working for Defendants, may be aware of "instance[s] in which Plaintiffs have licensed or obtained access to copyrighted material from someone" and may have documents concerning the same.  Plaintiffs also object to this Interrogatory as premature, including because fact discovery is ongoing and the parties have not yet designated experts or exchanged expert reports.

## INTERROGATORY NO. 24:

Identify every instance in which Plaintiffs have allowed someone to use any of Plaintiffs' trademarks, including their name, the trademark used, and any compensation Plaintiffs received as a result of the use.

## RESPONSE TO INTERROGATORY NO. 24:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein.  Plaintiffs also object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or any other applicable evidentiary privilege or immunity.   Plaintiffs further object to this Interrogatory as irrelevant because it seeks information not put into controversy by either party in this litigation.

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly with respect to the request for "every instance in which Plaintiffs have allowed someone to use any of Plaintiffs' trademarks."   As a leading game developer and publisher with world-wide operations, Plaintiffs have entered into numerous agreements regarding their trademarks.  They have also displayed or distributed certain items containing or consisting of Plaintiffs' trademarked materials at gaming shows and conferences.   Asking Plaintiffs to identify every use of its trademarks is harassing and improper.  *See* Fed. R. Civ. P. 26(g)(1)(B)(ii).

Plaintiffs also object to this Interrogatory as vague, ambiguous, and overbroad with respect to the phrase "any of Plaintiffs' trademarks."  Plaintiffs are world-wide developers and publishers of "AAA" video games.  (*See* Dkt. No. 38 ¶ 22.)  As such, Plaintiffs have hundreds of trademarks across their businesses, including but not limited to identifying marks in company names, video games, and logos.  By refusing to submit a narrowing definition of "Plaintiffs' trademarks," Defendants have purposefully sought information about a variety of Plaintiffs' trademarks not at issue in this litigation, and imposed a burden on Plaintiffs that outweighs any potential benefit to Defendants.  *See* Fed. R. Civ. P. 26(b)(1).

Plaintiffs further object to this Interrogatory as vague, ambiguous, and overbroad with respect to the specific requests concerning Plaintiffs' trademarks.  For example, Defendants have

made no effort to narrow the definition of "someone," and failed to specify whether that term includes persons within Plaintiffs, persons within Plaintiffs and their affiliates, Defendants, third parties, or some combination of these. It similarly has not specified whether "compensation" is limited to monetary remuneration, or monetary and non-monetary considerations. Likewise, Defendants have refused to specify the meaning of "use." By issuing an Interrogatory with such vague and ambiguous language, Defendants have once again imposed an undue burden on Plaintiffs that outweighs any potential benefit to Defendants. *See id.*

In addition, Plaintiffs object to this Interrogatory as overbroad and unduly burdensome because Defendants, including Plaintiffs' former employees now working for Defendants, may be aware of "instance[s] in which Plaintiffs have allowed someone to use . . . Plaintiffs' trademarks," and may have documents concerning the same. Plaintiffs also object to this Interrogatory as premature, including because fact discovery is ongoing and the parties have not yet designated experts or exchanged expert reports.

## INTERROGATORY NO. 25:

Identify every instance in which Plaintiffs have licensed or used someone's trademark, including their name, the trademark, and any fee or other consideration Plaintiffs paid for the use.

## RESPONSE TO INTERROGATORY NO. 25:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or any other applicable evidentiary privilege or immunity. Plaintiffs further object to this Interrogatory as irrelevant because it seeks information not put into controversy by either party in this litigation.

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly with respect to the request for "every instance in which Plaintiffs have licensed or used someone's trademark." As a leading game developer and publisher with world-wide operations, Plaintiffs have entered into numerous licenses and other agreements regarding trademarked materials. Asking Plaintiffs to identify every instance where they have expressly or impliedly licensed or obtained access to the trademarks of another is harassing, and improper. *See* Fed. R. Civ. P. 26(g)(1)(B)(ii).

Plaintiffs also object to this Interrogatory as vague, ambiguous, and overbroad with respect to the phrase "someone's trademark." Plaintiffs are world-wide developers and publishers of "AAA" video games. (*See* Dkt. No. 38 ¶ 22.) As such, Plaintiffs utilize the trademarks of others with permission in a number of instances, including but not limited to in advertising and promotional materials, video games, and other consumer products. By refusing to submit a narrowing definition of "someone's trademarks," Defendants have purposefully sought information about a variety of trademarks not at issue in this litigation, and imposed a burden on Plaintiffs that outweighs any potential benefit to Defendants. *See* Fed. R. Civ. P. 26(b)(1).

Plaintiffs further object to this Interrogatory as vague, ambiguous, and overbroad with respect to the specific requests concerning trademarks. For example, Defendants have made no effort to narrow the definition of "someone[]," and failed to specify whether that term includes Defendants, third parties, persons who utilize trademarks in a specific context, or some combination of these. They similarly have not specified the meaning of "use." By issuing an Interrogatory with such vague and ambiguous language, Defendants have once again imposed an undue burden on Plaintiffs that outweighs any potential benefit to Defendants. *See id.*

Plaintiffs object to this Interrogatory as overbroad and unduly burdensome because Defendants, including Plaintiffs' former employees now working for Defendants, may be aware of "instance[s] in which Plaintiffs have licensed or used someone's trademark" and may have documents concerning the same. Plaintiffs also object to this Interrogatory as premature, including because fact discovery is ongoing and the parties have not yet designated experts or exchanged expert reports.

Dated: August 21, 2015

Respectfully submitted,

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
    **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

## CERTIFICATE OF SERVICE

I, Devin A. Kothari, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *ZeniMax Media Inc. and id Software LLC's Responses and Objections to Facebook Inc.'s Second Set of Interrogatories to Plaintiffs* to be served on Defendants by electronic mail to the following addresses: rsmith@lynnllp.com and FacebookOculusZenimaxMediaInc@cooley.com.

Dated: August 21, 2015

Devin Kothari

EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and | § | |
| ID SOFTWARE LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | § | |
| | § | |
| OCULUS VR, LLC and | § | |
| PALMER LUCKEY, | § | |
| | § | |
| Defendants. | § | |

**ZENIMAX MEDIA INC. AND ID SOFTWARE LLC'S
RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS**

   Pursuant to the Federal Rules of Civil Procedure, ZeniMax Media Inc. and id Software LLC (collectively, "Plaintiffs") hereby serve these Responses and Objections to Defendants' Fourth Set of Requests for Production of Documents and Things to Plaintiffs.

**GENERAL RESPONSES AND OBJECTIONS**

   Plaintiffs assert the following General Objections. Each Specific Response to a Request is subject to, and limited in accordance with, the following General Objections, which are incorporated as if fully set forth therein. The following General Objections are not waived, or in any way limited by, the Specific Responses and Objections. Although Specific Objections are also interposed in response to individual Requests, Plaintiffs' failure to repeat any part of its General Objections shall not be construed as a waiver of its objections.

   1.  The Specific Responses set forth below are for the purposes of discovery only, and Plaintiffs expressly reserve any and all objections they may have to the relevance, competence, materiality, admissibility, or use at deposition, hearing or trial of any information stated, produced, identified, or referred to herein. Plaintiffs also expressly reserve their right to rely upon additional documents or information not included in the Specific Responses at any later time including at deposition, hearing or trial.

   2.  An objection to a Specific Request or a willingness to provide a Specific Response does not imply, and should not be construed as an acknowledgement, that any such records are actually available or exist.

3.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, or any other applicable law or rule.

4.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they are vague, ambiguous, non-specific, or confusing and thus not susceptible to a reasoned interpretation or response.

5.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they seek information that is not relevant to the claims or defenses of either party, and thus not reasonably calculated to lead to the discovery of admissible evidence.

6.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they are duplicative, cumulative, and/or seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

7.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent they are overly broad, overly expansive, oppressive, and/or unduly burdensome and would impose upon Plaintiffs an unreasonable burden of inquiry, or to the extent they seek information not within Plaintiffs' possession, custody or control.  Plaintiffs also object to the Requests, Definitions, and Instructions as unduly burdensome to the extent that the information requested is within the knowledge of Defendants, can be determined by referring to documents within the possession, custody or control of Defendants, is within the public domain, or is otherwise more readily or equally available to Defendants and thus more conveniently obtained by Defendants.

8.      Plaintiffs object to the definition of "ZeniMax," "id Software," "Plaintiffs," "you," and "your" in Definition Nos. 1-3 and 5 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence.  For purposes of answering these Requests, Plaintiffs use the term "ZeniMax" to mean ZeniMax Media Inc., "id Software" to mean id Software LLC, and "Plaintiffs" to mean both ZeniMax Media Inc. and id Software LLC, only.

9.      Plaintiffs object to the definition of "concerning," "[d]ocument," "things," "person," "persons," and "related to" in Definition Nos. 7-11 as unduly burdensome, potentially beyond the discovery obligations set forth in the Federal Rules of Civil Procedure, and not reasonably calculated to lead to the discovery of admissible evidence.  For the purposes of answering these Requests, Plaintiffs use and interpret the above-referenced terms according to their plain meaning and common sense usage.

10.     Plaintiffs object to the Requests, Definitions, and Instructions to the extent they call for production of documents dated prior to January 1, 2011. Such Requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.  Unless otherwise noted, Plaintiffs will produce responsive documents dated on or after January 1, 2011.

2

11.    Plaintiffs object to the Instructions purporting to describe the manner in which Plaintiffs are to produce documents and things.  Plaintiffs will produce documents, including electronically stored information, subject to the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, any confidentiality or non-disclosure agreements with third parties, the parties' Joint Conference Report, and any joint discovery agreements that may be executed between the parties.

12.    Plaintiffs object to the Requests, Definitions, and Instructions to the extent they seek information or the production of documents subject to any confidentiality or non-disclosure agreements with third parties.  Plaintiffs also object to the Requests, Definitions, and Instructions to the extent that they require Plaintiffs to breach any confidentiality or non-disclosure obligations to third parties.

13.    Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they call for the production of information or documents subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure.  Plaintiffs further object to Instructions B and C purporting to describe the manner in which Plaintiffs are to identify documents for which privilege and immunity is claimed.  Plaintiffs will describe privileged documents in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, the parties' Joint Conference Report, the parties' letters negotiating privilege log parameters dated September 3, September 9, September 10, September 16, and September 17, 2014, and any joint discovery agreements between the parties.  Nothing contained in these Responses is intended to be nor should be considered as a waiver of any attorney-client privilege, attorney work-product protection, or any other applicable evidentiary privilege or immunity.  Moreover, the inadvertent production of any Response or document subject to such privileges or immunities is not intended to relinquish any privilege or immunity and shall not be deemed to constitute a waiver of any applicable privilege or immunity.

14.    Plaintiffs object to Defendants' demand to produce documents and things within thirty (30) days of service of these Requests.  Such a demand is unreasonable given the volume and scope of Defendants' Requests for which Plaintiffs must identify, collect, review, and produce responsive documents.  Plaintiffs will timely produce, on a rolling basis, responsive, relevant, and non-privileged documents and things to the extent that they exist and can be identified after a reasonable, good faith search.

15.    The Responses set forth below are based upon Plaintiffs' interpretation of the language used in the Requests, Definitions, and Instructions.  Plaintiffs reserve their right to amend or to supplement their Responses to the Requests in the event Defendants assert, or the Court adopts, an interpretation that differs from Plaintiffs' interpretation.

16.    The Responses and Objections herein are based on Plaintiffs' present knowledge, information and belief.  Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiffs reserve the right to amend, revise, correct or clarify any of the Responses and/or Objections herein.

Each of the foregoing General Responses and Objections are incorporated by reference into each and every Specific Response set forth below. Subject to the General Responses and Objections, and without waiver, modification or limitation thereof, Plaintiffs' Specific Responses and Objections to the Requests are set forth below.

4

## SPECIFIC RESPONSES AND OBJECTIONS

## REQUEST FOR PRODUCTION NO. 168:

All Documents reflecting Plaintiffs' audited, reviewed, examined or compiled financial statements, including without limitation income statements, balance sheets, statements of cash flows, and any footnotes thereto from 2006 to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 168:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this request on the ground that it is duplicative of Request Nos. 97, 160, and 161.

Plaintiffs object to this request on the ground that it is overly broad as to its request for "[all] [d]ocuments." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request to the extent it calls for the production of documents dated prior to January 1, 2011. Such requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation. Plaintiffs further object to this request on the ground that it is premature, as the parties have not yet designated experts or served expert reports.

Subject to and without waiver of General and Specific Objections, Plaintiffs will produce their cost center and project reports for id Software from 2011 to the present and responsive documents sufficient to identify the damages suffered by Plaintiffs in this case to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 169:

All Documents reflecting any valuations of Plaintiffs from 2006 to the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 169:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this request on the ground that it is duplicative of Request Nos. 101, 163, and 164.

Plaintiffs object to this request on the ground that it is overly broad as to its request for "[all] [d]ocuments" and "any valuations." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this Request to the extent it calls for the production of documents dated prior to January 1, 2011. Such requests are overly

5

broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.

Plaintiffs object to this request on the ground that it is not relevant to the extent it seeks documents that are beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence. Plaintiffs also object to this request on the ground that it is premature, as the parties have not yet designated experts or served expert reports.

**REQUEST FOR PRODUCTION NO. 170:**

All Documents concerning any valuations of Oculus VR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this request on the ground that it is duplicative of Request Nos. 31 and 139.

Plaintiffs object to this request on the ground that it is overly broad as to its request for "[a]ll [d]ocuments." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this request on the ground that it is premature, as the parties have not yet designated experts or served expert reports.

Subject to and without waiver of General and Specific Objections, Plaintiffs will produce documents responsive to this Request to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 171:**

All competitive analyses, budgets, or strategic plans for ZeniMax and id Software from 2006 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this request on the ground that it is overly broad as to its request for "[a]ll" documents. To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current

6

and past employee of Plaintiffs. Plaintiffs also object to this Request to the extent it calls for the production of documents dated prior to January 1, 2011. Such requests are overly broad and unduly burdensome because they seek documents that are not relevant to any claim or defense of any party to this litigation.

Plaintiffs object to this request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "strategic plans." Plaintiffs also object to this request on the ground that it is premature, as the parties have not yet designated experts or served expert reports.

## REQUEST FOR PRODUCTION NO. 172:

All Documents concerning any instance in which Plaintiffs have allowed someone to use, view or copy the allegedly copyrighted material at issue in the Amended Complaint, aside from buyers of the *"DOOM 3: BFG Edition"* computer program.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 172:

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this request on the ground that it is overly broad as to its request for "[a]ll [d]ocuments" and "any instance." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrase "allowed someone to use, view or copy."

Plaintiffs object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs also object to this request on the ground that it is premature, as the parties have not yet designated experts or served expert reports.

Subject to and without waiver of General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the licensing of source code for *DOOM 3: BFG Edition*, ZeniMax VR Testbed Code, and ZeniMax VR Implementation Code, to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 173:

All Documents concerning any instance in which Plaintiffs have obtained access to the source code of any video game or other product not produced by Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this request on the ground that it is overly broad as to its request for "[a]ll [d]ocuments" and "any instance." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. To respond would also further subject Plaintiffs to the undue burden of examining every line of its source code in its possession, custody, or control.

Plaintiffs object to this request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrases "obtained access," "source code," or "other product." Plaintiffs also object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs further object to this request on the ground that it is premature, as the parties have not yet designated experts or served expert reports.

**REQUEST FOR PRODUCTION NO. 174:**

All Documents concerning any instance in which Plaintiffs have allowed someone to use any of Plaintiffs' trademarks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein. Plaintiffs also object to this request on the ground that it seeks the production of documents protected by attorney-client privilege, the work product doctrine, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this request on the ground that it is overly broad as to its request for "[a]ll [d]ocuments" and "any instance." To respond to this request would require Plaintiffs to conduct an unreasonably burdensome search into all documents, including electronic mail, of every current and past employee of Plaintiffs. Plaintiffs also object to this request on the ground that it is vague and ambiguous, as it is unclear what is meant by the phrases "someone," "use," and "Plaintiffs' trademarks."

Plaintiffs object to this request on the ground that it seeks information or documents that are in the possession of Plaintiffs' former employees now working at Defendants. Plaintiffs also object to this request on the ground that it is premature, as the parties have not yet designated experts or served expert reports.

Subject to and without waiver of General and Specific Objections, Plaintiffs will produce responsive documents sufficient to identify the general categories of use for Plaintiffs' United States Trademark Registrations No. 2,050,083 for "DOOM"; No. 2,928,605 for "DOOM 3"; No.

8

2,303,100 for "DOOM II" and design; No. 2,165,125 for "ID"; No. 3,923,244 for "RAGE"; No. 4,198,972 for "RAGE" and design; No. 4,094,299 for "RAGE" and design; No. 3,972,050 for "RAGE" and design; No. 4,080,839 for "SKYRIM"; No. 4,097,150 for "SKYRIM"; and No. 4,280,859 for "SKYRIM", to the extent such documents exist, are not privileged, and are in Plaintiffs' possession, custody, or control.

Dated: August 21, 2015

Respectfully submitted,

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
E-mail: Devin.Kothari@skadden.com
(admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
   **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

9

## CERTIFICATE OF SERVICE

 I, Devin A. Kothari, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *ZeniMax Media Inc. and id Software LLC's Responses and Objections to Defendants' Fourth Set of Requests for Production of Documents and Things to Plaintiffs* to be served on Defendants by electronic mail to the following addresses: FacebookOculusZenimaxMediaInc@cooley.com and rsmith@lynnllp.com.

Dated: August 21, 2015

_____
Devin A. Kothari

10

# EXHIBIT 5



Matthew D. Caplan
+1 415 693 2164
mcaplan@cooley.com

VIA EMAIL (ANTHONY.SAMMI@SKADDEN.COM)

September 9, 2015

P. Anthony Sammi
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, New York 10036

RE:  ***ZeniMax Media Inc. et al. v. Oculus VR, LLC, et al.*, Case No. 14-cv-01849-P
     Deficiencies in Plaintiffs' Responses to Defendants' Discovery Requests**

Dear Tony:

I write on behalf of Defendants Oculus VR, LLC ("Oculus"), Palmer Luckey, and Facebook, Inc. ("Facebook"; and, collectively, "Defendants") regarding Plaintiffs ZeniMax Media Inc. ("ZeniMax") and id Software LLC's ("id Software"; and, collectively, "Plaintiffs") responses and objections to Defendants' Fourth Set of Requests for Production and Facebook's Second Set of Interrogatories.

Plaintiffs served responses to these requests on August 21, 2015. As explained below, there are several deficiencies in Plaintiffs' responses. Please confirm by September 11 that Plaintiffs will supplement and amend their responses by September 25 to remedy the shortcomings identified below. If not, please advise when Plaintiffs are available to meet and confer pursuant to Local Rule 7-1.

I.   PLAINTIFFS' CONTINUED REFUSAL TO PRODUCE DOCUMENTS AND RESPOND TO INTERROGATORIES RELEVANT TO DEFENDANTS' DAMAGES ANALYSIS

Plaintiffs continue to improperly limit the scope of their responses to Defendants' requests seeking documents and information related to Defendants' analysis of Plaintiff's alleged damages. In particular:

- RFP No. 168 seeks documents related to both Plaintiffs' audited financial statements, but Plaintiffs' have again limited the scope to "cost center and project reports for id Software from 2011 to the present and responsive documents sufficient to identify the damages suffered by Plaintiffs."

- RFP No. 169 seeks valuations of Plaintiffs, but Plaintiffs refuse to produce any documents.

- RFP No. 171 seeks Plaintiffs' budgets and strategic plans, but Plaintiffs refuse to produce any documents.



September 9, 2015
Page Two

- RFP Nos. 173 and 174, and Facebook's interrogatories 22 through 25 seek documents and information regarding licenses Plaintiffs have granted or acquired, but Plaintiffs refuse to produce any documents related to licenses obtained, have improperly limited the scope of the documents being produced regarding licenses granted, and have refused to provide any substantive responses to the interrogatories.

Defendants, however, are entitled to these documents and information. Plaintiffs must produce a broad range of financial documents and information, including without limitation documents reflecting Plaintiffs' commitment (or lack thereof) to virtual reality, and any valuations of virtual-reality technology. *HomeVestors of Am., Inc. v. LeGate*, No. 3:12-CV-01850-P, 2013 WL 3348948, at *3 (N.D. Tex. July 3, 2013) (ordering compliance with a request for production of "all documents sufficient to show Your revenues, expenses, net worth, and profits from 2006 to present, including but not limited to financial statements, profit and loss statements, accounting statements, and tax returns" because those documents were necessary for damages analysis); *In re Katrina Canal Breaches Consol. Litig.*, No. CIV.A. 05-4182K2, 2008 WL 927946, at *3 (E.D. La. Apr. 3, 2008) (ordering parties to produce valuations and calculations, such as real estate appraisals and calculations of grant and insurance recoveries, "principally because they are relevant to damages and/or the setoff defense, which itself is a damages defense.").

These requests are aimed at, among other things, documents and information related to Plaintiffs' own analysis of their alleged contributions to virtual reality, Plaintiffs' historical commitement (or lack thereof) to virtual reality, and documents related to licenses for the intellectual property at issue and similar IP.

With respect to RFP No. 168, while Plaintiffs have represented that they will produce id Software's financial statements, this request is broader as it seeks similar documents from ZeniMax so that Defendants may analyze ZeniMax's financial statements—not just id Software's—with respect to ZeniMax's purported investment in virtual reality. Likewise, RFP No. 171 seeks Plaintiffs' strategic plans and budgets.

As for RFP No. 169, Defendants seek valuations of Plaintiffs to discover whether anyone has valued Plaintiffs' claimed historical contributions to virtual reality.

Finally, RFP Nos. 173 and 174, and Facebook's interrogatories 22 through 25 seek documentation and information regarding licenses for the purposes of determining how much Plaintiffs have been paid or have paid for licensing IP similar to the IP at issue in this action. These documents and information are related to potential damages calculations, and are subject to discovery. *See Carbo Ceramics, inc. v. Keefe*, 166 Fed. Appx. 714, 722-24 (5th Cir. 2006).

The time period of documents produced in response to the requests should also not be limited as Plaintiffs have put their alleged "years" of virtual-reality "research and development" at issue in this case. *See, e.g.*, ECF No. 38 at ¶¶ 4, 26.



September 9, 2015
Page Three

Despite this, Plaintiffs have repeatedly refused to provide Defendants with required financial information, valuations, and calculations critical to Defendants' analysis of Plaintiffs' claimed damages in this action. This information is discoverable, and Plaintiffs should not limit their production and discovery responses in these areas.

## II.   PLAINTIFFS' INCOMPLETE PRODUCTION OF THE INTANGIBLE ASSET VALUATION OF ID SOFTWARE

Plaintiffs' recently produced a copy of Capstone's June 23, 2009 Fair Value of Intangible Assets of id Software (beginning at Bates No. P0037238). This document references several exhibits which do not appear to have been produced. Please either produce the exhibits as soon as possible, or, if the exhibits have been produced, please identify the Bates numbers for the exhibits.

*     *     *

Please confirm by the end of the week that Plaintiffs will supplement and amend their responses by September 25. If Plaintiffs will not do so, please advise us when you are available to meet and confer pursuant to Local Rule 7-1.

Nothing in this letter waives any of Defendants' rights, all of which are expressly reserved.

Sincerely,

Matt Caplan

121134865