**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC, PALMER LUCKEY AND FACEBOOK, INC.,<br><br>Defendants. | Case No.: 3:14-cv-01849-P |

## FACEBOOK'S MOTION FOR A PROTECTIVE ORDER PROHIBITING PLAINTIFFS FROM DEPOSING MARK ZUCKERBERG, FACEBOOK'S CHIEF EXECUTIVE OFFICER

Plaintiffs ZeniMax Media Inc. and id Software LLC (collectively, "Plaintiffs") should not be permitted to take the deposition of defendant Facebook, Inc.'s ("Facebook") Founder, Chairman, and Chief Executive Officer, Mark Zuckerberg as noticed.

Mr. Zuckerberg is the founder, CEO, and public face of Facebook. Litigants often demand Mr. Zuckerberg's deposition, not to uncover discoverable information, but as a tactic to put pressure on Facebook and harass its most senior executive. Plaintiffs' strategy is no different here. Plaintiffs demanded to depose Mr. Zuckerberg prior to taking a single deposition in this case. This is clearly improper under the *apex* doctrine, which requires a party to demonstrate that a high-ranking corporate executive has unique, relevant personal knowledge before attempting to take their deposition. To make this showing, a litigant must exhaust less intrusive discovery options first. Citing this doctrine and Plaintiffs' failure to demonstrate the need for Mr. Zuckerberg's deposition, Facebook asked Plaintiffs to withdraw their demand. Plaintiffs refused,

forcing Facebook to bring this motion seeking a protective order preventing them from going forward with the deposition of Mr. Zuckerberg.

## FACTUAL BACKGROUND

Plaintiffs claim that they "provided Defendants [Palmer Luckey and Oculus VR, LLC] with access to intellectual property developed by ZeniMax after years of research and investment" and that "Defendants have wrongfully taken that ZeniMax intellectual property and commercially exploited it for their own gain…." (ECF No. 1 at ¶ 1.) Based primarily on this allegation, Plaintiffs initially sued Mr. Luckey and Oculus VR, LLC ("Oculus"). Plaintiffs then filed an amended complaint adding Facebook as a defendant, claiming that Facebook should somehow be liable for Mr. Luckey's and Oculus's alleged acts because Facebook acquired Oculus on June 21, 2014, supposedly "with full awareness of ZeniMax's claims." (ECF No. 38 at ¶ 112.)

The lone reference to Mr. Zuckerberg in the Amended Complaint is to a public statement Mr. Zuckerberg made to investors about what Facebook expected Oculus's "business model" to look like going forward. (*Id.* at ¶ 114.) Plaintiffs do not allege that Mr. Zuckerberg has any unique involvement with the events surrounding Plaintiffs' claims. (*See generally id*.) Nor could they. Mr. Zuckerberg had nothing whatsoever to do with the technology that is the heart of Plaintiffs' complaint—because he had no relationship with Oculus (nor, for that matter, Plaintiffs) during the development of that technology. To the extent he has any knowledge about Facebook's decision to acquire Oculus or Facebook's valuation of Oculus at the time of the acquisition, that knowledge is duplicative of the knowledge possessed by other witnesses more personally involved in the acquisition process, including, for example, Amin Zoufonoun (Facebook's Vice President of Corporate Development), who led the acquisition team. Mr.

Zoufonoun's deposition is scheduled for January 19, 2016, and Plaintiffs have also noticed other current and former Facebook employees who will be made available for deposition.

In fact, Plaintiffs have indicated their intention to depose over 20 witnesses as well as taking Rule 30(b)(6) depositions of both Facebook and Oculus.  Declaration of Heidi Keefe at ¶ 3.  Before even taking a single one of these depositions, however, Plaintiffs unilaterally noticed Mr. Zuckerberg's deposition for December 18, 2015.  *Id.* at ¶ 4.  After receiving the notice, Facebook's counsel asked Plaintiffs' counsel to hold off on the deposition and revisit the issue after they completed other depositions, but Plaintiffs' counsel refused to do so, insisting that Mr. Zuckerberg's deposition go forward as noticed.  *See* ECF No. 245 at 5-6; *id.*  There is simply no justification for Plaintiffs to take Mr. Zuckerberg's deposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) sets the bounds of permissible discovery and empowers Courts to regulate discovery procedures, including protecting high ranking corporate "*apex*" deponents from "oppression, inconvenience, and burden to the corporation and to the executive."  *Computer Acceleration Corp. v. Microsoft Corp.*, No. 9:06–CV–140, 2007 WL 7684605, at *1 (E.D. Tex. June 15, 2007) (granting motion for protective order where subpoena sought to depose former Microsoft CEO Bill Gates).  This is because high-profile corporate executives, like Mr. Zuckerberg, are "singularly unique and important individual[s] who can be easily subjected to unwarranted harassment and abuse" from burdensome discovery requests.  *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985).

Accordingly, *apex* depositions are generally not allowed unless it is shown that the "high level executive has ***unique*** personal knowledge about the controversy."  *Computer Acceleration*, 2007 WL 7684605, at *1 (finding that unless unique personal knowledge is shown, the court

should protect a*pex* deponents against "harassing and burdensome depositions.") (emphasis added). *Id*. The standard for "unique" personal knowledge is exacting: "unique personal knowledge must be truly unique—[an apex] deposition would not be allowed where the information could be had through interrogatories, deposition of a designated spokesperson, or deposition testimony of other persons." *Baine v. Gen. Motors Corp*., 141 F.R.D. 332, 334 (M.D. Ala. 1991).

To that end, the Fifth Circuit has long recognized the need for parties to first utilize less intrusive means of obtaining information before taking an *apex* deposition, including, in the least, deposing lesser-ranking employees, and completing the company's Rule 30(b)(6) deposition. *Salter v. Upjohn Co*., 593 F.2d 649 (5th Cir. 1979); *see also Gauthier v. Union Pac. R. Co*., No. 1:07-CV-12(TH/KFG), 2008 WL 2467016, at *4 (E.D. Tex. June 18, 2008) (granting motion to quash depositions of railroad executives and explaining "Plaintiffs should first attempt to obtain the sought information through the less burdensome means of discovery described herein, including the Rule 30(b)(6) corporate deposition."); *Schmidt v. Goodyear Tire & Rubber Co*., 2003 U.S. Dist. LEXIS 28130, at *3 (E.D. Tex. Jan. 7, 2003) (affirming *Salter* and granting protective order against deposition of Goodyear executive).

## ARGUMENT

The Court should issue a protective order prohibiting Plaintiffs from taking Mr. Zuckerberg's deposition because (1) Plaintiffs have not exhausted less intrusive means to obtain the information they seek from him, and (2) Plaintiffs have not identified any relevant unique personal knowledge that Mr. Zuckerberg possesses.

**A.** **Plaintiffs are not entitled to take Mr. Zuckerberg's deposition because they have not exhausted less intrusive options.**

A plaintiff is not entitled to take the deposition of an *apex* witness until it exhausts less

4

intrusive sources of information. *See Salter*, 593 F.2d at 651; *Affinity Labs of Texas v. Apple, Inc.*, No. C09-4436 CW (JL), 2011 WL 1753982, at *6 (N.D. Cal. May 9, 2011) ("Courts regularly require interrogatories, requests for admission, and depositions of lower level employees before allowing the deposition of an apex witness"). Courts recognize that executives like Mr. Zuckerberg have busy and compact schedules, the importance of which outweighs the need for the discovery in the absence of exhausting other sources. *Salter*, 593 F.2d at 651 (affirming district court's protective order against the taking of Upjohn's president's deposition "in light of defendant's reasonable assertions that Dr. Hubbard was extremely busy and did not have any direct knowledge of the facts."); *see also*, *Guan Ming Lin v. Benihana Nat. Corp.*, No. 10 CIV. 1335 (VM)(JCF), 2010 WL 4007282, at *2 (S.D.N.Y. Oct. 5, 2010) ("[a]llowing the plaintiffs to depose Mr. Stockinger would work a measurable disruption to Mr. Stockinger's professional life while adding no apparent value to the plaintiffs' discovery"). This requirement makes sense as rarely do the most senior executives of a party to a litigation possess unique information relevant to the claims at issue. In the vast majority of cases, these less intrusive sources of information will be satisfactory as they are likely more knowledgeable of the facts underlying the issues in a case.

In this case, Plaintiffs have not exhausted less intrusive sources of the information they seek prior to demanding to depose Mr. Zuckerberg. Indeed, Plaintiffs noticed Mr. Zuckerberg's deposition prior to taking a single deposition. Plaintiffs must exhaust alternative sources of information before seeking to depose Mr. Zuckerberg. *See Gauthier*, 2008 WL 2467016, at *4 (finding that Rule 30(b)(6) deposition must be taken before plaintiffs can show they are entitled to *apex* deposition); *see also Baine*, 141 F.R.D. at 335 (precluding party from taking *apex* deposition where, "it has not been established that the information necessary cannot be had from

5

Mr. Sinke, other of the distributees of the Mertz memorandum, interrogatories, or the corporate deposition.").[1]

Accordingly, Plaintiffs should be barred from deposing Mr. Zuckerberg until they have exhausted less intrusive means of discovery. If after exhausting these less intrusive sources of information Plaintiffs can demonstrate that Mr. Zuckerberg possesses unique personal knowledge relevant to their claims in this case, only then would they be entitled to seek Mr. Zuckerberg's deposition limited in time and scope to that unique knowledge.

**B.**     **Plaintiffs cannot show that Mr. Zuckerberg has any "unique" personal knowledge relevant to their claims at this time.**

Plaintiffs have not even attempted to demonstrate that Mr. Zuckerberg has "unique" personal knowledge warranting an *apex* deposition.  Under the *apex* doctrine, an executive's general knowledge of relevant facts is not enough: an executive must have *unique* knowledge—knowledge that no one else possesses—of the topics on which he will be questioned. *Computer Acceleration Corp.*, 2007 WL 7684605 at *1; *see also Guan Ming Lin*, 2010 WL 4007282, at *2 (granting protective order to prohibit *apex* deposition of defendant's CEO where the CEO had knowledge of relevant facts, but his knowledge was redundant of certain lower ranking employees).

Without first deposing other witnesses, Plaintiffs cannot demonstrate that Mr.

---

[1] In instances where Courts in this district *have* allowed an *apex* deposition to take place, it has been in cases where other witnesses, including 30(b)(6) witnesses, have already been deposed and with specific limitations on the topics for questioning. *See Kimberly-Clark Corp. v. Cont'l Cas. Co.*, No. 3:05-CV-0475-D, 2006 WL 3436064, at *1 (N.D. Tex. Nov. 29, 2006) (permitting *apex* witness testimony where 30(b)(6) deposition had already taken place and parties agreed to imposing limitations as to topics and time); *Simms v. Nat'l Football League*, No. 3:11-CV-0248-M-BK, 2013 WL 9792709, at *3 (N.D. Tex. July 10, 2013) (permitting *apex* deposition of NFL commissioner Roger Goodell where Plaintiffs deposed numerous alternate witnesses first and imposing limitations as to the topics for Mr. Goodell's deposition).

Zuckerberg's knowledge of any facts relevant to this case is "unique." *Id.* Plaintiffs apparently believe that Mr. Zuckerberg has unique personal knowledge of facts related to this case because he has authority regarding Facebook's acquisitions, he communicated with Oculus's CEO prior to the acquisition, and tested a prototype of one of Oculus's products. *See* ECF No. 245 at 5-6. But, these assertions are not sufficient to justify taking Mr. Zuckerberg's deposition at this stage of discovery. The fact that Mr. Zuckerberg has general knowledge of Facebook's acquisition of another company (borne from his role as Facebook's CEO) does not mean he has unique knowledge relevant to this case sufficient to warrant an *apex* deposition. *See Computer Acceleration*, 2007 WL 7684605, at *1. There are other Facebook employees who were far more involved in the acquisition process, who corresponded more extensively with Oculus employees in connection with the acquisition and who did more testing of Oculus prototypes (*e.g.*, Mr. Zoufonoun who led the acquisition team). To find out if Mr. Zuckerberg has unique knowledge, obviously Plaintiffs must first depose others involved in the acquisition process to find out what they know.

Because Plaintiff have not pursued less intrusive sources of the information they seek and therefore are incapable of demonstrating that Mr. Zuckerberg has unique knowledge relevant to this case, the Court should issue a protective order barring Mr. Zuckerberg's deposition.

## **CONCLUSION**

For the foregoing reasons, the Court should issue a protective order barring Plaintiffs from taking Mr. Zuckerberg's deposition.

|  |  |
|---|---|
| Date: November 13, 2015 | Respectfully submitted,<br><br>*/s/ Heidi Keefe*<br><br>Richard A. Smith<br>Texas Bar No. 24027990<br>richard@rsmithpc.com<br>**RICHARD SMITH PC**<br>Campbell Centre I<br>8350 N. Central Expressway<br>Suite 1111<br>Dallas, Texas 75206<br>Phone: (214) 242-6484<br><br>Elizabeth Y. Ryan<br>Texas Bar No. 24067758<br>eryan@lynnllp.com<br>**LYNN TILLOTSON PINKER & COX LLP**<br>2100 Ross Avenue, Suite 2700<br>Dallas, Texas 75201<br>Phone: (214) 981-3800<br>Fax: (214) 981-3839<br><br>Michael G. Rhodes (*pro hac vice*)<br>mrhodes@cooley.com<br>**COOLEY LLP**<br>101 California St., 5th Floor<br>San Francisco, California 94111<br>Phone: (415) 693-2000<br><br>Heidi L. Keefe (*pro hac vice*)<br>hleefe@cooley.com<br>Mark R. Weinstein (*pro hac vice*)<br>mweinstein@cooley.com<br>**COOLEY LLP**<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>Phone: (650) 843-5000<br><br>*Attorneys for Defendants*<br>*Oculus VR, LLC, Palmer Luckey and Facebook, Inc.* |

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 27, 2015, I conferred with counsel of record for Plaintiffs in this matter, and that counsel for Plaintiffs stated they were opposed to the relief requested herein.

>
> */s/ Michael G. Rhodes*
> Michael G. Rhodes

**CERTIFICATE OF SERVICE**

On November 13, 2015, I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  I hereby certify that I have served all counsel who are deemed to have consented to electronic service or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

                                              */s/ Heidi L. Keefe*
                                                Heidi L. Keefe