UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA, INC. and | § | |
| ID SOFTWARE, LLC, | § | |
|     Plaintiffs, | § | |
| v. | § | No. 3:14-CV-1849-P (BF) |
| OCULUS VR, LLC, et al., | § | |
|     Defendants. | § | |

## ORDER

Before the Court is the defendants Oculus VR, LLC, Palmer Luckey, and Facebook, Inc.'s ("Defendants") Motion for Protective Order Prohibiting Plaintiffs From Unilaterally Setting Dates and Times for Depositions [D.E. 237] ("Motion for Protective Order") referred to United States Magistrate Judge Paul D. Stickney. *See* Electronic Order Referring Mot. [D.E. 242]. Upon consideration, the Motion for Protective Order [D.E. 237] is GRANTED in part and DENIED in part.

In the Motion for Protective Order, Defendants contend that the plaintiffs ZeniMax Media, Inc. and id Software, LLC ("Plaintiffs") insist on moving forward with six unconfirmed depositions for Palmer Luckey, Mark Zuckerberg, Brendan Iribe, Laird Malamed, Amin Zoufonoun, and Brant Lewis, although the dates selected by Plaintiffs' counsel are not convenient for Defendants' witnesses and their counsel. *See* Mot. [D.E. 237 at 1, 3-4]. In their response, Plaintiffs state that the parties have come to an agreement regarding a deposition date for Amin Zoufonoun. *See* Opp'n [D.E. 245 at 4]. Further, Plaintiffs state that they believe the parties will be able to reach an agreement regarding a deposition date for Brant Lewis. *See id.* [D.E. 245 at 4]. With respect to Brendan Iribe, Plaintiffs state that Defendants proposed February 4, 2016 for his deposition, but that Plaintiffs are attempting to depose him prior to that date. *See id.* [D.E. 245 at 4]. With respect to

Palmer Luckey, Laird Malamed, and Mark Zuckerberg, Plaintiffs state that Defendants have proposed no alternative dates for their depositions. *See id.* [D.E. 245 at 4].

In their reply, Defendants contend that they offered two potential deposition dates for Brant Lewis, December 4 and 15, but that Plaintiffs did not accept either date. *See* Reply [D.E. 253 at 2]. Defendants state that the parties are working on finding a mutually convenient date for his deposition. *See id.* [D.E. 253 at 2]. With respect to Palmer Luckey, Defendants contend that they informed Plaintiffs that he is available for a deposition on January 26, 2016, but that Plaintiffs have not confirmed this date for his deposition. *See id.* [D.E. 253 at 2]. With respect to Brendan Iribe, Defendants contend that they offered to have him deposed on February 4, 2016, but that Plaintiffs have not confirmed this date for his deposition. *See id.* [D.E. 253 at 2]. With respect to Laird Malamed, Defendants contend that they informed Plaintiffs that he is available for a deposition on February 10, 2016, but that Plaintiffs have not confirmed this date for his deposition. *See id.* [D.E. 253 at 2]. With respect to Mark Zuckerberg, Defendants contend that they are filing a separate motion for protective order seeking to prevent Plaintiffs from deposing him. *See id.* [D.E. 253 at 2]. With respect to Amin Zoufonoun, Defendants state that they agreed to a deposition date of January 19, 2016. *See id.* [D.E. 253 at 2]. Defendants contend that Plaintiffs have largely failed to respond to Defendants' offered deposition dates or cooperate with Defendants. *See id.* [D.E. 253 at 2]. Defendants state that even after they filed their motion for protective order, Plaintiffs served another round of 12 deposition notices without first asking Defendants for available dates. *See id.* [D.E. 253 at 2].

In their sur-reply, Plaintiffs state that they informed Defendants that they will proceed on February 10, 2016 for Laird Malamed's deposition. *See* Sur-Reply [D.E. 263 at 3]. Further, Plaintiffs

point out that in footnote 2 of Defendants' reply, Defendants state that Plaintiffs are "no longer standing on their deposition notice" for Brant Lewis. *See id.* [D.E. 263 at 2]; Defs.' Reply [D.E. 253 at 2 n.2]. With respect to Palmer Luckey, Plaintiffs contend that they requested an alternative date, because Defendants' proposed date of January 26, 2016 is sandwiched between two other noticed depositions, but that Defendants declined to provide any alternative dates. *See* Sur-Reply [D.E. 263 at 2]. With respect to Brendan Iribe, Plaintiffs state that they seek an earlier alternative date than the proposed date of February 4, 2016, but that Defendants declined to provide such a date. *See id.* [D.E. 263 at 2-3].

Upon consideration of the foregoing, the Court rules on Defendants' Motion for Protective Order [D.E. 237] as follows:

(1) The motion is GRANTED with respect to Palmer Luckey, and the deposition is ordered to proceed on the date proposed by Defendants, January 26, 2016, unless the parties agree to another date.

(2) The motion is GRANTED with respect to Brendan Iribe, and the deposition is ordered to proceed on the date proposed by Defendants, February 4, 2016, unless the parties agree to another date.

(3) The motion is DENIED without prejudice with respect to Mark Zuckerberg. The Court will address Mr. Zuckerberg's deposition when disposing of Defendants' separately filed motion [D.E. 251] seeking to preclude his deposition.

(4) The motion is DENIED without prejudice with respect to Brant Lewis. Defendants may re-file their motion with respect to Mr. Lewis should the parties not be able to come to an agreement regarding his deposition date.

3

(5) The motion is DENIED as moot with respect to Amin Zoufonoun, and the deposition shall proceed on January 19, 2016 as agreed to by the parties.

(6) The motion is DENIED as moot with respect to Laird Malamed, and the deposition shall proceed on February 10, 2016 as agreed to by the parties.

**SO ORDERED**, November 18, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE