# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC,  PALMER LUCKEY, and<br>FACEBOOK, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION<br>NO. 3:14-01849-P<br><br><br><br>JURY TRIAL DEMANDED |

**FIRST NOTICE OF DEPOSITION OF ZENIMAX MEDIA INC. PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the federal Rules of Civil Procedure, the testimony of Plaintiff ZeniMax Media Inc. ("ZeniMax") will be taken upon oral examination by counsel for defendants Oculus VR, LLC, Palmer Luckey, and Facebook, Inc. before an officer duly authorized by law to administer oaths, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 1440 New York Avenue, NW, Washington, D.C. 20005 at a time and place agreed upon by the parties.  The testimony will be recorded stenographically and by videotape.  The deposition will be taken for the purposes of discovery and all other purposes permitted by the Federal Rules of Civil Procedure.

**DEFINITIONS**

1.      The term "ZeniMax" shall mean and include plaintiff ZeniMax Media Inc., and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries (including but not limited to id Software LLC), or affiliates and all those persons acting on its behalf.

2.      The term "id Software" shall mean and include plaintiff id Software LLC, and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all those persons acting on its behalf.

3.      The term "Plaintiffs" shall mean "ZeniMax" and "id Software."

4.      The terms "you" and "your" shall refer to Plaintiffs.

5.      The term "Oculus" shall mean and include defendant Oculus VR, LLC, and its corporate predecessors Oculus VR, Inc. and Oculus LLC.

6.      The term "Facebook" shall mean defendant Facebook, Inc.

7.      The term "Luckey" shall mean defendant Palmer Luckey.

8.      The term "Defendants" shall mean "Oculus," "Facebook," and "Luckey."

9.      The term "Carmack" shall mean John Carmack.

10.     The term "Complaint" shall mean the Amended Complaint Plaintiffs filed in the above-captioned matter on August 28, 2014.

11.     The term "Rift" shall mean the Oculus Rift head-mounted display, including without limitation, all prototypes, successors, and components, Oculus DK1, and Oculus DK2, whether or not altered or modified.

12.     The term "Source Code" shall mean computer code and related information, including without limitation, computer source code, object code, coding comments and other documents that describe encoding or decoding algorithms used in computer source code, comments and revision histories associated with computer source code, and formulas, engineering specifications or schematics that define or otherwise describe the algorithms or structure of software or hardware designs.

2

13.     The term "February 25 Disclosure" shall refer to the document entitled "Plaintiffs' Further Identification of Misappropriated Trade Secrets" (Dkt. 113-1), served and filed on February 25, 2015.  Each identified alleged trade secret identified in the February 25 Disclosure shall be referred to by the letter assigned by Plaintiffs, in the following format: "Alleged Trade Secret A."

14.     The term "research" shall mean any experiments, tests, investigations, studies, reviews, examinations, analyses, fact-finding, or the like.

15.     The term "communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

16.     The term "concerning" shall mean relating to, referring to, describing, evidencing, constituting, or being in any other way relevant to the particular subject matter identified.

17.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

18.     The term "things" shall mean any tangible item, including, without limitation, models, prototypes, and samples of any composition, device, or apparatus.

19.     The terms "person" and "persons" shall mean any natural person or any business, legal, or governmental entity or association.

20.     The term "related to" shall be understood to be synonymous with "concerning."

21.     The following rules of construction shall apply to all Requests as necessary to bring within the scope of discovery all responses that might otherwise be construed to be outside of its scope:

3

a.    The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request, definition, or instruction more inclusive;

b.    The terms "any" and each" shall be construed to include and encompass "all";

c.    The term "including" means including but not limited to;

d.    Use of the word "the" shall not be construed as limiting the scope of any request;

e.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in context.

**TOPICS**

1.    Any research and development related to virtual reality conducted by or for you at any time, including the identities of the persons who conducted that research and development, the specific subject matter or nature of that research and development, and its outcome or results.

2.    Identification and description of each product, report, paper, blog entry, conference attended, presentation given, and patent application filed relating to virtual reality research and development by or for you prior to April 2012.

3.    Identification and description of each product, report, paper, blog entry, conference attended, presentation given, and patent application filed relating to virtual reality research and development by or for you during or after April 2012.

4.    All resources you invested in research and development related to virtual reality at any time.

5.    The employment and engineering time records for all individuals affiliated with you who conducted research in virtual reality.

4

6.      All plans, market research, competitor analyses, or any other evidence of your plans to monetize or use your virtual reality research and development.

7.      Your factual basis for each instance of alleged trade secret misappropriation by Defendants, including the identification of each trade secret, the circumstances under which Defendants acquired each trade secret, how Defendants are alleged to have used each trade secret, and how Plaintiffs were injured by Defendants' alleged use of each trade secret.

8.      Identification of all alleged violations of your intellectual property rights by Defendants, and the factual basis for each allegation.

9.      All occasions when you have allowed or licensed use of any intellectual property right or trade secret at issue in your Complaint to any other company or individual.

10.     The decision regarding the timing of bringing this lawsuit.

11.     Your decision not to purchase an equity stake in Oculus in 2012.

12.     The total cost to you, including without limitation employee time and other resources, broken down by month and year for any alleged contribution you made to the development of any Oculus product.

13.     Any valuations of Oculus, whether informal or formal, conducted by you or any of your agents, advisors, accountants, investment bankers, or anyone else acting for you or on your behalf.

14.     Any valuations, goodwill impairment analyses and/or intangible asset valuation analyses prepared by or for you that are in any way related to virtual reality.

15.     All virtual reality games and products produced by you to-date.

16.    Your alleged development plan for how to make a commercially viable virtual reality headset.

17.    Your decision to curtail or stop your and Carmack's virtual reality research and development, the reasons underlying such decision, and the implementation of such decision.

18.    The "additional ZeniMax VR Technology needed to develop the Rift" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

19.    Your decision to release Doom 3 BFG Edition without support for virtual reality devices.

20.    All documents and/or information you provided to Defendants, including but not limited to all communications between you and Defendants.

21.    Carmack's 2009 employment contract with ZeniMax, including without limitation any negotiations related to Carmack's employment.

22.    The expiration of Carmack's employment contract in 2013, including without limitation any negotiations during 2013 related to Carmack's employment.

23.    All inventions disclosed by Carmack to you pursuant to his employment agreement.

24.    All communications between you and Carmack about efforts to patent any technology on which Carmack worked.

25.    All communications between you and Carmack about Carmack publicly disclosing any technology on which Carmack worked.

26.    All communications between you and Carmack about Oculus or Luckey.

27.    Any agreements, oral or written, you have or had with Carmack.

28.    Any industry or other public event at which you allege Defendants improperly used any information you claim to be a trade secret belonging to you.

6

29.   Any industry or other public event at which you allege Defendants improperly used any copyrighted work belonging to you.

30.   Any industry or other public event at which you allege Oculus or Luckey improperly used any trademark owned by you.

31.   Identification of any acts, incidents, or events before December 1, 2012, that you allege constitute an improper use by Defendants of any trademark owned by you.

32.   Identification of any acts, incidents, or events on or after December 1, 2012, that you allege constitute an improper use by Defendants of any trademark owned by you.

33.   All trade secrets you disclosed to Oculus and/or Luckey before January 22, 2013 that were not available from any public source before your alleged disclosure to Oculus and/or Luckey.

34.   All trade secrets you disclosed to Oculus and/or Luckey on or after January 22, 2013 that were not available from any public source before that date.

35.   "ZeniMax's [alleged] copyrighted materials [that are] embodied in, and substantially similar to, the Rift SDK" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

36.   The contract you allege exists in Count 3 of your Complaint.

37.   The breaches of the contract you allege in Count 3 of your Complaint.

38.   The acts that constitute interference with contract you allege in Count 4 of your Complaint.

39.   The basis of the unfair competition claim alleged in Count 5 of your Complaint.

40.   The benefit you allege Defendants received in Count 6 of your Complaint, including the monetary value of any such benefit.

41.   All trademarks you allege Oculus or Luckey improperly used, and the basis for each allegation of improper use.

42.   Oculus or Luckey's products or services you allege improperly use your trademarks or trade dress.

43.   The "conduct of Oculus and Luckey" that you allege "is likely to cause confusion and to cause the relevant public to mistakenly believe that Defendants' products and services emanate from, are authorized, endorsed, sponsored or licensed by, or connected or affiliated in some way with ZeniMax" in Count 8 of your Complaint.

44.   All known incidents of actual confusion whereby the "relevant public . . . mistakenly believe[d] that Defendants' products and services emanate from, are authorized, endorsed, sponsored or licensed by, or connected or affiliated in some way with ZeniMax," including the identities of all persons known to have suffered such confusion.

45.   Any negotiations you had with Defendants at any time.

46.   Your current and past business plans or company missions.

47.   The factual basis of any claim for damages sought by your Complaint.

48.   ZeniMax's acquisition of id Software.

49.   All due diligence conducted in connection with ZeniMax's acquisition of id Software, including all documents requested and reviewed in connection with the acquisition.

<u>Topics 50-61 Apply To Alleged Trade Secrets A-T and V-BB, Inclusive, As Listed In The February 25 Disclosure</u>

50.   The design and development of Alleged Trade Secrets A-T and V-BB, including the identity of all persons who developed or worked on each of Alleged Trade Secrets A-T and V-BB and the total time spent and costs incurred creating and/or obtaining each of Alleged Trade Secrets A-T and V-BB.

8

51.     All research associated with Plaintiffs' development of each of Alleged Trade Secrets A-T and V-BB, including an identification of all persons involved in such research, all experiments conducted, all data and results obtained, and any third-party information (whether public or confidential) consulted in the planning or performance of experiments or the interpretation of results related to such research.

52.     The identity of all persons with whom any portion of Alleged Trade Secrets A-T and V-BB were shared, whether or not employees of Plaintiffs and whether or not under confidentiality obligations to Plaintiffs, and the circumstances surrounding each such disclosure.

53.     Identification of all portions of Alleged Trade Secrets A-T and V-BB that are publicly available, whether through Plaintiffs' disclosure or otherwise, and the details surrounding each such disclosure.

54.     All revenue and profits earned by Plaintiffs for each of Alleged Trade Secrets A-T and V-BB.

55.     Each instance of use by Plaintiffs of Alleged Trade Secrets A-T and V-BB, including an identification of all persons involved in each use, the purpose of each use, and the date of each use.

56.     The precise economic value Plaintiffs attribute to each of Alleged Trade Secrets A-T and V-BB.

57.     Identification of each competitor to Plaintiffs that would have been benefitted by having access to any of Alleged Trade Secrets A-T and V-BB and the value to each such competitor of having access to any of Alleged Trade Secrets A-T and V-BB.

58.  For each competitor identified in the preceding Topic, the manner in which Plaintiffs and each such competitor compete, including the identification of all competitive products.

59.  Identification of all measures taken by Plaintiffs to guard the secrecy of each of Alleged Trade Secrets A-T and V-BB.

60.  Identification of each disclosure of any of Alleged Trade Secrets A-T and V-BB to any Defendant and the circumstances surrounding each such disclosure.

61.  Identification of each allegedly unauthorized use or disclosure of any of Alleged Trade Secrets A-T and V-BB by any Defendant.

Topics 62-79 Apply To Alleged Trade Secret U As Listed In The February 25 Disclosure

62.  The design and development of any portions of Alleged Trade Secret U that were not commercially released or made publicly available, including the identity of all persons who worked on those portions of Alleged Trade Secret U and the total time spent and costs incurred creating those portions of Alleged Trade Secret U.

63.  All research associated with Plaintiffs' development of any portions of Alleged Trade Secret U that were not commercially released or made publicly available, including the identity of all persons involved in such research, all experiments conducted, all data and results obtained, and any third-party information (whether public or confidential) consulted in the planning or performance of experiments or the interpretation of results related to such research.

64.  The identity of all persons with whom any portion of Alleged Trade Secret U was shared prior to its commercial release and/or the open-sourcing of portions of the *DOOM 3: BFG Edition* software, whether or not employees of Plaintiffs and whether or not under confidentiality obligations to Plaintiffs, and the circumstances surrounding each such disclosure.

10

65.     The identity of all persons with whom any portion of Alleged Trade Secret U that was never commercially released or made publicly available was shared, whether or not employees of Plaintiffs and whether or not under confidentiality obligations to Plaintiffs.

66.     Identification of all portions of Alleged Trade Secret U that are publicly available, whether through Plaintiffs' disclosure or otherwise, and the details surrounding any such disclosure by Plaintiffs.

67.     All revenue and profits associated with Alleged Trade Secret U by Plaintiffs prior to its commercial release and/or the open-sourcing of portions of the *DOOM 3: BFG Edition* software.

68.     All revenue and profits by Plaintiffs associated with any portion of Alleged Trade Secret U that was never commercially released or made publicly available.

69.     Each instance of commercial use by Plaintiffs of Alleged Trade Secret U prior to its commercial release and/or the open-sourcing of portions of the *DOOM 3: BFG Edition* software, including an identification of all persons involved in each commercial use, the purpose of each commercial use, and the date of each commercial use.

70.     Each instance of use by Plaintiffs of any portion of Alleged Trade Secret U that was never commercially released or made publicly available, including an identification of all persons involved in each use, the purpose of each use, and the date of each use.

71.     The precise economic value Plaintiffs attribute to Alleged Trade Secret U prior to its commercial release and/or the open-sourcing of portions of the *DOOM 3: BFG Edition* software.

72.     The precise economic value Plaintiffs attribute to any portion of Alleged Trade Secret U that was never commercially released or made publicly available.

11

73.   Identification of each competitor to Plaintiffs that would have been benefitted by having access to Alleged Trade Secret U prior to its commercial release and the value to each such competitor of having access to Alleged Trade Secret U prior to its commercial release and/or the open-sourcing of portions of the *DOOM 3: BFG Edition* software.

74.   For each competitor identified in the preceding Topic, the manner in which Plaintiffs and each such competitor compete, including the identification of all competing products.

75.   Identification of each competitor to Plaintiffs that would have been benefitted by having access to any portion of Alleged Trade Secret U that was never commercially released or made publicly available and the value to each such competitor of having access to any portion of Alleged Trade Secret U that was never commercially released or made publicly available.

76.   For each competitor identified in the preceding Topic, the manner in which Plaintiffs and each such competitor compete, including the identification of all competing products.

77.   Identification of all measures taken by Plaintiffs to guard the secrecy of Alleged Trade Secret U prior to its commercial release and/or the open-sourcing of portions of the *DOOM 3: BFG Edition* software.

78.   Identification of all measures taken by Plaintiffs to guard the secrecy of any portion of Alleged Trade Secret U that was never commercially released or made publicly available.

79.   Identification of each allegedly unauthorized use or disclosure of any portion of Alleged Trade Secret U by any Defendant.

<u>Additional Topics</u>

80.   All communications with Hillcrest Laboratories, Inc. regarding any aspect of Alleged Trade Secrets D-F, H, J, M, P, and/or R.

81.   All communications with NaturalPoint, Inc. and/or Sixense Entertainment, Inc. and/or Razer Inc. regarding any aspect of Alleged Trade Secret G.

82.   All communications with NaturalPoint, Inc. regarding any aspect of Alleged Trade Secret I.

83.   All communications with Valve Corporation regarding any aspect of the Alleged Trade Secrets.

84.   Your policies, if any, regarding document preservation, retention, and/or destruction, including electronic data.

85.   Your efforts to preserve documents and information relevant to this litigation.

86.   The steps you have taken to identify, collect, and produce documents responsive to Defendants' requests for production.

13

Dated:  September 3, 2015                  Respectfully submitted,

                                           **OCULUS VR, LLC, PALMER LUCKEY, and FACEBOOK, INC.**

                                           By Their Attorneys,

                                           */s/ Michael G. Rhodes*

                                           Richard A. Smith (rsmith@lynnllp.com)
                                           Texas Bar No. 24027990
                                           Elizabeth Y. Ryan (eryan@lynnllp.com)
                                           Texas Bar No. 24067758
                                           **LYNN TILLOTSON PINKER & COX LLP**
                                           2100 Ross Avenue, Suite 2700
                                           Dallas, Texas 75201
                                           (214) 981-3800 - telephone
                                           (214) 981-3839 – facsimile

                                           Michael G. Rhodes (*pro hac vice*)
                                           mrhodes@cooley.com
                                           **COOLEY LLP**
                                           101 California St., 5th Floor
                                           San Francisco, California  94111
                                           Tel:  (415) 693-2000

                                           Heidi L. Keefe (*pro hac vice*)
                                           hleefe@cooley.com
                                           Mark R. Weinstein (*pro hac vice*)
                                           mweinstein@cooley.com
                                           **COOLEY LLP**
                                           3175 Hanover Street
                                           Palo Alto, CA 94304
                                           Phone:  (650) 843-5000

14

**CERTIFICATE OF SERVICE**

I, Joseph B. Woodring hereby certify that I caused a true and correct copy of the

foregoing First Notice of Deposition of Zenimax Media Inc. Pursuant To Federal Rule Of Civil

Procedure 30(B)(6) to be sent by e-mail delivery to counsel for Plaintiffs on September 3, 2015

at phillip.philbin@haynesboone.com, michael.karson@haynesboone.com, and

dlpzenimax@skadden.com.


/s/ *Joseph B. Woodring*
Joseph B. Woodring

15

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | NO. 3:14-01849-P |
| v. | ) | |
| | ) | |
| OCULUS VR, LLC,  PALMER LUCKEY, and | ) | |
| FACEBOOK, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**FIRST NOTICE OF DEPOSITION OF ID SOFTWARE LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the federal Rules of Civil Procedure, the testimony of Plaintiff id Software LLC ("id Software") will be taken upon oral examination by counsel for defendants Oculus VR, LLC, Palmer Luckey, and Facebook, Inc. before an officer duly authorized by law to administer oaths, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 1440 New York Avenue, NW, Washington, D.C. 20005 at a time and place agreed upon by the parties.  The testimony will be recorded stenographically and by videotape.  The deposition will be taken for the purposes of discovery and all other purposes permitted by the Federal Rules of Civil Procedure.

**DEFINITIONS**

1.     The term "ZeniMax" shall mean and include plaintiff ZeniMax Media Inc., and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries (including but not limited to id Software LLC), or affiliates and all those persons acting on its behalf.

2.      The term "id Software" shall mean and include plaintiff id Software LLC, and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all those persons acting on its behalf.

3.      The term "Plaintiffs" shall mean "ZeniMax" and "id Software."

4.      The terms "you" and "your" shall refer to Plaintiffs.

5.      The term "Oculus" shall mean and include defendant Oculus VR, LLC, and its corporate predecessors Oculus VR, Inc. and Oculus LLC.

6.      The term "Facebook" shall mean defendant Facebook, Inc.

7.      The term "Luckey" shall mean defendant Palmer Luckey.

8.      The term "Defendants" shall mean "Oculus," "Facebook," and "Luckey."

9.      The term "Carmack" shall mean John Carmack.

10.     The term "Complaint" shall mean the Amended Complaint Plaintiffs filed in the above-captioned matter on August 28, 2014.

11.     The term "Rift" shall mean the Oculus Rift head-mounted display, including without limitation, all prototypes, successors, and components, Oculus DK1, and Oculus DK2, whether or not altered or modified.

12.     The term "Source Code" shall mean computer code and related information, including without limitation, computer source code, object code, coding comments and other documents that describe encoding or decoding algorithms used in computer source code, comments and revision histories associated with computer source code, and formulas, engineering specifications or schematics that define or otherwise describe the algorithms or structure of software or hardware designs.

2

13.     The term "February 25 Disclosure" shall refer to the document entitled "Plaintiffs' Further Identification of Misappropriated Trade Secrets" (Dkt. 113-1), served and filed on February 25, 2015.  Each identified alleged trade secret identified in the February 25 Disclosure shall be referred to by the letter assigned by Plaintiffs, in the following format: "Alleged Trade Secret A."

14.     The term "research" shall mean any experiments, tests, investigations, studies, reviews, examinations, analyses, fact-finding, or the like.

15.     The term "communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

16.     The term "concerning" shall mean relating to, referring to, describing, evidencing, constituting, or being in any other way relevant to the particular subject matter identified.

17.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

18.     The term "things" shall mean any tangible item, including, without limitation, models, prototypes, and samples of any composition, device, or apparatus.

19.     The terms "person" and "persons" shall mean any natural person or any business, legal, or governmental entity or association.

20.     The term "related to" shall be understood to be synonymous with "concerning."

21.     The following rules of construction shall apply to all Requests as necessary to bring within the scope of discovery all responses that might otherwise be construed to be outside of its scope:

3

a. The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request, definition, or instruction more inclusive;

b. The terms "any" and each" shall be construed to include and encompass "all";

c. The term "including" means including but not limited to;

d. Use of the word "the" shall not be construed as limiting the scope of any request;

e. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in context.

## TOPICS

1. Any research and development related to virtual reality conducted by or for you at any time, including the identities of the persons who conducted that research and development, the specific subject matter or nature of that research and development, and its outcome or results.

2. Identification and description of each product, report, paper, blog entry, conference attended, presentation given, and patent application filed relating to virtual reality research and development by or for you prior to April 2012.

3. Identification and description of each product, report, paper, blog entry, conference attended, presentation given, and patent application filed relating to virtual reality research and development by or for you during or after April 2012.

4. All resources you invested in research and development related to virtual reality at any time.

5. The employment and engineering time records for all individuals affiliated with you who conducted research in virtual reality.

4

6.      All plans, market research, competitor analyses, or any other evidence of your plans to monetize or use your virtual reality research and development.

7.      Your factual basis for each instance of alleged trade secret misappropriation by Defendants, including the identification of each trade secret, the circumstances under which Defendants acquired each trade secret, how Defendants are alleged to have used each trade secret, and how Plaintiffs were injured by Defendants' alleged use of each trade secret.

8.      Identification of all alleged violations of your intellectual property rights by Defendants, and the factual basis for each allegation.

9.      All occasions when you have allowed or licensed use of any intellectual property right or trade secret at issue in your Complaint to any other company or individual.

10.     The decision regarding the timing of bringing this lawsuit.

11.     Your decision not to purchase an equity stake in Oculus in 2012.

12.     The total cost to you, including without limitation employee time and other resources, broken down by month and year for any alleged contribution you made to the development of any Oculus product.

13.     Any valuations of Oculus, whether informal or formal, conducted by you or any of your agents, advisors, accountants, investment bankers, or anyone else acting for you or on your behalf.

14.     Any valuations, goodwill impairment analyses and/or intangible asset valuation analyses prepared by or for you that are in any way related to virtual reality.

15.     All virtual reality games and products produced by you to-date.

16.    Your alleged development plan for how to make a commercially viable virtual reality headset.

17.    Your decision to curtail or stop your and Carmack's virtual reality research and development, the reasons underlying such decision, and the implementation of such decision.

18.    The "additional ZeniMax VR Technology needed to develop the Rift" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

19.    Your decision to release Doom 3 BFG Edition without support for virtual reality devices.

20.    All documents and/or information you provided to Defendants, including but not limited to all communications between you and Defendants.

21.    Carmack's 2009 employment contract with ZeniMax, including without limitation any negotiations related to Carmack's employment.

22.    The expiration of Carmack's employment contract in 2013, including without limitation any negotiations during 2013 related to Carmack's employment.

23.    All inventions disclosed by Carmack to you pursuant to his employment agreement.

24.    All communications between you and Carmack about efforts to patent any technology on which Carmack worked.

25.    All communications between you and Carmack about Carmack publicly disclosing any technology on which Carmack worked.

26.    All communications between you and Carmack about Oculus or Luckey.

27.    Any agreements, oral or written, you have or had with Carmack.

28.    Any industry or other public event at which you allege Defendants improperly used any information you claim to be a trade secret belonging to you.

6

29.    Any industry or other public event at which you allege Defendants improperly used any copyrighted work belonging to you.

30.    Any industry or other public event at which you allege Oculus or Luckey improperly used any trademark owned by you.

31.    Identification of any acts, incidents, or events before December 1, 2012, that you allege constitute an improper use by Defendants of any trademark owned by you.

32.    Identification of any acts, incidents, or events on or after December 1, 2012, that you allege constitute an improper use by Defendants of any trademark owned by you.

33.    All trade secrets you disclosed to Oculus and/or Luckey before January 22, 2013 that were not available from any public source before your alleged disclosure to Oculus and/or Luckey.

34.    All trade secrets you disclosed to Oculus and/or Luckey on or after January 22, 2013 that were not available from any public source before that date.

35.    "ZeniMax's [alleged] copyrighted materials [that are] embodied in, and substantially similar to, the Rift SDK" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

36.    The contract you allege exists in Count 3 of your Complaint.

37.    The breaches of the contract you allege in Count 3 of your Complaint.

38.    The acts that constitute interference with contract you allege in Count 4 of your Complaint.

39.    The basis of the unfair competition claim alleged in Count 5 of your Complaint.

40.    The benefit you allege Defendants received in Count 6 of your Complaint, including the monetary value of any such benefit.

7

41.   All trademarks you allege Oculus or Luckey improperly used, and the basis for each allegation of improper use.

42.   Oculus or Luckey's products or services you allege improperly use your trademarks or trade dress.

43.   The "conduct of Oculus and Luckey" that you allege "is likely to cause confusion and to cause the relevant public to mistakenly believe that Defendants' products and services emanate from, are authorized, endorsed, sponsored or licensed by, or connected or affiliated in some way with ZeniMax" in Count 8 of your Complaint.

44.   All known incidents of actual confusion whereby the "relevant public . . . mistakenly believe[d] that Defendants' products and services emanate from, are authorized, endorsed, sponsored or licensed by, or connected or affiliated in some way with ZeniMax," including the identities of all persons known to have suffered such confusion.

45.   Any negotiations you had with Defendants at any time.

46.   Your current and past business plans or company missions.

47.   The factual basis of any claim for damages sought by your Complaint.

48.   ZeniMax's acquisition of id Software.

49.   All due diligence conducted in connection with ZeniMax's acquisition of id Software, including all documents requested and reviewed in connection with the acquisition.

<u>Topics 50-61 Apply To Alleged Trade Secrets A-T and V-BB, Inclusive, As Listed In The February 25 Disclosure</u>

50.   The design and development of Alleged Trade Secrets A-T and V-BB, including the identity of all persons who developed or worked on each of Alleged Trade Secrets A-T and V-BB and the total time spent and costs incurred creating and/or obtaining each of Alleged Trade Secrets A-T and V-BB.

8

51.     All research associated with Plaintiffs' development of each of Alleged Trade Secrets A-T and V-BB, including an identification of all persons involved in such research, all experiments conducted, all data and results obtained, and any third-party information (whether public or confidential) consulted in the planning or performance of experiments or the interpretation of results related to such research.

52.     The identity of all persons with whom any portion of Alleged Trade Secrets A-T and V-BB were shared, whether or not employees of Plaintiffs and whether or not under confidentiality obligations to Plaintiffs, and the circumstances surrounding each such disclosure.

53.     Identification of all portions of Alleged Trade Secrets A-T and V-BB that are publicly available, whether through Plaintiffs' disclosure or otherwise, and the details surrounding each such disclosure.

54.     All revenue and profits earned by Plaintiffs for each of Alleged Trade Secrets A-T and V-BB.

55.     Each instance of use by Plaintiffs of Alleged Trade Secrets A-T and V-BB, including an identification of all persons involved in each use, the purpose of each use, and the date of each use.

56.     The precise economic value Plaintiffs attribute to each of Alleged Trade Secrets A-T and V-BB.

57.     Identification of each competitor to Plaintiffs that would have been benefitted by having access to any of Alleged Trade Secrets A-T and V-BB and the value to each such competitor of having access to any of Alleged Trade Secrets A-T and V-BB.

58. For each competitor identified in the preceding Topic, the manner in which Plaintiffs and each such competitor compete, including the identification of all competitive products.

59. Identification of all measures taken by Plaintiffs to guard the secrecy of each of Alleged Trade Secrets A-T and V-BB.

60. Identification of each disclosure of any of Alleged Trade Secrets A-T and V-BB to any Defendant and the circumstances surrounding each such disclosure.

61. Identification of each allegedly unauthorized use or disclosure of any of Alleged Trade Secrets A-T and V-BB by any Defendant.

Topics 62-79 Apply To Alleged Trade Secret U As Listed In The February 25 Disclosure

62. The design and development of any portions of Alleged Trade Secret U that were not commercially released or made publicly available, including the identity of all persons who worked on those portions of Alleged Trade Secret U and the total time spent and costs incurred creating those portions of Alleged Trade Secret U.

63. All research associated with Plaintiffs' development of any portions of Alleged Trade Secret U that were not commercially released or made publicly available, including the identity of all persons involved in such research, all experiments conducted, all data and results obtained, and any third-party information (whether public or confidential) consulted in the planning or performance of experiments or the interpretation of results related to such research.

64. The identity of all persons with whom any portion of Alleged Trade Secret U was shared prior to its commercial release and/or the open-sourcing of portions of the *DOOM 3: BFG Edition* software, whether or not employees of Plaintiffs and whether or not under confidentiality obligations to Plaintiffs, and the circumstances surrounding each such disclosure.

10

65.     The identity of all persons with whom any portion of Alleged Trade Secret U that was never commercially released or made publicly available was shared, whether or not employees of Plaintiffs and whether or not under confidentiality obligations to Plaintiffs.

66.     Identification of all portions of Alleged Trade Secret U that are publicly available, whether through Plaintiffs' disclosure or otherwise, and the details surrounding any such disclosure by Plaintiffs.

67.     All revenue and profits associated with Alleged Trade Secret U by Plaintiffs prior to its commercial release and/or the open-sourcing of portions of the *DOOM 3: BFG Edition* software.

68.     All revenue and profits by Plaintiffs associated with any portion of Alleged Trade Secret U that was never commercially released or made publicly available.

69.     Each instance of commercial use by Plaintiffs of Alleged Trade Secret U prior to its commercial release and/or the open-sourcing of portions of the *DOOM 3: BFG Edition* software, including an identification of all persons involved in each commercial use, the purpose of each commercial use, and the date of each commercial use.

70.     Each instance of use by Plaintiffs of any portion of Alleged Trade Secret U that was never commercially released or made publicly available, including an identification of all persons involved in each use, the purpose of each use, and the date of each use.

71.     The precise economic value Plaintiffs attribute to Alleged Trade Secret U prior to its commercial release and/or the open-sourcing of portions of the *DOOM 3: BFG Edition* software.

72.     The precise economic value Plaintiffs attribute to any portion of Alleged Trade Secret U that was never commercially released or made publicly available.

11

73.   Identification of each competitor to Plaintiffs that would have been benefitted by having access to Alleged Trade Secret U prior to its commercial release and the value to each such competitor of having access to Alleged Trade Secret U prior to its commercial release and/or the open-sourcing of portions of the *DOOM 3: BFG Edition* software.

74.   For each competitor identified in the preceding Topic, the manner in which Plaintiffs and each such competitor compete, including the identification of all competing products.

75.   Identification of each competitor to Plaintiffs that would have been benefitted by having access to any portion of Alleged Trade Secret U that was never commercially released or made publicly available and the value to each such competitor of having access to any portion of Alleged Trade Secret U that was never commercially released or made publicly available.

76.   For each competitor identified in the preceding Topic, the manner in which Plaintiffs and each such competitor compete, including the identification of all competing products.

77.   Identification of all measures taken by Plaintiffs to guard the secrecy of Alleged Trade Secret U prior to its commercial release and/or the open-sourcing of portions of the *DOOM 3: BFG Edition* software.

78.   Identification of all measures taken by Plaintiffs to guard the secrecy of any portion of Alleged Trade Secret U that was never commercially released or made publicly available.

79.   Identification of each allegedly unauthorized use or disclosure of any portion of Alleged Trade Secret U by any Defendant.

<u>Additional Topics</u>

80.   All communications with Hillcrest Laboratories, Inc. regarding any aspect of Alleged Trade Secrets D-F, H, J, M, P, and/or R.

12

81. All communications with NaturalPoint, Inc. and/or Sixense Entertainment, Inc. and/or Razer Inc. regarding any aspect of Alleged Trade Secret G.

82. All communications with NaturalPoint, Inc. regarding any aspect of Alleged Trade Secret I.

83. All communications with Valve Corporation regarding any aspect of the Alleged Trade Secrets.

84. Your policies, if any, regarding document preservation, retention, and/or destruction, including electronic data.

85. Your efforts to preserve documents and information relevant to this litigation.

86. The steps you have taken to identify, collect, and produce documents responsive to Defendants' requests for production.

13

Dated:  September 3, 2015

Respectfully submitted,

**OCULUS VR, LLC, PALMER LUCKEY, and
FACEBOOK, INC.**

By Their Attorneys,

*/s/ Michael G. Rhodes*

Richard A. Smith (rsmith@lynnllp.com)
Texas Bar No. 24027990
Elizabeth Y. Ryan (eryan@lynnllp.com)
Texas Bar No. 24067758
**LYNN TILLOTSON PINKER & COX LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 - telephone
(214) 981-3839 – facsimile

Michael G. Rhodes (*pro hac vice*)
mrhodes@cooley.com
**COOLEY LLP**
101 California St., 5th Floor
San Francisco, California  94111
Tel:  (415) 693-2000

Heidi L. Keefe (*pro hac vice*)
hleefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Phone:  (650) 843-5000

14

**CERTIFICATE OF SERVICE**

I, Joseph B. Woodring hereby certify that I caused a true and correct copy of the

foregoing First Notice of Deposition of id Software LLC Pursuant To Federal Rule Of Civil

Procedure 30(B)(6) to be sent by e-mail delivery to counsel for Plaintiffs on September 3, 2015

at phillip.philbin@haynesboone.com, michael.karson@haynesboone.com, and

dlpzenimax@skadden.com.


/s/ *Joseph B. Woodring*
Joseph B. Woodring

15

EXHIBIT 3

| | |
|---|---|
| **From:** | Sammi, P. Anthony (NYC) |
| **Sent:** | Tuesday, September 08, 2015 10:54 AM |
| **To:** | Michael Rhodes (rhodesmg@cooley.com); z/Facebook-Oculus/Zenimax Media Inc; Project ZeniMax IP DL |
| **Cc:** | Hemr, Kurt Wm. (BOS); rsmith@lynnllp.com; phillip.philbin@haynesboone.com; Michael <Michael. Karson@haynesboone. com> Karson; Heidi Keefe (hkeefe@cooley.com) |
| **Subject:** | Call re: depo discovery |
| | |
| **Retention:** | Sent Item |

Mike,

I write to you to request a phone call, this time regarding deposition discovery. Our last call regarding the Carmack hard drive was productive and the parties appear to be proceeding as discussed on that call and without incident. Presently, however, we need to speak again in short order on deposition discovery.

 In a nutshell:  In an effort to get depositions moving, we requested that you provide convenient depo dates for several witnesses.  You've refused to provide those dates for your witnesses until you receive 30(b)(6) notices from us.  Regarding our yet to be served 30(b)(6) notices:   we have yet to receive defendants' un-redacted documents (out of 14k+ redactions), we have yet to fully receive terabytes of additional source code, and we are just now obtaining access to not one but two Carmack hard drives that contain ZMI property.  We cannot specify final 30(b)(6) topics right now when so much information is yet to be provided.

  We did receive your 30(b)(6) notices for ZeniMax and id Software and each notice has 86 (eighty six) topics, including numerous topics that are in the form of contention interrogatories and numerous other topics that are highly general and not at all particularized. I won't cite the authority in this email stating that such notices are facially inappropriate but I'm happy to do so in briefing to the court if we must seek relief on these notices (which would be Exhibits A and B to a motion for protective order).  It shouldn't come to that.  But if it needs to, I don't want to waste time going back and forth on this in the interim, as it is beyond the need to trim/focus a few topics here and there.

Please let me know when you are available at your earliest convenience for a telephone call with me or Kurt. Thanks and look forward to speaking.

Regards,
T.

**P. Anthony Sammi**
Partner
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Times Square | New York | 10036-6522
T: 212.735.2307 | F: 917.777.2307
anthony.sammi@skadden.com

EXHIBIT 4

| | |
|---|---|
| **From:** | Keefe, Heidi <hkeefe@cooley.com> |
| **Sent:** | Wednesday, September 09, 2015 12:00 AM |
| **To:** | Sammi, P. Anthony (NYC) |
| **Cc:** | Rhodes, Michael; z/Facebook-Oculus/Zenimax Media Inc; Project ZeniMax IP DL; Hemr, Kurt Wm. (BOS); rsmith@lynnllp.com; phillip.philbin@haynesboone.com; Michael <Michael. Karson@haynesboone. com> Karson |
| **Subject:** | Re: Call re: depo discovery |

Tony,

Mike is out until Friday.  Let us know when you are available on Friday so we can schedule a call with Mike when he's back.  I'd have been happy to do it, but am on planes and in court in Texas most of this week.

In the meantime, despite the fact that you have failed to exchange 30(b)(6) notices as agreed, in the interest of moving discovery forward, we can provide dates for Matt Hooper's and Christopher Dycus's depositions since we currently anticipate it to be unlikely they will be 30(b)(6) designees.  As for Amin Zoufonoun, he is highly likely to be a 30(b)(6) witness, and therefore, we cannot give you a date for him until we receive your 30(b)(6) notices in order to avoid duplication and wasted time and effort on both sides.

As for our 30(b)(6) deposition notices, we disagree with your characterization of the notices we served last week, but please send the authority you mention in your email so we can consider it.

Additionally, please let us know if the date we proposed for Anna Kang's deposition (10/2) will work.

Finally, you have yet to respond to our letters regarding the redactions in your document production (sent on August 24), or your evidence preservation obligations (sent on August 27).  Please provide responses as soon as you can.

Best,

Heidi


On Sep 8, 2015, at 7:54 AM, Sammi, P. Anthony <Anthony.Sammi@skadden.com<mailto:Anthony.Sammi@skadden.com>> wrote:

Mike,

I write to you to request a phone call, this time regarding deposition discovery. Our last call regarding the Carmack hard drive was productive and the parties appear to be proceeding as discussed on that call and without incident. Presently, however, we need to speak again in short order on deposition discovery.

 In a nutshell:  In an effort to get depositions moving, we requested that you provide convenient depo dates for several witnesses.  You've refused to provide those dates for your witnesses until you receive 30(b)(6) notices from us. Regarding our yet to be served 30(b)(6) notices:   we have yet to receive defendants' un-redacted documents (out of 14k+ redactions), we have yet to fully receive terabytes of additional source code, and we are just now obtaining access to not one but two Carmack hard drives that contain ZMI property.  We cannot specify final 30(b)(6) topics right now when so much information is yet to be provided.

We did receive your 30(b)(6) notices for ZeniMax and id Software and each notice has 86 (eighty six) topics, including numerous topics that are in the form of contention interrogatories and numerous other topics that are highly general and not at all particularized. I won't cite the authority in this email stating that such notices are facially inappropriate but I'm happy to do so in briefing to the court if we must seek relief on these notices (which would be Exhibits A and B to a motion for protective order).  It shouldn't come to that.  But if it needs to, I don't want to waste time going back and forth on this in the interim, as it is beyond the need to trim/focus a few topics here and there.

Please let me know when you are available at your earliest convenience for a telephone call with me or Kurt. Thanks and look forward to speaking.

Regards,
T.


P. Anthony Sammi
Partner
Skadden, Arps, Slate, Meagher & Flom LLP Four Times Square | New York | 10036-6522
T: 212.735.2307 | F: 917.777.2307
anthony.sammi@skadden.com<mailto:anthony.sammi@skadden.com>


--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=============================================================================


_____

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>Defendants. | § § § § § § § § § § § § | CIVIL CASE NO. 3:14-cv-01849-P |

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST NOTICES OF DEPOSITION OF ID SOFTWARE LLC AND ZENIMAX MEDIA INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, ZeniMax Media Inc. ("ZeniMax") and id Software LLC ("id Software") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby provide these Responses and Objections to Defendants' First Notices of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated September 3, 2015 ("Notices").[1]

## GENERAL RESPONSES AND OBJECTIONS

Plaintiffs assert the following General Objections. Each Specific Response to a Topic is subject to, and limited in accordance with, the following General Objections, which are incorporated as if fully set forth therein. The following General Objections are not waived, or in any way limited by, the Specific Responses and Objections. Although Specific Objections are also interposed in response to individual Topics, Plaintiffs' failure to repeat any part of its General Objections shall not be construed as a waiver of its objections.

1. Plaintiffs object to the Notices to the extent they seek information on _86_ individual topics. Seeking deposition testimony on this number of topics is _prima facie_ evidence that Defendants' Notices are overbroad, unduly burdensome, harassing and made for improper purpose. _Asevedo v. NBC Universal Media, L.L.C._, CIV. A. 12-2005, 2013 WL 3155206, at *1-*2 (E.D. La. June 19, 2013) (granting motion to quash where there were two, practically

---

[1] On September 3, 2015, Defendants served two notices of deposition pursuant to Rule 30(b)(6). The first, containing eighty-six topics, was served on Plaintiff id Software. The second, containing the same eighty-six topics, was served on Plaintiff ZeniMax. Plaintiffs have therefore provided a single set of Responses and Objections to these Notices here.

identical, Rule 30(b)(6) deposition notices served on defendants that together totaled 64 areas of inquiry); *see also Gen. Foods Corp. v. Computer Election Sys., Inc.*, No. M8-85, 1980 WL 30300, at *1-*3 (S.D.N.Y. Mar. 7, 1980) (quashing third-party 30(b)(6) deposition subpoena that listed 143 categories of questions). Plaintiffs reserve all of their rights to move for a protective order and/or to quash in response to these Notices, and the following General and Specific Responses and Objections are made without waiver of Plaintiffs' right to seek any judicial relief.

2.      Plaintiffs object to the Notices to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, the Requirements for Chief Judge Jorge A. Solis, or any other applicable law or rule.

3.      Plaintiffs object to the Notices, including any Definitions contained therein, as overly broad and unduly burdensome and therefore lacking "reasonable particularity," including because they would require Plaintiffs to perform an unreasonably broad search to find responsive documents and/or information. *See Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 364 (N.D. Tex. 2013) (topics for a Rule 30(b)(6) deposition cannot be overly broad); *see also See* Fed. R. Civ. P. 30(b)(6) (a notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination").

4.      Plaintiffs object to the Notices to the extent that they purport to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) (topics cannot seek legal theories). Use of a Rule 30(b)(6) deposition for such purposes in this action is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

5.      Plaintiffs object to the Notices to the extent that the Topics are vague, ambiguous, unlimited in scope, and/or not susceptible to a reasonable interpretation or response. *See* Fed. R. Civ. P. 30(b)(6) (a notice pursuant to Rule 30(b)(6) "must describe with reasonable particularity the matters for examination").

6.      Plaintiffs object to the Notices to the extent they seek information not reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiffs object to the Topics and Definitions to the extent they call for production of documents dated prior to January 1, 2011. Such Topics are overly broad and unduly burdensome and therefore lack "reasonable particularity" because they seek documents that are not relevant to any claim or defense of any party to this litigation.

7.     Plaintiffs object to each deposition Topic to the extent it is duplicative of other discovery taken in this case (including other deposition Topics) or seeks discovery that is more easily available through other, less burdensome means. Plaintiffs also object to each deposition Topic to the extent it is cumulative of other discovery, already known to Defendants, or available to Defendants from documents and information in Defendants own files or from public sources.

8.     Plaintiffs object to the Notices to the extent that they seek information that is not within Plaintiffs' possession, custody, or control.  Plaintiffs further object to the notices to the extent they seek information held by Plaintiffs' former employees now employed by Defendants, including but not limited to information held by Plaintiffs' former Technical Director, John Carmack.  Plaintiffs' designation of a witness on a particular Topic does not constitute an admission that Plaintiffs' possess information responsive to that Topic.

9.     Plaintiffs object to each deposition Topic to the extent that it seeks to obtain expert discovery or testimony from a layperson or fact witness in violation of Fed. R. Evid. 701. Plaintiffs further object to the Notices to the extent they seek legal conclusions or opinions from a fact witness.

10.     Plaintiffs object to the Notice to the extent that it calls for disclosure of confidential and/or sensitive technical, financial and/or business information, including the technical, financial and/or business information of third parties.  Plaintiffs will only disclose such information subject to the parties' Protective Order entered in this litigation (Dkt. No. 107).

11.     Plaintiffs object to the Notices to the extent they seek information protected by the attorney-client privilege, attorney work product doctrine, spousal privilege and/or other applicable privileges and protections against disclosure.  Nothing in Plaintiffs' Responses and Objections is intended to be, nor in any way should be deemed to be, a waiver of such privilege and immunity.  Moreover, any inadvertent production of documents or information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege.  Plaintiffs expressly reserve the right to object to the use or introduction of such documents or information or to otherwise seek the return of such documents and information.

12.     Plaintiffs object to the definition of "ZeniMax," "id Software," "Plaintiffs," "you," and "your" in Definition Nos. 1-4 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence. For purposes of these Responses and Objections, Plaintiffs use the term "ZeniMax" to mean ZeniMax Media Inc., "id Software" to mean id Software LLC, and "Plaintiffs" to mean both ZeniMax Media Inc. and id Software LLC, only.

13.     Plaintiffs object to the definition of "Rift" in Definition No. 11 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence.  For purposes of these Responses and Objections, Plaintiffs use the term "Rift" to mean the Oculus Rift head-mounted display and its associated software development kits.

14.     Plaintiffs object to the definition of "Source Code" in Definition No. 12 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence.  For purposes of these Responses and Objections, Plaintiffs use the term "Source Code" to mean computer source code only.

15.     Plaintiffs object to the definition of "research" in Definition No. 14 as overly broad and/or unduly burdensome and seeking information neither relevant nor reasonably calculated to lead to discovery of admissible evidence.  For purposes of these Responses and Objections, Plaintiffs use and interpret the term "research" according to its plain meaning and common sense usage.

16.     Plaintiffs object to the definition of "concerning," "document," "things," "person," "persons," and "related to" in Definition Nos. 16-20 as unduly burdensome, potentially beyond the discovery obligations set forth in the Federal Rules of Civil Procedure, and not reasonably calculated to lead to the discovery of admissible evidence.  For the purposes of these Responses and Objections, Plaintiffs use and interpret the above-referenced terms according to their plain meaning and common sense usage.

17.     The Responses set forth below are based upon Plaintiffs' interpretation of the language used in the Topics and Definitions.  Plaintiffs reserve their right to amend or to supplement their Responses to Topics in the event Defendants assert, or the Court adopts, an interpretation that differs from Plaintiffs' interpretation.

18.     Plaintiffs reserve their right to supplement and/or amend their objections to these Notices, including at the time of deposition.  To the extent that Plaintiffs agree to produce a witness for any deposition Topics, Plaintiffs will produce such witness at a date, time and location agreed upon by the parties.

Each of the foregoing General Responses and Objections are incorporated by reference into each and every Specific Response set forth below. Subject to the General Responses and Objections, and without waiver, modification or limitation thereof, Plaintiffs' Specific Responses and Objections to the Topics are set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS

### TOPIC NO. 1:

Any research and development related to virtual reality conducted by or for you at any time, including the identities of the persons who conducted that research and development, the specific subject matter or nature of that research and development, and its outcome or results.

### RESPONSE TO TOPIC NO. 1:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ny research and development." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it lacks "reasonable particularity" insofar as it is unrestricted as to time and seeks information from prior to January 1, 2011. Information from before January 1, 2011 is not relevant to any claim or defense of any party to this litigation.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrases "specific subject matter or nature" and "outcome or results."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic Nos. 2, 3, 50, 51, 62 and 63.

## TOPIC NO. 2:

Identification and description of each product, report, paper, blog entry, conference attended, presentation given, and patent application filed relating to virtual reality research and development by or for you prior to April 2012.

## RESPONSE TO TOPIC NO. 2:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "<u>each</u> product, report, paper, blog entry, conference attended, presentation given, and patent application filed." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it lacks "reasonable particularity" insofar as it is unrestricted as to time and seeks information from prior to January 1, 2011. Information from before January 1, 2011 is not relevant to any claim or defense of any party to this litigation.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrases "product," "report," "paper" or "blog entry."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 1.

**TOPIC NO. 3:**

Identification and description of each product, report, paper, blog entry, conference attended, presentation given, and patent application filed relating to virtual reality research and development by or for you during or after April 2012.

**RESPONSE TO TOPIC NO. 3:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "each product, report, paper, blog entry, conference attended, presentation given and patent application filed." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrases "product," "report," "paper" or "blog entry."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 1.

**TOPIC NO. 4:**

All resources you invested in research and development related to virtual reality at any time.

**RESPONSE TO TOPIC NO. 4:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll resources … invested in research and development related to virtual reality at any time." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it lacks "reasonable particularity" insofar as it is unrestricted as to time and seeks information from prior to January 1, 2011. Information from before January 1, 2011 is not relevant to any claim or defense of any party to this litigation.

In addition, Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "resources."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic Nos. 5, 6, 12, 50, and 62.

Subject to and without waiving their objections, Plaintiffs will produce one or more persons, on a date and time convenient both to those person(s) and to counsel, to testify generally on their behalf concerning the investments that Plaintiffs made in virtual reality research and development from the mid-1990s to the present.

## TOPIC NO. 5:

The employment and engineering time records for all individuals affiliated with you who conducted research in virtual reality.

## RESPONSE TO TOPIC NO. 5:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "employment and engineering time records for <u>all</u> individuals." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is

8

beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it lacks "reasonable particularity" insofar as it is unrestricted as to time and seeks information from prior to January 1, 2011. Information from before January 1, 2011 is not relevant to any claim or defense of any party to this litigation.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "employment and engineering time records" and "affiliated with you."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic Nos. 4 and 12.

**TOPIC NO. 6:**

All plans, market research, competitor analyses, or any other evidence of your plans to monetize or use your virtual reality research and development.

**RESPONSE TO TOPIC NO. 6:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll plans, market research, competitor analyses, or any other evidence." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it lacks "reasonable particularity" insofar as it is unrestricted as to time and seeks information from prior to January 1, 2011. Information from before January 1, 2011 is not relevant to any claim or defense of any party to this litigation.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "plans, market research, competitor analyses, or any other evidence."

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 4.

Subject to and without waiving their objections, Plaintiffs will produce one or more persons, on a date and time convenient both to those person(s) and to counsel, to testify on their behalf concerning Plaintiff's intentions for the commercial use of investments that Plaintiffs made in virtual reality research and development from the mid-1990s to the present.

## TOPIC NO. 7:

Your factual basis for each instance of alleged trade secret misappropriation by Defendants, including the identification of each trade secret, the circumstances under which Defendants acquired each trade secret, how Defendants are alleged to have used each trade secret, and how Plaintiffs were injured by Defendants' alleged use of each trade secret.

## RESPONSE TO TOPIC NO. 7:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions, and other discovery in this action.   Plaintiffs are under no obligation to marshal facts for Defendants in this litigation.

Plaintiffs object to this Topic on the ground that it seeks information that is the subject of expert testimony or expert reports to be served in this action.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "each instance of alleged trade secret misappropriation."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground that it is duplicative of Topic No. 8.

**TOPIC NO. 8:**

Identification of all alleged violations of your intellectual property rights by Defendants, and the factual basis for each allegation.

**RESPONSE TO TOPIC NO. 8:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs.   *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories).   This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions, and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation.

Plaintiffs object to this Topic on the ground that it seeks information that is the subject of expert testimony or expert reports to be served in this action.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "all alleged violations" and the "factual basis for each allegation." Plaintiffs further object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "violations of your intellectual property rights."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 7.

## TOPIC NO. 9:

All occasions when you have allowed or licensed use of any intellectual property right or trade secret at issue in your Complaint to any other company or individual.

## RESPONSE TO TOPIC NO. 9:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll occasions," "any intellectual property right," and "any other company or individual." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrases "allowed" and "intellectual property right."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

## TOPIC NO. 10:

The decision regarding the timing of bringing this lawsuit.

## RESPONSE TO TOPIC NO. 10:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs reasonably interpret this Topic as an attempt to inquire into the legal advice that Plaintiffs received regarding the filing of this lawsuit. Plaintiffs further object to this Topic on the ground that it seeks legal conclusions or analysis from a fact witness.

Plaintiffs object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "[t]he decision regarding the timing of bringing this lawsuit."

13

**TOPIC NO. 11:**

Your decision not to purchase an equity stake in Oculus in 2012.

**RESPONSE TO TOPIC NO. 11:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' document productions, and other discovery in this action.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its Topic.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 45.

Subject to and without waiving their objections, Plaintiffs will produce one or more persons, on a date and time convenient both to those person(s) and to counsel, to testify on their behalf concerning the parties' negotiations for an "equity stake in Oculus in 2012."

**TOPIC NO. 12:**

The total cost to you, including without limitation employee time and other resources, broken down by month and year for any alleged contribution you made to the development of any Oculus product.

**RESPONSE TO TOPIC NO. 12:**

Plaintiffs reincorporate all of their General Objections as if specifically alleged herein

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable

means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories).  This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions, and other discovery in this action.  Plaintiffs are under no obligation to marshal facts for Defendants in this litigation.  Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means.  *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is the subject of expert testimony or expert reports to be served in this action.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "employee time and other resources, broken down by month and year."

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "total cost" and "employee time and other resources."

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence.  By responding to this request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its Topic.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

**TOPIC NO. 13:**

Any valuations of Oculus, whether informal or formal, conducted by you or any of your agents, advisors, accountants, investment bankers, or anyone else acting for you or on your behalf.

**RESPONSE TO TOPIC NO. 13:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ny valuations of Oculus . . . conducted by you or any of your agents, advisors, accountants, investment bankers, or anyone else acting for you or on your behalf."

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrases "valuations of Oculus, whether informal or formal" and "anyone else."

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 14.

Subject to and without waiving their objections, Plaintiffs aver that they are unaware of any valuations of Oculus conducted by Plaintiffs or by persons acting on their behalf, excepting any valuations conducted in connection with this litigation.

**TOPIC NO. 14:**

Any valuations, goodwill impairment analyses and/or intangible asset valuation analyses prepared by or for you that are in any way related to virtual reality.

**RESPONSE TO TOPIC NO. 14:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ny valuations, goodwill impairment analyses and/or intangible asset valuation analyses . . . that are in any way related to virtual reality." Plaintiffs further object to this Topic

16

on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "valuations, goodwill impairment analyses and/or intangible asset valuation analyses."

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.  Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 13.

## TOPIC NO. 15:

All virtual reality games and products produced by you to-date.

## RESPONSE TO TOPIC NO. 15:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll virtual reality games and products produced by you to date."  Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "virtual reality games and products."

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence.  By responding to this request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its Topic.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party

privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

**TOPIC NO. 16:**

Your alleged development plan for how to make a commercially viable virtual reality headset.

**RESPONSE TO TOPIC NO. 16:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "development plan."

Plaintiffs object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its Topic.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions, and other discovery in this action.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

**TOPIC NO. 17:**

Your decision to curtail or stop your and Carmack's virtual reality research and development, the reasons underlying such decision, and the implementation of such decision.

**RESPONSE TO TOPIC NO. 17:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

18

Plaintiffs object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' document productions, and other discovery in this action.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this request, Plaintiffs do not agree to Defendants' characterization of the facts as presented in its Topic.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

Subject to and without waiving their objections, Plaintiffs will produce one or more persons, on a date and time convenient both to those person(s) and to counsel, to testify on their behalf concerning Plaintiffs' decision to direct John Carmack to discontinue providing research and information to Luckey and Oculus under the Non-Disclosure Agreement.

## TOPIC NO. 18:

The "additional ZeniMax VR Technology needed to develop the Rift" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

## RESPONSE TO TOPIC NO. 18:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), Plaintiffs' responses to Defendants' interrogatories, the parties' document productions, and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs'

19

former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

**TOPIC NO. 19**:

Your decision to release Doom 3 BFG Edition without support for virtual reality devices.

**RESPONSE TO TOPIC NO. 19**:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' document productions, and other discovery in this action.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "without support for virtual reality devices."

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

Subject to and without waiving their objections, Plaintiffs will produce one or more persons, on a date and time convenient both to those person(s) and to counsel, to testify generally on their behalf concerning Plaintiffs' "decision to release DOOM 3 BFG Edition without support" for the Rift.

**TOPIC NO. 20:**

All documents and/or information you provided to Defendants, including but not limited to all communications between you and Defendants.

**RESPONSE TO TOPIC NO. 20:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll documents and/or information" and "all communications between you and Defendants." Plaintiffs provided substantial numbers of documents (including thousands of e-mails) and substantial volumes of source code and other information to Defendants. It is unreasonable to demand that Plaintiffs prepare witnesses to present testimony on each and every one of those documents and pieces of information.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

**TOPIC NO. 21:**

Carmack's 2009 employment contract with ZeniMax, including without limitation any negotiations related to Carmack's employment.

**RESPONSE TO TOPIC NO. 21:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs further object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "any negotiations."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' document productions, and other discovery in this action. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic Nos. 27.

Subject to and without waiving their objections, Plaintiffs will produce one or more persons, on a date and time convenient both to those person(s) and to counsel, to testify generally on their behalf concerning John Carmack's 2009 employment contract with Plaintiffs.

**TOPIC NO. 22:**

The expiration of Carmack's employment contract in 2013, including without limitation any negotiations during 2013 related to Carmack's employment.

**RESPONSE TO TOPIC NO. 22:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "any negotiations."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' document productions, and other discovery in this action. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs object to this Topic on the ground that it is duplicative of Topic No. 27.

Subject to and without waiving their objections, Plaintiffs will produce one or more persons, on a date and time convenient both to those person(s) and to counsel, to testify generally on their behalf concerning negotiations with John Carmack in 2013 regarding employment with Plaintiffs.

**TOPIC NO. 23:**

All inventions disclosed by Carmack to you pursuant to his employment agreement.

**RESPONSE TO TOPIC NO. 23:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll inventions." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it lacks "reasonable particularity" insofar as it is unrestricted as to time and seeks information from prior to January 1, 2011. Information from before January 1, 2011 is not relevant to any claim or defense of any party to this litigation.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

**TOPIC NO. 24:**

All communications between you and Carmack about efforts to patent any technology on which Carmack worked.

**RESPONSE TO TOPIC NO. 24:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll communications" about "any technology."  Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it lacks "reasonable particularity" insofar as it is unrestricted as to time and seeks information from prior to January 1, 2011.  Information from before January 1, 2011 is not relevant to any claim or defense of any party to this litigation.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' document productions, and other discovery in this action.  Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means.  *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Subject to and without waiving their objections, Plaintiffs will produce one or more persons, on a date and time convenient both to those person(s) and to counsel, to testify generally on their behalf concerning any "communications between [Plaintiffs] and Carmack about efforts to patent any" virtual reality technologies on which Carmack worked subsequent to January 1, 2011.

## TOPIC NO. 25:

All communications between you and Carmack about Carmack publicly disclosing any technology on which Carmack worked.

## RESPONSE TO TOPIC NO. 25:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll communications" and "any technology."  Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence.  By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

## TOPIC NO. 26:

All communications between you and Carmack about Oculus or Luckey.

## RESPONSE TO TOPIC NO. 26:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll communications." It is unreasonable to purport to require Plaintiffs to prepare a witness to testify on such a broad, open-ended topic.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' document productions and other discovery in this action.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

## TOPIC NO. 27:

Any agreements, oral or written, you have or had with Carmack.

## RESPONSE TO TOPIC NO. 27:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' document productions, and other discovery in this action.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ny agreements . . . with Carmack."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.  Plaintiffs further object to this Topic on the ground that it is duplicative of Topic Nos. 21 and 22.

Subject to and without waiving their objections, Plaintiffs will produce one or more persons, on a date and time convenient both to those person(s) and to counsel, to testify generally on their behalf concerning (i) John Carmack's 2009 employment contract with Plaintiffs, and (ii) negotiations with John Carmack in 2013 regarding employment with Plaintiffs.

**TOPIC NO. 28:**

Any industry or other public event at which you allege Defendants improperly used any information you claim to be a trade secret belonging to you.

**RESPONSE TO TOPIC NO. 28:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs.  *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. … A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories).  This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of

Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ny . . . event at which . . . Defendants improperly used any information."

Plaintiffs object to this Topic on the ground that it lacks "reasonable particularity" insofar as it is unrestricted as to time and seeks information from prior to January 1, 2011. Information from before January 1, 2011 is not relevant to any claim or defense of any party to this litigation.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "industry or other public event."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 29.

**TOPIC NO. 29:**

Any industry or other public event at which you allege Defendants improperly used any copyrighted work belonging to you.

**RESPONSE TO TOPIC NO. 29:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal

theories).  This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ny . . . event at which . . . Defendants improperly used any copyrighted work."

Plaintiffs object to this Topic on the ground that it lacks "reasonable particularity" insofar as it is unrestricted as to time and seeks information from prior to January 1, 2011.  Information from before January 1, 2011 is not relevant to any claim or defense of any party to this litigation.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action.  Plaintiffs are under no obligation to marshal facts for Defendants in this litigation.  Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means.  *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "industry or other public event."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.  Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 28.

**TOPIC NO. 30:**

Any industry or other public event at which you allege Oculus or Luckey improperly used any trademark owned by you.

**RESPONSE TO TOPIC NO. 30:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs.  *Trustees of Boston*

*Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ny . . . event at which . . . Oculus or Luckey improperly used any trademark."

Plaintiffs object to this Topic on the ground that it lacks "reasonable particularity" insofar as it is unrestricted as to time and seeks information from prior to January 1, 2011. Information from before January 1, 2011 is not relevant to any claim or defense of any party to this litigation.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "industry or other public event."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic Nos. 31, 32 and 41.

29

**TOPIC NO. 31:**

Identification of any acts, incidents, or events before December 1, 2012, that you allege constitute an improper use by Defendants of any trademark owned by you.

**RESPONSE TO TOPIC NO. 31:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "<u>any</u> acts, incidents, or events."

Plaintiffs object to this Topic on the ground that it lacks "reasonable particularity" insofar as it seeks information from prior to January 1, 2011. Information from before January 1, 2011 is not relevant to any claim or defense of any party to this litigation.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "acts, incidents, or events."

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic Nos. 30 and 41.

## TOPIC NO. 32:

Identification of any acts, incidents, or events on or after December 1, 2012, that you allege constitute an improper use by Defendants of any trademark owned by you.

## RESPONSE TO TOPIC NO. 32:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. … A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "any acts, incidents, or events."

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "acts, incidents, or events."

31

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic Nos. 30 and 41.

## TOPIC NO. 33:

All trade secrets you disclosed to Oculus and/or Luckey before January 22, 2013 that were not available from any public source before your alleged disclosure to Oculus and/or Luckey.

## RESPONSE TO TOPIC NO. 33:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll trade secrets . . . not available from <u>any</u> public source."

Plaintiffs object to this Topic on the ground that it lacks "reasonable particularity" insofar as it is seeks information from prior to January 1, 2011. Information from before January 1, 2011 is not relevant to any claim or defense of any party to this litigation.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including

32

Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "acts, incidents, or events."

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

## TOPIC NO. 34:

All trade secrets you disclosed to Oculus and/or Luckey on or after January 22, 2013 that were not available from any public source before that date.

## RESPONSE TO TOPIC NO. 34:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. … A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll trade secrets . . . not available from any public source."

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including

33

Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "acts, incidents, or events."

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

## TOPIC NO. 35:

"ZeniMax's [alleged] copyrighted materials [that are] embodied in, and substantially similar to, the Rift SDK" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

## RESPONSE TO TOPIC NO. 35:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), Plaintiffs' responses to Defendants' interrogatories, the parties' document production and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

## TOPIC NO. 36:

The contract you allege exists in Count 3 of your Complaint.

## RESPONSE TO TOPIC NO. 36:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' productions, and other discovery in this

action.  Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means.  *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.  Plaintiffs also object to this Topic on the ground that it seeks legal conclusions or analysis from a fact witness.  Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 45.

Subject to and without waiving their objections, Plaintiffs will produce one or more persons, on a date and time convenient both to those person(s) and to counsel, to testify generally on their behalf concerning the non-disclosure agreement between Plaintiffs and Defendants.

## TOPIC NO. 37:

The breaches of the contract you allege in Count 3 of your Complaint.

## RESPONSE TO TOPIC NO. 37:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs.  *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories).  This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' productions, and other discovery in this action.  Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means.  *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

## TOPIC NO. 38:

The acts that constitute interference with contract you allege in Count 4 of your Complaint.

## RESPONSE TO TOPIC NO. 38:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38) and other discovery in this action. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants and Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack. Plaintiffs also object to this Topic on the ground that it seeks legal conclusions or analysis from a fact witness.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

**TOPIC NO. 39:**

The basis of the unfair competition claim alleged in Count 5 of your Complaint.

**RESPONSE TO TOPIC NO. 39:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants and Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

**TOPIC NO. 40:**

The benefit you allege Defendants received in Count 6 of your Complaint, including the monetary value of any such benefit.

**RESPONSE TO TOPIC NO. 40:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims,

and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "<u>any</u> such benefit." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

## TOPIC NO. 41:

All trademarks you allege Oculus or Luckey improperly used, and the basis for each allegation of improper use.

## RESPONSE TO TOPIC NO. 41:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable

means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll trademarks" and "each allegation of improper use." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' document productions, and other discovery in this action. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic Nos. 30-32.

## TOPIC NO. 42:

Oculus or Luckey's products or services you allege improperly use your trademarks or trade dress.

## RESPONSE TO TOPIC NO. 42:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this

action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' document productions, and other discovery in this action. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "Oculus or Luckey's products or services."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

## TOPIC NO. 43:

The "conduct of Oculus and Luckey" that you allege "is likely to cause confusion and to cause the relevant public to mistakenly believe that Defendants' products and services emanate from, are authorized, endorsed, sponsored or licensed by, or connected or affiliated in some way with ZeniMax" in Count 8 of your Complaint.

## RESPONSE TO TOPIC NO. 43:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this

action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' document productions, and other discovery in this action. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

**TOPIC NO. 44:**

All known incidents of actual confusion whereby the "relevant public . . . mistakenly believe[d] that Defendants' products and services emanate from, are authorized, endorsed, sponsored or licensed by, or connected or affiliated in some way with ZeniMax," including the identities of all persons known to have suffered such confusion.

**RESPONSE TO TOPIC NO. 44:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. … A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll known incidents" and "all persons." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' document productions, and other discovery in this action. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

**TOPIC NO. 45:**

Any negotiations you had with Defendants at any time.

**RESPONSE TO TOPIC NO. 45:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ny negotiations . . . at *any* time." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' document productions, and other discovery in this action. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic on the ground that it is duplicative of Topic Nos. 11 and 36.

Subject to and without waiving their objections, Plaintiffs will produce one or more persons, on a date and time convenient both to those person(s) and to counsel, to testify generally on their behalf concerning negotiations with Defendants concerning (i) the parties' non-disclosure agreement and (ii) an equity stake in Oculus.

**TOPIC NO. 46:**

Your current and past business plans or company missions.

**RESPONSE TO TOPIC NO. 46:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "business plans or company missions."

Plaintiffs object to this Topic on the ground that it lacks "reasonable particularity" insofar as it is unrestricted as to time and seeks information from prior to January 1, 2011. Information from before January 1, 2011 is not relevant to any claim or defense of any party to this litigation.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

**TOPIC NO. 47:**

The factual basis of any claim for damages sought by your Complaint.

**RESPONSE TO TOPIC NO. 47:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this

action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

## TOPIC NO. 48:

ZeniMax's acquisition of id Software.

## RESPONSE TO TOPIC NO. 48:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), the parties' document productions, and other discovery in this action. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

Subject to and without waiving their objections, Plaintiffs will produce one or more persons, on a date and time convenient both to those person(s) and to counsel, to testify generally on their behalf concerning ZeniMax's acquisition of id Software in 2009.

**TOPIC NO. 49:**

All due diligence conducted in connection with ZeniMax's acquisition of id Software, including all documents requested and reviewed in connection with the acquisition.

**RESPONSE TO TOPIC NO. 49:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll due diligence" and "all documents requested and reviewed."  It is unreasonable to purport to require Plaintiffs to prepare a witness to testify on such a broad, open-ended topic. Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

**TOPIC NO. 50:**

The design and development of Alleged Trade Secrets A-T and V-BB, including the identity of all persons who developed or worked on each of Alleged Trade Secrets A-T and V-BB and the total time spent and costs incurred creating and/or obtaining each of Alleged Trade Secrets A-T and V-BB.

**RESPONSE TO TOPIC NO. 50:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action.  Plaintiffs are under no obligation to marshal facts for Defendants in this litigation.  Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means.  *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "all persons" and "the total time spent and costs incurred."  Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic Nos. 1, 4 and 51.

## TOPIC NO. 51:

All research associated with Plaintiffs' development of each of Alleged Trade Secrets A-T and V-BB, including an identification of all persons involved in such research, all experiments conducted, all data and results obtained, and any third-party information (whether public or confidential) consulted in the planning or performance of experiments or the interpretation of results related to such research.

## RESPONSE TO TOPIC NO. 51:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll research," "all data and results," and "any third-party information (whether public or confidential)." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "research," "data and results," and "interpretation of results."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic Nos. 1 and 50.

## TOPIC NO. 52:

The identity of all persons with whom any portion of Alleged Trade Secrets A-T and V-BB were shared, whether or not employees of Plaintiffs and whether or not under confidentiality obligations to Plaintiffs, and the circumstances surrounding each such disclosure.

## RESPONSE TO TOPIC NO. 52:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. … A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "all persons" and "each such disclosure." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs further object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs'

47

former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 60.

## TOPIC NO. 53:

Identification of all portions of Alleged Trade Secrets A-T and V-BB that are publicly available, whether through Plaintiffs' disclosure or otherwise, and the details surrounding each such disclosure.

## RESPONSE TO TOPIC NO. 53:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. … A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JP Morgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

48

**TOPIC NO. 54:**

All revenue and profits earned by Plaintiffs for each of Alleged Trade Secrets A-T and V-BB.

**RESPONSE TO TOPIC NO. 54:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll revenue and profits . . for each of . . . Trade Secrets A-T and V-BB." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 56.

**TOPIC NO. 55:**

Each instance of use by Plaintiffs of Alleged Trade Secrets A-T and V-BB, including an identification of all persons involved in each use, the purpose of each use, and the date of each use.

**RESPONSE TO TOPIC NO. 55:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[e]ach instance of use," "all persons involved in each use, the purpose of each use, and the date of each use." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

**TOPIC NO. 56:**

The precise economic value Plaintiffs attribute to each of Alleged Trade Secrets A-T and V-BB.

**RESPONSE TO TOPIC NO. 56:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. … A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories).

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "precise economic value."

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 54.

**TOPIC NO. 57:**

Identification of each competitor to Plaintiffs that would have been benefitted by having access to any of Alleged Trade Secrets A-T and V-BB and the value to each such competitor of having access to any of Alleged Trade Secrets A-T and V-BB.

**RESPONSE TO TOPIC NO. 57:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "each [such] competitor." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs further object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "benefitted" and "value."

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 58.

51

**TOPIC NO. 58:**

For each competitor identified in the preceding Topic, the manner in which Plaintiffs and each such competitor compete, including the identification of all competitive products.

**RESPONSE TO TOPIC NO. 58:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "each [such] competitor" and "all competitive products." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "compete," "competitor," and "competitive products."

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 57.

**TOPIC NO. 59:**

Identification of all measures taken by Plaintiffs to guard the secrecy of each of Alleged Trade Secrets A-T and V-BB.

**RESPONSE TO TOPIC NO. 59:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "all measures . . . [for] each [trade secret]." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Subject to and without waiving their objections, Plaintiffs will produce one or more persons, on a date and time convenient both to those person(s) and to counsel, to testify generally on their behalf concerning Plaintiffs' means of protecting their trade secrets.

**TOPIC NO. 60:**

Identification of each disclosure of any of Alleged Trade Secrets A-T and V-BB to any Defendant and the circumstances surrounding each such disclosure.

**RESPONSE TO TOPIC NO. 60:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or

expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "<u>each</u> [such] disclosure." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 52.

**TOPIC NO. 61:**

Identification of each allegedly unauthorized use or disclosure of any of Alleged Trade Secrets A-T and V-BB by any Defendant.

**RESPONSE TO TOPIC NO. 61:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or

expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "each allegedly unauthorized use or disclosure of any [trade secret]." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

## TOPIC NO. 62:

The design and development of any portions of Alleged Trade Secret U that were not commercially released or made publicly available, including the identity of all persons who worked on those portions of Alleged Trade Secret U and the total time spent and costs incurred creating those portions of Alleged Trade Secret U.

## RESPONSE TO TOPIC NO. 62:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

55

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "all persons" and "the total time spent and costs incurred." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic Nos. 1, 4 and 63.

**TOPIC NO. 63:**

All research associated with Plaintiffs' development of any portions of Alleged Trade Secret U that were not commercially released or made publicly available, including the identity of all persons involved in such research, all experiments conducted, all data and results obtained, and any third-party information (whether public or confidential) consulted in the planning or performance of experiments or the interpretation of results related to such research.

**RESPONSE TO TOPIC NO. 63:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll research," "all data and results," and "any third-party information (whether public or confidential)." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "research," "data and results," and "interpretation of results."

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.  Plaintiffs further object to this Topic on the ground that it seeks information that is the subject of expert testimony or expert reports to be served in this action.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.  Plaintiffs further object to this Topic on the ground that it is duplicative of Topic Nos. 1 and 62.

**TOPIC NO. 64:**

The identity of all persons with whom any portion of Alleged Trade Secret U was shared prior to its commercial release and/or the open-sourcing of portions of the DOOM 3: BFG Edition software, whether or not employees of Plaintiffs and whether or not under confidentiality obligations to Plaintiffs, and the circumstances surrounding each such disclosure.

**RESPONSE TO TOPIC NO. 64:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs.  *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories).  This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "all persons" and "each such disclosure."  Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

57

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

## TOPIC NO. 65:

The identity of all persons with whom any portion of Alleged Trade Secret U that was never commercially released or made publicly available was shared, whether or not employees of Plaintiffs and whether or not under confidentiality obligations to Plaintiffs.

## RESPONSE TO TOPIC NO. 65:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. … A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "all persons." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity, or is protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

**TOPIC NO. 66:**

Identification of all portions of Alleged Trade Secret U that are publicly available, whether through Plaintiffs' disclosure or otherwise, and the details surrounding any such disclosure by Plaintiffs.

**RESPONSE TO TOPIC NO. 66:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. … A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan*

*Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

## TOPIC NO. 67:

All revenue and profits associated with Alleged Trade Secret U by Plaintiffs prior to its commercial release and/or the open-sourcing of portions of the DOOM 3: BFG Edition software.

## RESPONSE TO TOPIC NO. 67:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll revenue and profits." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 71.

**TOPIC NO. 68**:

All revenue and profits by Plaintiffs associated with any portion of Alleged Trade Secret U that was never commercially released or made publicly available.

**RESPONSE TO TOPIC NO. 68**:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll revenue and profits." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 72.

**TOPIC NO. 69**:

Each instance of commercial use by Plaintiffs of Alleged Trade Secret U prior to its commercial release and/or the open-sourcing of portions of the DOOM 3: BFG Edition software, including an identification of all persons involved in each commercial use, the purpose of each commercial use, and the date of each commercial use.

**RESPONSE TO TOPIC NO. 69**:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[e]ach instance of use" and "all persons involved in each commercial use, the purpose of each commercial use, and the date of each commercial use." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

## TOPIC NO. 70:

Each instance of use by Plaintiffs of any portion of Alleged Trade Secret U that was never commercially released or made publicly available, including an identification of all persons involved in each use, the purpose of each use, and the date of each use.

## RESPONSE TO TOPIC NO. 70:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[e]ach instance of use" and "all persons involved in each use, the purpose of each use, and the date of each use." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

**TOPIC NO. 71:**

The precise economic value Plaintiffs attribute to Alleged Trade Secret U prior to its commercial release and/or the open-sourcing of portions of the DOOM 3: BFG Edition software.

**RESPONSE TO TOPIC NO. 71:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs.  *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. … A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories).

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means.  *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence.  By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs further object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "precise economic value."

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.  Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 67.

**TOPIC NO. 72:**

The precise economic value Plaintiffs attribute to any portion of Alleged Trade Secret U that was never commercially released or made publicly available.

**RESPONSE TO TOPIC NO. 72:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories).

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "precise economic value."

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 68.

## TOPIC NO. 73:

Identification of each competitor to Plaintiffs that would have been benefitted by having access to Alleged Trade Secret U prior to its commercial release and the value to each such competitor of having access to Alleged Trade Secret U prior to its commercial release and/or the open-sourcing of portions of the DOOM 3: BFG Edition software.

## RESPONSE TO TOPIC NO. 73:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "each [such] competitor." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "benefitted" and "value."

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 74.

## TOPIC NO. 74:

For each competitor identified in the preceding Topic, the manner in which Plaintiffs and each such competitor compete, including the identification of all competing products.

## RESPONSE TO TOPIC NO. 74:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this

action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "each [such] competitor" and "all competing products." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "compete," "competitor," and "competi[tive] products."

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 73.

**TOPIC NO. 75:**

Identification of each competitor to Plaintiffs that would have been benefitted by having access to any portion of Alleged Trade Secret U that was never commercially released or made publicly available and the value to each such competitor of having access to any portion of Alleged Trade Secret U that was never commercially released or made publicly available.

**RESPONSE TO TOPIC NO. 75:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept.

24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. ... A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "each [such] competitor." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "benefitted" and "value."

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 76.

**TOPIC NO. 76:**

For each competitor identified in the preceding Topic, the manner in which Plaintiffs and each such competitor compete, including the identification of all competing products.

**RESPONSE TO TOPIC NO. 76:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or

expert discovery. … A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "each [such] competitor" and "all competing products." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "compete," "competitor," and "competi[tive] products."

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity. Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 75.

**TOPIC NO. 77:**

Identification of all measures taken by Plaintiffs to guard the secrecy of Alleged Trade Secret U prior to its commercial release and/or the open-sourcing of portions of the DOOM 3: BFG Edition software.

**RESPONSE TO TOPIC NO. 77:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), and the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is

duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "all measures taken."

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

Subject to and without waiving their objections, Plaintiffs will produce one or more persons, on a date and time convenient both to those person(s) and to counsel, to testify generally on their behalf concerning Plaintiffs' means of protecting their trade secrets.

## TOPIC NO. 78:

Identification of all measures taken by Plaintiffs to guard the secrecy of any portion of Alleged Trade Secret U that was never commercially released or made publicly available.

## RESPONSE TO TOPIC NO. 78:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic because it is duplicative of information provided in Plaintiffs' Amended Complaint (Dkt. No. 38), Plaintiffs' Further Identification of Misappropriated Trade Secrets (Dkt. No. 113-1 (under seal)), the parties' document productions and other discovery in this action. Plaintiffs are under no obligation to marshal facts for Defendants in this litigation. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "all measures . . . [for] any portion of . . . Trade Secret U."

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

Subject to and without waiving their objections, Plaintiffs will produce one or more persons, on a date and time convenient both to those person(s) and to counsel, to testify generally on their behalf concerning Plaintiffs' means of protecting their trade secrets.

**TOPIC NO. 79:**

Identification of each allegedly unauthorized use or disclosure of any portion of Alleged Trade Secret U by any Defendant.

**RESPONSE TO TOPIC NO. 79:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this topic to the extent that it purports to require Plaintiffs to put forward a witness to testify as to Plaintiffs' legal theories, the factual bases for Plaintiffs' claims, and/or the subject matter of expert testimony to be offered by Plaintiffs. *Trustees of Boston Univ. v. Everlight Elec. Co.*, Civ. A. No. 12-cv-011935-PBS, 2014 WL 5786532 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories and/or expert discovery. … A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims."); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) (topics cannot seek legal theories). This Topic is particularly inappropriate insofar as the protective order entered in this action (Dkt. No. 107) bars Plaintiffs' officers and employees from reviewing Defendants' confidential discovery material that might support Plaintiffs' claims.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "each allegedly unauthorized use or disclosure of any portion of . . . Trade Secret U." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Defendants or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

**TOPIC NO. 80:**

All communications with Hillcrest Laboratories, Inc. regarding any aspect of Alleged Trade Secrets D-F, H, J, M, P, and/or R.

**RESPONSE TO TOPIC NO. 80:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

Plaintiffs object to this Topic because it is duplicative of information provided in the parties' document productions and other discovery in this action. Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means. *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll communications." Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Hillcrest Laboratories, Inc. or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

**TOPIC NO. 81:**

All communications with NaturalPoint, Inc. and/or Sixense Entertainment, Inc. and/or Razer Inc. regarding any aspect of Alleged Trade Secret G.

**RESPONSE TO TOPIC NO. 81:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence. By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic because it is duplicative of information provided in the parties' document productions and other discovery in this action.  Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means.  *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll communications."  Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of NaturalPoint, Inc., Sixense Entertainment, Inc., Razer Inc., or Plaintiffs' former employees now working for Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground that it is duplicative of Topic No. 82.

## TOPIC NO. 82:

All communications with NaturalPoint, Inc. regarding any aspect of Alleged Trade Secret I.

## RESPONSE TO TOPIC NO. 82:

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic because it is duplicative of information provided in the parties' document productions and and other discovery in this action.  Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means.  *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll communications."  Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence.  By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Plaintiffs' former employees now working at NaturalPoint, Inc. or Defendants, including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

Plaintiffs object to this Topic on the ground that it is duplicative of Topic No. 81.

**TOPIC NO. 83:**

All communications with Valve Corporation regarding any aspect of the Alleged Trade Secrets.

**RESPONSE TO TOPIC NO. 83:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected under a non-disclosure, confidentiality or similar agreement with a third-party to this litigation.

Plaintiffs object to this Topic because it is duplicative of information provided in the parties' document productions and other discovery in this action.  Plaintiffs further object to this Topic to the extent it is duplicative of other discovery taken in this case or seeks discovery that is more easily available through other, less burdensome means.  *See* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity," specifically insofar as it purports to encompass "[a]ll communications."  Plaintiffs further object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it assumes the truth of facts not in evidence.  By responding to this Topic, Plaintiffs do not agree to Defendants' characterization of the facts as presented in this Topic.

Plaintiffs object to this Topic on the ground that it seeks information that is in the possession of Valve Corporation or Plaintiffs' former employees now working for Defendants,

including Plaintiffs' former Technical Director, John Carmack, and senior gaming personnel, Christian Antkow, Gloria Kennickell, Jan Paul van Waveren, Jonathan Wright, and/or Jason Kim.

**TOPIC NO. 84:**

Your policies, if any, regarding document preservation, retention, and/or destruction, including electronic data.

**RESPONSE TO TOPIC NO. 84:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

Plaintiffs object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Topic on the ground that it lacks "reasonable particularity" insofar as it is unrestricted as to time and seeks information from prior to January 1, 2011.  Information from before January 1, 2011 is not relevant to any claim or defense of any party to this litigation.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "policies" and "electronic data."

Plaintiffs further object to this Topic on the ground that it is duplicative of Topic No. 85.

**TOPIC NO. 85:**

Your efforts to preserve documents and information relevant to this litigation.

**RESPONSE TO TOPIC NO. 85:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity."

Plaintiffs object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.  In that regard, Plaintiffs aver that (i) they have produced over 50,000 pages of documents and approximately 270 gigabytes of source code to Defendants in this

litigation; (ii) the parties have addressed numerous discovery disputes to the Court in motion practice, and (iii) it is therefore inappropriate for Defendants to seek to use a Rule 30(b)(6) deposition to engage in a fishing expedition regarding Plaintiffs' participation in discovery in this action.

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

Plaintiffs further object to this Topic on the ground that it is duplicative of Topics No. 84 and 86.

**TOPIC NO. 86:**

The steps you have taken to identify, collect, and produce documents responsive to Defendants' requests for production.

**RESPONSE TO TOPIC NO. 86:**

Plaintiffs reincorporate all of their General Objections as if specifically set forth herein.

Plaintiffs object to this Topic on the ground that it is overly broad and unduly burdensome and therefore lacks "reasonable particularity."

Plaintiffs object to this Topic on the ground that it is not relevant to the extent it seeks information that is beyond the scope of this litigation and not calculated to lead to the discovery of admissible evidence.  In that regard, Plaintiffs aver that (i) they have produced over 50,000 pages of documents and over 270 gigabytes of source code to Defendants in this litigation; (ii) the parties have addressed numerous discovery disputes to the Court in motion practice, and (iii) it is therefore inappropriate for Defendants to seek to use a Rule 30(b)(6) deposition to engage in a fishing expedition regarding Plaintiffs' participation in discovery in this action.

Plaintiffs object to this Topic on the ground that it is vague and ambiguous, as it fails to describe with "reasonable particularity" what is meant by the phrase "steps you have taken."

Plaintiffs object to this Topic on the ground and to the extent that it seeks information protected by attorney-client privilege, the work product doctrine, spousal privilege, third-party privilege or other applicable privilege or immunity.

Plaintiffs further object to this Topic on the ground that it is duplicative of Topics No. 84 and 85.

Dated: November 6, 2015

Respectfully submitted,

*s/ P. Anthony Sammi*

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
(admitted *pro hac vice*)
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
(admitted *pro hac vice*)
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
(admitted *pro hac vice*)
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
(admitted *pro hac vice*)
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
(admitted *pro hac vice*)
E-mail: Devin.Kothari@skadden.com
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

## CERTIFICATE OF SERVICE

      I, Devin A. Kothari, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *Plaintiffs' Responses and Objections to Defendants' First Notices of Deposition of id Software LLC and ZeniMax Media Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6)* to be served on Defendants by electronic mail to the following addresses: FacebookOculusZenimaxMediaInc@cooley.com, richard@richardsmithpc.com, and eryan@lynnllp.com.


Dated: November 6, 2015                  *s/ Devin A. Kothari*_____

                                     Devin A. Kothari

EXHIBIT 6

# Cooley

Michael G. Rhodes
+1 415 693 2181
rhodesmg@cooley.com

Via Email (anthony.sammi@skadden.com)

November 11, 2015

P. Anthony Sammi
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, New York 10036

Re:   ***ZeniMax Media Inc. et al. v. Oculus VR, LLC, et al.***, Case No. 14-cv-01849-P
      **Plaintiffs' Objections to Defendants' Rule 30(b)(6) Deposition Notices**

Dear Tony:

I write in connection with Plaintiffs' Responses and Objections to Defendants' First Notices of Deposition of id Software LLC and ZeniMax Media Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6). Plaintiffs served their responses and objections on November 6, just over two months after Defendants served the notices. The objections also followed several inquiries into when you would make the 30(b)(6) witnesses available, as Defendants intended to prioritize these depositions. Based on these objections, it appears that Plaintiffs are refusing to produce corporate representatives on 70 out of the 86 noticed topics. If that is truly your position, it is unacceptable.

Defendants are entitled to discovery regarding the factual bases for Plaintiffs' allegations and claims. Plaintiffs cannot deny this discovery by refusing to produce witnesses to testify on these topics. For example, Plaintiffs are apparently refusing to produce a witness to testify regarding their alleged virtual-reality research and development, including the alleged trade secrets (Topics 1, 50-58, 62), the supposed "additional ZeniMax VR Technology needed to develop the Rift" (Topic 18), the allegedly confidential information Plaintiffs claim to have provided to defendants (Topics 20, 60), Defendants' alleged misuse of Plaintiffs' purported intellectual property and trade secrets (Topics 28-32, 41-44, 61, 79), Defendants' acts that allegedly breached the contracts referenced in Plaintiffs' complaint (Topics 37-38), and the factual basis for the damages sought in this action (Topic 47). Defendants, however, are entitled to this discovery.

Accordingly, please inform us in writing by November 13, 2015 whether Plaintiffs will make available for deposition any Rule 30(b)(6) witnesses to testify as to Defendants' topics 1-3, 5, 7-10, 12-16, 18, 20, 23, 25-26, 28-35, 37-44, 46-47, 49-58, 60-76, and 79-86. If Plaintiffs refuse to produce witnesses for examination on these topics, Defendants do not intend to further delay the depositions of your witnesses with time-consuming motions practice on this issue. Instead, the remedy Defendants will seek is the eventual exclusion of <u>all</u> of Plaintiffs' evidence on the matters addressed by those topics.

# Cooley

Tony
November 11, 2015
Page Two

Nothing in this letter waives any of Defendants' rights or remedies, all of which are expressly
reserved.

Sincerely,

/s/ Michael Rhodes


Michael G. Rhodes


123774779

EXHIBIT 7

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com
———

DIRECT DIAL
(212) 735-2307
DIRECT FAX
(917) 777-2307
EMAIL ADDRESS
ANTHONY.SAMMI@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

November 13, 2015

VIA ELECTRONIC MAIL

Michael G. Rhodes
Cooley LLP
3175 Hanover Street
Palo Alto, California 94304
rhodesmg@cooley.com

RE:   Plaintiffs' Objections To Defendants' Rule 30(b)(6) Deposition Notices
*ZeniMax Media Inc. et al. v. Oculus VR, LLC et al.*, No. 3:14-cv-01849

Dear Mike:

I write in response to your letter of November 11, 2015 regarding Plaintiffs' objections to Defendants' Rule 30(b)(6) deposition notices.

As with your colleague Mr. Caplan's letter of November 5, 2015 regarding Defendants' recent interrogatories, your letter reflects no intention on Defendants' part to resolve a genuine discovery dispute.   Like Mr. Caplan's letter, your letter ignores the objections that Plaintiffs properly interposed, offers no compromise on any point whatsoever, and simply demands maximal compliance under threat of sanction.

Your Rule 30(b)(6) deposition notices were improper on their face for the numerous reasons set forth in the detailed written responses and objections that we served on you.   The notices — each of which set forth 86 separate topics — are unduly burdensome, both by reason of the sheer number of topics and the vast breadth of the individual topics.   No witness could be prepared with reasonable effort to testify on those topics, apparently by your design. Numerous topics are expressly framed as contention interrogatories that improperly seek the work product of Plaintiffs' counsel.   Many of those topics would require a witness to review documents and information that you have produced for outside counsel's eyes only, and which the witness therefore could not review without violating the Court's order.

Your letter ignores all of that.   You do not suggest that we have misinterpreted any of your proposed topics, such that particular topics may be construed more narrowly in a fashion

Michael G. Rhodes
November 13, 2015
Page 2

that renders them susceptible of response. You do not offer to narrow even one of your proposed topics. And, even assuming for sake of argument that it were appropriate to require a witness to testify regarding the work product of counsel — and that is <u>not</u> proper, as the authority cited in our objections makes clear — you suggest no solution for the problem of how Plaintiffs could put forward a testifying witness who is barred from reviewing the discovery material on which that work product is based.

I would note that our own Rule 30(b)(6) deposition topics were carefully crafted with the intention of presenting topics that are "describe[d] with reasonable particularity" (as the Rule expressly requires), that are capable of response with reasonable effort, that do not seek the work product of Defendants' counsel, and that do not present the "Catch-22" of asking for a witness who will present testimony regarding documents and information that the witness is barred from reviewing.

Plaintiffs (and their counsel) are willing to confer in good faith to resolve genuine discovery disputes between the parties. It is now plain that this is not a genuine discovery dispute, but gamesmanship on Defendants' part. We have been put to the considerable burden of responding to clearly improper discovery requests for no good purpose, and now it appears you intend to prolong that gamesmanship by escalating it into motion practice. That is not a good use of our time or of the Court's time, and we will oppose that.

I have no idea whether this is your ordinary method of proceeding or whether this approach is driven by your clients. I am happy to confer by telephone if you think that would help, but if not, we would rather focus our attention on the ordinary course deposition discovery that is now well under way.

Very truly yours,

P/ Anthony Sammi

EXHIBIT 8

# Cooley

Michael G. Rhodes                                    Via Email (anthony.sammi@skadden.com)
+1 415 693 2181
rhodesmg@cooley.com

December 2, 2015

P. Anthony Sammi
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, New York 10036

Re:     ***ZeniMax Media Inc. et al. v. Oculus VR, LLC, et al.***, Case No. 14-cv-01849-P
        **Plaintiffs' Objections to Defendants' Rule 30(b)(6) Deposition Notices**

Dear Tony:

I write in response to your November 13, 2015 letter regarding Plaintiffs' objections to Defendants' Rule 30(b)(6) deposition notice.

Defendants are entitled to discovery on all matters that are relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).  Indeed, Plaintiffs do not appear to dispute the relevance of the vast majority of Defendants' noticed topics, but, nonetheless, are refusing to provide a witness for over 80% of the noticed topics without providing any potentially viable basis for the refusal.

It is, however, your burden to seek a protective order if you truly believe these topics are objectionable rather than simply refusing to produce a witness.  *See DDR Holdings, LLC v. Hotels.com, L.P.*, No. 2:06-CV-42, 2012 U.S. Dist. LEXIS 99797, *12 (E.D. Tex. July 18, 2012) (a party served with a 30(b)(6) notice may not refuse to offer a knowledgeable witness; instead, a party must "either (1) tender a witness; (2) confer with [opposing] counsel to discuss the scope of the deposition and resolve any disputes themselves; or (3) seek a Protective Order from the Court once a meet-and-confer between the parties did not resolve the dispute"); *see also New England Carpenters Health Benefits Fund v. First DataBank, Inc. 242 F.R.D. 164, 165-66* (D. Mass. 2007)("[A] party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order."); *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014) ("The corporation cannot make its objections and then provide a witness that will testify only within the scope of its objections.").

Accordingly, in an effort to resolve this dispute without seeking relief from the Court, we ask that you propose any narrowing or modification of the requested topics that you believe is necessary by December 4 so we can consider your proposal.  In doing so, please keep in mind that the objections you have raised do not preclude testimony on the requested topics.

First, your objection to topics on the basis that any applicable knowledge is in the hands of Plaintiffs' former employees is of no moment.   The fact that certain people are no longer employed by Plaintiffs does not relieve Plaintiffs of their obligation to prepare a representative to testify to these topics.  *See Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D.

# Cooley

P. Anthony Sammi
December 2, 2015
Page Two

524, 527-528   (D. Kan. 2006) (holding that a corporation's inability to identify corporate employees with personal knowledge is of no consequence to its obligation to produce a deponent who has been competently prepared to give complete, knowledgeable, and binding testimony).

Second, Plaintiffs' claim that they cannot produce a witness to testify about nearly one-third of Defendants' noticed topics because it would require review of documents and information produced by Defendants for outside counsel's eyes only also does not prevent testimony on these topics.  Even putting aside the fact that Plaintiffs' objection is facially inapplicable with respect to many topics, *see e.g., Plaintiffs' Response to Topic No. 66* (objecting to "identification of all portions of Alleged Trade Secret U that are publicly available" on the grounds that the topic would require review of Defendants' confidential discovery material), this objection does not warrant Plaintiffs' refusal to produce an individual to testify about "information known or reasonably available to Plaintiffs." Fed. R. Civ. P. 30(b)(6).

Third, Plaintiffs' reliance on the number of topics alone as a basis for their refusal to designate a witness is also misplaced.  Neither of the cases Plaintiffs cite support their contention that seeking deposition on 86 topics is prima facie overbroad.  In *Asevedo v. NBV Universal Media, LLC.*, CIV. A. 12-2005, 2013 WL 3155206, at *1 (E.D. La. June 19, 2013), the court quashed a 30(b)(6) notice not based on the number of topics identified in the notice but rather based on the location designated for the deposition.  Additionally, the court in *Gen. Foods Corp. v. Computer Election Sys., Inc.*, No. M8-85, 1980 WL 30300, at *1-*3 (S.D.N.Y. Mar. 7, 1980) concluded that a 30(b)(6) notice containing nearly twice as many topics as that noticed here was unduly burdensome as it was propounded on a non-party to the litigation.  In fact, courts routinely hold that the number of topics in a 30(b)(6) deposition notice is not determinative of whether the notice is overbroad.  *See Tamburri v. SunTrust Mortg.*, No. C-11-02899, 2013 U.S. Dist. LEXIS 53624, *6 (N.D. Cal. Apr. 15, 2013) (granting motion to compel 30(b)(6) deposition where notice listing 50 topics provided considerable specificity in topic descriptions and therefore was not unduly burdensome).  The topics in Defendants' 30(b)(6) notice are quite specific and are not unduly burdensome, despite their large number.  Plaintiffs' contention that nearly thirty of the topics are duplicative of one another likewise suggests that providing testimony on these topics will not be overly burdensome.

Finally, that a deposition topic is duplicative of a topic already covered in written discovery requests is not grounds for objection.  *See Soule v. RSC Equip. Rental, Inc.*, No. 11-2022, 2012 U.S. Dist. LEXIS 126520, *21-22, (E.D. La. Sept. 6, 2012) ("This Court is aware of no law to support the argument that simply stating that because a plaintiff has sought discovery through written requests, she is precluded from also seeking similar discovery through deposition testimony").

Alternatively, please provide dates in January or February for the depositions of the witnesses that will serve as the corporate representatives for ZeniMax Media Inc. and id Software LLC for all noticed topics by December 4.

# Cooley

P. Anthony Sammi
December 2, 2015
Page Three

Nothing in this letter waives any of Defendants' rights or remedies, all of which are expressly reserved.

Sincerely,

/s/ Michael Rhodes

Michael G. Rhodes

124179065

EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 3:14-01849-P |
| v. | ) ) ) | |
| OCULUS VR, LLC, PALMER LUCKEY, and FACEBOOK, INC. | ) ) ) | |
| Defendants. | ) ) | JURY TRIAL DEMANDED |

## FACEBOOK, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS (INTERROGATORIES NOS. 1-21)

Pursuant to Federal Rules of Civil Procedure 26 and 33, defendant Facebook, Inc. hereby requests that plaintiffs ZeniMax Media Inc. and id Software LLC respond to the following Interrogatories, separately and fully, under oath and in writing within thirty days after service of these Interrogatories.

## DEFINITIONS AND INSTRUCTIONS

1. The term "ZeniMax" shall mean and include plaintiff ZeniMax Media Inc., and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries (including but not limited to id Software LLC), or affiliates and all those persons acting on its behalf.

2. The term "id Software" shall mean and include plaintiff id Software LLC, and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all those persons acting on its behalf.

3. The term "Plaintiffs" shall mean "ZeniMax" and "id Software."

4.      The terms "you" and "your" shall refer to Plaintiffs.

5.      The term "Oculus VR" shall mean and include defendant Oculus VR, LLC, its corporate predecessor Oculus VR, Inc., and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all of those persons acting on its behalf.

6.      The term "Facebook" shall mean defendant Facebook, Inc.

7.      The term "Luckey" shall mean defendant Palmer Luckey.

8.      The term "Defendants" shall mean "Oculus VR," "Facebook" and "Luckey."

9.      The term "Complaint" shall mean the Amended Complaint Plaintiffs filed in the above-captioned matter on August 28, 2014.

10.     The term "concerning" shall mean relating to, referring to, describing, evidencing, constituting, or being in any other way relevant to the particular subject matter identified.

11.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

12.     The terms "person" and "persons" shall mean any natural person or any business, legal, or governmental entity or association.

13.     The term "related to" shall be understood to be synonymous with "concerning."

14.     The following rules of construction shall apply to all interrogatories as necessary to bring within the scope of discovery interrogatories all responses that might otherwise be construed to be outside of its scope:

2

a.    The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request, definition, or instruction more inclusive;

b.    The terms "any" and each" shall be construed to include and encompass "all";

c.    The term "including" means including but not limited to;

d.    Use of the word "the" shall not be construed as limiting the scope of any request;

e.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in context.

15.    The words "identify", "identifying", "identity" or "identification" shall mean and include:

a.    When used in reference to a document:

i.    to describe the date it was prepared or created, the identity of its author or originator, the type of document (e.g., letter, telegram, chart, photograph, sound recording, etc.), the identity of its recipient or addressee, its present location, the identity of its present custodian(s), and the Bates stamp number or other reference number, if such document has been produced in response to Defendants' First Request For Production of Documents and Things or in response to any subsequent Requests For Production of Documents and Things by Defendants, or in lieu of providing the requested information about the identity of the document, to

3

the extent that the document itself contains the requested information, you may attach the document to your answers; and

   ii.  if the document has been destroyed or is otherwise no longer in existence or cannot be found, the reason why such document no longer exists, the identity of the person(s) responsible for the destruction or loss of the document, and the identity of its last known custodian(s).

b.  When used in reference to a natural person:

   i.  state such person's name;

   ii.  state such person's present residential address and telephone number (or if not known or ascertainable, the last known address indicating that it is the last known address);

   iii.  state such person's present place of business and present business address and telephone number (or if not known or ascertainable, the last known place of business and business address indicating that it is the last known place of business and business address); and

   iv.  state such person's job title and employer (or if not known or ascertainable, the last known employer indicating that it is the last known employer).

c.  When used with reference to any person other than a natural person:

   i.  state its full name;

4

    ii.   state the address and telephone number of its principal place of business;

   iii.   state the jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation;

   iv.   identify all individuals who acted and/or who authorized another to act on its behalf in connection with the matters referred to;

    v.   in the case of a corporation, identify its directors and principal officers; and

   vi.   in the case of an entity other than a corporation, identify its partners, principals and all individuals who acted or who authorized another to act on its behalf in connection with the matters referred to.

   d.    When used with reference to a communication:

    i.   state whether the communication was written or oral;

    ii.   state the date of the communication;

   iii.   identify the parties to the communication;

   iv.   describe in as much detail as possible the substance of the communication; and

    v.   identify all documents which refer to, evidence, describe or constitute the communication.

16.    All interrogatories must be answered fully, completely and in writing, and signed by someone with authority to make binding judicial admissions on behalf of Plaintiffs.  In the event that any interrogatory cannot be answered fully after the exercise of reasonable diligence,

5

you shall furnish as complete an answer as you can, and shall explain in detail the reasons why you cannot give a full answer, including a statement as to what is needed in order that you may be in a position to answer the interrogatory fully.

17.   These interrogatories shall be deemed continuing so as to require prompt, further supplementation (without further request by Defendants or their attorneys) if you obtain additional information responsive to the request at any time prior to trial herein.

18.   If you withhold any information covered by these interrogatories under a claim of privilege (including attorney work-product), furnish a list specifying (a) the nature of the privilege claimed, and, if the privilege is being asserted in connection with state law, the state's privilege rule being invoked; (b) the identity of the person making the communication; (c) the identity of each person present while the communication was made; (d) the date and place of the communication; (e) the subject matter of the communication; and (f) the interrogatory to which the withheld information is responsive.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State all facts related to your allegation that "[t]he use of the ZeniMax Marks by Oculus and Luckey infringes ZeniMax's exclusive rights in its federally registered ZeniMax Marks and is likely to cause confusion and to cause the relevant public to mistakenly believe that Defendants' product and services emanate from, are authorized, endorsed, sponsored or licensed by, or connected or affiliated in some way with ZeniMax in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)" contained in paragraph 9 of your Complaint, including without limitation identifying each of the alleged "use[s] of the ZeniMax Marks by Oculus and Luckey," identifying the specific "products and services" referenced therein, and describing the basis of any alleged infringement.

6

**INTERROGATORY NO. 2:**

Identify each and every person who has participated in any research and development related to virtual reality conducted by or for you at any time.

**INTERROGATORY NO. 3:**

State all resources you have ever invested in any research and development related to virtual reality conducted by or for you at any time.

**INTERROGATORY NO. 4:**

Describe the "breakthrough modifications to the Rift prototype" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

**INTERROGATORY NO. 5:**

Describe the "additional ZeniMax VR Technology needed to develop the Rift" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

**INTERROGATORY NO. 6:**

Identify everything, including without limitation data, files and information, you allege Defendants downloaded from the "file transfer protocol site" referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014.

**INTERROGATORY NO. 7:**

Identify every person to whom you have disclosed the alleged trade secrets at issue in this action, including identifying the specific information disclosed to each person and the reasons for each such disclosure.

**INTERROGATORY NO. 8:**

State all facts related to your allegation that "[u]nder a binding Non-Disclosure Agreement, ZeniMax provided Palmer Luckey and Oculus VR, LLC with access to intellectual property developed by ZeniMax after years of research and investment" contained in paragraph 1 of your Complaint.

**INTERROGATORY NO. 9:**

State all facts related to your allegation that "Defendants have wrongfully taken that ZeniMax intellectual property and commercially exploited it for their own gain" contained in paragraph 1 of your Complaint.

**INTERROGATORY NO. 10:**

State all facts related to your allegation that "[f]or many years, ZeniMax invested tens of millions of dollars in research and development, including research into virtual reality and immersive technology" contained in paragraph 4 of your Complaint.

**INTERROGATORY NO. 11:**

State all facts related to your allegation that "Carmack and other ZeniMax personnel added numerous improvements to the prototype" contained in paragraph 6 of your Complaint.

**INTERROGATORY NO. 12:**

State all facts related to your allegation that "Oculus used ZeniMax's hardware and software technology to create a software development kit ('SDK') for the Rift and to develop, modify, and tune the Rift hardware . . . ZeniMax designed the specifications and functionality embodied in the Rift SDK, and directed its development" contained in paragraph 9 of your Complaint.

**INTERROGATORY NO. 13:**

State all facts related to your allegation that "Facebook improperly acquired access to ZeniMax Trade Secrets" contained in paragraph 125 of your Complaint.

**INTERROGATORY NO. 14:**

State all facts related to your allegation that "Facebook had knowledge that the Oculus products were derived from ZeniMax's Copyrighted Materials" contained in paragraph 139 of your Complaint.

**INTERROGATORY NO. 15:**

State all facts related to your allegation that "Oculus and Facebook interfered with ZeniMax's ability to return value to its shareholders for the time, money, and effort invested in

8

developing revolutionary virtual reality technology" contained in paragraph 168 of your Complaint.

**INTERROGATORY NO. 16:**

If your response to Defendants' Request for Admission number 1, served concurrently herewith, is anything other than an unqualified admission, explain the factual basis for your response to Request for Admission number 1.

**INTERROGATORY NO. 17:**

If your response to Defendants' Request for Admission number 4, served concurrently herewith, is anything other than an unqualified admission, explain the factual basis for your response to Request for Admission number 4.

**INTERROGATORY NO. 18:**

If your response to Defendants' Request for Admission number 6, served concurrently herewith, is anything other than an unqualified admission, explain the factual basis for your response to Request for Admission number 6.

**INTERROGATORY NO. 19:**

If your response to Defendants' Request for Admission number 7, served concurrently herewith, is anything other than an unqualified admission, explain the factual basis for your response to Request for Admission number 7.

**INTERROGATORY NO. 20:**

Describe all of the relief you seek in this action.

**INTERROGATORY NO. 21:**

Describe all of Plaintiffs' uses of the alleged trade secrets set forth in "Plaintiffs' Further Identification of Misappropriated Trade Secrets," filed with the Court on February 25, 2015, ECF document number 113-1.

/ / /

/ / /

9

Dated:  March 3, 2015

Respectfully submitted,

**FACEBOOK, INC.,**

By Its Attorneys,

E. Leon Carter
Texas Bar No. 03914300
lcarter@carterscholer.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterscholer.com
**CARTER SCHOLER**
Campbell Centre II
8150 N. Central Expressway, 5th Floor
Dallas, Texas 75206
T: 214.550.8188
F: 214.550.8185

Michael G. Rhodes (*pro hac vice*)
rhodesmg@cooley.com
**COOLEY LLP**
101 California Street, 5th Floor
San Francisco, California 94111
T: 415.693.2000
F: 415.693.2222

Heidi Keefe (*pro hac vice*)
hkeefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, California 94304
T: 650.843.5000
F: 650.849.7400

Stephen R. Smith (*pro hac vice*)
Stephen.smith@cooley.com
**COOLEY LLP**
1299 Pennsylvania Ave, NW, Suite 700
Washington, DC 20004
T: 202.842.2400
F: 202.842.7899

John A. Polito (*pro hac vice*)
john.polito@bingham.com
Lucy Wang (*pro hac vice*)
lucy.wang@bingham.com
**MORGAN, LEWIS & BOCKIUS LLP**
Three Embarcadero Center
San Francisco, California  94111-4067
T: 415.393.2000
F: 415.393.2286

Joshua M. Dalton (*pro hac vice*)
josh.dalton@bingham.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110-1726
T: 617.951.8000
F: 617.951.8736

10

## CERTIFICATE OF SERVICE

I, Matthew D. Caplan, hereby certify that I caused a true and correct copy of the foregoing Facebook, Inc.'s First Set of Interrogatories to Plaintiffs to be sent by e-mail delivery to counsel for Plaintiffs on March 3, 2015 at phillip.philbin@haynesboone.com, michael.karson@haynesboone.com, and dlpzenimax@skadden.com.

114214055

11

EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 3:14-01849-P |
| v. | ) ) | |
| OCULUS VR, INC. and PALMER LUCKEY, | ) ) ) | |
| Defendants. | ) ) | JURY TRIAL DEMANDED |

**DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFFS
(INTERROGATORIES NOS. 6-8)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, defendants Oculus VR, Inc. ("Oculus VR") and Palmer Luckey ("Luckey") (collectively, "Defendants") hereby request that plaintiffs ZeniMax Media Inc. ("ZeniMax") and id Software LLC ("id Software") (collectively, "Plaintiffs") respond to the following Interrogatories, separately and fully, under oath and in writing within thirty days after service of these Interrogatories.

**DEFINITIONS AND INSTRUCTIONS**

1.      The terms "ZeniMax," "Plaintiffs," "you," and "your" shall mean and include plaintiff ZeniMax Media Inc., and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries (including but not limited to id Software LLC), or affiliates and all those persons acting on its behalf.

2.      The term "id Software" shall mean and include plaintiff id Software LLC, and where applicable, its officers, directors, current and former employees, partners, corporate parent, subsidiaries, or affiliates and all those persons acting on its behalf.

3.      The terms "Oculus VR" shall mean and include defendant Oculus VR, Inc. and

Oculus VR, LLC, and where applicable, their respective officers, directors, current and former

employees, partners, corporate parent, subsidiaries, or affiliates and all of those persons acting on

their behalf.

4.      The term "Luckey" shall mean defendant Palmer Luckey.

5.      The term "Defendants" shall mean "Oculus VR" and "Luckey"

6.      The term "Complaint" shall mean the Complaint Plaintiffs filed in the above-

captioned matter on May 21, 2014.

7.      The term "Answer" shall mean the Answer Defendants filed in the above-

captioned matter on June 25, 2014.

8.      The term "HMD" shall mean head-mounted display.

9.      The term "Oculus DK1" shall mean the first development kit sold by Oculus VR,

including without limitation, all prototypes, successors, and components.

10.     The term "Oculus DK2" shall mean the second development kit sold by Oculus

VR, including without limitation, all prototypes, successors, and components.

11.     The term "Rift" shall mean the Oculus Rift HMD, including without limitation,

all prototypes, successors, and components, Oculus DK1, and Oculus DK2, whether or not

altered or modified.

12.     The term "SDK" shall mean the Oculus software development kit, including

without limitation, all versions of the Oculus software development kit, whether or not released

to Plaintiffs or any Third Parties.

13.     The term "ZeniMax Marks" shall mean United States Trademark Registrations

No. 2,050,083 for "DOOM"; No. 2,928,605 for "DOOM 3"; No. 2,303,100 for "DOOM II" and

2

design; No. 2,165,125 for "ID"; No. 3,923,244 for "RAGE"; No. 4,198,972 for "RAGE" and

design; No. 4,094,299 for "RAGE" and design; No. 3,972,050 for "RAGE" and design; No.

4,080,839 for "SKYRIM"; No. 4,097,150 for "SKYRIM"; and No. 4,280,859 for "SKYRIM" .

14. The term "communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

15. The term "concerning" shall mean relating to, referring to, describing, evidencing, constituting, or being in any other way relevant to the particular subject matter identified.

16. The term "document" is defined to be synonymous in meaning and equal is scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

17. The term "things" shall mean any tangible item, including, without limitation, models, prototypes, and samples of any composition, device, or apparatus.

18. The terms "person" and "persons" shall mean any natural person or any business, legal, or governmental entity or association.

19. The term "related to" shall be understood to be synonymous with "concerning."

20. The following rules of construction shall apply to all interrogatories as necessary to bring within the scope of discovery interrogatories all responses that might otherwise be construed to be outside of its scope:

      a. The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request, definition, or instruction more inclusive;

      b. The terms "any" and each" shall be construed to include and encompass "all";

3

    c.     The term "including" means including but not limited to;

    d.     Use of the word "the" shall not be construed as limiting the scope of any request;

    e.     The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other as are appropriate in context.

21.    The words "identify", "identifying", "identity" or "identification" shall mean and include:

    a.     When used in reference to a document:

        i.  to describe the date it was prepared or created, the identity of its author or originator, the type of document (e.g., letter, telegram, chart, photograph, sound recording, etc.), the identity of its recipient or addressee, its present location, the identity of its present custodian(s), and the Bates stamp number or other reference number, if such document has been produced in response to Defendants' First Request For Production of Documents and Things or in response to any subsequent Requests For Production of Documents and Things by Defendants, or in lieu of providing the requested information about the identity of the document, to the extent that the document itself contains the requested information, you may attach the document to your answers; and

       ii.  if the document has been destroyed or is otherwise no longer in existence or cannot be found, the reason why such document no longer exists, the identity of the person(s) responsible for the

4

destruction or loss of the document, and the identity of its last known custodian(s).

b.    When used in reference to a natural person:

    i.  state such person's name;

    ii.  state such person's present residential address and telephone number (or if not known or ascertainable, the last known address indicating that it is the last known address);

    iii.  state such person's present place of business and present business address and telephone number (or if not known or ascertainable, the last known place of business and business address indicating that it is the last known place of business and business address); and

    iv.  state such person's job title and employer (or if not known or ascertainable, the last known employer indicating that it is the last known employer).

c.    When used with reference to any person other than a natural person:

    i.  state its full name;

    ii.  state the address and telephone number of its principal place of business;

    iii.  state the jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation;

    iv.  identify all individuals who acted and/or who authorized another to act on its behalf in connection with the matters referred to;

5

      v.   in the case of a corporation, identify its directors and principal officers; and

      vi.   in the case of an entity other than a corporation, identify its partners, principals and all individuals who acted or who authorized another to act on its behalf in connection with the matters referred to.

d.     When used with reference to a communication:

      i.   state whether the communication was written or oral;

      ii.   state the date of the communication;

      iii.   identify the parties to the communication;

      iv.   describe in as much detail as possible the substance of the communication; and

      v.   identify all documents which refer to, evidence, describe or constitute the communication.

22.     All interrogatories must be answered fully, completely and in writing, and signed by someone with authority to make binding judicial admissions on behalf of Plaintiffs.  In the event that any interrogatory cannot be answered fully after the exercise of reasonable diligence, you shall furnish as complete an answer as you can, and shall explain in detail the reasons why you cannot give a full answer, including a statement as to what is needed in order that you may be in a position to answer the interrogatory fully.

23.     These interrogatories shall be deemed continuing so as to require prompt, further supplementation (without further request by Defendants or their attorneys) if you obtain additional information responsive to the request at any time prior to trial herein.

6

24.     If you withhold any information covered by these interrogatories under a claim of privilege (including attorney work-product), furnish a list specifying (a) the nature of the privilege claimed, and, if the privilege is being asserted in connection with state law, the state's privilege rule being invoked; (b) the identity of the person making the communication; (c) the identity of each person present while the communication was made; (d) the date and place of the communication; (e) the subject matter of the communication; and (f) the interrogatory to which the withheld information is responsive.

## INTERROGATORIES

**INTERROGATORY NO. 6:**

State the factual basis for any alleged conduct described in the Complaint as improper, including without limitation identifying all communications, documents and things you assert support the allegations that:

(a)     Oculus VR or Luckey misappropriated any trade secrets owned by you;

(b)     Oculus VR or Luckey infringed any copyrights owned by you;

(c)     Oculus VR or Luckey breached any contracts with you;

(d)     Oculus VR or Luckey unfairly competed with you; or

(e)     Oculus VR or Luckey infringed any ZeniMax Marks or otherwise violated the Lanham Act.

**INTERROGATORY NO. 7:**

Identify and describe all agreements between you on the one hand and Oculus VR or Luckey on the other, including without limitation (a) the date(s) said agreement(s) were reached, (b) the date(s) during which said agreement(s) were negotiated, (c) the individuals involved in negotiating said agreement(s), and (d) all documents evidencing said agreement(s) or negotiations.

7

**INTERROGATORY NO. 8:**

State the factual basis for any alleged harm or damages suffered by you from any of the conduct alleged in the Complaint, including without limitation the form and amount of damages to which you claim you are entitled, including business losses, if any, and the factual bases, documents, calculations, and legal theories supporting or concerning that contention; if such contention regarding damages includes a claim of entitlement to statutory damages under 17 U.S.C. § 504(c), identify each work for which you believe you are entitled to recover such damages.

8

Dated:  August 1, 2014

Respectfully submitted,

**OCULUS VR, INC. AND PALMER LUCKEY,**

By Their Attorneys,

/s/ Joshua M. Dalton

E. Leon Carter
Texas Bar No. 03914300
lcarter@carterscholer.com
Linda R. Stahl
Texas Bar No. 00798525
lstahl@carterscholer.com
**CARTER SCHOLER**
Campbell Centre II
8150 N. Central Expressway, 5th Floor
Dallas, Texas 75206
T: 214.550.8188
F: 214.550.8185

Geoffrey M. Howard (*pro hac vice*)
geoff.howard@bingham.com
John A. Polito (*pro hac vice*)
john.polito@bingham.com
Lucy Wang (*pro hac vice*)
lucy.wang@bingham.com
**BINGHAM MCCUTCHEN LLP**
Three Embarcadero Center
San Francisco, California  94111-4067
T: 415.393.2000
F: 415.393.2286

Joshua M. Dalton (*pro hac vice*)
josh.dalton@bingham.com
**BINGHAM MCCUTCHEN LLP**
One Federal Street
Boston, MA  02110-1726
T: 617.951.8000
F: 617.951.8736

9

**CERTIFICATE OF SERVICE**

I, Joshua M. Dalton, hereby certify that I caused a true and correct copy of the foregoing

Defendants' First Set of Interrogatories Plaintiffs to be sent by e-mail to counsel for Plaintiffs on

August 1, 2014 at phillip.philbin@haynesboone.com, michael.karson@haynesboone.com, and

dlpzenimax@skadden.com.

/s/ Joshua M. Dalton
Joshua M. Dalton

10