**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC<br><br>            Plaintiffs,<br><br>      v.<br><br>OCULUS VR, LLC, PALMER LUCKEY AND<br>FACEBOOK, INC.,<br><br>            Defendants. | Case No.:  3:14-cv-01849-P |

**<u>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE</u>**
**<u>ORDER LIMITING TOPICS IN DEFENDANTS' NOTICES OF RULE 30(B)(6)</u>**
**<u>DEPOSITIONS (ECF NO. 271)</u>**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1

FACTUAL BACKGROUND........................................................................................ 3

LEGAL STANDARD.................................................................................................. 5

ARGUMENT .............................................................................................................. 5

DEFENDANTS' 30(B)(6) TOPICS ARE NOT OVERLY BURDENSOME ............................ 6

    I.    The Number of Topics Does Not Serve as a Basis to Issue a Protective
Order ....................................................................................................... 6

    II.    Defendants Use of the Words "All" or "Any" Does Not Render the
Requests Overly Burdensome.................................................................. 7

DEFENDANTS ARE NOT SEEKING PRIVILEGED INFORMATION .................................. 8

THE DISCOVERY SOUGHT IS NOT UNREASONABLY DUPLICATIVE......................... 11

    I.    Plaintiffs Cannot Choose Which Discovery Device Defendants Can
Employ to Seek Discoverable Information............................................ 12

    II.    Plaintiffs Have Refused to Provide Information in Response to
Interrogatories Covering Similar Topics .............................................. 14

PLAINTIFFS' TESTIMONY REGARDING THE NOTICED TOPICS WOULD NOT
VIOLATE THE PROTECTIVE ORDER .................................................................... 15

CONCLUSION......................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AMP, Inc. v. Fujitsu Microelectronics, Inc.*,
    853 F. Supp. 808 (M.D. Pa. 1994) ......................................................................12

*Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.*,
    No. 90Civ. 7811 (KC), 1993 WL 34678 (S.D.N.Y. 1993) .....................................13

*Cipollone v. Liggett Grp., Inc.*,
    785 F.2d 1108 (3d Cir. 1986)..................................................................................5

*In re Enron Creditors' Recovery*,
    No. 01-16034 (AJG), 2007 WL 2680427 (Bankr. S.D.N.Y. Sept. 6, 2007)............11

*FDIC v. Hays*,
    No. CIVSA92CA653EP, 1998 WL 1782547 (W.D. Tex. 1998).............................12

*Heller v. City of Dallas*,
    303 F.R.D. 466 (N.D. Tex. 2014) .................................................................5, 8, 14

*Hoover v. Florida Hydro, Inc.*,
    No. 07-1100, 2008 WL 4467661 (E.D. La. 2008) .................................................12

*IBP, Inc. v. Mercantile Bank of Topeka*,
    179 F.R.D. 316 (D. Kan. 1998)..............................................................................14

*Liveperson, Inc. v. 24/7 Customer, Inc.*,
    No. 14 Civ. 1559(RWS), 2015 WL 4597546 (S.D.N.Y. July 29, 2015) .............9, 10

*JPMorgan Chase Bank ex rel. Mahonia Ltd. v. Liberty Mut. Ins. Co.*,
    209 F.R.D. 361 (S.D.N.Y. 2002) ...........................................................................11

*Malibu Consulting Corp. v. Funair Corp.*,
    No. SA-06-CA-0735 XR, 2007 WL 3995913 (W.D. Tex. Nov. 14, 2007)....................2, 9, 13

*Marker v. Union Fidelity Life Ins. Co.*,
    125 F.R.D. 121 (M.D.N.C. 1989) ..........................................................................13

*Nickell v. Flight Options, LLC*,
    No. 3-10-CV-1323-D, 2010 U.S. Dist. LEXIS 102330 (N.D. Tex. Sept. 27,
    2010) ......................................................................................................................13

*Radian Asset Assurance, Inc. v. College of the Christian Bros. of N.M.*,
    273 F.R.D. 689 (D.N.M. 2011)............................................................................7, 9

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Resolution Tr. Corp. v. Sands*,
  151 F.R.D. 616 (N.D. Tex. 1993) ............................................................................9

*Security Ins. Co. v. Trustmark Ins. Co.*,
  218 F.R.D. 29 (D. Conn. 2003)...............................................................................13

*Sprint Communications Co., L.P. v. Theglobe.com, Inc.*,
  236 F.R.D. 524 (D. Kan. 2006).................................................................................4

*Tamburri v. SunTrust Mortg. Inc.*,
  No. C-11-02899 JST (DMR), 2013 U.S. Dist. LEXIS 53624 (N.D. Cal. Apr.
  15, 2013) ................................................................................................................2, 6

*Trustees of Boston University v. Everlight Electronics Co., Ltd.*,
  No. 12–cv–11935–PBS, 2014 WL 5786492 (D. Mass. Sept. 24, 2014) ............9, 10

*Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*,
  No. 01 CIV. 3016(AGS)(HB), 2002 WL 1835439 (S.D.N.Y. Aug. 8, 2002) ...........1

*U.S. E.E.O.C. v. Caesars Entm't, Inc.*,
  237 F.R.D. 428 (D. Nev. 2006)..................................................................................9

*United States Equal Emp't Opportunity Comm'n v. Source One Staffing, Inc.*,
  No. 11 C 6754, 2013 U.S. Dist. LEXIS 361 (N.D. Ill. Jan. 2, 2013).......................11

*United States v. Halifax Hosp. Med. Ctr.*,
  No. 6:09-cv-1002-Orl-31TBS, 2012 U.S. Dist. LEXIS 114222 (M.D. Fla.
  Aug. 14, 2012) .........................................................................................................10

*United States v. J.M. Taylor*,
  166 F.R.D. 356 (M.D.N.C. 1996) .............................................................................11

*In re Vitamins Antitrust Litig.*,
  216 F.R.D. 168 (D.D.C. 2003)....................................................................................9

**Other Authorities**

Fed. R. Civ. P. 11 ...............................................................................................11, 15

Fed. R. Civ. P. 26.......................................................................................5, 9, 11, 12,

Fed. R. Civ. P. 30(b)(6)................................................................................... *passim*

iii.

# INTRODUCTION

On September 3, 2015, defendants Oculus VR, LLC ("Oculus"), Palmer Luckey, and Facebook, Inc. (collectively, "Defendants") served Rule 30(b)(6) deposition notices (the "Notices") on plaintiffs ZeniMax Media Inc. and id Software LLC (collectively, "Plaintiffs") including 86 specific and targeted topics for each plaintiff. Plaintiffs then sat on the Notices for over two months, refused to provide dates for their depositions, and eventually served objections to the Notices on November 6, 2015 in which Plaintiffs refused to provide witnesses for over 80% of the topics on which Defendants seek testimony. Defendants attempted to engage Plaintiffs in a meet and confer and expressly requested that Plaintiffs propose any narrowing or modification of the requested topics that Plaintiffs believed was necessary. Rather than engage in this discussion, Plaintiffs stood on their objections and filed this motion, seeking to prevent Defendants from obtaining relevant testimony as to 71 of the 86 noticed topics.

Defendants have "describe[d] with reasonable particularity the matters for examination," as required by the Federal Rules. Fed. R. Civ. P. 30(b)(6). Instead of producing witnesses to testify regarding these unquestionably relevant topics, Plaintiffs raised a series of baseless challenges regarding the specificity and number of topics in the Notices. In essence, Plaintiffs appear to be arguing that the topics in the Notice are both too broad and too specific, and, on that basis, are refusing to produce a witness to testify regarding the vast majority of the noticed topics. Defendants, however, are entitled to Plaintiffs' testimony on all of these topics. If granted, Plaintiffs' motion would deprive Defendants of any opportunity to obtain testimony regarding the basis for Plaintiffs' claims and would defeat the purpose of discovery: "[to] make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, No. 01 CIV. 3016(AGS)(HB), 2002 WL 1835439, at *4 (S.D.N.Y. Aug. 8, 2002).

1

None of Plaintiff's arguments should prevent Defendants from obtaining the testimony they seek.  First, Plaintiffs contend that the number of topics alone makes Defendants' Notices improper.  The number of topics in a deposition notice, however, is not grounds to issue a protective order.  Plaintiffs' Amended Complaint includes claims against three defendants, spans nearly 200 paragraphs, and includes eight causes of action.  *See* ECF No. 38.  Then, after filing the complaint, Plaintiffs filed a 130 page trade-secret disclosure containing 28 allegedly misappropriated trade secrets.  *See* ECF No. 113-1.  Defendants are entitled to test these broad allegations made by Plaintiffs, and the number of topics needed to do so does not *per se* render the Notices unreasonable.  *See Tamburri v. SunTrust Mortg. Inc.*, No. C-11-02899 JST (DMR), 2013 U.S. Dist. LEXIS 53624, *6 (N.D. Cal. Apr. 15, 2013).

Second, Plaintiffs are incorrect in claiming that the contention form of certain topics is impermissible.  An organization, like an individual party, must testify concerning its contentions and the factual bases for its assertions in litigation.  Potential overlap between interrogatory responses and deposition topics does not render either form of discovery improper; rather, a party may test interrogatory answers through deposition discovery.  Moreover, Defendants are not seeking privileged information through these types of topics; Plaintiffs must explain the factual bases for their allegations and claims.  *See Malibu Consulting Corp. v. Funair Corp.*, No. SA-06-CA-0735 XR, 2007 WL 3995913, at *1 (W.D. Tex. Nov. 14, 2007).

Finally, Plaintiffs are wrong that providing testimony on the noticed topics means that Plaintiffs must violate either the Protective Order or Rule 30(b)(6).  In providing testimony on the noticed topics, Plaintiffs' representative(s) need not testify about or access Defendants' confidential or proprietary information as Rule 30(b)(6) requires testimony only about "information known or reasonably available to" ***Plaintiffs***, which should not include Defendants'

confidential information.  *See* Fed. R. Civ. P. 30(b)(6).

Accordingly, Defendants respectfully request the Court deny Plaintiffs' motion because they have not met their burden to show that they should be relieved of their obligation to produce witnesses to testify regarding the topics included in the Notices.

## FACTUAL BACKGROUND

Plaintiffs have brought eight separate and distinct claims against three Defendants, including breach of contract, copyright infringement, trade secret misappropriation (as to 28 supposed trade secrets), trademark infringement, tortious interference with contract, and unjust enrichment.  Defendants have produced over one million pages of documents and many terabytes of source code in discovery, and will make over twenty fact witnesses employed by Defendants available for deposition.

Despite this, Plaintiffs have resisted even the most basic discovery regarding their claims. *See, e.g.,* ECF Nos. 182, 225, 284.  After Defendants filed a series of motions to compel related to Plaintiffs' written discovery responses, Defendants issued two nearly identical deposition notices, one to each plaintiff, on September 3, 2015.  Defendants issued the two notices because Plaintiffs have failed to differentiate between themselves in the operative Complaint and in discovery responses, and Defendants are entitled to learn what each plaintiff knows and does not know about the topics included in the Notices.  *See generally* ECF No. 38 (Plaintiffs define "ZeniMax" as "Plaintiffs ZeniMax Media Inc. and id Software LLC").

In response to the Notices, Plaintiffs continued to obstruct discovery.  On September 8, 2015, Plaintiffs stated that the notices were overbroad but declined to specify any reasoning. Plaintiffs' Appendix (ECF No. 273-1) ("Pls.' App."), Ex. 3.  Defendants then, on September 9, 2015, requested Plaintiffs provide the authority they were relying on to support their position. *Id.*, Ex. 4.  Defendants received no substantive response for two months, until Plaintiffs finally

served objections and responses to the Notices on November 6, 2015. *Id.*, Ex. 5. In Plaintiffs' response, they refused to offer a witness on 71 of the 86 topics, including on topics as basic as Plaintiffs' alleged "research and development related to virtual reality" and their "factual basis for each instance of alleged trade secret misappropriation by Defendants." *Id.* at 43, 48-49. On November 11, 2015, Defendants sought to avoid further delay and asked Plaintiffs to clarify whether they would make available for deposition any Rule 30(b)(6) witnesses to testify on the topics to which Plaintiffs objected. *Id.*, Ex. 6. In response, on November 13, 2015, Plaintiffs claimed that Defendants' Notices "were improper on their face for the numerous reasons set forth in the detailed written responses and objections," and sought to shift their burden on Defendants by demanding a narrowing of the properly posed topics. *Id.*, Ex. 7. On December 2, 2015, Defendants reminded Plaintiffs that it is improper to simply refuse to produce a witness, and that it is Plaintiffs' burden to show the grounds for a protective order. *Id.*, Ex. 8. Defendants further requested that Plaintiffs propose a narrowing or modification of the requested topics, and committed to "consider [their] proposal." *Id.* at 123. Plaintiffs ignored Defendants' offer and, instead, filed this motion.[1]

---

[1] In any event, Plaintiffs' objections to Defendants' 30(b)(6) topics are not well-taken. For example, Plaintiffs object that numerous topics are "unrestricted as to time" and aver that "information from before January 1, 2011 is not relevant to any claim or defense of any party to this litigation." (*See, e.g.*, Pls.' App., Ex. 5 at 43-44.) Plaintiffs, however, have alleged that "[f]or years, ***dating back to the 1990s***, ZeniMax and its affiliates had conducted research into virtual reality technology and headsets . . . ." (Amended Complaint (ECF No. 38), ¶ 26.) Having made this allegation, Plaintiffs must proffer a witness to support it.

Moreover, Plaintiffs have now apparently abandoned many of the objections raised in their response to the Notices as they have not raised them in this motion, likely because, as explained in Defendants' December 2 letter, they have no merit. *See* Pls.' App., Ex. 8; *compare* Pls.' App., Ex. 5 *with* ECF No. 272. For example, Plaintiffs initially objected that relevant knowledge was in the hands of former employees, but Plaintiffs have not included that objection as part of their motion because the fact that certain people are no longer employed by Plaintiffs does not relieve Plaintiffs of their obligation to prepare a representative to testify to these topics. *See Sprint*

## LEGAL STANDARD

A party seeking to depose an entity "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Once the deposing party serves a deposition notice including topics for examination, the "named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf …. about information known or reasonably available to the organization." *Id.*

If the entity believes any of the topics included in a deposition notice are not subject to discovery, the entity bears the burden of demonstrating that the topic is objectionable. *See Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (noting that a party resisting discovery has the burden of demonstrating that the request is overly broad, unduly burdensome, oppressive, vague or ambiguous, or privileged). To avoid producing a witness to testify regarding any given topic, a party may seek a protective order under Rule 26(c). The party seeking to block discovery must demonstrate there is good cause to issue the protective order. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). In order to demonstrate good cause, the party seeking the order must point to specific facts that support the request, and cannot rely on "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id.*; *see also Heller*, 303 F.R.D. at 490.

Plaintiffs have not met their burden.

## ARGUMENT

As Plaintiffs concede, "parties may obtain discovery regarding 'any nonprivileged matter that is relevant to any party's claim or defense.' Fed. R. Civ. P. 26(b)(a)." Motion at 6. Plaintiffs, however, do not argue that any of the topics included in the Notices are irrelevant.

The noticed topics go to the heart of relevant information in this case, and Defendants are

---

*Communications Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527-528 (D. Kan. 2006).

merely asking Plaintiffs to provide the *plaintiff entities' knowledge* on these topics. Tellingly, rather than addressing the specific areas of inquiry included in the Notices, Plaintiffs make unsubstantiated generalizations about the scope and breadth of the topics. A closer analysis, however, reveals that Plaintiffs objections have no merit.

## DEFENDANTS' 30(B)(6) TOPICS ARE NOT OVERLY BURDENSOME

## I.   THE NUMBER OF TOPICS DOES NOT SERVE AS A BASIS TO ISSUE A PROTECTIVE ORDER

While Plaintiffs complain about the number of topics included in the Notices, the number of topics does not render the Notices defective. *See Tamburri*, 2013 U.S. Dist. LEXIS 53624 at *6 (rejecting the argument that the number of topics rendered a 30(b)(6) deposition overly burdensome where notice listing 50 topics provided considerable specificity in topic descriptions). Contrary to Plaintiffs' assertions, the number of topics included in the Notices reflects the breadth of Plaintiffs' allegations and the claims at issue in Plaintiffs' Amended Complaint that numbers nearly 200 paragraphs. Defendants have endeavored to describe each topic with sufficient particularity to avoid confusion as to what information Defendants seek, not to burden Plaintiffs.

For example, topics 1-6 focus solely on Plaintiffs' research and work in virtual reality, with each topic specifying a particular focus, such as public statements, employee resources, and business plans. Topics 50-61 all relate to Plaintiffs' development and disclosure of the alleged trade secrets they have identified. Topics 77-83 relate to Plaintiffs' efforts to guard the secrecy of the alleged trade secrets, with each topic specifying either a particular entity with which Plaintiffs may have communicated about such trade secrets or specifying a particular trade secret.

Defendants, of course, could have consolidated these multiple requests into a single

topic—e.g., "Plaintiffs' alleged trade secrets"—rather than explicitly informing Plaintiffs of the information sought. But Defendants provided the more specific categories in order to avoid surprises or obfuscation at the depositions.[2] The Court should not hold Defendants' efforts to provide precision and specificity against them.

## II.   DEFENDANTS USE OF THE WORDS "ALL" OR "ANY" DOES NOT RENDER THE REQUESTS OVERLY BURDENSOME

Despite the level of detail provided in the Notices, Plaintiffs incorrectly contend that prefacing a topic with the words "all" or "any" makes the topics *per se* overbroad. There is no rule barring the use of the words any or all in a deposition notice. *See, e.g., Radian Asset Assurance, Inc. v. College of the Christian Bros. of N.M.*, 273 F.R.D. 689, 690 (D.N.M. 2011). Moreover, Rule 30(b)(6) provides the limit for the scope of testimony even when words like any or all are used: the "persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Accordingly, the topics in the Notices should be construed as requiring Plaintiffs to provide all of their reasonably available knowledge on the topics, not all knowledge conceivably available to the world at large (which is apparently how Plaintiffs have chosen to construe the topics for the purpose of this motion).

Further, Defendants' topics using the words any or all are constrained by the specificity of the topics in which these words are included. For example, topic 6 is "All plans, market research, competitor analyses, or any other evidence of your plans to monetize or use your virtual reality research and development." Pls.' App. at 47-78. Topic 23 is "All inventions disclosed by Carmack to you pursuant to his employment agreement." Pls.' App. at 61. Topic 26 is "All

---

[2] This approach is in stark contrast to Plaintiffs, who included broad and unwieldy topics in their deposition notices to Defendants, such as "Facebook's Answer, including the Factual Assertions and Contentions, and Affirmative Defenses asserted in those pleadings." (Plaintiffs' topic number 21 to Facebook.) A true and correct copy of which is attached hereto as Ex. A.

communications between you and Carmack about Oculus or Luckey." Pls.' App. at 63. None of these topics are overly broad despite their use of the word "all." The topics are directed at very specifics plans, actions or communications Plaintiffs claim exist or events that Plaintiffs claim happened. These topics are designed to discover the factual underpinnings for Plaintiffs' allegations.

It is Plaintiffs' burden to demonstrate these topics are actually "overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Heller*, 303 F.R.D. at 490 (citations omitted). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Id*. Thus, as they have not done so, the motion should be denied.

## DEFENDANTS ARE NOT SEEKING PRIVILEGED INFORMATION

Plaintiffs' contention that Defendants' topics necessarily intrude upon attorney-client privilege or work product is misplaced. Notably, Plaintiffs do not contend that any topic seeks information that is inherently covered by attorney-client privilege. It is only by virtue of Plaintiffs' strained interpretation of Defendants' topics—done in an apparent attempt to preclude any discovery on such topics—that any of Plaintiffs' counsel's work product might be implicated. Rather, the information sought relates to non-privileged *facts* known by Plaintiffs underlying the claims asserted by Plaintiffs in this case, including identification of Plaintiffs' alleged trade secrets, their disclosure to Defendants, their use (both in the public and private sphere), and their value. Because this type of factual information is non-privileged, it is properly sought under Rule 30(b)(6), which provides that "[t]he persons designated must testify about information known or reasonably available to the organization" – not the work product of counsel. *See* Fed. R. Civ. P. 30(b)(6).

Accordingly, courts routinely overrule these types of objections when asserted in an attempt to avoid a 30(b)(6) deposition. In doing so, Courts emphasize that parties may frame

Rule 30(b)(6) topics as contentions without seeking privileged information, just like parties can propound contention interrogatories, and receive other disclosures required under the Federal Rules. *Malibu Consulting Corp.*, 2007 WL 3995913 at *1 (rejecting plaintiff's argument that using a 30(b)(6) deposition to inquire into the facts underlying plaintiffs' legal claims was impermissible); *see also Radian Asset*, 273 F.R.D. at 692 (same); *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 171–74 (D.D.C. 2003) (same); *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 434 (D. Nev. 2006) (same). These courts have reasoned that nothing in Rule 30(b)(6) limits the scope of discovery beyond that articulated in Rule 26(b)(1). *See Caesars Entm't, Inc.*, 237 F.R.D. at 434 ("This court cannot discern how the same factual information can be protected by the attorney-client privilege and as attorney work product when elicited in oral deposition questions, but fully discoverable within the context of a written interrogatory."). Furthermore, the fact that there could conceivably be information encompassed by a deposition topic that would be protected by the attorney-client privilege or work product provides no basis for a party to avoid deposition on that topic in its entirety. Instead, in the event that a privileged matter arises in deposition, Plaintiffs are free to object in accordance with typical deposition procedure. *See Resolution Tr. Corp. v. Sands*, 151 F.R.D. 616, 620 (N.D. Tex. 1993) (affirming magistrate's denial of motion to quash 30(b)(6) deposition, reasoning that plaintiff was free to make privilege objections during deposition should the deposition touch on privileged matters).

Plaintiffs' authority does not warrant a different result. Neither *Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14 Civ. 1559(RWS), 2015 WL 4597546 (S.D.N.Y. July 29, 2015) nor *Trustees of Boston University v. Everlight Electronics Co., Ltd.* ("*Trustees*"), No. 12–cv–11935–PBS, 2014 WL 5786492 (D. Mass. Sept. 24, 2014) disturb the requirement of Rule 30(b)(6) that a corporate representative "must testify about information known or reasonably available to the

organization." *See* Fed. R. Civ. P. 30(b)(6).  Plaintiffs, accordingly, must make available a witness to testify regarding any such non-privileged information.

The posture of *Trustees* confirms this approach, as made clear in the defendant's briefing in that case. *See Trustees*, No. 12–cv–11935–PBS, 2014 WL 5786492 (Dkt. No. 752 at 4).  In *Trustees*, the designating party "objected to [topics at issue in the plaintiff's motion to compel] and other topics as too broad, ***but did prepare witnesses for subsets of those topics it told [the plaintiff] about before the depositions***." *Id*.  The plaintiff "did not suggest it needed testimony on any other subsets," and, instead, "took the depositions" – where the witnesses "testified at length." *Id*.; *see also id*. at Dkt No. 752 at 6 (for each topic objected to on overbreadth, the defendant "agreed to provide a witness on a subset of the topic for which it could reasonably prepare a witness").  Indeed, on the very topic in *Trustees* which Plaintiffs here label an "improper contention topic,"[3] the defendant in *Trustees* did not object outright (as Plaintiffs did here), but rather agreed to "provide a witness on the structure of the ACCUSED INSTRUMENTALITIES relevant to this lawsuit" and noted that this testimony did encompass the propounded topic. *Id*. at 18-19.  It was only *after* the defendant proffered this testimony that the plaintiff moved to compel.  That situation is a far cry from Plaintiffs' tactics here, where Plaintiffs outright objected to 71 of the 86 topics that Defendants propounded.[4]

---

[3] *See* Plaintiffs' Memorandum (ECF No. 272) ("Motion") at 11 (quoting *Trustees* topic No. 29 ("[a]ll facts supporting EPISTAR's non-infringement defenses and EPISTAR's contention that the ACCUSED INSTRUMENTALITIES do not infringe the '738 patent").)

[4] Plaintiffs' other case law is similarly inapt.  In *Liveperson, Inc.*, 2015 WL 4597546, at *7, the court refused to compel a deposition on certain topics primarily because of the early stage of the litigation.

In other cases where the courts issued protective orders, the deposing party specifically sought privileged or work-product information.  *See United States v. Halifax Hosp. Med. Ctr.*, No. 6:09-cv-1002-Orl-31TBS, 2012 U.S. Dist. LEXIS 114222, at *12 (M.D. Fla. Aug. 14, 2012) (barring Rule 30(b)(6) testimony regarding "how [the entity] makes legal determinations; the

Finally, Defendants note that Plaintiffs' bizarre statement that "many of the facts supporting Plaintiffs' claims in this case are available only to counsel" strains credibility. Motion at 13.  Surely, Plaintiffs themselves must have had a factual basis for their claims when they initially filed this lawsuit.  *See* Fed. R. Civ. P. 11.  A party cannot avoid deposition by claiming that only their attorney is aware of the facts supporting their claims. *United States v. J.M. Taylor*, 166 F.R.D. 356, 361–62 (M.D.N.C. 1996).

## THE DISCOVERY SOUGHT IS NOT UNREASONABLY DUPLICATIVE

Plaintiffs also argue that they should not have to sit for deposition on the noticed topics because they are duplicative of other discovery provided in this case.  This is irrelevant.  Parties are free to ask questions at deposition about other discovery responses, including to test their veracity and the depth of the response. Rule 26 provides that courts may limit discovery when it is *unreasonably* duplicative.  The deposition discovery sought by Defendants is not unreasonably duplicative of other discovery conducted so far.  Corporate depositions are not unreasonably

---

'identification and factual explanation' of 'laws, regulations, polices and guidance' on issues of law. . ."); *United States Equal Emp't Opportunity Comm'n v. Source One Staffing, Inc.*, No. 11 C 6754, 2013 U.S. Dist. LEXIS 361, at *18 (N.D. Ill. Jan. 2, 2013) (granting a protective order not because of the language that Plaintiffs highlight – "supporting or rebutting claims" – but because "it is not clear that [defendant] seeks anything else [other than privileged material] at this point in time."); *JPMorgan Chase Bank ex rel. Mahonia Ltd. v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 363 (S.D.N.Y. 2002) (preventing deposition testimony on topics that sought information about defendant's legal investigation conducted after a cause of action arose because the testimony would be both privileged and irrelevant).

Likewise, in *In re Enron Creditors' Recovery*, No. 01-16034 (AJG), 2007 WL 2680427, at *3 (Bankr. S.D.N.Y. Sept. 6, 2007), the court found that "[t]o the extent that [the deposing party] is seeking factual information relating to the claims in the litigation, the use of a Rule 30(b)(6) deposition is wholly appropriate and there would be no need for [the party] to serve contention interrogatories to discover the facts underlying the [] legal contentions," but did not permit deposition discovery that went "beyond the scope of mere factual information" including "conclusions, opinions, and legal theory."  In contrast here, Defendants' topics do not expressly seek privileged or work-product information.

duplicative of interrogatories, even when questioning the same subject matter.[5]  Moreover, as Plaintiffs have refused to provide complete answers to previously propounded interrogatories, deposition discovery on similar topics is necessary to fully discover the facts relevant to this case in Plaintiffs' possession, custody or control.

## I.  PLAINTIFFS CANNOT CHOOSE WHICH DISCOVERY DEVICE DEFENDANTS CAN EMPLOY TO SEEK DISCOVERABLE INFORMATION

Plaintiffs' contention that Defendants may not use a Rule 30(b)(6) deposition to discover information similar to what they have already requested in interrogatories is misplaced.  Rule 26(b) provides that parties may obtain discovery using their choice of a number of discovery methods, and Rule 26(d) allows those methods of discovery to be used in any sequence.  *See Hoover v. Florida Hydro, Inc.*, No. 07-1100, 2008 WL 4467661, at *5 (E.D. La. 2008) (stating that "[a] party is free to utilize the discovery method it deems appropriate").  In appearing for a deposition, an organization, just as any individual party, is required to testify concerning its contentions and the factual bases for its assertions.  *See e.g., AMP, Inc. v. Fujitsu Microelectronics, Inc.*, 853 F. Supp. 808, 831 (M.D. Pa. 1994) (compelling a corporate defendant to produce a 30(b)(6) witness to answer questions regarding the contentions and affirmative defenses detailed in defendants' answer and counterclaim).

Regardless of Plaintiffs' preferences, it is clear that contention interrogatories are not duplicative of a 30(b)(6) deposition because they do not serve the same purpose.  *See, e.g., FDIC*

---

[5]  Indeed, Plaintiffs have essentially conceded that this practice is appropriate by serving overlapping discovery requests themselves.  (*Compare* Plaintiffs' 30(b)(6) Topic No. 30 to Oculus VR, LLC ("Oculus's initial and first amended Answers, including the Factual Assertions and Contentions, and Affirmative Defenses asserted in those pleadings.") *with* Plaintiffs' Interrogatory No. 1 ("State the factual basis for Defendants' Second Affirmative Defense (set forth on pp. 25-28 of the Answer), including but not limited to identifying all documents that you assert support that Affirmative Defense.").  A true and correct copy of Plaintiff's notice of Oculus's deposition is attached hereto as Ex. B.

*v. Hays*, No. CIVSA92CA653EP, 1998 WL 1782547, at *2 (W.D. Tex. 1998) (reasoning that a 30(b)(6) deposition was not duplicative of interrogatories on the same topic because "neither an interrogatory response nor a report from a third-party expert binds or limits the party/corporation in the same manner as 30(b)(6) deposition testimony."); *see also Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989) ("[n]othing in the Federal Rules of Civil Procedure gives a party the right to not respond or inadequately respond to a Rule 30(b)(6) deposition notice or subpoena request and elect to supply the answers in a written response to an interrogatory."); *Security Ins. Co. v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003) ("It is of no consequence that contention interrogatories may be the more appropriate route to obtain the information as nothing precludes a deposition either in lieu of or in conjunction with such interrogatories.").

In fact, parties routinely use 30(b)(6) depositions to elucidate interrogatory answers and to discover the underlying facts—a strategy that has been repeatedly endorsed by courts of this district. *Nickell v. Flight Options, LLC*, No. 3-10-CV-1323-D, 2010 U.S. Dist. LEXIS 102330, *8 (N.D. Tex. Sept. 27, 2010) (noting that a more detailed explanation of plaintiff's interrogatory responses may be appropriately obtained through a 30(b)(6) deposition); *see also Malibu Consulting Corp.*, 2007 WL 3995913, at *1 (rejecting argument that topics should be limited because "the information sought is more properly obtained through contention interrogatories" and ordering 30(b)(6) deposition); *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co.,* No. 90Civ. 7811 (KC), 1993 WL 34678, at *3 (S.D.N.Y. 1993) (holding that a 30(b)(6) deposition is the appropriate tool to discover the facts underlying contention interrogatories).[6]

---

[6] Plaintiffs' own 30(b)(6) notice, which requests a witness regarding "Oculus's responses to Plaintiffs' interrogatories 1, 2, 3, 4, 5, 6, 7, 8, 9, and 11," directly contradicts their position that certain areas of inquiry should only be discoverable through interrogatories. *See* Ex. B.

Additionally, despite Plaintiffs' assertion that deposition topics seeking contention discovery are impermissible, courts in this district have suggested just the opposition. *See Heller*, 303 F.R.D. at 493 (noting that other courts have held that information sought via contention interrogatories is more appropriately discovered through a 30(b)(6) deposition) (citing *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998)).

Moreover, many of the topics that Plaintiffs have lumped together as improperly seeking "contention discovery" seek facts that are central to Defendants' ability to understand the nature of Plaintiffs' claims. They include: "Oculus or Luckey products or services that you allege improperly use your trademarks or trade dress" (number 42 (Pls.' App at 77)), "the basis of the unfair competition claim alleged in Count 5 of your complaint" (number 39 (Pls.' App at 75)), and "the 'additional Zenimax VR Technology needed to develop the Rift' referenced in your response to Defendants' sixth interrogatory, dated August 29, 2014" (number 18 (Pls.' App at 57)). Because those facts are central to Plaintiffs' claims, the motion should be denied.

## II. PLAINTIFFS HAVE REFUSED TO PROVIDE INFORMATION IN RESPONSE TO INTERROGATORIES COVERING SIMILAR TOPICS

Plaintiffs' interrogatory responses, or lack thereof, do not prevent Defendants from deposing Plaintiffs on the noticed topics. Moreover, although Plaintiffs insist that interrogatories are the "more convenient and appropriate" mechanism to obtain discoverable information, Plaintiffs have repeatedly refused to provide such information via interrogatories. Instead, Plaintiffs have objected to each one of Defendants' interrogatories, which touch on issues at the heart of Plaintiffs claims—Plaintiffs' virtual-reality research, use of Plaintiffs' alleged "trade secrets," Plaintiffs' licensing practices, Plaintiffs' sharing of supposedly confidential information, Defendants' alleged use of Plaintiffs' copyrights and trademarks, and Plaintiffs' purported damages. Plaintiffs' vague assertion that they will "appropriately supplement their

14

interrogatory responses in accordance with the Rules as discovery proceeds" (Motion at 6) is not grounds to withhold testimony on properly-noticed Rule 30(b)(6) topics. Plaintiffs' interrogatory responses do not excuse them from sitting for a Rule 30(b)(6) deposition, and the Motion should, accordingly, be denied.

## PLAINTIFFS' TESTIMONY REGARDING THE NOTICED TOPICS WOULD NOT VIOLATE THE PROTECTIVE ORDER

In a further attempt to avoid providing the factual predicate for their claims, Plaintiffs assert that they are in a "Catch-22" position with respect to a deponent's need to review Defendants' confidential documents before being deposed. This is not true. A corporate representative need not testify about or have access to Defendants' confidential and proprietary information, as they are only required to testify regarding "information known or reasonably available to" Plaintiffs, which should not include Defendants' confidential information. Fed. R. Civ. P. 30(b)(6). Further, Plaintiffs should have had a factual basis for their claims at the time they filed their complaint—*before they had access to any of Defendants' discovery materials*. If Plaintiffs' stance here is true—that they need to review Defendants' confidential information in order to determine the factual basis for the claims asserted in their complaint—the Court should take that as an admission that they had no such basis at the time they filed the Complaint. *See, e.g.,* Fed. R. Civ. P. 11. The purpose of a Rule 30(b)(6) deposition is to ascertain what is and was actually known by Plaintiffs, not information their counsel may have subsequently learned through litigation. Defendants' Notices are proper and the Motion should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs Motion for a Protective Order, and require Plaintiffs' to produce a corporate representative for all noticed topics.

Date:  December 30, 2015

Respectfully submitted,


/s/ Heidi L. Keefe

Michael G. Rhodes (*pro hac vice*)
mrhodes@cooley.com
**COOLEY LLP**
101 California St., 5th Floor
San Francisco, California  94111
Phone:  (415) 693-2000

Heidi L. Keefe (*pro hac vice*)
hleefe@cooley.com
Mark R. Weinstein (*pro hac vice*)
mweinstein@cooley.com
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304
Phone:  (650) 843-5000

Richard A. Smith
Texas Bar No. 24027990
richard@rsmithpc.com
**RICHARD SMITH PC**
Campbell Centre I
8350 N. Central Expressway
Suite 1111
Dallas, Texas  75206
Phone:  (214) 242-6484

Elizabeth Y. Ryan
Texas Bar No. 24067758
eryan@lynnllp.com
**LYNN TILLOTSON PINKER & COX LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Phone: (214) 981-3800
Fax: (214) 981-3839

## CERTIFICATE OF SERVICE

On December 30, 2015, I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  I hereby certify that I have served all counsel who are deemed to have consented to electronic service or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Heidi L. Keefe*
Heidi L. Keefe