# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

## PLAINTIFFS' RULE 30(B)(6) DEPOSITION NOTICE TO FACEBOOK, INC.

PLEASE TAKE NOTICE that, pursuant to Rule 36(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs ZeniMax Media Inc. and id Software LLC will take the deposition upon oral examination under oath of Facebook, Inc. ("Facebook") concerning the topics listed below, commencing on a date mutually agreeable and continuing thereafter day to day until completed, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 525 University Avenue, Palo Alto, California 94301. Facebook will be examined through one or more of its officers, directors, managing agents, or other person(s) designated by Facebook to testify on its behalf, having the most knowledge with respect to the subjects specified herein.

The deposition will be recorded by stenographic and videographic means and taken before a Notary Public or other officer authorized by law to administer oaths.

### DEFINITIONS AND INSTRUCTIONS

As relevant here, Plaintiffs hereby incorporate all Definitions and Instructions from ZeniMax Media Inc. and id Software LLC's First Set of Requests for Production and Inspection

to Oculus VR, Inc. and Palmer Luckey, served on Defendants Oculus VR, Inc. and Palmer

Luckey on July 9, 2014 and on Defendant Facebook, Inc. on September 3, 2014; ZeniMax Media

Inc. and id Software LLC's Second Set of Requests for Production to Defendants, served

September 17, 2014; ZeniMax Media Inc. and id Software LLC's Third Set of Requests for

Production to Defendants, served April 23, 2015; and ZeniMax Media Inc. and id Software

LLC's Fourth Set of Requests for Inspection and Production to Defendants, served August 14,

2015.

## TOPICS

1.      Facebook's knowledge, awareness, and understanding – prior to its acquisition of

Defendant Oculus VR, LLC ("Oculus") – of the Non-Disclosure Agreement executed by

Defendant Palmer Luckey ("Luckey") with Plaintiffs, and of Plaintiffs' allegations against

Luckey and Oculus;

2.      Facebook's decision to acquire Oculus;

3.      Facebook's $2 billion valuation of Oculus as an enterprise and/or valuation of the

Oculus Rift headset and related technology;

4.      Facebook's development plans and financial projections for the various versions

of the Rift headset, whether finalized or in development, including Development Kit 1,

Development Kit 2, and the consumer version;

5.      Any funds placed in escrow as part of the Facebook-Oculus Merger, including

Facebook's decision to negotiate for escrow funds, and the negotiation, basis, amount,

justification, and status of the escrow funds;

6.      Facebook's actual and contemplated payments to the members or shareholders of

Oculus, or any other individual, as compensation or consideration in connection with the

2

Facebook-Oculus Merger, including the basis and reason for such payments; the identity of the recipient or contemplated recipient; and the amount paid or contemplated to be paid;

7.      Facebook's ability to direct and control Oculus with respect to use of third-party materials or third-party intellectual property and with respect to hiring or retaining employees;

8.      Facebook's instructions to or discussions with press, press agents, reporters, and other media outlets regarding any of the following: the formation of Oculus, the interaction between Defendants and Plaintiffs, Plaintiffs' asserted claims, this Action, John Carmack, virtual reality, or the Oculus Rift headset;

9.      Facebook's public comments, and its internal instructions to employees about making public comments, regarding any of the following: the formation of Oculus, the interaction between Defendants and Plaintiffs, Plaintiffs' asserted claims, this Action, John Carmack, virtual reality, or the Oculus Rift headset;

10.      Facebook's decision to hire and/or its strategy for retaining Plaintiffs' Former Employees, including John Carmack, after the Facebook-Oculus Merger;

11.      Facebook's decisions regarding the basis for, amount, and type of any actual or contemplated compensation for John Carmack, including bonuses and contemplated bonuses;

12.      Facebook's negotiation of any contract with any of Plaintiffs' Former Employees;

13.      Facebook's investment in virtual reality research and development projects and products, prior to acquiring Oculus;

14.      Facebook's development or use of Source Code or software designed to interact with or facilitate interactions with an Oculus VR headset or development of content designed for virtual reality headsets;

15.    Facebook's incorporation of code received from Oculus into Facebook products and services, including which code was received and how Facebook used it;

16.    Facebook's knowledge of Oculus's acquisition, use, retention, and proliferation of *DOOM 3: BFG Edition* and *ZeniMax VR Testbed Code*, or any other materials obtained from Plaintiffs;

17.    Facebook's acquisition, review, knowledge of, or awareness of emails, Source Code, software, and/or documents provided by Plaintiffs to Oculus or Luckey;

18.    Facebook's investigation into and understanding of Plaintiffs' legal rights prior to the commencement of this Action;

19.    Facebook's knowledge of and/or approval of Oculus's use and/or alleged use of Plaintiffs' materials, communications, or guidance;

20.    Facebook's knowledge of and/or approval of Oculus's use and/or alleged use of code, documents, or other materials derived from Plaintiffs' materials, communications, or guidance;

21.    Facebook's Answer, including the Factual Assertions and Contentions, and Affirmative Defenses asserted in those pleadings;

22.    Facebook's responses to Plaintiffs' Interrogatories 1, 2 , 3, 4, 5, 6, 7, and 8;

23.    Facebook's document retention policy or policies in effect between January 1, 2013 and Present, including methods taken to preserve evidence relevant to this Action, including but not limited to any USB devices utilized by Oculus's employees (including John Carmack) to transfer information that is potentially responsive to requests for documents in this case; and

4

24.     Facebook's instructions, either oral or written, given to persons charged with the collection, review, and selection of documents and things to produce to Plaintiffs in response to each of Plaintiffs' discovery requests in this Action, including but not limited to any USB devices utilized by Oculus's employees (including John Carmack) to transfer information that is potentially responsive to requests for documents in this case.

5

Dated: October 26, 2015

Respectfully submitted,

s/ P. Anthony Sammi

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
(admitted *pro hac vice*)
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
(admitted *pro hac vice*)
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
(admitted *pro hac vice*)
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
(admitted *pro hac vice*)
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
(admitted *pro hac vice*)
E-mail: Devin.Kothari@skadden.com
**SKADDEN, ARPS, SLATE,**
   **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

6

## CERTIFICATE OF SERVICE

I, Devin A. Kothari, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *Plaintiffs' Rule 30(b)(6) Deposition Notice to Facebook, Inc.* to be served on Defendants by electronic mail to the following addresses: rhodesmg@cooley.com, stephen.smith@cooley.com, eryan@lynnllp.com, rsmith@lynnllp.com, mcaplan@cooley.com, hkeefe@cooley.com, mweinstein@cooley.com, lstameshkin@cooley.com, jwoodring@cooley.com, FacebookOculusZenimaxMediaInc@cooley.com.

Dated: October 26, 2015                    s/ Devin A. Kothari
                                           _____
                                           Devin A. Kothari

7

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

## PLAINTIFFS' RULE 30(B)(6) DEPOSITION NOTICE TO OCULUS VR, LLC

PLEASE TAKE NOTICE that, pursuant to Rule 36(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs ZeniMax Media Inc. and id Software LLC will take the deposition upon oral examination under oath of Oculus VR, LLC ("Oculus") concerning the topics listed below, commencing on a date mutually agreeable and continuing thereafter day to day until completed, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 525 University Avenue, Palo Alto, California 94301. Oculus will be examined through one or more of its officers, directors, managing agents, or other person(s) designated by Oculus to testify on its behalf, having the most knowledge with respect to the subjects specified herein.

The deposition will be recorded by stenographic and videographic means and taken before a Notary Public or other officer authorized by law to administer oaths.

### DEFINITIONS AND INSTRUCTIONS

As relevant here, Plaintiffs hereby incorporate all Definitions and Instructions from ZeniMax Media Inc. and id Software LLC's First Set of Requests for Production and Inspection

to Oculus VR, Inc. and Palmer Luckey, served on Defendants Oculus VR, Inc. and Palmer

Luckey on July 9, 2014 and on Defendant Facebook, Inc. on September 3, 2014; ZeniMax Media

Inc. and id Software LLC's Second Set of Requests for Production to Defendants, served

September 17, 2014; ZeniMax Media Inc. and id Software LLC's Third Set of Requests for

Production to Defendants, served April 23, 2015; and ZeniMax Media Inc. and id Software

LLC's Fourth Set of Requests for Inspection and Production to Defendants, served August 14,

2015.

## TOPICS

1.      Oculus's initial formation and reasons for its subsequent conversions to different

corporate forms, including Oculus's decision to convert to a corporation and then convert back to

a limited liability company;

2.      Oculus's observance of corporate formalities before and after Facebook acquired

Oculus, including but not limited to shareholder meetings, record keeping, compliance with

company bylaws and articles of incorporation, financial accounts, employee management, and

negotiation of third-party contracts;

3.      Oculus's knowledge, awareness, and understanding of the Non-Disclosure

Agreement executed by Luckey and Plaintiffs, and Plaintiffs' allegations against Luckey and

Oculus;

4.      Oculus's corporate organizational and operational structure, as it relates to the

development, marketing, and selling of virtual reality products and services;

5.      Oculus's instructions to or discussions with press, press agents, reporters, and

other media outlets regarding any of the following: the formation of Oculus, the interaction

2

between Defendants and Plaintiffs, Plaintiffs' asserted claims, this Action, John Carmack, virtual reality, or the Oculus Rift headset;

6.      Oculus's public comments, and its internal instructions to employees about making public comments, regarding any of the following: the formation of Oculus, the interaction between Defendants and Plaintiffs, Plaintiffs' asserted claims, this Action, John Carmack, virtual reality, or the Oculus Rift headset;

7.      Oculus's plan and decision to recruit or hire Plaintiffs' Former Employees, including John Carmack, and the compensation provided to or contemplated for such employees;

8.      Oculus's reason and basis for communicating with Plaintiffs' Former Employees while they were employed by Plaintiffs, including John Carmack;

9.      Oculus's acquisition, use, retention, and proliferation of *DOOM 3: BFG Edition* and ZeniMax VR Testbed Code, or any other materials obtained from Plaintiffs, including demonstrations using such software;

10.      Oculus's communications with any third party mentioning Plaintiffs, mentioning any products or services made, owned, or provided by Plaintiffs, or featuring any logo owned or associated with Plaintiffs;

11.      Oculus's specifications, designs, development plans, and financial projections for the various versions of the Rift headset, whether finalized or in development, including Development Kit 1, Development Kit 2, and the consumer version;

12.      Oculus's business relationship to and collaboration with Samsung, including the nature and extent of Oculus's contributions to Samsung Gear VR headset technology and any compensation received from Samsung;

3

13.     Oculus's strategies and methods for attracting investors and business partners such as Epic Games, Inc., Valve Corporation, Spark Capital, Matrix Partners and Andreessen Horowitz, including communications with those potential investors and business partners, and demonstrations of the Rift to those potential investors and business partners, prior to the Facebook-Oculus Merger;

14.     Oculus's finances from 2012 to present, including balance sheets, profit and loss statements, accounting records, sources of income, capital investments, and cash flow;

15.     Oculus's valuations of itself as a company, its products, its employees, and its intellectual property;

16.     Oculus's insurance policies from 2012 to present, including any general liability insurance and litigation insurance policies;

17.     Oculus's actual and contemplated dividends and other payments to the members or shareholders of Oculus, including the basis and reason for such dividends and payments; the identity of the recipient or contemplated recipient; and the amount paid or contemplated to be paid;

18.     Oculus's meetings and negotiations with Facebook prior to the Facebook-Oculus Merger, including the names of the individuals involved; the topics and concerns discussed; the number and subject matter of each meeting or round of negotiation; and Oculus's strategy for attracting and securing Facebook's investment;

19.     Oculus's negotiations with Plaintiffs, including the names of the individuals involved; the topics and concerns discussed; the number and subject matter of each meeting or round of negotiation; Oculus's objectives and concerns regarding the negotiations; and the basis and reasoning for Oculus's offers and counteroffers asserted in the negotiations;

4

20.     Any funds placed in escrow as part of the Facebook-Oculus Merger, including Oculus's decision to negotiate for escrow funds, and the negotiation, basis, amount, justification, and status of the escrow funds;

21.     Oculus's issued, pending, and current patent applications, patents, and registered copyrights;

22.     Oculus's techniques and development of techniques for pre-warping images displayed in the Oculus Rift and Samsung Gear VR headsets;

23.     Oculus's techniques and development of techniques for implementing "time warp", including the first attempt to incorporate time warp into code for the Oculus Rift and Samsung Gear VR headsets;

24.     Oculus's techniques and development of techniques for correcting chromatic aberration in the Oculus Rift and Samsung Gear VR headsets;

25.     Oculus's techniques and development of techniques for minimizing jitter and judder in the Oculus Rift and Samsung Gear VR headsets;

26.     Oculus's techniques and development of techniques for blinking or flashing the image displayed in the Oculus Rift and Samsung Gear VR headsets;

27.     Oculus's techniques and development of techniques for tracking the position and orientation of the Oculus Rift and Samsung Gear VR headsets, specifically Oculus's techniques for predictive tracking, correcting for sensor drift, and modelling the motion of the head and neck;

28.     Oculus's knowledge, use, or disclosure of any of the asserted trade secrets listed in Docket No. 113-1 in this Action;

5

29.     Oculus's knowledge, use, or disclosure of any of the advice or guidance provided to Defendants by Plaintiffs current employees or Plaintiffs' Former Employees, including John Carmack;

30.     Oculus's initial and first amended Answers, including the Factual Assertions and Contentions, and Affirmative Defenses asserted in those pleadings;

31.     Oculus's responses to Plaintiffs' Interrogatories 1, 2, 3, 4, 5, 6, 7, 8, 9, and 11;

32.     Oculus's methods and policies regarding software development, including policies concerning use of third-party code and organization of software repositories such as Perforce and Git;

33.     Oculus's document retention policy or policies in effect between 2012 and Present, including methods taken to preserve evidence relevant to this Action, including but not limited to any USB devices utilized by Oculus's employees (including John Carmack) to transfer information that is potentially responsive to requests for documents in this case; and

34.     Oculus's instructions, either oral or written, given to persons charged with the collection, review, and selection of documents and things to produce to Plaintiffs in response to each of Plaintiffs' discovery requests in this Action, including but not limited to any USB devices utilized by Oculus's employees (including John Carmack) to transfer information that is potentially responsive to requests for documents in this case.

6

Dated: October 26, 2015

Respectfully submitted,

s/ P. Anthony Sammi

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
(admitted *pro hac vice*)
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
(admitted *pro hac vice*)
E-mail: Kurt.Hemr@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
(admitted *pro hac vice*)
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
(admitted *pro hac vice*)
E-mail: Kristen.Voorhees@skadden.com
DEVIN A. KOTHARI
(admitted *pro hac vice*)
E-mail: Devin.Kothari@skadden.com
**SKADDEN, ARPS, SLATE,**
   **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

7

## CERTIFICATE OF SERVICE

I, Devin A. Kothari, counsel for Plaintiffs, do hereby certify that I caused a true and correct copy of the foregoing *Plaintiffs' Rule 30(b)(6) Deposition Notice To Oculus VR, LLC* to be served on Defendants by electronic mail to the following addresses: rhodesmg@cooley.com, stephen.smith@cooley.com, eryan@lynnllp.com, rsmith@lynnllp.com, mcaplan@cooley.com, hkeefe@cooley.com, mweinstein@cooley.com, lstameshkin@cooley.com, jwoodring@cooley.com, FacebookOculusZenimaxMediaInc@cooley.com.

Dated: October 26, 2015                          s/ Devin A. Kothari
                                                    ———————————————————
                                                    Devin A. Kothari

8