IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and<br>ID SOFTWARE LLC,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>OCULUS VR, LLC,<br>PALMER LUCKEY,<br>and FACEBOOK, INC.<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 3:14-cv-01849-P** |

**PLAINTIFFS' OPPOSITION TO FACEBOOK'S MOTION FOR A PROTECTIVE ORDER LIMITING THE TIME AND SUBJECT MATTER FOR THE DEPOSITION OF MARK ZUCKERBERG, FACEBOOK'S CHIEF EXECUTIVE OFFICER**

> "The deposition of Mr. Zuckerberg is ordered to proceed after the depositions of the other Facebook and Oculus VR, LLC ('Oculus') personnel have concluded."

(Order at 1, *ZeniMax Media, Inc. v. Oculus VR, LLC, et al.*, No. 3:14-cv-1849 (N.D. Tex. Dec. 7, 2015), ECF No. 268.)

Defendants acknowledge that ZeniMax has now taken the depositions of the majority of the other Facebook and Oculus personnel. (*See* ECF No. 369-1 at 1.) The time has come for the deposition of Mark Zuckerberg, Facebook's Chief Executive Officer. As this Court has observed:

> "Given Mr. Zuckerberg's active participation in Facebook's acquisition of Oculus, he has unique knowledge, as Facebook's Founder, Chairman, and CEO, regarding his own decision to acquire Oculus and his valuation of Oculus based on his testing of the Rift headset which ZeniMax alleges includes misappropriated ZeniMax technology."

(Order, *supra*, at 3.)

ZeniMax is entitled to explore the full extent of Mr. Zuckerberg's unique knowledge, including his thoughts, evaluations, and impressions of the facts and circumstances surrounding

Facebook's acquisition of Oculus — the second largest acquisition in the history of Mr. Zuckerberg's company. That examination will include Mr. Zuckerberg's awareness of certain conduct by high-ranking executives that has been revealed in discovery in this action. Specific examples of this conduct, which ZeniMax contends constitute <u>mis</u>conduct, are described in greater detail in ZeniMax's Sealed Appendix (filed under seal concurrently herewith).[1] A full and complete deposition of Mr. Zuckerberg is particularly necessary in light of Defendants' history of presenting a sanitized version of the Oculus acquisition to numerous press outlets while the complete facts remain shrouded.[2] Yet now, for a <u>third</u> time,[3] Defendants have commenced motion practice to impair ZeniMax from fully uncovering those facts.

ZeniMax respectfully submits that this Court's Order is clear. Defendants seek to manipulate it to their own ends. <u>Enough is enough</u>.

ZeniMax has repeatedly sought to accommodate Mr. Zuckerberg in connection with his deposition. But Mr. Zuckerberg is subject to the same Federal Rules of Civil Procedure as everyone else. The "apex deposition" doctrine provides courts a means of precluding the use of depositions of senior corporate officers to burden or harass an adversary. But that doctrine does not require this Court to measure out Mr. Zuckerberg's deposition time teaspoon by teaspoon where (as here) the deposing party has established substantial grounds for proceeding with that

---

[1] ZeniMax anticipates that it will soon file a motion to unseal at least portions of that Appendix.

[2] Indeed, Mr. Zuckerberg has personally given numerous on-the-record interviews to journalists regarding that acquisition, including <u>just last week</u>. *E.g.*, *Vanity Fair*, "Why Facebook's $2 Billion Bet on Oculus Rift Might One Day Connect Everyone on Earth," dated Sept. 8, 2015; *Fast Company*, "Inside Mark Zuckerberg's Bold Plan For The Future Of Facebook," dated Nov. 16, 2015; *Die Welt am Sonntag*, "Mark Zuckerberg talks about the future of Facebook, virtual reality and artificial intelligence," dated Feb. 28, 2016 (condensed and translated at *BusinessInsider.com*). Copies are submitted herewith as ZeniMax App'x Exs. 1-3.

[3] ZeniMax requests that Facebook should be required to pay ZeniMax's fees and costs arising from Facebook's unnecessary motion.

deposition, and where this Court has already ordered that the deposition may proceed. Facebook has shown no genuine threat of undue burden or harassment. Facebook's Motion should therefore be denied, and the parties should proceed with the March 10, 2016 deposition of Mr. Zuckerberg as noticed without further motion practice.

By way of further opposition, ZeniMax states as follows:

**1. This Is Facebook's <u>Third</u> Attempt To Use Motion Practice To Derail ZeniMax's Deposition Of Mr. Zuckerberg**

Facebook has moved on <u>two</u> prior occasions to obstruct Mr. Zuckerberg's deposition:

**(i)** Between July and October 2015, ZeniMax attempted to identify mutually convenient deposition dates for a number of Defendants' personnel, including Mr. Zuckerberg. When Defendants failed to propose dates, ZeniMax issued notices for those depositions while renewing its request that Defendants propose convenient alternative dates. (*See* ECF No. 246, Exs. 1-3.) In response, Defendants precipitously moved for a protective order as to all those deposition notices, in which they asserted (among other things) that Mr. Zuckerberg should not be required to appear <u>at all</u> because Defendants intended to move to preclude his deposition entirely. (ECF No. 237 at 4 n.1.) ZeniMax opposed that motion, and explained in its opposition why, based on information that ZeniMax had already uncovered, Mr. Zuckerberg's deposition was necessary. (ECF No. 245 at 5-6.)

(ii) While that motion was still <u>sub judice</u>, Facebook moved this Court for a protective order precluding ZeniMax from taking any deposition of Mr. Zuckerberg. (ECF No. 251.) ZeniMax opposed that motion, explaining that an individual deposition of Mr. Zuckerberg was necessary and proper because Mr. Zuckerberg had personally tested the Oculus Rift headset and had personally negotiated Facebook's acquisition of Oculus. (ECF No. 257.) This Court

3

resolved that issue in a detailed Order providing that Mr. Zuckerberg's deposition could be had after ZeniMax had taken other depositions of Defendants' senior personnel:

> "Therefore, Mr. Zuckerberg's deposition shall proceed after the other noticed depositions have been conducted so that less intrusive discovery can be exhausted and information that could adequately be obtained from lesser ranking employees will be acquired before his deposition."

(ECF No. 268 at 3-4.)  Yet, undaunted by the Court's Order and its prior failed attempts, Facebook moves once again to obstruct Mr. Zuckerberg's deposition.

### 2. ZeniMax Has Repeatedly Sought To Accommodate Mr. Zuckerberg In Connection With His Deposition

Facebook asserts that ZeniMax has refused to limit the scope or time of Mr. Zuckerberg's deposition.  (*See* ECF No. 369-1, at 1.)  That is <u>false</u>.  ZeniMax has repeatedly attempted to accommodate Mr. Zuckerberg in connection with his deposition in this action.  From the outset, Facebook has refused to meaningfully cooperate with ZeniMax.

Following this Court's Order that Mr. Zuckerberg's deposition may be had, ZeniMax requested that Defendants propose a future date for that deposition (*i.e.*, after the completion of other depositions as the Court specified, but before ZeniMax's expert disclosures were due). (*See* ECF No. 369-2 Ex. 2.)  Remarkably, Defendants declined to even discuss a date for Mr. Zuckerberg's deposition on the purported ground that ZeniMax's other depositions were not yet complete.  (*See id.* Ex. 3.)  ZeniMax immediately pointed out the impracticality of Defendants' refusal to cooperate in its January 5, 2016 letter to Defendants' counsel:

> You have asserted that Mr. Zuckerberg has a busy schedule.  Is it not therefore sensible to schedule the date for his deposition now even though we will not be taking that deposition until later?  From your letter it appears that you want to restrict Plaintiffs from even asking for dates for Mr. Zuckerberg's deposition until after all other Facebook depositions are completed.  At which point I can surmise that scheduling Mr. Zuckerberg's deposition will take months from that point due to his busy schedule.  That is untenable and in no way required by the Court's order.

4

> If the above is Defendants' intention, or if Defendants take the position that Judge Stickney's order somehow did not resolve whether Plaintiffs are entitled to take Mr. Zuckerberg's deposition, please let me know immediately and we will address that with the Court.

(ZeniMax App'x Ex. 21.)

Yet, Defendants still refused to propose a date for Mr. Zuckerberg's deposition, and went so far as to demand that ZeniMax present its grounds for taking that deposition — as if this Court's prior Order had not resolved that very question! (*See* ECF No. 369-2 Ex. 5.) Accordingly, on January 18, 2016, in the face of Defendants' ongoing refusal to cooperate in scheduling Mr. Zuckerberg's deposition, ZeniMax (i) issued a notice for Mr. Zuckerberg's deposition for March 7, 2016 at the offices of Mr. Zuckerberg's Palo Alto counsel, and (ii) renewed its invitation to Defendants to propose alternative dates convenient to Mr. Zuckerberg. (*See id.* Ex. 6.)

In apparent recognition of the untenability of its position, Facebook subsequently offered to make Mr. Zuckerberg available for deposition from 10:00 a.m. to 2:00 p.m. on March 10, 2016, such that Mr. Zuckerberg would be "on the record" for at most four hours. In an effort to reach compromise and to avoid this wasteful motion practice, ZeniMax suggested that Mr. Zuckerberg's deposition could be limited to five hours on the record, provided that ZeniMax would be able to seek additional time from the Court if needed. (ZeniMax App'x Ex. Ex. 22 at 3.) Facebook demanded that ZeniMax limit its time to four hours on the record, <u>and</u> that ZeniMax <u>entirely waive</u> its right to seek additional time from the Court. (*Id.* Ex 22 at 2.) ZeniMax could not agree to that unreasonable limitation, and informed Facebook that it would proceed with the deposition on March 10 as provided by its amended notice. (*Id.* Ex. 22 at 1-2.)

On the evening of March 1, 2016, Facebook demanded that ZeniMax agree to limit its deposition of Mr. Zuckerberg to <u>three</u> hours on the record and that the deposition be limited to

5

particular topics identified by Facebook.  (*Id.* Ex. 4.)  Without waiting for a response from ZeniMax, Facebook thereafter filed this Motion.

**3.      The Scope And Time Limitations Now Proposed
         By Facebook Are Improper And Unworkable**

Now, in this eleventh-hour Motion, Facebook proposes new limitations on the scope and time of Mr. Zuckerberg's deposition.  Those limitations are improper and unworkable, and this Court should decline to order them.

Facebook's Motion repeatedly asserts that this Court's Order imposed specific limits on ZeniMax's questioning of Mr. Zuckerberg.  (*See* ECF No. 369-1, at 1.)  ZeniMax respectfully submits that Facebook misconstrues that Order.  To be sure, as the Court's Order suggests, Mr. Zuckerberg's decision-making and valuation regarding Oculus will be the principal subjects of his deposition.  But ZeniMax does not understand this Court's Order as entitling Facebook to litigate question-by-question throughout the deposition whether ZeniMax's counsel is actually permitted to ask Mr. Zuckerberg the question just asked of him.  That would be wasteful and obstructive, and there is no reason for this Court to require it.

Yet, Facebook proposes that the scope of Mr. Zuckerberg's examination should not only be limited but narrowed <u>even further</u> to four inartfully-worded topics chosen by Facebook.[4]  Respectfully, that proposal overreaches, and is a recipe for disaster.  To take one example of Facebook's overreaching:  Facebook concedes that ZeniMax may question Mr. Zuckerberg

---

[4] "(1) Mr. Zuckerberg's initial contact with Oculus; (2) Mr. Zuckerberg's personal experiences with respect to Oculus's demonstrations to Facebook on January 23, 2014 at Facebook's offices in Menlo Park, California and January 30, 2014 at Oculus's offices in Irvine, California; (3) Mr. Zuckerberg's perspective regarding correspondence and meetings with Brendan Iribe (Oculus's CEO) that did not involve other Facebook employees regarding the price Facebook would pay for Oculus; and (4) Mr. Zuckerberg's personal perspective regarding Facebook's decision to acquire Oculus."  (ZeniMax App'x Ex. 4.)

regarding his own decision to acquire Oculus ***and his valuation of Oculus*** based on his testing of the Rift headset. (*See* ECF No. 369-1 at 1.) But Facebook's proposed topics omit Mr. Zuckerberg's valuation of Oculus — a topic that Facebook has already conceded to be a proper area of inquiry.

Facebook's proposal would not even permit ZeniMax to inquire completely regarding Mr. Zuckerberg's "own decision to acquire Oculus and his valuation of Oculus," ECF No. 269 at 3, because it would purport to bar ZeniMax from examining Mr. Zuckerberg about his view of any meeting at which others were present. Facebook's proposal would also invite repeated interruptions by Facebook's counsel as to whether ZeniMax's questioning exceeds what the Court has permitted. In particular, through document and deposition discovery, ZeniMax has now identified numerous instances of what it believes to be acts of misconduct by Oculus personnel. (*See* ZeniMax App'x Exs. 5-20.) ZeniMax will ask Mr. Zuckerberg whether he was personally aware of that misconduct, and regarding his decision to close on the acquisition of Oculus notwithstanding that misconduct. That is an entirely proper line of examination, and Facebook should not be permitted to obstruct such examination by repeated reference to scope limitations.

That Facebook's motive in proposing that scope limitation is improper is confirmed by Facebook's other demand — that ZeniMax be limited to three hours on the record and be prohibited from seeking further relief from the Court. The Federal Rules provide that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). The subject of this deposition is the second largest acquisition transaction in Facebook's history. The three hour time limit suggested by Facebook for examining Mr. Zuckerberg regarding that acquisition is <u>less than half</u> of the time presumptively provided by the Federal Rules. If Facebook is empowered to obstruct Mr. Zuckerberg's deposition with ongoing

7

arguments about scope, Facebook will no doubt endeavor to run out the clock on the deposition — particularly if, as Facebook proposes, ZeniMax will be barred from seeking any relief from the Court for that obstructive conduct.

Simply put, there is no merit in Defendants' prospective concern that ZeniMax would harass Mr. Zuckerberg or unreasonably extend the duration of his deposition. ZeniMax has repeatedly advised Facebook that it has no such intention:

- "Again, as indicated during our phone conversation, we intend to be efficient and productive at the Zuckerberg depo and don't want to waste anyone's time." (ZeniMax App'x Ex. 22 at 3 (Feb. 26, 2016 e-mail).)

- "We will do our best to complete the depo within four record hours . . . . If we cannot finish in the time you have chosen to allot we reserve our right to approach the court for additional time." (*Id.* at 2 (Feb. 29, 2016 e-mail).)

- "Again, while it seems likely that we can complete the deposition in about five hours, I simply can't agree to waive our ability to go to the Court and get more time if we have a good reason for doing so." (*Id.* at 1 (Mar. 1, 2016 e-mail).)

Nor is there any merit to Defendants' complaints that depositions of their witnesses have been left open. (*See* ECF No. 369, at 4 n.2.) Defendants ignore the fact that when depositions have been left open, it was a consequence of Defendants' own conduct. For example, the night before the deposition of a high-ranking executive, Defendants produced in excess of 300 pages of documents from the executive's personal email account which, up to that point, had never been searched for documents responsive to ZeniMax's discovery requests. Certainly there is merit in objecting to the closure of a deposition when counsel has been allowed less than a day to review documents in advance of a deposition. Similarly, the deposition of another witness had to be left open due to evidence preservation issues that became apparent during the deposition. Many of Defendants' Rule 30(b)(6) designees were not adequately prepared to testify regarding their designated topics, necessitating that their depositions not be closed. In any event, it is

wildly premature to consider whether ZeniMax might be entitled to any additional time with respect to Mr. Zuckerberg's deposition for any such reason.

Facebook has not identified any threat of undue burden or harassment of Mr. Zuckerberg. His deposition should proceed under the Federal Rules on March 10, 2016 as noticed.

**4.      Facebook's Other Contentions Are Without Merit**

The other contentions raised by the Motion do not warrant granting Facebook any relief:

**(i)**     Facebook argues that ZeniMax should be preemptively barred from even asking the Court for additional time because ZeniMax purportedly asks the same questions multiple times. (*See* ECF No. 369-1, at 6 (citing ECF No. 369-2 Ex. 11).) In putative support of that contention, Facebook offers just a handful of transcript pages — from thousands of pages of deposition testimony taken by ZeniMax to date — in an effort to show undue repetition. Even Facebook's cherry-picked examples do not show any genuinely duplicative questioning. Facebook's contention is groundless.

**(ii)**     Facebook points to certain cases where courts have imposed unusual time limits on "apex" depositions. (ECF No. 369-1, at 6 (citing cases).) Such limitations are not obligatory, and other courts have declined to impose them.[5] Here, it is reasonable that Mr. Zuckerberg be deposed for substantially more than three hours on the record regarding the second largest acquisition transaction in his company's history — a transaction that he personally negotiated.

---

[5] *E.g.*, *Kennedy v. Jackson Nat. Life Ins. Co.*, No. C 07–0371 CW (MEJ), 2010 WL 1644944, at *2-3 (N.D. Cal. Apr. 22, 2010) (permitting deposition of CEO to proceed; deposition "shall be limited to one day of seven hours in length"); *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336, at *4 (E.D. Wisc. Oct. 24, 2008) (permitting deposition of chairman; "In viewing the totality of the circumstances, including the amount in controversy in this case, the parties' resources, and the issues at stake, the court concludes that the burden … does not outweigh the value of the material sought. Nor does the court find it necessary to limit [the] deposition to three hours … Unless the parties agree otherwise, a deposition is already limited to one day of seven hours.").

**(iii)** Facebook points out that it is delinquent in producing certain documents requested by ZeniMax. (ECF No. 369-1, at 4 n.2.) Facebook's failure to produce documents properly requested in a timely manner is not a reason to limit ZeniMax from proceeding with Mr. Zuckerberg's deposition. If Facebook's subsequent production necessitates further deposition of Mr. Zuckerberg — which ZeniMax genuinely hopes is not necessary — Facebook and its counsel will assuredly be able to explain that state of affairs to Mr. Zuckerberg.

## CONCLUSION

For the foregoing reasons, Facebook's Motion (ECF No. 369-1) should be denied. Mr. Zuckerberg's deposition should proceed as noticed on March 10, 2016 as provided by the Federal Rules of Civil Procedure and this Court's Order (ECF No. 268). In addition, Facebook should be required to pay ZeniMax's fees and costs arising from Facebook's unnecessary commencement of this third round of motion practice.

Dated: March 2, 2016

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
CHRISTOPHER A. LISY
E-mail: Christopher.Lisy@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
WILLIAM J. CASEY
E-mail: William.Casey@Skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
   **MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

Respectfully submitted,

*s/ Phillip B. Philbin*
PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

*Attorneys for Plaintiffs*
*ZeniMax Media Inc. and id Software LLC*

**CERTIFICATE OF SERVICE**

On March 2, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: March 2, 2016                                         *s/ Phillip B. Philbin*
                                                                              Phillip B. Philbin