IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZENIMAX MEDIA INC. and ID SOFTWARE LLC, | § | |
| Plaintiffs, | § | |
| | § | **CIVIL CASE NO. 3:14-cv-01849-P** |
| v. | § | |
| OCULUS VR, LLC, PALMER LUCKEY, and FACEBOOK, INC. | § | |
| Defendants. | § | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendants' Motion to Compel Production of Documents (Dkt. No. 368-1 ("Motion")) seeks to compel production of privileged documents, but does not show that no privilege is applicable, and does not adduce any reason why those documents might be relevant. As Plaintiffs' privilege log clearly sets forth, those communications are protected by the attorney-client privilege and/or the accountant-client privilege. Defendants have provided no authority that would permit them to invade those privileges, particularly where Defendants have made no effort to show an actual need for production of those documents.

Defendants may assert that they require that production of documents relating to tax, financial, and legal matters to perform a damages analysis.[1] But here Plaintiffs have already produced thousands of pages of non-privileged documents concerning their finances and

---

[1] To the extent that Defendants seek to make new arguments on reply regarding the purported relevance of the documents sought by their Motion, this Court should disregard those contentions.

concerning Plaintiff ZeniMax's acquisition of id Software. Plaintiffs have made 30(b)(6) fact designees available to testify on financial subject matter. Shortly, Plaintiffs will provide expert reports on damages. The documents and testimony that Plaintiffs have already produced, and the information that Plaintiffs are committed to providing, are more than sufficient for Defendants to assess Plaintiffs' damages claims.

Accordingly, Defendants' Motion should be denied in its entirety.

**PERTINENT FACTS**

1. On **December 24, 2015**, Plaintiffs supplemented prior productions of non-privileged financial documents by producing thousands of pages of additional non-privileged financial documents and communications concerning those documents, and Plaintiffs served their Fourth Amended and Supplemental Privilege and Redactions Log. (App'x Ex. A.) That Privilege and Redaction Log described 53 documents that Plaintiffs withheld on the bases of accountant-client privilege and attorney-client privilege and it described 583 documents that Plaintiffs withheld on the basis of accountant-client privilege. Communications withheld on the basis of accountant-client privilege concerned confidential communications between Plaintiffs and licensed accountants, or among licensed accountants, for the purpose of receiving or providing tax advice to Plaintiffs. The licensed accountants included certain in-house Certified Public Accountants (CPAs) employed at ZeniMax and certain CPAs and licensed accountants employed at certain tax firms, including KPMG, PricewaterhouseCoopers (PwC), BDO, Deloitte, Montgomery Coscia Greilich LLP (MCG), KCS Ltd., and TC Associates.

2. On **February 12, 2016**, Defendants sent Plaintiffs a letter asserting that those documents were not privileged and further asserting that entries for certain other logged items were deficient. (Defendants' App'x Ex. 3.) In that letter, Defendants provided no explanation as

to why they believed those privileged communications could be relevant to any material fact in dispute in this case.

3. On **February 18, 2016**, Plaintiffs responded to Defendants with a letter explaining the application of the accountant-client privilege to those documents, and enclosing a Fifth Amended and Supplemental Privilege and Redactions Log that included additional information about certain withheld documents. (Defendants' App'x Ex. 4.) Without seeking any further information about the bases of Plaintiffs' privilege claims, and without providing any information as to why Defendants believed the withheld documents might be relevant to this case, Defendants filed this Motion.

## LEGAL STANDARD

The documents that Defendants seek to compel are outside the scope of discovery. Under Rule 26, a party "may obtain discovery regarding any *nonprivileged* matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case, considering . . . the importance of the discovery in resolving the issues, and whether the burden . . . of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added). A party may withhold privileged documents by "expressly making the claim and . . . describ[ing] the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). This is "usually accomplished by submission of a log identifying documents or other communications by date and the names of the authors and recipients and describing their general subject matter." In re Santa Fe Int'l Corp., 272 F.3d 705, 710 (5th Cir. 2001) (internal citations omitted).

Once the "party asserting a privilege has made a prima facie case for its claim, the requesting party has the burden to point out to the court which specific documents or groups of documents it believes require inspection. Otherwise, trial judges will be required to inspect untold numbers of documents." In re Monsanto Co., 998 S.W.2d 917, 924-25 (Tex. App. 1999). Here, Defendants pointedly do not contend that Plaintiffs' descriptions are insufficient to assess Plaintiffs' privilege claims. Instead, Defendants inappropriately seek a non-particularized blanket right to all of the privileged communications at issue without offering any reason why that production is necessary. In any event, Defendants are wrong to contend that those communications are not protected by attorney-client or accountant-client privileges.

## ARGUMENT

### I. Requiring Plaintiffs To Produce Communications Made To Facilitate Legal Advice Would Invade Plaintiffs' Attorney-Client Privilege, And Would Be Improper

Under both federal and Texas law, the attorney-client privilege protects communications that are (i) confidential, (ii) made for the purpose of facilitating legal services, and (iii) between or among the client, lawyer, and their representatives. Butler v. Am. Heritage Life Ins. Co., No. 4:13-CV-199, 2016 WL 367314, at *2 (E.D. Tex. Jan. 29, 2016) This protection exists as long as the privilege is not waived. Id.

Defendants inappropriately ask this Court to compel production of 53 documents in Plaintiffs' privilege log that were withheld on the bases of attorney-client and accountant-client privileges. (Defendant's App'x Ex. 2.) Defendants do not contend that the communications were not confidential or that they were not between or among the client, lawyer and their representatives. Nor do Defendants argue that Plaintiffs have waived any privilege. Defendants instead argue that those 53 communications were not made to facilitate legal services, contending that tax and financial advice does not facilitate legal services. Defendants are

mistaken. Tax and financial expertise is often indispensable to legal advice because tax and legal issues are often intertwined, and numerous courts — including courts in this District — have upheld application of the privilege on those grounds. E.g., Pasadena Ref. Sys. Inc. v. United States, No. 3:10-CV-0785-K BF, 2011 WL 1938133, at *3 (N.D. Tex. Apr. 26, 2011) (Stickney, Mag. J.), report and recommendation adopted, No. 3:10-CV-785-K, 2011 WL 1960555 (N.D. Tex. May 19, 2011) (Kinkeade, J.) (communications among accountants and lawyers protected by both accountant-client and attorney-client privileges); United States v. Cote, 456 F.2d 142, 144 (8th Cir. 1972) (communications with lawyers and accountants held privileged because the "decision as to whether the taxpayers should file an amended return undoubtedly involved legal considerations"); United States v. Kovel, 296 F.2d 918 (2d Cir. 1961) (communications between accountants working with attorneys on behalf of a client held privileged as an accountant may be "necessary . . . for the effective consultation between the client ant the lawyer "). So too here: Plaintiffs properly designated as privileged communications regarding tax and financial issues that were made to facilitate legal advice. Accordingly, Defendants' motion with respect to these 53 documents should be denied.

## II. Discovery Sought By Defendants Would Invade Plaintiffs' Accountant-Client Privilege As Recognized By Texas Statute

Defendants' Motion should also be denied with respect the additional 583 communications protected by the accountant-client privilege. Texas and federal statutes codify an accountant-client privilege. In Texas, a licensed accountant "may not voluntarily disclose information communicated to the license holder . . . except with the permission of the client or the client's representative." Tex. Occ. Code Ann. § 901.457. Such privileged documents may not be disclosed unless they are required to be disclosed by "a court order signed by the judge if the order (A) is addressed to the license holder; (B) mentions the client by name; and (C)

requests specific information concerning the client." Id.; In re Patel, 218 S.W.3d 911, 921 (Tex. App. 2007) (holding that documents under the privilege need not be produced unless required by signed court order). Similarly, under federal law, "[w]ith respect to tax advice, the same common law protections of confidentiality which apply to a communication between a taxpayer and an attorney shall also apply to a communication between a taxpayer and any federally authorized tax practitioner to the extent the communication would be considered a privileged communication if it were between a taxpayer and an attorney." 26 U.S.C.A. § 7525. The "law of attorney-client privilege informs the understanding and effect of the statutory tax-practitioner privilege." Pasadena Ref. at *3-*4.

Indeed, in Pasadena, this Court applied the federal statute and found that it protected communications between a client and its accountants at PwC and that it protected communications among the client's accountants at PwC. The Court found that, as long as certain communications such as emails were actually sent, as opposed to existing in mere unsent draft form, they were privileged. Id. at *3 (documents with no recipient "are not protected by any privilege"). All of the communications over which Plaintiffs assert accountant-client privilege here (i) were actually sent, (ii) are confidential, (iii) are between the client and the licensed accountants or among the licensed accountants, and (iv) concern tax advice. They are thus covered by the privilege.

Defendants argue that the Court should decline to apply these statutes here because this is neither a tax matter before the Internal Revenue Service ("IRS") nor a civil proceeding by or against the United States, and that those statutes are applicable only in such disputes. (Motion, at 4.) But if Plaintiffs were required to produce the documents sought by Defendants here, that could waive their privilege in subsequent such actions before the IRS or where the United States

is a party. Under Federal Rule of Evidence 502, a party may be deemed to have waived privilege by disclosing privileged documents in a federal proceeding. Fed. R. Evid. 502(b); see also, Martinez v. Refinery Terminal Fire Co., No. 2:11-CV-295, 2014 WL 2863659, at *2 (S.D. Tex. June 24, 2014) ("A client waives the attorney-client privilege if it fails to assert it when confidential information is sought in legal proceedings."). Accordingly, if the Court requires production here, Plaintiffs could be barred from asserting the privilege in subsequent actions. Requiring Plaintiffs to make such a waiver would be patently disproportional to the needs of this litigation, where Defendants have suggested no reason why these documents are pertinent to any material fact in dispute in this action.

### III. Defendants' Motion Should Be Denied Because Defendants Have Not Demonstrated That The Documents They Seek Are Relevant

The disproportionate nature of Defendants' intrusive request is underscored by the fact that in their six-page Motion, Defendants fail to offer any reason why the documents they seek are relevant in this action. That is an independent ground on which the Court should deny Defendants' Motion.

Courts in this circuit routinely deny motions to compel documents where — as here — no relevance has been demonstrated. E.g., Korotney v. Sears Roebuck & Co., No. 4:07-CV-127, 2008 WL 4361247, at *2 (E.D. Tex. Sept. 19, 2008) (denying motion to compel production of a report because it was "irrelevant"); Vlasek v. Wal-Mart Stores, Inc., No. CIV.A. H-07-0386, 2008 WL 2937760, at *4 (S.D. Tex. July 22, 2008) (denying motion to compel production of documents because moving party did not show that the documents were relevant under Rule 26(b)); Sarmiento v. Armour, No. C.A. C-05-008, 2006 WL 539459, at *2 (S.D. Tex. Mar. 3, 2006) ("He has not, however, established why these are relevant. Therefore, his motion to compel the production of documents . . . is denied."); Edward Wisner Donation v. BP Expl. &

Prod., Inc., No. CIV.A. 14-1525, 2015 WL 7079141, at *12 (E.D. La. Nov. 13, 2015) (denying motion to compel privileged documents because the documents were irrelevant and thus "not within the scope of discovery"). This Court should likewise deny Defendants' motion.

**CONCLUSION**

Defendants' Motion seeks privileged communications that are not relevant to this litigation. Requiring production of those documents would undermine Plaintiffs' common law and statutory privileges and would be disproportionate to any demonstrable need in this case. To the extent Defendants need Plaintiffs' financial documents to perform damage analyses, Plaintiffs have produced thousands of pages of non-privileged documents. Plaintiffs have made 30(b)(6) fact witnesses available for deposition and will serve expert reports shortly. Accordingly, Defendants' Motion should be denied.

Dated: March 22, 2016

Respectfully submitted,

*s/ Phillip B. Philbin*

PHILLIP B. PHILBIN
Texas State Bar No. 15909020
E-mail: phillip.philbin@haynesboone.com
MICHAEL D. KARSON
Texas State Bar No. 24090198
E-mail: michael.karson@haynesboone.com
**HAYNES AND BOONE LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone No.: 214-651-5000
Facsimile No.: 214-651-5940

P. ANTHONY SAMMI
E-mail: Anthony.Sammi@skadden.com
KURT WM. HEMR
E-mail: Kurt.Hemr@skadden.com
CHRISTOPHER A. LISY
E-mail: Christopher.Lisy@skadden.com
JAMES Y. PAK
Texas State Bar No. 24086376
E-mail: James.Pak@skadden.com
KRISTEN VOORHEES
E-mail: Kristen.Voorhees@skadden.com
WILLIAM J. CASEY
E-mail: William.Casey@Skadden.com
(the foregoing attorneys admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036
Telephone No.: 212-735-3000
Facsimile No.: 212-735-2000

*Attorneys for Plaintiffs ZeniMax Media Inc. and id Software LLC*

**CERTIFICATE OF SERVICE**

On March 22, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Dated: March 22, 2016

*s/ Phillip B. Philbin*
Phillip B. Philbin